


*The Commonwealth of Massachusetts*
*County of Norfolk*

### SHERIFF'S DEPARTMENT
Division of Civil Process
P.O. Box 910
15 Bryant St., Suite 201 • Dedham, MA 02026
Tel (781) 326-1787 • Fax (781) 326-0288

**Michael G. Bellotti**
Sheriff

**Peter J. Morin**
Director

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF NORFOLK

Peter J. Morin, BEING DULY SWORN, DEPOSES AND SAYS THAT HE IS A DEPUTY SHERIFF FOR THE COUNTY OF NORFOLK. HE FURTHER STATES THAT HE SERVED AN ATTESTED COPY OF THE WITHIN Summons and Complaint

ON March 23, 2000 UPON THE WITHIN NAMED The Palestinian Authority (A.K.A. The Palestinian Interim Self-Government Authority)

BY DELIVERING IN HAND TO Marwan Jilani, Deputy Permanent Observer of Palestine to the United Nations, who accepted service for The Palestinian Authority (A.K.A. The Palestinian Interim Self-Government Authority)
SAID SERVICE WAS MADE AT c/o Temple Ohabei Shalom, 1187 Beacon Street, Brookline at 7:15 p.m.

NORFOLK COUNTY DEPUTY SHERIFF

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 24th DAY OF March, 2000

NOTARY PUBLIC
MY COMMISSION EXPIRES APRIL 20, 2001

SERVING THE COMMUNITIES OF: AVON, BELLINGHAM, BRAINTREE, BROOKLINE, CANTON, COHASSET, DEDHAM, DOVER, FOXBOROUGH, FRANKLIN, HOLBROOK, MEDFIELD, MEDWAY, MILLIS, MILTON, NEEDHAM, NORFOLK, NORWOOD, PLAINVILLE, QUINCY, RANDOLPH, SHARON, STOUGHTON, WALPOLE, WELLESLEY, WESTWOOD, WEYMOUTH, WRENTHAM

# United States District Court

DISTRICT OF RHODE ISLAND

The Estate of Yaron Ungar, et al.

V.

The Palestinian Authority, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: CA 00 105 L

TO: (Name and address of defendant)

The Palestinian Authority (A.K.A. The Palestinian Interim Self-Government Authority)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David J. Strachman, Esquire
Skolnik, McIntyre & Tate Esquires, Ltd.
321 South Main Street, Suite 400
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 3/13/00

AO 440 (Rev. 10/93) Summons in a Civil Action (Reverse)

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | March 23, 2000 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Peter J. Morin | Deputy Sheriff |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
_____

☐ Returned unexecuted:
_____

☒ Other (specify): by delivering in hand to Marwan Jilani, Deputy Permanent Observer of Palestine to the United Nations who accepted service for The Palestinian Authority (A.K.A. The Palestinian Interim Self-Government Authority) c/o Temple Ohabei Shalom, 1187 Beacon St., Brookline at 7:15 p.m.

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES $50.00 | TOTAL $50.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  March 24, 2000
　　　　　　　Date　　　　　　　　　　　　　Signature of Server

15 Bryant St., Suite 201, Dedham, MA 02026
Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

_____ DISTRICT OF _____

RHODE ISLAND

The Estate of Yaron Ungar, et al.

V.

The Palestinian Authority, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: CA 00 105 L

**TO:** (Name and address of defendant)

The Palestinian Authority (A.K.A. The Palestinian Interim Self-Government Authority)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David J. Strachman, Esquire
Skolnik, McIntyre & Tate Esquires, Ltd.
321 South Main Street, Suite 400
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 3/13/00

AO 440 (Rev. 10/93) Summons in a Civil Action (Reverse)

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE 4-13-00 at 2:38 pm |
|---|---|
| NAME OF SERVER (PRINT) Freeman R. Woodbury | TITLE Private Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served:
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
_____

☐ Returned unexecuted:
_____

☒ Other (specify): By serving Hasan Abdel Rahman, Head of the PLO Washington Office, authorized to accept. Service was completed at 1730 K Street, N.W., Suite 1004, Washington, DC 20006.

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4-14-00
Date

Signature of Server [signature]

Address of Server
CAPITOL PROCESS SERVICES
1827 18th Street, N.W.
Washington, D.C. 20009
(202) 667-0050

FILED
MAY 2 [illegible] '00

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.