ALL-STATE LEGAL 800-222-0510   C0541   RECYCLED

**United States District Court**
**District of Rhode Island**

The Estate of Yaron Ungar, et al, )
                                  )
              v.                  )      Case No. 00 CA 105
                                  )
The Palestinian Authority, et al  )
                                  )
_____ )

Declaration of Marwan Jilani

1.  I am the Deputy Permanent Observer of the Permanent
Observer Mission of Palestine to the United Nations.  I have
served in the Mission since 1996.  I had never been to the United
States before I came to serve in the Palestine Mission in 1996.
The Permanent Observer Mission and my sole personal residence are
both located in New York City, New York.  I am a citizen of
Palestine.  I have a B(1) visa issued by the United States
Mission to the United Nations which identifies me as an officer
of the Palestine Observer Mission and includes a waiver for me of
prohibitions on entry of Palestinians to the U.S. to enable me to
serve in the Mission.

2.  The purpose of the Permanent Observer of Palestine to
the U.N. is to present the views of Palestine, representing it
and the Palestinian people in all activities, discussions,
dialogues and debates before the United Nations and its agencies
and to the people of the world who are concerned with those
issues.  The General Assembly designated Palestine to participate

1

Jun-15-00 02:49P

in U.N. activities because it realized that consideration of and understanding the interests, concerns and viewpoints of Palestine and its people is essential to any meaningful discussion of issues involving the Middle East, and broader questions of world peace. It is a purpose of the Permanent Observer of Palestine to present those same views to the interested public. This is a duty and the practice of all Ambassadors, permanent Representatives, Inter-Governmental Organizations and invitees at the U.N. Statements on all such occasions cover the same subjects and have the same content as statements made at the U.N. Headquarters. As Deputy Permanent Observer I act at the direction of the Permanent Observer, speak on occasion outside the U.N. on U.N. subjects in my official capacity and act for him during his absence. The Permanent Observer of Palestine to the United Nations is limited in his duties to the duties described above and is not authorized to accept the service of legal process from any court for Palestine, the Palestinian Authority, the PLO, President Arafat, or any other defendant named in these proceedings.

3.   On March 23, 2000 I flew from New York to Boston, Massachusetts in my official capacity to appear as an invited guest from the Permanent Mission of Palestine in an annual meeting at the Temple Ohabei Shalom in Brookline, Massachusetts in a program on the peace process with a Consul General of Israel to the U.S.

4.   While inside Temple Ohabei Shalom in Brookline,

2

Massachusetts on March 23, 2000 I was interrupted in a
conversation I was having by a man I did not know and who did not
identify himself, who handed me papers, which when I later read
them, I learned were a Summons in a Civil Case to the Palestine
Liberation Organization (PLO) and a complaint and a second
Summons in Civil Case to the Palestinian Authority and the same
complaint filed in the U.S. District Court of Rhode Island
alleging claims by persons unknown to me against the PLO, the
Palestinian Authority and others.  The man who handed me the
papers left immediately.  After the evening program at Temple
Ohabei Shalom I went to a hotel for the night and returned to New
York by air the next morning.

5.  The Permanent Observer Mission of Palestine to the
United Nations is not an office of, or an agent for, either the
Palestinian Authority or the PLO.  It is an office authorized by
the United Nations pursuant to resolutions of the General
Assembly going back to November 22, 1974 in which the General
Assembly at that time invited the PLO to participate as an
observer in certain work of the General Assembly.  After the
proclamation of the State of Palestine by the Palestine National
Council on November 15, 1988, the General Assembly by Resolution
43/177 of December 15, 1988 decided that the designation of
Palestine should replace the designation of the PLO in the United
Nations System.  As recently as July 7, 1998, General Assembly
Resolution 52/250 conferred upon Palestine important additional
rights and privileges of participation in the work of the General

3

Assembly and other organs of the U.N., including the right to participate in general debates of General Assembly Members, a right never conferred on any other non-Member state of the U.N.

6.   I am employed exclusively by the Permanent Observer Mission of Palestine to the United Nations.  I have no authority personally, or arising from my employment to act for, or serve as an agent or accept service on behalf of the Palestinian Authority, the PLO, or any other defendant in these proceedings.

7.   We have consulted The Legal Counsel of the United Nations on this matter of service of process.  His response dated May 5, 2000, attached, concludes as follows:

"...Since the Permanent Observer Mission of Palestine to the United Nations in New York is a direct result of General Assembly resolution 3237 (XXIX) and is restricted to United Nations matters, that presence should be considered as not covering the receipt of service of legal process both personally and in rem in regard to matters completely unrelated to that presence. Any measure which might impede the maintenance of facilities of the Permanent Observer Mission of Palestine to the United Nations in New York or its ability to discharge its official functions would contravene the Charter of the United Nations, the Headquarters Agreement and the relevant General Assembly resolutions."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on June 14th, 2000.

Marwan Jilani

6/14/2000