UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS**

1. On June 20, 2002 this Court scheduled a hearing on plaintiff's Motion for Default Judgment against the HAMAS defendants for July 12, 2002.

2. Plaintiffs' motion was filed on November 29, 2000. Plaintiffs specifically requested,

> . . . a hearing to assess damages for default judgment. Plaintiffs expect to present the testimony of approximately one dozen witnesses regarding the matter of damages and believes that a two day hearing would be adequate.

Memo in Support of Plaintiffs' Motion to Enter Default Judgment Against Defendants HAMAS and HAMAS operatives. The PA and PLO did not object.

3. In January 2002, plaintiffs filed a motion requesting (a) a ruling on the pending motion for defendant judgment against HAMAS and (b) "a hearing at which plaintiffs will provide their quantum of damages for default judgment against HAMAS." The PA and PLO did not object.

4. The PLO and PA indicated to the Court on February 5, 2002 that,

> Hamas and alleged Hamas members are also defendants. Default has been entered against them. In its July 24, 2001 decision the Court noted but did not reach the question whether it had personal jurisdiction over the Hamas defendants. The plaintiffs have filed a motion for entry of a default judgment against these defendants. <u>We take no position on that motion or whether it should be subject to a stay.</u>



Defendants' Memorandum in Support of Their Renewed Motion for a Stay and Motion for Leave to Seek a Protective Order, p. 1, fn 1.

5. The PA and PLO have waived their right to object to plaintiffs' request to enter default judgment against the HAMAS defendants. The Court and the plaintiffs relied on the fact that the Palestine defendants did not object on two previous opportunities and their indication that they "took no position" on the issue.

6. Following the Court's scheduling order of June 20, 2002, plaintiffs arranged for their out of state and foreign witnesses (experts and the family members of the deceased) to travel to Rhode Island for the hearing on entry of default judgment against HAMAS and their operatives.

7. At approximately 4:40 p.m. on July 10, 2002, counsel for the PLO and PA called plaintiffs' counsel indicating that they would shortly, for the first time, file an objection to entry of default judgment and would soon file.

8. By failing to object to the plaintiffs' motion for default judgment against the HAMAS defendants and their motion requesting a ruling on said motion and by informing the court that they "take no position on that motion," the PLO and PA have waived any right to object to entry of default judgment against defaulting parties.

9. The outrageous last minute attempt of the PLO and PA to object to a hearing against an unrelated party is both scandalous and sanctionable. The experts, witnesses, and Ungar family have traveled from Israel to testify. The PA and PLO's actions at the last moment, on the eve of such a hearing, is cruel not only to the plaintiffs as litigants but as suffering family members.

10. Further, the scurrilous attempt to argue on behalf of the HAMAS defendants (i.e. the allegation by the PLO and PA that the Court lacks jurisdiction) must be thwarted. Counsel argue for the HAMAS defendants yet refuse to enter an appearance on their behalf, thus evading their obligations to this Court.

11. Plaintiffs request this Court impose sanctions against the PA and PLO, for their latest filing, strike their objection and order Messrs. Clarks, Schilling and Sherman to either enter an appearance on behalf of the HAMAS defendants or bar them from advocating on their behalf.

12. Alternately, Plaintiffs request this Court to sever the claims of the HAMAS defendants pursuant to Fed.R.Civ.P. 21 which provides "Any claim against a party may be severed and proceeded with separately." The effect of the severance allows a severed claim to proceed as a discrete suit and results in its own final judgment. Abdullah v. Acands, 30 F.3d 264 (1st Cir. 1994), see also Moore's Federal Practice §21.06, U.S. v SmithKline Beecham, 149 F.3d 227 (3rd Cir. 1998).

13. The severance of the claims against the HAMAS defendants and the Palestine defendants would allow plaintiffs to proceed unfettered with default judgment and avoid the problems alleged by the Palestine defendants. Further, severance will not prejudice any party.

Plaintiffs, by their Attorney,

David J. Strachman #4404
McIntyre, Tate, Lynch and Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700

CERTIFICATION

I hereby certify that on the ___ day of July, 2002 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903