UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al ) ) ) v. ) ) THE PALESTINIAN AUTHORITY, et al ) ) ) ) | C.A. No. 00-105L |

**MEMORANDUM IN SUPPORT OF
PALESTINIAN DEFENDANTS' OBJECTION
TO ENTRY OF DEFAULT JUDGMENT**

Plaintiffs have served by fax and mail over the past weekend well over 100 pages of documents (that the defendants have not seen before), in the apparent hope that this will precipitate an immediate evidentiary hearing. Plaintiffs are premature.

The entry of default judgment and the assessment of damages sought by plaintiffs is unwarranted at this time for at least two compelling reasons:

(1) It would violate the well-established rule that the entry of default judgment should be deferred in cases where there are active non-defaulting defendants, particularly where plaintiffs are seeking to hold all defendants jointly and severally liable, and

(2) The judgment would be a nullity if, as appears likely, the Court lacks personal jurisdiction over the HAMAS defendants.

(1) <u>Deferral of the entry of default judgment</u>.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d sec. 2690 (1998) <u>Default Judgments In Action Involving Several Defendants</u> states the general rule as follows:

> As a general rule ... when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. [footnote citing cases omitted].

In the present action plaintiffs are seeking to hold all defendants jointly and severally liable. The amended complaint's WHEREFORE clause requests judgment "against the Defendants jointly and severally, for each of the above causes of action..."

The deferral should extend until the merits of the case against the active defendants have been determined and the assessment of damages, if any, against the active defendants as well as the defaulting defendants becomes appropriate. See <u>Commodity Futures Trading Commission</u> v. <u>Standard Forex, Inc.</u> 1997 U.S. Dist LEXIS 22612, 93 CV 0088 (CPS)(SDNY 1997):

> Where, as here, one or more but fewer than all defendants have defaulted, courts in this and other circuits have concluded that, while judgment as to liability may be entered against the defaulting defendants, "the proper procedure is to consolidate the inquest to determine the level of damages as to the Defaulting Defendants with the damages aspect of the trial against the non-defaulting defendants ...." <u>Montcalm</u>, 807 F. Supp. at 978; see <u>Hunt</u> v. <u>Inter-Glove Energy</u>, 770 F.2d 145, 147-48 (10th Cir. 1985); <u>Dundee Cement Co.</u> v. <u>Howard Pipe & Concrete Prod., Inc.</u> 722 F.2d 1319, 1324 (7th Cir. 1983); <u>Martin</u> v. <u>Coughlin</u>, 895 F.Supp. 39 (N.D.N.Y. 1995). The rationale underlying this procedure is the prevention of inconsistent judgments with respect to the amount of damages a plaintiff may recover from the defaulting and non-defaulting defendants. See <u>Montcalm</u>, 807 F.Supp. at 978 (quoting Friedman v. Lawrence, 1991 U.S. Dist. LEXIS 13959, No. 90 CV 5584 (VLB), 1991 WL 206308 at *3(E.D.N.Y. Oct. 2, 1991)).

See also 6 Moore's Federal Practice, sec. 55.06. <u>Default Judgment Where There Are Several Defendants</u>.

Immediate assessment would be prejudicial to the PA and PLO because at the very least it involves non-adversarial judicial approval of liability of co-defendants and of damages. It is

unclear and of concern to the PA and PLO whether an immediate assessment of damages against a defaulting HAMAS defendant would be binding in any way on the PA and PLO in the event they are held liable at a later stage of this action. While plaintiffs seek to hold all defendants jointly and severally liable, their claims to direct injury arise from acts of HAMAS. Plaintiffs may contend therefore that damages assessed against HAMAS can be recovered against PA and PLO if they are found liable. Deferral of the entry of default judgment until the case has been adjudicated with regard to all defendants has the salutary effect of preventing such problems of prejudice.

(2)     The lack of personal jurisdiction over the HAMAS defendants.

In its decision of July 24, 2001, the District Court questioned whether it has personal jurisdiction over the HAMAS defendants, 153 F.Supp.2d at 85; because a judgment "entered by a court which lacks personal jurisdiction over the defendant, is a nullity..." General Contracting & Trading Co., LLC v. Interpole, Inc., 899 F.2d 109, 114 (1st Cir. 1990), no default judgment should be entered against the HAMAS defendants unless and until personal jurisdiction is established over the defendant.

The District Court held in its July 24, 2001 decision that minimum contacts with the United States sufficient to satisfy the due process clause were necessary for the Court to have personal jurisdiction over defendants. The decision dismissed the individual Palestinian defendants for lack of personal jurisdiction because such minimal contacts were lacking, and as mentioned the Court deemed questionable whether it had personal jurisdiction over the HAMAS defendants, but did not reach the issue. 153 F.Supp.2d at 85.

There appears to be no basis for distinguishing the issues of personal jurisdiction with respect to the individual Palestinian defendants and the individual HAMAS defendants. All of these individuals appear to have the same lack of contacts with the United States, and there is therefore no personal jurisdiction over the individual HAMAS defendants.

Plaintiffs have argued at length in a submission they filed in November 2000 that HAMAS organization has contacts with the United States sufficient to support personal jurisdiction. The contacts plaintiffs claim are not as certain or substantial as those of the PA and PLO which led the District Court to sustain personal jurisdiction over them. Plaintiffs have cited no case in which HAMAS has been held to have sufficient minimum contacts with the United States for purposes of personal jurisdiction over it.

In their submissions thus far in this action seeking initially the entry of default and thereafter the entry of default judgment, the plaintiffs have not addressed the general rule requiring deferral of the entry of default judgment under the circumstances of this case.

Plaintiffs have addressed the issue whether the Court has personal jurisdiction over the defaulting defendants, but as mentioned, they did so in a submission filed in November 2000, before the District Court's decision of July 24, 2001 in which the Court made several rulings with respect to personal jurisdiction that foreclose many of the arguments plaintiffs then advanced.

The Court should not have a hearing on plaintiffs' application for default judgment against the HAMAS defendants as contemplated by the plaintiffs. The entry of default judgment would be premature because among other things, the issues identified above need to be resolved beforehand. Defendants PA and PLO therefore suggest that a briefing schedule be set to address these issues. We are confident that counsel can agree on a schedule and submit it promptly for

approval to the Court in advance of the July 12, 2002 hearing, which could then be continued pending resolution of the issues.

Dated: July 10, 2002

_____
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2002, I faxed and mailed a copy of the within Memorandum in Support of Palestinian Defendants' Objection to Entry of Default Judgment to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

_____

PRV_515956_1/DSHERMAN