UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) ) |

### PALESTINIAN DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO SEVER

Defendants The Palestinian Authority and The PLO hereby object to Plaintiffs' Motion to Sever.

A Memorandum is filed herewith.

Dated: August 2, 2002

_____
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO



## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2002, I faxed and mailed a copy of the within Palestinian Defendants' Objection to Plaintiffs' Motion to Sever to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, )
et al                      )
                           )
           v.              )    C.A. No. 00-105L
                           )
THE PALESTINIAN AUTHORITY, )
et al                      )
                           )
_____)

**MEMORANDUM IN SUPPORT OF
PALESTINIAN DEFENDANTS' OBJECTION
TO PLAINTIFFS' MOTION TO SEVER**

Plaintiffs' motion to sever "the claim against the HAMAS defendants" was originally made in the alternative as part of a motion for other relief as well, and is still stated to be in the alternative in plaintiffs' supporting memorandum which expresses plaintiffs' desire "to proceed unfettered with default judgment and avoid the problems alleged by the Palestinian defendants."

The present status of the motion to sever is unclear and may be affected by the events that have occurred since the motion was made. Among other things, Magistrate Judge Martin overruled the objections filed by the PA and PLO to the entry of default judgment against the HAMAS defendants and presided over damages hearings on plaintiffs' motion for the entry of default judgment, in which the Court ruled the PA and PLO could not participate.

Plaintiffs thus have proceeded in an unfettered manner, and seem to have accomplished the objectives of their motion to sever.

As matters now stand, severance appears unnecessary and there are several factors that militate against severance.

Plaintiffs' claims against all defendants have one basic issue in common – whether the Court has personal jurisdiction over the defendants – and it is advisable for these claims to remain in one action so that they can be considered at the same time if necessary, particularly if the Court rules against issuance of the default judgments on the ground personal jurisdiction is lacking or questionable or unresolved. An issue could arise on appeal, as well as in this Court. A request by the PA and PLO for certification of an interlocutory appeal is pending and in addition there may be an interlocutory appeal by the PA and PLO as of right if their claims to immunity are denied.

Plaintiffs' attorney is reported in a news article to have indicated that default judgments against HAMAS will advance plaintiffs' case against the PA and the PLO. Assuming the report is correct, it is unclear what plaintiffs' attorney means by this or intends, but it suggests a further reason for keeping the action as it is rather than splitting it into two actions.

For the foregoing reasons, Plaintiffs' Motion to Sever should be denied.

Respectfully submitted,

Dated: August 2, 2002

_____
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

-2-

PRV_520308_1/DSHERMAN

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2002, I faxed and mailed a copy of the within Palestinian Defendants' Objection to Plaintiffs' Motion to Sever to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

_/s/ Deming E. Sherman_