UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                  C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

PLAINTIFFS' REPLY TO MEMORANDUM OF THE PALESTINIAN AUTHORITY
AND THE PALESTINE LIBERATION ORGANIZATION OBJECTING TO
PLAINTIFF'S MOTION TO SEVER

The objection of the PA and the PLO to plaintiffs' motion to sever is both legally groundless and in itself constitutes a persuasive further argument that severance of the plaintiffs' claims against the HAMAS defendants from those against the PA and PLO is necessary to achieve fairness and justice.

This Court has broad discretion to sever claims. Rice v. Sunrise Express, 209 F.3d 1008 (7th Cir. 2000), Wright, Miller & Kane §1689.  In determining whether an action should be severed, "[f]airness is a critical consideration." Pena v. McArthur, 889 F.Supp. 403 (E.D.Cal. 1994) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966)), Old Colony Ventures v. SMWNPF Holdings, 918 F.Supp. 343, 350 (D. Kan. 1996) (citations omitted) ("When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy and the separability of law and logic.") As indicated herein, the PA and PLO have no basis for objecting to severance.

1.      The PA and PLO allege that Magistrate Judge Martin ruled that "the PA and PLO could not participate" in the damages hearing on Plaintiffs' motion for default judgment. This is



wildly inaccurate; as the record clearly indicates, the Court did not forbid defendants' counsel from participating in the hearing, but only denied their last minute request to stop the proceedings, and defendants themselves elected not to participate in the hearing.

Defendants were noticed of the hearing long in advance, failed to object to the plaintiffs' request for default judgment, received copies of exhibits, and even expressly represented to the Court that "We take no position on that motion or whether it should be subject to stay," and willingly chose not to participate in the hearing.  In fact, the PA and PLO never intended to participate in the hearing.  Lead counsel did not appear and instead sent local counsel to read into the record a prepared statement contesting the legitimacy of the proceeding.   Even before Magistrate Judge Martin denied their "11th hour" objection, the PA and PLO voluntarily withdrew and chose not to cross examine the plaintiffs' witnesses, produce their own witness or introduce evidence.  On July 12, 2002, Mr. Sherman admitted in court "it is the option of the Palestinian defendants not to participate in the hearing.   Accordingly, we do not intend to participate." Tr. July 12, 2002, p.3.

The PA and PLO beg the question as to whether this Court's anticipated ruling on the motion to enter default judgment is binding on them.  While the damage findings made by the Court in a judgment against HAMAS defendants should be binding on all defendants - since the PA and PLO had every opportunity to participate in the hearing and contest plaintiffs' evidence - severance of the action against the HAMAS defendants would relieve the Court of addressing and ruling on defendants' challenge to the preclusive effect of the damage award given against HAMAS.

Once severed, a ruling on damages against the HAMAS defendants would not be binding on the PA and PLO.  Neither collateral estoppel nor res judicata would attach. "Once a claim has

been severed, however, it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken." Wright, Miller & Kane §1689. The severed claims proceed with separate pleadings, discovery, trials, judgments and appeals. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir. 1991), Allied Elevator Inc. v. East Tex. State Bank, 965 F.2d 34 (5th Cir. 1992).

Plaintiffs could proceed to entry of final judgment without delay, while the PA and PLO could continue to litigate liability and ultimately damages as well. This, in essence, is the position raised by plaintiffs' counsel during the July 11, 2002 telephone conference with Magistrate Judge Martin.

2.     The second basis for objecting to severance raised by the PA and PLO is the allegation that "it is advisable" that the "one basic issue in common -- whether this Court has personal jurisdiction over the defendants . . . remain in one action." This argument borders on the fantastic, since the question of personal jurisdiction regarding the PA and the PLO was settled by the Court over one year ago, in its ruling of July 24, 2001.

Moreover, the question of personal jurisdiction is by its very nature answered by the unique circumstances of each specific defendant, e.g. whether that defendant was served within the United States, whether that defendant is resident or present in the United States or whether that defendant has the necessary minimum contacts with the United States. Therefore, *in personam* jurisdiction must be examined and determined regarding each specific defendant.

3.     Preventing prejudice is a factor the Court should consider in ruling on a motion for severance. Applewhite v. Reichhold Chemicals, 67 F.3d 571 (5th Cir. 1995), see also German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385 (S.D.N.Y. 1995). Severance is necessary to ensure that plaintiffs' rights are not harmed. If severance is not granted and

plaintiffs are thereby blocked from obtaining judgment against the HAMAS defendants until litigation against the PA and PLO is settled many years from now, plaintiffs will be unjustly prevented from obtaining some measure of justice against the perpetrators of the murder of Yaron Ungar.

Further, if the claims are not severed and plaintiffs are not permitted to proceed to final judgment against the HAMAS defendants, then the Court's granting of their request for hearing and taking testimony in order to obtain default judgment will be for naught.    The entire damages hearing will have served no purpose.  This clearly could not have been intended by the Court when setting down the plaintiffs' motion for hearing and scheduling a full day for taking testimony and presenting evidence.

Defendants argue that severance is less necessary now that the damage hearing has been held.  In fact, just the opposite is true.  Now that the Court has heard plaintiffs' damage claim against the HAMAS defendants, it is more vital that the claims be severed.

4.    Defendants' argument about an alleged statement in a news article is without merit.  It is unclear what defendants are referring to.  Indeed, plaintiffs have repeatedly argued (at a telephone conference with the Court on July 11, in their memorandum of July 11, before the Court on July 12, and herein) that severance is the harmonizing verse which allows plaintiffs to proceed to default judgment against the HAMAS defendants while at the same time avoiding any adverse effect on the PA and PLO.

5.    Defendants mistakenly indicate that plaintiffs' motion to sever is filed solely in the alternative.  Subsequent to filing a combined motion for sanctions, to strike and to sever, plaintiffs refiled three separate, individual motions, including a motion to sever.

In conclusion, defendants have not provided even a single basis for not severing the cases, and have failed to address or counter the obvious logic, procedural benefits (for both parties), clarity and justice of severing the claims.  Therefore, plaintiffs respectfully request that this Court sever the claims against HAMAS, Abdel Rahman Ismail Abdel Rahman Ghanimat, Jamal Abdel Fatah Tzabich Al Hor, Raed Fakhri Abu Hamdiya, Ibrahim Ghanimat and Iman Mahmud Hassan Fuad Kafishe from those against the PA and PLO creating two separate cases.

Plaintiffs, by their Attorney,

David J. Strachman #4404
McIntyre, Tate, Lynch and Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700

## CERTIFICATION

I hereby certify that on the _____ 7 _____ day of August, 2002 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903



Misc Pleadings/P's reply to memo of PA re P's Mot to Sever 8-5-02

5