UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                               C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
MOTION FOR RECONSIDERATION**

Now come the Plaintiffs and hereby object to Defendants' Motion for Reconsideration.

Plaintiffs' objection is supported by the attached memorandum.

Plaintiffs
By their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 11 day of December, 2002, I mailed a true copy of the within objection and attached memorandum to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                            C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

I.  **INTRODUCTION**

On November 27, 2001, defendants PA and PLO moved to dismiss the amended complaint, and on January 30, 2002, while their motion to dismiss was still pending, defendants filed a further motion to dismiss based on a claim of sovereign immunity.

Though defendants styled their sovereign immunity pleading a "Motion for Leave to Assert Defenses" of sovereign immunity, in fact defendants wasted no effort to persuade the Court why such leave was due, and instead focused the entirety of their motion and memorandum in support thereof on a detailed and thorough argument on the substance of their claim to sovereign immunity, as if leave to assert the defense had already been granted.

On November 5, 2002, this Court denied defendants' motion to dismiss the amended complaint on all grounds, and found that neither the PLO nor the PA is a foreign state entitled to immunity from this action.

Now, in yet another fruitless attempt to take a bite of the proverbial apple, defendants move for reconsideration of this Court's decision on sovereign immunity, and for a further stay.

For the reasons detailed below, plaintiffs oppose, and request that the Court deny, defendants' motion.

II. **DEFENDANTS' MOTION MERELY REITERATES PREVIOUS ARGUMENTS AND CONTAINS NO GROUNDS FOR RECONSIDERATION**

Defendants have moved for reconsideration but fail to cite any authority permitting such a request. In fact, the rules do not allow such a motion, "The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'" Hatfield v. Board of County Commissioners for Converse County, 52 F.3d 858, 861 (10th Cir. 1995).

Defendants seek to remedy their own procedural failures by indulging in a self-styled motion. However, the First Circuit has ruled that regardless of how denominated, such a motion is governed by Rule 59. Appeal of Sun Pipe Line Co., 831 F.2d 22 (1st Cir. 1987)(concerning an application to compel an employee for deposition). Even under Rule 59(e), a party is not free to rectify its own mistakes,

> [Rule 59] does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

Aybar v. Crispin-Reyes, 118 F.3d 10,16 (1st Cir. 1997), see also Willens v. University of Massachusetts, 570 F.2d 403, 406 (1st Cir. 1978) (plaintiff whose "material [was] deliberately withheld" from its own dispositive motion "will be held to her tactical judgment"), Fragoso v. Lopoez, 991 F.2d 878 888 (1st Cir. 1993) (the trial court has substantial discretion in deciding whether to allow an unsuccessful party to a dispositive motion to reopen the proceedings and introduce new evidence or theories).

A motion for reconsideration that merely reiterates arguments previously made should not be granted,

2

> Reconsideration is not appropriate where a party is simply attempting to reargue factual or legal assertions contained in their original pleadings.

National Trust for Historic Preservation v. Department of State, 834 F. Supp. 453, 455 (D.D.C 1993), citing Natural Resources Defense Council v. Environmental Protection Agency, 705 F. Supp. 698, 700 (D.D.C. 1989), vacated on other grounds, 707 F. Supp. 3 (D.D.C. 1989). Yet the defendants' motion does not point to any new facts nor does it raise a single new legal argument. Each and every one of the arguments raised by defendants for reconsideration has been presented and developed in detail by defendants in their previous pleadings.

Defendants' motion for reconsideration is predicated mainly on the assertion that their own memorandum on sovereign immunity was inadequately pled, and that as a result this Court was not made aware of their argument that formal recognition by other states or by the U.N. is not in itself dispositive of claim of statehood. Def. Memo to Reconsider, at 3. Specifically, defendants argue that this Court "may well have overlooked" Comment 202(b) of the Third Restatement of the Foreign Relations Law of the United States, which defendants view as salient to their sovereignty argument.

Defendants' thesis that the Court was unaware of their non-recognition arguments must fail, for the simple reason that defendants' original sovereign immunity memorandum expressly and prominently argued that *"Palestine is a state under U.S. and international law without regard to its recognition or non-recognition by other states,"* and that *"Statehood is not dependent on recognition."* Id. at 3,7. Moreover, Comment 202(b) of the Restatement, which defendants claim should have been -- but was not -- brought to the attention of this Court, was in

3

fact <u>cited and quoted in full</u> by the defendants on page 4 of their original memorandum on sovereign immunity.[1]

Defendants also ask that the Court reconsider the sovereignty issue in light of defendants' argument that *"in order to give effect to the policies underlying 18 U.S.C. sec. 2337 . . . the Palestinian government should be treated as a foreign state, even if it falls short of meeting the criteria for statehood."* Def. Memo to Reconsider at 4. Yet this very same argument was raised and developed in defendants' Second Motion to Dismiss, where (after conceding their non-sovereign status and thereby excluding themselves from the application of §2337) defendants argued that §2337 *"reflects policy considerations that apply equally to the PA"* and therefore require the Court to treat the PA as if it were a foreign state. <u>Id</u>. at 12.

