UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.  :
                    Plaintiffs,  :
                               :
v.                             :   C.A. No. 00-105 L
                               :
THE PALESTINIAN AUTHORITY, et al.,  :
                    Defendants.  :

**ORDER DENYING
MOTION TO SEVER**

    Before the court is Plaintiffs' Motion to Sever ("Motion to Sever"). Plaintiffs seek to have their claim against the Hamas Defendants severed from this action. In deciding whether to grant a motion for severance,

> courts generally consider (1) whether the issues sought to be tried separately are significantly different from one another, 2) whether the separable issues require the testimony of different witnesses and different documentary proof, 3) whether the party opposing the severance will be prejudiced if it is granted, and 4) whether the party requesting the severance will be prejudiced if it is not granted.

<u>German v. Fed. Home Loan Mort. Corp.</u>, 896 F.Supp. 1385, 1400 (S.D.N.Y. 1995). The court finds that the first two factors are inapplicable because of the present posture of the case. Default has entered against the Hamas Defendants, and the court presently has under advisement Plaintiffs' Motion for Entry of Default Judgment Against Defendants Hamas and Hamas Operatives ("Motion for Entry of Default Judgment"). The court conducted an evidentiary hearing on the Motion for Entry of Default Judgment in July of 2002. In effect, "the issues sought to be tried separately" have already been tried, and the witnesses and documentary proof which pertained to those issues have already

been presented. Thus, these considerations do not affect resolution of the present motion.

Turning to the remaining two factors, although the Palestinian Defendants claim that they will be prejudiced by the granting of the Motion to Sever, the court fails to see how this is so. At the hearing on December 12, 2002, Plaintiffs' Counsel represented that Plaintiffs will agree to stipulate that any judgment entered against the Hamas Defendants will have no preclusive or prejudicial (e.g. res judicata) effect against the Palestinian Defendants. Based on this representation, the court finds that the Palestinian Defendants would not be prejudiced by the granting of the Motion to Sever. In terms of prejudice to Plaintiffs, the court agrees with Plaintiffs' assessment that final resolution of their claims against the Palestinian Defendants is likely years away. However, until the court renders a decision on the pending Motion for Entry of Default Judgment, Plaintiffs cannot proceed further against the Hamas Defendants. Therefore, the court finds that there is presently no prejudice to Plaintiffs if the Motion to Sever is denied.

The court has also considered the argument made by Mr. Schilling, Counsel for the Palestinian Defendants, at the hearing on December 12, 2002, that the relief which Plaintiffs seek, i.e. the ability to initiate steps to collect any judgment which may result from the pending Motion for Entry of Default Judgment, could be achieved by a motion under Fed. R. Civ. P. 54(b) for entry of final judgment. The court agrees that such a motion appears to be an alternate method of achieving Plaintiffs' objective.

Accordingly, the court DENIES the Motion to Sever without prejudice. Plaintiffs may renew the motion after the court has ruled on the pending Motion for Entry of Default Judgment. If the Motion to Sever is renewed, Plaintiffs shall address in their memorandum why severance is preferable to the filing of a motion

under Fed. R. Civ. P. 54(b) for entry of final judgment against the Hamas Defendants.

So ordered.

ENTER:                              BY ORDER:

*/s/ David L. Martin*              */s/ Deputy Clerk*
David L. Martin                     Deputy Clerk
United States Magistrate Judge
December 13, 2002