UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) |
| v. | ) C.A. No. 00-105L ) |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) |

### PALESTINIAN DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") move for reconsideration of the Court's order of January 14, 2003 granting plaintiffs' motion to compel discovery and denying a stay, and defendants request that the Court reconsider and set aside and/or stay its discovery order of January 14, 2003.

A copy of a letter from Ambassador Al-Kidwa to Magistrate Judge Martin dated January 27, 2003 is attached hereto and incorporated by reference.

A Memorandum is filed herewith.

Dated: January 27, 2003

*Deming E. Sherman*
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)



Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2003, I faxed and mailed a copy of the within Motion for Reconsideration to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

*[signature: Deming E. Sherman]*

*Permanent Observer Mission of Palestine to the United Nations*



البعثة المراقبة الدائمة
لفلسطين
لدى الأمم المتحدة

January 27, 2003

Honorable David L. Martin
Magistrate Judge
U.S. District Court
Office of the Clerk
Providence, Rhode Island 02903-1720
Re: Ungar v. The Palestinian Authority
C.A. No. 00-105L D.R.I.

Dear Judge Martin,

We have carefully analyzed the three discovery documents in this case and the possibility of our responding to them in the near future.

Our communications with officials from the PNA and the PLO who would normally be concerned with legal requests of this kind have been extremely difficult.

As you know there has been intense violence throughout occupied Palestine for more than two years. The offices of the PNA in Gaza City have been destroyed. Offices in Ramallah have been attacked and partially destroyed and left under continuing siege. Other offices of both the PNA and the PLO have been damaged. Records have been destroyed, damaged, dispersed and lost. Personnel responsible for record keeping have been separated from their offices and records and unable to perform their assigned tasks.

President Arafat has been virtually trapped in the ruins of his office in Ramallah since March of 2002. Other officials and administrators have had similar difficulties. More than 2100 Palestinians have been killed by the Israeli occupying forces on our own soil during the last 28 months affecting everyone's life.

Government offices and officials cannot work effectively or organize even on matters of extreme urgency. It has been impossible under such circumstances to locate people who could seek and find documents, who could gather information and prepare answers to interrogatories and could respond to requests for admissions.

We find the scope of inquiry to be incredibly broad and often unrelated to the claims being made by plaintiffs. Much of it seems politically motivated and seeks records usually deemed confidential including communications between the PNA, or the PLO with foreign states, even with the United States government.

115 East 65th Street   New York, NY 10021   Tel. (212) 288-8500   Fax (212) 517-2377

We don't understand how plaintiffs can claim the PNA and PLO are responsible for what HAMAS does. The history of the PNA/PLO- HAMAS relationship is public and well known and the claim that the PNA and PLO are responsible for what HAMAS does is simply not credible.

Nor do we understand how plaintiffs can sue the PNA and PLO for this death and at the same time sue the government of Iran in a separate case in Washington, D.C. for the same death claiming Iran is responsible for what HAMAS does. Yet we've been advised plaintiffs are doing this. We notice what appears to be a multiplicity of suits coming from the same lawyers and political statements publicly made by them in connection with the suits, which makes it difficult to believe their aim is to pursue the interests of the individual plaintiffs.

It would seem fair and just to wait until there is a final decision on the issue whether the U.S. Court has jurisdiction over the PNA and the PLO for these events before proceeding to these requests. Nothing else is possible for us. Plaintiffs waited nearly four years from the time of the assault to file this case. The time we request which is necessary to make presentation of our defense possible, if a defense becomes necessary, ought to be comparatively short. Only the achievement of a level of stability, free from the threat of daily attacks in our territory can make it possible to free personnel to gather the materials and information needed to proceed with a defense.

While we wait until violence subsides and hopefully peace comes, to respond to appropriate discovery requests if jurisdiction is upheld, we must state that neither the PNA nor the PLO played any role and neither had any responsibility for the deaths in this case. We regret these deaths as we do the thousands before them and since in these tragic years of violence.

