UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.   C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MOTION TO ENTER DEFAULT AGAINST DEFENDANTS PA AND PLO PURSUANT TO FED.R.CIV.P. 55(a)**

For the reasons presented in the accompanying Memorandum in support of this Motion, plaintiffs hereby move for the entry of default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, against defendants PA and PLO.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 7th day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

_____

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                        C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO ENTER DEFAULT AGAINST DEFENDANTS
PA AND PLO PURSUANT TO FED.R.CIV.P. 55(a)**

On November 4, 2002, the Court denied a motion by defendants PA and PLO to dismiss plaintiffs' amended complaint. Pursuant to Fed.R.Civ.P. 12(a)(4)(A), defendants PA and PLO are required to file an answer to the amended complaint within ten days of said decision.

Defendants PA and PLO did not serve an answer to the amended complaint within the time allotted by Fed.R.Civ.P. 12(a)(4)(A).[1]

Nearly three months have elapsed since the conclusion of that response period, and the PA and PLO have still not served an answer to the amended complaint. Entry of default against defendant PA and PLO is therefore proper pursuant to Fed.R.Civ.P. 55(a). <u>Inman v. American Home Furniture Replacement</u>, 120 F.3d 117 (8th Cir. 1997) (default upheld when defendant failed to file an answer after denial of motion to dismiss), <u>Alameda v. Sec. of H.E.W.</u>, 622 F.2d 1044, 1048 (1st Cir. 1980) (a party's failure to defend and file required pleading justifies entry of default judgment), <u>Conetta v. National Hair Care Products</u>, 236 F.3d 67 (1st Cir. 2001) (default

---

[1] The PA and PLO did file a motion for reconsideration of Judge Lagueux's November 4, 2002 decision. However, as Magistrate Judge Martin indicated during a length hearing on discovery issues, the mere filing of a so-called motion for reconsideration does not excuse a party from its obligation to comply with the rules of procedure. See also <u>Hatfield v. Board of County Commissioner for Converse County</u>, 52 F.3d 858, 861 (10th Cir. 1995) ("The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'"), <u>Standard Quimica DeVenezuela v.</u>

appropriate for deliberate refusal to defend), McKinnon v. Kwong Wah Restaurant, 88 F.3d 498, 504 (1st Cir. 1996) (In denying motion to vacate where defendant did not respond to amended complaint because it "hoped that it 'would go away,'" the court noted, "Litigants must act punctually and not casually or indifferently if a judicial system is to function effectively."), see also Gadoury v. United States, 187 B.R. 816 (D.R.I. 1995), Citadel Management v. Telesis Trust, 123 F.Supp.2d 133, 143 (S.D.N.Y. 2000) (default against defendant who failed to file a timely answer within enlarged answer period), Systems Industries v. Han, 105 F.R.D. 72 (E.D.Pa. 1985) (default warranted when defendant failed to respond to complaint after 90 days).

This action was filed thirty five months ago. After the denial of two motions to dismiss and 85 days after the Rule 12(a)(4)(A) answer period expired, the PA and PLO are clearly in default.

Therefore, plaintiffs request entry of default against defendants PA and PLO forthwith.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

---

Central Hispano Intern., 189 F.R.D. 202, 204 (D.P.R. 1999) (rules to not provide for filing motions for reconsideration).

2

CERTIFICATION

      I hereby certify that on the \_\_7th\_\_ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

3