UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MOTION PURSUANT TO FED.R.CIV.P. 37(b)(2)
FOR JUDGMENT BY DEFAULT AGAINST DEFENDANT PA
AND FOR OTHER RELIEF**

For the reasons presented in the accompanying Memorandum in support of this Motion, plaintiffs hereby move,

(1) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(C) rendering default judgment against defendant PA; or in the alternative,

(2) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (B) providing that the facts pled in plaintiffs' amended complaint shall be taken to be established for the purposes of this action and that defendant PA shall be prohibited from opposing or disputing the facts pled in plaintiffs' amended complaint.

(3) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(D) holding defendant PA in contempt of Court for its refusal to comply with the Order of this Court of January 14, 2003, and imposing monetary sanctions in such amount as the Court finds appropriate; and

(4) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(E) requiring defendant PA to pay plaintiffs their reasonable expenses, including attorney's fees, caused by

defendant's refusal to comply with the Order of this Court of January 14, 2003, including the expenses arising from the instant motion.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION PURSUANT TO FED.R.CIV.P. 37(b)(2) FOR DEFAULT JUDGMENT AGAINST DEFENDANT PA AND FOR OTHER RELIEF**

I.   **INTRODUCTION**

On January 24, 2002, plaintiffs served the PA with interrogatories, a request for production of documents, and a request for admissions. On June 20, 2002, the Court stayed discovery pending a decision on defendants' motion to dismiss plaintiffs' amended complaint. On November 4, 2002, the Court denied defendants' motion to dismiss plaintiffs' amended complaint, thereby terminating the stay entered on June 20, 2002.[1]

---

[1] During oral argument before Magistrate Judge David Martin, the defendants were specifically admonished that the stay of June 20, 2002 terminated automatically on November 4, 2002. Additionally, the order following said hearing states that " . . . the Court has advised the defendant that any objection may be deemed waived for its failure to file objection prior to December 12, 2002." (Exhibit A)  Further, in correspondence to counsel, Magistrate Judge Martin wrote:

> The court received the impression that Mr. Schilling was suggesting the court either had not ruled on both motions or had not ruled definitely that discovery was stayed only until Judge Lagueux issued his decision on the Palestinian Defendants' motion to dismiss. Because the court did not have immediately at hand its June 20, 2002, Order Staying Discovery, the court did not reject that suggestion as strongly as the record warrants.
>
> As is reflected on the enclosed copy of the Order, the court rules upon both motions and discovery was stayed until Judge Lagueux issued his ruling. That ruling was issued on November 4, 2002, and the stay ended on that date.

(Exhibit B).

The PA failed to respond to the discovery requests despite the termination of the stay and the Court scheduled a hearing on a Motion to Compel Discovery filed by plaintiffs. The matter was heard on December 12, 2002 before Magistrate Judge David Martin. At the hearing, Magistrate Judge Martin issued a ruling granting the motion to compel discovery and denying defendants' motion for a further stay of discovery.[2]

On January 14, 2003, an order entered reflecting his December 12, 2002 ruling which required the PA to *"respond to the interrogatories, request for production of documents, and request for admissions filed on January 24, 2002 (and stayed by this Court's order of June 20, 2002) within 45 days of December 12, 2002."* (Exhibit A)

## II. ARGUMENT

### A. Defendants' Actions Violate This Court's Decision of December 12, 2002

The period for the PA to respond to plaintiffs' interrogatories, requests for production of documents, and requests for admissions, i.e. 45 days from December 12, 2002, expired on January 26, 2003. Defendant PA did not respond to the discovery requests within 45 days as ordered, and has not responded since then.

Despite the fact that the order explicitly stated that the PA's responses to the discovery requests *"may include appropriate objections,"* the PA has not tendered any specific objections whatsoever to the questions posed or documents and admissions requested. Rather, the PA has elected for the third time to refrain from presenting any specific objections[3], to ignore the Order, and simply to stonewall the Court and the plaintiffs. [4]

---

[2] At Plaintiffs request, Magistrate Judge Martin specifically ruled that the defendants' expanded response period would begin to run from that date.

[3] First, in February 2002 the PA requested a stay rather than provide specific objections. Second, in December 2002 the PA ignored the automatic termination of the discovery stay. (Exhibit B). Third, in January 2003 the PA chose to

2

The PA has therefore violated and failed to obey the discovery order and should be sanctioned pursuant to Fed.R.Civ.P. 37(b)(2). Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976) (default is appropriate sanction for failure to comply with discovery order), Comiskey v. JFTJ Corp., 989 F.2d 1007 (8th Cir. 1993) (default upheld for failure to comply with court orders and discovery requests), Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3rd Cir. 1992) (default upheld for failure to respond to discovery and other obligations).

