UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                              C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

## PLAINTIFFS' OBJECTION TO
## DEFENDANTS' MOTION FOR RECONSIDERATION DATED JANUARY 27, 2003

Now come the Plaintiffs and hereby object to Defendants' Motion for Reconsideration dated January 27, 2003. Plaintiffs' objection is supported by the attached memorandum.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Ungar/Motions/Obj. to Mot for Reconsideration 2-17-03



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                        C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION DATED JANUARY 27, 2003**

**I      INTRODUCTION**

On January 24, 2002, plaintiffs served the PA with interrogatories, a request for production of documents, and a request for admissions. On June 20, 2002, the Court granted the PA's request to stay discovery pending a decision on defendants' motion to dismiss plaintiffs' amended complaint. On November 4, 2002, the Court denied defendants' motion to dismiss plaintiffs' amended complaint, thereby terminating the stay entered on June 20, 2002.

The PA failed to respond to the discovery requests by December 4, 2002, thirty days following the termination of the stay. On December 12, 2002, Magistrate Judge David Martin heard plaintiffs' motion to compel discovery. At the hearing, Magistrate Judge Martin issued a ruling granting the motion to compel discovery and denying defendants' motion for a further stay of discovery. The order required the PA to "*respond to the interrogatories, request for production of documents, and request for admissions filed on January 24, 2002 (and stayed by this Court's order of June 20, 2002) within 45 days of December 12, 2002.*"

The second, enlarged period for the PA to respond to plaintiffs' interrogatories, requests for production of documents, and requests for admissions, i.e. 45 days from December 12, 2002,

expired on January 26, 2003.  Defendant PA did not respond to the discovery requests within 45 days as ordered, and has not responded since.

After the expiration of the 45-day period for response to plaintiffs' discovery requests, the PA and PLO filed a "Motion For Reconsideration" dated January 27, 2003, requesting that Magistrate Justice Martin reconsider the Order to compel discovery entered on January 14, 2003. The supporting memorandum consists of thirteen paragraphs, ten of which are dedicated entirely to irrelevant, ad hominem attacks on an Israeli attorney.  Since these portions of defendants' motion are blatantly irrelevant as a matter of law, and plaintiffs have moved to strike them as such, they merit no specific reply herein.[1]

The remaining three paragraphs of defendants' memorandum simply incorporate and reiterate a letter from an official of defendants, Nasser Al-Kidwa, requesting Magistrate Judge Martin to reconsider his order.  The claims raised by defendants in their motion and letter are completely frivolous, as detailed below, and plaintiffs oppose, and request that the Court deny, defendants' baseless motion.

## II    DEFENDANTS' MOTION SHOULD BE DENIED

### A. Defendants' Claims Are Vague and Unsubstantiated

Defendants seek to stay discovery pending the "*achievement of . . . stability*" and "*until violence subsides and hopefully peace comes*" in the West Bank and Gaza Strip.  Al-Kidwa letter p. 2.  Until then, defendants claim, they are unable to respond to any discovery request "*under any circumstances.*"  Def. Memo. at §13.

---

[1] Plaintiffs' motion to strike is still pending.  The PA has not filed a response.

Defendants' claims should be disregarded, in the first place, because they are completely unsubstantiated. Defendants provide no support for their naked contentions, which are not supported by affidavits or other evidence. No evidence has been presented which would allow the Court to analyze defendants' implausible and far-reaching claim that they are unable to respond to <u>any</u> discovery requests, and this claim therefore must fail at the outset. Indeed, defendants' motion is not supported by affidavit or other evidence precisely because they cannot substantiate their sweeping claims. [2]

The PA's motion for reconsideration should also be denied because the PA has utterly failed to evidence any good faith in the almost thirteen months since the discovery requests were first filed. In February 2002, the PA chose to seek a protective order rather than provide specific objections or responses of any kind. After the discovery stay terminated automatically on November 4, 2002, the PA failed again to take any action in fulfillment of its discovery obligations under the rules of procedure. Lastly, even after having been specifically ordered on December 12, 2002 to provide responses, the PA completely disregarded the instructions of Magistrate Judge Martin. Apparently, the PA feels entirely unfettered by the rules and orders of this Court and that it alone can determine the travel of this litigation. This posture should not be tolerated. <u>Resolution Trust Corp. v. North Bridge Associates, Inc.</u>, 22 F.3d 1198, 1205 (1st Cir. 1994) (" . . . a party from whom discovery is sought cannot unilaterally alter these directives to

