UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, )
et al )
)
v. ) C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, )
et al )
)
_____ )

## PALESTINIAN DEFENDANTS' OBJECTION
## TO PLAINTIFFS' MOTION TO STRIKE

Defendants The Palestinian Authority and The PLO hereby object to Plaintiffs' Motion to Strike.

A Memorandum is filed herewith.

Dated: February 20, 2003

_Deming E. Sherman_
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of February, 2003, I faxed and mailed a copy of the within Palestinian Defendants' Objection to Plaintiffs' Motion to Strike to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

/s/ Dennis S. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, )
et al )
)
v. ) C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, )
et al )
)
_____ )

### MEMORANDUM IN SUPPORT OF PALESTINIAN DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO STRIKE

This memorandum is submitted in support of the objection of defendants the Palestinian Authority and the Palestine Liberation Organization, constituting the present Palestinian government, to the motion plaintiffs docketed on February 5, 2003, seeking to strike defendants' motion for reconsideration dated November 20, 2002.

### ARGUMENT

1. Plaintiffs' motion is fatally unclear.

The first paragraph of plaintiffs' motion to strike defines defendants' memorandum in support of their motion for reconsideration dated November 20, 2002 as "the memorandum." Paragraph 2 of plaintiffs' motion to strike attacks "sections 3 through 12 of the memorandum," and seeks to strike these sections as prohibited by Fed.R.Civ.P. 11 and 12(f). It is unclear what "sections" plaintiffs have in mind here. The November 20th memorandum has no provisions designated as sections 3 through 12. The next to last paragraph of plaintiffs' memorandum in support of their motion to strike refers to sections 3 through 12 of a different pending motion of defendants' dated January 27, 2003 seeking reconsideration and a stay with respect to discovery. It would seem to follow that plaintiffs are attacking the papers on this second motion of January

27, 2003. But plaintiffs appear to disclaim any such intent. They ask the Court, in paragraph (4) of their motion to strike, to stay the time for plaintiffs to answer defendants' January 27, 2003 motion. Do plaintiffs really mean to take issue with defendants' January 27, 2003 motion and at the same time ask for a stay of their time to answer the motion? Plaintiffs' motion to strike is fatally unclear.

2. <u>Plaintiffs' motion to strike is groundless</u>.

Plaintiffs have shown no reason to strike or basis for striking any portion of defendants' November 20, 2002 motion for reconsideration or its supporting memorandum, or for that matter any portion of the papers on defendants' January 27 motion. Plaintiffs cite no cases in support of their motion. They do not attack the truthfulness of the passages they seek to strike. The 12 pages of exhibits attached to their memorandum expressing selected views of members of Congress provide no reason to strike. A motion to strike is generally disfavored, 5A Wright and Miller, Federal Practice and Procedure sec. 1382 (1990).

While it may be generally true that an attorney's beliefs have nothing to do with his client's claims, the opposite is true in the present case.

The materials plaintiffs' attorneys are seeking to strike show, in effect, that plaintiffs' attorneys have an agenda of their own which they are pursuing in this case and others independently and apart from their clients' claims. We include here Ms. Darshan-Leitner and her husband among other attorneys pursuing their separate agenda in this case and the other of 25 or more cases these attorneys publicly claim as their own. These attorneys profess to be at war and to be seeking to bankrupt the PA and PLO among many others. There is no reason to think the Ungars as plaintiffs in their action are at war. It is entirely proper and indeed essential for defendants to bring this peculiar agenda of plaintiffs' attorneys to the Court's attention and

request it be scrutinized and taken into account. The separate political agenda and objectives these attorneys are pursuing range far beyond their clients' claims and are a misuse of legal process.

It may be salutary in the average civil litigation for private attorneys to have a free hand in developing and presenting their claims. To afford such leeway to plaintiffs' attorneys with a fervent anti-Palestinian agenda in cases impacting on foreign relations, considering that millions of lives are at stake in the Palestinian-Israeli conflict and the peace process in the Middle East, is a prescription for disaster.

The agenda of plaintiffs' attorneys can make a drastic difference with respect to many issues plaintiffs are raising. For example, plaintiffs claim that the Palestinian government should be held liable to the Ungars because the government and its officials failed to take action to prevent or punish violence by HAMAS that it was under a duty to take.

In defendants' view, this claim raises issues that are political and non-justiciable, but even if this view is questioned as a general proposition, it becomes inescapable when the issues are developed by attorneys who are at war with the Palestinian government and its officials and seeking to destroy them.

All that is at issue in the present motion of plaintiffs to strike is whether the Court should be given notice and alerted to the agenda of the plaintiffs' attorneys as defendants have done. To defendants it is essential that the Court have this awareness. But even if it is not essential, it is useful and legitimate for the Court to be alerted to the agenda of plaintiffs' attorneys.

Plaintiffs' motion to strike is really a motion by plaintiffs' attorneys for their own benefit -- an unworthy effort to evade the consequences of their actions spanning the many cases they claim are theirs and to conceal the independent agenda they are pursuing.

Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike should be denied.

Respectfully submitted,

Dated: February 20, 2003

*[signature]*
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2003, I faxed and mailed a copy of the within Palestinian Defendants' Objection to Plaintiffs' Motion to Strike to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903 and mailed to Nitsana Darshan-Leitner, Esq., 28 Emek Ayalon Street, Modi'in 71770, Israel.

*[signature]*