UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


THE ESTATE OF YARON UNGAR, et al.


vs.

00 - 105L

THE PALESTINIAN AUTHORITY, et al.


**PLAINTIFFS' MEMORANDUM OF REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE**


Defendants' Opposition to plaintiffs' Motion to Strike does not even attempt to

articulate any legal explanation or justification for the scandalous and prejudicial

statements made by defendants.[1] Indeed, admissions and statements made by defendants

in their opposition memorandum constitute further grounds in support of plaintiffs'

motion to strike.

Defendants have admitted, as they must, that the plaintiffs, the families of Yaron

and Efrat Ungar, are simply victims of a terrorist attack seeking legal redress, and are not

"at war" with defendants, *"There is no reason to think the Ungars as plaintiffs in their*

*action are at war."* Def. Memo at 2.

---

[1] Defendants' argue that plaintiffs' motion should be denied as "fatally unclear" due to a minor typographical omission. This argument is baseless, and moreover moot. Plaintiffs immediately submitted a corrected version of their motion to the Court and to counsel for the defendants, on February 21, 2003. No prejudice or confusion resulted from this error. The memorandum submitted in support of plaintiffs' motion explicitly identifies the pleadings which plaintiffs seek to strike, and it is evident from defendants' opposition memorandum that defendants clearly understood which of their pleadings are at issue.



Defendants argue that they are merely attempting to bring to the Court's awareness the alleged political agenda of an Israeli attorney and of *". . . other attorneys pursuing their separate agenda in this case and the other of [sic] 25 or more cases . . ."* Id.[2] Defendants argue that: *"To defendants, it is essential that the Court have this awareness."* Id. at 3.

Defendants may indeed feel, subjectively, that it is "essential" to utilize their pleadings to inform the Court of their irrelevant allegations against a third party, but defendants completely fail to articulate any legal argument demonstrating how these scandalous statements could possibly be relevant to the merits of the case. Defendants provide no legitimate explanation because none exists. The motivations of an attorney - are irrelevant. Whether an attorney is motivated by lucre or by a social agenda is no affair of the opposing party. Striking the defendants' statements about Ms. Darshan-Leitner is particularly appropriate as they attack an attorney and do not relate to the substance of the matters in issue. Nault's Automotive Sales v. American Hand Motor Company, 148 F.R.D. 25, 35 (D.N.H. 1993) (striking "unsubstantiated and extreme attacks on the personal integrity, ethics and character of defense counsel"). The courts are not to be used as a vehicle to attack another attorney. Cool Light Co. v. GTE Products, 832 F.Supp. 449 (D.Mass. 1993) (District Court is not a "forum for adjudicating merits of accusations against attorneys.").

---

[2] While plaintiffs have resolved to refrain from debating or responding to the substance of defendants' scurrilous and irrelevant remarks, plaintiffs are constrained to state here that defendants' entire thesis is simply, grossly and wildly false. Plaintiffs are represented in this action by trial counsel alone, and have no "agenda" other than legal redress. Indeed, the allegation that plaintiffs, whose loved ones were killed in a terrorist attack, and who include a university professor, a rabbinical scholar, school teachers, college students and elementary school children are pawns in some political conspiracy is impertinent and scandalous in and of itself.

Finally, defendants' protestation that they were seeking merely to give "notice" to the Court of a matter which they deem important (id. at 3) is blatantly and facially absurd. If defendants were seeking simply to give notice, they would have sufficed with the statements contained in their memorandum of November 20, 2002, and there would have been no reason for defendants to dedicate ten out of the thirteen paragraphs of their memorandum of January 27, 2003, to these attacks.

Indeed, defendants' failure to proffer any coherent explanation for their attacks, and the repeated nature of those attacks, clearly demonstrates that defendants' statements serve only to impugn and prejudice the plaintiffs by association. These statements should therefore be stricken, "A court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter.'" Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988)(noting with approval order of district court striking "scandalous matter which impugned the character of defendants" and holding that "superfluous descriptions [that are] not substantive elements of the cause of action . . . have no place in pleadings before the court").

Moreover, "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-665 (7th Cir. 1992), see also Ramsdell v. Bowles, 64 F.3d 5, 7 (1st Cir. 1995), cert. denied, 116 S. Ct. 913 (1996)(upholding order of district court striking opposition brief that was "replete with immaterial, irrelevant and prejudicial statements.")(internal quotation marks omitted), Matter of Sims, 994 F.2d 210, 214 (5th Cir. 1993)(condemning "repetitious attacks on the veracity and integrity" of opposing party and their counsel and noting with approval decision of

district court to strike similar allegations as "scurrilous, impertinent, scandalous and[/]or disrespectful"), <u>Chou v. University of Chicago</u>, 2000 WL 222638 at 4, 2000 U.S. LEXUS 2002 at 14 (N.D. Ill. 2000) aff'd 254 F.3d 1347 (Fed. Cir. 2001)(statements which "are not allegations of fact or conclusions of law [but] nothing more than name calling" and are "unnecessary to the establishment of the cause of action and . . . blatantly roped into the narrative" should be stricken as scandalous).

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of February, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Ungar/Motions/Reply to Strike 2-26-03

4