UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                      C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM OF REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION PURSUANT TO FED.R.CIV.P. 37(b)(2) FOR DEFAULT JUDGMENT AGAINST DEFENDANT PA AND FOR OTHER RELIEF**

Defendants' objection to plaintiffs' motion for default judgment and other sanctions pursuant to Fed.R.Civ.P. 37(b)(2) is founded entirely on hopelessly vague, facially absurd and wholly unsubstantiated claims that "circumstances" prevent defendant from responding to any discovery requests whatsoever.

Defendant has not bothered to explain these claims or support them with admissible evidence or affidavits; rather, the claims are simply incorporated by reference to defendants' pending motion of January 27, 2003 for reconsideration of the discovery order, and to the unsworn letter that was previously submitted to the Court as an exhibit thereto.[1]

Thus, defendant offers no defense whatsoever to the motion to impose Rule 37(b) sanctions for its willful refusal to comply with the discovery order, other than its extremely vague and completely unsupported claim that the conflict in the Middle East foils defendants' ability to

---

[1] Defendants' motion for reconsideration is meritless, as demonstrated in detail in plaintiffs' previously filed opposition thereto.

respond to <u>any</u> discovery.[2]  This absurd claim is <u>virtually identical</u> to representations made by the PA to the U.S. District Court for the District of Columbia, in an attempt to excuse its refusal to respond to another action recently brought under 18 U.S.C. §2333

> Defendants . . . say that the escalating Palestinian-Israeli conflict hampered communications necessary to prepare a response . . . Defendants have supplied no specifics -- by proffer, affidavit, or otherwise -- to support these claims.  They have failed to identify who sought to communicate with whom and how, when it was, what specific events prevented the contacts . . . Most tellingly, defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not.  <u>Defendants' explanations for their delay sound more like hollow excuses.</u>

<u>Biton v. The Palestinian Authority</u>, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (emphasis added).  Likewise, the court in <u>Biton</u> noted that: " *. . . defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless . . .* " <u>Id</u>. at 32.[3]

Here, too, defendant offers not a whit of evidence in support of its claims.  The unsworn letter submitted to the Court does not even purport to be evidentiary or to be styled as an affidavit, and is in fact <u>simply a pleading</u>.  Indeed, in their memoranda in support of defendants' objection to the instant motion and defendants' motion for reconsideration, counsel for defendant simply incorporate by reference the arguments contained in the letter, without further elaboration or arguments.  In other words, the letter actually serves as defendants' brief, in both their objection to the instant motion and their motion for reconsideration.

Even if it purported to be evidentiary or styled as an affidavit, the unsworn letter is inadmissible and should be stricken.  <u>See</u> e.g. <u>Smith v. Danzig</u>, 2001 WL 823642 at 3 (D. Me

---

[2] Defendants also request a stay pending an interlocutory appeal that defendant claims it intends to file at some future date. Obviously, this request can in no way excuse defendants' refusal to comply with the discovery order, and is in any case completely frivolous and redundant. Defendants' motion for certification of an interlocutory appeal to the Court of Appeals and a stay pending disposition of the application for certification and/or appeal have already been denied. Defendants are not entitled to an appeal by right of this Court's decision of November 4, 2002, and even if defendants had had a right to interlocutory appeal, the time to file such an appeal has long since expired.

[3] The District Court's characterization was proven correct. Once default appeared imminent in <u>Biton</u>, the PA and PLO were suddenly able to overcome their alleged logistical difficulties and filed a lengthy motion to dismiss.

2001); Sellers v. Henman, 41 F.3d 1100, 1101 (7th Cir. 1994) (unsworn "affidavit" should be stricken); Demoulas v. Demoulas, 732 N.E. 2d 875, 883 (Mass 2000) (unsworn statements stricken); Commonwealth v. Roberts, 433 Mass. 45, 740 N.E.2d 176, 185 (2000) (unsworn letter constitutes "no evidence whatsoever before the motion judge").

Defendant has provided no factual support for its claims, because none exists.

Moreover, even if defendants' hopelessly vague and unsupported factual claims of logistical difficulties were true (which they are not), they would be insufficient to justify or excuse defendants' blanket refusal to comply with any discovery or to shield defendants from the sanctions mandated by Fed.R.Civ.P. 37. Defendant PA is a body comprised of hundreds of officials and thousands of employees with a $1.7 billion annual budget.[4] The claim that the PA cannot respond to any discovery of any type strains credibility far past the breaking point.

The lack of good faith in defendants' blanket refusal to conduct discovery is also glaringly evidenced both by its failure to even request an enlargement of time to comply with discovery, and by its failure to indicate that it has ever attempted to comply with any discovery requests. On the contrary, defendants' pleadings are frank and crystal-clear, and make no pretense of cooperation or good faith: defendants state that it has decided, willfully and knowingly, that it will not participate in any discovery in this action. Defendants' pleadings give the Court no quarter, and ask none.

The Court should not shield defendant from the consequences of a litigation strategy willingly and purposely chosen by defendant and its counsel, which consequences are themselves clearly expected and anticipated by defendant.[5]

---

[4] See Schenker, Palestinian Democracy Governance, p. 65 (2000), see also The World Bank estimates the PA budget to be $90 million per month. The World Bank Group, "West Bank and Gaza Update."

[5] Defendants' litigation strategy, i.e. willful default (apparently in order to obtain early appellate review of

3

Certainly the plaintiffs should not be made to endure further delays in the progress of this action because of defendants' intentional contumacious behavior, "When litigants appear before this Court, they deserve a 'just, speedy, and inexpensive determination of every action.'" Conetta v. National Hair Care Centers, Inc., 186 F.R.D. 262, 270 (D.R.I. 1999) aff'd 236 F.3d 67 (1st Cir. 2001).

Moreover,

> Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance. Fed.R.Civ.P. 37(b). <u>Here the court dismissed the plaintiffs' action with prejudice. It acted properly in so doing. We encourage such orders. Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents.</u>

G-K Properties v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir. 1978)(emphasis added).

All of defendants' jurisdictional defenses and other Rule 12(b) claims have been considered and denied in two exhaustive decisions by this Court. This action would now proceed on the merits, but for defendants' blanket refusal to conduct discovery. Defendants have brought this action to a complete standstill and have left the Court with no recourse but to render default judgment against defendants pursuant to Fed.R.Civ.P. 37(b).

In order to calculate plaintiffs' quantum of damages for default judgment, the Court is respectfully referred to the transcript of the damages hearing conducted July 12, 2002, and the "Damages" section III of plaintiffs' Proposed Findings of Fact and Conclusions of Law filed with the Court on August 16, 2002. Counsel for defendant appeared at the July 12, 2002 damages hearing.

---

jurisdictional issues) following denial of a motion to dismiss, has been utilized by defendants in other cases involving overseas terrorism and human rights violations. See e.g. Daliberti v. Republic of Iraq, 146 F. Supp. 2d 19, 20 (D.D.C. 2001); Doe v. Karadzic, 176 F.R.D. 458, 460 (S.D.N.Y. 1997).

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the ___6___ day of March, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903