UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                              C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM OF REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO ENTER DEFAULT AGAINST DEFENDANTS PA AND PLO PURSUANT TO FED.R.CIV.P. 55(a)**

Defendants' memorandum in support of their objection to plaintiffs' Motion to Enter Default makes no attempt whatsoever to explain or excuse their nearly four-month delay in answering the amended complaint. Defendants' half-hearted claims of logistical difficulties, incorporated by reference to an unsworn letter attached as an exhibit, are both vague and insufficient,[1] and explicitly contradicted by defendants' own admission that they are and were able to answer the complaint. Def. Memo. at 2.

Moreover, defendants have had more than adequate time to fully prepare their answer: this action was initiated nearly three years ago, and the amended complaint was filed over a year and a half ago.

---

[1] Defendants' vague and unsupported claims of litigation difficulties due to the century-old conflict in the Middle East are reminiscent of similar false representations they made recently in an attempt to explain and excuse their failure to respond to the complaint in another action brought under 18 U.S.C. §2333:

> Defendants ... say that the escalating Palestinian-Israeli conflict hampered communications necessary to prepare a response ... Defendants have supplied no specifics -- by proffer, affidavit, or otherwise -- to support these claims. They have failed to identify who sought to communicate with whom and how, when it was, what specific events prevented the contacts ... Most tellingly, defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. Defendants' explanations for their delay sound more like hollow excuses.

Biton v. The Palestinian Authority, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) (emphasis added). Likewise, the court in Biton noted that: " . . . *defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless* . . . " Id. at 32. The District Court's characterization was proven correct. Once default appeared imminent in Biton, the PA and PLO were suddenly able to overcome their alleged logistical difficulties and filed a lengthy motion to dismiss.

Indeed, defendants freely concede that they have intentionally and willfully defaulted this action because they do not accept the decision of this Court of November 4, 2002, finding that defendants are not sovereign states and do not enjoy sovereign immunity, Def. Memo. 2-3. Thus, defendants' behavior,

> was not negligent or careless. [They] did not lose the paperwork or forget to speak to a lawyer. [They] chose to ignore this lawsuit based on [their] own flawed experience and view of the law. That choice was an intentional, willful act.

Conetta v. National Hair Care Centers, Inc., 186 F.R.D. 262, 270 (D.R.I. 1999) aff'd 236 F.3d 67 (1st Cir. 2001) (denying motion to vacate entry of default).

Defendants have decided, based on their own *"view of the law"* that the Court is wrong about their claim to statehood, and have therefore made *"an intentional, willful"* decision not to answer the complaint. The conscious decision by defendants to refuse to answer the complaint is paralleled by the PA's outright refusal to comply with the discovery order of January 14, 2003.

Defendants have rich experience litigating in the U.S. courts and are represented by highly experienced counsel.[2] Defendants and their counsel are well aware of the consequences of a refusal to answer, and have consciously chosen this route. Defendants have clearly despaired of defending this suit on the merits before this Court, apparently in the hope that their (patently frivolous) claims to sovereign immunity will be upheld by the Court of Appeals. Defendants openly declare that this is their intention. Def. Memo. at 4.[3]

---

[2] See e.g. International Technologies Integration, Inc., v. The Palestine Liberation Organization, 66 F.Supp. 2d 3 (D.D.C. 1999), Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 739 F.Supp. 854 (S.D.N.Y. 1990), 921 F.2d 21 (2nd Cir. 1990), 937 F.2d 44 (2nd Cir. 1991), 795 F.Supp. 112 (S.D.N.Y. 1992), 816 F.Supp. 930 (S.D.N.Y. 1993), Biton v. The Palestinian Interim Self Government Authority, 233 F.Supp.2d 31 (D.D.C. 2002), Palestine Information Office of Palestine Liberation Organization v. Shultz, 853 F.2d 932 (D.C. Cir. 1988), United States of America v. The Palestine Liberation Organization, 695 F.Supp. 1456 (S.D.N.Y. 1988). The PLO also intervened in Estate of Fred Sparks, P1268/1981 Surrogate Court, New York County.

[3] Defendants' demand for a stay pending an interlocutory appeal that they claim to intend to file at some future date is completely frivolous and misleading. Defendants' motion for certification of an interlocutory appeal to the Court of Appeals and a stay pending disposition of the application for certification and/or appeal have already been denied.

2

Indeed, most tellingly, <u>defendants have not even bothered requesting an enlargement of time to file an answer to the complaint</u>. The Court should not shield defendants from the consequences of a litigation strategy willingly and purposely chosen by defendants and their counsel, which consequences are themselves clearly expected and anticipated by defendants.[4]

Certainly the plaintiffs should not be made to endure further delays in the progress of this action because of defendants' intentional contumacious[5] behavior, "When litigants appear before this Court, they deserve a 'just, speedy, and inexpensive determination of every action.'" <u>Conetta v. National Hair Care Centers, Inc.</u>, 186 F.R.D. 262, 265 (D.R.I. 1999) aff'd 236 F.3d 67 (1st Cir. 2001). "A workable system of justice requires that litigants not be free to appear at their pleasure, and we therefore hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rule of procedure." <u>Porter v. Brancato</u>, 171 F.R.D. 303, 304 (D.Kan. 1997).

Indeed, the language of Fed.R.Civ.P. 55(a) is imperative:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk <u>shall</u> enter the party's default.

(Emphasis added)

Plaintiffs therefore respectfully request that the Court enter default against defendants.

---

Defendants are not entitled to an appeal by right of this Court's decision of November 4, 2002, and even if defendants had had a right to interlocutory appeal, the time to file such an appeal has long since expired. Thus, defendants' declared intention to seek appellate review can only mean that they are intending to default this action and to seek appellate review of the judgment on the basis of their sovereign immunity claims and other jurisdictional arguments.

[4] Defendants' litigation strategy, i.e. willful default (in order to obtain early appellate review) following denial of a motion to dismiss, has been utilized by defendants in other cases involving terrorism and overseas human rights violations. See e.g. <u>Daliberti v. Republic of Iraq</u>, 146 F. Supp. 2d 19, 20 (D.D.C. 2001); <u>Doe v. Karadzic</u>, 176 F.R.D. 458, 460 (S.D.N.Y. 1997).

[5] Defendants also address the Court in an insolent and threatening tone, warning that they "are coming under pressure, akin to the pressure that led [other litigants] to petition for mandamus." Def. Memo. at 3.

3

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of March, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

4