UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                     C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' OBJECTION TO PALESTINIAN DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiff hereby object to the defendants' Motion For Protective Order against the taking of depositions of the defendants' employees. Plaintiffs' objection is supported by the attached memorandum.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

### CERTIFICATION

I hereby certify that on the _31_ day of March, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

_____

Ungar/Motions/Obj. to Mot for Protective Order 3-31-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                      C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

**I.     INTRODUCTION**

In January 2002, plaintiffs served defendant PA with notices of depositions for March 18-March 26, 2002. At that time, plaintiffs also served defendant PA with interrogatories, a request for production of documents, and a request for admissions. In March 2002, defendants moved for a protective order and for a stay of discovery pending a decision on defendants' motion to dismiss plaintiffs' amended complaint. On June 20, 2002, the Court granted defendants' request for a protective order and a stay of discovery pending a decision on defendants' motion to dismiss. On November 4, 2002, the Court denied defendants' motion to dismiss plaintiffs' amended complaint, thereby terminating the protective order and stay entered on June 20, 2002.

The PA failed to respond to plaintiffs' discovery requests following termination of the stay on November 4, 2002, and on December 12, 2002, Magistrate Judge David Martin heard plaintiffs' motion to compel discovery. During the hearing, Magistrate Judge Martin specifically indicated that the November 4, 2002 decision terminated the discovery stay and issued a ruling granting the motion to compel discovery and denying defendants' motion for a further protective order or stay of discovery.

The order issued by Magistrate Judge Martin provided that:

> *Plaintiffs may issue deposition notices to The Palestinian Authority officers and employees upon 60 days notice. The deposition notices may issue for depositions to occur in the District of Rhode Island. The Palestinian Authority may file objections to the depositions indicating with specificity their objection, such as location, etc.*

Order of January 14, 2003.

Pursuant to Magistrate Judge Martin's order of January 24, 2002, plaintiffs noticed eight depositions for March 31–April 8, 2003 in Providence, Rhode Island. Plaintiffs requested to depose defendants' officials because information and evidence gathered to date by the plaintiffs indicates that these officials were personally and directly involved in approving, coordinating and carrying out various aspects of the PA's provision of material support and resources to Hamas for the purpose of carrying out terrorist attacks such as the attack in which decedents were murdered. On March 4, 2003, counsel for the plaintiffs sent counsel for the defendants a letter requesting that defendants confirm the appearance of their employees at the scheduled depositions.

Following the notices of deposition and the letter from plaintiffs' counsel, counsel for the PA made no attempt to confer with plaintiffs' counsel in effort to resolve any disagreements regarding the depositions, as required by Fed.R.Civ.P. 26(c). Defendant PA simply ignored the letter from plaintiffs' counsel and the provisions of Fed.R.Civ.P. 26(c). Nor did defendant PA file any specific objections to the notices of deposition, as <u>expressly required</u> by Magistrate Judge Martin's order. Instead, defendants PA and PLO have filed a "Motion For Protective Order," requesting a blanket order prohibiting plaintiffs to depose any of these witnesses.

The putatively legal portion of defendants' memorandum[1] in support of their motion simply incorporates and reiterates a letter from an official of defendants, Nasser Al-Kidwa, requesting Magistrate Judge Martin to reconsider his discovery order. The claims raised by defendants in their motion and letter are completely frivolous, as detailed below, and plaintiffs oppose, and request that the Court deny, defendants' baseless motion. Indeed, the Al-Kidwa letter and the same vague and unsupported claims made by defendants in the instant motion previously served as the basis of defendants' Motion for Reconsideration of Magistrate Judge Martin's discovery order, which motion has already been denied. <u>The instant motion, like the spate of frivolous motions that proceeded it, has but one goal: to unlawfully thwart discovery and a trial in this action.</u>

## II.   DEFENDANTS' MOTION SHOULD BE DENIED

### A.   Defendants' Motion is Facially Defective

Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may be granted:

> *Upon motion by a party or by the person from whom discovery is sought, accompanied by <u>a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action</u>, and for good cause shown . . .*

Fed.R.Civ.P. 26(c) (emphasis added).

