UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.  C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

## MOTION TO EXCEED PAGE LIMITATION

Now come the plaintiffs and hereby move to exceed the five-page limitation on exhibits to motions. Plaintiffs wish to file the following documents in support of their Motion for Judgment by Default Against the PA and PLO and for Other Relief For Refusal to Submit to Depositions:

1. <u>Bucheit v. Palestine Liberation Organization and Palestinian Authority</u>, 00-CV-1455 – nine-page docket report.

2. <u>Haksharat Hayishuv Insurance Company Ltd. v. The Palestinian Authority and the Palestinian Council</u>, translated transcript of testimony of Muhanad Aljouni, "Assistant Minister of Finance" March 12, 2003, Jerusalem District Court

These documents have just become available to plaintiffs, are crucial to a determination of the plaintiffs' motion and show the PA and PLO have committed fraud on this Court.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the ___9___ day of April, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

_____

Misc/Ungar/Motions/Memo Under Rule 37(b) re depositions 4-9-03

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT AGAINST THE PA AND PLO AND FOR OTHER RELIEF FOR REFUSAL TO SUBMIT TO DEPOSITIONS**

I.  **INTRODUCTION**

In January 2002, plaintiffs noticed seven depositions of PA and PLO employees. On June 20, 2002, the Court stayed discovery pending a decision on defendants' motion to dismiss plaintiffs' amended complaint. On November 4, 2002, the Court denied defendants' motion to dismiss plaintiffs' amended complaint, thereby terminating the stay entered on June 20, 2002.[1]

On December 12, 2002, Magistrate Judge David Martin issued a ruling granting the motion to compel discovery and denying defendants' motion for a further stay of discovery. The January 14, 2003 order reflecting the ruling provides,

> *Plaintiffs may issue deposition notices to The Palestinian Authority officers and employees upon 60 days notice. The deposition notices may issue for depositions to occur in the District of Rhode Island. The Palestinian Authority may file objections to the depositions indicating with specificity their objection, such as location, etc.*

Consequently, plaintiffs noticed eight depositions for March 31–April 8, 2003 in Providence, Rhode Island. Plaintiffs requested to depose seven PA/PLO officials because

---

[1] During oral argument before Magistrate Judge David Martin, the defendants were specifically admonished that the stay of June 20, 2002 terminated automatically on November 4, 2002. See also letter to the parties of December 13, 2002.

information and evidence gathered to date by the plaintiffs indicates that these officials were personally and directly involved in approving, coordinating and carrying out various aspects of the defendant's provision of material support and resources to Hamas for the purpose of carrying out terrorist attacks such as the attack in which decedents were murdered.

On March 4, 2003, counsel for the plaintiffs sent counsel for the defendants a letter requesting that defendants confirm the appearance of their employees at the scheduled depositions.

Defendants' counsel made no attempt to confer with plaintiffs' counsel in effort to resolve any disagreements regarding the depositions, as required by Fed.R.Civ.P. 26(c). Defendants simply ignored the letter and the provisions of Fed.R.Civ.P. 26(c). Nor did defendants file any specific objections to the notices of deposition, as <u>expressly required</u> by Magistrate Judge Martin's order. Instead, the PA and PLO filed a "Motion For Protective Order," requesting a blanket order prohibiting plaintiffs to depose any of these witnesses. This motion has been referred to Magistrate Judge Martin.

The depositions were scheduled to begin March 31, 2003. Defendants failed to appear or produce any of its seven employees/officials. Defendants indicated in their memorandum in support of their Motion for Protective Order that they will not produce witnesses for the depositions, anywhere or at any time.

## II.   ARGUMENT

### A.   Defendants' Actions Violate This Court's Decision of December 12, 2002

Despite the fact that the order explicitly stated that the PA "may file objections to the depositions indicating with specificity their objections, such as location, etc.," the PA has not tendered any specific objections whatsoever to the deposition notices and failed to reply to

2

counsel's March 4, 2003 letter. Rather, the defendants have elected for the third time to refrain from presenting any specific objections,[2] to ignore this Court's Order, and simply to stonewall the Court and the plaintiffs.

The defendants have therefore violated and failed to obey the discovery order and should be sanctioned pursuant to Fed.R.Civ.P. 37(b)(2). <u>Eisler v. Stritzler</u>, 535 F.2d 148, 153 (1st Cir. 1976) (default is appropriate sanction for failure to comply with discovery order), <u>Comiskey v. JFTJ Corp.</u>, 989 F.2d 1007 (8th Cir. 1993) (default upheld for failure to comply with court orders and discovery requests), <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912 (3rd Cir. 1992) (default upheld for failure to respond to discovery and other obligations).

