UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                      C.A. No.: 00-105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I    THE FACTUAL CLAIMS THAT SERVE AS THE BASIS OF DEFENDANTS' MOTION CONSTITUTE AN INTENTIONAL FRAUD ON THE COURT

Defendants' Motion for Protective Order is based entirely on an unsworn letter by Nasser Al-Kidwa, who claims,

> Government offices and officials cannot work effectively or organize even on matters of extreme urgency. It has been impossible under such circumstances to locate people who could seek and find documents, who could gather information and prepare answers to interrogatories and could respond to requests for admissions . . .
>
> Only the achievement of a level of stability . . . can make it possible to free personnel to gather the materials and information needed to proceed with a defense.

(emphasis added).

In their memorandum, defendants echo these unsupported claims, stating that the "*chaotic and violent conditions*" in the Middle East are the "*overriding and basic reason for the inability of the PA to meet plaintiffs' discovery demands . . .*" Def. Memo at 1.[1]

---

[1] However, Mr. Clark admitted that he was able to travel to PA and PLO headquarters in mid-December 2002 and spoke personally with Mr. Arafat and other officials. While Mr. Clark has informed the Court that he was instructed not to file an answer to the case, he has not yet revealed whether he discussed the pending discovery obligations. (Tr. April 1, 2003 pp. 8-10)

In their Opposition to defendants' motion, plaintiffs' noted that these factual claims are facially absurd and unsupported by any evidence and should be disregarded.

However, plaintiffs have now obtained <u>clear empirical evidence</u> that defendants' claim – i.e. that circumstances make it impossible for their personnel to comply with any discovery requests or deposition notices – is a <u>knowing fraud on the Court</u>.

In actual fact, during the last few weeks, defendants' senior officials and personnel have actively participated in discovery and other fact-finding proceedings in the following legal actions:

1) In <u>Bucheit v. Palestine Liberation Organization and Palestinian Authority</u>, 00-CV-1455 pending in the U.S. District Court for the District of Columbia:

- Ghassan Abu Ramadan, an official of the PA "Ministry of the Environment" traveled from Ramallah to Washington to testify at his deposition on March 31, 2003 and testified at trial on April 2, 2003 (see attached Exhibit A).

Also, in this case in the past:

- The PA and PLO complied with discovery requests in the form of a production of documents.

- Hassan Abdel Rahman, the PA and PLO chief representative to the United States, submitted to deposition in Washington.

2) Mr. Muhanad Aljouni, the PA Assistant Minister of Finance is playing an active role in the PA's defense of a civil action pending against it in the Jerusalem District Court, <u>Haksharat Hayishuv Insurance Company Ltd. v. The Palestinian Authority</u>. Mr. Aljouni provided an affidavit in the case, and on March 12, 2003, <u>appeared</u> in the Jerusalem District Court where he <u>testified</u> and was cross-examined at length. (Exhibit B)

2

**Thus, at virtually the same time that defendants were filing pleadings and letters with this Court proclaiming the "impossibility" of discovery[2], and solemnly declaring the "inability" of their personnel and officials to conduct <u>any</u> discovery or attend <u>any</u> depositions, defendants' senior officials and personnel were in fact actively participating in litigation – submitting to a deposition in Washington, submitting sworn affidavits and appearing in hearings and trials, both in Washington and in Israel.[3]**

The fact that these officials were able to testify in these proceedings and to travel outside the West Bank to do so – even across the Atlantic or into the heart of the Israeli capital – clearly proves that the statements made by defendants in the Al-Kidwa letter and their motion are simply a brazen and cynical attempt to deceive this Court.

## II   CONCLUSION

Plaintiffs respectfully request that the Court deny the motion for protective order and sanction the defendants accordingly.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

---

[2] Depositions of PA and PLO officials were scheduled to begin on March 31, 2003. Defendants chose not to attend these depositions but did produce a government official in the <u>Bucheit</u> case on that same day.

[3] Plaintiffs necessarily had to seek and compile the examples above in a very short time. There is no reason at all to assume that this is an exhaustive list of the legal proceedings in which defendants' officials are testifying and otherwise actively participating in fact-finding.

## CERTIFICATION

  I hereby certify that on the 8th day of April, 2003 I mailed and faxed a true copy of the within to:

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903