UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, by and
through the Administrator of his
estate, David Strachman, DVIR
UNGAR, minor, by his guardians and
next friend, YISHAI UNGAR, minor,
by his guardians and next friend,
PROFESSOR MEYER UNGAR, JUDITH
UNGAR (individually and in their
capacity as legal guardians of
plaintiffs Dvir Ungar and
Yishai Ungar), RABBI URI DASBERG,
JUDITH DASBERG (in their capacity
as legal guardians of plaintiffs
Dvir Ungar and Yishai Ungar),
AMICHAI UNGAR, DAFNA UNGAR and
MICHAL COHEN,

        Plaintiffs,

   v.

THE PALESTINIAN AUTHORITY (A.K.A.
"THE PALESTINIAN INTERIM SELF-
GOVERNMENT AUTHORITY"),
THE PALESTINE LIBERATION
ORGANIZATION, HAMAS -- ISLAMIC
RESISTANCE MOVEMENT (A.K.A.
"HARAKAT AL-MUQAWAMA AL-ISLAMIYYA"),
ABDEL RAHMAN ISMAIL ABDEL RAHMAN
GHANIMAT, JAMAL ABDEL FATAH
TZABICH AL HOR, RAED FAKHRI ABU
HAMDIYA, IBRAHIM GHANIMAT and
IMAN MAHMUD HASSAN FUAD KAFISHE,

        Defendants.

C.A. No. 00-105 L

## MEMORANDUM AND ORDER
### GRANTING MOTION TO ENTER DEFAULT

Before the court is Plaintiffs' Motion to Enter Default
Against Defendants PA and PLO pursuant to Fed. R. Civ. P. 55(a)
("Motion to Enter Default"). For the reasons stated below the
court grants the Motion to Enter Default.



## Travel

Plaintiffs filed their Amended Complaint (Document #41) on
August 23, 2001, naming the Palestinian Authority ("PA"), the
Palestine Liberation Organization ("PLO"), Hamas -- Islamic
Resistance Movement ("Hamas"), and the individuals identified in
the caption above as defendants.  On September 7, 2001, the PA
and PLO filed a motion to extend the time to answer the Amended
Complaint by sixty days.  See Defendants' Motion to Extend Time
to Respond to the Amended Complaint (Document #42).  Plaintiffs
objected to the motion to extend time, see Plaintiffs' Objection
to Defendants' Motion to Extend Time to Respond to the Amended
Complaint (Document #43), but Senior Judge Ronald L. Lagueux
granted the extension on September 19, 2001, see Document #44 at
3, and set November 13, 2001, as the date by which an answer from
the PA and the PLO (the "Palestinian Defendants") was required,
see Docket entry for 9/19/01.

On November 13, 2001, the PA and PLO sought an additional
enlargement of fourteen days to respond to the Amended Complaint.
See Defendants' Motion for a Further Enlargement of Time
(Document #45).[1]  Plaintiffs objected to the motion for an
additional enlargement and moved for entry of default on November
15, 2001.  See Plaintiffs' Objection to Defendants' Motion for a
Further Enlargement of Time and Motion for Entry of Default
(Document #46).

The Palestinian Defendants then moved on November 29, 2001,
for dismissal of the Amended Complaint on grounds that it is
nonjusticiable and fails to state a claim upon which relief can
be granted and, alternatively, for certification of an

---

[1] Defendants' Motion for Further Enlargement of Time (Document
#45) was referred on December 3, 2001, to this Magistrate Judge for
determination.  A hearing on the motion was scheduled for December 19,
2001, but the motion was withdrawn on December 13, 2001.

interlocutory appeal to the Court of Appeals pursuant to 28 U.S.C. § 1292(b) and a stay pending disposition of the application for certification and/or appeal. See Defendants' Motion for Dismissal and Alternatively for Certification of an Interlocutory Appeal and a Stay (the "Motion to Dismiss") (Document #47-1). On December 6, 2001, a stipulation was filed and subsequently approved by the court, giving Plaintiffs until December 21, 2001, to respond to the Motion to Dismiss. See Stipulation (Document #47-2). Plaintiffs' objection to the Motion to Dismiss was received by the court on December 26, 2001. See Plaintiffs' Objection to Defendants' Motion for Dismissal of the Amended Complaint and Alternatively for Certification of an Interlocutory Appeal and Stay (Document #48).

