UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | )<br>)<br>) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | )<br>)<br>)<br>)<br>) |

**DEFENDANTS PALESTINIAN AUTHORITY AND PALESTINE LIBERATION ORGANIZATION'S OBJECTION TO PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT AND OTHER RELIEF
WITH RESPECT TO DEPOSITIONS NOTICED BY PLAINTIFFS**

Defendants The Palestinian Authority and The PLO hereby object to Plaintiffs' Motion for Judgment by Default and for Other Relief with respect to depositions noticed by plaintiffs.

A Memorandum is filed herewith.

Dated: April 28, 2003

Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2003, I faxed and mailed a copy of the within Objection to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, )
et al )
)
v. ) C.A. No. 00-105L.
)
THE PALESTINIAN AUTHORITY, )
et al )
)
_____)

**MEMORANDUM OF DEFENDANTS PALESTINIAN ATHORITY AND PALESTINE LIBERATION ORGANIZATION IN SUPPORT OF THEIR OBJECTION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND OTHER RELIEF WITH RESPECT TO DEPOSITIONS NOTICED BY PLAINTIFFS**

Introduction

This memorandum is submitted by the defendants PA and PLO in support of their objection to plaintiffs' motion, filed on April 9, 2003, seeking default judgment and other relief "for refusal to submit to depositions."

Plaintiffs' motion should be denied.

I.   **Defendants PA And PLO Are Acting In Good Faith**

Defendants' position -- that they should not be compelled to face "burdens of litigation" before their entitlement to immunity and related issues are finally determined -- has been consistently asserted in good faith in accordance with well- established law.  They rely on the law protecting them from such premature discovery previously cited.  In re Papandreou 139 F.3d 247, 251 (D.C. Cir. 1998); Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 91 (D.C. Cir. 2002); Foremost- McKesson, Inc. v. The Islamic Republic of Iran, 905 F.2d 438, 443 (D.C. Cir. 1990); and Jungguist v. Sheikh Sultan Binkhalifa Al Nahyan, 115 F.3d

1020, 1025-27 (D.C. Cir. 1997). It should be noted that plaintiffs' discovery demands are directed solely to the PA and not the PLO.

Defendants' position is also supported by well-established law that entitles them to an interlocutory appeal as of right and they have explained that they could not appeal until an order was entered denying their motion filed on November 20, 2002 for reconsideration of the Court's decision and order entered on November 5, 2002.

Defendants position was asserted for example in Ambassador Al-Kidwa's letter dated January 27, 2003, to Magistrate Judge Martin, which was filed as part of several submissions beginning with defendants' January 27, 2003 motion for reconsideration and in defendants' objection to plaintiffs' motion for entry of default under Rule 55(a) for failure to answer the complaint. The latter pleading cited and quoted from In re Papandreou, supra, 139 F3d. at 251 in support of defendants' position. It confirmed defendants' intent to appeal and explained why the appeal could not then be taken. Defendants' commitment to this position is supported by their actions in taking an interlocutory appeal immediately after the entry on April 22, 2003 of an order denying their November 20, 2002 motion for reconsideration, and in immediately seeking a stay from the Court of Appeals. Defendants incorporate by reference herein their motion for a stay in the Court of Appeals and have attached a copy to this Memorandum for the Court's convenience.

The memorandum and order Magistrate Martin recently issued on Friday, April 18, 2003 granting plaintiffs' motion for entry of default under Rule 55(a) referred to defendants' position as having been "candidly admitted," at p. 8, but then entered default on the authority of cases that require bad faith or misconduct as an essential element of default.

The April 18, 2003 memorandum and order in a final footnote on page 8, states that the date of Judge Lagueux's ruling denying defendants' November 20, 2002 motion for reconsideration was April `11, 2003. The more significant date however is April 22, 2003, when the order was entered on the ruling and defendants were then able to appeal which they immediately did later that day.

### II. The Absence Of Any Showing Of Prejudice And The Existence Of Conditions Making Appearance Impossible and Unreasonable, And Default Unfair Preclude The Entry Of The Default Judgment Plaintiffs Are Seeking.

Plaintiffs' claim that they have been prejudiced because the depositions did not take place is asserted only briefly and without specifics. All they say is: "plaintiffs' ability to prove their case is extremely hampered," See, Sec. D of Plaintiffs' Supporting Memorandum, p. 7. Prejudice is a crucial element of entitlement to default as a sanction for lack of discovery. Plaintiffs have adequate and better means of obtaining information about this case. The absence of depositions of President Arafat and six other top Palestinian leaders does not prejudice plaintiffs. Plaintiffs are well aware that President Arafat is barred from international travel and the presence of others in Providence is not feasible under existing conditions. See the letter of Ambassador Nasser Al Kidwa, dated January 27, 2003 to Magistrate Judge Martin.

Plaintiffs have full information about the facts of this case. There was an Israeli investigation, prosecution and conviction of three of the men who carried out the attack on the Ungars on June 9, 1996. The facts about the attack were thoroughly developed in the course of these criminal proceedings. Plaintiffs have the benefit of this evidence. They also have the benefit of the results of at least one letter request under the Hague Convention. This request was made not in the present case, in which plaintiffs withdrew their request at the last minute without

- 3 -

PRV_570929_1.DOC/DSHERMAN

explanation but in the case based on the same attack on the Ungars filed against Iran in Washington, D.C. for the Ungars by the same attorney.

Iran failed to appear and an ex parte hearing as required by sec. 1608(e) of the Foreign Sovereign Immunities Act, was held on liability.

The Court ruled plaintiffs' proof to be insufficient to support a finding of liability against Iran and denied plaintiffs' motions for default judgment and to schedule a hearing on damages. The Court's decision analyzes in detail plaintiffs' evidence at the hearing, Ungar v. Iran, 211 F.Supp. 2d 91 (D.C.D 2002).

The nature and detail of the evidence which plaintiffs submitted in the proceeding in the District Court in Washington D.C. makes clear plaintiffs have a vast amount of information, probably exhaustive, about the attack and the men who perpetrated the attack and the connection and role if any of HAMAS and the PA or PLO in the attack or events related to it.  And in the unlikely event their information is in some respect incomplete, plaintiffs are in a position with the information they have to pinpoint what they are lacking and to demonstrate if they can that there is no other less intrusive means of obtaining the information, than the depositions of President Arafat and the other six prominent Palestinian leaders whose depositions they have noticed who cannot attend a deposition in the U.S. under existing circumstances and whose compulsory attendance would be unreasonable, if it were possible.

PRV_570929_1.DOC/DSHERMAN

## Conclusion

Plaintiffs' motion for the entry of default judgment should be denied.

Respectfully submitted,

Dated: April 28, 2003

_____
Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2003, I faxed and mailed a copy of the within Memorandum to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

_____

PRV_570929_1.DOC/DSHERMAN