UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) ) |

## NOTICE OF APPEAL OF DEFENDANTS PALESTINIAN AUTHORITY AND PALESTINE LIBERATION ORGANIZATION

Please take notice that the defendants Palestinian Authority and Palestine Liberation Organization appeal to the United States District Court for the District of Rhode Island from the Order Continuing Hearing On Motions for Default Judgment of Magistrate Judge David L. Martin of the United States District Court for the District of Rhode Island entered in this case on May 14, 2003 and from each numbered paragraph of said order; said order pertains to nondispositive pre-trial matters appealable under Rule 32(b)(2) of the Local Rules of this Court; upon information and belief a transcript of the proceedings thereon, a hearing conducted before Magistrate Judge Martin on May 14, 2003, has been ordered and prepared.

A Memorandum is filed herewith.

Respectfully submitted,

Dated: May 29, 2003

*Deming E. Sherman*
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)
Attorneys for Defendants
The Palestinian Authority
  and The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2003, I faxed and mailed a copy of the within Notice of Appeal to David J. Strachman, Esq., Skolnik, McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

*[signature]*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF
APPEAL OF DEFENDANTS PALESTINIAN AUTHORITY
AND PALESTINE LIBERATION ORGANIZATION**

The defendants Palestinian Authority and Palestine Liberation Organization appeal to the United States District Court for the District of Rhode Island from the Order Continuing Hearing On Motions for Default Judgment of Magistrate Judge David L. Martin of the United States District Court for the District of Rhode Island entered in this case on May 14, 2003 and from each numbered paragraph of said order; said order pertains to nondispositive pre-trial matters appealable under Rule 32(b)(2) of the Local Rules of this Court; upon information and belief a transcript of the proceedings thereon, a hearing conducted before Magistrate Judge Martin on May 14, 2003, has been ordered and prepared.  A copy of said order is attached hereto as Exhibit A.

The basis for defendants' objection to the order is as follows.

1. The order pertains to two motions by plaintiffs for the entry of default judgment and other relief, one against defendant PA for not furnishing discovery and the other against the PA and PLO for not submitting to depositions.  The motions referred to Magistrate Judge Martin for findings and recommended disposition.

2. A hearing was conducted on May 14, 2003, following the Magistrate Judge's denial of an application in open court by defendants PA and PLO for an adjournment pending the interlocutory appeal then being considered by the Court of Appeals for the First Circuit from the District Court's orders entered on April 22, 2003 and November 5, 2002.

3. The discovery here at issue are depositions of President Arafat and six other Palestinian leaders -- Razi Jabali, Jibril Rajoub, Muhammed Dahlan, Amin Al-Hindi, Tawfik Tirawi, and Marwan Barghouti, the notices are attached as Exhibit B, and requests to the Palestinian Authority for answers to interrogatories, for production of documents and admissions. These requests are attached as Exhibit C.

4. Under existing conditions that have prevailed for many months in Palestine it is impossible as a practical matter to provide this discovery as appears from among many sources, the letter dated January 27, 2003 from Ambassador Nasser Al-Kidwa to Magistrate Judge Martin which was filed in this action on that date and several times thereafter, and as defendants have repeatedly advised the Court. The letter is attached as Exhibit D.

5. In addition to the impossibility of this discovery, the order that is the subject of the appeal raises a concern of vital importance to the Palestinian Authority and the peace process. The peace process is now at a new and crucial beginning stage -- the acceptance and initial implementation by Israel and the Palestinian Authority, of the "roadmap" that is in the forefront of much current news, proposed by the United States, the European Union, Russia and the United Nations. A copy of the roadmap, as issued by the U.S. Department of State on April 30, 2003, is attached as Exhibit E. Meetings to advance the roadmap are scheduled next week at the highest level in Jordan and Egypt. President Bush is expected to participate and take a leading role.

6. This case and the discovery being sought has at its heart a subject that is crucial to the acceptance and initial implementation of the roadmap -- the relationship between the Palestinian Authority and Hamas.

