# United States Court of Appeals
## For the First Circuit

No. 03-1544

EFRAT UNGAR, ET AL.,

Plaintiffs, Appellees,

v.

THE PALESTINIAN LIBERATION ORGANIZATION, ET AL.,

Defendants, Appellants.

Before

Selya, Lipez and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: May 27, 2003

    We agree with appellees that, on the present record, this appeal is devoid of merit. Accordingly, we bypass the jurisdictional question, <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Woods</u>, 210 F.3d 70, 74 & n.2 (1st Cir. 2000), grant the appellees' motion for summary disposition, and summarily affirm.

    The appellants allege an entitlement to sovereign immunity under the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. § 1604, and the counterpart provision in the Antiterrorism Act of 1991, 18 U.S.C. § 2337(2). Yet "[t]he party claiming FSIA immunity bears the initial burden of proof of establishing a prima facie case that it satisfies the FSIA's definition of a foreign state." <u>Keller</u> v. <u>Central Bank of Nigeria</u>, 277 F.3d 811, 815 (6th Cir. 2002); <u>accord</u>, <u>e.g.</u>, <u>Virtual Countries, Inc.</u> v. <u>Repub. of S. Africa</u>, 300 F.3d 230, 241 (2d Cir. 2002); <u>International Ins. Co.</u> v. <u>Caja Nacional de Ahorro y Seguro</u>, 293 F.3d 392, 397 (7th Cir.

2002). Here, the appellants have not attempted to make such an evidentiary showing.

To be sure, the appellants complain that they were deprived of an opportunity to make a proper showing by the district court. In particular, they complain that the court's handling of the immunity issue - withholding action on their motion for "leave to assert" such a defense, stating during a hearing that immunity was not then being considered, and thereafter deciding the issue - took them by surprise. This procedural objection rings hollow. The appellants had ample opportunity to file a properly supported motion under Fed. R. Civ. P. 12(b)(1) seeking dismissal on sovereign immunity grounds. They did not need leave of court to file such a motion and assert such a defense. Indeed, they did just that, through the same counsel, in unrelated litigation thirteen years ago. See Klinghoffer v. S.N.C. Achille Lauro, 739 F. Supp. 854, 856-58 (S.D.N.Y. 1990), vacated on other grounds, 937 F.2d 44 (2d Cir. 1991). That course of conduct belies their present complaint.

We need go no further. Given the bare record, the appellants cannot prevail on this appeal. Of course, they have not yet answered the complaint, and we do not discount the fact that they may still be able to file a properly supported Rule 12(b)(1) motion below. This seems especially likely given the jurisdictional implications of the issue and the appellees' characterization of the court's immunity ruling as "interlocutory." But the appellants must adhere to the rules that govern all litigants.

The motion for summary disposition is allowed and the orders appealed from are summarily affirmed. See Loc. R. 27(c). This order is without prejudice to the appellants raising their sovereign immunity defense in a proper and timely manner. We take no view as to the merits of that defense.

So ordered.

By the Court:

Richard Cushing Donovan, Clerk.

[Cert. cc: Hon. Ronald R. Lagueux and David DiMarzio, Clerk, U.S.D.C. of Rhode Island, Messrs: Clark, Schilling, Sherman and Strachman]