UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT

For the reasons presented in the accompanying Memorandum in support of this Motion, plaintiffs hereby move for an enlargement of time until July 31, 2002, to respond to the "Palestinian Defendants' Rule 12(b)(1) Motion to Dismiss the Amended Complaint," filed by defendants The Palestinian Authority and The Palestine Liberation Organization.

Plaintiffs, by their Attorneys,

David J. Strachman (RSP)
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095  (fax)



## CERTIFICATION

I hereby certify that on the 23 day of June, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                        C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT**

On May 27, 2003, the Court of Appeals for the First Circuit summarily affirmed this Court's Orders of November 4, 2002 and April 22, 2003, denying defendants' sovereign immunity claims. Efrat Ungar et al. v. The Palestinian Liberation Organization et al., No. 03-1544 (1st Cir. May 27, 2003). The Court of Appeals found that *"the appellants have not attempted to make ... an evidentiary showing"* of statehood. Id. However, the Court of Appeals noted that defendants *"may still be able to file a properly supported Rule 12 (b) (1) motion"* to dismiss on grounds of sovereign immunity, while taking *"no view as to the merits of that defense"*. Id.

Citing the aforementioned remarks of the Court of Appeals, defendants have filed a "Rule 12(b)(1) Motion to Dismiss the Amended Complaint" on grounds of sovereign immunity and nonjusticiability. The motion asserts that defendants meet the four factual criteria of statehood contained in §201 of the Restatement (Third) of the Foreign Relations Law of the United States. In support of these factual claims, defendants have submitted the affidavit testimony of a senior PLO official, along with nineteen documentary exhibits, and have requested that the Court take judicial notice of various other matters.

Plaintiffs are preparing a memorandum in opposition to defendants' motion, that will both demonstrate that the factual claims made in defendants' motion and supporting affidavit are false, and, moreover, make an affirmative showing that neither defendant meets <u>any</u> of the factual predicates of statehood. Plaintiffs' memorandum in opposition will be supported by the affidavit testimony of both expert and fact witnesses, and by relevant legal instruments and documents.

Obviously, in preparing their motion, defendants enjoyed full and instantaneous access to all the facts, details and relevant documents relating to their <u>own</u> alleged status, rights and capacities. By contrast, in order to make a thorough showing addressing and refuting all of defendants' claims, plaintiffs and their witnesses must necessarily gather and collate the relevant data and documentation regarding each of defendants' factual assertions. Unlike defendants themselves, plaintiffs do not have complete, instantaneous access to all data and documents concerning defendants.

After consulting with their witnesses, plaintiffs estimate that the time necessary to collect the information and documentation necessary to address all of defendants' specific factual claims and to prepare appropriate affidavits, will be approximately 45 days.

Defendants' motion goes to the Court's subject-matter jurisdiction. As noted, defendants have a glaring advantage over plaintiffs regarding the speed and scope of access to the relevant documents and other evidence regarding defendants' claimed status. In light of these circumstances, plaintiffs should be granted the requested enlargement of time to respond to defendants' motion.

The modest enlargement requested will not prejudice defendants, whereas denial of plaintiffs' request would prevent plaintiffs from adequately preparing their response to this dispositive motion, thereby severely prejudicing plaintiffs. Plaintiffs note that (unlike

2

defendants) they have to date expeditiously litigated this matter, and have not burdened the Court or opposing parties with repeated requests for enlargements.

Additionally, plaintiffs' counsel is abroad and court excused until the July 8, 2003.

Therefore, the Court is respectfully requested to enlarge the time for plaintiffs to respond to defendants' Rule 12(b)(1) Motion to Dismiss the Amended Complaint, until July 31, 2003.

Plaintiffs, by their Attorneys,

*David J. Strachman (RSP)*
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

### CERTIFICATION

I hereby certify that on the 23 day of June, 2003 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

3