UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) |

### PALESTINIAN DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2)

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") hereby move for an enlargement of time to respond to Plaintiffs' Motion for Judgment By Default Pursuant to Fed.R.Civ.P. 55(b)(2).

A supporting Memorandum is filed herewith.

Dated: July 11, 2003

_____
Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO



## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2003, I faxed and mailed a copy of the within Palestinian Defendants' Motion for Enlargement of Time to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

*[signature: Deming S. Sherman]*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, ) <br> et al ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, ) <br> et al ) <br> ) | C.A. No. 00-105L |

**MEMORANDUM IN SUPPORT OF PALESTINIAN DEFENDANTS' MOTION FOR CONTINUANCE OF JULY 14, 2003 HEARING AND MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2)**

This memorandum is submitted in support of the following motions of defendants PA and PLO:

1) a motion to the District Court to enlarge defendants' time to respond to plaintiffs' third motion for default judgment for failure to answer the amended complaint from the current extended date of July 11, 2003 to ten days after the disposition of defendants' pending Rule 12(b)(1) motion, and

2) a motion to Magistrate Judge Martin to continue the hearing scheduled for July 14, 2003 on plaintiffs' first two motions for default judgment until plaintiffs' three motions for default judgment can be considered together, and to schedule a hearing on the three motions ten days after the disposition of defendants' pending Rule 12(b)(1) motion or such subsequent date as the Court may direct.

## ARGUMENT

### A. INTRODUCTION

Defendants PA and PLO are seeking to give fair and efficient order to the matters that are pending in this action. There are basically two factors that create the need to reorder the

matters that are pending, plaintiffs' third motion for default judgment filed on May 30, 2003 and defendants' Rule 12(b)(1) motion filed on June 13, 2003, pursuant to the judgment rendered by the Court of Appeals on May 27, 2003, on defendants' interlocutory appeal.

B.    PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT    .

Plaintiffs have made three motions for default judgment. The first two motions have been briefed and are the subject of a hearing scheduled for Monday, July 14, 2003 before Magistrate Judge Martin. Plaintiffs' third motion for default judgment was filed on May 30, 2003. Plaintiffs made this motion a motion of much greater dimension than plaintiffs' first two default judgment motions, attaching 16 exhibits to the motion for the expressed purpose of enabling the Court to make factual determinations relating to its personal and subject matter jurisdiction rather than rely upon prima facie showings.

This Court is thoroughly conversant with these matters of burden and standard of proof. See e.g. CVS Corporation v. Taubman Centera, Inc. 225 F.Supp. 2d 120 (D.R.I. 2002) adopting the Report and Recommendation of Magistrate Judge Martin, 2001 U.S. Dist. LEXIS 24749 (2001) that the action be dismissed for lack of personal jurisdiction; see also Microfibres, Inc. v. McDevitt-Askew, 20 F.Supp.2d 316 (D.R.I. 1998).

The extra dimension plaintiffs are now raising could have been asserted on their two earlier default judgment motions. For whatever reason, plaintiffs did not do so, and are now raising for the first time substantial new factual and legal issues. Because it raises these issues and proffers factual exhibits, the third motion in effect supersedes the first two motions.

Defendants have not yet responded to this third motion and are here seeking further time to do so. The motion has not yet been referred by the District Court to Magistrate Judge Martin.

Since plaintiffs have filed this third motion, it is unfair and inefficient for the first two motions to be considered separately. The July 14, 2003 hearing should therefore be continued until all three motions can be considered at the same time. In addition, consideration of these three motions should await the determination of defendants' Rule 12(b)(1) motion.

C.   **DEFENDANTS' RULE 12(b)(1) MOTION**

On defendants' interlocutory appeal, the Court of Appeals suggested defendants could file a properly supported Rule 12(b)(1) motion. In making this suggestion, the Court of Appeals was fully aware of the proceedings the PA and PLO had faced in the District Court and that among other things the PA and PLO had been found in default for failure to provide discovery. Pursuant to a designation filed under FRAP 11(g) by defendants, the Magistrate Judge's order of May 14, 2003 was made part of the record in the Court of Appeals. Plaintiffs protested to the Court of Appeals that by designating the May 14, 2003 order as part of the appellate record, defendants were seeking to lead the Court into precipitous action. Plaintiffs emphasized and indeed excoriated defendants for the willfulness of their defaults, ignoring, as plaintiffs have always done, the near complete impossibility of defendants complying with discovery under existing conditions and the vital public interests and concerns defendants have consistently presented as the justification for their steadfast insistence that they are entitled to a final determination of subject matter jurisdiction before being forced to bear the burdens of litigation, relying on, among other case, In re Papandreou, 139 F.3d 247 (D.C. Cir. 1998).

With full knowledge of the District Court's proceedings and despite plaintiffs' insistent advocacy, the Court of Appeals observed in its judgment rendered on May 27, 2003, that since defendants had not yet filed an answer, and plaintiffs consider the District Court's Orders "interlocutory," a properly supported Rule 12(b)(1) motion to dismiss the case could be filed.

Defendants have acted on this suggestion and filed a properly supported Rule 12(b)(1) motion on June 13, 2003. Plaintiffs requested an enlargement of their time to respond to July 31, 2003, which has been granted without opposition by defendants.

With this Rule 12(b)(1) motion pending, the plaintiffs' various proceedings for default judgment should be held in abeyance and continued until after the Rule 12(b)(1) motion is decided.

D. **ENLARGEMENT OF DEFENDANTS' TIME TO RESPOND TO PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT**

Quite apart from the reasons provided by the pendency of the Rule 12(b)(1) motion, there are additional reasons why defendants should be afforded additional time to develop the facts and law in response to the issues raised by plaintiffs' third and most recent motion for default judgment.

There are serious impediments to the entry of default judgment against defendants at this time. Defendants once again urge the Court to take judicial notice of the near complete impossibility of defendants complying with discovery under existing conditions and the extremely important public interests at stake in the current ongoing fragile peace process which in themselves provide an ample basis for forbearance.

One important issue that requires development is that the PA lacks minimum contacts with the United States sufficient to satisfy the requirements of due process.

Moreover, plaintiffs incorrectly assert that by virtue of the action of the Court of Appeals, this Court's subject matter jurisdiction is "incontrovertible." See plaintiffs' Memorandum in support of their motion for default judgment for failure to answer the amended complaint, at p. 7.

The reverse is true. The Court of Appeals bypassed issues of jurisdiction and expressly left open the defense of sovereign immunity concluding its judgment with the statement: "We take no view as to the merits of that defense." The defense is thus far from being incontrovertibly resolved in plaintiffs' favor.

Plaintiffs overstate decisions in the cases they cite when they claim they establish that defendants by their default have conceded the facts alleged in the amended complaint and have established their own liability. Memo. at p. 2, above.

In addition, several allegations of the amended complaint are not well-pleaded. These need to be identified and rejected if and when default judgment is entered.

Plaintiffs attempt in their third motion for default judgment to rely on the damage hearing and other proceedings with respect to the default of the Hamas defendants. This is without merit and should be rejected.

## CONCLUSION

For the reasons stated, defendants PA and PLO respectfully request that their Motion for Continuance and Motion for Enlargement of Time be granted.

Respectfully submitted,

Dated: July 11, 2003

_____
Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2003, I faxed and mailed a copy of the within Memorandum to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

_____