UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                           C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### **PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO LOCAL RULE 12(a)(2)**

For the reasons presented in the accompanying memorandum in support of this motion, plaintiffs hereby move, pursuant to Local Rule 12(a)(2), for an Order,

(1) finding that plaintiffs' Motion For Judgment By Default Pursuant to Fed.R.Civ.P. 55(b)(2) ("plaintiffs' Motion") is unopposed, deeming plaintiffs' motion granted, and entering judgment by default as requested in plaintiffs' motion; or, alternatively,

(2) instructing defendants PA and PLO to respond to plaintiffs' motion within three (3) days, and assessing reasonable expenses, including attorneys' fees, against defendants PA and PLO, for their failure to respond timely to plaintiffs' motion which failure necessitated the instant motion.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)



## CERTIFICATION

I hereby certify that on the 16th day of July, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

T:\MISCELLANEOUS\Ungar\motions\Motion for Relief Pursuant to Local Rule 12 7-16-03.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO LOCAL RULE 12(a)(2)

Defendants PA and PLO ("defendants") have intentionally defaulted this action, and their default was entered on April 18, 2003.

On May 30, 2003, plaintiffs filed a Motion for Judgment by Default Pursuant to Fed.R.Civ.P. 55(b)(2) ("plaintiffs' Motion")

On June 13, 2003, defendants moved for an additional 10 days time to respond to plaintiffs' Motion. This motion was granted as unopposed. Yet defendants did not comply with their own deadline.

Instead, after the expiration of their own deadline, on June 27, 2003, defendants moved for a second enlargement of time to respond to plaintiffs' Motion, until July 11, 2003. This motion too was granted as unopposed. Once again however, defendants failed to comply with this, their second expanded deadline.

Instead, on July 11, 2003 (the last day of the second extended response period), defendants filed a third such motion, this time seeking to delay their response to plaintiffs' Motion indefinitely.

Plaintiffs oppose defendants' motion of July 11, 2003, and have filed, along with the instant motion, a memorandum in opposition.

Defendants' repeated motions to delay their response to plaintiffs' motion are dilatory,

bad-faith tactics aimed solely at postponing the final disposition of this action.

Defendants have allowed the second enlarged deadline to pass without responding. Defendants have twice requested and received the Court's indulgence for enlargements of time, and now blithely assume that they may ignore the Court's deadlines at will. This conduct should not be tolerated.

Local Rule 12(a)(2) provides that,

> If no response to a motion is served and filed, the court may make such orders as are just, including an order that the motion is unopposed and in the discretion of the court is deemed granted, or an order assessing reasonable expenses, including attorneys' fees, against the party against whom the motion is made, or his attorney, or both.

Defendants have had over 45 days to respond to plaintiffs' Motion, but have failed to do so. Defendants' second enlarged deadline has come and gone. Plaintiffs' Motion is therefore unopposed and should be granted in full. The Court is therefore respectfully requested to enter judgment by default as sought in plaintiffs' Motion.

In the alternative, the Court is respectfully requested to instruct defendants to respond to plaintiffs' Motion within three (3) days, and to assess reasonable expenses, including attorneys' fees, against defendants for their failure to respond timely to plaintiffs' Motion, which failure necessitated the instant motion.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

2

## CERTIFICATION

      I hereby certify that on the 16th day of July, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

T:\MISCELLANEOUS\Ungar\motions\Memo in Support of Mot for Relief Pursuant to Local Rule 12 7-16-03.doc