UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, )
et al )
  )
          v.              ) C.A. No. 00-105L
  )
THE PALESTINIAN AUTHORITY, )
et al )
  )
  )

## PALESTINIAN DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2)

Defendants The Palestinian Authority and The PLO hereby object to Plaintiffs' Motion for Judgment by Default Pursuant to Fed.R.Civ.P. 55(b)(2).

A Memorandum is filed herewith.

Dated: August 20, 2003

_____
Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO



- 2 -

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of August, 2003, a copy of the within Objection was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

*/s/ Deming E. Sherman*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR,　)
et al                        )
                             )
              v.             )     C.A. No. 00-105L
                             )
THE PALESTINIAN AUTHORITY,   )
et al                        )
                             )
_____)

**MEMORANDUM IN SUPPORT OF
PALESTINIAN DEFENDANTS' OBJECTION TO
PLAINTIFFS' MOTION FOR JUDGMENT BY
<u>DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2)</u>**

**Preliminary Statement**

Defendants PA and PLO submit this memorandum in support of their objection to plaintiffs' motion for the entry of default judgment against them based on their failure to answer the amended complaint. Default for their failure to answer was previously entered in accordance with this Court's decision and order of April 18, 2003, reported at 215 F.R.D. 36 (D.R.I. 2003).

Plaintiffs are resubmitting on this motion some of the same proof they previously submitted in opposition to defendants' Rule 12(b) motion to meet their burden of showing by a preponderance of evidence sufficiency of service of process and personal jurisdiction. On the Rule 12(b) motion plaintiffs' proof was viewed in the light most favorable to plaintiffs, and was held sufficient <u>prima facie</u> to defeat the Rule 12(b) motion. This memorandum will show that the present motion should be denied as a matter of law and/or in the Court's discretion because plaintiffs have failed to satisfy their burden of proof by a preponderance of the evidence.

- 2 -

## ARGUMENT

Defendants reiterate and incorporate by reference the grounds they advanced in support of their objection to the entry of default for their failure to answer, to which they have steadfastly and openly and in good faith adhered throughout this litigation – that they should not be required to answer or otherwise bear the "burdens of litigation," see In re Papandreou, 139 F.3d 247 (D.C. 1998) until there is a final determination of their claims to immunity and related issues, that discovery and this action generally pose a drastic, unacceptable threat to the Israeli-Palestinian peace process and that as a practical matter discovery is not possible because their ability to participate in discovery and litigate generally has been drastically compromised by the disruption in government operations, the destruction of government offices and property and records and by the violence and the chaotic and volatile situation that has prevailed for many months in the Mid-East.

I. **The showing which plaintiffs are offering on their motion for default judgment to establish good service of process on the PA and PLO and personal jurisdiction over them by a preponderance of the evidence is insufficient to meet plaintiffs' burden.**

Plaintiffs recognize that before this Court can enter default judgment against defendants PA and PLO, it must determine whether it has personal jurisdiction over them, citing System Pipe v. Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001) and other cases, see Plaintiffs' Memorandum in Support of Their Motion for Judgment by Default (May 30, 2003) at p. 3, and that it must reach this determination by a preponderance of the evidence, and not the prima facie standard which was applied in plaintiffs' favor on defendants' Rule 12(b) motion, citing Credit Lynnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 153-4, (2d Cir. 1999); Id. at p. 4. The standard of prima facie proof which operated in plaintiffs' favor in the District Court's

consideration of the Rule 12(b) motion, see Ungar v. PA, 153 F.Supp.2d 76, 88-91 (D.R.I. 2001), does not apply.

The proof which plaintiffs say they are resubmitting on their present motion for default judgment includes an affidavit by plaintiffs' attorney (Ex.A) which adds little if any probative value to the exhibits, and includes the full opinion in a case they previously only cited, see Ex.H. A list posted on a website, previously Ex. J to plaintiffs' memorandum in opposition to the Rule 12(b) motion, is omitted by plaintiffs and is attached hereto as Exhibit 1.

