UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY

For the reasons presented in the accompanying Memorandum in support of this Motion, plaintiffs hereby move for leave to file the attached Surreply in Further Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss the Amended Complaint.

Plaintiffs, by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 14th day of October, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
(via fax 212-979-1583)



Deming E. Sherman
Annemarie M. Carney
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(via fax 401-276-6611)

*Donna R Collins* (signature)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                                          C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY**

Plaintiffs respectfully request leave to file the attached Surreply in Further Opposition to Defendants' Rule 12(b)(1) Motion to Dismiss the Amended Complaint, on the following grounds:

**I.    BACKGROUND AND TRAVEL**

Plaintiffs' filed their Memorandum in Opposition to the instant motion on August 8, 2003. Defendants then moved for an enlargement of time to file their Reply to plaintiffs' Opposition. Defendants' motion for an enlargement was granted as unopposed.

On September 16, 2003, defendants served plaintiffs with their Reply.

Defendant's Reply consists entirely of a lengthy 1997 law review article by Prof. John Quigley asserting that the PLO is a "state," which article defendants incorporate into, and submit as, their Reply. Def. Reply at 1.

Defendants' Reply – i.e. the Quigley article published in 1997 – obviously cannot and does not reply to or address the specific arguments raised in plaintiffs' Opposition Memorandum.

Moreover, the Quigley article, which runs to over 15,000 words, contains a plethora of new legal arguments and factual claims not previously raised by defendants in their motion papers, all of which defendants incorporate into and present as their Reply.

II. **A SURREPLY SHOULD BE PERMITTED TO ENABLE PLAINTIFFS A FAIR OPPORTUNITY TO RESPOND TO THE NEW CLAIMS AND TO PROVIDE THE COURT WITH A COMPLETE RECORD**

It is well-established that a movant's claims must all be raised in the memorandum submitted in support of the motion.  See e.g. In re: One Bancorp Securities Litigation, 134 F.R.D. 4, 10 n. 5 (D.Me.1991) ("Plaintiffs advanced for the first time in their reply memorandum the argument that the Maine confidentiality statute does not apply to this question.  The Court does not address that argument, as it should have been raised in Plaintiffs' first memorandum in support of the motion.")

When a movant disregards this rule and raises new claims for the first time in a reply brief, the opposing party is entitled to file a Surreply addressing the new claims,

> Plaintiffs filed a Motion for Leave to File a Surreply to Defendant's Motion to Dismiss. Plaintiffs claim that Defendant's Reply contains new allegations . . . Because Defendant did not raise [these new allegations] in its original motion to dismiss, Plaintiffs are entitled to file a surreply in order to respond to Defendant's claims".

North Carolina Shellfish Growers v. Holly Ridge Associates, 200 F.Supp.2d 551, 554 (E.D.N.C. 2001) (emphasis added).

Similarly,

> Defendants assert that, because Plaintiff raised a novel argument in its reply brief for the above discussed motions, the Court should allow Defendants to file their proposed surreply in order to respond to Plaintiff's new argument ... the Court will grant Defendants' Motion for Leave to File Surreply in order to allow Defendants an adequate opportunity to respond to the new allegations.

Eaton Corporation v. Rockwell International, 2000 U.S. Dist. Lexis 21210 (D.Del. 2000) at 4 (docket citations omitted).

As noted, the 15,000-word law review article adopted as a Reply by defendants contains numerous new legal and factual claims, which were not presented in their motion or the

2

memorandum and exhibits filed in support thereof.

Rather than move the Court to strike or disregard these new arguments (as is their right, see In re: One Bancorp Securities Litigation), plaintiffs seek instead a full and fair opportunity to address and challenge these new claims.[1]

Accordingly, plaintiffs have prepared a Surreply, supported by a supplemental expert affidavit containing a detailed, point-by-point critique and refutation of the new arguments contained in the Quigley article. A copy of the Surreply is attached hereto.

In addition to providing plaintiffs with the fair opportunity to respond to which they are entitled, permitting plaintiffs to file a Surreply will create a full and balanced record, and thereby assist the Court to formulate its decision on the instant motion.

The Court is therefore respectfully requested to grant plaintiffs leave to file the attached Surreply and supporting affidavit.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

---

[1] Since the arguments raised for the first time in the Quigley article are spurious, plaintiffs prefer to address and refute them. Striking these claims would needlessly hand defendants a new plaint with which to frivolously burden the court of appeal.

3

## CERTIFICATION

I hereby certify that on the 14th day of October, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
(via fax 212-979-1583)

Deming E. Sherman
Annemarie M. Carney
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(via fax 401-276-6611)

*/s/ Donna A. Collins*