UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS'
RULE 12(b)(1) MOTION TO DISMISS THE AMENDED COMPLAINT**

**I.  INTRODUCTION**

On June 13, 2003, plaintiffs' filed their Memorandum in Opposition to the instant motion, supported by the expert affidavit of Professor Ed Morgan and numerous exhibits.

On September 16, 2003, defendants served their Reply Memorandum on plaintiffs.

Defendants' "Reply" brief does not actually reply to or address the specific arguments presented in plaintiffs' Opposition Memorandum and Prof. Morgan's affidavit. Rather, the Reply consists entirely of a law review article published in 1997 by Prof. John Quigley, which article defendants *"submit as their reply."* Def. Reply at 1. The Quigley article argues that the PLO should be considered a state.

Professor Morgan has prepared a supplemental expert opinion, containing a detailed, point-by-point critique and refutation of the arguments raised in the Quigley article. Prof. Morgan's opinion (captioned "Supplemental Declaration of Ed Morgan") is submitted in support of this Surreply. Exhibit "A."



Since Prof. Morgan's Supplemental Declaration methodically addresses, in detail and in depth, the claims made in the Quigley article, plaintiffs primarily rest their Surreply thereon.

In addition, plaintiffs briefly present several additional points below.

### II. QUIGLEY'S ARTICLE ADDRESSES THE PLO ONLY

The thesis of Quigley's article is that the Oslo Accords are "treaties" under international law. In support of this thesis, Quigley argues that the PLO is a non-state entity capable of making treaties, or, alternatively, that the PLO should be considered a "state" and as such is capable of making "treaties." Thus, Quigley argues <u>only</u> that the PLO is a state. He makes no such claim regarding the PA.

### III. QUIGLEY'S ARGUMENT IS BASED ON A DEVIATION FROM §201 OF THE RESTATEMENT AND THE PROVISIONS OF THE OSLO ACCORDS

As discussed by Prof. Morgan in detail, Quigley's argument that the PLO is a "state" is <u>not</u> based on the accepted criteria of statehood set out in §201 of the Restatement of Foreign Relations Law, but rather on legal constructs and theories that <u>deviate</u> from these criteria. Moreover, Quigley's argument contradicts, and frankly seeks to hold invalid, provisions of the Oslo Accords.

Specifically, Quigley's argument rests on the claims that:

a) A "relaxed standard" of effective government control, less stringent than that required by §201, should be applied to the PLO;

b) The PLO should be deemed to have nominal "sovereignty" over the West Bank and Gaza, despite its lack of actual effective governmental control;

c) The PLO should be considered as having delegated the conduct of its foreign relations to Israel, thus exempting it from compliance with the "foreign relations

capacity" criterion of statehood;

d) Provisions of the Oslo Accords expressly limiting the "foreign relations" activities of the PLO can and should be ignored.

Prof. Morgan has addressed and thoroughly refuted each of these assertions, and his analysis provides the Court with more than ample grounds to reject these claims on their own terms.

However, it is well-established that the federal courts determine claims to statehood solely on the basis of §201.[1] Therefore, the arguments presented by Quigley for PLO statehood on the basis of legal constructs and theories that <u>do not</u> conform with the criteria set out in §201 of the Restatement can and should be <u>summarily</u> rejected by the Court.[2]

Likewise, Quigley's demand to hold invalid provisions of the Oslo Accords that would otherwise doom his statehood construct, should not even be entertained by the Court.

