UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                          C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST HAMAS PURSUANT TO FED. R. CIV. P. 54(b)**

This matter was heard on October 1, 2003 by the Court. During the hearing, the Court questioned whether generally prejudgment interest is permissible on an award of punitive damages and more particularly whether prejudgment interest may be awarded on the "trebled" damages portion of Magistrate Judge Martin's proposed judgment.

**PREJUDGMENT INTEREST ON PUNITIVE DAMAGES**

In response to the Court's inquiry, counsel researched this matter and learned that the overwhelming majority of authority indicates that prejudgment interest is not granted with respect to punitive damages awards. For instance, an annotation that collects relevant cases indicates that virtually all decisions in which prejudgment interest on punitive damages has been awarded involved specific state statutes which permit such prejudgment interest awards. Right to Prejudgment Interest on Punitive or Multiple Damages Awards, 9 A.L.R. 5th 63.



A leading treatise on the subject of damages states that "prejudgment interest on the award of punitive damages is generally not available . . . although this rule is almost universal, there are a few exceptions." Napp, Commercial Damages §8.08[1]. See also Schlueter and Redden, Punitive Damages §6.7(B), Ondine Shipping Corp. v. Cataldo, 24 F.3d 353 (1st Cir. 1994)(construing Rhode Island statute), United States v. Ruel, 959 F.2d 1572, 1578 (Fed. Cir. 1992).

An exception to this rule is for punitive fines and penalties owed to the government. Chemical Waste Management v. U.S. E.P.A., 649 F.Supp. 347 (D.D.C. 1996), Board of Governors of Federal Reserve System v. Pharaon, 169 F.3d 1109 (2nd Cir. 1999). Another exception is when the applicable statutes indicate that prejudgment interest may be awarded on all damages awards. In re IBP Confidential Documents Litigation, 755 F.2d 1300, 1319 (8th Cir. 1985).

**PREJUDGMENT INTEREST ON TREBLE DAMAGES**

The First Circuit has indicated that a trial justice did not abuse his discretion when awarding prejudgment interest on a treble damages judgment under a federal statute. Aetna Casualty Surety Company v. P&B Autobody, 43 F.3d 1546, 1571 (1st Cir. 1994)(award does not "constitute[] a miscarriage of judgment").

Other courts have ruled that when statutes allow for a trebling of damages, the original damage figure does accrue prejudgment interest but the "trebled" portion does not. Eastern Mountain Platform Tennis, Inc. v. Sherwin-Williams Co., Inc., 40 F.3d 492 (1st Cir. 1994)(awarding prejudgment interest on compensatory damage award but not on doubled damages award under New Hampshire law), Minco v. Combustion, 95 F.3d 1109 (Fed. Cir. 1996), Flockhart v. Iowa Beef, 192 F.Supp.2d 947 (N.D. Iowa 2001), Mc Evoy Travel v. Norton

Company, 408 Mass. 704, 563 N.E.2d 188 (1990), Market America, Inc. v. Rossi, 104 F.Supp. 606 (M.D. N.C. 2000), City Coal Co. of Springfield, Inc. v. Noonan, 751 N.E.2d 894 (Mass. 2001), Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275 (10th Cir. 1998).

In light of this precedent, Plaintiffs respectfully request that the Court award prejudgment interest on the entire amount of the proposed judgment. Alternately, if the Court deems this inappropriate, plaintiffs request prejudgment interest on the original compensatory damages proposed by Magistrate Judge Martin.

Plaintiffs, by their Attorneys,

_____ 10/31/03
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)