UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                          C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. §1963 PERMITTING REGISTRATION OF PLAINTIFFS' JUDGMENT AGAINST DEFENDANT HAMAS IN OTHER FEDERAL DISTRICTS WITHOUT DELAY

For the reasons presented in the accompanying Memorandum, plaintiffs hereby move the Court for an Order, pursuant to 28 U.S.C. §1963, permitting plaintiffs to register their final judgment against defendant HAMAS in other federal districts without delay. A proposed order is attached hereto.

Plaintiffs, by their Attorneys,

_____  2/2/04
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)



1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

vs.                                                      C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. §1963 PERMITTING REGISTRATION OF PLAINTIFFS' JUDGMENT AGAINST DEFENDANT HAMAS IN OTHER FEDERAL DISTRICTS WITHOUT DELAY

On January 28, 2004, final judgment was entered in this action against defendant Hamas - Islamic Resistance Movement (a/k/a Harakat Al-Muqawama Al-Islamiyya) pursuant to this Court's Memorandum and Order of January 27, 2004.

In its Memorandum and Order, the Court found that final judgment should enter forthwith, because the blocked assets of the Hamas-affiliated Holy Land Foundation for Relief and Development ("HLF"), which are subject to attachment in satisfaction of plaintiffs' judgment against Hamas pursuant to the Terrorism Risk Insurance Act of 2002, ("TRIA"), are being steadily depleted. As the Court stated,

> [T]he blocked assets of the HLF and Hamas may be Plaintiffs' sole source of money to satisfy this Court's judgment. When the HLF and/or Hamas fully deplete these assets, this Court's judgment against Hamas will likely become a dead letter. Such a result would defeat Congress' clear intent that 18 U.S.C. §2333 deter terrorist acts through the enforcement of civil causes of action such as the one presently before the Court.
>
> Simply put, time is of the essence. Any delay in entering a final judgment against Hamas may make Plaintiffs unable to collect the compensation due to them and cause Plaintiffs to suffer further injustices at the hands of Hamas.

> Therefore, it is the determination of this Court that there is no just reason for delay and that Plaintiffs' motion to enter a final judgment against Hamas should be granted.

Id. at 17-18.

Documents obtained by plaintiffs from the court file in Holy Land Foundation v. Ashcroft, 219 F.Supp.2d 57, 64 (D.D.C. 2002) indicate that the blocked assets of Hamas and the HLF are located in bank accounts in Washington, D.C., Illinois, Texas and New Mexico.

Additional assets may be held in other locales which plaintiffs are currently attempting to identify; however, to the best of plaintiffs' knowledge, there are no Hamas-HLF assets in Rhode Island.

Plaintiffs therefore wish to immediately register their judgment against Hamas in the various federal districts where the Hamas assets are located and initiate execution proceedings therein. However, 28 U.S.C. §1963 provides in relevant part that,

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Thus, plaintiffs cannot register their judgment against Hamas in the federal districts where the blocked Hamas assets are actually located until the 30-day appeal period expires, unless this Court gives an order permitting such registration instanter.

The steady depletion of Hamas-HLF assets cited by the Court in its Memorandum and Order as sufficient grounds to enter final judgment pursuant to Fed.R.Civ.P. 54(b), and the fact that those assets are located in other federal districts, easily constitute "good cause" to permit immediate registration of the judgment pursuant to 28 U.S.C. §1963.

2

Indeed, it is well established that "good cause can be shown 'upon a *mere* showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment.'" Chicago Downs Association v. Chase, 944 F.2d 366, 372 n. 3 (7th Cir. 1991) (quoting Associated Business Tel. Sys. v. Greater Capital, 128 F.R.D. 63 (D.N.J. 1989) citing Siegal, *Commentary to 1988 Revision*, 28 U.S.C. §1963 (West Supp. 1989). See also e.g. Owen v. Soundview Fin. Group, Inc., 71 F. Supp.2d 278, 278-9 (S.D.N.Y. 1999) ("Good cause' is established upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.") (internal quotes omitted).

WHEREFORE, plaintiffs respectfully request that the Court enter an Order permitting the registration of their judgment against Hamas in any federal district instanter.

Plaintiffs, by their Attorneys,

_____ 2/2/04
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

3

## CERTIFICATION

I hereby certify that on the ___ day of February 2004 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

HAMAS
Sheik Ahmed Yassin
Sabra District
Gaza, Palestinian Authority
VIA Israel

HAMAS – Islamic Resistance Movement
Harakat Al-Muqawama Al-Islamiyya
Yarmouk Refugee Camp
Damascus
Syria

4