UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATES OF YARON UNGAR and         :
EFRAT UNGAR by and through the         :
Administrator of their estates         :
David Strachman, DVIR UNGAR, minor,    :
by his guardians and next friend,      :
YISHAI UNGAR, minor, by his            :
guardians and next friend,             :
PROFESSOR MEYER UNGAR, JUDITH          :
UNGAR, RABBI URI DASBERG, JUDITH       :
DASBERG (individually and in their     :
capacity as legal guardians of         :
plaintiffs Dvir Ungar and Yishai       :
Ungar); AMICHAI UNGAR, DAFNA UNGAR     :
and MICHAL COHEN,                      :
                    Plaintiffs,        :
     v.                                :         CA 00-105L
                                       :
THE PALESTINIAN AUTHORITY              :
(A.K.A."THE PALESTINIAN INTERIM        :
SELF-GOVERNMENT AUTHORITY"),           :
THE PALESTINE LIBERATION               :
ORGANIZATION, YASSER ARAFAT,           :
JIBRIL RAJOUB, MUHAMMED DAHLAN,        :
AMIN AL-HINDI, TAWFIK TIRAWI,          :
RAZI JABALI, HAMAS -- ISLAMIC          :
RESISTANCE MOVEMENT (A.K.A.            :
"HARAKAT AL-MUQAWAMA AL-ISLAMIYYA"),   :
ABDEL RAHMAN ISMAIL ABDEL RAHMAN       :
GHANIMAT, JAMAL ABDEL FATAH            :
TZABICH AL HOR, RAED FAKHRI ABU        :
HAMDIYA, IBRAHIM GHANIMAT and          :
IMAN MAHMUD HASSAN FUAD KAFISHE,       :
                    Defendants.        :

**MEMORANDUM AND ORDER
GRANTING ATTORNEY'S FEES
PURSUANT TO RULE 37(b)(2)**

This Memorandum and Order addresses the matter of the attorney's fees which the court determined at the May 14, 2003, hearing Plaintiffs would be awarded as a result of Defendants' failure to comply with their discovery obligations. See Transcript of 5/14/03 hearing ("Tr. of 5/14/03") at 29.

As detailed more fully in this Magistrate Judge's Report and Recommendation of March 31, 2004 ("Report and Recommendation of 3/31/04"), the court conducted a hearing on May 14, 2003, on two motions for default judgment which had been filed by Plaintiffs: Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 37(b)(2) for Judgment by Default against Defendant PA and for Other Relief (Document #106) ("First Motion") and Plaintiffs' Motion for Judgment by Default against the PA and PLO and for Other Relief for Refusal to Submit to Depositions (Document #125) ("Second Motion") (collectively the "Motions"). The First Motion (Document #106) sought default judgment because of the failure of Defendant the Palestinian Authority, also known as the Palestinian Interim Self-Government Authority ("PA"), to provide responses to interrogatories, a request for production, and a request for admissions which had been served upon the PA on January 24, 2002. See Plaintiffs' Memorandum in Support of Their Motion Pursuant to Fed.R.Civ.P. 37(b)(2) for Default Judgment against Defendant PA and for Other Relief at 1. The Second Motion (Document #125) was directed against both the PA and Defendant the Palestine Liberation Organization ("PLO"). It sought default judgment against the PA and the PLO (collectively "Defendants") because of their failure to produce "seven PA/PLO officials," Plaintiffs' Memorandum in Support of Their Motion for Default Judgment Against the PA and PLO and for Other Relief for Refusal to Submit to Depositions at 1. As alternative relief, both Motions sought the payment of Plaintiffs' "reasonable expenses, including attorney's fees, caused by defendant's [sic] refusal to comply with the Order of this Court of January 14, 2003 [Document #99], including the expenses arising from the instant motion." First Motion (Document #106) at 1-2; Second Motion (Document #125) at 1.

After listening to argument, the court declined to grant the

Motions at the May 14, 2003, hearing, opting instead to: 1) continue the matter for sixty days; 2) order Defendants to comply with their outstanding discovery obligations; 3) explicitly warn Defendants that a failure to comply fully with the court's order could result in the entry of default judgment against them; and 4) state that Plaintiffs would be awarded attorney's fees for the additional work they had incurred as a result of Defendants' failure to respond to Plaintiffs' discovery requests to date. See Order Continuing Hearing on Motions for Default Judgment ("Order of 5/14/03") (Document #158) at 1-2; Tr. of 5/14/03 at 27-29.

Although the Order of 5/14/03 stated that the court would address the matter of attorney's fees at the hearing on July 14, 2003, through an oversight fees were not addressed on the latter date. The court advised the parties of the oversight by letter on August 8, 2003, informing them that it would address the issue of attorney's fees at a hearing scheduled for August 22, 2003, and directing Plaintiffs' attorney to submit not later than August 18, 2003, an itemized statement of the fees sought "for work attributable to Defendants' failure to respond to discovery requests." See Letter from Martin, M.J., to Counsel of 8/8/03 (attached).

