UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) |

**OBJECTIONS OF DEFENDANTS PALESTINIAN AUTHORITY
AND PALESTINE LIBERATION ORGANIZATION TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants Palestinian Authority and Palestine Liberation Organization object to the Magistrate Judge's Recommendation and Report filed on March 31, 2004 and its recommendation that default judgment be entered against them on the following grounds among others:

(1)    Defendants are entitled to sovereign and governmental immunity under § 2604 of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, and § 2337 (2) of the Anti-terrorism Act of 1991, 18 U.S.C. § 2337(2), and the claims being asserted against them of responsibility for actions by alleged members of Hamas are claims that are non-justiciable over which the Court lacks subject matter jurisdiction.

(2)    Plaintiffs' claims are insufficient to support entry of default judgment as to liability or damages because the claims are not legally cognizable and are legally insufficient; no conduct by defendants constituted "international terrorism" within the statutory definition and no conduct by defendants' was proximately related to the death that is the subject of this action;



moreover defendants' conduct legitimately sought to protect and promote Palestinian interests and lacked the intent that is required under the statutory definition of "international terrorism," and which is also essential to the Court's subject matter jurisdiction under the Anti-Terrorism Act of 1991.

(3)     The Report and Recommendation are objectionable in failing to give effect to defendants' valid legal position that they were entitled to a final determination of their claims to sovereign and governmental immunity, including appellate review, before the burdens of litigation such as discovery or the filing of an answer to the complaint were imposed upon them, see In re Papandreou, 139 F3d 247 (D.C. Cir. 1998), and there has been no such final determination. To the contrary, defendants' Rule 12(b)(1) motion filed on June 13, 2003 remains sub judice.

(4)     Defendants object to the Report and Recommendation in that it failed to recognize and give effect to the adverse conditions to which the Palestinian government and defendants PA and PLO were subject, which made discovery extremely difficult and contrary to Palestinian national interests and the interests and welfare and morale of the Palestinian people, which defendants were obligated to protect and promote and which should have precluded the discovery the Magistrate Judge erroneously faulted defendants for failing to provide.

(5)     Defendants PA and PLO object to the conclusion in the Report and Recommendation that the Court has personal jurisdiction over them because under the extraordinary and unique circumstances applicable to this case, the defendants' contacts with the United States fail to satisfy the requirements of the Due Process Clause of the United States Constitution and fundamental fairness and because there should be excluded from consideration

PRV_649141_1/DSHERMAN

as "minimum contacts" activities on defendants' behalf designed to convey and demonstrate to the American government and people the fact of Palestinian statehood and the Palestinian side of the peace process and the Israeli-Palestinian conflict.

(6) Defendants PA and PLO object to the Report's recommendation that multi-million dollar amounts be awarded as compensation for the death of one person in the context of an ongoing conflict in which thousands of innocent civilians on both sides have been killed without any hope of compensation; compensation on such an excessive scale is inappropriate particularly in the case of a person living permanently in Israel or Palestine during the ongoing Israeli-Palestinian conflict and belligerent occupation of Palestinian territories and where the ultimate burden of the compensation must be borne by an impoverished and oppressed people undergoing continuing humanitarian crises. The law should not instigate or require such disproportionate compensation.

April 19, 2004

*/s/ Deming E. Sherman*
Deming E. Sherman (#1138)
Annemarie M. Carney (#3980)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)
Attorneys for Defendants
The Palestinian Authority and The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2004, I mailed a copy of the within Objections of Defendants Palestinian Authority and Palestine Liberation Organization to the Magistrate Judge's Report and Recommendation to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

*Deming E. Shuman*