UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.   No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' MOTION PURSUANT TO FED.R.CIV.P 59(e)

For the reasons presented in the accompanying memorandum in support of this motion, plaintiffs hereby move pursuant to Fed.R.Civ.P. 59(e) to alter and amend the Decision and Order issued by this Court on April 23, 2004.

Plaintiffs, by their Attorney,

_____
David J. Strachman  #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the ____ day of April, 2004 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003



Deming E. Sherman
Annemarie M. Carney
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

*[signature]*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                              No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION PURSUANT TO FED.R.CIV.P 59(e)**

I.   **INTRODUCTION**

On April 23, 2004, this Court entered a Decision and Order denying the motion by defendants PA and PLO to dismiss this action on grounds of sovereign immunity and nonjusticiability ("Decision"). The Decision accepted plaintiffs' position that "the PA and PLO are not foreign States that are entitled to sovereign immunity." Id. at 47-48.

At the same time, the Decision considered and rejected plaintiffs' arguments that defendants had previously waived their claim to sovereign immunity. Id. at 15-16.

Plaintiffs' respectfully believe that the analysis and disposition of their waiver argument in the Decision overlooks or does not attach sufficient weight to admissions made by defendants during the course of this litigation that they lack sovereign status, which admissions constitute an explicit waiver of any claim to sovereign immunity.

The Court considered and ruled on plaintiffs' waiver argument notwithstanding its express finding that neither defendant satisfies the criteria of statehood. Therefore, plaintiffs respectfully believe that it is appropriate to request that the Court reconsider its ruling in respect

to the waiver of immunity, and for the reasons stated below amend its Decision pursuant Fed.R.Civ.P. 59(e). Watters v. Washington Metro. Area Transit Auth., 295 F.3d 36, 42 n. 13 (D.C. Cir. 2002)(failure to press claim of waiver of immunity may result in waiver of claim of waiver of immunity)(citing cases).[1]

## II. DEFENDANTS' EXPLICITLY WAIVED IMMUNITY CLAIMS

Defendants explicitly waived any claim to sovereign immunity by repeatedly declaring and representing to the Court that neither the PA nor the PLO is a "foreign state."

In a pleading filed on November 27, 2001, defendants informed the Court that "*[t]he PA today and at all relevant times has an 'undefined juristic nature,'*" that the PA has a "*peculiar status*" and that "*[t]he status of the PA and PLO today is different but even more unusual*" than the "*unusual status*" which the PLO had in the 1980s. Defendants' Motion for Dismissal and Alternatively for Certification of an Interlocutory Appeal and a Stay ("Second Motion to Dismiss"), at 12.

Defendants' statements that their legal status is "unusual" and "peculiar" and "undefined" constituted express admissions that neither defendant is a "foreign state." A foreign state does not suffer from an "undefined juristic nature," and its legal status is neither "peculiar" nor "unusual." Thus, defendants expressly admitted that they are something other than foreign states. By expressly conceding their non-state status, defendants have, *a fortiori*, explicitly waived any claim to sovereign immunity.

After conceding their non-state, non-sovereign status, and thereby excluding themselves from the application of 18 U.S.C. §2337(2), defendants proceeded to argue that §2337 "reflects

---

[1] Of course, nothing in this motion derogates from plaintiffs' position and the Court's holding that neither defendant is a foreign state.

2

policy considerations that apply equally to the PA," which should therefore be taken into consideration by the Court and applied to the PA. Id.

In other words, defendants argued that the Court should apply to the PA <u>solely by analogy</u> the policy considerations which purportedly inform §2337(2). Thus, by defendants' own admission, §2337 does not actually apply to the PA by operation of law.

Similarly, defendants informed this Court that the PA is "on the verge" of statehood, and that it will be entitled to immunity under the FSIA only when it becomes a foreign state, at some time in the future. Id. at 13. Here, too, the PA clearly represented to the Court that it is not a foreign state, and thereby waived the right to claim sovereign immunity.

While waivers of sovereign immunity claims are "*rarely accomplished by implication . . . Explicit waivers are more frequently honored.*" In re Tamimi, 176 F.3d 274, 278 (4th Cir. 1999) (citation omitted).

Defendants' statements constitute "clear and unambiguous" admissions that neither the PA or the PLO is a "foreign state" entitled to sovereign immunity. <u>Libra Bank Ltd. v. Banco Nacional de Costa Rica, S.A.</u>, 676 F.2d 47, 49 (2nd Cir. 1982)

That defendants reversed course subsequent to their admissions and waiver, and suddenly claimed to be "foreign states," is unavailing:

> [Defendant] now states that it intends to invoke sovereign immunity. If it did waive its sovereign immunity before the district court, however, that waiver remains effective: sovereign immunity, once waived, cannot be reasserted. See 28 U.S.C. § 1605(a)(1) (stating that a foreign state's immunity remains waived "notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver"); Restatement (Third) of the Foreign Relations Law of the United States § 456(3) (1986) ("Under the law of the United States, a waiver of immunity . . . may not be withdrawn, except by consent of all parties to whom (or for whose benefit or protection) the waiver was made.").

3

Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1287 n. 18 (11th Cir. 1999).

## III. CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court reconsider and reverse the holding in its Decision and Order of April 23, 2004 that the PA and PLO did not waive a claim to sovereign immunity, and hold instead that even assuming *arguendo* that defendants were "foreign states," they have waived any claims to sovereign immunity.

Plaintiffs, by their Attorney,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the _____ day of April, 2004 I mailed a true copy of the within to:

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Annemarie M. Carney
EDWARDS & ANGELL, LLP
2800 Bank Boston Plaza
Providence, RI 02903

4