# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. §1963 PERMITTING IMMEDIATE REGISTRATION OF THEIR JUDGMENT AGAINST DEFENDANTS PA AND PLO IN OTHER FEDERAL DISTRICTS

For the reasons presented in the accompanying Memorandum, plaintiffs hereby move the Court for an Order, pursuant to 28 U.S.C. §1963, permitting immediate registration of their final judgment against defendants Palestinian Authority and Palestine Liberation Organization in other federal districts.

Date: _4/14/05_

                                        Plaintiffs,
                                        By their Attorney,

                                        _____
                                        David J. Strachman   #4404
                                        McIntyre, Tate, Lynch & Holt
                                        321 South Main Street, Suite 400
                                        Providence, RI 02903
                                        (401) 351-7700
                                        (401) 331-6095 (fax)



## CERTIFICATION

I hereby certify that on the _____ day of April, 2005, I mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. §1963 PERMITTING IMMEDIATE REGISTRATION OF THEIR JUDGMENT AGAINST DEFENDANTS PA AND PLO IN OTHER FEDERAL DISTRICTS

On July 13, 2004, this Court entered final judgment for plaintiffs against defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") in the amount of $116,409,123.00 plus attorney fees. On March 31, 2005, the Court of Appeals unanimously affirmed this Court's judgment. 2005 WL 729664 (1st Cir. March 31, 2005).

While defendants have no known assets in this federal district, plaintiffs have identified significant investment assets belonging to defendants in several other federal districts. See Palestine Investment Fund ("PIF") webpage "About Us" at www.pa-inv-fund.com/About.aspx, copy attached as Exhibit A, and "Transparency Diagnostics Methodology" reports prepared by the Democracy Council for the PIF, Exhibits B, C, D and E.

However, plaintiffs have just learned that defendants are liquidating their worldwide investment portfolio and that entities holding millions of dollars of defendants' U.S. investments are intending to return those funds to defendants, and plaintiffs are thus extremely concerned that defendants' U.S.-based investments may be liquidated and

**withdrawn from the United States imminently.** See Press Release "Acquisition of Minority Stakes" March 17, 2005, issued by Orascom Telecom Holding S.A.E, Exhibit F; Consolidated Financial Statements as of June 30, 2004 for Palestine Telecommunications Company P.L.C., Exhibit G at p. 6; Haaretz report (original Hebrew and translation), *"The Authority is Selling Its Share in Private Companies In Order to Finance Its Current Budget,"* February 2, 2004, Exhibit H; and Exhibits I and J.

Plaintiffs therefore seek to register their judgment immediately in the respective federal districts where the assets are located and to take all necessary steps in those districts to restrain the assets pending execution.

28 U.S.C. §1963 provides in relevant part that:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . <u>when the judgment has become final by appeal</u> or expiration of the time for appeal <u>or when ordered by the court that entered the judgment for good cause shown</u>.

(emphasis supplied).

Because defendants are seeking a rehearing, the mandate of the Court of Appeals will not issue until the rehearing is denied, and thus plaintiffs' judgment is still technically on appeal and cannot be registered in other districts pursuant to 28 U.S.C. §1963 without leave of this Court.

Thus, plaintiffs cannot now register their judgment against the PA and PLO in other federal courts unless this Court gives an order permitting such registration instanter "for good cause shown." 28 U.S.C. §1963.

The dissipation of defendants' U.S.-based assets easily constitutes "good cause" to permit immediate registration of the judgment pursuant to 28 U.S.C. §1963.

2

Indeed, it is well established that "good cause can be shown 'upon a *mere* showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment.'" Chicago Downs Association v. Chase, 944 F.2d 366, 372 n. 3 (7th Cir. 1991) (quoting Associated Business Tel. Sys. v. Greater Capital, 128 F.R.D. 63 (D.N.J. 1989) citing Siegal, *Commentary to 1988 Revision*, 28 U.S.C. §1963 (West Supp. 1989). See also e.g. Owen v. Soundview Fin. Group, Inc., 71 F. Supp.2d 278, 278-9 (S.D.N.Y. 1999) ("Good cause' is established upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.") (Internal quotes omitted).

Moreover, defendants have failed to post a supersedeas bond as set by this Court. Dkt. #300. Failure to post a supersedeas bond constitutes further "good cause" for leave to register in other districts pursuant to §1963. See e.g. Chicago Downs, 944 F.2d at 372; Johns v. Rozet, 143 F.R.D. 11, 12-13 (D.D.C. 1992).

Finally, and perhaps most importantly, the case law cited above found "good cause" to permit registration under §1963 though those cases were not yet affirmed on appeal.

Here of course, by contrast, plaintiffs' judgment has already been affirmed on appeal.

THEREFORE, plaintiffs respectfully request that the Court issue the attached Order permitting the registration of their judgment against the PA and PLO in other federal districts instanter.

3

Date: _____

                                          Plaintiffs,
                                          By their Attorney,

_____
David J. Strachman    #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

       I hereby certify that on the _____ day of April, 2005, I mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

_____

4