AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF RHODE ISLAND

The Estate of Yaron Ungar

V.

The Palestinian Authority

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  00-105L

TO: Blackwatch Brokerage, Inc.
   Agent of Service: Deirdre M. Noonan
   321 Summer Street, Boston, MA 02210

X  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| U.S. District Court, District of RI, 1 Exchange Terrace Providence, RI 02903 | #4, Second Floor |
| | DATE AND TIME |
| | 05/05/05  11:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 4/28/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Strachman, 321 South Main St., Ste. 400, Providence, RI 02903
(401) 351-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



# SCHEDULE A

In accordance with and subject to the Definitions and Instructions set forth below, you must produce all documents in your possession or custody, or subject to your control, that concern, refer to, relate to, evidence or constitute the following:

1. All documents relating to, referring to or concerning any legal, contractual or equitable interest and/or right, and/or any asset, property, investment, deposit, of any of the Relevant Parties, including without limitation all documents relating to, referring to or concerning any fund, deposit or asset whose title or name includes the term "Palestinian Pension" and/or "Palestinian Pension Fund" or any permutation or variation thereof.

2. All documents relating to, referring to or concerning any of the Relevant Parties.

3. All documents constituting communications between you and any of the Relevant Parties.

4. All documents evidencing, memorializing, reflecting, referring to, or concerning verbal or written communications between you and any of the Relevant Parties.

5. All documents constituting communications between any of the Relevant Parties and any other person including one or more of the other Relevant Parties.

6. All documents evidencing, memorializing, reflecting, referring to, or concerning verbal or written communications between any of the Relevant Parties and any other person including one or more of the other Relevant Parties.

7. All contracts, agreements or other legal instruments of any type to which any Relevant Party is a party, or of which any Relevant Party is a beneficiary.

8. All documents relating to, referring to or concerning any work or service of any type performed by you at the request of, for and/or on behalf of any of the Relevant Parties.

9. All documents that came into your possession, or were generated or produced by you, as a result, in the course of and/or incidental to any work or service of any type performed by you for, at the request of or on behalf of any of the Relevant Parties.

10. All documents relating to, referring to or concerning any of the documents requested above.

## DEFINITIONS

1. "You" and "Your" include Blackwatch Brokerage Inc. and all subsidiaries, affiliates, parent companies, daughter companies and sister companies thereof, and all officers, agents and employees of any of the aforesaid.

2. "Relevant Parties" includes <u>any and all</u> of the following:

   a. The Palestinian Authority ("PA") a/k/a The Palestinian National Authority ("PNA"); The Palestine Liberation Organization ("PLO"); The Palestine Investment Fund ("PIF"); The Palestine Commercial Services Company ("PCSC") a/k/a/ The Palestinian Commercial Services Company a/k/a The Palestine Commercial Services Corporation a/k/a The Palestinian Commercial Services Corporation; Darnel Ltd.; James Tanenbaum; Walid Najib; and Yousef Al Sarraj.

**and**

  b. Any fiduciary, agent, employee, officer, director, official, attorney, representative, department, division or subdivision, affiliate, ministry, agency, subsidiary or instrumentality of any of the parties listed in subsection 1(a) above.

3. "Communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, notes, telegrams, correspondence, memoranda, facsimile transmissions or other forms of verbal, written, mechanical, or electronic intercourse.

4. "Document" is used in the broadest sense and shall have its complete meaning and scope given under Rule 34 of the Federal Rules of Civil Procedure and shall also include any responsive tangible things. It shall include, but is not limited to, all original and draft pieces of paper bearing any handwriting, writing, printing, typing or marks of any kind, whether readable by persons or machines and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise. It shall further include without limitation correspondence, memoranda, messages, notes, e-mail communications, diaries, calendars, statistics, letters, telegrams, reports, minutes, telephone logs, contracts, reports, studies, invoices, checks, statements, receipts, returns, and graphic or oral records or representations of any kind; and all information kept by electronic, electromagnetic, photographic or mechanical means, including, without limitation, information stored on or readable by computers and audio/video recordings of any type.

5. "Person" means any natural person or any business, legal, commercial, charitable, or governmental entity or association whether incorporated or not.

6. "Relating to" means containing, showing, reflecting or referring to in any way, directly or indirectly, and is meant to include, those subjects underlying, supporting, refuting, or discussing the subject matter of the Request. It also includes documents that are or were attached or appended to the responsive documents.

## INSTRUCTIONS

1. Unless otherwise indicated, the time period covered by these Requests is from 1994 to the present.

2. Each Request for documents requires the production of all documents described herein in your possession, custody, or control, including all documents held by agents, nominees, partners, accountants, attorneys, investment advisers, brokers, banks or others with whom you have or have had a professional relationship.

3. Each Request for documents requires production of documents in their entirety, without abbreviation or expurgation.

4. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

5. In the event that any document called for by the document Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, the nature of the privilege asserted, and the complete factual basis for its assertion. The log containing the

above descriptions shall be produced contemporaneously with the documents responsive to the foregoing Requests.

6. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

7. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. In addition, documents are to be produced in full and unexpurgated form.