AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

Estate of Yaron Ungar, et al.

**SUBPOENA IN A CIVIL CASE**

V.

The Palestinian Authority, et al.

Case Number:[1]   00-105L

TO: Raymond James Financial Services, Inc.
    Agent of Svc: CT Corporation System, 10 Weybosset St
    Providence, RI 02903

X   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| U.S. District Court, District of RI, 1 Exchange Terrace Providence, RI 02903 | #4, Second floor |
| | DATE AND TIME |
| | 05/05/05  11:00 am |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 5/2/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Strachman, 321 South Main St., Ste. 400, Providence, RI 02903
(401) 351-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/2/05 | 10 Weybosset St. Providence RI 02903 |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

Raymond James Financial Serv. Inc.
Agent of Service: CT Corporation Systems.     in hand

SERVED BY (PRINT NAME)                                    TITLE

Natalie Hilario                                          Receptionist

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.


Executed on        5/2/05
                   _____          _____
                        DATE                    SIGNATURE OF SERVER

                                                Natalie Hilario

                                                33 Second School Street.
                                                _____
                                                ADDRESS OF SERVER

                                                Bristol, RI 02809

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

In accordance with and subject to the Definitions and Instructions set forth below, you must produce all documents in your possession or custody, or subject to your control, that concern, refer to, relate to, evidence or constitute the following:

1.      All documents relating to, referring to or concerning any legal, contractual or equitable interest and/or right, and/or any asset, property, investment, deposit, of any of the Relevant Parties, including without limitation all documents relating to, referring to or concerning any fund, deposit or asset whose title or name includes the term "Palestinian Pension" and/or "Palestinian Pension Fund" or any permutation or variation thereof.

2.      All documents relating to, referring to or concerning any of the Relevant Parties.

3.      All documents constituting communications between you and any of the Relevant Parties.

4.      All documents evidencing, memorializing, reflecting, referring to, or concerning verbal or written communications between you and any of the Relevant Parties.

5.      All documents constituting communications between any of the Relevant Parties and any other person including one or more of the other Relevant Parties.

6.      All documents evidencing, memorializing, reflecting, referring to, or concerning verbal or written communications between any of the Relevant Parties and any other person including one or more of the other Relevant Parties.

7.      All contracts, agreements or other legal instruments of any type to which any Relevant Party is a party, or of which any Relevant Party is a beneficiary.

8.      All documents relating to, referring to or concerning any work or service of any type performed by you at the request of, for and/or on behalf of any of the Relevant Parties.

9.      All documents that came into your possession, or were generated or produced by you, as a result, in the course of and/or incidental to any work or service of any type performed by you for, at the request of or on behalf of any of the Relevant Parties.

10.     All documents relating to, referring to or concerning any of the documents requested above.

11.     EIN or similar tax identification numbers of relevant parties.

## **DEFINITIONS**

1.      "You" and "Your" include Raymond James Financial, Inc. and all subsidiaries, affiliates, parent companies, daughter companies and sister companies thereof (including without limitation Awad Asset Management Inc. and Eagle Asset Management), and all officers, agents and employees of any of the aforesaid.

2.      "Relevant Parties" includes any and all of the following:

   a.   The Palestinian Authority ("PA") a/k/a The Palestinian National Authority ("PNA"); The Palestine Liberation Organization ("PLO"); Insurance and Pension General Corporation a/k/a Insurance and Pension Corporation a/k/a Insurance and Pension General Company a/k/a Insurance and Pension Company; The Palestine Investment Fund ("PIF"); The Palestine Commercial Services Company

("PCSC") a/k/a/ The Palestinian Commercial Services Company a/k/a The Palestine Commercial Services Corporation a/k/a The Palestinian Commercial Services Corporation;; Darnel Ltd.; James Tanenbaum; Walid Najib; and Yousef Al Sarraj.

**and**

b.  Any fiduciary, agent, employee, officer, director, official, attorney, representative, department, division or subdivision, affiliate, ministry, agency, subsidiary or instrumentality of any of the parties listed in subsection 1(a) above.

3.      "Communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, notes, telegrams, correspondence, memoranda, facsimile transmissions or other forms of verbal, written, mechanical, or electronic intercourse.

4.      "Document" is used in the broadest sense and shall have its complete meaning and scope given under Rule 34 of the Federal Rules of Civil Procedure and shall also include any responsive tangible things.  It shall include, but is not limited to, all original and draft pieces of paper bearing any handwriting, writing, printing, typing or marks of any kind, whether readable by persons or machines and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise.  It shall further include without limitation correspondence, memoranda, messages, notes, e-mail communications, diaries, calendars, statistics, letters, telegrams, reports, minutes, telephone logs, contracts, reports, studies, invoices, checks, statements, receipts, returns, and graphic or oral records or representations of any kind; and all information kept by electronic, electromagnetic,

photographic or mechanical means, including, without limitation, information stored on or readable by computers and audio/video recordings of any type.

5.    "Person" means any natural person or any business, legal, commercial, charitable, or governmental entity or association whether incorporated or not.

6.    "Relating to" means containing, showing, reflecting or referring to in any way, directly or indirectly, and is meant to include, those subjects underlying, supporting, refuting, or discussing the subject matter of the Request. It also includes documents that are or were attached or appended to the responsive documents.

## INSTRUCTIONS

1.    Unless otherwise indicated, the time period covered by these Requests is from 1994 to the present.

2.    Each Request for documents requires the production of all documents described herein in your possession, custody, or control, including all documents held by agents, nominees, partners, accountants, attorneys, investment advisers, brokers, banks or others with whom you have or have had a professional relationship.

3.    Each Request for documents requires production of documents in their entirety, without abbreviation or expurgation.

4.    The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

5.    In the event that any document called for by the document Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows:  author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, the nature of the privilege asserted, and the complete factual basis for its assertion.  The log containing the above descriptions shall be produced contemporaneously with the documents responsive to the foregoing Requests.

6.    In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

7.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request.  In addition, documents are to be produced in full and unexpurgated form.