UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                                                  00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' URGENT *EX PARTE* MOTION FOR AN EXPEDITED HEARING

For the reasons set forth in the accompanying Memorandum, plaintiffs respectfully move the Court for an Order

(1) Setting a hearing on or before June 10, 2005, on Plaintiffs' Motion for Appointment of a Receiver;

(2) Directing that Plaintiffs' Motion for Appointment of a Receiver shall be filed with the Court, and served on the office of Defendants' counsel by facsimile or in hand, by June 3, 2005;

(3) Directing that Defendants' response, if any, to Plaintiffs' Motion for Appointment of a Receiver shall be filed with the Court, and served on the office of Plaintiffs' counsel by facsimile or in hand, at least 48 hours prior to the hearing thereon.

Plaintiffs, by their Attorneys,

_____  6/2/05
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the __2nd__ day of June, 2005, I mailed a true copy of the within to: *and fax*

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


THE ESTATE OF YARON UNGAR, et al.


v.                                                                                                  00 - 105L


THE PALESTINIAN AUTHORITY, et al.


**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' URGENT *EX PARTE* MOTION FOR AN EXPEDITED HEARING**

In support of their Urgent Ex Parte Motion for an Expedited Hearing, Plaintiffs respectfully state the following:

On March 31, 2005, the First Circuit unanimously affirmed the judgment entered by this Court against the PA and PLO on July 13, 2004 ("Judgment"). Defendants' petition for a rehearing en banc was denied on May 20, 2005, and the mandate issued on May 31, 2005.

Plaintiffs have prepared and will file on June 3, 2005, a Motion for Appointment of a Receiver empowered to enforce the Judgment of this Court, supported by a Verified Memorandum and numerous exhibits ("Motion for a Receiver").[1]

As explained in full detail in the Motion for a Receiver, appointment of a Receiver to conduct consolidated enforcement proceedings in this Court is urgently necessary on the following grounds:

---

[1] As discussed at length in the Verified Memorandum in support of plaintiffs' Motion for a Receiver, plaintiffs seek appointment of a Receiver solely to enforce their judgment. The Receiver would be free to initiate necessary proceedings against the PA and PLO and any parties holding their property, but the Receiver would have no authority over the operations and activities of the PA and the PLO themselves. In other words, plaintiffs are not seeking to place the PA and PLO themselves "in receivership," but rather to appoint a Receiver to act as an officer and "arm" of the Court to conduct consolidated enforcement proceedings.

1

1) Defendants have refused to satisfy the Judgment of this Court and have flatly informed plaintiffs' undersigned counsel that they "*will never pay*" the Judgment.

2) Defendants' known assets in the United States, which include a rich portfolio of stock, venture capital funds, partnership interests, securities, real estate and other investments totaling at least several million dollars, are held by third-parties scattered among at least five jurisdictions across the country. Thus, in the absence of a federal Receiver empowered to bring consolidated enforcement proceedings in this Court, Plaintiffs would be compelled to initiate duplicative proceedings in multiple jurisdictions from coast-to-coast in order to enforce their Judgment. Such an endeavor, in addition to being an egregious waste of judicial resources, would be extremely costly and time-consuming and strain Plaintiffs' limited resources beyond the breaking point.

3) Moreover, Defendants' assets have been carefully titled in the names of various shell funds wholly-owned and controlled by Defendants (rather than in Defendants' own names) and Plaintiffs can therefore reach these assets only through application of equitable enforcement doctrines such as alter ego, veil piercing and/or constructive/resulting trust. Yet, the ancillary enforcement jurisdiction of the federal courts does not extend to enforcement proceedings based on equitable claims (e.g. alter ego, veil-piercing, trust) absent a further independent basis for subject-matter jurisdiction (such as diversity, which is absent here). Peacock v. Thomas, 516 U.S. 349 (1996). Therefore, absent appointment of a federal Receiver, plaintiffs would have to conduct the proceedings to enforce their federal judgment in multiple state courts, thereby forcing Plaintiffs to retain local counsel admitted in each of the numerous state jurisdictions and so further exacerbating the impossible enforcement burden on Plaintiffs.

4)   Furthermore, the Judgment in this action was entered under the civil provisions of the Antiterrorism Act, 18 U.S.C. §2333, which are within the exclusive jurisdiction of the federal courts (18 U.S.C. §2338) and which the legislative history clearly indicates were intended *"to fully effectuate the legislative purpose of providing a comprehensive federal scheme to cover civil and criminal cases involving terrorist acts abroad against United States nationals."*[2] This Court has previously found that §2333 *"evinces a clear congressional intent to deter and punish acts of international terrorism,"*[3] and it is therefore clear that Congress does not view entry of a §2333 judgment as a mere "moral" or paper victory for the victims of terrorism but rather that—on the contrary—Congress fully intended that such judgments be enforced in order to achieve Congress' goals of deterring and punishing terrorism against American citizens. Congress certainly did not intend that persons holding §2333 judgments such as the instant Plaintiffs be forced into state courts to seek enforcement because of a wealthy defendant's intransigent refusal to pay. Therefore, appointment of a federal Receiver to enforce the Judgment of this Court squares perfectly with, and will advance and effectuate, the important federal policy purposes that Congress intended enforcement of §2333 judgments to fulfill, and is particularly appropriate since the only alternative is multiple state court proceedings.

