UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| THE ESTATE OF YARON UNGAR, et al. | : | |
| Plaintiffs, | : | Case No. 00-105L |
| v. | : | |
| THE PALESTINIAN AUTHORITY, et al. | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MOTION OF NON-PARTIES CANAAN EQUITY OFFSHORE C.V., CANAAN EQUITY II OFFSHORE C.V. AND CANAAN EQUITY III OFFSHORE C.V. TO EXCEED THE PAGE LIMITATION FOR APPENDICES AND/OR EXHIBITS**

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively "Canaan") respectfully move for leave to file an oversized affidavit (with exhibits), not to exceed 55 pages in total, in support of their impending motion seeking clarification of the Court's May 5, 2005 injunction that was sent to them by plaintiffs' counsel (the "Injunction").

Since learning of the Injunction, Canaan has endeavored to comply with its letter and spirit. There are, however, two aspects of the Injunction in connection with which the Court's guidance is required so that Canaan can continue to remain in compliance with the Injunction. Canaan thus intends to file a motion seeking clarification as to which of the limited partner investors in its venture funds are covered by the Injunction and whether, in light of the Injunction, certain management actions may be taken by Canaan in connection with those funds.

In so doing, Canaan requests leave to place before the Court, via a supporting affidavit that exceeds the five-page limitation set forth in Amended General Order No. 2002-01, the relevant excerpts of the applicable Canaan partnership agreements, certain financial information relating to three of its limited partner investors who appear to be covered by the Injunction and portions of the papers served upon Canaan by plaintiffs' counsel. The supporting affidavit and exhibits that Canaan plans to file in support of its clarification motion (along with a 10-page memorandum of law) will describe the relevant aspects of Canaan's business operations that give rise to the two questions raised as to the scope of the Injunction.

For the foregoing reasons, Canaan respectfully requests that it be granted leave of Court to file an affidavit (with exhibits) not exceeding 55 pages in support of its planned motion seeking clarification of the Court's May 5, 2005 Injunction.

CANAAN EQUITY OFFSHORE C.V.,
CANAAN EQUITY II OFFSHORE C.V., AND
CANAAN EQUITY III OFFSHORE C.V.

By Their Attorneys,

JAMES R. OSWALD, ESQ.
R. BART TOTTEN, ESQ.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607 / 751-0604

Dated: June 9, 2005

- and -

ROBERT A. ALESSI, ESQ.
TAMARA L. SCHLINGER, ESQ.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel: (212) 701-3000
Fax: (212) 269-5420

## CERTIFICATION

I hereby certify that I caused a true and accurate copy of the within to be mailed via United States mail, postage prepaid, on this 9th day of June, 2005 to:

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt
321 South Main Street
Suite 400
Providence, RI 02903

Deming E. Sherman, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

Ramsey Clark, Esq.
Lawrence W. Schilling, Esq.
Ramsey Clark & Lawrence W. Schilling Law Offices
36 East 12th Street
New York, NY 10003

*335531_1.doc*