UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al | ) ) ) |
| v. | ) ) C.A. No. 00-105L ) |
| THE PALESTINIAN AUTHORITY, et al | ) ) ) ) ) |

## PALESTINIAN DEFENDANTS' OBSERVATIONS ON PLAINTIFFS' MOTION FOR APPOINTMENT OF A RECEIVER

Defendants The Palestinian Authority and The PLO hereby make their observations on Plaintiffs' Motion for Appointment of a Receiver in the Memorandum which is filed herewith.

Dated: June 13, 2005

*Deming E. Sherman*

Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

- 2 -

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of June, 2005, a copy of the within Observations was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

/s/ Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR,<br>et al<br><br>v.<br><br>THE PALESTINIAN AUTHORITY,<br>et al | )<br>)<br>)<br>)  C.A. No. 00-105L<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF**
**PALESTINIAN DEFENDANTS' OBSERVATIONS ON PLAINTIFFS'**
**MOTION FOR APPOINTMENT OF A RECEIVER**

As Palestinian Defendants ("defendants") have previously indicated to the Court, most recently at the hearing on May 5, 2005, defendants' counsel have appeared in this case on instructions primarily to assert defendants' position that jurisdiction over them is lacking and have refrained from arguing beyond that position.

Accordingly, in appearing in response to plaintiffs' Motion for Appointment of Receiver to enforce the default judgment plaintiffs hold against defendants, defendants suggest that the appointment of a receiver to enforce a purely monetary judgment is highly unusual, that assets are often located in several places requiring multiple enforcement proceedings, and that the urgency plaintiffs are claiming in support of their application does not exist and is not based on any allegations of fraud or misconduct by defendants.

Plaintiffs have actively sought to collect on their judgment in state and federal courts. They assert that they have widely distributed to hundreds of recipients the restraining order, now an injunction, that this Court issued on April 19, 2005. They have initiated at least two enforcement proceedings in the District of Columbia, giving defendants notice of one and not

the other, one of which is inconsistent with and contrary to this Court's retraining order, and may well have commenced additional enforcement proceedings in other courts -- all of which they appear to be pursuing competently and energetically by counsel without any need for a receiver. There is nothing that plaintiffs' counsel cannot do themselves that a receiver can do, and duplication of effort will be inefficient and costly and is likely to be less effective. To the extent that state courts and state law would govern enforcement proceedings, this has been the practice in our federal system and has the worthwhile purpose of giving effect to the allocation of governmental power in our federal system and protecting important state policies.

In summary, defendants submit that the appointment of a receiver as proposed by plaintiffs is an extreme measure without precedent and is unnecessary, undesirable and unwarranted. It would be of questionable legality even if the power of the receiver is clearly defined and strictly limited.

The suggestion in the motion that individuals served anywhere in the United States could be required to come to Rhode Island to respond, if permissible, could impose enormous burdens on many recipients already served and on this Court, which would have to consider the effect of the laws of many jurisdictions.

               Respectfully submitted,

Dated: June 13, 2005

               _/s/ Deming E. Sherman_
               Deming E. Sherman (#1138)
               EDWARDS & ANGELL, LLP
               2800 Financial Plaza
               Providence, Rhode Island 02903
               401-274-9200
               401-276-6611 (FAX)

- 3 -

Ramsey Clark
Lawrence W. Schilling
36 East 12th Street
New York, NY 10003
212-475-3232
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2005, a copy of the within Memorandum was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

_____