UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND
----------------------------------x

THE ESTATE OF YARON UNGAR, et al.           :

        Plaintiffs,           :           Case No. 00-105L

        v.           :

THE PALESTINIAN AUTHORITY, et al.           :

        Defendants.           :
----------------------------------x

## MOTION OF NON-PARTIES CANAAN EQUITY OFFSHORE C.V., CANAAN EQUITY II OFFSHORE C.V. AND CANAAN EQUITY III OFFSHORE C.V. TO SEAL

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively "Canaan") respectfully move for leave to file their papers in support of their annexed clarification motion, including their memorandum of law and affidavit (with exhibits), under seal.

Canaan comes to this Court as a non-party to this lawsuit seeking the Court's guidance so that it may continue to comply with the terms of the Injunction. Since learning of the Injunction, Canaan has endeavored to comply with both its letter and its spirit. There are, however, two aspects of the Injunction in connection with which the Court's guidance is required so that Canaan can continue to remain in compliance with the Injunction. Accordingly, along with this motion, Canaan is filing a motion seeking clarification as to which of the limited partner investors in its venture funds



are covered by the Injunction and whether, in light of the Injunction, certain management actions may be taken by Canaan in connection with those funds.

The exhibits to the affidavit in support of Canaan's clarification motion include (and the memorandum of law and the supporting affidavit discuss) excerpts from Canaan's limited partnership agreements, documents reflecting proprietary and confidential information about the operation of its business and documents reflecting financial and banking information relating to three of its limited partner investors who appear to fall within the scope of the Injunction. Because of the confidential nature of the business and investor information that is being submitted in connection with the clarification motion, Canaan respectfully requests permission to file its supporting papers under seal.

Plaintiffs have recognized Canaan's need to maintain the confidentiality of the relevant documents. Most of the exhibits that are annexed to the affidavit in support of Canaan's clarification motion (and discussed in the memorandum of law and the affidavit) were produced a few weeks ago by Canaan to plaintiffs in response to subpoenas served by plaintiffs' counsel. In light of the confidential and sensitive nature of these documents, Canaan produced those documents to plaintiffs' counsel subject to a confidentiality agreement that had been executed by plaintiffs' counsel.

In seeking guidance from the Court as to the scope and effect of the Injunction, it is necessary to place before the Court confidential and sensitive financial information relating to its venture funds and three of its limited partner investors. Both

Canaan and its limited partners could be harmed if such information is made public. Accordingly, Canaan respectfully requests that it be permitted to file its motion papers (including its memorandum of law and supporting affidavit (with exhibits)) under seal. *See, e.g., Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) ("courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Siedle v. Putnam Investments, Inc.,* 147 F.3d 7, 10 (1st Cir. 1998) (the public's right to access court records "is not unfettered. . . . [W]hen a party requests a seal order . . . a court must carefully balance the competing interests that are at stake in the particular case"); *Bergen Brunswig Corp. v. IVAX Corp.,* 1998 WL 113976, at *3 (S.D.N.Y. 1998) ("[p]otential damage from the release of sensitive business information has been deemed a ground for denying access to court documents"); *Burks v. City of Philadelphia,* 1999 WL 163636, at *1 n.2 (E.D. Pa. 1999) ("the court granted Moving Plaintiffs' motion to file their Memorandum of Law and related personal financial information under seal"); 1 *Moore's Federal Practice* § 5.34(2)(c) (3d ed. 2005) ("[a] party may request a court to restrict public access to filed papers on a showing that the disclosure would be harmful. . . . Protecting a party's privacy and trade secrets . . . are legitimate interests that a court may weigh against the public's general interest in maintaining access to judicial records").

For the foregoing reasons, Canaan respectfully requests that it be granted leave of Court to file under seal the accompanying papers in support of said clarification motion, including its memorandum of law and affidavit (with exhibits).

CANAAN EQUITY OFFSHORE C.V.,
CANAAN EQUITY II OFFSHORE C.V., AND
CANAAN EQUITY III OFFSHORE C.V.

By Their Attorneys,

*/s/ James R. Oswald*

JAMES R. OSWALD, ESQ.
R. BART TOTTEN, ESQ.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607 / 751-0604

Dated: June 14, 2005

- and -

ROBERT A. ALESSI, ESQ.
TAMARA L. SCHLINGER, ESQ.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel: (212) 701-3000
Fax: (212) 269-5420

## CERTIFICATION

I hereby certify that I caused a true and accurate copy of the within to be mailed via United States mail, postage prepaid, on this ____ day of June, 2005 to:

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt
321 South Main Street
Suite 400
Providence, RI 02903


Deming E. Sherman, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903


Ramsey Clark, Esq.
Lawrence W. Schilling, Esq.
Ramsey Clark & Lawrence W. Schilling Law Offices
36 East 12th Street
New York, NY 10003

_____