# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                         00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' URGENT MOTION TO ADD CLARIFICATORY LANGUAGE TO THE INJUNCTION OF MAY 5, 2005

As explained in the accompanying memorandum and the exhibits thereto, Defendants are seeking to block Plaintiffs' enforcement proceedings in other jurisdictions by grossly mischaracterizing the terms of this Court's May 5, 2005 injunction, and Plaintiffs therefore respectfully move the Court to add simple clarificatory language (set out in the attached proposed Order) to the injunction, in order to prevent the confusion Defendants are attempting to sow in other jurisdictions.

Plaintiffs' motion is supported by the attached memorandum.

Plaintiffs, by their Attorneys,

David L. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

1

## CERTIFICATION

      I hereby certify that on the ____ day of June, 2005, I mailed and faxed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003
(v/fax 212-979-1583)

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(v/fax 401-276-6611)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                                          00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' URGENT MOTION TO ADD CLARIFICATORY LANGUAGE TO THE INJUNCTION OF MAY 5, 2005

On April 19, 2005, plaintiffs moved for a Restraining Order and an Injunction prohibiting defendants and their agents from using, withdrawing or transferring defendants' assets within the jurisdiction of the United States.

A proposed Restraining Order and proposed Injunction were submitted by plaintiffs.

The Court issued the Restraining Order on April 19, 2005, and supplanted it with the Injunction on May 5, 2005.

In drafting the proposed Restraining Order and Injunction, plaintiffs apparently underestimated (a) the extent to which a bank (or its attorneys) can misread the obvious and (b) the extent of defendants' willingness to mislead the federal courts:

a.  <u>The Bank</u>

Plaintiffs registered their judgment in the U.S. District Court for the District of Columbia and served a writ of attachment issued by that court on Wachovia Bank in Washington D.C.

Wachovia (which holds two PLO accounts) has notified the District Court for the District of Columbia in response to the writ of attachment that it cannot comply with attachment and turnover proceedings brought by the plaintiffs in that court, because this Court's Injunction of

1

May 5 purportedly prohibits Wachovia from transferring PLO funds **even to the plaintiffs**! See Cross Motion of Wachovia Bank, Exhibit A.

    b.    Defendants

The proposed Injunction submitted by the plaintiffs and endorsed by the Court excluded from the effect of the Injunction the normal operating expenses of defendants' offices in Washington D.C. and at the UN. Id. at §2.

Plaintiffs refrained from asking this Court to enjoin defendants' office accounts because:

(i) An injunction on these accounts was unnecessary because these accounts (unlike defendants' other U.S.-based assets) are titled in their own names and therefore subject to immediate restraint and execution by plaintiffs under regular process issued by the appropriate courts in the District of Columbia and New York. Accordingly, plaintiffs have initiated such execution proceedings, as noted above;

(ii) Plaintiffs sought to prevent defendants from exploiting the issue of their office accounts (particularly the UN account) to raise extraneous arguments (as they have done frequently in this action) aimed at delaying issuance of the Injunction, especially since the information available to plaintiffs at the time indicated that these accounts held only de minimis amounts.[1]

On the other hand, plaintiffs sought to prevent defendants from evading the Injunction by using the office accounts as a conduit to siphon off their other U.S. based assets.

Thus, plaintiffs' motion specifically stated that, "In order to spare the Court and themselves unnecessary wrangling with defendants over de minimis amounts, the proposed

---

[1] Plaintiffs have since learned that the Wachovia account contains close to $200,000 in PLO funds.

Order submitted by plaintiffs permits defendants to continue to draw normal operating expenses from existing accounts for their offices at the UN and in Washington, D.C." Id. at note 1.

Yet, incredibly, defendants have falsely asserted in the turnover proceedings in the District of Columbia that the purpose of §2 of this Court's Injunction is to enshrine and guarantee defendants' "right" to draw funds from their accounts **notwithstanding the local execution and turnover proceedings brought by plaintiffs** in the District of Columbia. Defendants have informed the D.D.C. that §2 of the Injunction is **directed at plaintiffs** and **prohibits plaintiffs** from seeking turnover of these funds!  See Memorandum Of Points And Authorities In Support Of The Motion By The PLO Mission For An Order Directing The Wachovia Bank To Honor The Mission's Checks for Payment Of Its Normal Operating Expenses, Exhibit B. [2]

This Court will probably also be interested to hear from the defendants that it was *"the clear intention"* of this Court *"to protect thee* [sic] *operation of the PLO Mission."* Id. at 4.

In sum, then, the topsy-turvy interpretation of this Court's Injunction now being peddled to the D.D.C. is that (a) the Injunction prohibits turnover to plaintiffs and (b) this Court forbade plaintiffs – indeed, singled plaintiffs out from amongst every other creditor of the defendants – from executing against defendants' office accounts.

While this construction of the Injunction is of course false and absurd, plaintiffs would very much like to avoid lengthy and unnecessary litigation in the District of Columbia regarding the correct interpretation of the Injunction. Nor, of course, should the D.D.C. waste judicial resources on such a matter.

---

[2] Defendants could not possibly believe their own argument, since the plain language of §2 clearly does nothing more than limit the effect of §1 of the Injunction itself ("Notwithstanding the provisions of paragraph 1...").

3

Plaintiffs therefore respectfully believe that the simplest solution both to the "restraint on turnover" dilemma asserted by Wachovia (which could be raised by other garnishees in the future) and to the knowingly false construction asserted by defendants, is to add brief clarificatory language to the Injunction.

Attached is a draft Order containing simple proposed language.

WHEREFORE plaintiffs' motion should be granted.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the ___ day of June, 2005, I mailed and faxed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003
(v/fax 212-979-1583)

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(v/fax 401-276-6611)

4