UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                  00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**EXHIBITS TO MEMORANDUM IN SUPPORT OF PLAINTIFFS' URGENT MOTION TO ADD CLARIFICATORY LANGUAGE TO THE INJUNCTION OF MAY 5, 2005**

A. Cross Motion of Wachovia Bank, N.A., for Leave to Deposit Funds in Court Registry or, Alternatively, to File Interpleader, and Response to Judgment-Creditors' Motion for Condemnation and Turnover

B. Memorandum of Points and Authorities in Support of the Motion of the PLO Mission for an Order Directing the Wachovia Bank to Honor the Mission's Checks for Payment of its Normal Operating Expenses

Plaintiffs, by their Attorneys,

_____
David J. Strachman  #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 6th day of June, 2005, I mailed and faxed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003
(v/fax 212-979-1583)

Deming E. Sherman  
Edwards & Angell, LLP  
2800 Bank Boston Plaza  
Providence, RI 02903  
(v/fax 401-276-6611)



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ESTATE OF YARON UNGAR AND<br>EFRAT UNGAR<br>    Judgment-Creditors,<br><br>v.<br><br>THE PALESTINIAN AUTHORITY,<br><br>    Judgment-Debtors,<br><br>v.<br><br>WACHOVIA BANK,<br><br>    Third-Party Attachment Respondent. | Civil Action No. : 1:05-mc-00180-UNA |

## CROSS MOTION OF WACHOVIA BANK, N.A., FOR LEAVE TO DEPOSIT FUNDS IN COURT REGISTRY OR, ALTERNATIVELY, TO FILE INTERPLEADER, AND RESPONSE TO JUDGMENT-CREDITORS' MOTION FOR CONDEMNATION AND TURNOVER

Wachovia Bank, N.A. ("Wachovia"), through undersigned counsel, hereby responds to the Urgent Motion for an Expedited Order of Condemnation and Turnover Against Wachovia Bank filed by Judgment-Creditors on June 10, 2005 ("Turnover Motion"), by filing a Cross Motion for relief, pursuant to Rule 67 of the Federal Rules of Civil Procedure ("Rules"), or alternatively, for leave to file an Interpleader pursuant to Rule 22 and 28 U.S.C. §1335.

The Turnover Motion was filed on behalf of the Estate of Yaron and Efrat Ungar, one of ten Judgment-Creditors who obtained Final Judgment against the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"), in the case captioned Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al., Civil Action No. 1:00-cv-00105-L, in the United States

DC-725368 v2 0303911-0115

District Court for the District of Rhode Island ("District of Rhode Island"). The Final Judgment was registered as a foreign judgment in this Court on May 9, 2005. (Docket Entry at 1). The Turnover Motion seeks to have the Court order Wachovia to distribute to counsel for all of the Judgment-Creditors, all funds it maintains on behalf of the PA and the PLO, as Judgment-Debtors.[1]

Wachovia objects to the Turnover Motion for a number of reasons. First, the Turnover Motion requests that Wachovia be ordered to take an action that potentially could violate, or be deemed inconsistent with, the injunctive orders already issued by the District of Rhode Island, as well as a restraining order issued by the Supreme Court for the State of New York. Further, the funds are also the subject of demands by Judgment-Debtors who maintain that they, as the holders of these accounts, are entitled to a disbursement of funds from those accounts for their office expenses, consistent with the terms of the Injunction issued by the District of Rhode Island. It is clear that the existence of conflicting and inconsistent orders and claims requires a judicial determination of the parties' rights and claims respecting the disposition of these funds, and that the relief sought by Judgment-Creditors should be considered in light of the other orders that have already been issued by the Courts.

Second, the Turnover Motion is essentially duplicative of a proceeding already initiated by Judgment-Creditors when they caused this Court to issue a Writ of Attachment on June 6, 2005 ("Writ of Attachment") respecting these funds. Wachovia responded to the Writ of Attachment and served notice of its response on counsel for all of the parties in interest on June

---

[1] The Turnover Motion also requests that the Court order Judgment-Debtors and Wachovia to respond to the Motion within five (5) days of receiving a copy of the Turnover Motion, without articulating any reason that would support such a departure from Local Rules. Nevertheless, such request is mooted with respect to Wachovia since Wachovia now responds herein to the Turnover Motion.

16, 2005, within the ten-day period afforded by the writ process. Since that process is already underway, a request that the funds be condemned and turned over to counsel for one of the Judgment-Creditors is unnecessary and premature.

