UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al )
v. ) C.A. No. 00-105L
THE PALESTINIAN AUTHORITY, et al )

**PALESTINIAN DEFENDANTS' OBJECTION TO**
**PLAINTIFFS' MOTION TO ADD "CLARIFICATORY" LANGUAGE**

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") hereby object to plaintiffs' motion to add "clarificatory" language to this Court's temporary restraining order issued on plaintiffs' ex parte application on April 19, 2005 ("TRO") and to this Court's injunction carrying forward the provisions of the TRO entered on May 5, 2005 ("the Injunction").

A Memorandum is filed herewith.

Dated: July 11, 2005

Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
37 West 12th Street - 2B
New York, NY 10011
212-989-6613
212-979-1583 (FAX)

352

Attorneys for Defendants
The Palestinian Authority and
The PLO

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2005, a copy of the within Objection was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al )
)
v. ) C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, et al )

**MEMORANDUM IN SUPPORT OF PALESTINIAN DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO ADD "CLARIFICATORY" LANGUAGE**

This memorandum is submitted by defendants PA and PLO in support of their objection to plaintiffs' motion to add "clarificatory" language to this Court's temporary restraining order issued on plaintiffs' ex parte application on April 19, 2005 ("TRO") and to this Court's injunction carrying forward the provisions of the TRO entered on May 5, 2005 ("the Injunction"), together with the order sought by plaintiffs authorizing them to register their judgment against defendants immediately without waiting for the time ordinarily required under 28 U.S.C. §1963.

ARGUMENT

The TRO and Injunction expressly gave the PLO Mission in Washington and the U.N. Mission in New York permission to withdraw from their "existing bank accounts" their normal operating expenses, and expressly enjoined defendants from replenishing the accounts with one exception, which permitted the accounts to be replenished by transfer of funds from outside the United States.

This permission was granted in the TRO and Injunction in an identical paragraph which reads as follows:

> 2. Notwithstanding the provisions of paragraph 1, Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington, D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose as of the date of this Order ("office accounts"). Defendants are prohibited from replenishing or crediting the office accounts except by transfer of funds originating from without the United States.

There is no ambiguity in this language. Its meaning is plain. As plaintiffs explained on April 19, 2005 in papers supporting their application for the TRO:

> In order to spare the Court and themselves unnecessary wrangling with defendants over de minimis amounts, the proposed Order submitted by plaintiffs permits defendants to continue to draw normal operating expenses from existing accounts for their offices at the UN, and in Washington, D.C. (n.1, Supporting Memo at p. 2.)

The continuing operation of the offices in Washington, D.C. and at the U.N. was referred to by plaintiffs as recently as June 3, 2005 in the papers they submitted to this Court proposing withholding from the authority of the receiver whose appointment they sought

> "the existing bank accounts used by defendants to operate their offices in the UN and in the District of Columbia."

Plaintiffs' Verified Memorandum in support of their Motion for Appointment of a Receiver, p. 19. Plaintiffs are now saying on their present motion for clarification that the continued operation of the Washington and U.N. offices from existing bank accounts, free from seizure to satisfy their judgment against defendants, was never contemplated at all and that language should now be added to the TRO and injunction *nunc pro tunc* to make this clear.

Plaintiffs explain that paragraph 2 was included by them in the form of TRO and Injunction they drafted to obviate any objections defendants might otherwise raise which might

delay the granting of the injunctive relief and authority to register the judgment they were seeking.

As plaintiffs put it, they refrained from asking this Court to enjoin defendants' office accounts because plaintiffs sought to prevent defendants from exploiting the issue of their office accounts to raise extraneous arguments aimed at delaying issuance of the Injunction. See plaintiffs supporting memorandum on this motion at pp. 2-3. Plaintiffs sought to avoid, by the permission they included in the TRO and Injunction, any need for this Court to determine whether the Missions, because of their official functions under U.S. law, were entitled to remain open and continue their operations, notwithstanding the judgment against defendants. See United States v. PLO, 695 F. Supp. 1456 (S.D.N.Y. 1988).

Plaintiffs made it unnecessary for these issues to be raised and for this Court to consider them because permission for continued operations from existing funds and replenished funds was granted in the TRO and injunction as drafted by plaintiffs.

The language plaintiffs are asking in their proposed order be added to the TRO and injunction *nunc pro tunc* at the end of paragraph 2 and in a new paragraph 4 is set forth below in boldface:

> 2. Notwithstanding the provisions of paragraph 1, Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington, D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose as of the date of this Order ("office accounts"). Defendants are prohibited from replenishing or crediting the office accounts except by transfer of funds originating from without the United States. **Nothing in this paragraph shall limit or restrict Plaintiffs from conducting any collection, attachment, enforcement or turnover proceedings against any funds or deposits in the office accounts or shield any funds or deposits in the office accounts from such proceedings.**

* * *

Following Paragraph 3 of the Restraining Order and the Injunction, the following clarificatory Paragraph 4 is added:

**4. Nothing herein shall enjoin, restrain or otherwise prevent any person or entity from turning over or transferring to any of the Plaintiffs any assets or property in which either Defendant has an interest.**

The proposed additions are in direct conflict with the text to which they are added. The meaning of this added language is also unclear but assuming it means what plaintiffs say it does, plaintiffs are simply asking for retroactive cancellation of the permission for continued operation of the U.N. and Washington offices granted in the TRO and Injunction. Having misled defendants into believing the offices were protected, and having secured the benefit of the prompt receipt of the relief they sought, defendants now ask this Court to retract the permission retroactively. Their present objective, revealed by a motion for a turnover order they have filed in Washington, D.C., is to obtain for themselves the entire balance in the accounts as of April 19, 2005, and any funds subsequently transferred to the office accounts whether originating from within or without the United States.

## Conclusion

As a matter of clear language and fairness, the relief plaintiffs are seeking on this motion for the addition of "clarificatory" language is unwarranted. The motion should be denied.

Respectfully submitted,

Dated: July 11, 2005

Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
37 West 12th Street - 2B
New York, NY 10011
212-989-6613
212-979-1583 (FAX)

Attorneys for Defendants
The Palestinian Authority and
The PLO

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2005, a copy of the within Memorandum was faxed and mailed to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

Deming E. Sherman



PRV_742412_1/DSHERMAN