UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR URGENT MOTION TO ADD CLARIFICATORY LANGUAGE TO THE INJUNCTION OF MAY 5, 2005**

Defendants' Objection argues that this Court's TRO and Injunction granted defendants affirmative "permission" to continue withdrawing operating expenses for their offices in the District of Columbia and at the UN.

As shown in plaintiffs' motion papers, defendants are asserting in the U.S. District Court for the District of Columbia that the "permission" purportedly given defendants by this Court is peremptory and overrides and/or prohibits attachment and turnover process and proceedings initiated by plaintiffs in the D.D.C. under local law.

Defendants' Memorandum in Objection uses the layman's term "permission" no less than six times, but does not provide any legal explanation whatsoever of what "permission" defendants think this Court granted them in the Injunction and TRO.

Defendants do not claim that this Court made an *in rem* disposition of their bank accounts; nor could they, since this Court does not have *in rem* jurisdiction over property outside this district.

Thus, defendants can only be arguing that this Court exercised its *in personam* jurisdiction against the plaintiffs and enjoined the plaintiffs from conducting local attachment

and turnover proceedings against those accounts in their respective jurisdictions. That is the only legal mechanism by which this Court could have done what defendants claim it did.

In essence, then, defendants are claiming that the Injunction and TRO include an "anti-suit" injunction against the instant plaintiffs. Plaintiffs respectfully believe that this was definitely not the Court's intention in endorsing §2 of the Injunction and TRO.

Section 2 serves one narrow purpose: it is a carve-out of §1 of the Injunction and TRO – it reaches no further than that.

Thus, §2 simply preserves the *status quo ante* (that existed prior to entry of the TRO and Injunction) in respect to the office accounts.

Therefore, §2 does not enjoin plaintiffs, nor is it a grant of peremptory "permission."

As defendants themselves correctly note (Obj. at 3) plaintiffs included this carve-out in their proposed TRO and Injunction precisely in order to spare this Court the burden of hearing and deciding the inevitable claims by defendants (which they predictably cite in their Objection) that one or both of these accounts allegedly enjoy some sort of protection from execution.

Plaintiffs believed, and continue to believe, that this Court should not have to waste its time hearing defendants' claims about these accounts, and that any such claims (which are frivolous in any case) should be heard and decided by the local federal courts hearing plaintiffs' attachment and turnover proceedings in the respective jurisdictions.

Yet defendants are now arguing that this Court not only should, but already did decide that these accounts are off limits to the instant plaintiffs.

The clarificatory language requested would make pellucid the fact that this Court made no ruling whatsoever about the legal status of the office accounts and did not enjoin the plaintiffs from seeking their attachment and turnover in the relevant jurisdictions.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 12th day of July, 2005, I mailed and faxed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
36 East 12th Street
New York, NY 10003
(fax 212-979-1583)

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(fax 401-276-6611)