AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Estate of Yaron Ungar

V.

The Palestinian Authority

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 00-105L

TO: Deloitte & Touche LLP
200 Berkeley Street
Boston, MA 02116-1616

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 321 South Main St., Ste. 400, Providence, RI 02903 | 2/10/06 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Appendix A

| PLACE | DATE AND TIME |
|---|---|
| 321 South Main St., Ste. 400, Providence, RI 02903 | 1/24/06 at 10:00 a.m. |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | 1/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Strachman, 321 South Main St., Ste. 400, Providence, RI 02903
(401) 351-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

In accordance with and subject to the Definitions and Instructions set forth below, produce all documents in your possession or custody, or subject to your control, that concern, refer to, relate to, contain, evidence and/or constitute the following:

1. Any and all documents relating to, concerning, referring to, evidencing or concerning any and all audits, analyses and/or other services rendered by you for, to, concerning, regarding and/or relating to any of the Palestinian Pension Funds (collectively hereinafter: "Audits and Other Services"), including without limitation all of the following:

   i. Any and all agreements, contracts, letters and/or other documents pursuant to which you were hired, requested and/or retained to conduct and/or perform the Audits and Other Services, including any changes or modifications thereto;

   ii. Any and all invoices and/or billing/account statements regarding your compensation for the Audits and Other Services, including any documents evidencing any and all payment to you of such compensation;

   iii. Any and all documents that came into your possession and/or were obtained or received by you as a result of, incidental to and/or for the purpose of conducting and/or performing the Audits and Other Services, whether or not relied upon by you in conducting and/or performing the Audits and Other Services;

   iv. Any and all documents relied upon by you in conducting and/or performing the Audits and Other Services;

v. Any and all reports and other documents of any type produced and/or generated by you as a result of, incidental to, pursuant to and/or in the course of conducting and/or performing the Audits and Other Services;

vi. Any and all documents constituting and/or comprising correspondence and/or communication (by and between any parties, persons and/or entities) concerning, regarding and/or relating to the Audits and Other Services.

2. Any and all documents (including without limitation any and all correspondence and/or communications) relating to, concerning, referring to and/or concerning any of the Palestinian Pension Funds.

3. Any and all documents constituting and/or comprising correspondence and/or communication by and between any of the Palestinian Pension Funds (including any employee, official, agent and/or representative thereof) and any other persons, entities and/or parties (including without limitation you and any of your employee(s), official(s), agent(s) and/or representative(s)).

4. Any and all documents constituting and/or comprising correspondence and/or communication by and between the Palestinian Authority (a/k/a Palestinian National Authority) (including any employee, official, agent and/or representative thereof) and any other persons, entities and/or parties (including without limitation you and any of your employee(s), official(s), agent(s) and/or representative(s)).

5. Any and all documents constituting and/or comprising internal correspondence and/or communication by and between your personnel that refers to, relates to and/or concerns

any of the Palestinian Pension Funds and/or the Palestinian Authority (a/k/a Palestinian National Authority).

6. All documents submitted and filings made by you to any branch or agency of any state and/or federal government that refer to any of the Palestinian Pension Funds, the Palestinian Authority (a/k/a Palestinian National Authority) and/or the Audits and Other Services.

7. All documents relating to, referring to or concerning any of the documents requested above.

**DEFINITIONS**

1. "You" and "your" means, refers to and includes Deloitte & Touche LLP and all affiliated and/or subsidiary entities, and all officers, employees, agents and/or representatives thereof.

2. "Palestinian Pension Funds" means and includes any and all of the following:

i. Palestinian Pension Fund for [or: of] the State Administrative Employees;

ii. Palestinian Pension Fund for [or: of] the State Administrative Employees in [or: of] the Gaza Strip;

iii. Pension Fund for [or: of] the State Administrative Employees;

iv. Pension Fund for [or: of] the State Administrative Employees in [or: of] the Gaza Strip;

v. Palestinian Pension Fund;

vi. Palestine Pension Fund;

vii. Gaza Insurance and Pension General Corporation;

viii. General Insurance and Pension Corporation; and

ix. Palestinian Social Security and Pension Establishment ("PPF").

