UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al )
)
v. ) C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, et al )

# NOTICE OF FILING

Notice is hereby given that The Palestinian Authority and the Palestine Liberation Organization are filing motions for abatement of proceedings in all actions pending against them in United States courts under the Anti-Terrorism Act of 1991. A copy of one such motion is attached hereto as Exhibit A.

Since there are no matters pending in this case at this time, no motion is filed. The defendants reserve the right to file such a motion or seek similar relief in the event that there are further proceedings in this case.

January 31, 2006

Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
401-274-9200
401-276-6611 (FAX)

Ramsey Clark
Lawrence W. Schilling
37 West 12th Street - 2B
New York, NY 10011
212-989-6613
212-979-1583 (Fax)

Attorneys for Defendants
The Palestinian Authority and
The PLO

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2006, I mailed a copy of the within Notice of Filing to David J. Strachman, Esq., McIntyre, Tate, Lynch and Holt, Suite 400, 321 South Main Street, Providence, RI 02903.

Deming E. Sherman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF ESTHER KLIEMAN, et al.

Plaintiffs,

04 CV 1173 (PLF)

v.

THE PALESTINIAN AUTHORITY, et al.

Defendants.

.

**DEFENDANTS' MOTION FOR THE ABATEMENT OF ALL PROCEEDINGS IN THIS CASE FOR THREE MONTHS PENDING RECEIPT BY DEFENSE COUNSEL OF INSTRUCTIONS FROM THE NEW POLITICAL LEADERSHIP IN PALESTINE**

Defendants, the Palestinian Authority and the Palestine Liberation Organization, by their attorneys, respectfully move for the abatement of all proceedings in this case for three months, until May 1, 2006, pending receipt by defense counsel of instructions from the new political leadership in Palestine, relief defendants are requesting at this time in all eight of the actions against them in U.S. Courts under the Anti Terrorism Act of 1991, 18 U.S.C. §2331, et. seq., including this action, and in support of the motion state as follows.

During the weeks leading up to the Palestinian election defense counsel have not been able to communicate with the defendants or any officials of the government. At this crucial time of political turmoil, defense counsel have not received any instructions on issues in eight major cases and related proceedings. In view of the election's outcome, its uncertain consequences, and new officials yet to be determined, it is not clear what the instructions will be with respect to positions to be taken by the defendants in these eight U.S. cases under the Anti Terrorism Act ("ATA"). Defense counsel are making every effort to contact old and new officials to get instructions and to find out how the defendants wish to proceed and whether the undersigned will be asked to continue as defense counsel. There are major political differences between the former political leadership and the new large majority of Hamas, which could change instructions regarding conduct of the defense.

Under the circumstances and given the absence of instructions that exists with respect to the new government's position on these important aspects of the cases, an abatement of the proceedings is necessary and in the interests of justice. As present counsel in these cases we respectfully request an abatement, and we are therefore asking in each case for an order holding further proceedings in abeyance for three months, until May 1, 2006.

There is a real question whether the cases are now nonjusticiable as a threshold matter under the political question doctrine. See Hwang Geum Joo v. Japan, 413 F.3d 45, 47-48, (D.C.Cir. 2005), petition for certiorari pending, No. 05-543; see also Whiteman v. Dorotheum Gmbh. 431 F.3d 57 (2d Cir 2005)(2-1); Alperin v. Vatican Bank, 410 F.3d 532 (9th Cir. 2005)(2-

1) cert denied, 546 U.S. ___, No. 05-326, 05-539 (January 17, 2006). Both Joo and Whiteman were decided on remand by the Supreme Court for reconsideration in light of Republic of Austria v. Altmann, 542 U.S. 901 (2004).

The adverse effect of these eight ATA cases on U.S. foreign policy and national security interests, and on the peace process in which the U.S. has played a major role and may take new positions to meet new political conditions, are forcefully described in the Statement of Interest filed by the U.S. on September 12, 2005 in a judgment enforcement proceeding in Ungar, 18 MS 0302 (S.D.N.Y.). At this extremely sensitive moment, acts by U.S.Courts in any of these cases could cause irreparable injury to U.S. foreign policy and the Middle East struggle for peace. Further, in view of their potential adverse effect on vital U.S. foreign relations, the eight ATA cases should be treated as an exclusive constitutional responsibility of the Executive Branch until the United States states otherwise, or political conditions stabilize to a degree that judicial action clearly would not adversely affect U.S. foreign policy. Deference by federal courts to the Executive Branch is Constitutionally required, especially since issues of Palestine's sovereignty and statehood, matters squarely within Article II, and critically important matters of foreign policy, including war or peace delegated in Articles I and II to Congress and the President, are at the heart of the cases. As the Joo case illustrates and discusses, there is ample Executive authority and discretion to include settlement of civil tort claims in efforts to bring international hostilities to an end. 413 F.3d, supra, at 50-52. See also, the recent decision in Doe v. State of Israel, 400 F.Supp.2d 86 (D.C.D. 2005), holding Palestinian claims against Israel and related defendants arising from the Israeli-Palestinian conflict to be nonjusticiable under the political question doctrine. Can the lives of only one side to a conflict be nonjusticiable? If so, such a

rule will be perceived by those denied relief as hostile, discriminatory and unjust.

In view of the dire financial situation of the Palestinian government, and the impoverishment of the Palestinian people, the amount of the claims in the eight ATA cases, seeking billions of dollars, and their egregious one-sidedness, are major obstacles to the peaceful resolution of hostilities and the achievement of important U.S. objectives in the Middle East.

WHEREFORE defendants pray for an abatement of all proceedings until May 1, 2006.

Dated: January 30, 2006

Respectfully submitted,

Ramsey Clark
Lawrence W. Schilling

Maher Hanania Bar No.464766

37 West 12th Street 2B
New York, NY 10011
212-989-6613
212-979-1583

Attorneys for defendants, the Palestinian Authority and the Palestine Liberation Organization