UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ESTATE OF ESTHER KLIEMAN, et al.

       Plaintiffs,

                                      04 CV 1173 (PLF)

   v.

THE PALESTINIAN AUTHORITY, et al.

       Defendants.

.


**DEFENDANTS' MOTION FOR THE ABATEMENT OF ALL PROCEEDINGS
IN THIS CASE FOR THREE MONTHS PENDING RECEIPT BY DEFENSE COUNSEL
OF INSTRUCTIONS  FROM THE NEW POLITICAL LEADERSHIP IN PALESTINE**


Defendants, the Palestinian Authority and the Palestine Liberation Organization, by their attorneys, respectfully move for the  abatement of all proceedings in this case for three months, until May 1, 2006, pending receipt by defense counsel of instructions from the new political leadership in Palestine, relief  defendants are requesting at this time in all eight of the actions against them in U.S. Courts under the Anti Terrorism Act of 1991, 18 U.S.C. §2331, et. seq., including this action, and in support of the motion state as follows.

During the weeks leading up to the Palestinian election defense counsel have not been able to communicate with the defendants or any officials of the government.  At this crucial time of political turmoil, defense counsel have not received any instructions on issues in eight major cases and related proceedings.  In view of the election's outcome,  its uncertain consequences, and new officials yet to be determined, it is not clear what the instructions will be with respect to positions to be taken by the defendants in these eight U.S. cases under the Anti Terrorism Act ("ATA").  Defense counsel are making every effort to contact old and new officials to get instructions and to find out how the defendants wish to proceed and whether the undersigned will be asked to continue as defense counsel.   There are major political differences between the former political leadership and the new large majority of Hamas, which could change instructions regarding conduct of the defense.

Under the circumstances and given the absence of instructions that exists with respect to the new government's position on these important aspects of the cases, an abatement of the proceedings is necessary and in the interests of justice.   As present counsel  in these cases we respectfully request an abatement, and we are therefore asking in each case for an order holding further proceedings in abeyance for three months, until May 1, 2006.

There is a real question whether the cases are now nonjusticiable as a threshold matter under the political question doctrine.  See Hwang Geum Joo v. Japan, 413 F.3d 45, 47-48, (D.C.Cir. 2005),  petition for certiorari pending, No. 05-543; see also  Whiteman v. Dorotheum Gmbh. 431 F.3d 57 (2d Cir 2005)(2-1); Alperin v. Vatican Bank, 410 F.3d 532 (9th Cir. 2005)(2-

1) cert denied, 546 U.S. ___, No. 05-326, 05-539 (January 17, 2006).  Both Joo and Whiteman

were decided on remand by the Supreme Court for reconsideration in light of Republic of Austria

v. Altmann, 542 U.S. 901 (2004).

The adverse effect of these eight ATA cases on U.S. foreign policy and national security

interests, and on the peace process in which the U.S. has played a major role and may take new

positions to meet new political conditions, are forcefully described in the Statement of Interest

filed by the U.S. on September 12, 2005 in a judgment enforcement proceeding in Ungar,

18 MS 0302 (S.D.N.Y.).   At this extremely sensitive moment, acts by U.S.Courts in any of these

cases could cause irreparable injury to U.S. foreign policy and the Middle East struggle for peace.

Further, in view of their potential adverse effect on vital U.S. foreign relations, the eight ATA

cases should be treated as an exclusive constitutional responsibility of the Executive Branch until

the United States states otherwise, or political conditions stabilize to a degree that judicial action

clearly would not adversely affect U.S. foreign policy.  Deference by federal courts to the

Executive Branch is Constitutionally required, especially since issues of Palestine's sovereignty

and statehood, matters squarely within Article II, and critically important matters of foreign

policy, including war or peace delegated in Articles I and II to Congress and the President, are at

the heart of the cases.   As the Joo case illustrates and discusses, there is ample Executive

authority and discretion to include settlement of civil tort claims in efforts to bring international

hostilities to an end.  413 F.3d, supra, at 50-52.   See also, the recent decision in Doe v. State of

Israel, 400 F.Supp.2d 86 (D.C.D. 2005), holding Palestinian claims against Israel and related

defendants arising from the Israeli-Palestinian conflict to be nonjusticiable under the political

question doctrine.   Can the lives of only one side to a conflict be nonjusticiable?  If so, such a

3

rule will be perceived by those denied relief as hostile, discriminatory and unjust.

In view of the dire financial situation of the Palestinian government, and the impoverishment of the Palestinian people,   the amount of the claims in the eight ATA cases, seeking billions of dollars, and their egregious one-sidedness, are major obstacles to the  peaceful resolution of hostilities and the achievement of important U.S. objectives in the Middle East.

WHEREFORE defendants pray for an abatement of all proceedings until May 1, 2006.

Dated: January 30, 2006                         Respectfully submitted,


                                                Ramsey Clark
                                                Lawrence W. Schilling

                                                Maher Hanania Bar No.464766

                                                37 West 12th Street 2B
                                                New York, NY 10011
                                                 212-989-6613
                                                 212-979-1583


                                                Attorneys for defendants, the Palestinian
                                                Authority and the Palestine Liberation Organization

4