UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.  00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### APPLICATION FOR ENTRY OF CONSENT ORDER

Now come the Plaintiffs and for the reasons stated below hereby apply ex parte for the entry of the attached order limiting the scope of the injunction entered by this Court on May 5, 2005:

1. On July 13, 2004, this Court entered final judgment against the defendants in this matter. The judgment was affirmed by the First Circuit and a petition for a writ of certiorari was denied. Ungar v. The Palestine Liberation Organization, 402 F.3d 274, cert denied 126 S.Ct. 715 (2005).

2. Defendants have refused to honor the judgment and the plaintiffs have therefore been forced to initiate enforcement proceedings around the country and abroad.

3. Among their other enforcement proceedings, plaintiffs have sought execution in the United States District Court for the District of Connecticut against interests in several partnerships affiliated with Canaan Equity, an investment firm located in Connecticut.

4. Some of the Canaan partnership interests are claimed by the "Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip" ("PPF"), which plaintiffs believe to be an alias for defendant Palestinian Authority. Plaintiffs are also seeking turnover of

additional assets nominally titled to the PPF located in New York, in New York state court. Because the New York PPF assets are both far more extensive and more liquid than the Connecticut partnership interests, plaintiffs concluded that it would be wasteful and duplicative to continue the Connecticut litigation regarding the PPF and that it would be wisest to focus their limited resources on the New York PPF litigation.

5. Accordingly, counsel for plaintiffs and the PPF have reached a stipulation providing for the dismissal of the proceedings in Connecticut, which has been entered by U.S. District Judge Peter C. Dorsey. Exhibit A.

6. Under that stipulation, plaintiffs are required to move this Court (as they are now doing by this application) to issue an Order, in the form attached hereto as Exhibit B, which provides that any PPF interests in the Canaan partnerships are not and shall not be construed to be restrained by the Injunction issued by this Court on May 5 2005.

7. Under the stipulation, the Connecticut proceedings regarding the PPF will be dismissed upon this Court's endorsement of the attached Order (Exhibit B) and the filing of that Order in the Connecticut federal court.

8. The Court is therefore respectfully requested to endorse the Order attached hereto as Exhibit B.

9. This application is being made ex parte because (a) it seeks to <u>limit</u> the effect of the injunction against defendants' assets and (b) it is made pursuant to the stipulation with the PPF's counsel endorsed by the Connecticut federal court.

WHEREFORE, plaintiffs request that the attached order be entered forthwith.

Plaintiffs, by their Attorneys,

_____
David J. Strachman  #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the ___8___ day of May, 2006, I mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Charles L. Kerr
Mark D. McPherson
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0050

_____

3