Now come the Plaintiffs and for the reasons stated below hereby apply ex parte for the entry of the attached order limiting the scope of the injunction entered by this Court on May 5, 2005:

1. On July 13, 2004, this Court entered final judgment against the defendants in this matter. The judgment was affirmed by the First Circuit and a petition for a writ of certiorari was denied. Ungar v. The Palestine Liberation Organization, 402 F.3d 274, cert denied 126 S.Ct. 715 (2005).

2. Defendants have refused to honor the judgment and the plaintiffs have therefore been forced to initiate enforcement proceedings around the country and abroad.

3. Among their other enforcement proceedings, plaintiffs have sought execution in the United States District Court for the District of Connecticut against interests in several partnerships affiliated with Canaan Equity, an investment firm located in Connecticut.

4. Some of the Canaan partnership interests are claimed by the "Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip" ("PPF"), which plaintiffs believe to be an alias for defendant Palestinian Authority. Plaintiffs are also seeking turnover of

to continue the Connecticut litigation regarding the PPF and that it would be wisest to focus their limited resources on the New York PPF litigation.

5. Accordingly, counsel for plaintiffs and the PPF have reached a stipulation providing for the dismissal of the proceedings in Connecticut, which has been entered by U.S. District Judge Peter C. Dorsey. Exhibit A.

6. Under that stipulation, plaintiffs are required to move this Court (as they are now doing by this application) to issue an Order, in the form attached hereto as Exhibit B, which provides that any PPF interests in the Canaan partnerships are not and shall not be construed to be restrained by the Injunction issued by this Court on May 5 2005.

7. Under the stipulation, the Connecticut proceedings regarding the PPF will be dismissed upon this Court's endorsement of the attached Order (Exhibit B) and the filing of that Order in the Connecticut federal court.

8. The Court is therefore respectfully requested to endorse the Order attached hereto as Exhibit B.

9. This application is being made ex parte because (a) it seeks to limit the effect of the injunction against defendants' assets and (b) it is made pursuant to the stipulation with the PPF's counsel endorsed by the Connecticut federal court.

WHEREFORE, plaintiffs request that the attached order be entered forthwith.

Plaintiffs, by their Attorneys,

David J. Strachman #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 8 day of May, 2006, I mailed a true co within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903

Charles L. Kerr
Mark D. McPherson
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0050

**David J. Strachman**

---

**From:** CMECF@ctd.uscourts.gov
**Sent:** Thursday, May 04, 2006 12:03 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:05-mc-00208-PCD Strachman et al v. Palestinian Authority et al**
**Order 56**

**Docket Text:**
ELECTRONIC ORDER SO ORDERED re [55] Stipulation and Order filed by David Strachman,, Dvir Ungar,, Judith Ungar,, Uri Dasberg,, Judith Dasberg,, Amichai Ungar,, Dafna Ungar,, Michal Cohen,, Palestinian Pension Fund,, [54] MOTION for Approval of Settlement filed by David Strachman,, Dvir Ungar,, Judith Ungar,, Uri Dasberg,, Judith Dasberg,, Amichai Ungar,, Dafna Ungar,, Michal Cohen,, Palestinian Pension Fund, . Signed by Judge Peter C. Dorsey on 5/3/06. (Malone, P.)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x

DAVID STRACHMAN, Administrator of the Estate of Yaron Ungar, et al.,

Plaintiffs-Judgment Creditors,

-against-

THE PALESTINIAN AUTHORITY, et al.,

Defendants-Judgment Debtors.

---------------------------------------------------------------x

Case No. 3:05-mc-00208-PCD

STIPULATION AND ORDER

WHEREAS, on July 13, 2004, the United States District Court for the District of Rhode Island entered final judgment in *Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L (D.R.I.) (the "*Ungar* Action") in favor of Plaintiffs Estate of Ungar, *et al.* ("Plaintiffs") and against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the District Court for the District of Rhode Island issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA);" and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in this Court; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in this Court a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356a of the Connecticut General Statutes (Docket Entry No. 13) (the "Fund's Claim for Determination of Interests"); and

WHEREAS, on or about January 30, 2006, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip moved to dismiss this proceeding (as against the Fund) for lack of subject matter jurisdiction or, in the alternative, for a bond pursuant to section 52-356c(e) of the Connecticut General Statutes (Docket Entry Nos. 32-34, 36-39) (the "Fund's Motion to Dismiss"); and

WHEREAS, subject to the terms of this Stipulation and Order, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip have agreed to resolve any and all disputes as between them with respect to this proceeding, including but not limited to, the Writ of Execution, the Fund's Claim for Determination of Interests and the Fund's Motion to Dismiss, and have agreed that any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by the Writ of Execution or any other post-judgment proceedings in this or any other Court.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel for Plaintiffs and counsel for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip, that:

1. Plaintiffs shall submit to the United States District Court for the District of Rhode Island a Proposed Order, a copy of which is attached hereto as Exhibit A (the "Rhode Island Order"), which provides that the Judgments, the Injunction and/or any Notice of Injunction served by or on behalf of Plaintiffs shall not apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State

Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. Neither the Judgments themselves, nor the Court's May 5, 2005 Injunction, nor any Notice of Injunction served by or on behalf of Plaintiffs shall apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V. Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court.

