RECEIVED

MAY 8 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------------ x
                                                             :
ESTATE OF YARON UNGAR, et al.,                               :   No. 00-105L
                                                             :
                            Plaintiffs,                      :
                                                             :
            -against-                                        :   **ORDER**
                                                             :
THE PALESTINIAN AUTHORITY, et al.                            :
                                                             :
                            Defendants.                      :
                                                             :
------------------------------------------------------------ x

   WHEREAS, on July 13, 2004, this Court entered final judgment in favor of Plaintiffs Estate of Ungar, *et al.* ("Plaintiffs") against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

   WHEREAS, in connection with the Judgments, the Court issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

   WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of

ny-688396

the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)"; and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in the United States District Court for the District of Connecticut; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be issued by the District Court for the District of Connecticut and served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in the United States District Court for the District of Connecticut a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356c of the Connecticut General Statutes; and

WHEREAS, Plaintiffs have agreed to relinquish any claim or right to any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative

Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. Neither the Judgments themselves, nor the Court's May 5, 2005 Injunction, nor any Notice of Injunction served by or on behalf of Plaintiffs shall apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V. Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court.

SO ORDERED:

*/s/ Ronald R. Lagueux*
Sr. United States District Judge
5/9/06