ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2247
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

July 18, 2006

RECEIVED
JUL 18 2006
Property of U.S. District Court
District of Rhode Island

**VIA HAND DELIVERY**

Honorable Ronald R. Lagueux
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, Rhode Island 02903

**Re: *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L**

Dear Judge Lagueux:

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively "Canaan" or the "Canaan Offshore Venture Funds") respectfully tender this submission for the purpose of bringing to the Court's attention a related federal proceeding, *Strachman, et al. v. Palestinian Authority, et al.*, No. 05-mc-00208 (PCD) (D. Conn.)(the "Connecticut Proceeding"), that may be impacted by plaintiffs' July 3, 2006 Creditor's Bill Pursuant to R.I.G.L. § 9-28-1 (the "Creditor's Bill") (Docket No. 370). (A copy of Plaintiffs' Creditor's Bill is annexed hereto as **Exhibit 1**.) Although Canaan was not served with or advised by plaintiffs' counsel of the Creditor's Bill, Canaan learned recently of the Creditor's Bill through a review of the Court docket.

Plaintiffs' Creditor's Bill appears to constitute an improper attempt by plaintiffs to circumvent the Connecticut Proceeding that they initiated last year and, in any event, plaintiffs appear to be precluded from proceeding under Section 9-28-1 of the Rhode Island General Laws.

---

By way of background, we have set forth below a brief summary of the procedural history of this matter as it relates to Canaan. (We note that certain of the facts are discussed in more detail in Canaan's June 14, 2005 motion seeking clarification of the Court's May 5, 2005 injunction (the "Clarification Motion") [Docket No. 355].)

STATE CAPITAL GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice independently and not in a relationship for the joint practice of law.

**A. The Investments in the Canaan Offshore Venture Funds by the Palestinian Limited Partners**

The Canaan Offshore Venture Funds are limited partnerships organized under the laws of the Netherlands Antilles. The limited partners of such Funds receive periodic distributions in the form of cash, securities and other assets. Among the limited partners that have invested in one or more of the Canaan Offshore Venture Funds are the Palestine Investment Fund ("PIF"), the Palestinian Pension Fund of the State Administrative Employees (the "Palestinian Pension Fund") and Becont Limited ("Becont"). (PIF, the Palestinian Pension Fund and Becont are referred to collectively herein as the "Palestinian Limited Partners.")

**B. Plaintiffs' Service Upon Canaan of This Court's Restraining Order and Injunction**

In connection with a judgment (the "Rhode Island Judgment") entered in favor of plaintiffs in *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L (the "Rhode Island Proceeding"), plaintiffs served upon Canaan in April 2005 an April 19, 2005 Restraining Order (attached to a Notice of Restraining Order) issued by this Court. On or about May 6, 2005, plaintiffs served upon Canaan this Court's injunction dated May 5, 2005 (the "Injunction"). Pursuant to the Injunction, Canaan is prohibited from distributing assets of "The Palestinian Authority and/or The Palestine Liberation Organization however titled[.]" The Notice of Injunction states that the Injunction "applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under" various names, including "Palestine Investment Fund (PIF) [and] Palestinian Pension Fund[.]"

In light of the Injunction, Canaan advised the Palestinian Limited Partners that Canaan would hold their distributions pending further direction from the Court. Since receipt of the Injunction, Canaan has, except as permitted by this Court's May 9, 2006 Order (Docket No. 369), refrained from making distributions from the Canaan funds to the Palestinian Limited Partners.[1]

1 By Order dated May 9, 2006 (Docket No. 369), this Court made clear that the Palestinian Pension Fund is no longer subject to the Injunction and stated that "[a]ny interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court."

On June 14, 2006, Canaan filed its Clarification Motion seeking clarification of the Injunction's scope.

**C. June 2005: Plaintiffs Commence a Related Proceeding in the District of Connecticut**

In a brief filed with this Court on August 3, 2005 (Docket No. 358), plaintiffs notified this Court and Canaan that plaintiffs had in fact commenced the Connecticut Proceeding in the United States District Court for the District of Connecticut (the "Connecticut Court") in June 2005. Plaintiffs made quite clear in their August 3, 2005 brief that they had instituted the Connecticut Proceeding for the purpose of resolving all issues relating to plaintiffs' contention that they should be permitted to seize the Palestinian Limited Partners' investment interests in the Canaan Offshore Venture Funds:

> "[P]laintiffs are conducting execution and enforcement proceedings in Connecticut in order to reach the PA investments held by Canaan.
>
> * * *
>
> "Both of the issues that Canaan seeks to clarify and resolve — i.e. whether the investments at issue belong to the PA and if so the respective priorities among the PA's creditors — ***can and per force will be resolved by the court in Connecticut, in the context of plaintiffs' execution and enforcement proceedings there***.
>
> * * *
>
> ***"[P]laintiffs assert and intend to prove in the Connecticut proceedings that the investments titled to the Palestine Investment Fund, Palestinian Pension Fund of the State Administrative Employees and Becont Ltd. are all assets of the PA subject to execution by the plaintiffs in satisfaction of their judgment***.
>
> * * *
>
> "Since plaintiffs' Connecticut enforcement action must proceed in any case (plaintiffs are unaware of any grounds to seek turnover against Canaan in this Court), and since the Connecticut action will reach and resolve the selfsame issues raised in the instant motion, ***it would clearly be wasteful and inefficient to litigate those issues both in this Court and in Connecticut. . . . [P]laintiffs respectfully request that this Court abstain from ruling on the two substantive issues raised by Canaan, in***

***favor of resolution of those matters by the court hearing plaintiffs' enforcement proceedings in Connecticut."*** (Pl. Aug. 3, 2005 Br. [a copy of which is annexed hereto as **Exhibit 2**] at 2-3; emphasis added)

## D. Plaintiffs' Service Upon Canaan of a Writ of Execution

On August 25, 2005, plaintiffs caused a Marshal to appear at Canaan's Rowayton, Connecticut, office to serve a Writ of Execution (a copy of which is annexed hereto as **Exhibit 3**) issued by the Connecticut Court and to demand that Canaan summarily pay over to the Marshal the Canaan fund distributions that Canaan had been holding in accordance with the Injunction.[2] In response, on September 1, 2005, Canaan filed with the Connecticut Court a Motion for Determination of Interest in Disputed Assets and for Other Relief (the "Determination Motion"). In its Determination Motion, Canaan sought (1) an Order joining as indispensable parties to the Connecticut proceeding under Fed. R. Civ. P. 19(a) the three non-party Palestinian Limited Partners; (2) in the alternative, an Order dismissing the Connecticut Proceeding in its entirety under Fed. R. Civ. P. 19(b) if the Connecticut Court determines that it is not feasible to join one or more of the Palestinian Limited Partners to the proceeding; (3) an Order directing plaintiffs-judgment creditors, pursuant to Conn. Gen. Stat. § 52-356c(e), to post a bond in favor of Canaan in an amount to be determined upon a hearing; and (4) the right to be heard as to the mechanics and contractual implications of any proposed execution by plaintiffs if the Connecticut Court ultimately determines that any one of the Palestinian Limited Partners is liable for the judgment rendered in the Rhode Island Proceeding. Canaan's Determination Motion has been fully briefed, but not yet decided by the Connecticut Court.[3]

2 Plaintiffs instructed the Marshal to appear at Canaan's office to seize the Canaan investment assets of the Palestinian Limited Partners notwithstanding that the Palestinian Limited Partners were not parties to the Rhode Island Proceeding or the Connecticut Proceeding.

3 In light of plaintiffs' service of the Writ of Execution, Canaan determined that the more efficient way to proceed was to withdraw its Clarification Motion so that the interested parties could be heard on the various issues in a single forum, the Connecticut Court. By Order dated September 20, 2005 (Docket No. 363), this Court granted Canaan's motion to withdraw its Clarification Motion without prejudice.

The Palestinian Pension Fund appeared in the Connecticut Proceeding and filed a Claim for Determination of Interests in September 2005. PIF and Becont are not parties to the Connecticut Proceeding nor have they appeared therein.

**E. May 2006: Plaintiffs Voluntarily Dismiss the Palestinian Pension Fund From the Connecticut Proceeding**

On or about May 1, 2006, plaintiffs and the Palestinian Pension Fund agreed that plaintiffs would forego all efforts to seize the Palestinian Pension Fund's investment interests in the Canaan funds. To that end, they entered into a Stipulation and Order that was entered by the Connecticut Court on May 3, 2006. (*See* **Exhibit 6** annexed hereto; this Order was entered electronically on May 3, 2006.) On May 9, 2006, this Court signed an Order holding that the Injunction, Notice of Injunction and Rhode Island Judgment do not "apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan . . . ; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan[.]" (*See* **Exhibit 7** annexed hereto.)

On May 26, 2006, the Connecticut Court entered an Order holding that "[t]he Writ of Execution served upon Canaan on or about August 25, 2005, is vacated with prejudice to the extent that it can be construed to, or does, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's investments in Canaan . . .; (2) any future investment or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan[.]" (*See* **Exhibit 8** annexed hereto.)

**F. July 3, 2006: Plaintiffs File a Creditor's Bill With This Court**

As noted, plaintiffs' counsel neither served Canaan with a copy of their July 3, 2006 Creditor's Bill nor advised Canaan of such filing. Sometime after plaintiffs' filing, which occurred on the day before the Fourth of July holiday, Canaan's counsel learned of plaintiffs' Creditor's Bill through a search of the Court docket. (Canaan does not know what document plaintiffs have filed under seal as Exhibit F to their Creditor's Bill.)[4]

The following two issues are raised by plaintiffs' July 3, 2006 filing of their Creditor's Bill:

(1) Plaintiffs' Creditor's Bill appears to constitute an improper attempt by plaintiffs to circumvent the Connecticut Proceeding that they initiated last year and in which motions are presently pending;

- and -

(2) In any event, it appears that plaintiffs are precluded from proceeding under Section 9-28-1 of the Rhode Island General Laws.

**(i) Plaintiffs' Entitlement to the Canaan Investment Interests of PIF Is the Ultimate Issue to be Decided in the Connecticut Proceeding**

Via their Creditor's Bill, plaintiffs seek, among other things, an Order permitting them to "reach, apply and subject to payment of their judgment all legal and eq-

---

4 Plaintiffs' Creditor's Bill makes reference to only PIF, one of the three Palestinian Limited Partners. The Creditor's Bill makes no reference to the Palestinian Pension Fund because plaintiffs have already agreed, and this Court and the Connecticut Court have ordered, that plaintiffs have relinquished any claim to the Palestinian Pension Fund's investment interests in the Canaan funds. (*See* **Exhibits 7 & 8** annexed hereto.)

Plaintiffs' Creditor's Bill also makes no reference to Becont, which may indicate that plaintiffs are no longer seeking to seize Becont's interests in the Canaan Offshore Venture Funds in partial satisfaction of the Rhode Island Judgment.

uitable rights and interests of the PA (a) in . . . PIF and (b) ***in the assets held by . . . PIF***." (Creditor's Bill ¶ 22; emphasis added) Among the assets held by PIF, of course, are PIF's investment interests in the Canaan Offshore Venture Funds. ***Yet, as made clear in the submissions filed in the Connecticut Proceeding, whether plaintiffs are entitled to the Canaan investment interests of PIF in partial satisfaction of the Rhode Island Judgment is the critical issue that will, subject to the Connecticut Court's ruling on Canaan's pending threshold motions, be determined in the Connecticut Proceeding***:

- As the plaintiffs themselves have stated, "[a] full treatment of the merits of this matter — i.e. the proof that the assets at issue belong to the PA — runs to dozens of pages of briefing and will require the submission of many hundreds of pages of exhibits. ***But for Canaan's motion to trifurcate and the scheduling order of January 4, 2006, the Ungars would have filed their papers on the merits [in the Connecticut Proceeding] long ago, and they are anxious to be permitted to do so as soon as the instant motions on jurisdiction and a bond are denied***." (Plaintiffs' March 6, 2006 Memorandum [the relevant excerpt of which is annexed hereto as **Exhibit 4**] at 11 n.14; emphasis added)

- "***Canaan has continually made clear in its filings that, to the extent this [Connecticut] proceeding can properly proceed in light of certain threshold issues . . . the ultimate factual determination as to whether the Palestinian Limited Partners . . . are sufficiently related to the judgment debtors in the Rhode Island Lawsuit to warrant plaintiffs' seizing those limited partners' investment interests in the Canaan funds is one that must be made by the Court***. This critical issue is not Canaan's to litigate." (Canaan's March 20, 2006 Memorandum [a copy of which is annexed hereto as **Exhibit 5**] at 1-2; emphasis added)

Plaintiffs should not be permitted, through the filing of their Creditor's Bill in this Court, to circumvent the Connecticut Proceeding that they initiated for the very purpose of determining whether they are entitled to seize PIF's investment interests in the Canaan Offshore Venture Funds.

### (ii) The Threshold Requirement For Invoking R.I.G.L. § 9-28-1 Has Not Been Satisfied

Section 9-28-1 of the Rhode Island General Laws provides that a judgment creditor may file a creditor's bill "***after his or her execution has been returned wholly or in part unsatisfied***[.]" (Emphasis added) In fact, however, plaintiffs caused a Writ of Execution to be served upon Canaan in August 2005 (*see* **Exhibit 3** annexed

ADLER POLLOCK & SHEEHAN P.C.

hereto) and that Writ, which has been the subject of Canaan's pending motions in the Connecticut Proceeding, has ***not*** been returned wholly or in part unsatisfied. Moreover, plaintiffs themselves acknowledge that they have not even attempted to have a writ of execution served upon the PA or the PLO. (*See* Plaintiffs' Creditor's Bill ¶ 10 & n.2.) Accordingly, it appears that the prerequisite for plaintiffs' commencing a proceeding under R.I.G.L. § 9-28-1 — the return of a writ of execution as wholly or partially unsatisfied — has not occurred here.

Respectfully submitted,

James R. Oswald

[Attachments]

cc: David J. Strachman, Esq.
Deming E. Sherman, Esq.
Robert A. Alessi, Esq.
Robert F. Maslan, Jr., Esq.