## UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v.                                                   C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

### PLAINTIFFS' CREDITOR'S BILL PURSUANT TO R.I.G.L. §9-28-1

#### Introduction

1.      This is a creditor's bill brought by the plaintiffs/judgment creditors, pursuant to §9-28-1 of the Rhode Island General Laws and Rule 69 of the Federal Rules of Civil Procedure, seeking a judgment against defendant/judgment debtor Palestinian Authority ("PA") assigning to the plaintiffs/judgment creditors certain legal and equitable rights and interests of the PA.

## I.      RELEVANT BACKGROUND

2.      Plaintiffs are the children, parents, siblings and estate of Yaron Ungar, an American schoolteacher murdered along with his pregnant wife in a terrorist attack carried out in June 1996, by members of the Hamas terrorist group acting in concert with and under the command of the PA and the Palestine Liberation Organization ("PLO").

3.      Plaintiffs brought this action in March 2000 under the civil provisions of the Antiterrorism Act ("ATA") 18 U.S.C. §2331 et seq. The PA and PLO refused to answer the complaint or conduct discovery and, as this Court expressly found, made every effort to delay

1

and hinder the progress of the case for over four years. On July 13, 2004, this Court entered final judgment for plaintiffs against the PA and the PLO, jointly and severally, in the amount of $116,409,123 plus attorney fees. Ungar v. Palestinian Authority, 325 F.Supp.2d 15 (D.R.I. 2004). The judgment was affirmed on appeal, and the Supreme Court denied a petition for a writ of certiorari. Ungar v. Palestinian Authority, 402 F.3d 274 (1st Cir. 2005) cert. denied 126 S.Ct. 715 (2005).

    4.    In its decision ordering entry of final judgment, this Court emphasized the importance it attached to the judgment being honored and enforced:

> The PA and PLO . . . are responsible for and must bear the ultimate burden of providing compensation, which this Court fully acknowledges will never return to Plaintiffs the relationships and lives that existed prior to June 9, 1996. This Court hopes that in keeping with the ATA's purpose to deter acts of international terrorism, its judgment will "interrupt or at least imperil the flow of terrorism's lifeblood, money," and thus, prevent the PA and PLO from funding future terrorist acts such as the one that resulted in the Ungars' horrific deaths.

Ungar, 325 F. Supp. 2d at 25.

## II.  THE PA AND PLO HAVE REFUSED TO HONOR THE JUDGMENT

    5.    In fact, however, the PA and PLO have refused to satisfy the Ungars' judgment, and have informed the Ungars' counsel that they "will never pay" the judgment. This contumacious refusal is merely the encore to years of intentional delay created by the PA and PLO during the underlying suit. Ungar, 325 F. Supp.2d at 26, 62 (finding that the PA and PLO

took "deliberate actions to delay the completion of this litigation" and "sought to delay these proceedings as long as possible" and imposing sanctions).[1]

6.    The PA and PLO are refusing to pay the Ungars' judgment because they do not recognize the authority of the courts of the United States, as they themselves have openly explained. In July 2005, the U.S. District Court for the Southern District of New York ordered the PA and PLO to pay discovery sanctions in the amount of some $19,000 previously imposed in Knox v. Palestine Liberation Organization, Civ. No. 4466(VM), and to answer the complaint in that action, by no later than August 15, 2005. Exhibit A. In response to that order, the PA and PLO informed the S.D.N.Y. that:

> [T]he defendants have instructed counsel to present only their position that U.S. courts have no jurisdiction over them and not to answer on the merits . . .
>
> This same position, that the Court has no jurisdiction over them, applies to the order for defendants to pay sanctions.

Exhibit B.

7.    Thus, the PA and PLO are brazen scofflaws who now refuse to honor the judgment of this Court because they do not recognize the authority of the United States courts – despite the fact that they spent nearly six years aggressively invoking the authority of this Court,

---

[1] This conduct is part of a deliberate policy of intransigence employed by the PA and PLO in all civil actions pending against them under the Antiterrorism Act, for which they have been repeatedly sanctioned and castigated by the federal courts. See e.g. Knox v. Palestine Liberation Organization et al., 229 F.R.D. 65, 70 (S.D.N.Y. 2005) (Finding that the PA and PLO had intentionally "generat[ed] more than a year's delay and thousands of dollars in legal expenses," imposing monetary and estoppel sanctions and warning the PA and PLO that "The Court will not tolerate such practices in the future, and will consider any unexplained repetition of them sufficient grounds for imposition of sanctions on Defendants' counsel personally as well as on Defendants . . ."). Id.

the Court of Appeals and the Supreme Court, in order to delay and attempt to dismiss the Ungars' suit.

## III.    PLAINTIFFS ARE ENTITLED TO RELIEF UNDER R.I.G.L. §9-28-1

8.    Rule 69 of the Federal Rules of Civil Procedure provides in relevant part that "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . . " Fed.R.Civ.P. 69(a).

9.    The practice and procedure in proceedings in aid of execution in Rhode Island are governed by Chapter 9-28 of the Rhode Island General Laws.  Section 1 of Chapter 9-28 provides in relevant part that:

> Any judgment creditor, after his or her execution
> has been returned wholly or in part unsatisfied,
> may, by a civil action in the nature of a creditor's
> bill, reach and apply and subject to the payment and
> satisfaction of his or her judgment any equitable
> estate, any equitable assets, or any choses in action
> of the judgment debtor . . .

R.I.G.L. §9-28-1.

10.    Defendants PA and PLO have no assets in this jurisdiction and any execution issued on plaintiffs' judgment would be returned wholly unsatisfied.[2]  The plaintiffs are therefore entitled, pursuant to Fed.R.Civ.P. 69 and R.I.G.L. §9-28-1, to "reach and apply and subject to the payment and satisfaction of [their] judgment any equitable estate, any equitable assets, or any choses in action of the" PA and PLO.

---

[2] Indeed, delivering an execution to the United States Marshals Service would be a frivolous waste of resources, since there are no assets whatsoever against which plaintiffs could ask the Marshal to act. While the remedy provided by R.I.G.L. §9-28-1 is available whenever a judgment-debtor has no (or insufficient) assets reachable by execution process in Rhode Island, to the best of plaintiffs' knowledge these defendants have no assets reachable by execution process anywhere in the United States.

### IV.    THE PA HAS ASSETS SUBJECT TO R.I.G.L. § 9-28-1

11.    The information currently[3] available to the plaintiffs demonstrates that the PA has assets and choses in action subject to R.I.G.L. §9-28-1, as described below.

### The Palestinian Commercial Services Company

12.    The Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") ("PCSC") was established by the PA in 1994, and is wholly owned by the PA. Exhibits C, D.

13.    The PA established and uses the PCSC to conceal, hold and invest various assets of the PA. See World Bank Report No. 28990-GZ, "West Bank and Gaza Country Financial Accountability Assessment" (Exhibit E) at p. 11 (§ 21, fn. 5), pp. 33-35.

### The Palestine Investment Fund Company

14.    In recent years the PA established the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") ("PIF") which it uses to hold, manage and invest the PA's assets. Some (but not all) of the PA assets held by the PCSC have been transferred to the PIF. See Exhibit E at pp. 3-4 (§§ 10, 12), p. 8 (§ 6), pp. 33-35; Exhibit F.

15.    In sworn affidavits submitted by the PA in civil proceedings pending in the Israeli courts, the PA has explicitly identified the PA investments held in the name of the PIF as

---

[3] The plaintiffs' knowledge of the defendants' assets is extremely limited, because the defendants have flatly refused to comply with plaintiffs' requests for post-judgment discovery regarding their assets, and plaintiffs' therefore reserve the right to bring future proceedings in respect to any other assets of the defendants which are found to be subject to R.I.G.L. §9-28-1.

available for the satisfaction of judgments against the PA. See Declaration of Avraham Colthof, Exhibit G. [4]

16.    The PIF itself, like the PCSC, is wholly owned by the PA. See Exhibit E at p. 33 (§ 100); Exhibit F.

17.    At one time, the value of the PA assets held by the PIF and the PCSC exceeded the amount of the PA's judgment debt to the Ungars; however, the PA has recently encumbered over $500 million of these assets as collateral for loans, and upon information and belief the net unencumbered value of the remaining assets is now less than the amount of the Ungars' judgment. See Exhibit H.

18.    Thus, the PA's rights and interests in the PCSC and the PIF include and consist of three distinct categories:

    a.    The PA's ownership rights in the PCSC and the PIF (as evidenced by the certificates attached as Exhibits C, D and F);

    b.    The bundle of rights, benefits and interests accruing to and/or enjoyed by the PA as a result of those ownership rights;

    c.    The PA's rights and interests in the assets held by the PCSC and the PIF.

19.    In sum, the PA has a broad array of legal and equitable rights and interests both (a) in the PCSC and the PIF themselves and (b) in the assets held by the PCSC and the PIF.

20.    Under §9-28-1, a judgment creditor is entitled to reach and apply to his judgment all legal and equitable rights and interests of the judgment debtor. See e.g. Howe v. Richardson, 232 Bankr. 534 (Bankr. 1st Cir. 1999), aff'd, 193 F.3d 60 (1st Cir. 1999) (Expansive language of

---

[4] The PA submitted these affidavits in support of successful motions by the PA in the Israeli courts to vacate or reduce the amount of prejudgment attachments that had been imposed on the PA by the Israeli courts in those proceedings. The PA is therefore judicially estopped from contesting or opposing the instant action.

( (

§9-28-1 and statute's inclusion of "chose in action" permits judgment creditors to "tak[e] over debtors' legal claims against third parties" even when not subject to attachment under common law).

21.    Among the rights and interests subject to §9-28-1 are a judgment debtor's interests in a corporation. See Rhode Island Hospital v. Collins, 117 R.I. 535, 537, 368 A.2d 1225, 1227, R.I. (1977) (Pursuant to §9-28-1 a judgment creditor may "bring an independent civil action to reach and apply [judgment debtor's] interest in [a] corporation" owned by judgment debtor.).

22.    The Ungars are therefore entitled pursuant to §9-28-1 to reach, apply and subject to payment of their judgment all legal and equitable rights and interests of the PA (a) in the PCSC and the PIF and (b) in the assets held by the PCSC and the PIF.

WHEREFORE, plaintiffs request a judgment against the Palestinian Authority:

(1) Assigning to the plaintiffs herein

i.    All of the PA's ownership rights in the PCSC and the PIF that are evidenced by the certificates attached hereto to as Exhibits C, D and F;

or, alternatively,

ii.    All rights, benefits and interests of the PA derived, accruing, flowing and/or resulting from the ownership rights described in (i) supra;

and,

(2) Assigning to the plaintiffs herein all rights, benefits and interests of the PA in all property, assets and credits, of any type, that are titled and/or owed to the PCSC and the PIF; and

(3) Granting any other relief that the Court finds, just, necessary or appropriate.

7

Plaintiffs, by their Attorneys,

_____
David J. Strachman  #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)


## CERTIFICATION

    I hereby certify that on the ____ day of July 2006, I faxed and mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
(fax 212-979-1583)

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(fax 401-276-6611)

_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                    00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### PLAINTIFFS' RESPONSE TO THE MOTION OF NON-PARTIES CANAAN EQUITY OFFSHORE C.V., CANAAN EQUITY II OFFSHORE C.V. AND CANAAN EQUITY III OFFSHORE C.V. SEEKING CLARIFICATION OF THE COURT'S MAY 5, 2005 INJUNCTION

In the absence of any response from defendants, plaintiffs respectfully tender this brief Response to the motion of the Canaan non-parties:

While the Canaan non-party movants have styled their motion as one for ostensible "clarification" of this Court's Injunction, the Injunction is perfectly clear.

What Canaan actually seeks is a ruling by this Court on two substantive issues wholly extraneous to the Injunction:

(1) Whether the investments titled under the names Palestine Investment Fund, Palestinian Pension Fund of the State Administrative Employees and Becont Ltd. belong to the Palestinian Authority; and

(2) Assuming that the answer to (1) is affirmative, whether the Ungars' rights as judgment creditors take priority over Canaan's rights to "dilute" and distribute to its other partners portions of the PA's investments as a penalty for failure to make capital contributions.

1

Canaan is headquartered in Connecticut and accordingly, on June 29, 2005, the plaintiffs registered their judgment in the United States District Court for the District of Connecticut (New Haven)(No. 3:05-mc-00208-EBB), have requested issuance of execution and instituted collection proceedings.

In other words, plaintiffs are conducting execution and enforcement proceedings in Connecticut in order to reach the PA investments held by Canaan.

Both of the issues that Canaan seeks to clarify and resolve – i.e. whether the investments at issue belong to the PA and if so the respective priorities among the PA's creditors – can and per force will be resolved by the court in Connecticut, in the context of plaintiffs' execution and enforcement proceedings there.

In the first place, of course, plaintiffs assert and intend to prove in the Connecticut proceedings that the investments titled to the Palestine Investment Fund, Palestinian Pension Fund of the State Administrative Employees and Becont Ltd. are all assets of the PA subject to execution by the plaintiffs in satisfaction of their judgment.

Additionally, the Connecticut court can hear and resolve any claims of priority raised by Canaan and/or the other partners, in respect to the issue of dilution and distribution of the PA's investments as a sanction for failure to meet the capital calls.

Thus, the Connecticut proceedings will be fully dispositive of the issues that Canaan requests that this Court "clarify," and the judgment of the Connecticut court will therefore completely moot Canaan's instant motion and the questions raised therein.

Since plaintiffs' Connecticut enforcement action must proceed in any case (plaintiffs are unaware of any grounds to seek turnover against Canaan in this Court), and since the

Connecticut action will reach and resolve the selfsame issues raised in the instant motion, it would clearly be wasteful and inefficient to litigate those issues both in this Court and in Connecticut.

Wherefore, plaintiffs respectfully request that this Court abstain from ruling on the two substantive issues raised by Canaan, in favor of resolution of those matters by the court hearing plaintiffs' enforcement proceedings in Connecticut.

Plaintiffs, by their Attorneys,

David J. Strachman  #4404
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on the 2nd day of August 2005, I faxed and mailed a true copy of the within to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
(fax 212-979-1583)

Deming E. Sherman
Edwards & Angell, LLP
2800 Bank Boston Plaza
Providence, RI 02903
(fax 401-276-6611)

3

James R. Oswald
R. Bart Totten
Adler, Pollock & Sheehan P.C.
One Citizens Plaza
Providence, RI 02903-1345
(fax 401-351-4607)

Robert A. Alessi
Tamara L. Schlinger
Cahill, Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005
(fax 212-269-5420)



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**WRIT OF EXECUTION
(APPLICATION)**

THE ESTATES OF YARON UNGAR AND
EFRAT UNGAR BY AND THROUGH THE
ADMINISTRATOR OF THEIR ESTATES
DAVID STRACHMAN; DVIR UNGAR,
MINOR, BY HIS GUARDIANS AND
NEXT FRIEND; YISHAI UNGAR,
MINOR, BY HIS GUARDIANS AND
NEXT FRIEND; PROFESSOR MEYER
UNGAR, JUDITH UNGAR; RABBI URI
DASBERG, JUDITH DASBERG,
(INDIVIDUALLY AND IN THEIR
CAPACITY AS LEGAL GUARDIANS OF
PLAINTIFFS DVIR UNGAR AND
YISHAI UNGAR); AMICHAI UNGAR,
DAFNA UNGAR AND MICHAL COHEN

Plaintiffs,

v.                                    Civil No. 3:05-mc-00208-EBB

THE PALESTINIAN AUTHORITY
(A.K.A. "THE PALESTINIAN
INTERIM SELF-GOVERNMENT
AUTHORITY"), THE PALESTINE
LIBERATION ORGANIZATION,
HAMAS -- ISLAMIC RESISTANCE
MOVEMENT (A.K.A. "HARAKAT AL-
MUQAWAMA AL-ISLAMIYYA"),
ABDEL RAHMAN ISMAIL ABDEL
RAHMAN GHANIMAT, JAMAL ABDEL
FATAH TZABICH AL HOR, RAED
FAKHRI ABU HAMDIYA, IBRAHIM
GHANIMAT AND IMAN MAHMUD
HASSAN FUAD KAFISHE

Defendants.



State Marshall Fairfield County

ADDRESS OF COURT:                    DATE OF JUDGMENT:
United States District Court          July 13, 2004
141 Church Street
New Haven, CT 06510

NAME OF JUDGMENT CREDITOR MAKING APPLICATION:

THE ESTATE OF YARON UNGAR, DVIR UNGAR, YISHAI UNGAR, JUDITH
UNGAR, MEIR UNGAR, MICHAL COHEN, AMICHAI UNGAR and DAFNA
UNGAR

NAME OF JUDGMENT DEBTOR:

THE PALESTINIAN AUTHORITY and
THE PALESTINE LIBERATION ORGANIZATION

1. AMOUNT OF JUDGMENT: $116,409,123.00
2. AMOUNT OF COSTS:

   Attorneys' fees in the amount of $11,925.00 against
   THE PALESTINIAN AUTHORITY and in the amount of
   $6,345.00 against THE PALESTINE LIBERATION
   ORGANIZATION

3. AMOUNT OF INTEREST (if applicable):
4. TOTAL JUDGMENT AND COSTS: $116,421,048.00 against THE
   PALESTINIAN AUTHORITY and $116,415,468.00 against THE
   PALESTINE LIBERATION ORGANIZATION
5. TOTAL PAID ON ACCOUNT: 0
6. TOTAL UNPAID JUDGMENT: $116,421,048.00 against THE
   PALESTINIAN AUTHORITY and $116,415,468.00 against THE
   PALESTINE LIBERATION ORGANIZATION

SIGNED:

Stephen P. Wright ct02255                        August 2, 2005
Name of Attorney or party making application      Date

Harlow, Adams & Friedman, P.C.

300 Bic Drive, Milford, CT 06461

(203) 878-0661

(Rev. 10/27/04)

# E X E C U T I O N

**TO ANY PROPER OFFICER:**

Whereas on said date of Judgment the above-named Judgment Creditor recovered a judgment against the Judgment Debtor before the Court for the amount stated, as appears of record, whereof execution remained to be done. These are therefore, BY AUTHORITY OF THE UNITED STATES DISTRICT COURT TO COMMAND YOU: That of the nonexempt goods of said Judgment Debtor within your precincts, you cause to be levied (the same being seized and sold as the law directs), paid and satisfied to said Judgment Creditor the total unpaid amount of said judgment, plus your own fees in the following manner: You shall personally serve a copy of this execution on the Judgment Debtor, and make demand for payment by the Judgment Debtor of all sums due under the money judgment. On failure of the Judgment Debtor to make immediate payment you are commanded to levy on nonexempt personal property of the Judgment Debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment as follows: If such nonexempt property is in the possession of the Judgment Debtor, you shall take such personal property into your possession as is accessible without breach of the peace. If the Judgment Debtor has left the state prior to service of this execution, or if the Judgment Debtor cannot be found with reasonable effort at the last known address in this state, you shall proceed with the levy after (1) making demand for payment at such last known address and on any agent or attorney of the Judgment Debtor of record with the United States District Court for the District of Connecticut and (2) making a reasonable effort to ascertain and provide notice of the execution at any forwarding address.

On failure of the Judgment Debtor to make immediate payment of all sums due under the money judgment, and upon your being unable to levy on nonexempt personal property of the Judgment Debtor in the Judgment Debtor's possession and, if the Judgment Debtor has left the state prior to service of this execution, upon your being unable to obtain payment sufficient to satisfy the judgment by making demand for payment at the Judgment Debtor's last known address in this state and on any agent or attorney of the Judgment Debtor of record with the United States District Court, District of Connecticut, you are also commanded to make demand upon any third person having possession of nonexempt personal property or debt due said Judgment Debtor sufficient to satisfy the total amount of judgment unpaid pursuant to Conn. Gen. Stat. § 52-356a(4)(c). After having made such demand you are directed to serve two true and attested copies of this execution, with your doings endorsed thereon, on the third person upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW, WITHIN FOUR MONTHS HEREOF.

ATTEST
A True Copy
Thomas Fehily
State Marshall Fairfield County

NOTICE: THE JUDGMENT DEBTOR'S NONEXEMPT PERSONAL PROPERTY IS SUBJECT TO LEVY, SEIZURE AND SALE BY AN PROPER OFFICER PURSUANT TO THIS EXECUTION.

WITNESS THE HONORABLE

_____
UNITED STATES DISTRICT JUDGE

DATE: 8/4/05     *Kevin F. Rowe*
CLERK OF THE COURT

*Joanne Resta*
DEPUTY CLERK  *Joanne Resta*

### RETURN OF SERVICE

STATE OF CONNECTICUT    :
                        :      ss:
COUNTY OF               :

On the _____ day of _____, 20 __, then and there I duly served the foregoing

application, order and execution on _____

by leaving with or at the usual place of abode of _____

a true and attested copy of the original application, order and execution.

Attest: _____
                    Proper Officer

_____
Title

**EXEMPTION CLAIM FORM**
**PROPERTY EXECUTION**
JD-CV-5b  Rev. 2-02
C.G.S. 52-321a, 52-352b, 52-361a, 52-361b

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.state.ct.us*

CLOEXM

 

NAME AND MAILING ADDRESS OF JUDGMENT DEBTOR OR ATTORNEY
*(To be completed by judgment creditor or judgment creditor's attorney)*

**INSTRUCTIONS**

**TO JUDGMENT CREDITOR OR JUDGMENT CREDITOR'S ATTORNEY:** *Complete section I below, and follow instructions on form JD-CV-5.*
**TO PROPER OFFICER:** *Complete section II below and follow instructions on form JC-CV-5.*
**TO THIRD PERSON:** *Complete section III below and follow instructions on form JD-CV-5.*
**TO JUDGMENT DEBTOR:** *Read section IV below and complete section V if applicable.*

**SECTION I** *(Must be completed by judgment creditor or judgment creditor's attorney)*
ADDRESS OF COURT *(Number, street, town, zip code)*    ☐ G.A.    ☐ J.D.    ☐ HOUSING SESSION

NAME OF CASE                                    DOCKET NO.

NAME OF JUDGMENT DEBTOR

**SECTION II** *(Must be completed by proper officer)*
DATE OF SERVICE OF EXECUTION    NAME AND ADDRESS OF PROPER OFFICER

NAME AND ADDRESS OF THIRD PERSON SERVED WITH EXECUTION *(If any)*    TELEPHONE NO. *(If known)*

**SECTION III** *(Must be completed by third person served with execution (if any))*
DATE EXECUTION MAILED TO JUDGMENT DEBTOR

**SECTION IV                        NOTICE TO JUDGMENT DEBTOR**

As a result of a judgment entered against you the attached execution has been issued against your personal property.

SOME OF YOUR PERSONAL PROPERTY MAY BE EXEMPT FROM EXECUTION – Certain classes of personal property may be protected from execution by state statutes or other laws or regulations of this state or of the United States. A checklist and description of the most common classes of personal property of a natural person exempt from execution are set forth on page 2 of this form.

HOW TO CLAIM AN EXEMPTION ESTABLISHED BY LAW – If you wish to claim that the property levied on by the sheriff is exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption claim form to the clerk of the Superior court at the above address. **The form must be received by the clerk of the Superior Court within 20 days after levy on the property.**

Upon receipt of this form, the court clerk will notify you and the judgment creditor of the date on which a hearing will be held by the court to determine the issues raised by your claim.

RIGHT TO REQUEST INSTALMENT PAYMENT ORDER – Pursuant to section 52-356d of the general statutes, if you are a consumer judgment debtor, you may seek to have the court issue an instalment payment order with a provision that compliance with the order prevents a levy on your property. An instalment payment order is an order of the court that you pay a weekly amount to the judgment creditor until the judgment is satisfied.

"Consumer Judgment" means a money judgment of less than five thousand dollars against a natural person resulting from a debt or obligation incurred primarily for personal, family, or household purposes.

SETTING ASIDE THE JUDGMENT – If the judgment was rendered against you because of your failure to appear in court, you may, pursuant to section 52-212 of the general statutes, within four months of the date judgment was rendered and upon belief that you have reasonable cause, move the court to set aside the judgment rendered against you.

*FOR COURT USE ONLY*

EXEMPTION CLAIM FORM

**SECTION V** — **CLAIM OF EXEMPTION ESTABLISHED BY LAW**

I, the judgment debtor, hereby claim and certify under penalty of false statement that the property described below is exempt from execution as follows:

| NAME AND ADDRESS OF PERSON HOLDING PROPERTY | TELEPHONE NO. |
|---|---|

PROPERTY CLAIMED TO BE EXEMPT

DESCRIBE BASIS FOR EXEMPTION AS ESTABLISHED BY LAW

| COMPLETE MAILING ADDRESS OF JUDGMENT DEBTOR | TELEPHONE NO. |
|---|---|

| SIGNED (Judgment debtor) | DATE SIGNED |
|---|---|

**SECTION VI** — **NOTICE OF HEARING ON EXEMPTION/MODIFICATION CLAIM**

| DATE OF HEARING | TIME OF HEARING | COURTROOM NO. | |
|---|---|---|---|
| | ___M. | | BY THE ASSISTANT CLERK |

**SECTION VII** — **ORDER OF COURT**

ORDERED that the following item(s) are exempt from execution:

| SIGNED (Judge, Magistrate, Assistant Clerk) | | DATE SIGNED |
|---|---|---|
| | BY ORDER OF THE COURT | |

## CHECKLIST AND DESCRIPTION OF COMMON EXEMPTIONS ALLOWED BY LAW
### (Gen. Stat. § 52-352b)

(a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;

(b) Tools, books, instruments, farm animals and livestock feed, which are necessary to the judgment debtor in the course of his or her occupation, profession, farming operation or farming partnership;

(c) Burial plot for the judgment debtor and his or her immediate family;

(d) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;

(e) Health and disability insurance payments;

(f) Health aids necessary to enable the judgment debtor to work or to sustain health;

(g) Worker's compensation, social security, veterans and unemployment benefits;

(h) Court approved payments for child support;

(i) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;

(j) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it.

(k) Wedding and engagement rings;

(l) Residential utility deposits for one residence and one residential security deposit;

(m) Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in section 52-321a;

(n) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under general statute section 52-361a;

(o) An award under a crime reparations act;

(p) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business; and

(q) All moneys due the judgment debtor from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt.

(r) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to chapter 655 for the benefit of creditors of the exemptioner.

(s) Any interest of the judgment debtor in any property not to exceed in value one thousand dollars;

(t) Any interest of the judgment debtor not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the judgment debtor under which the insured is the judgment debtor or an individual of whom the judgment debtor is a dependent; and

(u) The homestead of the judgment debtor to the value of seventy-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

The Palestinian Authority
The Palestine Liberation Organization
1320 18th St NW, Suite 200
Washington DC 20036

2) Please have the marshal levy the execution <u>on each</u> of the five following entities:

     a) Canaan Equity Offshore C.V.
     b) Canaan Equity II Offshore C.V.
     c) Canaan Equity III Offshore C.V.
     d) Canaan Offshore Management N.V.
     e) Canaan Partners

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ESTATE OF YARON UNGAR, et al.


                    Plaintiffs – Judgment Creditors


        v.                                          3:05mc208 (PCD)


THE PALESTINIAN AUTHORITY, et al.

                    Defendants – Judgment Debtors



**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTIONS TO DISMISS
ON JURISDICTIONAL GROUNDS AND/OR FOR A BOND FILED BY THE CANAAN
ENTITIES AND THE INSURANCE AND PENSION FUND**


**Preliminary Statement**

On August 25, 2005, plaintiffs–judgment creditors ("Ungars") caused a writ of execution issued by this Court to be served on Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V., Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively hereinafter: "Canaan") at their Rowayton offices.

The writ of execution levies on partnership interests in Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V., Canaan Equity III Offshore C.V. owned by defendant–judgment debtor Palestinian Authority ("PA").

On September 1, 2005, Canaan filed a Claim for Determination of Interests in Disputed Property pursuant to Conn. Gen Stat. §52-356(c) ("Canaan's Claim for Determination").

record. Id. Yet, the court found that these assertions by PA under oath and representations by its counsel on the record were in fact blatant falsehoods, since (*inter alia*) Mr. Rahman had identified himself in own biography, and in submissions personally signed and submitted by him to the Department of Justice, as the Chief Representative of the PA in the United States. Id. See also id. at 57 ("Given what the recently submitted documentary evidence has revealed regarding Mr. Abdel Rahman's status and the veracity of his declaration . . . the court dismisses [the PA's and PLO's] arguments as unworthy of discussion."); Id. at 59 (Noting the "apparent falsity of Mr. Abdel Rahman's declaration"). Cf. id. at 24 (finding other assertions of the PA and PLO to be "disingenuous").

Thus, the sad fact is that the PA, and its officials and affiants, have no fear of brazenly misleading a federal court. The papers filed by the Insurance and Pension Fund in this Court constitute just one more "disingenuous" effort by the PA to prevent the Ungars from receiving redress for the murder of Yaron and Efrat Ungar at the hands of the PA and its agents.

The Ungars would respectfully emphasize that the above overview of the assets at issue here is intended purely to provide the minimum factual background necessary for the instant memorandum.[14]

## III.    THE COURT HAS SUBJECT-MATTER JURISDICTION OVER THIS PROCEEDING

The IPF moves to quash the Ungars' writ of execution and dismiss this proceeding for lack of subject-matter jurisdiction. The fundamental – and fatal – problem with the IPF's motion is that it is based on a classic textbook example of a "straw man" argument:

The IPF first asserts *ipse dixit* that the Ungars are seeking to hold the IPF liable for the underlying judgment against the PA on an alter ego theory, and then takes the Court on a forced

---

[14] A full treatment of the merits of this matter -- i.e. the proof that the assets at issue belong to the PA – runs to dozens of pages of briefing and will require the submission of many hundreds of pages of exhibits. But for Canaan's motion to trifurcate and the scheduling order of January 4, 2006, the Ungars would have filed their papers on the merits long ago, and they are anxious to be permitted to do so as soon as the instant motions on jurisdiction and a bond are denied.

## VII.  CONCLUSION

The motions of Canaan and the IPF should be denied, and the Court should enter a briefing schedule permitting the Ungars to move forward on the merits.

Plaintiffs, by their Attorneys,


_____ /S/ David J. Strachman _____
David J. Strachman
McIntyre, Tate, Lynch & Holt
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

Stephen P. Wright
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06460
(203) 878-0661
(203) 878-9568 (fax)

### CERTIFICATION

I hereby certify that on the 6th day of March, 2006, a true copy of the within was sent both via ECF and email to:

Robert F. Maslan, Jr.
9 Old King's Highway South
P.O. Box 37
Darien, CT 06820
(email maslan@maslanbrown.com)

Robert A. Alessi
Tamara L. Schlinger
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, NY 10005-1702
(email ralessi@cahill.com, tschlinger@cahill.com)

25

Charles L. Kerr
Mark D. McPherson
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, NY 10104-0050
(email ckerr@mofo.com, mmcpherson@mofo.com)

Jeffrey J. Tinley
Erin L. Golembiewski
TINLEY, NASTRI, RENEHAN & DOST
60 No. Main Street, Second Floor
Waterbury, CT 06702
(email jtinley@tnrdlaw.com, egolembiewski@tnrdlaw.com)


                                   _____/S/ David J. Strachman_____

FILED

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

2006 MAR 21  A 7 06

U.S. ____ ____

- - - - - - - - - - - - - - - - - - - - - - - - -x
        :

DAVID STRACHMAN, Administrator of
the Estate of Yaron Ungar, et al.,
        :

      Plaintiffs,     : Case No. 3:05-mc-00208-PCD

    - against -    :

THE PALESTINIAN AUTHORITY, et al.,  : March 20, 2006

      Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - -x

**THE NON-PARTY CANAAN ENTITIES' MEMORANDUM IN
REPLY TO PLAINTIFFS' MARCH 6, 2006 OPPOSITION TO
CANAAN'S SEPTEMBER 1, 2005 DETERMINATION MOTION**

MASLAN BROWN & ASSOCIATES LLP
9 Old King's Highway S.
Darien, Connecticut 06820
Tel.: (203) 655-1900
Fax: (203) 655-2210

- and -

CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel.: (212) 701-3000
Fax: (212) 269-5420

Attorneys For Non-Parties Canaan Equity
Offshore C.V.; Canaan Equity II Offshore C.V.;
Canaan Equity III Offshore C.V.; Canaan Off-
shore Management N.V. and Canaan Partners

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ...................................................................... 1

ARGUMENT .................................................................................................. 3

I.    THE PALESTINIAN LIMITED PARTNERS ARE
      INDISPENSABLE PARTIES .................................................................. 3

II.   IF ANY OF THE PALESTINIAN LIMITED PARTNERS
      CANNOT BE JOINED, THIS PROCEEDING SHOULD BE
      DISMISSED UNDER RULE 19(b) ......................................................... 5

III.  PLAINTIFFS SHOULD BE DIRECTED TO POST A BOND
      IN FAVOR OF CANAAN ....................................................................... 7

CONCLUSION ................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                    **Page**

*Compagnie Noga D'Importation et D'Exportation S.A. v. Russian
    Federation*, 361 F.3d 676 (2d Cir. 2004)..................................................    4

*Degregorio v. O'Bannon*, 86 F.R.D. 109 (E.D. Pa. 1980) ...................................    7n.4

*Estate of Yaron Ungar v. Orascom Telecom Holding S.A.E. and The
    Palestine Investment Fund*, No. 05 CV 7765 (S.D.N.Y.)
    (Complaint in which annexed hereto as **Exhibit 1**)......................................    4 n.3, 6

*Estate of Yaron Ungar v. Palestinian Authority*, No. 1:05-mc-
    00180-GK (D.D.C.) .................................................................................    6

*Fluent v. Salamanca Indian Lease Authority*, 928 F.2d 542 (2d Cir.
    1991)...........................................................................................................    4, 6

*GTE Sylvania, Inc. v. Consumer Product Safety Commission*, 598
    F.2d 790 (3d Cir. 1979), *aff'd*, 447 U.S. 102 (1980).................................    7n.4

*Hamilton v. Bradford*, 502 F. Supp. 822 (S.D. Miss. 1980)...............................    4, 7n.4

*Henri's Food Products Co. v. Home Insurance Co.*, 474 F. Supp.
    889 (E.D. Wisc. 1979) ...........................................................................    7n.4

*Loube & Loube v. Wildin Enterprises, Inc.*, 1997 WL 189346
    (Conn. Super. 1997) (annexed hereto as **Exhibit 2**)...............................    9

*McVay v. Western Plains Service Corp.*, 823 F.2d 1395 (10th Cir.
    1987)...........................................................................................................    4-5

*Palestine Monetary Authority v. David Strachman*, No. 107777/05
    (N.Y. Sup. Ct., N.Y. Co.) .......................................................................    6

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102
    (1968).........................................................................................................    7

- ii -

|  | **Page** |
|---|---|
| *Ronson Corp. v. First Stamford Corp.,* 48 F.R.D. 374 (D. Conn. 1970) ......................................................................... | 5, 6-7 |

**Statutes**

| | |
|---|---|
| Conn. Gen. Stat. § 52-356c............................................................... | 5, 6, 8, 9, 10 |
| Fed. R. Civ. P. 19............................................................................. | 4, 5, 6, 7, 10 |
| Fed. R. Evid. 201 ............................................................................. | 4n.3, 6 |

**Other Authority**

| | |
|---|---|
| 2 Conn. Prac. Form 108.1-A (4th ed.), Commentary ........................... | 5 |

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, the "Canaan Offshore Venture Funds" or "Canaan"), as well as Canaan Offshore Management N.V. and Canaan Partners respectfully submit this Reply to Plaintiffs' March 6, 2006 Memorandum in Opposition to the Motions to Dismiss on Jurisdictional Grounds and/or for a Bond Filed by the Canaan Entities and the Insurance and Pension Fund ("Plaintiffs' Brief" or "Pl. Br.").

**PRELIMINARY STATEMENT**

Plaintiffs' Brief purports to respond, in part, to the Motion for Determination of Interests in Disputed Assets and for Other Relief, which Canaan filed on September 1, 2005 (Docket No. 5) ("Canaan's Determination Motion"). As a threshold matter, as demonstrated in Canaan's Certification of Compliance with Electronic Order (Docket No. 35) and the Reply of the Non-Party Canaan Entities to Plaintiffs' February 1, 2006 Response to Canaan's Certification of Compliance with Electronic Order (Docket No. 42) ("Canaan's Certification Reply"), the portion of Plaintiffs' Brief purporting to respond to Canaan's Determination Motion is untimely. *See* Local Rule 7(a)(1).

Canaan has continually made clear in its filings that, to the extent this proceeding can properly proceed in light of certain threshold issues (including the subject matter jurisdiction questions raised by the Palestinian Pension Fund of the State Administrative Employees (the "Palestinian Pension Fund") and the Rule 19 joinder issues raised by Canaan's Determination Motion), the ultimate factual determination as to whether the Palestinian Limited Partners (the Palestinian Pension Fund, Becont Limited ("Becont") and the Palestine Investment Fund ("PIF")) are sufficiently related to the judgment debtors in the Rhode Island Lawsuit to warrant plaintiffs' seizing

those limited partners' investment interests in the Canaan funds is one that must be made by the Court. This critical issue is not Canaan's to litigate. Canaan will respectfully sit on the sideline while plaintiffs and the other interested persons proffer their respective evidence in connection with this issue; indeed, plaintiffs profess to be anxious to do so (*see* Pl. Br. at 11 n.14). *See* Statement in Support of Canaan's Determination Motion ("Canaan's Determination Statement") at 1-2 ("[w]ith all due respect to this Court, plaintiffs, defendants and the Palestinian Limited Partners, the fight over that critical threshold issue is not Canaan's"); Canaan's Certification Reply at 2-3.[1]

Pending that determination, and in accordance with the May 2005 Injunction issued by the District of Rhode Island and the applicable Connecticut statutes, Canaan (1) continues to refrain from making Canaan fund distributions to the Palestinian Limited Partners and (2) despite

---

[1]    As noted in Canaan's Determination Statement (pp. 12-13), if this Court ultimately determines that the Canaan investment interests of any one of the Palestinian Limited Partners can be used to satisfy the Rhode Island Judgment, Canaan respectfully reserves the right to be heard as to the mechanics and contractual implications of any proposed execution by plaintiffs. Among the issues the Court would have to decide include the following: (1) whether the Palestinian Limited Partners' interest in the Canaan funds may be assigned or otherwise transferred to plaintiffs; (2) whether Canaan is entitled to exercise its contractual right to veto such a proposed assignment or transfer; (3) whether, if such an assignment or transfer takes place, plaintiffs will become contractually obligated to make the capital contributions to Canaan during the period in which they hold an interest in one or more of the Canaan funds; and (4) whether Canaan will be entitled to exercise its contractual right to dilute the respective interests of the Palestinian Limited Partners (or plaintiffs standing in their stead) for failure to make the requisite capital contributions to Canaan. Plaintiffs have conceded that these issues should be considered by this Court. *See* Canaan's Determination Statement, Ex. 2 at 2.

Plaintiffs' suggestion that a receiver be appointed (Pl. Br. at 2 n.2) is misguided. First, it is premature since there has been no finding by the Court in favor of plaintiffs. Second, plaintiffs' request for a receiver was rejected by the District of Rhode Island on June 15, 2005. *See* **Exhibit 3** annexed hereto.

- 2 -

significant prejudice to Canaan, continues to refrain from diluting the Palestinian Limited Partners' respective interests in the Canaan funds and exercising Canaan's other contractual remedies in response to the Palestinian Limited Partners' failure to make millions of dollars in contractually required capital contributions to Canaan. *See* Canaan's Determination Statement at 5-6, 11-13; Canaan's Certification Reply at 3. *See also* Section III, below.

To the extent the Court decides to accept plaintiffs' tardy March 6, 2006 opposition brief, Canaan respectfully submits the following reply.[2]

## ARGUMENT

### I.

### THE PALESTINIAN LIMITED PARTNERS ARE INDISPENSABLE PARTIES

For the reasons set forth in Canaan's Determination Motion (pp. 9-10), each of the three Palestinian Limited Partners is surely an indispensable party to this proceeding. Here, plaintiffs shoulder the burden of proving to the satisfaction of this Court that the Canaan investment interests held by the Palestinian Pension Fund, PIF and Becont are in fact assets of the judgment debtors and therefore subject to execution by plaintiffs in satisfaction of the underlying Rhode Is-

---

[2]    Notwithstanding plaintiffs' suggestion (*see, e.g.,* Pl. Br. at 3), it is the Palestinian Pension Fund, and not Canaan, that has raised the subject matter jurisdiction issues for the Court's consideration. *See* the Pension Fund's January 30, 2006 motion (Docket No. 32). Canaan leaves to the Pension Fund any reply in connection with that jurisdictional motion.

- 3 -

land Judgment. This is a question that cannot be decided unless all of the relevant persons, includ-ing each of the Palestinian Limited Partners, are before this Court.[3]

Nothing on the face of Rule 19 in any way restricts its application in post-trial or post-judgment proceedings such as the one at hand, and federal courts have in fact applied it in such contexts. Indeed, in *Hamilton v. Bradford*, 502 F. Supp. 822, 832-33 (S.D. Miss. 1980), cited at Pl. Br. at 20, the court raised the Rule 19 indispensable party question *sua sponte* after trial. *See Compagnie Noga D'Importation et D'Exportation S.A. v. Russian Federation*, 361 F.3d 676, 678 (2d Cir. 2004) (reversing denial of the plaintiff's motion to confirm an arbitration award and re-manding to district court for further post-judgment proceedings to determine, among other things, "whether the creditors to whom [plaintiff] assigned the arbitration proceeds must be joined as nec-essary and indispensable parties under Fed.R.Civ.P. 19"). *See generally Fluent v. Salamanca In-dian Lease Authority*, 928 F.2d 542, 547-48 (2d Cir. 1991) (because a party to an agreement, who could not be joined pursuant to the doctrine of sovereign immunity, was an indispensable party under Rule 19, certain causes of action could not proceed in its absence); *McVay v. Western Plains Service Corp.*, 823 F.2d 1395, 1401 (10th Cir. 1987) ("the district court did not abuse its discretion in ruling that McVay [the judgment creditor] failed to join indispensable parties. . . . [where]

---

[3]    Plaintiffs themselves have tacitly acknowledged the indispensability of one of the Palestinian Lim-ited Partners, PIF, by naming it in a related action in which they seek to collect on the Rhode Island Judgment. On September 2, 2005 — a day after Canaan's Determination Motion was filed — plaintiffs filed a Complaint in *Estate of Yaron Ungar v. Orascom Telecom Holding S.A.E. and The Palestine Investment Fund*, No. 05 CV 7765 (S.D.N.Y.), naming PIF as a defendant. In so doing, plaintiffs recognized that, "for its own protection[,]" defendant Orascom Telecom, in which plain-tiffs allege PIF (as an alleged alias for the Palestinian Authority) invested $107.5 million, "would likely seek to implead The Palestine Investment Fund[.]" (*See* **Exhibit 1** hereto at ¶¶ 4 & 39(c).) We respectfully request that the Court take judicial notice of *Orascom. See* Fed. R. Evid. 201.

- 4 -

any judgment in McVay's favor would necessarily affect the interests of the loan participants and Helm in the mortgaged premises"); *Ronson Corp. v. First Stamford Corp.*, 48 F.R.D. 374, 377-78 (D. Conn. 1970) (third party was an indispensable party under Rule 19 where its "property interests and rights are directly involved in this litigation [and] it is clear that a meaningful, final decree cannot be entered without affecting those interests and rights").

Although plaintiffs cite to a portion of Conn. Gen. Stat. § 52-356c (*see* Pl. Br. at 19), they quite conspicuously omit discussion of Section 52-356c(g), which makes clear that *"[t]his section does not affect any interest in property of any person who is not a party to a determination pursuant to the provisions of this section."* (Emphasis added)  *See also* 2 Conn. Prac. Form 108.1-A (4th ed.), Commentary ("[a]fter the hearing, the court shall render judgment determining the respective interests of the parties in the property . . . . *Nevertheless, the interests of any persons who are not parties to the determination proceedings are not affected*.  C.G.S.A. § 52-356c(f), (g)") (emphasis added).  Accordingly, unless the Palestinian Limited Partners become parties to this proceeding, their respective Canaan investment interests cannot be affected by this determination proceeding.  Canaan's Determination Motion requests that the Court join the three Palestinian Limited Partners precisely so that their respective Canaan investment interests can in fact be litigated in this proceeding.  Logically, plaintiffs should join in this request.

**II.**

**IF ANY OF THE PALESTINIAN LIMITED PARTNERS CANNOT BE JOINED, THIS PROCEEDING SHOULD BE DISMISSED UNDER RULE 19(b)**

If, for lack of personal jurisdiction (given that the Palestinian Limited Partners are foreign entities), lack of subject matter jurisdiction (given the reasons set forth in the Palestinian

- 5 -

Pension Fund's January 30, 2006 motion) or otherwise, this Court cannot join each of the Palestin-ian Limited Partners, this proceeding should, "in equity and good conscience[,]" be dismissed pur-suant to Fed. R. Civ. P. 19(b). All the factors to be considered under Rule 19 favor dismissal of this proceeding if joinder is not feasible:

(1) Because Conn. Gen. Stat. § 52-356c(g) makes clear that no judgment rendered in this pro-ceeding can affect the Canaan interests of those Palestinian Limited Partners who do not be-come parties hereto, if joinder is not feasible, dismissal is warranted because "a judgment rendered in [their] absence [would not] be adequate." Fed. R. Civ. P. 19(b).

(2) If joinder of the Palestinian Limited Partners is not feasible, any judgment rendered against their interests would, in addition to contravening Conn. Gen. Stat. § 52-356c(g), "be preju-dicial" to them and could not be "lessened or avoided" by any "protective provisions in the judgment, by the shaping of relief, or other measures[.]" Fed. R. Civ. P. 19(b).

(3) Finally, upon dismissal of this proceeding for non-joinder, plaintiffs will still "have an ade-quate remedy" insofar as they will be free to continue their efforts to seize what they allege are in excess of $100 million of assets belonging to the judgment debtors (the Palestinian Authority and the Palestine Liberation Organization) that are located in other jurisdictions. Fed. R. Civ. P. 19(b). *See, e.g., Orascom Telecom Holding, supra,* No. 05 CV 7765 (S.D.N.Y.) (plaintiffs seeking more than $107 million in assets allegedly belonging to the judgment debtors); *Palestine Monetary Authority v. David Strachman,* No. 107777/05 (N.Y. Sup. Ct., N.Y. Co.) (plaintiffs seeking assets that allegedly belong to the judgment debtors); *Estate of Yaron Ungar v. Palestinian Authority,* No. 1:05-mc-00180-GK (D.D.C.) (plaintiffs seeking assets of the judgment debtors). *See generally* Fed. R. Evid. 201.

   If the Court determines that the joinder of the Palestinian Limited Partners is not feasible, it should dismiss this action in its entirety. *See Fluent, supra,* 928 F.2d at 547-48 ("[a]fter determining that joinder under rule 19(a), while desirable, was not feasible because of the tribe's sovereign immunity, the district court considered the rule 19(b) factors [and] . . . found that the eighth and tenth causes of action should not be adjudicated in the absence of the Nation. We agree"); *Ronson, supra,* 48 F.R.D. at 377 ("it is not 'feasible' to join Mechtronics because di-versity will be destroyed. . . . After a consideration of the four factors or 'interests' suggested by

- 6 -

Rule 19(b) . . . this Court concludes that in equity and good conscience the nonjoined Mechtronics is an indispensable party to this lawsuit and, therefore, the action must be dismissed").

Plaintiffs' sweeping assertion that mere notice to interested persons "is an adequate substitute for joinder under Rule 19 itself" (Pl. Br. at 20; emphasis in original) is unsupported by the cases they cite and flies in the face of the analysis expressly required by Rule 19. *See, e.g.,* *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109, 118-19 (1968) ("Rule 19(b) suggests four 'interests' that must be examined in each case . . . . The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases").[4]

## III.

## PLAINTIFFS SHOULD BE DIRECTED TO POST A BOND IN FAVOR OF CANAAN

Over the past year or so since being dragged into this litigation, Canaan has been forced to devote considerable resources addressing the issues raised by plaintiffs' post-judgment proceedings. As a direct result of plaintiffs' proceedings, Canaan's business has been severely

---

[4]    The cases cited by plaintiffs at page 20 of their brief are also distinguishable from the situation at hand. *See Hamilton, supra,* 502 F. Supp. at 833 (non-party Brandt was not an indispensable party and "will not be denied any right of action that he may desire to pursue because this [specific performance] action will not be res judicata of any action at law he may elect"); *Henri's Food Products Co. v. Home Insurance Co.,* 474 F. Supp. 889, 894 (E.D. Wisc. 1979) (while non-party could be provided with notice of its ability to voluntarily intervene in the suit, the court recognized that the non-party might "decline[ ] to do so" and therefore stayed part of the action); *Degregorio v. O'Bannon,* 86 F.R.D. 109, 120 (E.D. Pa. 1980) (inviting government agency "to submit an amicus brief on the issues in this case that affect it" rather than designating it an indispensable party); *GTE Sylvania, Inc. v. Consumer Product Safety Commission,* 598 F.2d 790, 798-99 (3d Cir. 1979) (rejecting argument raised by *amici* for the first time on appeal that the judgment should be vacated because they had not been joined as parties below and noting "that [the *amici*] had adequate notice of this action . . . and that they could have intervened in the Delaware litigation without significant burden"), *aff'd,* 447 U.S. 102 (1980).

- 7 -

prejudiced in that, among other things, (1) Canaan has not been able to collect the capital contributions that the Palestinian Limited Partners are contractually obligated to make to Canaan and which they have ceased making altogether in light of plaintiffs' post-judgment proceedings — and, thus, Canaan has less capital for investment purposes; and (2) Canaan has not been able to exercise its contractual rights to dilute or otherwise reduce the Palestinian Limited Partners' investment interests in the funds in response to their failure to satisfy their contractual capital contribution obligations to Canaan.

Plaintiffs' assertion that Canaan "does not even raise in support of its request for a bond" the prejudice caused by its inability, in light of this proceeding, to exercise its contractual dilution right (Pl. Br. at 23 n.22) is demonstrably false. *See* Canaan's Determination Statement at 13 n.3 ("[t]he potential damages that Canaan would suffer if it were prevented from exercising its contractual rights as a result of plaintiff's execution efforts is an element to be considered in setting the amount of the bond that should be posted by plaintiff-judgment creditors"). It is disingenuous for plaintiffs to assert that Canaan is free to dilute the Palestinian Limited partners' interests simply because "the Ungars take no position thereon." (Pl. Br. at 23 n. 22) Canaan has refrained from exercising its contractual dilution and other rights in light of what plaintiffs characterize as the "open-ended" Rhode Island Injunction (Pl. Br. at 5), as well as Conn. Gen. Stat. § 52-356c(d) ("any property in dispute shall continue to be held by the person then in possession and shall not be transferred to any person who is not a party to the supplemental proceeding").

Because Canaan Equity III Offshore C.V. is not fully funded, it will continue to require capital contributions from its limited partners during the next several years. Over the past year, the Palestinian Limited Partners have collectively defaulted on their obligation to pay mil-

- 8 -

lions of dollars of capital contributions to that fund, and they are obligated to contribute collectively many additional millions of dollars thereto over the remaining life of the fund. As a direct result of plaintiffs' enforcement proceedings, Canaan has been unable to collect capital contributions from the Palestinian Limited Partners or to dilute their investment interests in response thereto.[5]

To protect innocent third parties, like Canaan, who are pulled into post-judgment proceedings, Conn. Gen. Stat. § 52-356c(e) provides that, "[p]rior to hearing the claim [for determination of interests], the court may in its discretion . . . [r]equire the judgment creditor to post a bond in favor of a third person claimant for any damages which may accrue as a result of the outstanding execution and any subsequent proceedings[.]" *See generally Loube & Loube v. Wildin Enterprises, Inc.*, 1997 WL 189346, at *2-*3 (Conn. Super. 1997).

No bond would be necessary if, in the alternative, the Court were to enter an Order providing that, notwithstanding any language to the contrary in the Rhode Island Injunction, Conn. Gen. Stat. § 52-356c(d) and any other applicable statute or rule, Canaan is permitted to immediately exercise all of its contractual rights under all of its partnership and related agreements with the Palestinian Limited Partners — including, but not limited to, its contractual rights to (1) veto the proposed assignment or transfer to any third party (including plaintiffs) of the Palestinian Limited Partners' interests in the Canaan funds and (2) dilute the respective investment interests of the

---

[5]   Contrary to plaintiffs' suggestion (Pl. Br. at 23 n.22), with only a few exceptions, the millions of dollars in aggregate capital contribution obligations on which the Palestinian Limited Partners have defaulted came due subsequent to plaintiffs' service upon Canaan of the May 2005 Rhode Island Injunction.

- 9 -

Palestinian Limited Partners (or any third party standing in their stead) for failure to make the requisite capital contributions to Canaan. Otherwise, Canaan respectfully reiterates its request that plaintiffs be directed to post a bond in favor of Canaan in an amount to be determined at a hearing.

### CONCLUSION

For the foregoing reasons, the Canaan entities respectfully request that the Court (1) hold a hearing and direct plaintiffs to post a bond under Conn. Gen. Stat. § 52-356c(e) in favor of Canaan; and (2) join as indispensable parties to this action under Fed. R. Civ. P. 19(a) each of the Palestinian Limited Partners from which plaintiffs seek Canaan investment assets in satisfaction of the Rhode Island Judgment or, in the alternative, dismiss this action in its entirety under Fed. R. Civ. P. 19(b) if the Court determines that — for lack of personal jurisdiction, lack of subject matter jurisdiction or otherwise — it is not feasible to join each of the Palestinian Limited Partners.

**Dated:  Darien, Connecticut**
**March 20, 2006**

MASLAN BROWN & ASSOCIATES LLP

By: _R. F. Maslan_

  Robert F. Maslan, Jr. (ct07919)
9 Old King's Highway S.
**Darien, Connecticut 06820**
**Tel.: (203) 655-1900**
**Fax: (203) 655-2210**

CAHILL GORDON & REINDEL LLP
  Robert A. Alessi (phv0555)
  Tamara L. Schlinger (phv0554)
**Eighty Pine Street**
**New York, New York  10005-1702**
**Tel.: (212) 701-3000**
**Fax: (212) 269-5420**

**Attorneys For Non-Parties Canaan Equity Offshore C.V.;**
**Canaan Equity II Offshore C.V.; Canaan Equity III Offshore C.V.;**
**Canaan Offshore Management N.V. and Canaan Partners**

- 10 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

DAVID STRACHMAN, Administrator of the Estate
of Yaron Ungar, et al.,

          Plaintiffs-Judgment Creditors,

    -against-

THE PALESTINIAN AUTHORITY, et al.,

          Defendants-Judgment Debtors.

-------------------------------------------------------------x

Case No. 3:05-mc-00208-PCD

## STIPULATION AND ORDER

WHEREAS, on July 13, 2004, the United States District Court for the District of Rhode Island entered final judgment in *Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L (D.R.I.) (the "*Ungar* Action") in favor of Plaintiffs Estate of Ungar, *et al.* ("Plaintiffs") and against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the District Court for the District of Rhode Island issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

ny-690991

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA);" and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in this Court; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in this Court a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356a of the Connecticut General Statutes (Docket Entry No. 13) (the "Fund's Claim for Determination of Interests"); and

WHEREAS, on or about January 30, 2006, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip moved to dismiss this proceeding (as against the Fund) for lack of subject matter jurisdiction or, in the alternative, for a bond pursuant to section 52-356c(e) of the Connecticut General Statutes (Docket Entry Nos. 32-34, 36-39) (the "Fund's Motion to Dismiss"); and

2

WHEREAS, subject to the terms of this Stipulation and Order, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip have agreed to resolve any and all disputes as between them with respect to this proceeding, including but not limited to, the Writ of Execution, the Fund's Claim for Determination of Interests and the Fund's Motion to Dismiss, and have agreed that any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by the Writ of Execution or any other post-judgment proceedings in this or any other Court.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel for Plaintiffs and counsel for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip, that:

1.    Plaintiffs shall submit to the United States District Court for the District of Rhode Island a Proposed Order, a copy of which is attached hereto as Exhibit A (the "Rhode Island Order"), which provides that the Judgments, the Injunction and/or any Notice of Injunction served by or on behalf of Plaintiffs shall not apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State

3

Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

2.    Upon the United States District Court for the District of Rhode Island's approval and entry of the Rhode Island Order, counsel for Plaintiffs and counsel for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall submit to this Court and this Court will endorse and enter an Order in the form attached hereto as Exhibit B.

3.    Pending submission, endorsement and entry of the Order described in Paragraph 2 above, the following matters and proceedings are stayed:  (a) the Writ of Execution, but only to the extent that it can be construed to, or does, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan; (b) the Fund's Claim for Determination of Interests; and (c) the Fund's Motion to Dismiss.

4.    Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall each bear their own costs and attorneys' fees in this action, and both Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip waive any claim they may have had to any losses, costs and attorneys' fees arising out of this action only and/or resulting from the restraint of the assets and interests to which this Stipulation relates.

5.    By entering into this Stipulation, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is not, and shall not be construed to be, admitting and/or conceding:  (1) that this Court has jurisdiction over it or any of its assets; (2) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is or was a

4

party to this action; (3) that the Injunction applies to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's assets; or (4) any other fact or legal position not expressly stated in this Stipulation.

6.      By entering into this Stipulation, Plaintiffs are not, and shall not be construed to be, admitting and/or conceding: (1) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is legally distinct or distinguishable from the Judgment-Debtors in this action; (2) that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is the actual owner of the interests in Canaan; or (3) any other fact or legal position not expressly stated in this Stipulation.

7.      Other than expressly set forth above, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip expressly reserve all rights, claims and defenses, and shall not be deemed to have waived any rights, claims or defenses by executing this Stipulation and/or having this Stipulation So Ordered by this Court.

Dated: Waterbury, CT
        May 1, 2006

Dated: Milford, CT
        May ___, 2006

TINLEY, NASTRI, RENEHAN & DOST

By: _____
        Jeffrey T. Tinley

60 North Main Street, 2nd Flr.
Waterbury, Connecticut 06702
Telephone: (203) 596-9030

*Attorneys for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip*

HARLOW, ADAMS & FRIEDMAN, P.C.

By: _____
        Stephen P. Wright

300 Bic Dr.
Milford, CT 06460-3058
Telephone: (203) 878-0661

*Attorneys for Plaintiffs Estate of Yaron Ungar, et al.*

ny-690991

Dated: New York, NY
    May _/_, 2006

MORRISON & FOERSTER LLP

By:_____
    Charles L. Kerr
    Mark D. McPherson
    Kyle W.K. Mooney

1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468-8000

*Attorneys for The Palestinian Pension Fund
for the State Administrative Employees in
the Gaza Strip*

Dated: Providence, RI
    May __, 2006

MCINTYRE TATE LYNCH & HOLT, L.L.P.

By: _David J. Strachman_ _by Steph P. Whyt_
    David J. Strachman _w/ permission_

321 South Main Street, Suite 400
Providence, RI 02903
Telephone: (401) 351-7700

*Attorneys for Plaintiffs Estate of Yaron Ungar,
et al.*

SO ORDERED:


_____
United States District Judge

Dated: New York, NY
    May  __, 2006

Dated: Providence, RI
    May **1**, 2006

MORRISON & FOERSTER LLP

MCINTYRE TATE LYNCH & HOLT, L.L.P.

By:_____

By: _____

    Charles L. Kerr
    Mark D. McPherson
    Kyle W.K. Mooney

    David J. Strachman

1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468-8000

321 South Main Street, Suite 400
Providence, RI 02903
Telephone: (401) 351-7700

*Attorneys for The Palestinian Pension Fund*
*for the State Administrative Employees in*
*the Gaza Strip*

*Attorneys for Plaintiffs Estate of Yaron Ungar,*
*et al.*

SO ORDERED:


_____
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

```
------------------------------------------------------ x
                                    :
ESTATE OF YARON UNGAR, et al.,      :      No. 00-105L
                                    :
            Plaintiffs,             :
                                    :
       -against-                    :      [PROPOSED] ORDER
                                    :
THE PALESTINIAN AUTHORITY, et al.   :
                                    :
            Defendants.             :
                                    :
------------------------------------------------------ x
```

WHEREAS, on July 13, 2004, this Court entered final judgment in favor of Plaintiffs

Estate of Ungar, *et al.* ("Plaintiffs") against defendants The Palestinian Authority and The

Palestine Liberation Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the Court issued an Injunction, dated

May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority

and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any

way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The

Palestinian Authority and The Palestine Liberation Organization however titled . . . located

within the jurisdiction of the United States or of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a

copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and

Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which The

Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to

possess certain property interests — advising them that "[T]he Injunction applies to all assets of

the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)"; and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in the United States District Court for the District of Connecticut; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be issued by the District Court for the District of Connecticut and served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in the United States District Court for the District of Connecticut a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356c of the Connecticut General Statutes; and

WHEREAS, Plaintiffs have agreed to relinquish any claim or right to any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation:  (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative

2

Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.    Neither the Judgments themselves, nor the Court's May 5, 2005 Injunction, nor any Notice of Injunction served by or on behalf of Plaintiffs shall apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation:  (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.  Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court.

SO ORDERED:

_____

United States District Judge

ny-688396

(                                                                        (

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
                                                            :
DAVID STRACHMAN, Administrator of the Estate                :    Case No. 3:05-mc-00208-PCD
of Yaron Ungar, et al.,                                     :
                                                            :
              Plaintiffs-Judgment Creditors,                :
                                                            :
         -against-                                          :
                                                            :
THE PALESTINIAN AUTHORITY, et al.,                          :
                                                            :
              Defendants-Judgment Debtors.                  :
                                                            :
------------------------------------------------------------ x
```

### ORDER

WHEREAS, on July 13, 2004, the United States District Court for the District of Rhode Island entered final judgment in *Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L (D.R.I.) (the "*Ungar* Action") in favor of Plaintiffs Estate of Ungar, *et al.* ("Plaintiffs") and against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the District Court for the District of Rhode Island issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

ny-688453

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA);" and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in this Court; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in this Court a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356a of the Connecticut General Statutes (Docket Entry No. 13) (the "Fund's Claim for Determination of Interests"); and

WHEREAS, on or about January 30, 2006, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip moved to dismiss this proceeding (as against the Fund) for lack of subject matter jurisdiction or, in the alternative, for a bond pursuant to section 52-356c(e) of the Connecticut General Statutes (Docket Entry Nos. 32-34, 36-39) (the "Fund's Motion to Dismiss"); and

2

WHEREAS, pursuant to a Stipulation and Order dated _____, 2006, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip have agreed to resolve any and all disputes as between them with respect to this proceeding, including but not limited to, the Writ of Execution, the Fund's Claim for Determination of Interests and the Fund's Motion to Dismiss; and

WHEREAS, on _____, 2006, the District of Rhode Island entered an Order (a copy of which is attached as Exhibit A) providing that the Judgments, the Injunction and/or any Notice of Injunction served by or on behalf of Plaintiffs shall not apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Writ of Execution served upon Canaan on or about August 25, 2005, is vacated with prejudice to the extent that it can be construed to, or does, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State

3

Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

2.    Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by the Writ of Execution or any other post-judgment proceedings in this Court. Any rights and interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan shall continue to be determined and governed by the Limited Partnership Agreements, as amended from time to time, pursuant to which The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip has invested in Canaan or will invest in Canaan.

3.    The Fund's Claim for Determination of Interests in Disputed Property, and the Fund's Motion to Dismiss are hereby withdrawn with prejudice.

4.    Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall each bear their own costs and attorneys' fees in this action.

4

ny-688453

SO ORDERED:

_____

United States District Judge

**RECEIVED**

**MAY 8 '06**

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

------------------------------------------------------------ x
                                                             :
ESTATE OF YARON UNGAR, et al.,                               :    No. 00-105L
                                                             :
      Plaintiffs,                                    :
                                                             :
    -against-                                          :    **ORDER**
                                                             :
THE PALESTINIAN AUTHORITY, et al.                            :
                                                             :
      Defendants.                                    :
                                                             :
------------------------------------------------------------ x

      WHEREAS, on July 13, 2004, this Court entered final judgment in favor of Plaintiffs

Estate of Ungar, *et al.* ("Plaintiffs") against defendants The Palestinian Authority and The

Palestine Liberation Organization, respectively (the "Judgments"); and

      WHEREAS, in connection with the Judgments, the Court issued an Injunction, dated

May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority

and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any

way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The

Palestinian Authority and The Palestine Liberation Organization however titled . . . located

within the jurisdiction of the United States or of any State thereof"; and

      WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a

copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and

Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which The

Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to

possess certain property interests — advising them that "[T]he Injunction applies to all assets of

ny-688396

the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)"; and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in the United States District Court for the District of Connecticut; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be issued by the District Court for the District of Connecticut and served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in the United States District Court for the District of Connecticut a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356c of the Connecticut General Statutes; and

WHEREAS, Plaintiffs have agreed to relinquish any claim or right to any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative

2

ny-688396

Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.    Neither the Judgments themselves, nor the Court's May 5, 2005 Injunction, nor any Notice of Injunction served by or on behalf of Plaintiffs shall apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.  Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court.

SO ORDERED:

_Ronald R. Lagueux_

Sʌ.    United States District Judge

5/9/06

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------------- x

DAVID STRACHMAN, Administrator of the Estate
of Yaron Ungar, et al.,

        Plaintiffs-Judgment Creditors,

      -against-

THE PALESTINIAN AUTHORITY, et al.,

        Defendants-Judgment Debtors.

------------------------------------------------------------- x

Case No. 3:05-mc-00208-PCD



## ORDER

WHEREAS, on July 13, 2004, the United States District Court for the District of Rhode

Island entered final judgment in *Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*,

No. 00-105L (D.R.I.) (the "*Ungar* Action") in favor of Plaintiffs Estate of Ungar, *et al.*

("Plaintiffs") and against defendants The Palestinian Authority and The Palestine Liberation

Organization, respectively (the "Judgments"); and

WHEREAS, in connection with the Judgments, the District Court for the District of

Rhode Island issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter*

*alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from

"withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in,

directly or indirectly, any and all assets of The Palestinian Authority and The Palestine

Liberation Organization however titled . . . located within the jurisdiction of the United States or

of any State thereof"; and

WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a

copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture

capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA);" and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in this Court; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in this Court a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356a of the Connecticut General Statutes (Docket Entry No. 13) (the "Fund's Claim for Determination of Interests"); and

WHEREAS, on or about January 30, 2006, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip moved to dismiss this proceeding (as against the Fund) for lack of subject matter jurisdiction or, in the alternative, for a bond pursuant to section 52-356c(e) of the Connecticut General Statutes (Docket Entry Nos. 32-34, 36-39) (the "Fund's Motion to Dismiss"); and

2

WHEREAS, pursuant to a Stipulation and Order dated May 1, 2006, Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip have agreed to resolve any and all disputes as between them with respect to this proceeding, including but not limited to, the Writ of Execution, the Fund's Claim for Determination of Interests and the Fund's Motion to Dismiss; and

WHEREAS, on May 9, 2006, the District of Rhode Island entered an Order (a copy of which is attached as Exhibit A) providing that the Judgments, the Injunction and/or any Notice of Injunction served by or on behalf of Plaintiffs shall not apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.    The Writ of Execution served upon Canaan on or about August 25, 2005, is vacated with prejudice to the extent that it can be construed to, or does, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State

nv-688453

Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

2.    Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by the Writ of Execution or any other post-judgment proceedings in this Court. Any rights and interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan shall continue to be determined and governed by the Limited Partnership Agreements, as amended from time to time, pursuant to which The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip has invested in Canaan or will invest in Canaan.

3.    The Fund's Claim for Determination of Interests in Disputed Property, and the Fund's Motion to Dismiss are hereby withdrawn with prejudice.

4.    Plaintiffs and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip shall each bear their own costs and attorneys' fees in this action.

4

SO ORDERED:

_____
United States District Judge

15:33 MAY 10. 2006  ID: 7252          FAX NO: 752-7247                    #139233  PAGE: 2/4

**RECEIVED**

**MAY 8 '06**

**U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

------------------------------------------ x

ESTATE OF YARON UNGAR, et al.,                    :          No. 00-105L

          Plaintiffs,                    :

        -against-                    :          **ORDER**

THE PALESTINIAN AUTHORITY, et al.                  :

         Defendants.                    :

------------------------------------------ x

    WHEREAS, on July 13, 2004, this Court entered final judgment in favor of Plaintiffs Estate of Ungar, et al ("Plaintiffs") against defendants The Palestinian Authority and The Palestine Liberation Organization, respectively (the "Judgments"); and

    WHEREAS, in connection with the Judgments, the Court issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority and The Palestine Liberation Organization from "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof"; and

    WHEREAS Plaintiffs served a Notice of Injunction (the "Notice of Injunction") and a copy of the Injunction on various entities — including Canaan Partners, a Connecticut venture capital firm, and certain of its related entities, including Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan"), limited partnerships in which The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip claims to possess certain property interests — advising them that "[T]he Injunction applies to all assets of

16-688396

# EXHIBIT A

15:34 MAY 18, 2006  ID: 7252                    FAX NO: 752-7247                    #133233  PAGE: 3/4

the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PSCS), Palestine Pension Fund, Insurance and Pension General Corporation, Palestine National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)"; and

WHEREAS, on or about June 29, 2005, Plaintiffs registered the Judgments in the United States District Court for the District of Connecticut; and

WHEREAS, on or about August 25, 2005, Plaintiffs caused a Writ of Execution to be issued by the District Court for the District of Connecticut and served upon Canaan; and

WHEREAS, on or about September 13, 2005, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip filed in the United States District Court for the District of Connecticut a Claim for Determination of Interests in Disputed Property pursuant to Section 52-356c of the Connecticut General Statutes; and

WHEREAS, Plaintiffs have agreed to relinquish any claim or right to any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative

ny-688396

2

Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.     Neither the Judgments themselves, nor the Court's May 5, 2005 Injunction, nor any Notice of Injunction served by or on behalf of Plaintiffs shall apply to, reach, attach, or otherwise restrain in any manner any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including without limitation: (1) any investments of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V.; (2) any future investments or capital contributions that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip may make in Canaan Equity II Offshore C.V. or in Canaan Equity III Offshore C.V.; and (3) any cash deposits, dividends, distributions, funds or interests owned by and/or owed to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with any investments in Canaan, including any partnership interests in Canaan Equity II Offshore C.V. and/or in Canaan Equity III Offshore C.V. Any interests of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in Canaan are not, and shall not be construed to be, restrained in any manner by any order or judgment of this Court.

SO ORDERED:

S/    United States District Judge
5/9/06