MCINTYRE, TATE
& LYNCH LLP
COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN*
ROBERT S. PARKER*

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

VIA HAND DELIVERY

August 1, 2006

RECEIVED
AUG - 1 2006
Property of U.S. District Court
District of Rhode Island

The Hon. Ronald R. Lagueux
United States District Court
District of Rhode Island
2 Exchange Terrace
Providence, RI 02903

**Re:** **<u>Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.</u>**
**C.A. No. 00-105L**

**Urgent request for entry of default on Plaintiffs' Creditor's Bill (docket # 370)**

Dear Judge Lagueux:

Plaintiffs respectfully request the Court's immediate assistance with the ministerial act of entering default on their Creditor's Bill pursuant to R.I.G.L. §9-28-1, which was filed and served on Defendants on July 3, 2006.

Under §9-28-1 a creditor's bill is a "civil action," and since Defendants have not answered or opposed Plaintiffs' Creditor's Bill entry of default thereon is now in order.

Because of the ongoing difficulty over the last two years trying to obtain satisfaction of the judgment in this matter, we believe that this is a timely matter deserving urgent attention.

Enclosed are an Application for entry of default and a proposed order instructing the Clerk to enter default and scheduling a hearing on entry of default judgment.

Thank you for your consideration.

Sincerely,

David J. Strachman

DJS/dc
Enclosures- Application For Relief Under Fed. R.Civ.P. 55
- Proposed Order

SUITE 400 321 SOUTH MAIN STREET PROVIDENCE, RI 02903
401-351-7700 FAX 401-331-6095

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**PLAINTIFFS' APPLICATION FOR RELIEF UNDER FED.R.CIV.P. 55**
**IN RESPECT TO THEIR CREDITOR'S BILL**

On July 3, 2006, plaintiffs filed a Creditor's Bill pursuant to R.I.G.L. §9-28-1 (applicable here by operation of Fed.R.Civ.P. 69) seeking a judgment against defendant/judgment debtor Palestinian Authority ("PA") assigning to the plaintiffs certain rights and interests of the PA (docket #370).

The Creditor's Bill was served on the PA's counsel in Rhode Island and New York on July 3, 2006. The PA's time to oppose the Creditor's Bill has therefore passed, and the PA has filed no answer or responsive pleading.

Fed.R.Civ.P. 55(a) provides in relevant part that the Clerk shall enter default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . " and plaintiffs are therefore entitled to immediate entry by the Clerk of the PA's default of the Creditor's Bill.

Though entry of default under Rule 55(a) is a ministerial task to be performed by the Clerk whenever a defendant's default is shown, plaintiffs' counsel is informed that it is the

practice of the Clerk of this Court to enter defaults under Rule 55(a) only when so directed by the Court itself. Plaintiffs therefore seek an Order directing the Clerk to do so.

The relief sought by the Creditor's Bill does not require any inquiry or hearing on damages, and plaintiffs are therefore entitled to judgment by default pursuant to Rule 55(b)(2), forthwith.

Rule 55(b)(2) requires that the PA's counsel be served with "written notice of the application for judgment at least 3 days prior to the hearing on such application."

Accordingly, in order to provide the PA the requisite notice, plaintiffs request that the Court schedule a hearing as soon as possible on their application for judgment by default, and at that time order entry of judgment by default against the PA on the Creditor's Bill.

WHEREFORE, plaintiffs respectfully request,

(a) An Order (i) directing the Clerk to enter forthwith the PA's default of plaintiffs' Creditor's Bill pursuant to Fed.R.Civ.P. 55(a); and (ii) scheduling a hearing at the earliest available date on plaintiffs' application for judgment by default on their Creditor's Bill; and

(b) A further Order, at or following the aforementioned hearing, directing entry of judgment by default against the PA on the Creditor's Bill.

A proposed Order is attached hereto.

Plaintiffs, by their Attorneys,

8/1/06

David J. Strachman #4404
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**ORDER**

Upon consideration of Plaintiffs' Application for Relief Under Fed.R.Civ.P. 55 in Respect to Their Creditor's Bill, and for the reasons stated therein, it is hereby

ORDERED that the Clerk shall forthwith enter the default of defendant Palestinian Authority, pursuant to Fed.R.Civ.P. 55(a), for failure to plead or otherwise defend against plaintiffs' Creditor's Bill (docket #370); and it is further

ORDERED, pursuant to Fed.R.Civ.P. 55(b)(2), that plaintiffs' application for judgment by default on their Creditor's Bill against defendant Palestinian Authority shall be heard by this Court on August ________, 2006, at ________ o'clock.

**SO ORDERED.**

August ______, 2006

______________________________
Senior Judge Ronald R. Lagueux
United States District Court