MCINTYRE, TATE
& LYNCH LLP
COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN*
ROBERT S. PARKER*

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

RECEIVED
SEP 01 2006
Property of U.S. District Court
District of Rhode Island

Hand Delivered

September 1, 2006

The Honorable Ronald Lagueux
United States District Court
One Exchange Terrace
Providence, RI 02903

Re: Estate of Ungar et al. v. Palestinian Authority et al., C.A. No. 00-105L

Dear Judge Lagueux,

Currently pending before Your Honor is the Creditor's Bill filed by plaintiffs/judgment-creditors pursuant to R.I.G.L. §9-28-1 seeking a judgment against defendant/judgment-debtor Palestinian Authority ("PA") assigning certain rights and interests of the PA to the plaintiffs toward satisfaction of their judgment against the PA.

After the PA defaulted the Creditor's Bill, plaintiffs filed an application for entry of default and default judgment, and Your Honor then scheduled a hearing on the application for default and default judgment for September 13, 2006, and ordered the PA to submit any response to that application by August 18, 2006. Docket nos. 375, 376.

Undersigned counsel for the plaintiffs/judgment-creditors now writes to respectfully notify Your Honor that the PA has not served any opposition or response to the application for default and default judgment.

The Ungars also note that a non-party to this action, the Canaan Funds, has submitted a letter claiming that the Creditor's Bill is an "improper" attempt to "circumvent" the Connecticut proceeding in which Canaan is a garnishee, and that plaintiffs cannot invoke §9-28-1 because they have not issued an execution which was returned unsatisfied.

These assertions are not only meritless but frivolous.[1] However, because Canaan is not a party to this action, has no standing to raise any objections to the Creditor's Bill, and has not

[1] Not only is the remedy sought in the Creditor's Bill completely different from that sought in the Connecticut proceeding, the funds held by Canaan are only a tiny fraction of the Ungars' judgment and so even if the Ungars were to prevail in Connecticut, the need for the Creditor's Bill would not be diminished. Moreover, Canaan itself is seeking to defeat the Connecticut proceeding on non-merits grounds, and if Canaan prevails

even sought to intervene because it has no grounds to do so, the Ungars respectfully believe that a response by them is neither necessary nor appropriate and that Canaan's letter should not be considered by the Court. Therefore, unless Your Honor directs otherwise, the Ungars do not intend to submit a response to Canaan's letter.

Sincerely,

David Strachman

DJS/ms

---

that proceeding will be dismissed without a decision on the merits. Thus, Canaan's claim that the Ungars are trying to "circumvent" a proceeding which, at most, would be dismissed without prejudice, is nonsensical.

Canaan's plaint regarding the writ of execution is also hollow. As stated in the Creditor's Bill, since there are no assets in Rhode Island against which the Marshal can execute, the Ungars refrained from wasting their resources (and those of the Clerk and Marshal) on an issuing a vain execution – and quite properly so. See U.S. v. Russell, 241 F.2d 879, 881-882 (1st Cir. 1957) (requirement that execution be issued and returned nulla bona as precondition of alternative enforcement proceeding properly dispensed with when "it is apparent that … execution against the debtor would be futile … Impossibility dispenses with the requirement, as well as manifest futility" since issuance of writ of execution in absence of assets is a "vain and useless thing")(internal quotations omitted). Canaan's reference to the Connecticut writ is a *non sequitur*, since Rhode Island law does not require a judgment creditor to seek executions in other states. Under Canaan's theory, the Ungars would be required to produce unsatisfied writs of execution from all 50 states. In any case, the assets held by Canaan are not titled to the PA and so are not subject to enforcement through execution process, which is why that writ has not been satisfied at all. Furthermore, even if the assets held by Canaan were subject to levy by execution, the writ of execution would perforce be returned almost entirely unsatisfied since those assets constitute but a small fraction of the judgment.