```
 1                  UNITED STATES DISTRICT COURT

 2               FOR THE DISTRICT OF RHODE ISLAND

 3   * * * * * * * * * * * * * * *

 4   THE ESTATE OF                    C.A. No. 00-105 L
     YARON UNGAR, et al
 5         Plaintiff

 6
     VS.                              PROVIDENCE, RI
 7                                    SEPTEMBER 13, 2006

 8   THE PALESTINIAN
     AUTHORITY, et al
 9         Defendant

10   * * * * * * * * * *

11       BEFORE SENIOR DISTRICT JUDGE RONALD R. LAGUEUX

12   APPEARANCES:

13   FOR THE PLAINTIFFS:        DAVID J. STRACHMAN, ESQ.
                                321 South Main St.
14                              Suite 400
                                Providence, RI 02903
15                              351-7700

16   FOR THE DEFENDANT:         DEMING E. SHERMAN, ESQ.
                                Edwards & Angell
17                              2800 Financial Plaza
                                Providence, RI 02903
18                              274-9200

19                              JAMES R. OSWALD, ESQ.
                                Adler Pollock & Sheehan PC
20                              8th Floor
                                Providence, RI 02903
21                              274-7200

22   Court Reporter:            JOSEPH A. FONTES
                                145A High Point Blvd.
23                              Delray Beach, FL 33445
                                561-452-7507
24

25     Proceeding reported and produced by computer-aided
                          stenography
```

```
 1  September 13, 2006 - MORNING SESSION
 2           THE COURT:  Good morning, everyone.  The matter
 3  before the Court is Civil Action 2000-105 L, The Estate of
 4  Yaron Ungar, and others versus the Palestinian Authority, and
 5  others.  The matter is here on plaintiff's motion for
 6  default on the creditor's bill which was filed by the
 7  plaintiffs against the PA and the PLO.  Will the attorneys
 8  identify themselves for the record, please.
 9           MR. STRACHMAN:  David Strachman for the plaintiffs.
10           MR. SHERMAN:  Deming Sherman appearing on behalf of
11  the Palestinian Authority and the PLO.  Your Honor, may I
12  breifly address the Court before the argument begins?
13           THE COURT:  All right.
14           MR. SHERMAN:  Your Honor, I'm here this morning
15  because I remain counsel of record, and as an officer of the
16  Court.  However, I have not received any instructions from
17  the clients that I previously represented in this matter and,
18  therefore, I'm not authorized to take a position one way or
19  the other, and do not intend to participate beyond being
20  present in the Court.
21           THE COURT:  All right. Well, they haven't
22  responded to this creditor's bill.  The PA and the PLO have
23  not responded.
24           MR. SHERMAN:  I understand.
25           THE COURT:  So that's why there's a motion for
```

```
 1  entry of default, and entry of default judgment.
 2           MR. SHERMAN:  I recognize that, your Honor.
 3           THE COURT:  All right. Then you're not going to
 4  argue on it?
 5           MR. SHERMAN:  No.  I'm not authorized to argue on
 6  behalf of those entities.  Thank you.
 7           THE COURT:  All right.
 8           MR. OSWALD:  Your Honor, may I be heard?
 9           THE COURT:  Yes.
10           MR. OSWALD:  Your Honor, my name is James Oswald
11  from Adler Pollock and Sheehan here in town.  I represent
12  non-parties who have an interest in this motion, and in this
13  creditor's bill.  Those non-parties are Canaan Equity
14  Offshore, Canaan Equity II Offshore, and Canaan Equity III
15  Offshore.  These are Venture funds, your Honor, that are down
16  in Connecticut based overseas.
17           Your Honor may recall that I was before the Court
18  approximately a year ago, and during the course of last
19  summer regarding attempts by the plaintiffs to seize or to
20  freeze certain assets of the Palestinian Investment Fund, the
21  Palestinian Pension Fund, and an entity called, Becont in
22  these Canaan Venture Funds.  We had a back and forth with
23  respect to the injunction that your Honor issued.  And at one
24  point we had filed a motion for clarification of that
25  injunction to see whether the injunction, in fact, covered
```

```
 1  those entities.  Although I'm here representing non-parties
 2  because they have an interest, Canaan collectively, we filed
 3  a letter of response to the Court on July 18th of this year
 4  responding to the plaintiff's creditor's bill and setting
 5  forth the reasons why we have an interest and why we ought to
 6  be heard.  The short version is is that the creditor's bill
 7  seeks to have turned over to the plaintiffs assets, in
 8  particular P.I.F., the Palestinian Investment Fund.  Those
 9  are assets that are in -- some of those assets are in these
10  Canaan Venture Funds.  In the interim, what had happened last
11  summer was that plaintiffs had filed an action in Federal
12  Court in Connecticut for the very issue that I think they're
13  asking to be heard on today, which is can those -- are those
14  assets reachable?  Are the assets of P.I.F. in fact the
15  assets of the PA or the PLO?  Respectfully, as we set forth
16  in our July 18th letter, that is the very issue that is
17  pending before the federal - before Judge Dorsey down in
18  Connecticut.  And again the other bases are set forth in our
19  letter, in particular, that the threshold requirement under
20  9-28-1, that the Writ of Execution come back unsatisfied has
21  not been met.  We're concerned that the very issue that's
22  being asked to be decided yet again by this Court is, in
23  fact, the issue that is pending down in Connecticut which
24  your Honor had requested the plaintiffs go do.  They did.
25  It's going to be decided down there.  Thank you.
```

```
 1              MR. STRACHMAN:  Your Honor, can I respond?
 2              THE COURT:  Yes.  Well, the Canaan entities are not
 3    parties to this case, and I'll hear whatever arguments you
 4    want to make as a friend of the Court.  But what I'm dealing
 5    with here is a defaulted case, and the question is, what form
 6    will the judgment take?  And I have limited jurisdiction
 7    because none of those entities are before this Court.  The
 8    only jurisdiction I have is over the PA and the PLO, which I
 9    determined a long time ago.  So there's certainly a question
10    about any judgment that I enter in this case as to its
11    territorial effect.  But I'll hear all the arguments that
12    anybody wants to make on this subject, and I'll make a
13    determination.
14              MR. STRACHMAN:  Thank you, your Honor.  I find that
15    it's -- at the outset, it's somewhat disingenuous that the
16    party who was here for 4 years of litigation through
17    8 written decisions and two appeals won't come forward to
18    recognize the jurisdiction of this Court, won't show up in
19    court other than to say that they're not arguing, they're not
20    taking a position.  A party that is unrelated to this
21    litigation, that is really nothing more than a stakeholder,
22    who came to this Court last year, invoked the Court's
23    jurisdiction, then after the Court made a ruling, I believe
24    on the receivership motion, and there was a discussion about
25    moving to Connecticut with respect to a particular asset, and
```

```
 1  we did that, then came to this Court and said, "Oh, we're
 2  going to change tacts and we're going to now litigate that
 3  issue in Connecticut."  There is an issue in Connecticut
 4  that's being litigated. It is not a creditor's bill.  My
 5  brother, Mr. Oswald, would have you believe that this
 6  proceeding is entirely dependent upon him, his client, and
 7  this one small asset.  The asset, by the way, that's in
 8  Connecticut, is valued between 3 and 5 million dollars.
 9  Barely the interest that's accrued on this judgment in the
10  last two years.  The status of the matter in Connecticut is
11  that Canaan has filed motions to dismiss our collection
12  proceedings there on various jurisdictional bases.  If their
13  motion is granted, there will be no ruling on the substantive
14  matter whether we can -- the status of these investments.
15              But what's before the Court today is a very simple
16  proceeding.  And to respond to your Honor's comments at the
17  outset, this Court has jurisdiction over these two
18  defendants, the PA and the PLO.  Your Honor knows that better
19  than anyone, and your Honor wrote several decisions on that
20  very issue.  They are here, as this Court has in personam
21  jurisdiction over them.  This Court can manage their affairs
22  just as superior courts have done, and I notice that's a more
23  traditional forum for this type of procedure, a creditor's
24  bill.  A case that I unfortunately neglected to include in
25  our brief is the Desper versus Talbot case, and I can pass a
```

```
 1   copy up to the Court afterwards, 727 A2d 1233, and this Court
 2   did exactly what we're asking.  The Supreme Court upheld the
 3   procedure exactly as we're asking this Court to do here, and
 4   that is to simply say whatever interest the PA and the PLO
 5   have in these two entities.  They, by the way, as we showed
 6   the Court and demonstrated in our exhibits, are the sole
 7   shareholders in these entities.  These entities were designed
 8   specifically, and their own web sites say that these entities
 9   were designed to hold PA assets.  It's the PA Christmas fund
10   account, if you will.  They took all their assets, they put
11   them in this one entity so they were gathered and corralled,
12   so everyone can look at them.  They advertised this on their
13   web site.  Standard & Poor's has documented this.  The World
14   Bank has documented this.  This is not a piercing the
15   corporate veil issue.  This is simply their piggy bank or
16   their collection of toys, if you will.  Their funds.
17           So what we're asking this Court simply to do is to
18   say their interest be equitably assigned to my clients.  The
19   clients will then probably have to do a lot of things outside
20   of this jurisdiction with respect to those assets.  I don't
21   foresee that we would be coming back to the Court, to this
22   Court, in the future, with respect to these assets.  And the
23   Court gave us some direction last year with respect to the
24   receivership motion as to whether this Court was going to
25   supervise collection activity of this judgment, you know, and
```

```
 1  I understood what the Court said.  But now that the Court has
 2  jurisdiction over these defendants, and it's crystal clear,
 3  and they've brazenly refused to respond, they failed to
 4  respond initially, then the Court gave them another response
 5  date, they blew that, they don't come to court here.  I think
 6  we have no choice but to enter default, and then enter
 7  default judgment assigning these interests to my clients.  My
 8  clients will then be in a position that of controlling and of
 9  managing, if you will, this interest, these two interests.
10  Now whatever those funds have invested in, and one of those
11  funds invested in these, possibly these Canaan entities, we
12  understand that we're going to take, subject to whatever
13  those contractual rights are.  We've had a series of
14  discussions with Canaan's attorneys way back about the nature
15  of those contracts, those interests.  They're very difficult
16  to reduce to a value.  They're partnership interests which
17  have all kinds of different subscriptions and target dates,
18  et cetera.
19          But we urge the Court to grant this motion, to
20  grant the relief, and I have a prepared motion -- excuse me,
21  a prepared order, that I'd like to provide to the Court for
22  review, because we find ourselves two years later virtually
23  in the same place that we were in July of 2004 when this
24  Court entered final judgment after four-and-a-half years of
25  litigation.  And as we demonstrated in our initial pleading
```

```
 1   in this present matter, the PA and the PLO have taken the
 2   position in other courts that they no longer recognize the
 3   jurisdiction of the Courts, although they're litigating other
 4   terrorist cases with them, and Ramsey Clark and Larry
 5   Schilling are there and are participating in certain cases,
 6   they've brazenly told Courts they're are not going to pay the
 7   discovery fines, et cetera.  We find ourselves in a very
 8   difficult position.  There's no reason that these orphans and
 9   their families have to suffer further through more years of
10   tortious litigation simply because they won't comply with the
11   Court order.
12           I would urge the Court not to be sidetracked, and I
13   heard what your Honor said initially, but I would ask the
14   Court to reconsider even listening to the position of Canaan.
15   Canaan is a stakeholder.  They have no -- they have not moved
16   to intervene.  By stipulation, their involvement in this case
17   terminated, I believe, about a year ago.  They have no reason
18   and no basis to come into this Court and to make arguments.
19   They're really not a friend of the Court.  They're really a
20   shill for the PA and the PLO.  Their position should be as a
21   third-party garnishee.  Whatever happens, happens.  I have no
22   interest one way or another.  Instead what they're doing is
23   they're sort of stubstituting here for the PA and the PLO,
24   and they're sort of trying to manipulate and hijack these
25   proceedings into a, you know, offense against the Ungers, and
```

```
 1   it's just not right.  They're not here.  They haven't entered
 2   an appearance.  They haven't sought to intervene, and by
 3   agreement all the proceedings that they were involved in, and
 4   the motion that they filed a year ago, over a year ago, was
 5   dismissed.  So I'd ask the Court to not to hear from them,
 6   and to not accept letters from them and from friends and
 7   other people who have written letters to the Court in this
 8   case who are not involved in this case, who have tried to
 9   stymie certain rulings that the Court has made, and the
10   plaintiff's proceedings, and I just think it's inappropriate.
11   There's no basis for it.
12              THE COURT:  Well, I don't decide cases on letters.
13   And letters are not official.  Although I'm putting them in
14   the file so that everybody will know what these letters are
15   that are being sent to me.  I decide cases based on pleadings
16   and legal arguments.  And although I've read the material, it
17   doesn't persuade me.
18              I'm satisfied that whatever judgment I enter here
19   today has no bearing on the Connecticut case.  If I enter a
20   judgment assigning to the plaintiffs all the rights that the
21   PA has in these two entities, that's the limit of the order
22   of the Court, the judgment of the Court, then that has to be
23   executed somewhere where these two entities are doing
24   business.  They're not doing business in Rhode Island.  As I
25   said from the very beginning, there's no way I'm going to
```

```
 1  supervise the collection of this judgment because there are
 2  no assets in this jurisdiction of the PA and the PLO.
 3  Although they're subject to the jurisdiction of this Court, I
 4  can enter an order such as is proposed here.  Really it's a
 5  judgment.  I'm entering a judgment on the creditor's bill.
 6          MR. STRACHMAN:  Could I -- I have a proposed order,
 7  your Honor, I'd like to offer up to the Court.
 8          THE COURT:  All right.  It's absolutely clear that
 9  the PA and PLO have defaulted, and so I am -- it's
10  unnecessary for me to tell the clerk to enter a default.  I
11  declare a default.  And now I will enter judgment for the
12  plaintiffs against the PA and the PLO.
13          MR. OSWALD:  Your Honor, may I be heard very
14  briefly in response to Mr. Strachman?
15          THE COURT:  Yes.
16          MR. OSWALD:  Thank you.  Your Honor, I'm not here
17  for the PA.  I'm not here for the PLO.  I'm not a shill, I'm
18  not a piggy bank, I'm not any of the things that I've been
19  accused of being.  We have one single interest and that is
20  the fact that this entity, PIF, has assets in the Canaan
21  Venture Funds.  The order that is being asked for the Court
22  to enter is not simply an order against the PA and the PLO.
23  It is an order specifically reaching, applying, and
24  subjecting to the payment all of the assets held by the PCSC,
25  which is an entity I don't know about and don't care about,
```

1  and PIF.
2          THE COURT: That's right.
3          MR. OSWALD: Therefore, it is going -- the piggy
4  bank analogy that was made, there's a presumption that is
5  being made there that I don't know whether it was correct or
6  not, but is going to be decided by the federal court in
7  Connecticut. Mr. Strachman says here to the Court that the
8  PIF is the piggy bank for the PLO and the PA. If it is, the
9  federal court in Connecticut will say so. If it is not, the
10 federal court will say so. But the order --
11         THE COURT: That's up to the federal court in
12 Connecticut. I'm doing my business here. The federal court
13 in Connecticut can do what it thinks is appropriate.
14         MR. OSWALD: We agree completely, your Honor. The
15 only concern that we have here with the entry of the order is
16 that it is effectively going to decide the issue. That is,
17 to decide the issue that PIF is in fact a shill or a piggy
18 bank for the PA or the PLO. We don't want your Honor's order
19 to decide that. There's been no evidentiary hearing.
20 There's been no evidence. The things that Mr. Strachman is
21 saying certainly are not evidence. That is the very issue
22 that your Honor directed plaintiffs to have decided down in
23 Connecticut. That's our sole and only concern here before
24 the Court.
25         THE COURT: You can make those arguments before the

```
 1   federal judge in Connecticut.  What I have authority to do
 2   here is to enter orders against the PA and the PLO.  They've
 3   defaulted on this creditor's bill, and I have the power to
 4   enter orders against them.  And one of the orders or
 5   judgments that I'm going to enter is that any assets that the
 6   PA owns, or any interest that it owns, in those two entities
 7   is assigned to these plaintiffs.  And then you'll have to
 8   deal with them down in Connecticut.
 9              MR. OSWALD:  So to be clear, your Honor's order
10   does not go so far as to saying that these entity's assets
11   are, in fact, the assets of the PLO or the PA?  Your Honor is
12   not deciding the issue that is before the Connecticut court,
13   is that my understanding?
14              THE COURT:  I am deciding that because the PA and
15   PLO have defaulted.  And based on these allegations, I'm
16   deciding that they have, the PA has interests in these two
17   entities, and I'm assigning whatever interests they have to
18   the plaintiffs.
19              MR. OSWALD:  I see.  If they have an interest, it
20   is being assigned.  But the determination of whatever those
21   interests are is ultimately being left to the Connecticut
22   court.
23              THE COURT:  Well, the Connecticut court will have
24   to decide some issues here.  I'm deciding that whatever the
25   PA owns in these two entities is assigned to the plaintiffs.
```

```
 1  Then the plaintiffs can proceed as they see fit.  And you do
 2  what you have to do down there.  You're a stakeholder.  Your
 3  clients are stakeholders.  It shouldn't matter to them who
 4  owns these assets.
 5           MR. OSWALD:  We just want to know what to do, your
 6  Honor.
 7           THE COURT:  Right.  And the Connecticut court will
 8  decide who owns these assets.
 9           MR. OSWALD:  Very good.
10           THE COURT:  And then you'll pay up.
11           MR. OSWALD:  Whatever the Connecticut court
12  decides, your Honor, we are in lock step with it.  We're just
13  waiting for that decision.  Thank you.
14           THE COURT:  I can't forecast what the Connecticut
15  court is going to do.  All I can do is deal with what I have
16  jurisdiction over.  And I have jurisdiction over the PA and
17  the PLO.
18           MR. OSWALD:  Thank you, your Honor.
19           THE COURT:  And they've defaulted on this
20  creditor's bill and so I'm going to enter judgment against
21  them.  And that judgment is going to take the form of an
22  assignment of any rights they have in these two entities to
23  the plaintiffs.  That's what the judgment is going to be in
24  this case.  You agree, Mr. Strachman?
25           MR. STRACHMAN:  Yes.  I just --.  Unfortunately,
```

```
 1   your Honor, we've been victim of people taking transcripts
 2   and taking statements, and not Mr. Oswald, but others taking
 3   statements that were made in previous hearings, this is in
 4   litigation we have in several courts in New York, out of
 5   context.  We provided evidence to the Court that was
 6   unrebutted.  That evidence suggests and proves that not only
 7   does the PA own these two entities, we've shown the Court the
 8   stock certificates.  But not only that, we've shown the Court
 9   affidavits from counsel in Israel who said the PA have
10   pledged these very assets to pay terrorism judgments.  And I
11   just want it to be clear because toward the end of your
12   Honor's statement there may be something that it may be
13   misconstrued.  Your Honor is ruling, as I understand, that
14   any interest that the PA and the PLO -- it's really the PA,
15   but that they have in these two entities, the PIF and the
16   PCSC are now assigned to my client.
17           THE COURT:  Right.
18           MR. STRACHMAN:  Now, that order is effective as to
19   any interest that the PA and the PLO have.  If their
20   interests are in Switzerland, this Court, and I believe your
21   Honor said has no direct bearing on that underlying asset in
22   Switzerland, but the entity called the PA -- PIF, and the
23   entity called the PCSC, now are assigned in toto to my
24   client.  No different than a stock certificate in General
25   Motors which may be located in Detroit but the stock
```

```
 1  certificate is here.  Or a piece of art work that may be out
 2  of state but the owner of the art work is here, because I
 3  don't want that to be misconstrued.  I think my brother's
 4  argument is we may not, as owners of the PIF, and as owner
 5  and assignees now of the PIF we may not be able to reach the
 6  interest in Connecticut.  That's one argument.  That's a
 7  separate argument than to say we're not the PA -- the PIF.
 8  We are the PIF now.  We are the PCSC, in Connecticut and
 9  anywhere else.  And I believe that's -- I just wanted to
10  clarify that.  Is that correct, your Honor?
11            THE COURT:  That's going to be my judgment.
12            MR. STRACHMAN:  Thank you.
13            THE COURT: That's the judgment I'm entering.
14            MR. STRACHMAN:  Thank you, you Honor.
15            THE COURT:  I haven't had an opportunity to digest
16  this but, as I've said, this is the judgment that I'm going
17  to enter.  And I want you to spell it out.  I don't need an
18  order.  What I need is a judgment.
19            MR. STRACHMAN:  The order that we provided, your
20  Honor, we thought we were complying with Rule 55 that first
21  the Court would direct that default be entered.  And we had
22  provided previously to the Court an order on the application
23  for default, and then we are asking that the Court enter a
24  ruling on this application, on the creditor's bill today, and
25  that a separate order, or separate judgment, would enter.
```

```
 1  We'd be looking for a separate judgment.
 2          THE COURT:  All right. Right.  Well, it won't be the
 3  clerk that enters the separate judgment.  It will be me that
 4  enters the separate judgment.
 5          MR. STRACHMAN:  Thank you.
 6          MR. OSWALD:  And, again just for clarification,
 7  your Honor.  Ultimately the determination of whether the PIF
 8  assets that are in the Canaan Venture Funds whether those
 9  are, in fact, funds of the PA or the PLO, is ultimately the
10  issue that is being left to decide to the federal court in
11  Connecticut.
12          MR. STRACHMAN:   No. No. That --
13          THE COURT:  I don't know.  No.  I'm deciding this
14  based on the proof of claim that's been submitted to me.  The
15  proof of claim is, that the PA owns these two entities and,
16  therefore, the interests of the PA are assigned to the
17  plaintiffs.  And then they can proceed to try to collect in
18  Connecticut.
19          MR. OSWALD:  Whatever interests those happen to be
20  are being assigned to the plaintiffs.
21          THE COURT:  It's ownership.  Full ownership rights.
22  That's what's been proven to me through the documentation in
23  this case.  There's a default.  The PA and the PLO have
24  defaulted this case, and so I'm deciding this case on the
25  proof of claim that's been submitted to me.  Sometimes I have
```

1  a full hearing and hear testimony on the proof of claim. I
2  don't need it in this case because it's been fully
3  documented. And it's part of the record of this case.
4      So I will digest this order and make any changes, and
5  ultimately I will enter a judgment as indicated.
6          MR. STRACHMAN: Thank you.
7          THE COURT: I'm satisfied that the plaintiffs have
8  proved their claim. All right.
9          MR. OSWALD: Thank you.
10         THE CLERK: All rise.
11
12
13              (R E C E S S)
14
15
16
17
18
19
20
21
22
23
24
25

1
2
3          C E R T I F I C A T I O N
4
5
6     I hereby certify that the foregoing transcript is a true
7  and accurate transcript, according to my stenographic notes.
8
9
10
11  _____
12  Joseph A. Fontes
13
14  _____
15     Date
16
17
18
19
20
21
22
23
24
25