UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**PLAINTIFFS' MOTION TO MODIFY STIPULATION**
**AND CONFIDENTIALITY ORDER**

For the reasons set forth in the accompanying Memorandum, plaintiffs respectfully move for an Order

(1) Modifying the confidentiality stipulation between plaintiffs and Canaan Equity Offshore and its affiliates (collectively "Canaan") dated May 13, 2005, so as to exclude from the provisions thereof any documents generated by the Palestine Investment Fund ("PIF") and any documents to which the PIF is a party or signatory (collectively: "PIF Documents");

(2) Modifying the sealing order entered by the Court on July 15, 2005, so as to exclude the PIF Documents from the provisions thereof; and

(3) Granting such further relief as the Court finds just, appropriate or necessary.

Plaintiffs, by their Attorneys,

/S/ David J. Strachman

---

David J. Strachman #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on the 9th day of November, 2006, I served via ECF, a true copy of the within and served a copy of the withn on November 8, 2006 via email and U.S. mail to:

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
274-7200
joswald@apslaw.com

I hereby certify that on the 8th day of November, 2006, I served a true copy of the within via email and U.S. mail to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
lwschilling@earthlink.net

Deming E. Sherman
Edwards, Angell, Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903
dsherman@eapdlaw.com

/S/David Strachman

---

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY STIPULATION AND CONFIDENTIALITY ORDER**

**Relevant Background**

On September 19, 2006, this Court entered a final judgment assigning to the plaintiffs – judgment creditors herein ("Ungars") all ownership rights of defendant – judgment debtor Palestinian Authority ("PA) in a corporation known as The Palestine Investment Fund ("PIF"). Exhibit A.

The PIF was established as a holding company for assets of the PA. The Ungars sought ownership of the PIF in order to take control of PIF's corporate apparatus, and thereby reach assets of the PA held by the PIF (which are scattered around the world) in satisfaction of their judgment against the PA.

Accordingly, acting in their capacity as owners of the PIF, the Ungars dismissed the PIF board of directors and appointed a new board. Exhibit B. The new PIF board of directors then removed the PIF management and appointed two new officers. Exhibit C.

Unfortunately, but unsurprisingly, the former managers of the PIF (who are officers or allies of the PA and PLO), are not cooperating with the Ungars in any manner, and are withholding from the Ungars the PIF's corporate records and documents.

Without the PIF's corporate records and documents, the Ungars' efforts to locate and reach the PA assets held by the PIF are, and will continue to be, severely hampered.

The Ungars do hold several hundred pages of PIF records and documents, which they received pursuant to subpoenas served by the Ungars on various third parties with which the PIF has done business. Most of the PIF documents and records in the Ungars' possession were received from Canaan Equity Offshore and its affiliates (collectively hereinafter: "Canaan"), pursuant to a subpoena issued from this Court last year.

However, the PIF documents and records received from Canaan are subject to a confidentiality stipulation, which restricts the use the Ungars may make of these documents and records. Exhibit D.

Furthermore, some of the PIF documents and records received from Canaan were also attached as exhibits to a motion filed by Canaan in this Court, and are therefore subject to an sealing order entered by the Court on July 15, 2005. Exhibit E.

## ARGUMENT

Plaintiffs seek to remove restrictions on copies of documents that were generated by the PIF (e.g. internal PIF documents) and documents to which the PIF itself is a party (e.g. correspondence sent or received by the PIF and agreements signed by the PIF).

Clearly, since the PIF has the originals or its own copies of all such documents, Canaan has no right to restrict use of these documents by the Ungars if the PIF itself authorizes the Ungars to make unrestricted use thereof.

Counsel for the PIF has notified counsel for the Ungars that the PIF agrees that the Ungars may use these documents without restriction. Exhibit F.

Thus, since the PIF itself has authorized the Ungars to make unrestricted use of these PIF documents, Canaan has no grounds to oppose such use, and the stipulation and sealing order should be modified accordingly.

The First Circuit has emphasized that:

> Stipulations between parties are not "absolute," and a party may be relieved of a stipulation for good cause – which means, in a nutshell, that good reason must exist and that relief must not unfairly prejudice the opposing party or the interests of justice.

American Honda Motor Co., Inc. v. Richard Lundgren, Inc., 314 F.3d 17 (1st Cir. 2002) (quoting T I Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995)).

The Ungars' legitimate need to make free use of the PIF records and documents in their possession surely constitutes "good cause" to modify the stipulation. The purpose of the modification – facilitating enforcement of the judgment entered by this Court – serves only to advance, not prejudice, "the interests of justice." Nor can the modification sought prejudice Canaan in any way.

The Court's sealing order of July 15, 2005, should be modified for the same reasons.

WHEREFORE, the instant motion should be granted.

A proposed Order is being submitted to the Court along with this motion.

Plaintiffs, by their Attorneys,

/S/David Strachman

---

David J. Strachman #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on November 9, 2006, I served via ECF, a true copy of the within and served a copy of the within on November 8, 2006 via email and U.S. mail to:

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
274-7200
joswald@apslaw.com

I hereby certify that on November 8 and 9, 2006, I served a true copy of the within via email and U.S. mail to:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011
lwschilling@earthlink.net

Deming E. Sherman
Edwards, Angell, Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903
dsherman@eapdlaw.com

/S/David Strachman

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

The Estates of Yaron Ungar and Efrat Ungar by and through the administrator of their estates David Strachman; Dvir Ungar, minor, by his guardians and next friend; Yishai Ungar, minor, by his guardians and next friend; Professor Meyer Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith Dasberg (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); Amichai Ungar; Dafna Ungar; and Michal Cohen,

Plaintiffs,

v. C.A. No. 00-105L

The Palestinian Authority (a.k.a. "The Palestinian Interim Self-Government Authority"); The Palestine Liberation Organization; Hamas–Islamic Resistance Movement (a.k.a. "Harakat Al-Muqawama Al-Islamiyya"); Abdel Rahman Ismail Abdel Rahman Ghanimat; Jamal Abdel Fatah Tzabich Al Hor; Raed Fakhri Abu Hamdiya; Ibrahim Ghanimat; and Iman Mahmud Hassan Fuad Kafishe,

Defendants.

**FINAL JUDGMENT**

Final judgment for Plaintiffs, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against Defendant, the Palestinian Authority.

Attest to True Copy
DAVID A. DiMARZIO
By Deputy Clerk



381

All of the Palestinian Authority's ownership rights in the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") that are evidenced by the certificates attached hereto to as Appendices 1 and 2, and

all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") that are evidenced by the certificate attached hereto to as Appendix 3, and

all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") and/or to the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee"),

are hereby assigned, transferred and conveyed to The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar.

Ronald R. Lagueux

Senior Judge Ronald R. Lagueux
United States District Court
September ~~15~~ 19, 2006

LAW OFFICE

بسام مصلح و محمد ربعي
B. MUSLEH & M. A. RABAI

No. 563104165
Date: 21/3/1998

Palestine National Authority
Ministry of Justice - Gaza Strip
Company Registration Department

Company Law, Year 1929 and its Amendments

**Certificate**

I certify that the Palestinian Commercial Services Company (PCSC) a joint stock company (private), incorporated in Gaza under No. (563104165) dated 4/8/1994, that its capital has been increased to US Dollars Twenty Million ($20,000,000) in accordance with the Board of Directors decision on 19/3/1998.

The increase in the capital has been registered in Company Registry on 21st March 1998.

This Certificate has been given under my signature on 21st March 1998.

Company Registrar
Fathi Mohammed Al-Aloul

I certify that this is a true copy of the original Certificate.

Attorney
Bassam Musleh

المحامي
بسام مصلح
BASSAM MUSLEH

13/1/2003

Al-Bireh - Al-Irsal St. - Al-Salam Building
Tel 2966124 - 2966125
Fax 2966126

LAW OFFICE

بسام مصلح و محمد ربعي
B. MUSLEH & M. A. RABAI

No. 563104165
Date: 4/8/1994

Palestine National Authority
Gaza Strip-Ministry of Justice
Company Registrar Office

Company Law, Year 1929 and its Amendments
Certificate of Company Incorporation

I certify that the Palestinian Commercial Services Company (PCSC) has been incorporated in accordance with the Company Law for the year 1929 and it's Amendments as a company owned and controlled by the Palestinian Authority.

It has been registered in Gaza under number (563104165) on the 4th day of August 1994.

This Certificate has been issued under my signature on 4th day of August 1994.

Company Registrar
Fathi Mohammed Al-Aloul

I certify that this is a true copy of the original Certificate.

Attorney
Bassam Musleh

13/1/2003

Advocate المحامي
بســـام مصلـــح
BASSAM MUSLEH

Al-Bireh - Al-Irsal St. - Al-Salam Building
Tel. 2966124 - 2966125
Fax 2966126

البيرة - شارع الإرسال - عمارة السلام
تلفون: ٢٩٦٦١٢٤ - ٢٩٦٦١٢٥
فاكس: ٢٩٦٦١٢٦

Palestinian National Authority
Ministry of Economy Industry
& I Companies Controller

COMPANIES

## Certificate of a Public Shareholding Company Issued by Companies Controller
In accordance with Companies Law No. (12) for the year 1964

This is to certify that Sharekat Sundouk Alistithmar Alfilistinee "Palestine Investment Fund"
Public Shareholding Company. Address Gaza,
With details below is registered at the Companies Registry as Public Shareholding Company wider No. (562600718)
on 17/3/2003
With Issued Share capital US $ 500,000,000.00

| Shareholders | Address | Activity | Authorized Signature on behalf of the Company |
|---|---|---|---|
| Palestinian National Authority | Gaza | General Investment as detailed in Company's Articles of Association. | As determined by Board of Directors |

Companies Controller
CONTROLLER
Omar Alltroub

COMPANIES
MINISTRY
OF ECONOMY. INDUSTRY & TRADE

C 00412

# Resolution

## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1. All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2. The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

   a. Meir Weininger
   b. Yehoshua Cohen
   c. Professor Meir Ungar
   d. Uri Dasberg
   e. Amichai Ungar
   f. Yochanan Harris
   g. Yosef Meir

3. The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below, this 17th day of October, 2006:

The Estate of Yaron Ungar | Dvir Ungar | Yishai Ungar

Judith Ungar | Meir Ungar | Michal Cohen | Amichai Ungar | Dafna Ungar

# The Palestine Investment Fund Company

# صندوق الاستثمار الفلسطيني

## Board of Directors

---

**Resolutions and Minutes of the Meeting of the Board of Directors of the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) Held at Khabla at 5:00 p.m. on October 19, 2006**

1. **Attendance, Notice and Procedure**:

1.1. The following Directors were present throughout the meeting:

Meir Weininger
Yehoshua Cohen
Professor Meir Ungar
Uri Dasberg
Amichai Ungar
Yochanan Harris and
Yosef Meir

being all of the members of the Board of Directors.

1.2. All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

1.3. The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed**:

2.1. The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

2.2. The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3. The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3. **<u>Resolutions</u>**:

3.1. The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2. The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3. The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4. The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6. The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

3.8. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

Meir Weininger — Yehoshua Cohen — Meir Ungar

Uri Dasberg — Amichai Ungar — Yochanan Harris — Yosef Meir

**I hereby certify that this is a true and correct copy:**

Uri Dasberg, Secretary

CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, N.Y. 10005-1702

FLOYD ABRAMS
L. HOWARD ADAMS
ROBERT A. ALESSI
ROGER ANDRUS
HELENE R. BANKS
MICHAEL A. BECKER
LANDIS C. BEST
GARY A. BROOKS
SUSAN BUCKLEY
KEVIN J. BURKE
JAMES J. CLARK
BENJAMIN J. COHEN
CHRISTOPHER T. COX
W. LESLIE DUFFY
ADAM M. DWORKIN
RICHARD E. FARLEY
PATRICIA FARREN
JOAN MURTAGH FRANKEL
BART FRIEDMAN
CIRO A. GAMBONI
WILLIAM B. GANNETT
CHARLES A. GILMAN
STEPHEN A. GREENE
ROBERT M. HALLMAN
WILLIAM M. HARTNETT
CRAIG M. HOROWITZ
DAVID G. JANUSZEWSKI
ELAI KATZ
THOMAS J. KAVALER
LAWRENCE A. KOBRIN
IMMANUEL KOHN
EDWARD P. KRUGMAN
JOEL KURTZBERG
GEOFFREY E. LIEBMANN
MICHAEL MACRIS
ANN S. MAKICH
JONATHAN I. MARK
GERARD M. MEISTRELL
ROGER MELTZER
MICHAEL E. MICHETTI
ATHY A. MOBILIA
DONALD J. MULVIHILL
NOAH B. NEWITZ
KENNETH W. ORCE
JOHN PAPACHRISTOS
LUIS R. PENALVER
ROY L. REGOZIN
DEAN RINGEL
JAMES ROBINSON
THORN ROSENTHAL
JONATHAN A. SCHAFFZIN
JOHN SCHUSTER
HOWARD G. SLOANE
LAURENCE T. SORKIN
LEONARD A. SPIVAK
SUSANNA M. SUH
GERALD S. TANENBAUM
JONATHAN D. THIER
JOHN A. TRIPODORO
ROBERT USADI
GEORGE WAILAND
GLENN J. WALDRIP, JR.
MICHAEL B. WEISS
DANIEL J. ZUBKOFF

SENIOR COUNSEL
WALTER C. CLIFF
DAVID R. HYDE
WILLIAM T. LIFLAND
DENIS MCINERNEY
MATHIAS E. MONE
IRWIN SCHNEIDERMAN
JOHN R. VAUGHAN
GARY W. WOLF

COUNSEL
CORYDON B. DUNHAM
PHILIP A. HEIMOWITZ
JASON W. KAPLAN

TELEPHONE: (212) 701-3000
FACSIMILE: (212) 269-5420

1990 K STREET, N.W.
WASHINGTON, D.C. 20006-1181
(202) 862-8900
FAX: (202) 862-8958

AUGUSTINE HOUSE
6A AUSTIN FRIARS
LONDON, ENGLAND EC2N 2HA
(011) 44.20.7920.9800
FAX: (011) 44.20.7920.9825

WRITER'S DIRECT NUMBER

(212) 701-3721

May 13, 2005

*Re:* *The Estate of Yaron Ungar v. The Palestinian Authority,* No. 00-105L (U.S. District Court for the District of Rhode Island)

Dear David:

Attached please find the fully executed Confidentiality Agreement for your records.

Please feel free to contact me should you have any questions.

Sincerely,

Tamara L. Schlinger

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903

VIA FACSIMILE

cc: James R. Oswald, Esq.
R. Bart Totten, Esq.
Robert A. Alessi, Esq.

# CONFIDENTIALITY AGREEMENT

Pursuant to this Confidentiality Agreement, dated as of May 13, 2005, between and among the undersigned, it is hereby stipulated and agreed as follows:

1. In response to subpoenas served on Canaan Equity II L.P., Canaan Equity III L.P., Canaan Equity II Offshore C.V., Canaan Equity III Offshore C.V. and Canaan Offshore Management N.V. (collectively "Canaan") by plaintiffs in the lawsuit captioned *The Estate of Yaron Ungar v. The Palestinian Authority*, No. 00-105L (U.S. District Court for the District of Rhode Island) (the "Lawsuit"), certain confidential documents and information (the "Confidential Information") may be provided to plaintiffs' counsel.

2. Canaan will, prior to providing documents to plaintiffs' counsel in response to the subpoenas, stamp such documents with the legend "Confidential Pursuant to Agreement." All documents so designated, and the information contained therein, shall be treated as "Confidential Information" pursuant to this Agreement.

3. All disclosures of Confidential Information that may be made by Canaan to plaintiffs' counsel shall be made with the express understanding and agreement of plaintiffs' counsel that plaintiffs' counsel will keep such Confidential Information strictly confidential and will not disclose or convey the Confidential Information to any other person or entity, except as provided for herein.

4. The Confidential Information shall be used by plaintiffs' counsel solely in connection with counsel's efforts to collect the judgment entered in the Lawsuit.

RBT 5/13/05
DJ 5/13/05

5. Confidential Information shall be disclosed by plaintiffs' counsel only to counsel for any party to the Lawsuit, counsel retained by plaintiffs to assist in the collection in any jurisdiction of the judgment entered in the Lawsuit and counsel's staff on a need-to-know basis. To the extent necessary, the Confidential Information may also be submitted to the United States District Court for the District of Rhode Island for use in the Lawsuit and in any jurisdiction wherein plaintiffs seek to enforce the judgment.

6. Persons having knowledge of the Confidential Information by virtue of their participation in the conduct of the Lawsuit or by virtue of their having been shown copies of confidential documents shall not disclose the Confidential Information, its contents or any portion or summary thereof to any person other than those identified in Paragraph 5, above.

7. The restrictions contained herein concerning the transmittal and use by plaintiffs and/or their counsel of the Confidential Information shall remain in effect after Plaintiffs have concluded their efforts to collect the judgment entered in the Lawsuit.

8. Plaintiffs' counsel shall immediately notify Canaan's counsel, Robert A. Alessi, in writing (via facsimile at (212) 269-5420) of any attempt by any person or entity to compel disclosure, via subpoena or other service of process, of the Confidential Information. Plaintiffs' counsel shall provide Canaan with a reasonable opportunity to contest such subpoena or other service of process, and plaintiffs' counsel shall not take a position contrary to that of Canaan in connection therewith.

9. Canaan does not intend to provide plaintiffs' counsel with any information or documents protected by the attorney-client privilege, the attorney work-product doc-



RBT 5/13/05
DJ 5/13/05

trine or any other applicable privilege or protection. Plaintiffs and their counsel expressly agree not to assert in any forum whatsoever that any production of documents or other transmittal of information pursuant to this Agreement, including any inadvertent disclosure of privileged documents or information, has resulted in any waiver by Canaan of any applicable privilege or protection.

10. Nothing in this Agreement creates, imposes or memorializes any obligation on the part of Canaan to provide any information to plaintiffs' counsel.

11. By no later than fourteen (14) days after plaintiffs have concluded their efforts in any jurisdiction to collect the judgment entered in the Lawsuit, plaintiffs' counsel shall either (1) return to Canaan all written Confidential Information provided to them pursuant to this Agreement (including all copies made thereof) or (2) certify to Canaan in a signed writing that plaintiffs' counsel has destroyed all written Confidential Information.

12. This Agreement may be executed in counterparts and/or in facsimile form with the same effect as if the parties hereto had executed a single original Agreement. Facsimile signatures shall have the same effect as original signatures in binding the parties hereto to this Agreement.

13. This Agreement embodies the full and complete understanding of the parties hereto and, upon execution, supersedes and renders null and void any and all prior understandings and agreements (oral and written) among or between the parties hereto relating to the Confidential Information. Any modification or amendment of this Agree-



RBT 5/13/05
DJ 5/13

May-13-05 01:46pm From-19 Cahill Gordon & Reindel LLP 212-269-5420--19 T-833 P.006/007 F-208


ment shall be deemed null and void unless made in a single writing signed by each of the parties hereto (or authorized representatives thereof).

PLAINTIFFS IN THE LAWSUIT CAPTIONED *THE ESTATE OF YARON UNGAR, ET AL. V. THE PALESTINIAN AUTHORITY, ET AL.*, NO. 00-105L (U.S. DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND)

By Their Attorneys,

DAVID J. STRACHMAN, ESQ.
MCINTYRE, TATE, LYNCH & HOLT LLP
321 South Main Street
Suite 400
Providence, Rhode Island 02903
Tel: (401) 351-7700
Fax (401) 331-6095

Dated: May 13, 2005

CANAAN EQUITY II L.P., CANAAN EQUITY III L.P., CANAAN EQUITY II OFFSHORE C.V., CANAAN EQUITY III OFFSHORE C.V. AND CANAAN OFFSHORE MANAGEMENT N.V.

By Their Attorneys,

R Bart Totten

JAMES R. OSWALD, ESQ.
R. BART TOTTEN, ESQ.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607 / 751-0604

Dated: May 13, 2005

- and -

ROBERT A. ALESSI, ESQ.
TAMARA L. SCHLINGER, ESQ.
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel: (212) 701-3000
Fax: (212) 269-5420

CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
212- 701-3000

# FAX TRANSMITTAL SHEET

212-269-5420

IF THERE ARE ANY PROBLEMS, PLEASE CALL FAX DEPT. AT: 212-701-3557

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual and/or entity named below. If the reader of this message is not an intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

---

## SENT / RECEIVED

No. of Pages (including cover page) 6 Date 5/13/05

FOR David Strachman, Esq. TIME STARTED ______

FROM Tamara Schlinger TIME FINISHED ______

MESSAGE, IF ANY ______

Fax Operator ______
(Print Name)

#344

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

---------------------------------x

| | | |
|---|---|---|
| THE ESTATE OF YARON UNGAR, et al. | : | |
| Plaintiffs, | : | Case No. 00-105L |
| v. | : | |
| THE PALESTINIAN AUTHORITY, et al. | : | |
| Defendants. | : | |

---------------------------------x

**MOTION OF NON-PARTIES CANAAN EQUITY OFFSHORE C.V., CANAAN EQUITY II OFFSHORE C.V. AND CANAAN EQUITY III OFFSHORE C.V. TO SEAL**

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively "Canaan") respectfully move for leave to file their papers in support of their annexed clarification motion, including their memorandum of law and affidavit (with exhibits), under seal.

Canaan comes to this Court as a non-party to this lawsuit seeking the Court's guidance so that it may continue to comply with the terms of the Injunction. Since learning of the Injunction, Canaan has endeavored to comply with both its letter and its spirit. There are, however, two aspects of the Injunction in connection with which the Court's guidance is required so that Canaan can continue to remain in compliance with the Injunction. Accordingly, along with this motion, Canaan is filing a motion seeking clarification as to which of the limited partner investors in its venture funds

Granted: Ronald R. Lagueux
Sr. USDJ 7/15/05

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, FA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 24, 2006

**BY MAIL AND EMAIL**
David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400

Re: *Estate of Ungar et al. v. Palestinian Authority, et al.*
C.A. 00-105L (D.R.I.)

Dear Mr. Strachman,

As you are aware, subsequent to entry of a judgment in the above matter assigning all of the Palestinian Authority's ownership rights in the Palestine Investment Fund ("PIF") to the plaintiffs/judgment creditors ("Ungars"), the Ungars exercised their ownership rights to replace the PIF board of directors, the new board of directors convened and replaced the PIF management and the new PIF management retained this firm to represent the PIF. Copies of the relevant PIF corporate resolutions are attached hereto. If you require a copy of our retainer agreement please let me know.

I am writing on behalf of the PIF to inform you that the PIF authorizes the Ungars to make free use of copies of any documents in their possession (whatever their origin) which were generated by the PIF (e.g. internal PIF instruments) and/or to which the PIF is a party or signatory (e.g. agreements and correspondence sent or received by the PIF).

Very truly yours,

Robert J. Tolchin

# Resolution

## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1. All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2. The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

a. Meir Weininger
b. Yehoshua Cohen
c. Professor Meir Ungar
d. Uri Dasberg
e. Amichai Ungar
f. Yochanan Harris
g. Yosef Meir

3. The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below, this 17th day of October, 2006:

- M. Ungar
- Judith Ungar
- U. D.
- Judith Dasberg

The Estate of Yaron Ungar

- M. Ungar
- Judith Ungar
- U. D.
- Judith Dasberg

Dvir Ungar

- M. Ungar
- Judith Ungar
- U. D.
- Judith Dasberg

Yishai Ungar

Judith Ungar — Judith Ungar

M. Ungar — Meir Ungar

Michal Cohen — Michal Cohen

Amichai Ungar — Amichai Ungar

Dafna Ungar — Dafna Ungar

# The Palestine Investment Fund Company

# صندوق الاستثمار الفلسطيني

## Board of Directors

---

**Resolutions and Minutes of the Meeting of the Board of Directors of the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) Held at Khabla at 5:00 p.m. on October 19, 2006**

1. **Attendance, Notice and Procedure**:

1.1. The following Directors were present throughout the meeting:

Meir Weininger
Yehoshua Cohen
Professor Meir Ungar
Uri Dasberg
Amichai Ungar
Yochanan Harris and
Yosef Meir

being all of the members of the Board of Directors.

1.2. All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

1.3. The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed**:

2.1. The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

2.2. The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3. The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3. **Resolutions**:

3.1. The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2. The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3. The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4. The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6. The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

3.8. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

| | | |
|---|---|---|
| Weininger Meir | Y. Cohen | M. Ungar |
| Meir Weininger | Yehoshua Cohen | Meir Ungar |

| | | | |
|---|---|---|---|
| [signature] | Amichai Ungar | Yochanan Harris | Josef Meir |
| Uri Dasberg | Amichai Ungar | Yochanan Harris | Yosef Meir |

**I hereby certify that this is a true and correct copy:**

[signature]

**Uri Dasberg, Secretary**