UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION
TO MODIFY STIPULATION AND CONFIDENTIALITY ORDER**

**Introduction**

The instant motion was filed and served on the respondent Canaan entities ("Canaan") on November 8, 2006.

On November 27, 2006, Canaan's counsel filed an Objection to the instant motion. Dkt. #386. Canaan's Objection opposed the instant motion because (a) this motion is premised on the contention that the Ungars are now the lawful owners and officers of the PIF and (b) the Ungars' claim to be the owners and officers of the PIF is questionable, since a declaratory judgment action filed in this Court by the PIF's former law firm, LeBoeuf, Lamb, Greene & MacRae LLP v. Strachman ex rel. Ungar, C.A. No. 06-501-L-DLM, alleged that the Ungars are not the lawful owners of the PIF and that their replacement of the PIF's management did not conform with the PIF's Articles of Association. See Canaan's Objection, at 1.

1

Accordingly, the Ungars and Canaan agreed to stay proceedings on the instant motion pending disposition of the LeBoeuf action, and notified chambers of this agreement. The Court then canceled a hearing on this motion scheduled for December 12, 2006.

The LeBoeuf action was dismissed with prejudice on June 19, 2007. At a hearing that same day, the Court explicitly reiterated that the final judgment entered on September 19, 2006, in the Ungars' creditor's bill proceeding had assigned to the Ungars full ownership of the PIF.

Since the ownership issue has clearly been resolved, the only remaining prong of Canaan's Objection to the instant motion is the question of whether the Ungars' replacement of the PIF's management was carried out in accordance with the PIF's Articles of Association.

That question can be easily answered since, fortunately, among the documents produced by Canaan is an English-language copy of the PIF's Articles of Association, bearing the official stamp of the PA's companies controller. See Exhibit A.[1]

As succinctly shown below, the replacement of the PIF's directors and officers was carried out in full conformity with the provisions of the PIF's Articles of Association.[2]

---

[1] We alert the Court to the fact that a serious fraud has been committed on this Court. LeBoeuf submitted to the Court a document dated August 2002, which it purported to be the PIF's Articles of Association. See Exhibit 2 to Plaintiff's Objection to Defendants' Motion to Dismiss in LeBoeuf, C.A. No. 06-501-L-DLM, dkt. # 13.

The provisions of that 2002 document (which bears no certification of any type) differ substantively from those of the certified Articles of Association produced by Canaan, specifically regarding the authority of the owner of the PIF to appoint new directors, which is the very issue in dispute here. (Notably, the provisions of the certified Articles produced by Canaan match those of an additional copy of the Articles obtained by us recently from the PIF's own website).

Thus, LeBoeuf has attacked the validity of the Ungars' replacement of the directors of the PIF on the basis of a bogus version of the Articles of the Association.

[2] We respectfully note that, even if they wanted to, the Ungars could not litigate this issue in a court operated by the Palestinian Authority. As discussed in the attached Declaration of Lt. Col. Baruch Yedid (Exhibit B), the Ungars would have no hope of obtaining a fair hearing in a PA court and, moreover, attending court in the PA would both violate local law and place them at immediate risk of physical harm. Id. at ¶¶ 13-26.

Notably in this regard, the PA's lawyer in Jerusalem has twice threatened the Ungars' counsel (most recently on February 13, 2007) that "*it is cheaper for us to have you killed than to pay the judgment*".

Therefore, the Court is respectfully requested to grant the instant motion forthwith.[3]

A proposed Order is attached hereto.

## ARGUMENT

### A. Replacement of the Directors

Article 6.1 of the PIF Articles of Association (Exhibit A) provides that the PIF shall have a board of directors consisting of between seven and nine directors.

Article 6.4 provides that "any Director may be removed, but only with cause, by Resolution of the Shareholder." Article 4.1 identifies the "Shareholder" as the Palestinian Authority.

Since the PA's ownership rights in the PIF were assigned to the Ungars in the judgment entered by this Court on September 19, 2006, the Ungars are now vested with all the ownership rights previously enjoyed by the PA under the PIF Articles of Association.

Accordingly, on October 17, 2006, acting in their capacity as the owners of the PIF and pursuant to their authority under Article 6.4 of the Articles of Association, the Ungars executed a Resolution removing all Directors of the PIF with cause. See Declaration of Professor Meir Ungar ("Ungar Declaration"), Exhibit C, at ¶ 5.[4]

Article 6.1 provides that "the Directors shall be elected or appointed by Resolution of the Shareholder" and that at least 50% of the Directors shall be independent directors. Accordingly,

---

[3] The Ungars do not believe that oral argument on this motion is necessary.

[4] A copy of the October 17, 2006, Resolution was submitted as Exhibit B to the instant motion, and is also attached as Exhibit 1 to the Ungar Declaration.

3

the Resolution executed on October 17, 2006, appoints new seven directors, a majority of whom are independent. See Ungar Declaration at ¶ 6.[5]

Thus, the Resolution of October 17, 2006, which replaced the directors of the PIF, was executed in full compliance with the PIF's Articles of Association. Therefore, the current Directors of the PIF are the seven persons named in that Resolution.

### B. Replacement of the Officers

Article 5.2 provides that all officers of the PIF (other than the General Manager) "shall be appointed by Resolution of Directors" and Article 5.2(c) provides that "any officer elected or appointed by the Board of Directors may be removed at any time, with or without cause, by Resolution of Directors."

Thus, all officers of the PIF other than the General Manager may be removed with or without cause by a Resolution of the PIF Directors.

Article 5.2(d) provides that the General Manager may be removed from office at any time with cause, either by the President of the PA "or by the vote of at least two-thirds of the whole Board of Directors."

In sum, the Directors are empowered to remove all the officers of the PIF, including the General Manager, except that the latter may be removed only with cause and only by agreement of at least two-thirds of the Directors.

Article 6.2(e) provides that the Board of Directors "may meet at such times and in such manner and places within Palestine as the Board of Directors may determine to be necessary or desirable" and Article 1.35 defines "Palestine" as meaning the West Bank and Gaza Strip.

Thus, meetings of the PIF's Board of Directors may be held in the West Bank.

---

[5] Article 6.1 provides that the Chairman of the Board shall be appointed by the president of the PA personally. However, Article 6.3(c) makes clear that the lack of a Chairman does not prevent the PIF from functioning. Accordingly, no Chairman was appointed.

4

Article 6.3(a) provides that "Notice of any meeting of the Board of Directors may be waived by a Director before, at or after the meeting."

On October 19, 2006, all seven Directors of the PIF met in person for a meeting of the PIF Board of Directors. See Ungar Declaration at ¶ 7. The Directors waived prior notice of the meeting, in accordance with Article 6.3(a). See Resolutions and Minutes of the Meeting of the Board of Directors of the Palestine Investment Fund Company, October 19, 2006 ("Resolutions and Minutes") attached to the Ungar Declaration as internal Exhibit 2.[6]

The Board of Directors meeting was held in the West Bank (in a safe locale in Area C), in accordance with Article 6.2(e). Ungar Declaration at ¶ 7.

At the meeting on October 19, 2006, the PIF Directors adopted a series of resolutions unanimously dismissing the PIF's existing officers, including the General Manager, with cause, effective immediately. See Resolutions and Minutes ¶¶ 2.2, 3.1; Ungar Declaration at ¶ 8.

As discussed *supra*, the Directors were fully authorized to take this action pursuant to Articles 5.2(c)-(d).

Article 6.2(b) provides that the "Board of Directors may, by a Resolution of Directors, appoint any Person, including a person who is a Director, to be an officer or agent of the Company."

Accordingly, at the meeting on October 19, 2006, the PIF Directors adopted a series of resolutions unanimously appointing Meir Ungar and Uri Dasberg as the sole officers and signatories of the PIF. See Resolutions and Minutes ¶¶ 3.2 – 3.11; Ungar Declaration at ¶¶ 8-9.

---

[6] A copy of the October 19, 2006, Resolutions and Minutes was also submitted as Exhibit C to the instant motion.

Thus, the resolutions adopted by the PIF Directors on October 19, 2006, conformed fully with the Articles of Association, and today the sole officers and signatories of the PIF are Meir Ungar and Uri Dasberg.

Messrs. Ungar and Dasberg have retained the firm of Jaroslawicz & Jaros to represent the PIF, and Jaroslawicz & Jaros has submitted a letter consenting on behalf of the PIF to the relief sought in the instant motion. <u>See</u> Ungar Declaration at ¶¶ 10-13; Letter from Robert J. Tolchin, dated October 24, 2006 (attached as Exhibit F to the instant motion).

WHEREFORE, the instant motion should be granted.

> Plaintiffs, by their Attorneys,
>
> <u>/s/David J. Strachman</u>
> David J. Strachman  #4404
> McIntyre, Tate & Lynch
> 321 South Main Street, Suite 400
> Providence, RI 02903
> (401) 351-7700
> (401) 331-6095 (fax)
> djs@mtlhlaw.com

CERTIFICATION

I hereby certify that on August 3, 2007, I served a true copy of the within was sent via ECF to counsel of record:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011

Deming E. Sherman
Annemarie M. Carney
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

Robert A. Alessi
Tamara L. Schlinger
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005-1702

/s/David J. Strachman