UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

Plaintiffs – Judgment Creditors

v.

C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

Defendants – Judgment Debtors

## DECLARATION OF PROFESSOR MEIR UNGAR

I, Meir Ungar, hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am the father of the late Yaron Ungar, who was murdered along with his wife Efrat in a terrorist attack in June 1996.

2. I am one of the plaintiffs/judgment creditors in the above-captioned action (collectively: "Ungars"), as well as one of the legal guardians of Yaron's and Efrat's minor children, Dvir and Yishai Ungar, who are also plaintiffs/judgment creditors herein.

3. I am currently employed by Bar Ilan University in Israel, where I serve as a professor in the Graduate School of Business Administration.

4. On September 19, 2006, the United States District Court in Rhode Island entered a final judgment against the Palestinian Authority ("PA") assigning to the Ungars all of the PA's ownership rights in the Palestine Investment Fund Company ("PIF").

5. On October 17, 2006, I and the other Ungars executed a resolution in our capacity as the owners of the PIF dismissing the existing PIF board of directors and appointing a new board of directors for the PIF. A true copy of that resolution is attached hereto as Exhibit 1.

6. Four of the seven new directors of the PIF (Meir Weininger, Yehoshua Cohen, Yochanan Harris and Yosef Meir) are independent directors, who have no familial, business or financial relationships with the Ungars, the PIF, or any investment held by the PIF.

7. On October 19, 2006, I and all the other new directors of the PIF met in person at Khabla in the West Bank (Area C) for a meeting of the PIF board of directors.

8. At that meeting on October 19, 2006, the PIF board of directors adopted resolutions dismissing the PIF's existing officers, employees and agents, appointing Uri Dasberg and myself as the sole officers and signatories of the PIF, and instructing Uri Dasberg and myself, in our capacity as officers of the PIF, to take various actions. A true copy of the Resolutions and Minutes of that board meeting is attached hereto as Exhibit 2.

9. Additionally, at that meeting on October 19, 2006, the PIF board of directors adopted resolutions specifically authorizing and directing Uri Dasberg and myself, in our capacity as officers of the PIF, to cause the PIF to appear and participate in any legal proceedings, and to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose. *See* Exhibit 2 at ¶¶ 3.10 and 3.11.

10. Accordingly, following and pursuant to the resolutions adopted at the PIF board meeting on October 19, 2006, the PIF retained attorney Robert J. Tolchin and his firm Jaroslawicz & Jaros (collectively: the "Jaroslawicz firm") to represent, to act on behalf of, and to serve as counsel to the PIF, in any and all matters, including any and all litigation and/or legal or other proceedings.

11. The Jaroslawicz firm was retained by means of a letter issued by the PIF, on the evening of October, 19, 2006, signed on behalf of the PIF by Uri Dasberg and myself, in our capacity as officers of the PIF. A true copy of that written retainer is attached hereto as Exhibit 3.

2

12. Thus, as of October 19, 2006, the Jaroslawicz firm was authorized counsel for the PIF.

13. The Jaroslawicz firm remains authorized counsel for the PIF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 3, 2007

_____M. Ungar_____
Meir Ungar

# Resolution
## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company
(صندوق الاستثمار الفلسطيني)

WHEREAS, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

WHEREAS, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

WHEREAS, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

1

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1. All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2. The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

   a. Meir Weininger
   b. Yehoshua Cohen
   c. Professor Meir Ungar
   d. Uri Dasberg
   e. Amichai Ungar
   f. Yochanan Harris
   g. Yosef Meir

3. The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below, this 17th day of October, 2006:

_The Estate of Yaron Ungar_    _Dvir Ungar_    _Yishai Ungar_

_Judith Ungar_   _Meir Ungar_   _Michal Cohen_   _Amichai Ungar_   _Dafna Ungar_

2

Exhibit 2

# The Palestine Investment Fund Company

صندوق الاستثمار الفلسطيني

## Board of Directors

Resolutions and Minutes of the Meeting of the Board of Directors of the
Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)
Held at Khabla at 5:00 p.m. on October 19, 2006

1. **Attendance, Notice and Procedure**:

    1.1.  The following Directors were present throughout the meeting:

    > Meir Weininger
    > Yehoshua Cohen
    > Professor Meir Ungar
    > Uri Dasberg
    > Amichai Ungar
    > Yochanan Harris and
    > Yosef Meir

    being all of the members of the Board of Directors.

    1.2.  All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

    1.3.  The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed**:

    2.1.  The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

    2.2.  The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

1

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3. The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3. **Resolutions:**

   3.1. The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

   3.2. The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

   3.3. The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

   3.4. The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

   3.5. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

   3.6. The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

   3.7. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

2

3.8. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

_____    _____    _____
Meir Weininger                Yehoshua Cohen                Meir Ungar

_____    _____    _____    _____
Uri Dasberg                   Amichai Ungar                 Yochanan Harris               Yosef Meir

I hereby certify that this is a true and correct copy:

_____
Uri Dasberg, Secretary

3

# Exhibit 3

Robert Tolchin, Esq.  October 19, 2006
Law Office of Jaroslawicz & Jaros
150 William Street, 19th floor
New York, New York 10038

Dear Mr. Tolchin,

On October 19, 2006, the Board of Directors of the Palestine Investment Fund Company ("PIF") appointed the undersigned as the sole officers and authorized signatories of the PIF. A copy of the "Resolutions and Minutes of the Meeting of the Board of Directors" providing for our appointment is attached hereto.

This letter is to confirm that you and your firm Jaroslawicz & Jaros (collectively: "J&J"), are hereby retained by the PIF to represent, to act on behalf of, and to serve as counsel to the PIF, in any and all matters, including any and all litigation and/or legal or other proceedings.

If local counsel is necessary for any matter, litigation or proceeding, J&J is authorized to retain such local counsel on behalf of the PIF.

_____                _____
Uri Dasberg, PIF Secretary,              Meir Ungar, PIF Treasurer,
on behalf of the PIF                     on behalf of the PIF