בבית המשפט המחוזי בירושלים                   ה"פ 4318/05
                                              קבוע בפני כב' הש' א. פרקש

1. הרשות הפלסטינית
2. הארגון לשחרור פלסטין
שניהם ע"י ב"כ עו"ד יוסף ארנון ואח'
מרח' שלומציון המלכה 18, ירושלים 94146
טל' 02-6245245 פקס 02-6250777

המבקשים
המשיבים



- נ ג ד -

שי אונגר ואח'
כולם ע"י ב"כ עו"ד מרדכי הלר ושות'
מרח' כורש 10, ירושלים 94144
טל' 02-9999837 פקס 02-6667211

המשיבים
המבקשים

## בקשה לדחיית מועד מתן פסק הדין

בית המשפט הנכבד יתבקש לדחות את מועד מתן פסק הדין בתיק זה.

### ואלו נימוקי הבקשה :

1. לאחרונה נודע לח"מ כי בדעת באי כח המבקשים (המשיבים בהמרצת הפתיחה) בארצות הברית להגיש בקשה לבית המשפט שנתן את הפסק (בית המשפט המחוזי ברוד איילנד) - בקשה שאם תתקבל, עשויה להביא לביטול פסק הדין, למתן הזדמנות למבקשים להתגונן מפני התביעה ולעצירת כל הליכי האכיפה והגבייה.

2. העתק מתצהיר בעניין זה רצ"ב **כנספח א'** וכחלק בלתי נפרד מן הבקשה.

3. כפי העולה מן התצהיר, העילה העיקרית לביטול פסק הדין הינה העובדה כי התובעים בארצות הברית **העלימו מעיני בית המשפט** שנתן את הפסק (ברוד איילנד) כי **במקביל ניהלו תביעה** (בבית המשפט בוושינגטון) **בגין אותו אירוע** כנגד איראן, משרד ההגנה שלה ומספר מבכיריה.

4. זאת ועוד, במסגרת התביעה כנגד איראן טענו התובעים כי איראן מימנה ואימנה את חברי החמאס האחראיים לפיגוע. בכתב התביעה כנגד איראן אין זכר לקשר או לאחריות הרשות הפלסטינית ו/או אש"פ - המשיבים דכאן - לפיגוע. כתב התביעה כנגד איראן מייחס את מלוא האחריות לפיגוע על איראן ועל החמאס.

ג. 4250\93\10111

2

5. מעבר לכך, מומחים מטעם התובעים בתביעה נגד איראן העידו בבית המשפט בוושינגטון כי איראן סייעה לחמאס משום ששאפה להתערב בהליך השלום ולחבל בו, בעוד שהרשות הפלסטינית ואש"פ התנערו במכוון ממעורבות בפעילות טרור וזאת על מנת לקדם את תהליך השלום. עוד נטען במפורש שם כי באותו זמן שררה יריבות בין החמאס ובין הרש"פ ואש"פ.

6. יוזכר כי בבית המשפט בו ניתן פסק הדין שבפנינו טענו התובעים כי יש להטיל אחריות על הרש"פ ועל אש"פ בשל אחריותם ותרומתם לפעילותו של ארגון החמאס.

7. ברור לאור זאת כי טענות התובעים בשתי התביעות אינן יכולות לדור בכפיפה אחת אלו עם אלו ואילו היו מוצגות בפני בית המשפט ברוד איילנד הראיות והטענות שהועלו בבית המשפט בוושינגטון, הדבר היה בוודאות גבוהה מביא לדחיית התביעה כנגד הרש"פ ואש"פ.

8. נדמה כי לא היתה זו טעות שגרמה לתובעים להשמיט לחלוטין את דבר קיומה של התביעה כנגד איראן, בעת שניהלו את ההליך ברוד איילנד.

9. לפני כשלושה חודשים הוחלף ייצוגם של הרש"פ ואש"פ בארצות הברית ומשרד עורכי הדין הנוכחי עומד להגיש בקשה כאמור לעיל לבית המשפט ברוד איילנד בזמן הקרוב, כפי העולה מן התצהיר.

10. משמעות הבקשה, אם תתקבל, כאמור לעיל, ביטול פסק הדין, מתן אפשרות לנתבעים להתגונן מפני התביעה וביטול כל הליכי הגבייה.

11. המבקשים סבורים כי יש להורות על דחיית מועד מתן פסק הדין לאור עובדות אלו ולחילופין על עיכוב ההוצאה לפועל של פסק החוץ - במידה וייקבע כי הוא אכיף במדינת ישראל.

12. כפי העולה מן התצהיר, בכוונת ב"כ המבקשים בארצות הברית להגיש את הבקשה בקרוב כאשר תוצאותיה יכולות להתקבל בטווח הזמן המיידי - עד מספר חודשים.

13. המבקשים מודעים להלכה לפיה המונח "ערעור" שבסעיף 3(2) לחוק אכיפת פסקי חוץ פורש באורח מצמצם כך שאינו כולל גם הליך אחר שנועד להביא לביטולו או שינויו של הפסק על ידי בית המשפט שנתן אותו, אולם, **הבקשה דכאן איננה להמנע מאכיפת הפסק לאור הכוונה להגיש את הבקשה בארצות הברית**, אלא רק לדחות את מועד מתן פסק הדין עד לקבלת תוצאותיה. נדמה למבקשים כי מדובר בתוצאה ראויה והוגנת המאזנת

ג. 4250\93\10111

3

בין זכויות שני הצדדים, וזאת במיוחד לאור נסיבות ונושא התיק, העובדה כי פסק הדין ניתן בהעדר הגנה, מיהות הצדדים וההשלכות האפשריות של אכיפת הפסק במדינת ישראל (כפי שנדונו בתשובת המשיבים להמרצת הפתיחה ובסיכומים שהוגשו לבית המשפט הנכבד).

14. אשר על כן, יתבקש בית המשפט הנכבד לדחות את מועד מתן פסק הדין בתיק זה עד לאחר קבלת תוצאות הבירור המשפטי המחודש בארצות הברית. המבקשים מתחייבים להודיע לבית המשפט ולמשיבים תוצאותיו של הליך זה מייד כשיתקבלו.

יוסף ארנון, עו״ד
מ.ר. 8005
ב״כ המבקשים

י.ג. 4250\93\10111



**EMBASSY OF ISRAEL**
WASHINGTON, D.C.



שגרירות ישראל
וושינגטון

אימות תצהיר

אני הח"מ, יוסף עדי, סגן קונסול שגרירות ישראל בוושינגטון, מאשר בזה כי
היום יח' אב תשס"ז
התייצב/ה בפני מר/גב' FERGUSON LAURA GOULD
שזיהה/תה עצמו/ה להנחת דעתי עפ"י דרכון אמריקאי מספר 217719543
שניתן ב- _____ בו רשום מס' זהות _____

ולאחר שהזהרתיו/ה כי עליו/ה להצהיר את האמת וכי יהא/תהא צפוי/ה לעונשים
הקבועים בחוק אם לא יעשה/תעשה כן, חתם/ה בפני על תצהירו/ה המצורף
והמסומן באות "א".

ולראייה באתי על החתום ביום AUG 02 2007

חתימה _____

JOSEPH ADI    יוסף עדי
VICE CONSUL   סגן קונסול

תואר _____



רישום פעולות נוטריוניות

| מס' הספר | מס' הדף | מס' סידורי בדף | שנה |
|---|---|---|---|
| 190 | 14 | 24 | 07 |

3514 INTERNATIONAL DRIVE N.W. • WASHINGTON, D.C. 20008 • TEL: (202) 364-5500 • FAX: (202) 364-... israelemb.org



### Affidavit

I, Laura G. Ferguson, bearer of United States passport number 217171043, hereby declare as follows:

I am a member of Miller & Chevalier Chartered, which since May 2007 has represented the Palestine Authority and the Palestine Liberation Organization in connection with various civil law suits in the United States including *Ungar v. PLO*, No. 00-105L (D.R.I.), No. 04-2079 (1st Cir.). Miller & Chevalier intends to challenge the default judgments entered against the PA and the PLO, in the matter *Ungar v. PLO*, No. 00-105L (D.R.I.), No. 04-2079 (1st Cir.). We believe there are various grounds for vacating the default judgment. Significantly, at the time the Federal District Court in Rhode Island entered the default judgment against the PA and PLO, plaintiffs had filed suit in Federal District Court in Washington, D.C. against the Republic of Iran, the Iranian Ministry of Information and Security, and three individual Iranian government officials for the same underlying incident at issue in the lawsuit against the PA and PLO in Rhode Island.

In the Washington proceeding, plaintiffs averred that Iran funded and trained the alleged Hamas members responsible for the Ungars' deaths and demanded USD 680,000,000 in damages. The Washington complaint did not reference the PA or the PLO and attributed full responsibility to Hamas and Iran. In fact, plaintiffs' experts testified at a hearing in conjunction with the Washington case that Iran funded Hamas because it interfered with the peace process involving the PA and the PLO and affirmed that Hamas was a rival of the PA and PLO.

Plaintiffs' allegations in the Rhode Island court and the Washington court simply cannot be reconciled. Plaintiffs' theory in Washington was that Hamas sought out Iranian support because the PA and PLO had eschewed terrorist acts in favor of the peace process. In contrast, plaintiffs' theory in Rhode Island was that the PA's and PLO's liability arose out of tacit approval of Hamas' cause and providing material support to Hamas, including support after the incident. Indeed, had plaintiffs' evidence from the Washington case been introduced in the Rhode Island case, it would have exculpated the PA and PLO by showing that the PA's and PLO's negotiations with Israel caused Hamas' turn to Iran. This selective presentation and omission of evidence drew the notice of Judge Robertson in Washington, and we will bring it to the attention of the judge in Rhode Island.

In addition to these grounds, we will also raise other challenges in support of the motion to vacate the default. It is difficult to assess the likelihood of success on the motion as we cannot assess what position, if any, the United States Department of State will take on the Motion, though we are undertaking efforts to gain Department of State support. If the default judgment is vacated, then the PA and PLO will be able to defend the underlying lawsuit. All of the collection actions would have to be dismissed as there would be no judgment to enforce.

Our intent is to raise challenges to the judgment soon. Challenging the default judgment will involve filing pleadings with the Federal District Court in Rhode Island. The Court will then issue an opinion regarding our motion to vacate. The time it would take the Court to rule is dependent on the Judge's schedule and could range from immediately to several months.

I hereby affirm subject to penalty of perjury under the laws of the United States and the State of Israel that the aforesaid is true and correct.

Dated: *August 2, 2007*            *Laura G. Ferguson*
                                   Laura G. Ferguson

2