UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                    C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## DECLARATION OF AVRAHAM COLTHOF

AVRAHAM COLTHOF, of the City of Jerusalem, Israel, DECLARES PURSUANT TO 28 U.S.C. §1746, AS FOLLOWS:

1. I am a graduate of the Law Faculty of Bar Ilan University in Israel, a member of the Israeli Bar and practice as an attorney in Jerusalem, Israel. I am completely fluent in Hebrew and English, and I am capable of translating accurately between those languages.

2. The English-language document attached hereto and marked as "Translation 1" is a true and accurate copy of the Hebrew-language document attached hereto and marked as "Original 1".

3. The Hebrew language document captioned "Embassy of Israel" attached hereto is a certification that Ms. Laura Gould Ferguson was duly sworn before signing her affidavit of August 2, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 10, 2007

                                                      AVRAHAM COLTHOF

# Translation 1

**In the Jerusalem District Court**                                          **H.P. 4318/05**
                                                                              Before the Hon. J. A. Farkash

 

            **1. The Palestinian Authority**
            **2. The Palestine Liberation Organization**
            Both by their counsel Joseph Arnon, Adv. et al.
            18 Shlomtzion Hamalka St., Jerusalem 94146
            Tel. 02-6245245 Fax 02-6250777

                                                                         **Movants**
                                                                         Respondents

                                  - versus -

> **District Court**
> **Jerusalem**
>                 (66)
> 08-06-2007
> **Received/Checked**
> Hour _____
> Signature _____

**Yishai Ungar et al.**
All by their counsel Mordechai Haller Adv. & Co.
10 Coresh St., Jerusalem 94144
Tel. 02-9999837 Fax 02-6667211

                                                                           **Respondents**
                                                                               Movants

## MOTION TO POSTPONE ENTRY OF JUDGMENT

The honorable court is requested to postpone entry of judgment in this case.

### These are the grounds for the motion:

1.    The undersigned recently learned that counsel for the movants (the respondents in the underlying motion) in the United States intend to file a motion in the court that entered the judgment (the District Court in Rhode Island) – a motion which if granted, could lead to the vacatur of the judgment, the movants being given the opportunity to defend against the suit and the halting of all the enforcement and collection proceedings.

## Translation 1

2. A copy of an affidavit in regard to this issue is attached hereto as Exhibit A, as an integral part of this motion.

3. As discussed in the affidavit, the main ground for vacating the judgment is the fact that the plaintiffs in the United States **concealed from the court** that entered the judgment (in Rhode Island) that **in parallel they conducted a suit** (in a court in Washington) **regarding the same incident** against Iran, its Ministry of Defense, and a number of its senior officials.

4. Moreover, in the context of the suit against Iran the plaintiffs argued that Iran funded and trained the members of Hamas liable for the attack. In the complaint against Iran there is no mention of a connection between the Palestinian Authority and/or the PLO – the instant respondents – and the attack, or their liability therefor. The complaint against Iran attributes the full liability for the attack to Iran and Hamas.

5. Furthermore, plaintiffs' experts in the suit against Iran testified in the court in Washington that Iran assisted Hamas because it aspired to meddle in the peace process and to harm it, whereas the Palestinian Authority and the PLO deliberately eschewed involvement in terrorist activity in order to advance the peace process. It was also explicitly claimed there that at that time a rivalry existed between Hamas and the PA and PLO.

6. It should be recalled that in the court in which the instant judgment was entered the plaintiffs asserted that the PA and PLO should be held liable because of their liability for and contribution to the activity of the Hamas organization.

7. In light of this it is clear that plaintiffs' claims in the two suits are incompatible with one another and if the evidence and arguments presented in the court in Washington had been presented to the court in Rhode Island, there is a high

## Translation 1

degree of certainty that the suit against the PA and PLO would have been dismissed.

8. It appears that not by mistake did plaintiffs entirely omit the existence of the suit against Iran, while they conducted the proceeding in Rhode Island.

9. About three months ago the representation of the PA and PLO in the United States was changed and the current law firm will soon file the aforementioned motion in the court in Rhode Island, as discussed in the affidavit.

10. The meaning of the motion, if granted, is vacatur of the judgment, the granting to the defendants of an opportunity to defend the suit and cancellation of all the collection proceedings.

11. The movants believe that the entry of judgment should be postponed in light of these facts and alternatively that enforcement of the foreign judgment should be stayed – if it is found to be enforceable in the State of Israel.

12. As discussed in the affidavit, counsel for the movants in the United States intends to file the motion soon and its disposition will be known in a time frame ranging from immediately – to a few months.

13. The movants are aware of the rule that the term "appeal" in Article 3(2) of the Enforcement of Foreign Judgments Law is narrowly construed and does not include other proceedings seeking to vacate or modify the judgment in the court that entered it, however, **the instant motion does not seek to refrain from enforcing the judgment in light of the intention to file the motion in the United States**, but rather only to postpone entry of judgment pending the disposition of the motion. It appears to movants that this is an appropriate and fair result which balances between the rights of the two sides, particularly in light of the circumstances and subject of the case, the fact that the judgment was given by

## **Translation 1**

default, the identity of the parties and the possible ramifications of the enforcement of the judgment in the State of Israel (as discussed in the movants' response to the underlying motion and in the summations that were submitted to the honorable court).

14. Wherefore, the honorable court is requested to postpone entry of judgment in this case until after the disposition of the renewed legal inquest in the United States. The movants undertake to notify the court and the respondents of the results of this proceeding immediately upon their receipt.

Joseph Arnon, Adv.<br>
L.N. 8005<br>
Counsel for the Movants