Finally, defendants attempt to resuscitate the claim to sovereignty on the basis of the PLO's declaration of statehood in 1988, which claim was rejected by the Second Circuit Court of Appeals in <u>Klinghoffer</u>. In sum, defendants' motion cannot point to a single new legal argument, newly discovered fact or any error which would warrant reconsideration. Defendants' motion should therefore be denied:

> A motion for reconsideration is discretionary and should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction. <u>See</u> <u>Harsco Corp. v Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985) . . . The primary reasons for reconsideration of judgment are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atlantic Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 121 L. Ed. 2d 34, U.S. 113 S. Ct. 67 (1992) (citations omitted).

---

[1] Even if the defendants were correct that they failed to properly plead defenses in their prior pleadings, neither the Court nor the plaintiffs should have to suffer from this inadequacy,

4

National Trust for Historic Preservation v. Department of State, 834 F. Supp. 453, 455 (D.D.C 1993).

### III. THERE ARE NO GROUNDS FOR A STAY

Defendants have also moved for a new stay, arguing that a denial of a motion to dismiss on grounds of sovereign immunity entitles defendants to an interlocutory appeal by right, and that this action should be stayed pending the appeal that defendants claim they intend to eventually take.

Defendants' motion for a stay pending appeal would remain meritless even if defendants were entitled to interlocutory appeal by right. But defendants have no right of interlocutory appeal.

The case law cited by defendants (which is entirely from outside this circuit), recognizing a right to interlocutory appeal of a decision denying a defense of sovereign immunity, relates solely to defendants whose status as "foreign states" under the Foreign Sovereign Immunity Act was not in dispute. Each case cited involves appeals of decisions finding an exception to the sovereign immunity of the foreign state defendant under the FSIA. See e.g., Price v. Socialist People's Libyan Arab Jamahiriya 294 F.3d 82, 91 (D.C. Cin. 2002) ("FSIA defendant can take an immediate appeal if the District Court rejects its argument that the facts alleged in the plaintiff's complaint do not bring the case within one of the statute's immunity exceptions").

Thus, the right of immediate appeal recognized in the case law cited by defendants, which relates only to exceptions to the immunity of undisputed "foreign states" under the FSIA, has no application or relevance whatsoever to the decision of this Court that defendants are not foreign states to begin with. The privilege of an immediate interlocutory appeal belongs only to defendants recognized as "foreign states" whose immunity has been lifted by a provision of the

5

FSIA.

Plaintiffs are not aware of any authority in support of defendants' thesis that a decision rejecting a defendant's claim to be a foreign state is immediately appealable by right, and defendants have cited no such authority. Indeed, if, as defendants propose, any decision that a defendant is not a foreign state was subject to interlocutory appeal by right, <u>any</u> foreign defendant desirous of delaying litigation and increasing costs to the plaintiff could raise a specious claim to be a foreign state, or an agent, official or majority-owned subsidiary of a foreign state (all of which are also deemed a "foreign state" under the FSIA) and would then be entitled to take an automatic appeal. Such a result would be manifestly absurd and unjust.

## IV.  DEFENDANTS' MOTION IS VEXATIOUS AND VIOLATES FED.R.CIV.P. 11

Defendants' motion to reconsider also dedicates several pages to denouncing the alleged political beliefs of plaintiffs' counsel.

Plaintiffs will not waste the Court's time responding to defendants' unethical, *ad hominem* attack upon their counsel, whose personal opinions (whatever they may be) have no more relevance to the merits of this action than the political opinions of defendants and their counsel.

Plaintiffs are nonetheless compelled to inform the Court that plaintiffs' counsel never made the statements alleged by defendants, nor to the best of their knowledge have such statements ever been attributed to them anywhere other than in defendants' pleadings. Defendants' attribution of these comments to plaintiffs' counsel is an outright falsehood, made in violation of Fed.R.Civ.P. 11. Since this is not the first misrepresentation made by defendants

during the course of this action[2], plaintiffs are weighing a motion for sanctions under that rule.

The false and scurrilous personal attack on plaintiffs' counsel reflects the meritless nature of the motion as a whole. This motion is yet another attempt to stall and to keep this litigation, which has been pending for close to three years, from continuing to discovery and trial. This is the same systematic dilatory behavior before the federal courts which caused the Klinghoffer litigation to run for twelve years (!) without reaching trial, and which several days ago prompted the U.S. District Court for the District of Columbia to excoriate defendants PA and PLO for their delaying tactics:

> . . . defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless.
>
> . . . defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. Defendants' explanations for their delay sound more like hollow excuses.

Biton v. The Palestinian Authority, --F.Supp.2d--, 2002 WL 31687136, (D.D.C. November 27, 2002)[3]

## V.    CONCLUSION

The Plaintiffs respectfully request that the Court deny defendants' motion and allow this case to proceed to discovery and trial.

---

[2] E.g. in their original motion to dismiss defendants falsely represented to this Court that their representative agent had been granted immunity from service of process by the United States pursuant to The Foreign Missions Act.
[3] The case may be also found at 2002 U.S. Dist. LEXIS 22906, at 1 and 4.

7

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _11_ day of December, 2002 I mailed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903



8