Under exceedingly difficult circumstances the PNA and PLO have done what they can do to reach a peace agreement and to protect lives even while they have themselves been attacked. We grieve over the deaths and injuries on both sides from the constant physical violence and the impoverishment and economic deprivation inflicted on the Palestinian people. And we fully understand that all who live in these Holy Lands will suffer until peace based on justice and international legitimacy is achieved.

We hope this case will not become an obstacle to such a day.

Sincerely,

Dr. Nasser Al-Kidwa
Ambassador, Permanent Observer of Palestine
to the United Nations

STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) |
| v. | ) C.A. No. 00-105L ) |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) |

**MEMORANDUM IN SUPPORT OF
PALESTINIAN DEFENDANTS'
MOTION FOR RECONSIDERATION**

For the reasons set forth herein and in the letter of Dr. Nasser Al-Kidwa, Ambassador, Permanent Observer of Palestine to the United Nations, attached to the Motion, defendants PA and PLO move for reconsideration of the Court's order of January 14, 2003 granting plaintiffs' motion to compel discovery and denying a stay, and defendants request that the Court reconsider and set aside and/or stay its discovery order of January 14, 2003, and in support of this motion state as follows:

1. The letter from Ambassador Al-Kidwa demonstrates that it is not possible for the PA/PLO defendants to comply with the discovery order of January 14, 2003 under circumstances existing since the order of the District Court of November 4, 2002 and for months prior thereto which are in large part publicly known and a proper subject for judicial notice.

2. Defendants renew their request for a stay of discovery pending (1) the determination by the District Court of defendants' motion for reconsideration of its November 4, 2002 order and a stay of further proceedings and (2) disposition of any interlocutory appeal by defendants to the Court of Appeals and (3) determination of this motion for reconsideration and an appeal of such determination to the District Court.

3. In further support of reconsideration defendants submit that the attorneys in Israel who are apparently responsible for bringing this case and many others are motivated by political considerations and are misusing the Courts of the United States and Israel for those purposes. Initially an attorney in Israel appeared openly in the actions they prepared but they no longer identify themselves as attorneys of record in plaintiffs' papers. Two of the Israeli attorneys most instrumental in these cases are Nitsana Darshan-Leitner and Avi Leitner, husband and wife.

4. For example, Ex. 3, published on the internet at http://www.jlaw.com/Briefs/ungarcomp.html is presented there as the complaint in this action. It presumably is an earlier draft because it differs from the complaint as filed. The draft shows Ms. Darshan Leitner as the attorney for plaintiffs and David Strachman as local counsel. The complaint as actually filed shows David Strachman as plaintiffs' attorney and names Ms. Darshan-Leitner as "Israeli Counsel." Plaintiffs' subsequent pleadings in this case have discontinued any mention of Ms. Darshan-Leitner.

5. The Leitners are publicly reported to be "currently pressing" 25 different cases against the PA, PLO, HAMAS, Syria, Iran, Iraq and the European Union, see Ex.1 at p. 2, and to be expecting a judgment against HAMAS, an unmistakable reference to this case. "Any day now, Darshan-Leitner expects a first-of-its kind judgment against Hamas." Ex.2 at p. 2.

6. While claiming they have 25 actions pending and are preparing more, the Israeli attorneys have stated their intention to bankrupt the PA and PLO among others. They have said their actions are part of a war against Palestinians. See e.g. Ex.2, supra, at p. 1. In commencing a suit against Syria seeking to hold it responsible for an attack by HAMAS, Ms. Sarshan-Leitner expressed the expectation that her cases would bankrupt Syria, ex. 4, at p. 2:

"The Weinsteins suit is only the first in a series of similar suits by

American victims of Hamas terrorism, which we will file against Syria in the coming months. I expect - in light of the size of the judgments handed down against Iran in recent years - that Syria's liability will ultimately exceed one billion dollars. Syria - which is a poor country - will have to chose between terrorism and bankruptcy."

7. Avi Leitner, also known as Craig Arthur Leitner has a criminal record of violence against Palestinian civilians and of disrespect for the rule of law. Violent crimes he committed to which he pled guilty and served a prison sentence and his status as fugitive who left Israel to avoid giving testimony are reported in the attached news articles. See Exs. 5a and 5b. Craig Arthur Leitner, named in the news articles, and Avi Leitner are one and the same person.

8. The complaints in the U.S. cases they have brought mirror several positions of the extreme Israeli right and the Israeli attorneys can be identified by word and deed with the extreme right. The complaint in the present case is typical, charging the PA and PLO with direct responsibility for all activities of HAMAS over the decades of violence throughout Palestine and elsewhere. Complaints in the federal district court in the District of Columbia similarly charge the PLO and President Arafat and the PA since its inception in 1993 with direct responsibility for virtually all violent activities of Palestinians over decades in the Palestinian territories, Israel and elsewhere through out the world. See Biton v. PA, 01 CV 0382 (D.D.C.) (RWR) and Gilmore v. PA, 01 CV 0853 (D.D.C.) (GK).

9. Another example of their extremism is litigation the Israeli attorneys have filed against the European Union seeking recovery of damages and to cut-off financial support the EU furnishes to Palestine on the ground the money is being used by President Arafat to finance terrorism. See Ex.6, p. 1 and also Ex.2. These political charges have been discredited. See, e.g. the Human Rights Watch report, dated January 15, 2003, attached hereto as Ex.7 at p. 10.

10. Much more can be shown concerning the radical, pro violence political motives of

these attorneys who are misusing U.S. Courts under the guise of ordinary tort cases to maintain an unrelenting attack on the PA, the PLO and President Arafat for extreme and destructive purposes

11. These cases as they know and intend will interfere with the peace process and the conduct of foreign policy by the Executive branch and intrude on the conduct of foreign policy of the U.S. Representing only several among the thousands of deaths in Israel and occupied Palestine during the past few years they are used as propaganda to inflame emotions and interfere with the conduct of foreign relations to undermine the peace process and provisions for a comprehensive solution by governments to provide relief for all victims of violence.

12. Further evidence of the political motivation behind these cases are the receipt from plaintiffs today, January 27, 2003 without prior consultation of Notices for eight depositions, the oral examination in Rhode Island "of YASSER ARAFAT/The Palestinian Authority" and six other Palestinian leaders between March 31, 2003 and April 10, 2003, and "of the keeper of records of Salomon Smith Barney." One of the Palestinians, Marwan Barghouti is a prisoner in Israel in a highly publicized and controversial criminal proceeding. Ms. Darshan-Leitner has criticized Israeli authorities for being too lenient in their charges against Marwan Barghouti, a prominent Palestinian leader. Ms. Darshan-Leitner has urged that Mr. Barghouti be prosecuted for crimes against humanity and imprisoned "for the rest of his life and can never be pardoned in a future political deal." See e.g. Ex.1, pp. 1 and 2. The notices of deposition, like most of the discovery sought by plaintiffs are designed to obstruct and interfere with the peace process and should not be allowed. For example, demands for all documents between the PLO/PA and HAMAS and all members of either and all U.S. government requests to the PA and the PA's response, from 1993 to the present, for the PA to take action against HAMAS.

13. Because of the impossibility of responding to the discovery requests at this time defendants are not presenting their specific objections to the discovery since it is unable to comply under any circumstances. Should the case proceed, when it is possible to defend, specific objections will be made to the excessive and improper requests.

Wherefore, defendants request that the Order of January 14, 2003 be reconsidered and a stay of all discovery be entered pending a further order.

Dated:  January 27, 2003

*Deming E. Sherman* (signature)
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2003, I faxed and mailed a copy of the within Memorandum to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

*Deming E. Sherman* (signature)