### B. Defendants' Conduct Must Not Be Tolerated

Defendant's refusal to comply with this court's order is an attempt to stall and to prevent plaintiffs, who filed this action nearly three years ago and who have successfully defeated repeated motions to dismiss, from conducting discovery and continuing to trial. Defendant's refusal to obey the discovery order denies the plaintiffs their right to have this matter adjudicated on the <u>merits and on the facts</u>. Plaintiffs have requested specific information and records held by the PA relating to its operational and financial relations with Hamas, including, for example and *inter alia*, the PA's publicly-admitted practice of providing financial support and rewards to Hamas terrorists. Defendant PA is evidently attempting to stymie plaintiffs' suit by refusing to divulge the requested information and records.

Additionally, defendant's failure to respond to the discovery requests and its non-compliance with this Court's order have caused the plaintiffs unnecessary expense, including the costs of preparing and arguing the motion to compel discovery and preparing the instant motion.

---

request "reconsideration" as opposed to complying with the discovery order.

[4] The PA has filed papers, styled a "Motion For Reconsideration," consisting entirely of a) a letter from a PA official requesting Magistrate Judge Martin to reconsider his order and b) irrelevant ad hominem attacks on an attorney. <u>The filing of these papers in no way relieves the PA of its duty to comply with the Order to Compel and with the timetable established therein.</u>

3

Further, the refusal to comply with the discovery order is also hampering plaintiffs' ability to prepare for depositions of PA leaders scheduled for March 31 through April 10, 2003. Needless to say, such refusal also displays blatant disregard and disrespect for the authority of this Court.

### C. Defendants' Conduct Fits a Pattern

Defendants' disregard for the rules, the rights of opposing parties, and their own obligations to the Court is not unique to this action. The same systematic intentional dilatory behavior has occurred in virtually every action in which defendants have been a party in the courts of the United States:

(1) This is the same behavior which caused the Klinghoffer litigation to run for twelve years (!) without reaching trial. In that case, the court issued at least ten separate orders over a span of thirty-nine months concerning the PLO's failure to comply with discovery orders. (Exhibit C).

(2) Recently the District Court for the District of Columbia excoriated defendants PA and PLO for their delaying tactics. After failing to provide an answer to plaintiffs' complaint for almost two months beyond a court approved extension, the court noted:

> . . . defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless . . .

Biton v. The Palestinian Authority, 233 F.Supp.2d 31 (D.D.C. 2002).

> . . . defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. Defendants' explanations for their delay sound more like hollow excuses.

Id. at 33.

(3) Likewise, in <u>Gilmore v. The Palestinian Authority</u>, 01-853(GK), pending in the District of Columbia, the PA and PLO were defaulted for failure to file any responsive pleading or answer more than five months after the first of several successful forms of service. The PA subsequently admitted in its motion to vacate default that it (in part) intentionally failed to answer in order "to coordinate the positions taken by the defendants in the present case with two other cases now pending."[5]

(4) In <u>International Technologies Integration v. The PLO and PA</u>, 66 F.Supp.2d 3 (D.D.C. 1999), the Court describes in detail the systematic and intentional dilatory practices employed by the PLO and PA in an arbitration proceeding.

In this action, rather than complying with the June 2002 order and its automatic expiration on November 4, 2002 or obeying this Court's decision of December 12, 2002, whether by responding to discovery requests or by providing "appropriate objections" (Exhibit A), the defendants seek to rewrite the rules of practice by ignoring the rules of procedure and this Court's orders. Needless to say, such conduct is not sanctioned by this Court,

> Not only was there willful disobedience of the court's order, but the plaintiff's attorney arrogated control of discovery to himself and changed the date of compliance to suit his own convenience and that of his client. If such conduct were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules. There is no claim that such conduct was accepted practice in the District Court of Rhode Island or had been tacitly sanctioned by the court in other cases . . . We also note that there was no effort by plaintiff's counsel to move this case along. He initiated no discovery and his only motions were to ask for extensions in which to reply to motions of the defendants. The entire pattern of behavior by plaintiff's counsel casts a shadow on the bona fides of his client's case, . . . The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all.

---

[5] Default was subsequently vacated because of "the strong preference in this jurisdiction for rulings on the merit." (Order April 17, 2002)

Damiani v. Rhode Island Hospital, 704 F.2d 13, 16 (1st Cir. 1983).

The federal courts should not and do not tolerate intentional dilatory behavior of this sort, the sole aim of which is to delay the resolution of the case. The Supreme Court indicated many years ago that the purpose of discovery sanctions is to secure compliance with the rules, deter violations and punish those who do violate them. National Hockey League v. Metropolitan Hockey League, 427 U.S. 639, 643 (1976). In light of (a) the legislative and judicial policies delineated by the Supreme Court, (b) the clear, peremptory requirements of this Court's discovery order, and (c) the contumacious and intransigent refusal of the PA to either respond to the discovery requests as ordered, or to utilize the mechanism contained in the order for presenting objections to those requests, there can be no clearer case for the imposition of discovery sanctions. Degan v. US, 517 U.S. 820, 827 (1996).

> [W]here a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial justice need not first exhaust milder sanctions before resorting to dismissal.

HMG Property Investors v. Parque Indus. Rio Canas, 847 F.2d 908, 918 (1st Cir. 1988). Such a sanction is particularly appropriate where a party's recalcitrance is willful. National Hockey League v. Metropolitan Hockey League, 427 U.S. at 643.

### D. Plaintiffs Are Prejudiced By Defendants' Conduct

This Court's June 2002 order staying discovery halted plaintiffs' attempts to depose seven key PA officials. However, in Magistrate Judge Martin's December 12, 2002 decision, plaintiffs' right to renotice these depositions was explicitly acknowledged. (Exhibit A) Consistent with the court order, plaintiffs renoticed the depositions for March 31 through April

6

10, 2003 in expectation that the PA will provide responses to the interrogatories, the request for production of documents and the request for admissions by January 26, 2002 as ordered.

Defendants' discovery responses are crucial in order to facilitate the depositions. Without receiving the written discovery in advance of the depositions, plaintiffs will be greatly prejudiced. The information requested in the three forms of written/paper discovery is vital in preparing for the depositions. Without discovery responses, plaintiffs' ability to frame appropriate questions will be impacted. Thus, the PA's refusal to comply with this Court's order effectively prevents plaintiffs from conducting other forms of discovery such as the depositions previously authorized.

### E. Entry of Default Judgment is the Only Appropriate Remedy in Light of the PA's Adamant Refusal to Comply With Any Discovery and Insistence That it Will Not in the Future

If the PA had complied with the discovery order in part, a drastic sanction such as default judgment might not be warranted. Morris v. Snappy Car Rentals, 151 F.R.D. 17 (D.R.I. 1993). However, the PA has not made a good faith response and openly refuses to provide any response to any form of discovery request! (See PA's memorandum of January 27, 2003.)[6]

And despite this Court's oral admonition on December 12, 2002 and the discovery order itself that responses to the January 2002 discovery requests should have been made by December 12, 2002, the PA refuses to provide any response of any kind. Thus, the PA has notified the Court that it is expressly refusing to respond in any fashion to any of the discovery requests which were served over a year ago. Hence, default judgment is entirely appropriate. Sivelle v.

---

[6] "Because of the impossibility of responding to the discovery requests at this time defendants are not presenting their specific objections to the discovery since it is unable to comply under any circumstances. Should the case proceed, when it is possible to defend, specific objections will be made to the excessive and improper requests." (Memorandum in Support of Palestinian defendants' Motion for Reconsideration, p. 5 emphasis added). In other words, the PA, not this Court or the Federal Rules, will dictate when (and if!) discovery will be provided.

7

Maloof, 373 F.2d 520 (1st Cir. 1967) ("The record discloses either a total lack of diligence on the part of counsel, or extended indifference to his case on the part of the defendant.") Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 251 (1st Cir. 1999) (dismissal entered against plaintiff who failed to give complete answers to discovery requests along with 12 others who failed to submit any answers).

Indeed, default judgment is not only appropriate but necessary, since in the absence of discovery plaintiffs are unlawfully prevented from advancing their case. The PA's brazen, but frank, notice to this Court that it will not participate in discovery "under any circumstances" should be taken at full face value by the Court. Effectively, the PA has announced that the adversarial process has come to an end in this action. Therefore, the Court should now exercise its authority to bring this suit to a close by rendering default judgment against the PA pursuant to Fed.R.Civ.P. 37(b)(2)(C). Damiani v. Rhode Island Hospital, 704 F.2d at 15 ("There is nothing in the rule [Fed.R.Civ.P. 37(b)] that states or suggests that the sanction of dismissal can be used only after all of the other sanctions have been considered or tried."), HMG Property Investors v. Parque Indus. Rio Canas, 847 F.2d at 1078 ("trial justice need not exhaust milder sanctions" first).

Therefore, plaintiffs move,

(1) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(C) rendering default judgment against the PA,

(2) In the alternative, for an order pursuant to Fed.R.Civ.P. 37(b)(2)(A) and (B) providing that the facts pled in plaintiffs' amended complaint shall be taken to be established for the purposes of this action and that the PA shall be prohibited from opposing or disputing the facts pled in plaintiffs' amended complaint.

8

And, in addition to the above,

(3) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(D) holding the PA in contempt of Court for its refusal to comply with the Order of this Court of January 14, 2003, and imposing monetary sanctions for contempt in such amount as the Court finds appropriate, and

(4) For an order pursuant to Fed.R.Civ.P. 37(b)(2)(E) requiring the PA to pay plaintiffs their reasonable expenses, including attorney's fees, caused by defendant's refusal to comply with discovery requests and the Order of this Court of January 14, 2003, including the expenses arising from the instant motion.

>Plaintiffs, by their Attorneys,
>
>_____
>David J. Strachman #4404
>McIntyre, Tate, Lynch & Holt
>321 South Main Street, Ste. 400
>Providence, RI 02903
>(401) 351-7700
>(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the \_\_\_11\_\_\_ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Misc/Ungar/Motions/Memo Under Rule 37(b) 2-10-03

10