---

[2] Previous declarations made by a PA official in this case were found by the Court to be misrepresentations. For example, Mr. Hasan Abdel Rahman filed a declaration that the PA has no representatives in the U.S. The Court found that Mr. Rahman's own resume contradicted this statement, since it listed Mr. Rahman himself as "Chief Representative" of the PA in the U.S. <u>Ungar v. PA and PLO</u>, 153 F.Supp.2d 76, 90 (R.I. 2001). Similarly, regarding plaintiffs' service on the PA and PLO, Mr. Rahman's tried to mislead the Court by stating in his declaration only that "a bundle of papers was found in the front room" of the PA and PLO Washington office. He failed to disclose, as the Court ultimately found, that plaintiffs' process server introduced himself to Mr. Rahman, rode with him in an elevator, identified himself, "twice informed Rahman that he was being served" and that he had refused to accept the documents. <u>Id.</u> at 96.

suit its fancy."), <u>McKinnon v. Kwong Wah Restaurant</u>, 88 F.3d 498, 504 (1st Cir. 1996) ("Litigants must act punctually and not casually or indifferently if a judicial system is to function effectively.").

Defendants' vague and unsupported claims of an inability to litigate due to the conflict in the Middle East are reminiscent of similar claims they raised recently in an attempt to explain and excuse their failure to respond to the complaint in another action brought under 18 U.S.C. §2333,

> Defendants . . . say that the escalating Palestinian-Israeli conflict hampered communications necessary to prepare a response . . . Defendants have supplied no specifics -- by proffer, affidavit, or otherwise -- to support these claims. They have failed to identify who sought to communicate with whom and how, when it was, what specific events prevented the contacts . . . Most tellingly, defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. <u>Defendants' explanations for their delay sound more like hollow excuses.</u>

<u>Biton v. The Palestinian Authority</u>, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (emphasis added).

Likewise, the court in <u>Biton</u> noted that: " . . . *defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless . . .* " <u>Id</u>. at 32[3]

Here, defendants have gone beyond even the frivolous claims of temporary logistical delays, which they attempted to assert in <u>Biton</u>. In their motion for reconsideration of January 27, 2003, defendants raised the remarkable argument that discovery should be stayed pending the "*achievement of . . . stability*" and "*until violence subsides and hopefully peace comes*" in the West Bank and Gaza Strip -- in other words, discovery should be postponed indefinitely, and possibly forever. Defendants apparently expect the Court to believe that they are incapable of answering <u>any</u> interrogatories, providing <u>any</u> documents, and answering <u>any</u> requests for

---

[3] The District Court's characterization was proven correct. Once default appeared imminent in <u>Biton</u>, the PA and PLO were suddenly able to overcome their alleged logistical difficulties and filed a lengthy motion to dismiss.

admissions.    Defendants' claims, and their demand for an indefinite stay, are both unsubstantiated and outlandish on their face, and should be denied by the Court summarily.

The PA has a duty to engage in discovery in good faith.  Marx v. Kelly, Hart, & Hallman, 929 F.2d 8, 12 (1st Cir. 1991).  It has violated this duty by stonewalling and by its facially absurd claim that during the past year its many thousands of employees in the West Bank and Gaza and its large staff and offices in New York and Washington D.C. cannot provide a single document, a single answer to an interrogatory or a single response to a request for admissions.

Its lack of good faith is further demonstrated by its failure to show how it made a "conscientious endeavor" to respond to the discovery requests.  Wright & Miller §2177.  Nothing in its motion for reconsideration indicates that the PA even sought to comply with the discovery requests, the rules of procedure or Magistrate Judge Martin's order.  Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa. 1996) ("If a party is unable to supply the requested information . . . [he] must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'"), Miller v. Doctor's General Hospital, 76 F.R.D. 136 (W.D.Ok. 1977), 7 Moore's Federal Practice §33.102[3](3rd Ed.)

### B.  Defendants Have Failed to Utilize Other Procedures for Relief

Defendants' motion should also be summarily denied because they failed to utilize the appropriate procedures for obtaining relief provided to them by the Court and available to them by law.

As noted, the Order explicitly stated that the PA's responses to the discovery requests "*may include appropriate objections.*"  Thus, the Court expressly provided the PA with a mechanism for raising objections to the discovery requests.  The PA has decided to ignore this

mandate, and has not tendered any specific objections whatsoever to the questions posed or documents and admissions requested.  Instead, defendants seek to attack the Order *in toto*, arguing that discovery should be stayed indefinitely.  Since the PA has elected not to raise <u>any</u> specific objections to the discovery requests, despite being expressly permitted to do so by the Order, the Court should not even entertain a motion seeking to halt discovery entirely on the preposterous grounds that responding to <u>any and all</u> discovery requests would be too logistically burdensome for the PA.

The proper statutory procedure for challenging an order compelling discovery entered by the Magistrate Judge was not a "motion to reconsider" addressed to the Magistrate Judge, but rather an objection under Fed.R.Civ.P. 72(a) made to the district judge.  Yet, defendants' motion, memorandum and incorporated letter were addressed to and requested that the Magistrate Judge <u>reconsider</u> <u>his</u> <u>own</u> <u>order</u>.  Indeed, defendants explicitly request a stay pending both: 1) "*determination of <u>this</u> motion for consideration*" and 2) "*<u>an appeal of such determination to the</u>* <u>*District Court.*</u>"  Def. Memo. at §2 emphasis added.

In other words, defendants requested that the "*determination of this motion*" be made by the Magistrate Judge, which determination defendants then intended to appeal to the district judge, if it were not to their liking.  However, defendants are now precluded from filing an objection with the district judge, because the 10-day objection period provided by Rule 72(a) has long since passed, and had expired even before defendants filed their motion to reconsider. Having failed to object to the order, it is now "unreviewable." <u>Cummings v. McIntyre</u>, 271 F.3d 341, 342 (1st Cir. 2001), <u>Morris v. Snappy Car Rental</u>, 151 F.R.D. 17, 19 (D.R.I. 1993).

Moreover, Rule 72(a) provides that "*a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.*"  Defendants failed to

6

make a timely objection to the order of the Magistrate Judge, and are now estopped from doing so. Lehman Brothers v. Revolution Portfolio, 166 F.3d 389, 393 (1st Cir. 1999), Mulero Rodriguez v. Ponte, 98 F.3d 670, 678 (1st Cir. 1996) (the filing of a "motion for clarification" of a discovery order does not constitute an "objection" and right to appeal was waived). As the Court of Appeals for the First Circuit has made clear,

> Since the motion to compel discovery involved a nondispositive matter, the magistrate's order was effective when made, and it was therefore immediately appealable to the district court. See 28 U.S.C. §636(b)(1)(A). To receive such review, a party must file objections within ten days from service of a copy of the order. See Fed.R.Civ.P. 72(a). Unless an objection is filed within this window of opportunity, a magistrate's order on a nondispositive matter, such as a self-operating order granting, denying, or limiting pretrial discovery, is not thereafter reviewable on appeal. See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); see also Keating v. Secretary of HHS, 848 F.2d 271, 275 (1st Cir. 1988) (per curiam) (explicating same rule in respect to a party's failure to file timely objections to a magistrate's recommended disposition of a dispositive motion). The Civil Rules are quite explicit on this point:

>> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.

> Fed.R.Civ.P. 72(a); see also 28 U.S.C. §636(b)(1)(A) (empowering the district court to reconsider and set aside a magistrate's order on a nondispositive matter when the order is clearly erroneous or contrary to law).

> This court has applied the plain directive of Rule 72(a) straightforwardly and in accordance with its tenor. See Pagano, 983 F.2d at 346; Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992) (per curiam); see also United States v. Ecker, 923 F.2d 7, 9 (1st Cir. 1991) (per curiam) (citing 28 U.S.C. §636(b)(1)(A)). These cases stand unambiguously for the proposition that, in order to receive review of a magistrate's order on a nondispositive matter in a court of appeals, the aggrieved party first must have sought district court review by timely filing an objection to the order.

Sunview Condominium v. Flexel Intern., 116 F.3d 962, 964-965 (1st Cir. 1997).

Defendants cannot overcome their own failure to object timely, and evade the provisions of Fed.R.Civ.P. 72(a), by filing a "motion for reconsideration" to the Magistrate Judge.

### C. **Defendants' Motion Contains No Basis For Reconsideration**

Although a court may reconsider a prior decision, "as a rule, courts should be loath to do so absent extraordinary circumstances." Christianson v. Colt, 486 U.S. 800, 817 (1988). A prior decision should be reconsidered only if "clearly erroneous and would work a manifest injustice." Flibotte v. Pennsylvania Truck Lines, 131 F.3d 21, 25 (1st Cir. 1997) (quoting Arizona v. California, 460 U.S. 605, 619 (1983)).

The PA's methodology of seeking "reconsideration" for virtually every matter decided by this Court is directly contrary to the policy against "wastefulness, delay and overall wheel-spinning." U.S. v. Connell, 6 F.3d 27, 30 (1st Cir. 1997) (discussing law of the case doctrine). A motion for reconsideration that merely reiterates previously known facts and arguments previously made should not be granted. National Trust for Historic Preservation v. Department of State, 834 F. Supp. 453, 455 (D.D.C.1993).

The First Circuit has established clear criteria in reviewing a request for consideration of a prior order,

> First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. E.g., Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985); cf. Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C., 212 F.3d 157, 160 (3d Cir. 2000) (emphasizing district court's authority to reconsider matters previously decided on preliminary injunction). Second, reconsideration may be warranted if there has been a material change in controlling law. E.g., Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984); Crane Co. v. Am. Standard, Inc., 603 F.2d 244, 248 (2d Cir. 1979). Third, reconsideration may be undertaken if newly discovered evidence bears on the question. E.g., Fisher v. Trainor, 242 F.3d 24, 29 n. 5 (1st Cir. 2001); Pit River Home & Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1096 (9th Cir. 1994). Lastly, reconsideration may be appropriate to avoid manifest injustice. Christianson, 486 U.S. at 817, 108 S.Ct. 2166. In that regard, however, neither

8

doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration.  See Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981); White, 116 F.2d at 317-18.  For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not justify revisitation by a co-equal successor judge) and an unreasonable ruling that paves the way for a manifestly unjust result.

Ellis v. U.S., 313 F.3d 636, 648 (1st Cir. 2002).

Defendants fail to meet each criteria.  Their motion does not point to a single new legal argument, newly discovered fact or any error which would warrant reconsideration.  On the contrary, defendants themselves state that their motion is based on " . . .. *circumstances existing since the Order of the District Court of November 4, 2002 and for months prior thereto which are in large part publicly known . . . "*  Def. Memo. §1.

Indeed, in their original request to stay discovery and in the December 12, 2002 hearing before Magistrate Judge Martin, defendants cited these same "circumstances" (i.e. the state of affairs in the West Bank and Gaza) as grounds to stay discovery.  Magistrate Judge Martin considered and rejected defendants' claims in this regard.  As the current motion for reconsideration does nothing more than rehash an issue previously argued and decided, it should be denied:

> Reconsideration is not appropriate where a party is simply attempting to reargue factual or legal assertions contained in their original pleadings.

National Trust for Historic Preservation v. Department of State, 834 F. Supp. 453, 455 (D.D.C. 1993), citing Natural Resources Defense Council v. Environmental Protection Agency, 705 F. Supp. 698, 700 (D.D.C.), vacated on other grounds, 707 F. Supp. 3 (D.D.C. 1989).

## III    CONCLUSION

Plaintiffs respectfully request that the Court deny defendants' motion and proceed to determine Plaintiffs' pending motion to render default judgment for the PA's failure to comply with the discovery order.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903



Ungar/Motions/Memo in Opposition to Reconsideration 2-17-03