Defendants' motion was not accompanied by the required certification that defendants have conferred or attempted to confer with plaintiffs in an effort to resolve defendants'

---

[1] The majority of the memorandum consists not of legal arguments, but of fanciful accusations of an alleged conspiracy against defendants, and irrelevant, ad hominem attacks on individuals in Israel who have no connection with this matter. Since these portions of defendants' motion are blatantly irrelevant as a matter of law, and plaintiffs are filing, along with this Memorandum in Opposition, a motion to strike these portions of defendants' motion, they merit no specific reply herein.

3

objections to the depositions. <u>Defendants cannot make such a certification, because defendants did not make any effort to confer with the plaintiffs about the depositions</u>. Had defendants raised specific objections to the timing or location of the depositions, plaintiffs would have considered alternative dates and venues. Defendants did not even bother to reply to the letter from plaintiffs' counsel concerning the depositions. Thus, defendants have made no effort whatsoever to schedule depositions *"without court action,"* Id., and their motion is therefore facially defective and should be summarily denied.

    **B.**    **Defendants' Vague and Unsubstantiated Claims Do Not Constitute "Good Cause Shown" Under Fed.R.Civ.P. 26(c).**

Defendants claim that,

> *The chaotic and violent conditions that have long prevailed and are continuing in the Palestinian territories preclude the availability for depositions of President Arafat and the six other Palestinian leaders named in plaintiffs' notices to take depositions . . .*

Def. Memo. p. 1.

Defendants' claims should be disregarded, in the first place, because they are completely unsubstantiated. Defendants provide no support for their naked contentions, which are not supported by affidavits or other evidence. No evidence has been presented which would allow the Court to analyze defendants' implausible and far-reaching claim that <u>none</u> of the requested deponents are available – anywhere, at any time -- and this claim therefore must fail at the outset.

Defendants' deceptive attempt to block these depositions by pointing to Mideast "chaos" is similar to the false representations made by the defendants to the U.S. District Court for the District of Columbia, in an attempt to excuse their failure to comply with the rules of procedure in another action recently brought under 18 U.S.C. §2333

4

> Defendants . . . say that the escalating Palestinian-Israeli conflict hampered communications necessary to prepare a response . . . Defendants have supplied no specifics -- by proffer, affidavit, or otherwise -- to support these claims. They have failed to identify who sought to communicate with whom and how, when it was, what specific events prevented the contacts . . . Most tellingly, defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. <u>Defendants' explanations for their delay sound more like hollow excuses.</u>

<u>Biton v. The Palestinian Authority</u>, 233 F.Supp.2d 31, 33 (D.D.C. 2002) (emphasis added). Likewise, the court noted that: " . . . *defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless . . .* " <u>Id</u>. at 32.[2]

Here, too, defendants offer not a whit of evidence in support of their claims. The unsworn letter submitted to the Court does not even purport to be evidentiary or to be styled as an affidavit, and is in fact <u>simply a pleading</u>. Indeed, in their memorandum in support of defendants' motion, counsel for defendants simply incorporate by reference the arguments contained in the letter, without further elaboration or legal arguments.

Even if it purported to be evidentiary or styled as an affidavit, the unsworn letter is inadmissible and should be stricken. <u>See</u> <u>e.g.</u> <u>Smith v. Danzig</u>, 2001 WL 823642 at 3 (D. Me 2001); <u>Sellers v. Henman</u>, 41 F.3d 1100, 1101 (7th Cir. 1994) (unsworn "affidavit" should be stricken); <u>Demoulas v. Demoulas</u>, 732 N.E.2d 875, 883 (Mass 2000) (unsworn statements stricken); <u>Commonwealth v. Roberts</u>, 433 Mass. 45, 740 N.E.2d 176, 185 (2000) (unsworn letter constitutes "no evidence whatsoever before the motion judge").

Fed.R.Civ.P. 26(c) permits a court to issue a protective order only "*for good cause shown.*" Moreover, the "*Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery.*" <u>Ameristar Jet Charter, Inc., v.</u>

---

[2] The District Court's characterization was proven correct. Once default appeared imminent in <u>Biton</u>, the PA and PLO were suddenly able to overcome their alleged logistical difficulties and filed a lengthy motion to dismiss.

5

Signal Composites, Inc. 244 F.3d 189, 192 (1st Cir 2001). It is undisputed that the burden of establishing "good cause" under Rule 26(c) rests with the movant. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974). In order to meet this burden,

> the party seeking the protective order must show good cause by demonstrating particular need for protection. <u>Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test</u>.

Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (emphasis added). See also Rossi v. State of New Jersey, 39 Fed. Appx. 706, 708 n. 7 (3rd Cir. 2002) ("*Good cause is shown by demonstrating a particular need for protection. The party seeking a protective order bears the burden of persuasion and broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test,*" citing Cipollone, citations and internal quotes omitted).

Similarly,

> Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, <u>which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements</u>.

In Re: Terra International, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (emphasis added) (internal quotes omitted) citing United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, at 483-86 (2d ed. 1994).

Likewise,

6

> We agree ... that [deponent] had the burden to demonstrate good cause for issuance of the order and that his claim of harm must be based on more than stereotypical and conclusory statements.

<u>Miscellaneous Docket Matter v. Miscellaneous Docket Matter # 2</u>, 197 F.3d 922, 926; (8th Cir. 1999) (citing <u>General Dynamics Corp. v. Selb Mfg. Co.</u>, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Defendants have utterly failed to meet the "good cause shown" requirement of Fed.R.Civ.P. 26(a). Their pleadings contain absolutely no *"specific examples or articulated reasoning,"* nor a *"particular need,"* nor *"a particular and specific demonstration of fact,"* which the case law cited above unanimously requires. On the contrary, defendants' claim that depositions are impossible because of the "unavailability" of the deponents, Def. Memo at 3, could well serve as a hornbook example of the sort of *"broad allegations ... unsubstantiated by specific examples or articulated reasoning"* and *"conclusory statements"* which utterly fail to meet the standard of Rule 26(c). Thus, defendants' unsupported, vague and general claims of "unavailability" do not even begin to satisfy the "good cause shown" requirement of Rule 26(c).

Defendants' have not attempted to support or articulate their claim of "unavailability" precisely because they know that it is demonstrably false.[3] Defendants' employees are all available for depositions, whether in the United States or elsewhere. Defendants are simply, but vehemently, unprepared to permit their employees to answer questions under oath regarding defendants' provisions of funds, weapons and training to Hamas and its operatives.

---

[3] Previous declarations made by a PA official in this case were found by the Court to be false. For example, Mr. Hasan Abdel Rahman filed a declaration that the PA has no representatives in the U.S. The Court found that <u>Mr. Rahman's own resume</u> contradicted this statement, since it listed Mr. Rahman himself as "Chief Representative" of the PA in the U.S. <u>Ungar v. PA and PLO</u>, 153 F.Supp.2d 76, 90 (R.I. 2001). Similarly, regarding plaintiffs' service on the PA and PLO, Mr. Rahman's tried to mislead the Court by stating in his declaration only that "a bundle of papers was found in the front room" of the PA and PLO Washington office. He failed to disclose, as the Court ultimately found, that plaintiffs' process server introduced himself to Mr. Rahman, rode with him in an elevator, identified himself, "twice informed Rahman that he was being served" and that he had refused to accept the documents. <u>Id.</u> at 96.

7

## C.  Defendants Have Failed to Utilize Other Procedures for Relief

Defendants' motion should also be summarily denied because defendants failed to utilize the appropriate procedures for obtaining relief provided to them by the Court and available to them by the Federal Rules.

As noted, the discovery order explicitly states that: *"The Palestinian Authority may file objections to the depositions indicating with specificity their objection, such as location, etc."* Thus, the Court expressly provided the PA with a mechanism for raising objections to the depositions.  The PA has decided to ignore this mandate, and has not tendered any specific objections whatsoever to the time, place or other circumstances of the depositions.

Likewise, Fed.R.Civ.P. 26(c)(2)-(8) provides the court with a broad menu of remedies to address legitimate objections which a party may raise to the terms and conditions of a deposition, including the time, place or method of the deposition, the matters that may be inquired into, the persons allowed to participate, the confidentiality of a deposition record, etc.

Yet, instead of utilizing the procedures expressly granted by the Court's Order and Rule 26(c)(2)-(8) to raise specific objections to the requested depositions, defendants seek a blanket protective order against any depositions under any circumstances.  Blanket protective orders "are not favored."  U.S. v. Parke Davis, 216 F.R.D. 257, 261 (D. Mass. 2002)  Since the PA has elected not to raise <u>any</u> specific objections to the discovery requests, despite being expressly permitted to do so by the Order and the Rules, the Court should not even entertain a motion seeking a <u>blanket prohibition</u> on <u>any</u> depositions.

Indeed, since the blanket protective order sought by defendant would effectively render the discovery order given by Magistrate Judge Martin (insofar as it relates to depositions) a nullity, defendants' instant motion should properly be viewed as yet another attempt to relitigate

8

the decision to give that discovery order. As noted above, Magistrate Judge Martin gave the order after hearing and rejecting the objections of the defendants, and defendants' motion for reconsideration of the order (on grounds virtually identical to those claimed in the instant motion) has already been denied.[4] Thus, defendants' instant motion, which seeks to negate and wholly evade the provisions of the discovery order regarding depositions, is simply another motion for reconsideration, styled in the guise of a motion for a protective order.

Apparently, the PA feels entirely unfettered by the rules and orders of this Court and that it alone can determine the travel of this litigation. This posture should not be tolerated. Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1205 (1st Cir. 1994) ("... a party from whom discovery is sought cannot unilaterally alter these directives to suit its fancy."), McKinnon v. Kwong Wah Restaurant, 88 F.3d 498, 504 (1st Cir. 1996) ("Litigants must act punctually and not casually or indifferently if a judicial system is to function effectively.").

The PA has a duty to engage in discovery in good faith. Marx v. Kelly, Hart, & Hallman, 929 F.2d 8, 12 (1st Cir. 1991). It has violated this duty by stonewalling and by its facially absurd claim that none of the requested deponents, some of whom regularly travel to Europe and Asia, and to the United States, are available under any circumstances.

Defendant's lack of good faith is further demonstrated by its failure to show how it made a "conscientious endeavor" to respond to the deposition notices. Wright & Miller §2177. Nothing in its motion indicates that the PA even sought to respond to the notices or comply with the rules of procedure or Magistrate Judge Martin's order. Hansel v. Shell Oil Corp., 169 F.R.D.

---

[4] Defendants are precluded from filing an objection with the district judge, because the 10-day objection period provided by Rule 72(a) has long since passed, and had expired even before defendants filed their motion to reconsider. Having failed to object to the order, it is now "unreviewable." Cummings v. McIntyre, 271 F.3d 341, 342 (1st Cir. 2001), Morris v. Snappy Car Rental, 151 F.R.D. 17, 19 (D.R.I. 1993).

9

303, 305 (E.D.Pa. 1996) ("If a party is unable to supply the requested information . . . [he] must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'"), <u>Miller v. Doctor's General Hospital</u>, 76 F.R.D. 136 (W.D.Ok. 1977), 7 *Moore's Federal Practice* §33.102[3](3rd Ed.)

Defendants have not utilized alternative remedies or made a good faith effort to comply with the Court's discovery order and the rules of procedure for a simple reason: defendants are absolutely unwilling to expose their operational alliance with and material support for the Hamas terrorist organization to the bright light of the discovery process.

## III. CONCLUSION

Plaintiffs respectfully request that the Court deny defendants' motion.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the 31st day of March, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Ungar/Motions/Memo in Opposition to Motion for Protective Order 3-31-03

11