**B.    Defendants' Conduct Must Not Be Tolerated**

Defendants' refusal to comply with this court's order is an attempt to stall and to prevent plaintiffs, who filed this action over three years ago and who have successfully defeated repeated motions to dismiss, from conducting discovery and continuing to trial. Defendants' refusal to obey the discovery order denies the plaintiffs their right to have this matter adjudicated on the <u>merits and on the facts</u>. Plaintiffs seek from deponents, who are officers of the PA and/or PLO, specific information relating to defendants' operational and financial relations with Hamas, including, for example and *inter alia*: defendants' publicly-admitted practice of providing systematic financial support to Hamas and its terrorist operatives; defendants' practice of providing weapons training and weapons to Hamas operatives; defendants' provision of PA police identification to the murderers of the Ungars; and defendants' continued sheltering of one of the perpetrators, fugitive defendant Ibrahim Ghanimat. Defendants are refusing to allow their

---

[2] First, in February 2002 the PA requested a stay rather than provide specific objections. Second, in December 2002 the PA ignored the automatic termination of the discovery stay. Third, in March 2003 the defendants chose to request "a protective order" as opposed to complying with the discovery order.

3

officials to answer questions about defendants' relationship with Hamas simply in order to stymie plaintiffs' suit and shield themselves from liability.

However, on the <u>very date</u> the depositions were scheduled to begin in Rhode Island, the PA and PLO were able to fly from Ramallah and produce for deposition Mr. Ghassan Abu Ramadan, an official of the PA "Ministry of the Environment" in <u>Bucheit v. Palestine Liberation Organization and Palestinian Authority</u>, 00-CV-1455 (District Court for the District of Columbia). Two days later the defendants produced Mr. Ramadan for trial. (Exhibit A)

Similarly, Mr. Muhanad Aljouni, the PA "Assistant Minister of Finance" testified in Jerusalem District Court in <u>Haksharat Hayishuv Insurance Company Ltd. v. The Palestinian Authority</u> on March 12, 2003. (Exhibit B)

Thus, when it suits their convenience, the PA and PLO are able to have Ramallah-based employees/officials testify. The fact that the defendants have produced Messrs. Ramadan and Aljouni prove the PA and PLO's fraud on this Court.

### C. **Defendants' Conduct Fits a Pattern**

Defendants' disregard for the rules, the rights of opposing parties, and their own obligations to the Court is not unique to this action. The same systematic intentional dilatory behavior has occurred in virtually <u>every</u> action in which defendants have been a party in the courts of the United States:

(1) This is the same behavior which caused the <u>Klinghoffer</u> litigation to run for twelve years (!) without reaching trial. In that case, the court issued at least ten separate orders over a span of thirty-nine months concerning the PLO's failure to comply with discovery orders.

4

(2) Recently the District Court for the District of Columbia excoriated defendants PA and PLO for their delaying tactics. After failing to provide an answer to plaintiffs' complaint for almost two months beyond a court approved extension, the court noted:

> . . . defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless . . .

Biton v. The Palestinian Authority, 233 F.Supp.2d 31 (D.D.C. 2002).

> . . . defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. Defendants' explanations for their delay sound more like hollow excuses.

Id. at 33.

(3) Likewise, in Gilmore v. The Palestinian Authority, 01-853(GK), pending in the District of Columbia, the PA and PLO were defaulted for failure to file any responsive pleading or answer more than five months after the first of several successful forms of service. The PA subsequently admitted in its motion to vacate default that it (in part) intentionally failed to answer in order "to coordinate the positions taken by the defendants in the present case with two other cases now pending."[3]

(4) In International Technologies Integration v. The PLO and PA, 66 F.Supp.2d 3 (D.D.C. 1999), the Court describes in detail the systematic and intentional dilatory practices employed by the PLO and PA in an arbitration proceeding.

(5) In Bucheit v. Palestine Liberation Organization and the Palestinian Authority, 00-CV-1455 pending in the District Court for the District of Columbia, the defendants were sanctioned for failure to produce a witness for deposition. (Exhibit B)

---

[3] Default was entered and vacated in Gilmore at the very outset of the litigation, before any Rule 12(b) motions had been heard or the complaint answered, and that only because of "the strong preference in this jurisdiction for rulings on the merit." (Order April 17, 2002)

5

In this action, rather than complying with the June 2002 order and its automatic expiration on November 4, 2002 or obeying this Court's decision of December 12, 2002, whether by complying with the deposition notices or by providing specific objections, the defendants seek to rewrite the rules of practice by ignoring the rules of procedure and this Court's orders. Needless to say, such conduct is not sanctioned by this Court,

> Not only was there willful disobedience of the court's order, but the plaintiff's attorney arrogated control of discovery to himself and changed the date of compliance to suit his own convenience and that of his client. If such conduct were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules. There is no claim that such conduct was accepted practice in the District Court of Rhode Island or had been tacitly sanctioned by the court in other cases . . . We also note that there was no effort by plaintiff's counsel to move this case along. He initiated no discovery and his only motions were to ask for extensions in which to reply to motions of the defendants. The entire pattern of behavior by plaintiff's counsel casts a shadow on the bona fides of his client's case, . . . The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all.

Damiani v. Rhode Island Hospital, 704 F.2d 13, 16 (1st Cir. 1983).

The federal courts should not and do not tolerate intentional dilatory behavior of this sort, the sole aim of which is to delay the resolution of the case. The Supreme Court indicated many years ago that the purpose of discovery sanctions is to secure compliance with the rules, deter violations and punish those who do violate them. National Hockey League v. Metropolitan Hockey League, 427 U.S. 639, 643 (1976). In light of (a) the legislative and judicial policies delineated by the Supreme Court, (b) the clear, peremptory requirements of this Court's discovery order, and (c) the contumacious and intransigent refusal of the PA to either respond to the deposition notices as ordered, or to utilize the mechanism contained in the order for

presenting objections to the depositions there can be no clearer case for the imposition of discovery sanctions. <u>Degan v. US</u>, 517 U.S. 820, 827 (1996).

> [W]here a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial justice need not first exhaust milder sanctions before resorting to dismissal.

<u>HMG Property Investors v. Parque Indus. Rio Canas</u>, 847 F.2d 908, 918 (1st Cir. 1988). Such a sanction is particularly appropriate where a party's recalcitrance is willful. <u>National Hockey League v. Metropolitan Hockey League</u>, 427 U.S. at 643.

### D. **<u>Plaintiffs Are Prejudiced By Defendants' Conduct</u>**

Depositions of defendants' employees are crucial in order to move this case to trial. Defendants have failed to answer the amended complaint, provide responses to interrogatories, request for production of documents, and responses to a request for admissions. By refusing to provide any form of discovery, plaintiffs' ability to prove their case is extremely hampered - which is precisely defendants' goal in doing so.

### E. **<u>Entry of Default Judgment is the Only Appropriate Remedy in Light of the Defendants' Adamant Refusal to Comply With Any Discovery and Insistence That it Will Not in the Future</u>**

If the defendants had complied with the discovery order in part, a drastic sanction such as default judgment might not be warranted. <u>Morris v. Snappy Car Rentals</u>, 151 F.R.D. 17 (D.R.I. 1993). However, they have not made a good faith response and openly refuse to provide <u>any</u> response to any form of discovery request! (See PA's memorandum of January 27, 2003.)[4]

---

[4] "Because of the impossibility of responding to the discovery requests at this time defendants are not presenting their specific objections to the discovery since it is unable to comply <u>under any circumstances</u>. Should the case proceed, when it is possible to defend, specific objections will be made to the excessive and improper requests." (Memorandum in Support of Palestinian defendants' Motion for Reconsideration, p. 5 emphasis added). In other words, the PA, not this Court or the Federal Rules, will dictate when (and if!) discovery will be provided.

7

The defendants have notified the Court that they are expressly refusing to follow the rules of procedure or the orders of this court. Hence, default judgment is entirely appropriate. <u>Sivelle v. Maloof</u>, 373 F.2d 520 (1st Cir. 1967) ("The record discloses either a total lack of diligence on the part of counsel, or extended indifference to his case on the part of the defendant.") <u>Angulo-Alvarez v. Aponte de la Torre</u>, 170 F.3d 246, 251 (1st Cir. 1999) (dismissal entered against plaintiff who failed to give complete answers to discovery requests along with 12 others who failed to submit any answers).

Indeed, default judgment is not only appropriate but <u>necessary</u>, since in the absence of discovery plaintiffs are unlawfully prevented from advancing their case. The defendants' brazen, but frank, notice to this Court that it will not participate in discovery "under any circumstances" should be taken at full face value by the Court.

Defendants' decision to stonewall all discovery squares perfectly with the statement made by Mr. Clark on April 1, 2003, that defendants have instructed their counsel not to answer the complaint in this action, "My instructions have been do not answer, do not take any steps that would replace us here . . . " [sic] (Tr. April 1, 2003, p. 6) In other words, the defendants have declared both in word and in deed that the adversarial process has come to an end in this action. Therefore, the Court should now exercise its authority to bring this suit to a close by rendering default judgment against defendants pursuant to Fed.R.Civ.P. 37(b)(2)(C). <u>Damiani v. Rhode Island Hospital</u>, 704 F.2d at 15 ("There is nothing in the rule [Fed.R.Civ.P. 37(b)] that states or suggests that the sanction of dismissal can be used only after all of the other sanctions have been considered or tried."), <u>HMG Property Investors v. Parque Indus. Rio Canas</u>, 847 F.2d at 1078 ("trial justice need not exhaust milder sanctions" first).

8

Plaintiffs request,

(1) An order pursuant to Fed.R.Civ.P. 37(b)(2)(C) rendering default judgment against the PA and PLO,

(2) An order pursuant to Fed.R.Civ.P. 37(b)(2)(D) holding the PA in contempt of Court for their refusal to comply with the Order of this Court of January 14, 2003, and imposing monetary sanctions for contempt in such amount as the Court finds appropriate, and

(3) An order pursuant to Fed.R.Civ.P. 37(b)(2)(E) requiring the PA to pay plaintiffs their reasonable expenses, including attorney's fees, caused by defendant's refusal to comply with the deposition notices and the Order of this Court of January 14, 2003, including the expenses arising from the instant motion.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the ___9___ day of April, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

*[signature]*

Misc/Ungar/Motions/Memo Under Rule 37(b) re depositions 4-9-03