On January 30, 2002, the Palestinian Defendants moved for leave to assert defenses in support of their pending Motion to Dismiss. See Defendants' Motion for Leave to Assert Defenses in Support of their Pending Motion to Dismiss the Amended Complaint or Alternatively for Certification of an Interlocutory Appeal ("Motion for Leave to Assert Defenses") (Document #59). Six days later, on February 5, 2002, Defendants renewed their motion for a stay and moved for leave to seek a protective order regarding some discovery requests which had recently been filed by Plaintiffs. See Defendants' Renewed Motion for a Stay and Motion for Leave to Seek a Protective Order ("Renewed Motion for Stay") (Document #60). Plaintiffs filed on February 20, 2002, an objection to the Renewed Motion for Stay, see Plaintiffs' Objection to Defendants' Renewed Motion for a Stay and Motion for Leave to Seek a Protective Order (Document #61), and on February 25, 2002, an objection to the Motion for Leave to Assert Defenses, see Plaintiffs' Objection to Defendants' Motion for Leave to Assert Defenses in Support of their Pending Motion to Dismiss (Document #62). On February 26, 2002, the Palestinian

3

Defendants' Motion for a Protective Order ("Motion for Protective Order") (Document #63) was filed.  Plaintiffs filed an objection to this motion on March 8, 2002.  See Plaintiffs' Objection to Defendants' Motion for a Protective Order (Document #64).

After the Palestinian Defendants failed to respond to a request for documents which had been propounded to them on January 24, 2002, failed to respond to a request for admissions, and indicated that they would not produce their employees for depositions scheduled during the period March 18, 2002, through March 26, 2002, Plaintiffs filed Plaintiffs' Motion to Compel Discovery ("Motion to Compel Discovery") (Document #65).  The Palestinian Defendants objected to the Motion to Compel Discovery, see Palestinian Defendants' Objection to Plaintiffs' Motion to Compel Discovery (Document #66), on the same grounds and reasons as set forth in the memoranda filed in support of their Renewed Motion for Stay and their Motion for Leave to Assert Defenses, see id.  On June 20, 2002, this Magistrate Judge granted the Renewed Motion for Stay and the Motion for Protective Order, staying discovery until Judge Lagueux had ruled upon the Palestinian Defendants' pending Motion to Dismiss.  See Order Staying Discovery (Document #70).

Meanwhile, Plaintiffs moved to obtain a default judgment against Hamas and the individual Hamas defendants (collectively the "Hamas Defendants").  See Plaintiffs' Motion to Enter Default Judgment against Defendants Hamas and Hamas Operatives (Document #38).[2]  On July 11, 2002, the Palestinian Defendants filed an objection to the entry of default judgment against the Hamas defendants.  See Palestinian Defendants' Objection to Entry of Default Judgment (Document #77).  However, the court overruled

---

[2] Default had been entered by rule of court against Hamas and the individual Hamas defendants listed in the caption (collectively the "Hamas Defendants") on September 7, 2000 (Document #32).

this objection at a hearing on July 12, 2002, finding that it had been untimely filed.[3] (Documents #79, #89). The court took the entry of default judgment under advisement.

In a Decision and Order dated November 4, 2002, Judge Lagueux denied Defendants' Motion to Dismiss (Document #90). On November 20, 2002, the Palestinian Defendants filed a motion for reconsideration of that decision. See Palestinian Defendants' Motion for Reconsideration (Document #91). Plaintiffs filed an objection thereto on December 12, 2002. See Plaintiffs' Objection to Defendants' Motion for Reconsideration (Document #94).

Defendants' Motion to Dismiss having been denied, this Magistrate Judge issued an order granting Plaintiffs' Motion to Compel Discovery. See Order filed January 14, 2003 (Document #99). In response, the Palestinian Defendants filed a motion for reconsideration of that Order, see Palestinian Defendants' Motion for Reconsideration (Document #100), which was subsequently

---

[3] In response to the Palestinian Defendants' Objection to Entry of Default Judgment (Document #77), Plaintiffs on July 11, 2002, filed the following motions: a motion to sever the claim against the Hamas Defendants, see Plaintiffs' Motion to Sever (Document #71); a motion for sanctions against the attorneys for the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (collectively the "Palestinian Defendants"), see Plaintiffs' Motion for Sanctions (Document #73); and a motion to strike the Palestinian Defendants' recent filing, see Plaintiffs' Motion to Strike (Document #75), referring to the Palestinian Defendants' objection to the motion for entry of default judgment against the Hamas Defendants, see Memorandum in Support of Plaintiffs' Motion to Strike (Document #76) at 2. The Palestinian Defendants subsequently filed objections to all three motions. See Palestinian Defendants' Objection to Plaintiffs' Motion to Sever (Document #84); Palestinian Defendants' Objection to Plaintiffs' Motion for Sanctions (Document #83); Palestinian Defendants' Objection to Plaintiffs' Motion to Strike (Document #85). After a hearing on December 12, 2002, Plaintiffs' Motion for Sanctions and Plaintiffs' Motion to Strike were ruled moot. See Orders dated December 12, 2002 (Documents #92, 93). The Motion to Sever was denied without prejudice. See Order dated December 13, 2002 (Document #97).

denied by this Magistrate Judge, see Order dated March 20, 2003 (Document #116).  On March 12, 2003, the Palestinian Defendants filed a motion for a protective order to bar the taking of the depositions of President Yasser Arafat and six other Palestinian leaders.  See Palestinian Defendants' Motion for Protective Order (Document #115).  Plaintiffs filed an objection to the motion for protective order on March 31, 2003.  See Plaintiffs' Objection to Palestinian Defendants' Motion for Protective Order (Document #117).

The instant Motion to Enter Default was filed on February 7, 2003.  See Motion to Enter Default (Document #105).  On February 27, 2003, the Palestinian Defendants filed their objection thereto.  See Objection of Defendants Palestinian Authority and Palestine Liberation Organization to Plaintiffs' Motion to Enter Default pursuant to Fed. R. Civ. P. 55(a) (Document #111).  The Motion to Enter Default was referred on March 10, 2003, to this Magistrate Judge for determination.  A hearing was held on April 1, 2003, and the matter was taken under advisement.

## Law

Rule 55(a) of the Fed. R. Civ. P. provides:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a).

## Discussion

Although the Palestinian Defendants assert that "their ability to litigate has been drastically compromised by the chaotic and volatile situation that has prevailed for some time in the Mid-East," Memorandum of Defendants Palestinian Authority and Palestin[e] Liberation Organization in Support of Objection to Plaintiffs' Motion to Enter Default Pursuant to Fed. R. Civ.

P. 55(a) ("Palestinian Defendants' Mem.") at 1-2, it is clear that their failure to file an answer to Plaintiffs' Amended Complaint is the result of a deliberate choice and not due to an inability to file an answer.  The Palestinian Defendants acknowledge that "[t]he drafting and filing of an answer is within defendants' limited capacities ...." Id. at 2.  Indeed, it would be almost impossible for them to contend otherwise given their extensive filings as reflected in the above stated travel. In addition, their counsel, Mr. Ramsey Clark, indicated at the hearing on April 1, 2003, that he had met with President Yasser Arafat in December of 2002 in Ramallah.  It is reasonable to assume that this lawsuit was among the matters discussed.

The Palestinian Defendants maintain that they constitute the present government of Palestine and are entitled to immunity because Palestine is a foreign state.  See Palestinian Defendants' Mem. at 3.  Alternatively, the Palestinian Defendants contend that they constitute a government in law and fact, elected by the Palestinian people and functioning on their behalf exercising powers conferred by the Olso Accords, and as a functioning arm of the state are entitled to sovereign immunity. See id.  However, their claims of immunity have been rejected by Senior Judge Ronald L. Lagueux of this court.  See Estates of Ungar v. The Palestinian Authority, 228 F. Supp.2d 40, 50 (D.R.I. 2002)(finding that the PLO and PA are not "foreign states" and are not immune from suit); Estates of Ungar v. The Palestinian Authority, 153 F. Supp.2d 76, 91 (D.R.I. 1991)(rejecting Palestinian Defendants' claim under the Foreign Missions Act that their chief representative in the U.S. is immune from service of process).  Although the Palestinian Defendants filed a motion for reconsideration of Judge Lagueux's November 4, 2002, Decision and Order and suggested that it would be appropriate for this Magistrate Judge to defer ruling upon the instant motion until

the motion for reconsideration has been decided, counsel for the Palestinian Defendants candidly admitted that, even if the motion for reconsideration were denied, they would not file an answer to the Amended Complaint but would continue with their present course of action and seek relief in the Court of Appeals.[4]

The Palestinian Defendants are free to pursue whatever strategy they deem best. However, Plaintiffs have a right to have this action proceed. The time for the Palestinian Defendants to answer this action has long since passed, and entry of default is now fully warranted. See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 75, 78 (1st Cir. 2001)(affirming district court's refusal to set aside default where defendant's president knew that amended complaint had been filed and chose for improper reasons not to defend the case); McKinnon v. Kwong Wah Rest., 83 F.3d 498, 502, 509 (1st Cir. 1996)(upholding denial of motion to lift default and file late answer where defendants were granted one enlargement of time but still failed to file timely answer); accord Inman v. Am. Home Furniture Placement, 120 F.3d 117, 118 (8th Cir. 1997)(affirming entry of default and denial of motion to set aside judgment where defendant's participation in the litigation ceased after its third motion to dismiss or strike was denied). Accordingly, the court grants the Motion to Enter Default and directs that the clerk enter default against the Palestinian Defendants.

So ordered.

---

[4] The motion for reconsideration was denied by Judge Lagueux on April 11, 2003.

ENTER:                                  BY ORDER:

David L. Martin                         Deputy Clerk
United States Magistrate Judge
April 18, 2003