7. This subject presents a pressing issue crucial to the initial implementation of the roadmap, the reduction and elimination of violence by Hamas and others on the Palestinian side.

8. According to current news accounts, Palestinian Authority Prime Minister Abbas is negotiating and is on the verge of reaching a cease-fire on the part of Hamas and others that is expected to eliminate any violence and the release of President Arafat from the PA's damaged offices where he has been a virtual prisoner for more than a year.

9. Current news accounts also report some Israeli concern that those measures are inadequate and that Hamas and others must be disarmed and rendered incapable of violence, by force. Subsidiary issues include whether the Palestinian Authority weakened by Israeli military depredations and other problems has the ability to disarm Hamas and whether any attempt to do so will lead to a level of violence amounting to a civil war.

10. A sample of current news articles reporting on these matters are attached as Exhibit F.

11. Implementation of the roadmap is a matter of life and death for the Palestinian and Israeli peoples.

12. The order of May 14, 2003 being appealed jeopardizes the ongoing peace process and can complicate and hinder actions taken toward Hamas no matter what form they take -- hopefully negotiation -- and the receptivity of Hamas and others to the peace process.

13. The order being appealed requires that all outstanding discovery requests be complied with by July 14, 2003, including the depositions previously noticed. Ex. A, para. 2. It requires that by June 16, 2003 arrangements be made for any depositions that are to be conducted in the U.S., or that motions be filed, if any, to change the place and details of the depositions stating when and where each deponent is available to be deposed prior to July 14, 2003. Outstanding discovery requests go into minute detail concerning Hamas and its members, the make-up of the Palestinian Authority's security forces and interaction between the PA and its security forces and Hamas and its members and communications with the United States government about Hamas, among many other things. The PA and PLO offices have been attached repeatedly and damaged or destroyed. Records are destroyed, scattered, inaccessible or fragmentary, and personnel who had custody or familiarity with the records are unable under present conditions to search for, locate, and reproduce records that remain. Much of this information is governmental, privileged or confidential, and sensitive. While this case is founded in tort, the disclosure of documents and testimony concerning relationships between the PA and Hamas, even if physically possible would have an impact far beyond this Court and this case on the peace process and the peoples of Israel and Palestine. The process of attempting to compile this information would in itself be disruptive and unsettling to the peace process as would be public awareness that the depositions of Palestinian officials are being compelled and that the PA is being required to answer questions and provide documents and other information about Hamas and its members, and its interactions with them at this critical stage of the peace process.

14. The position of the PA and PLO in this case has been and is that issues of their immunity from this discovery and the litigation generally must first be finally resolved before

they are required to face the burdens of litigation including discovery, (other than discovery bearing on immunity). A concern by defendants over the effect of this case and discovery upon the peace process has been constant at all times, but has never been as acute as it is today.

15. The appeal of the PA and PLO to the United States Court of Appeals for the First Circuit ended with a Judgment entered on May 27, 2003, affirming the orders appealed from. A copy is attached as Ex. G.

16. The Judgement states in part:

> This order is without prejudice to the appellants raising their sovereign immunity defense in a proper and timely manner. We take no view as to the merits of that defense.

17. The PA and PLO are studying the judgment and will pursue available avenues to obtain a final determination of their entitlement to immunity in the District Court. This may prove to be by Rule 12(b)(1) motion to dismiss, as indicated by the Court of Appeals, or for summary judgment.

18. The May 14, 2003 order being appealed however threatens the ability of defendants to present and obtain a final judgment on immunity in this Court, leaving the issue for the Court of Appeals after appeal from the final judgment of the District Court with the harm described to vital public interests. The Order should be vacated as an immediate first step.

Respectfully submitted,

Dated: May 29, 2003

_Deming E. Sherman_
Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)
Attorneys for Defendants
The Palestinian Authority
  and The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2003, I faxed and mailed a copy of the within Memorandum to David J. Strachman, Esq., Skolnik, McIntyre & Tate Esqs., Ltd., Suite 400, 321 South Main Street, Providence, RI 02903.

*[signature: Deming P. Sherman]*