### A.    The declarations of Marwan Jilani and Hasen Abdel Rahman are competent and persuasive evidence.

Plaintiffs offer as two of the exhibits on this motion the declarations executed on June 14, 2000, by Marwan Jilani (Ex.L) and Hasan Abdel Rahman (Ex.M) that were originally submitted by defendants in support of their Rule 12(b) motion. The declarations meet the requirements of 28 U.S.C. §1746 and have the same force and effect as if they were sworn to before a notary public. Plaintiffs have mistakenly disparaged them as unsworn and have called for their rejection ("the declarations ... provided by Mr. Jilani and Mr. Rahman are not sworn statements before a notary and thus must be disregarded in this proceeding)." Plaintiffs' Memorandum in Support of their Objection to Defendants Motion to Dismiss the Complaint (September 13, 2000) at p. 12.

In his declaration, Marwan Jilani identifies himself as the Deputy Permanent Observer of the Permanent Observer Mission of Palestine to the United Nations, employed exclusively by the Mission, and states that the Mission "is not an office of, or an agent for, either the Palestinian Authority or the PLO." In his declaration Hasen Abdel Rahman identifies himself as the chief Representative of the PLO in its office, a foreign mission, in Washington, D.C. The declaration

states that the PLO has no other office in the United States, that the PA has no representative in the United States and "has no presence, or representative in the PLO Mission in Washington, D.C." id. para. 3. This is an effective assertion made under penalties of perjury, that Mr. Abdel Rahman is not an agent or representative of the PA.

Plaintiffs offer no exhibits purporting to contradict Marwan Jilani's assertion he is not a representative of either the PA or the PLO, although they do contend he is an agent of the PLO on the theory the Mission is an agency of the PLO. They offer several exhibits that purport to contradict Hasan Abdel Rahman's declaration, but which fail to do so. A New York Times article (Ex.C) states that Mr. Abdel Rahman is the Washington representative of "the Palestinian National Authority since 1994" but does not quote him as saying so. The transcript "of an online live chat" with Mr. Abdel Rahman (Ex.D) similarly introduces him as the Chief Representative of the Palestinian National Authority in the United States" but does not quote him as saying so. Both of these exhibits have little or no probative value, and are insufficient to overcome Mr. Abdel Rahman's declaration. They are double hearsay and inadmissible even if they are deemed to contain admissions, which they do not. The declaration of plaintiffs' attorney that the Exhibits are true and accurate copies adds nothing to their probative value.

Mr. Abdel Rahman's one page "biography," Ex. C to the Exhibits on plaintiffs' motion, which has him as Chief Representative of the P.N.A. in the United States is entitled to little if any weight. It is undated, the author is not identified, it has no letterhead or other similar identifying information and does not appear to be an official, authoritative statement. Mr. Strachman's affidavit says it was "prepared by Mr. Rahman," without saying how he knows this. Assuming that the document came from Mr. Abdel Rahman's office, as the affidavit asserts, it is

weak refutation at best of the denial in his declaration made under penalty of perjury on June 14, 2000.

B.  **Systematic and continuous contacts by the PLO and PA in the United States have not been established by a preponderance of the evidence.**

    1.  **The level of the non-UN activity of the Permanent Observer Mission has not been established by a preponderance of the evidence.**

Plaintiffs rely heavily on Klinghoffer v. S.N.C. Achille Lauro, 795 F.Supp. 112 (S.D.N.Y. 1992) and in doing so assume throughout that the level of Palestinian activities in the United States at issue in this case is the same as and is essentially a continuation of the activities that were considered in Klinghoffer.

However, plaintiffs present little or no evidence of how the current level of non-UN activity of the Permanent Observer Mission compares with the level of activity of the PLO Mission considered in Klinghoffer either before or after the Anti-Terrorism Statute became effective in 1988. See Klinghoffer, 795 F.Supp. at 114, citing the opinion of the Court of Appeals which remanded the case for consideration of the statute's effect, 937 F.2d at 52. Marwan Jilani's declaration provides no basis for comparison. It states merely that he speaks occasionally outside the U.N. on U.N. subjects and that it is a purpose of the Permanent Observer of Palestine to present Palestinian viewpoints to the interested public, and that this is a duty and practice of all Ambassadors and other representatives at the United Nations.

Plaintiffs overlook the drastic restrictions the Anti-Terrorism statute placed on PLO activities in the U.S. in 1988 that were at issue in Klinghoffer and in effect continue to claim the benefit of a presumption of continuity that Klinghoffer rejected, 795 F.Supp. at 115, as for example in arguing: "The PLO Mission continues to engage in the same propagandizing activities which gave rise to personal jurisdiction in Klinghoffer." Id. at 13.

In <u>Klinghoffe</u>, in actions against the PLO commenced after its effective date, the statute was found to deprive plaintiffs of the "benefit of a presumption of continuity" of PLO activities bearing on personal jurisdiction, see <u>Klinghoffer</u>, 795 F.Supp. at 115, warranting dismissal of the actions for lack of personal jurisdiction. <u>id</u>, 795 F.Supp. at 116.

2.  **Palestine's Permanent Observer Mission is not an Agency of the PA.**

The effects of the Oslo Accords on the PA's status in the United States was not fully raised or considered by the District Court. The District Court in its decision initially found the Observer Mission to be an agency of the PLO, citing the UN Resolution which provided for use of the designation "Palestine" instead of the designation "PLO," <u>Ungar</u> v. <u>PA</u>, 153 F.Supp.2d at 90.

There is now considerable evidence in the record that was not in the record at the time the Rule 12(b) motion was decided as to the status and nature of the PA and particularly the prohibition against its engaging in the conduct of foreign relations.

Under the Oslo Accords the PA is prohibited from engaging in foreign relations. It is this aspect of the Accords that is referred to in paragraph 3 of Mr. Abdel Rahman's declaration as the reason for the PA's lack of a representative or an office in the United States. This restriction does not undercut defendants' claim of statehood. However, it is a decisive factor that compels the finding that Palestine's Permanent Mission to the United Nations is not an agency of the PA and which generally negates the possibility of systematic and continuous contacts by the PA within the United States. The declaration of Ed Morgan, which identifies him among other things as a law professor at the University of Toronto submitted by plaintiffs as an exhibit in support of its objection to the Rule 12(b)(1) motion filed by defendants on June 13, 2003, states that the PA was created and is governed by the Oslo Accords, principally the Declaration of

Principles on Interim Self-Governing Arrangements (DOP), signed in September 1993 and the Israeli-Palestinian Interim Agreement on the West Bank and the Gaza Strip (IA) that was signed in September 1995. The declaration, which is attached hereto as Exhibit 2, states the PA was established to serve as a self- governing authority in areas of the West Bank and the Gaza Strip pending further negotiations, see e.g. id. at 3-4, and that the PA is forbidden to engage in foreign relations by several provisions of the DOP and IA. See e.g. id at p. 9. According to Prof. Morgan, any attempt by the PA to engage in foreign relations would be ultra vires. Id. n. 19 at 10.

Prof. Morgan appears to assume that the Oslo Accords have continued in force from 1993 to date unaffected by delay and other impediments and adverse events. Whether or not an assumption along these lines is correct, the prohibition against the conduct of foreign relations by the PA surely warrants the finding in the absence of compelling evidence to the contrary, and there is none, that the Observer Mission is not an agency of the PA. Nor given its origins and existence as a governing authority can the PA be validly treated as an unincorporated association as the District Court's decision does, 153 F.Supp.2d at 89.

In addition to negating the Mission as an agent or agency of the PA, the rule against the PA's conduct of foreign relations also militates against any presumption that it engages in such activities in the United States.

On the present motion, plaintiffs have omitted an exhibit which the District Court deemed significant on the issue whether the Mission was an agency of the PA. In objecting to the motion, plaintiffs claimed that a PNA website listed the Palestine Permanent Observer Mission as an agency of the PA and attached Ex. J as proof. The list has the title: "EMBASSIES, MISSIONS, GENERAL AND SPECIAL DELEGATIONS OF PALESTINE ABROAD." It lists

for the United States the PLO Mission in Washington, D.C. and lists The Permanent Observer Mission at the U.N. under the heading <u>Missions to International and Regional Organizations</u>. The list does not purport to show a PA agency in the United States. It is a list of Embassies, etc. of Palestine. The posting of the list on a PNA web site, if such is the fact, does not make the organizations on the list agencies of the PA. Yet the District Court misinterpreted the list in this way, and mistakenly based a crucial finding upon it stating, 153 F.Supp.2d at 90,

> Significantly, the PA also identifies the Observer Mission as its official representative to the UN. <u>Id</u>., Ex. J.

## Conclusion

Plaintiffs' motion for default judgment should be denied. Plaintiffs have failed to satisfy their burden of establishing good service and personal jurisdiction over the PA and PLO by a preponderance of the evidence.

Respectfully submitted,

Dated: August 20, 2003

_____
Deming E. Sherman (#1138)
Annemarie M. Carney (#6380)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of August, 2003, a copy of the within Memorandum was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

_____