---

[1] See <u>Klinghoffer v. Palestine Liberation Organization</u>, 937 F.2d 44, 47 (2nd Cir. 1991) ("this Court has limited the definition of 'state' to entities that have a defined territory and a permanent population, that are under the control of their own government, and that engage in, or have the capacity to engage in, formal relations with other such entities")(internal brackets, quotes and ellipses omitted) (citing <u>National Petrochemical Co. v. M/T Stolt Sheaf</u>, 860 F.2d 551, 553 (2nd Cir. 1988) (quoting Restatement (Third) of the Foreign Relations Law of the United States § 201 (1987)), cert. denied, 489 U.S. 1081, 109 S. Ct. 1535, 103 L. Ed. 2d 840 (1989)). <u>See also</u> <u>Morgan Guar. Trust Co. v. Republic of Palau</u>, 924 F.2d 1237, 1243, 1245, 1246 (2nd Cir. 1991); <u>Matimak Trading Co. v. Khalily</u>, 118 F.3d 76, 80 (2nd Cir. 1997) cert. denied 522 U.S. 1091, 118 S.Ct. 883, 139 L.Ed.2d 871 (1998); <u>U.S. v. Jordan</u>, 223 F.3d 676, 693 (7th Cir. 2000); <u>First American Corp. v. Al-Nahyan</u>, 948 F.Supp. 1107, 1121 (D.D.C. 1996); <u>Beanal v. Freeport-McMoRan, Inc.</u>, 969 F.Supp. 362, 374 (E.D.La. 1997).

[2] Indeed, defendants themselves frankly admit that Quigley's "nominal sovereignty" construct is <u>not</u> based upon the criteria set out in the Restatement: Defendants state that Quigley argues for statehood "*on at least two bases,*" and identify the first of Quigley's "bases" as "*the criteria of the ALI Restatement*" and the second such "basis" (which defendants <u>explicitly distinguish</u> from the ALI Restatement basis) as Quigley's novel argument for "*statehood arising from sovereignty under belligerent occupation.*" <u>Id.</u> at 1.

In fact, as Prof. Morgan demonstrates, <u>all</u> of Quigley's arguments demand a deviation from the criteria contained in the Restatement.

IV.  **AN OVERWHELMING SCHOLARLY CONSENSUS AGREES THAT NEITHER THE PLO NOR THE PA IS A STATE**

As discussed above and in full detail by Prof. Morgan, Quigley has reached his conclusion that the PLO is a "state" only by deviating radically from the accepted criteria of statehood and ignoring the provisions of the Oslo Accords.[3]

By contrast, those scholars of international law who (unlike Quigley) have examined the status of the PLO and PA in light of the criteria set out in the Restatement and the provisions of the Oslo Accords, have reached the unequivocal conclusion that neither the PLO nor the PA is a state.

Thus, Professor Geoffrey Watson of Catholic University School of Law, whose book, The Oslo Accords: International Law and the Israeli-Palestinian Peace Agreement, Oxford University Press (2000), is the most comprehensive legal study of the Oslo Accords published to date, concluded after a lengthy analysis of the PLO and PA in light of the Restatement criteria that, *"neither the PLO nor the PA has yet acquired statehood."*[4]

---

[3] Quigley's professional writings on the West Bank and Gaza have frequently been criticized by legal scholars as dogmatic and not accurately reflecting law and facts. See e.g. Perry Dane, "Commentary: Pluralities Of Justice, Modalities Of Peace: The Role Of Law(s) In a Palestinian-Israeli Accommodation," Case W. Res. J. Int'l L. 273, 274 (Special Supplement 2000). (*"Quigley's absolutist and intense positions on borders, settlements, displaced persons, and Jerusalem are, at the least, debatable as a matter of international law."*); John C. Campbell, "Book Review: John Quigley, Palestine and Israel: A Challenge To Justice, Duke University Press," Foreign Affairs (Winter 1990) at 204 (Quigley's *"whole book is so one-sided as to make it a contribution to continuing rancorous debate"*); Allan Gerson, "Book Review: John Quigley, Palestine and Israel: A Challenge To Justice, Duke University Press" 87 A.J.I.L. 192, (*"This book would be interesting as a brief for the Palestine Liberation Organization (PLO), had events in Middle East diplomacy not already dated it. The author, Professor John Quigley, who has consistently championed the PLO, professes as his aim merely to "concentrate on the conflicting claims to the territory of historic Palestine" (p. xi). In fact, only one claim is expanded upon -- that of the PLO."*); Louis Rene Beres "Response to John Quigley," 12 Am. U.J. Int'l L. & Pol'y 509, 510 (1997) (*"Professor Quigley's account of the 1948-49 Arab-Israeli war is altogether unique. Even militant Arab leaders or anti-Zionist historians would not likely accept his view that this was a war of Jewish aggression.*).

[4] Id. at 68. Further details of Professor Watson's analysis are set out in plaintiffs' Opposition Memorandum.

4

Likewise, the former legal advisor to the PLO,[5] attorney Omar M. Dajani, published a thorough academic study of the legal status of the PLO and PA. Applying the criteria for statehood set out in the Restatement, Dajani unequivocally found, <u>inter alia</u>, that *"neither the establishment of the 'State of Palestine' in 1988 or the PA in 1994 has altered the PLO's international role and status,"*[6] that *"the creation of the PA has not . . . altered the international status of the PLO or, more broadly, of Palestine,"*[7] and that *"the interim character and extraordinarily limited powers of the PA make it impossible to characterize that body as the 'effective government' of"* the West Bank and Gaza.[8]

Similarly, Professor Adrien Katherine Wing of the University of Iowa, who has lengthy expertise in the region and served as a legal consultant to the PA,[9] has repeatedly published her opinion that, *"Palestine is not a state and may not become a state,"*[10] that *"no independent nation called Palestine currently exists"*[11] and that the PA *"is still not a country, but rather an autonomous entity . . ."*[12]

---

[5] Mr. Dajani served as legal adviser to the PLO during the 1999-2000 peace talks. See Omar Dajani, "On a Better Road This Time in the Mideast?" Washington Post, May 4, 2003, p. B01.

[6] Omar M. Dajani, "Stalled Between Seasons: The International Legal Status of Palestine During the Interim Period," 26 Denv. J. Int'l L. & Pol'y 27, 57 (1997). Further details of Mr. Dajani's analysis are set out in plaintiffs' Opposition Memorandum.

[7] <u>Id</u>. at 91.

[8] <u>Id</u>. at 86.

[9] Professor Wing served as a consultant to the PA on legislative issues, <u>see</u> "Remarks by Adrien K. Wing," 93 ASIL Proc. 214, 241 (2000) and Adrien Katherine Wing "The Palestinian Basic Law: Embryonic Constitutionalism," 31 Case W. Res. J. Int'l L. 383, 385 (1999).

[10] Adrien Katherine Wing "The Palestinian Basic Law: Embryonic Constitutionalism," 31 Case W. Res. J. Int'l L. 383, 411 (1999).

[11] Adrien Katherine Wing, "Reno v. American-Arab Anti-Discrimination Committee: A Critical Race Perspective," 31 Colum. Human Rights L. Rev. 561, 574 (2000).

[12] "Remarks by Adrien K. Wing," 93 ASIL Proc. 214, 242 (2000).

Professor George Bisharat of Hastings College of Law, who also acquired expertise as a legal consultant to the PA,[13] is equally absolute: *"Clearly, neither Oslo I [the DOP] nor Oslo II [the Interim Agreement] awarded sovereignty over the West Bank and Gaza Strip to the Palestinians."*[14] Likewise: *"the P.A. is not a state, it is ineligible to become a party to international agreements . . ."*[15]

Thus Quigley's opinion, based on the manifold factual, legal and analytical errors detailed by Prof. Morgan, is resoundingly rejected by the consensus of scholars of public international law.

## V.   CONCLUSION

For the reasons stated above and in plaintiffs' Memorandum in Opposition, and in the exhibits thereto, the Court is respectfully requested to deny defendants' motion simultaneously with the entry of final judgment in this action.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

---

[13] Professor Bisharat was a legislative consultant for the PA in the late 1990's. See George E. Bisharat, "Peace and the Political Imperative of Legal Reform In Palestine," 31 Case W. Res. J. Int'l L. 253, 255 (1999).

[14] Id. at 260.

[15] Id. at footnote 33.

## CERTIFICATION

I hereby certify that on the 14th day of October, 2003 I faxed and mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
(via fax 212-979-1583)

Deming E. Sherman
Annemarie M. Carney
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(via fax 401-276-6611)