On August 18, 2004, Plaintiffs filed an Affidavit of Counsel Fees ("Fees Aff.") (Document #220), seeking counsel fees of $11,925.00 "for work attributable to defendants' failure to respond to discovery requests," Fees Aff. at 2, from November 21, 2002, through July 30, 2003. See id., Attachment (Statement of Fees in Connection with Defendant's Refusal to Provide Discovery) at 1-4. At the August 22, 2003, hearing the court heard argument on the matter of attorney's fees. See Transcript of 8/22/03 hearing ("Tr. of 8/22/03") at 2, 26-32. Counsel for Defendants, Mr. Ramsey Clark, expressed puzzlement about the reason for

addressing attorney's fees "piecemeal." Id. at 26. The court explained that it had previously made a determination (referring to the May 14, 2003, hearing) that Plaintiffs were entitled to attorney's fees (pursuant to Fed. R. Civ. P. 37(b)(2)). The court stated that even if it concluded that Plaintiffs were not entitled to default judgment (and, thus, not entitled to attorney's fees pursuant to 18 U.S.C. § 2333(a)), Plaintiffs were still entitled to such fees because of Defendants' failure to comply with the discovery orders. See id. at 27-28.

As explained in the Report and Recommendation of 3/31/04, the court has subsequently determined that, although the Second Motion was directed at both the PA and PLO, no discovery requests were addressed to the PLO. See Report and Recommendation of 3/31/04 at 59-60. Furthermore, the court's Order of December 12, 2003 (Document #99), granting Plaintiffs' Motion to Compel Discovery (Document #65), did not require the PLO to do anything. It is true that the court thereafter on occasion referred to Defendants complying with their discovery obligations. See, e.g., Order Continuing Hearing on Motions for Default Judgment (Document #158); Transcript of 7/17/03 hearing ("Tr. of 7/17/03") at 31. However, in so speaking, the court assumed from the fact that Plaintiffs were seeking default judgment against both the PA and the PLO that discovery requests had been directed to both Defendants. This assumption was erroneous. For these reasons, the court denies Plaintiffs' request for attorney's fees pursuant to Fed. R. Civ. P. 37(b)(2) as to the PLO.

As to the PA, the court grants the request for attorney's fees in the amount of $11,925.00 as a sanction pursuant to Fed. R. Civ. P. 37(b)(2). The court finds, based on the facts and findings set forth in the Report and Recommendation of 3/31/04 at 13-15, 17-27, 60-68, that the failure of the PA to provide any discovery was not substantially justified and there are no other

circumstances which would make an award of attorney's fees unjust.[1]

So Ordered.

ENTER:                                          BY ORDER:

*David L. Martin* (signature)                   _____
David L. Martin                                 Deputy Clerk
United States Magistrate Judge
March 31, 2004

---

[1] As explained in the Report and Recommendation of 3/31/04 at 74-76, this award of attorney's fees is not intended to be in addition to the attorney's fees authorized by 18 U.S.C. § 2333(a), and which have been recommended by this Magistrate Judge as part of the default judgment to be entered against the PA. Rather, as explained therein, this Memorandum and Order is intended to provide a separate and independent basis for the award of those same attorney's fees of $11,925.00, namely Fed. R. Civ. P. 37(b)(2).

5

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
JOHN O. PASTORE FEDERAL BUILDING
TWO EXCHANGE TERRACE
PROVIDENCE, RHODE ISLAND 02903-1779

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE

(401) 752-7080
FAX (401) 752-7085

August 8, 2003

David J. Strachman, Esquire
McIntyre, Tate, Lynch & Holt
Counselors at Law
321 South Main Street, Suite 400
Providence, RI 02903

Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
Clark & Schilling Law Offices
36 East 12th Street
New York, NY 10003

Deming E. Sherman, Esquire
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

RE: Estate of Ungar, et al. v. The Palestinian Authority, et al.   CA 00-105L

Dear Counsel:

The Court in its May 14, 2003, Order ruled that Plaintiffs would be awarded attorney's fees for the additional work incurred as a result Defendants' failure to respond to discovery requests. Although the Order stated that the matter of attorney's fees would be addressed further at the hearing on July 14, 2003, it was inadvertently overlooked when the hearing was held.

Therefore, the court will consider the issue of these attorney's fees at the hearing on August 22, 2003. Plaintiffs' attorney will submit not later August 18, 2003, an itemized statement of the attorney's fees he seeks for work attributable to Defendants' failure to respond to discovery requests.

Very truly yours,

David L. Martin

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE

DLM/mis