5)   Defendants' known assets in the United States include interests in several limited partnerships. The process of managing, assessing and foreclosing on a limited partnership interest often requires hands-on supervision and control that only a fiduciary can provide, and appointment of a receiver to supervise and conduct judgment enforcement proceedings against

---

[2] Statement of Deputy Assistant Attorney General Steven R. Valentine, Antiterrorism Act of 1990: Hearing Before the Subcomm. on Courts & Admin. Practice of the Senate Comm. on the Judiciary, 101st Congress 8 (1990) at 38 (emphasis supplied).

[3] Ungar v. Palestinian Authority, 304 F. Supp. 2d 232, 238 (D.R.I. 2004).

limited partnership interests is therefore a common remedy.[4] It would be extremely burdensome and an egregious waste of judicial and party resources for Plaintiffs to seek the appointment of <u>multiple state receivers in each of the jurisdictions where Defendants' partnership interests are located</u>, and it would be far more just, efficient and logical (even for the Defendants and their counsel) to appoint a single federal Receiver in this Court to handle all necessary proceedings regarding Defendants' partnership interests.

6) Defendants have refused to conduct discovery regarding their assets in the United States, and the assets independently identified by Plaintiffs are a small fraction of the Judgment in this action. In the instant case a Receiver will be of significant assistance in locating documents and obtaining evidence relating to Defendants' assets. Due to the geographical limitations on third-party subpoenas imposed by Fed.R.Civ.P. 45, the task of obtaining documents and evidence regarding Defendants' assets would require Plaintiffs to register their judgment, issue subpoenas and conduct discovery in each jurisdiction—within 100 miles of each known or potential asset-holder—in multiple districts across the country. Appointment of a Receiver authorized to obtain the relevant documents from relevant third-parties would therefore spare Plaintiffs a nationwide document-hunt, and the additional substantial expenses and lengthy delay such an endeavor would entail.

As further discussed in plaintiffs' Motion for a Receiver, appointment of a Receiver to enforce the Judgment in this action is within the sound equitable discretion of the Court, and is wholly appropriate in light of the circumstances described above.

---

[4] <u>See</u> <u>e.g.</u> Uniform Limited Partnership Act §703(a) ("On application to a court of competent jurisdiction by any judgment creditor of a partner or transferee, the court may charge the transferable interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest . . . The court may <u>appoint a receiver</u> of the share of the distributions due or to become due to the judgment debtor in respect of the partnership . . . ") (emphasis supplied).

Most significantly, appointment of such a Receiver would remove all of the above-described obstacles to enforcement of this Court's judgment because (a) once a federal court appoints a Receiver it has subject-matter jurisdiction over all actions brought by the Receiver within the scope of the receivership and (b) federal Receivers are statutorily empowered to effectuate nationwide service of process and so the appointing Court has personal jurisdiction over out-of-state garnishees against whom the Receiver brings claims.

Thus, a Receiver will be able to bring consolidated enforcement proceedings in this Court against all relevant garnishees and third-parties, and this Court will have both subject-matter jurisdiction over such proceedings and personal jurisdiction over the parties thereto.

**In sum therefore:**

(i)    **Defendants are enjoying the fruits of the United States economy while at the same time brazenly refusing to honor a judgment entered and affirmed by the United States federal courts;**

(ii)   **Because of the nature and location of Defendants' assets, Plaintiffs' cannot reach those assets without launching a nation-wide enforcement campaign in state courts that would take years and is in any case beyond Plaintiffs' limited resources;**

(iii)  **Appointment of a federal Receiver to conduct consolidated enforcement proceedings in this Court would eliminate all those obstacles and permit timely and efficient proceedings to satisfy the Judgment of this Court;**

(vi)   **Enforcement of the Judgment will effectively remain at a standstill until a Receiver is appointed.**

**Plaintiffs therefore seek an expedited hearing on their Motion for a Receiver, in the respectful hope that a Receiver can be appointed and enforcement proceedings can begin forthwith.**

Since appointment of a Receiver cannot possibly harm Defendants (and on the contrary will preserve the resources of Defendants and their counsel by consolidating enforcement proceedings in this Court) Plaintiffs cannot imagine that Defendants could or would tender any substantive objection to such an appointment. Moreover, since Defendants' duty to pay the Judgment is final and incontrovertible, it is questionable whether Defendants even have standing to present any such objection.

**Therefore, an expedited hearing cannot prejudice the Defendants.**

This motion is made *ex parte* because (a) permitting a response to this motion would cause significant delay and thus defeat the very purpose for which an expedited hearing is sought and (b) the scheduling of a hearing date is in any case within the Court's full and exclusive discretion and parties are not generally heard thereon.

WHEREFORE plaintiffs' motion for an expedited hearing should be granted.

Plaintiffs, by their Attorneys,

_____   6/2/05
David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the ___2-7___ day of June, 2005, I mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

7