Wachovia has neither any interest in the disputed funds nor any involvement in the underlying litigation that resulted in the Final Judgment. Yet Wachovia is now drawn into a contentious dispute over these funds revolving around inconsistent Court orders. Wachovia submits that judicial involvement is required to interpret and, if possible, harmonize the inconsistent orders and determine the claims and rights asserted with respect to these funds by the parties to the underlying dispute.

Accordingly, as explained in the accompanying Memorandum of Points and Authorities, Wachovia seeks relief from the Court in the form of an order, pursuant to Rule 67, granting Wachovia leave to deposit the funds at issue in the Court's registry, and discharging Wachovia from further obligation as to these funds while those parties with an interest in the funds litigate their dispute.

Furthermore, it is unclear whether all parties with an interest in or claims against these funds have been joined in this action. This action to enforce the Final Judgment appears to have been brought on behalf of only one of the ten Plaintiffs in the District of Rhode Island case who obtained the Final Judgment. Also, the only Judgment-Debtor named in this case is the PA, yet the Wachovia accounts in which the disputed funds are deposited are titled in the names of the PLO and the PLO Mission to the USA.

Thus, in the event that the Court determines that all parties in interest have not been joined, Wachovia seeks leave, in the alternative, to file an interpleader action pursuant to Rule 22 and 28 U.S.C. §1335, which will join before this Court in this action all parties who assert or are

3

likely to assert claims with respect to these funds. Wachovia would seek an award of attorneys' fees and costs incurred in connection with such action. A proposed Interpleader Complaint is attached hereto at Exhibit A.

Last, Wachovia seeks to be discharged by this Court from any further obligations with respect to the funds at issue, including, but not limited to any obligations pursuant to the Writ of Attachment issued by this Court on June 6, 2005.

Wachovia submits that its Cross Motion will permit the Court to efficiently determine the disposition of the disputed funds while shifting the burden of litigation over the funds away from the stakeholder and to the parties to the underlying dispute.

As required by Local Rules, Wachovia has sought to obtain the consent of counsel for Judgment-Creditors and Judgment-Debtors to its Cross Motion but was unable to reach counsel as of the time of this filing.

A proposed order is attached for the Court's convenience.

Wachovia requests a hearing on its Cross Motion in the event that it would be beneficial to the Court.

> Respectfully submitted,
>
> KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
>
> /s/ *[signature]*
> Stephen G. Topetzes, Esq.
> Stavroula E. Lambrakopoulos, Esq.
> 1800 Massachusetts Avenue, N.W.
> Washington, D.C. 20036
> O: (202) 778-9000
> F: (202) 778-9100
> *Counsel to Wachovia Bank, N.A.*

DATED:   June 21, 2005

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2005, I caused the foregoing pleadings filed by Wachovia Bank, N.A., to be served by federal express, on the following:

David Strachman, Esq.
McIntyre, Tate, Lynch & Holt, LLP
321 South Main Street
Suite 400
Providence, Rhode Island 02903
*Counsel to Judgment-Creditors*

Maher Hanania, Esq.
Hanania, Kheder & Nawash, P.C.
6066 Leesburg Pike, Suite 101
Falls Church, VA 22041
*Counsel to Judgment-Debtors*

Lawrence W. Schilling, Esq.
Ramsey Clark
36 East 12th Street
New York, NY 10003
*Counsel to Judgment-Debtors*

_____
Stavroula E. Lambrakopoulos, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF YARON UNGAR, et al.,

    Judgment Creditors,

v.

THE PALESTINIAN AUTHORITY, et al.,

    Judgment Debtors,

v.

WACHOVIA BANK,

    Third-Party Attachment Respondent.

Judge: Gladyss Kessler

05 mc 180(GK)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THE
MOTION OF THE PLO MISSION FOR AN
ORDER DIRECTING THE WACHOVIA
BANK TO HONOR THE MISSION'S CHECKS
FOR PAYMENT OF ITS NORMAL
<u>OPERATING EXPENSES</u>**

This memorandum is submitted in support of a motion by the PLO Mission in Washington D.C., established under the Foreign Missions Act, for an order directing the Wachovia Bank to honor checks drawn by the Mission on its existing accounts at the Bank for payment of the normal expenses necessary for the daily operations of its office, and for the replenishment of its accounts as necessary for the payment of the Mission's normal operating expenses by transfers originating from without the United States, pursuant to the authority granted in the temporary restraining order and the permanent injunction issued on April 19, 2005

1

and May 5, 2005, respectively, by the United States District Court for the District of Rhode Island, the Court which issued the judgment registered herein, attached as Exhibits 1 and $2^1$ to the Mission's present motion.

The restraining notice and permanent injunction of the Rhode Island Court authorize as an exception to the prohibitions on transfers of assets of the PA and the PLO they are imposing, as requested by the Ungar plaintiffs (hereinafter "the judgment creditors"), that the normal operating expenses of the Mission will continue to be withdrawn from its existing bank accounts, and that the accounts may be replenished as necessary to pay these expenses so long as this is done by transfers originating from without the United States.

This exception is set forth in identical language in both the temporary restraining order and the permanent injunction, as follows:

> Notwithstanding [the prohibitions on transfer being imposed] Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington D.C.
> and at the United Nations, from existing bank accounts used by Defendants for that purpose as of the date of this Order ("office accounts"). Defendants are prohibited from replenishing or crediting the office accounts except by transfer of funds originating from without the United States.

---

[1] Do to technical problem the attachments to the Motion are being submitted all under Exhibit 1

On April 19, 2005 and May 5, 2005, for some years theretofore and continuing to date, the Mission had two accounts at the Wachovia Bank in Washington, D.C. that were established and had been used at all times for the sole purpose of meeting the Mission's normal operating expenses. The Mission withdrew payment of its normal operating expenses from one account, and maintained a deposit in the second account as security for the Mission's office rent, as required by the landlord. According to papers filed herein by the Bank, on June 16, 2005 the balance in these accounts was $142,731.90 and $53,424.15, respectively, a total of $196,156.05.

Unless the Mission is able to use these funds to pay the normal expenses of its office operations it will be necessary to close the Mission with the attendant negative consequences to peace in the Middle East.

The normal operating expenses of the Mission for April and May 2005 were $56,917.47and $51,775.19 respectively, and for June 2005 are expected to be $59,231.44, a total for the three months of $ 167,924.10. Lists of these monthly expenses are attached. As Exhibits 3-5. After the expenses for April through June 2005 are paid, the balance remaining in the accounts will be $28,231.95. This amount will be insufficient to pay the Mission's total normal operating expenses for July 2005 and the accounts will need to be replenished by transfers originating from without the United States as authorized by the above-quoted provision.

Despite repeated requests by the Mission to the Wachovia Bank and the Judgment Creditors, no check for payment of any of the Mission's normal operating expenses, including employees salaries and office rent, has been honored by the Wachovia Bank since April 19, 2005, the date of the restraining order. In their present application for a

3

turnover order, the Judgment Creditors demand that all of the funds in the Mission's accounts at the Wachovia Bank be turned over to them. In demanding that all the funds be paid to them, they make no mention whatsoever in their motion papers of the authority for withdrawal of the Mission's normal operating expenses from its accounts and replenishment of the accounts, or of the consequences to the PLO Mission if it is deprived of its operating expenses.

Because these normal operating expenses of the Mission have been unpaid since April 19, 2005 the Mission's operations are in jeopardy as is the continued existence of the Mission.

The Judgment Creditors interference with the payment of these expenses is a repudiation of their prior position in applying for the broad injunctive relief which they obtained, and is contrary to the authority granted by the Rhode Island court for payment of the Mission's expenses and replenishment of its accounts and the clear intention of the orders of the District Court to protect thee operation of the PLO Mission. It unjustifiably hinders and is contrary to the important public interests that are served by the Mission as the representative in Washington D.C. of a foreign government engaged in sensitive and difficult efforts to achieve peace in the Middle East.

Upon information and belief, the refusal of the judgment creditors to acknowledge that the payment of the normal operating expenses of the Mission is authorized and the threats and proceedings against the Bank they have initiated, have dissuaded the Bank from honoring the checks for payment of the Mission's normal operating expenses which the Bank has consistently honored over the years, and which the Bank would otherwise have readily honored.

4

## Conclusion

This motion by the PLO Mission should be granted, and an order issued directing Wachovia Bank to honor the withdrawal by the Mission of its normal operating expenses from its existing accounts, and for the accounts to be replenished as necessary by transfers originating from without the United States.

Dated: June 24, 2005

Respectfully submitted,

Ramsey Clark
Lawrence W. Schilling
37 W 12 St. 2B
New York, NY 10011
212-989-6613
212-979-1583 fax

Maher Hanania, Esq.
Bar # 464766
6066 Leesburg Pike, Suite 400
Falls Church, VA 22015
(703)778-6865
Attorneys for the PLO Mission