3. "Communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, notes, telegrams, correspondence, memoranda, facsimile transmissions or other forms of verbal, written, mechanical, or electronic intercourse.

4. "Document" is used in the broadest sense and shall have its complete meaning and scope given under Rule 34 of Federal Rules of Civil Procedure and shall also include any responsive tangible things. It shall include, but is not limited to, all original and draft pieces of paper bearing any handwriting, writing, printing, typing or marks of any kind, whether readable by persons or machines and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise. It shall further include without limitation correspondence, memoranda, messages, notes, e-mail communications, diaries, calendars, statistics, letters, telegrams, reports, minutes, telephone logs, contracts, reports, studies, invoices, checks, statements, receipts, returns, and graphic or oral records or representations of any kind; and all information kept by electronic, electromagnetic, photographic or mechanical means, including, without limitation, information stored on or readable by computers and audio/video recordings of any type.

5. "Person" means any natural person or any business, legal, commercial, charitable, or governmental entity or association whether incorporated or not.

6. "Relating to" means containing, showing or referring to in any way, directly or indirectly, and is meant to include, those subjects underlying, supporting, refuting, or discussing the subject matter of the Request. It also includes documents that are or were attached or appended to the responsive documents.

## INSTRUCTIONS

1. Each Request for documents requires the production of all documents described herein, in the witness' possession, custody, or control, including all documents held by agents, nominees, partners, accountants, attorneys, investment advisers, brokers, banks or others with whom witness has or has had a professional relationship, or has the power to obtain.

2. Each Request for documents requires production of documents in their entirety, without abbreviation or expurgation.

3. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

4. In the event that any document called for by the document Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, the nature of the privilege asserted, and the complete factual basis for its assertion. The log containing the above descriptions shall be produced contemporaneously with the documents responsive to the foregoing Requests.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

6. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. In addition, documents are to be produced in full and unexpurgated form.

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Estate of Yaron Ungar

V.

The Palestinian Authority

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 00-105L

TO: Deloitte & Touche USA LLP
200 Berkeley Street
Boston, MA 02116-1616

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 321 South Main St., Ste. 400, Providence, RI 02903 | 2/10/06 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Appendix A

| PLACE | DATE AND TIME |
|---|---|
| 321 South Main St., Ste. 400, Providence, RI 02903 | 1/24/06 at 10:00 a.m. |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David J. Strachman, Attorney for Plaintiff (signature) | 1/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

David J. Strachman, 321 South Main St., Ste. 400, Providence, RI 02903
(401) 351-7700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## APPENDIX A

In accordance with and subject to the Definitions and Instructions set forth below, produce all documents in your possession or custody, or subject to your control, that concern, refer to, relate to, contain, evidence and/or constitute the following:

1. Any and all documents relating to, concerning, referring to, evidencing or concerning any and all audits, analyses and/or other services rendered by you for, to, concerning, regarding and/or relating to any of the Palestinian Pension Funds (collectively hereinafter: "Audits and Other Services"), including without limitation all of the following:

    i. Any and all agreements, contracts, letters and/or other documents pursuant to which you were hired, requested and/or retained to conduct and/or perform the Audits and Other Services, including any changes or modifications thereto;

    ii. Any and all invoices and/or billing/account statements regarding your compensation for the Audits and Other Services, including any documents evidencing any and all payment to you of such compensation;

    iii. Any and all documents that came into your possession and/or were obtained or received by you as a result of, incidental to and/or for the purpose of conducting and/or performing the Audits and Other Services, whether or not relied upon by you in conducting and/or performing the Audits and Other Services;

    iv. Any and all documents relied upon by you in conducting and/or performing the Audits and Other Services;

v. Any and all reports and other documents of any type produced and/or generated by you as a result of, incidental to, pursuant to and/or in the course of conducting and/or performing the Audits and Other Services;

vi. Any and all documents constituting and/or comprising correspondence and/or communication (by and between any parties, persons and/or entities) concerning, regarding and/or relating to the Audits and Other Services.

2. Any and all documents (including without limitation any and all correspondence and/or communications) relating to, concerning, referring to and/or concerning any of the Palestinian Pension Funds.

3. Any and all documents constituting and/or comprising correspondence and/or communication by and between any of the Palestinian Pension Funds (including any employee, official, agent and/or representative thereof) and any other persons, entities and/or parties (including without limitation you and any of your employee(s), official(s), agent(s) and/or representative(s)).

4. Any and all documents constituting and/or comprising correspondence and/or communication by and between the Palestinian Authority (a/k/a Palestinian National Authority) (including any employee, official, agent and/or representative thereof) and any other persons, entities and/or parties (including without limitation you and any of your employee(s), official(s), agent(s) and/or representative(s)).

5. Any and all documents constituting and/or comprising internal correspondence and/or communication by and between your personnel that refers to, relates to and/or concerns

any of the Palestinian Pension Funds and/or the Palestinian Authority (a/k/a Palestinian National Authority).

6. All documents submitted and filings made by you to any branch or agency of any state and/or federal government that refer to any of the Palestinian Pension Funds, the Palestinian Authority (a/k/a Palestinian National Authority) and/or the Audits and Other Services.

7. All documents relating to, referring to or concerning any of the documents requested above.

## DEFINITIONS

1. "You" and "your" means, refers to and includes Deloitte & Touche USA LLP and all affiliated and/or subsidiary entities, and all officers, employees, agents and/or representatives thereof.

2. "Palestinian Pension Funds" means and includes any and all of the following:

i. Palestinian Pension Fund for [or: of] the State Administrative Employees;

ii. Palestinian Pension Fund for [or: of] the State Administrative Employees in [or: of] the Gaza Strip;

iii. Pension Fund for [or: of] the State Administrative Employees;

iv. Pension Fund for [or: of] the State Administrative Employees in [or: of] the Gaza Strip;

v. Palestinian Pension Fund;

vi. Palestine Pension Fund;

vii. Gaza Insurance and Pension General Corporation;

viii. General Insurance and Pension Corporation; and

ix. Palestinian Social Security and Pension Establishment ("PPF").

3. "Communication" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, emails, notes, telegrams, correspondence, memoranda, facsimile transmissions or other forms of verbal, written, mechanical, or electronic intercourse.

4. "Document" is used in the broadest sense and shall have its complete meaning and scope given under Rule 34 of Federal Rules of Civil Procedure and shall also include any responsive tangible things. It shall include, but is not limited to, all original and draft pieces of paper bearing any handwriting, writing, printing, typing or marks of any kind, whether readable by persons or machines and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise. It shall further include without limitation correspondence, memoranda, messages, notes, e-mail communications, diaries, calendars, statistics, letters, telegrams, reports, minutes, telephone logs, contracts, reports, studies, invoices, checks, statements, receipts, returns, and graphic or oral records or representations of any kind; and all information kept by electronic, electromagnetic, photographic or mechanical means, including, without limitation, information stored on or readable by computers and audio/video recordings of any type.

5. "Person" means any natural person or any business, legal, commercial, charitable, or governmental entity or association whether incorporated or not.

6. "Relating to" means containing, showing or referring to in any way, directly or indirectly, and is meant to include, those subjects underlying, supporting, refuting, or discussing the subject matter of the Request. It also includes documents that are or were attached or appended to the responsive documents.

**INSTRUCTIONS**

1. Each Request for documents requires the production of all documents described herein, in the witness' possession, custody, or control, including all documents held by agents, nominees, partners, accountants, attorneys, investment advisers, brokers, banks or others with whom witness has or has had a professional relationship, or has the power to obtain.

2. Each Request for documents requires production of documents in their entirety, without abbreviation or expurgation.

3. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

4. In the event that any document called for by the document Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian, the nature of the privilege asserted, and the complete factual basis for its assertion. The log containing the above descriptions shall be produced contemporaneously with the documents responsive to the foregoing Requests.

5. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible, including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; person(s) authorizing the disposal; person(s) currently in possession of the document; and person disposing of the document.

6. You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. In addition, documents are to be produced in full and unexpurgated form.