SO ORDERED:

________________________________
United States District Judge

Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

2. Upon the United States District Court for the District of Rhode Island's approval and entry of the Rhode Island Order, counsel for Plaintiffs and counsel for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall submit to this Court and this Court will endorse and enter an Order in the form attached hereto as Exhibit B.

3. Pending submission, endorsement and entry of the Order described in Paragraph 2 above, the following matters and proceedings are stayed: (a) the Writ of Execution, but only to the extent that it can be construed to, or does, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan; (b) the Fund's Claim for Determination of Interests; and (c) the Fund's Motion to Dismiss.

4. Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall each bear their own costs and attorneys' fees in this action, and both Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip waive any claim they may have had to any losses, costs and attorneys' fees arising out of this action only and/or resulting from the restraint of the assets and interests to which this Stipulation relates.

5. By entering into this Stipulation, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is not, and shall not be construed to be, admitting and/or conceding: (1) that this Court has jurisdiction over it or any of its assets; (2) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is or was a

party to this action; (3) that the Injunction applies to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's assets; or (4) any other fact or legal position not expressly stated in this Stipulation.

6. By entering into this Stipulation, Plaintiffs are not, and shall not be construed to be, admitting and/or conceding: (1) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is legally distinct or distinguishable from the Judgment-Debtors in this action; (2) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is the actual owner of the interests in Canaan; or (3) any other fact or legal position not expressly stated in this Stipulation.

7. Other than expressly set forth above, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip expressly reserve all rights, claims and defenses, and shall not be deemed to have waived any rights, claims or defenses by executing this Stipulation and/or having this Stipulation So Ordered by this Court.

Dated: Waterbury, CT
May 1, 2006

TINLEY, NASTRI, RENEHAN & DOST

By: ______________________
Jeffrey J. Tinley

60 North Main Street, 2nd Flr.
Waterbury, Connecticut 06702
Telephone: (203) 596-9030

*Attorneys for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip*

Dated: Milford, CT
May __, 2006

HARLOW, ADAMS & FRIEDMAN, P.C.

By: ______________________
Stephen P. Wright

300 Bic Dr.
Milford, CT 06460-3058
Telephone: (203) 878-0661

*Attorneys for Plaintiffs Estate of Yaron Ungar, et al.*



ny-690991

Dated: New York, NY
May 1, 2006

MORRISON & FOERSTER LLP

By: ______________________
Charles L. Kerr
Mark D. McPherson
Kyle W.K. Mooney

1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468-8000

*Attorneys for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip*

Dated: Providence, RI
May __, 2006

MCINTYRE TATE LYNCH & HOLT, L.L.P.

By: ______________________
David J. Strachman

321 South Main Street, Suite 400
Providence, RI 02903
Telephone: (401) 351-7700

*Attorneys for Plaintiffs Estate of Yaron Ungar, et al.*

SO ORDERED:

______________________
United States District Judge



ny-690991

| | |
|---|---|
| Dated: New York, NY<br>May __, 2006 | Dated: Providence, RI<br>May 1, 2006 |
| MORRISON & FOERSTER LLP | MCINTYRE TATE LYNCH & HOLT, L.L.P. |
| By:______________________<br>Charles L. Kerr<br>Mark D. McPherson<br>Kyle W.K. Mooney | By: ______________________<br>David J. Strachman |
| 1290 Avenue of the Americas<br>New York, NY 10104-0050<br>Telephone: (212) 468-8000 | 321 South Main Street, Suite 400<br>Providence, RI 02903<br>Telephone: (401) 351-7700 |
| *Attorneys for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip* | *Attorneys for Plaintiffs Estate of Yaron Ungar, et al.* |

SO ORDERED:

______________________________

United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ESTATE OF YARON UNGAR, et al.,<br>Plaintiffs,<br>-against-<br>THE PALESTINIAN AUTHORITY, et al.<br>Defendants. | No. 00-105L<br><br>**ORDER** |

WHEREAS, on July 13, 2004, this Court entered final judgment in favor of Plaintiffs Estate of Ungar, *et al.* ("Plaintiffs") against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the Court issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of

the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)"; and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in the United States District Court for the District of Connecticut; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be issued by the District Court for the District of Connecticut and served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in the United States District Court for the District of Connecticut a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356c of the Connecticut General Statutes; and

WHEREAS, Plaintiffs have agreed to relinquish any claim or right to any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative