## Original 1

בבית המשפט המחוזי בירושלים     ה"פ 4318/05
קבוע בפני כב' הש' א. פרקש

1. הרשות הפלסטינית
2. הארגון לשחרור פלסטין

שניהם ע"י ב"כ עו"ד יוסף ארנון ואח'
מרח' שלומציון המלכה 18, ירושלים 94146
טל' 02-6245245 פקס 02-6250777

**המבקשים**
המשיבים



- נ ג ד -

...שי אונגר ואח'
...ולם ע"י ב"כ עו"ד מרדכי הלר ושות'
מרח' כורש 10, ירושלים 94144
טל' 02-9999837 פקס 02-6667211

**המשיבים**
המבקשים

## בקשה לדחיית מועד מתן פסק הדין

בית המשפט הנכבד יתבקש לדחות את מועד מתן פסק הדין בתיק זה.

**ואלו נימוקי הבקשה:**

1. לאחרונה נודע לח"מ כי בדעת באי כח המבקשים (המשיבים בהמרצת הפתיחה) בארצות הברית להגיש בקשה לבית המשפט שנתן את הפסק (בית המשפט המחוזי ברוד איילנד) - בקשה שאם תתקבל, עשויה להביא לביטול פסק הדין, למתן הזדמנות למבקשים להתגונן מפני התביעה ולעצירת כל הליכי האכיפה והגבייה.

2. העתק מתצהיר בעניין זה רצ"ב **כנספח א'** וכחלק בלתי נפרד מן הבקשה.

3. כפי העולה מן התצהיר, העילה העיקרית לביטול פסק הדין הינה העובדה כי התובעים בארצות הברית **העלימו מעיני בית המשפט** שנתן את הפסק (ברוד איילנד) כי **במקביל ניהלו תביעה** (בבית המשפט בוושינגטון) **בגין אותו אירוע** כנגד איראן, משרד ההגנה שלה ומספר מבכיריה.

4. זאת ועוד, במסגרת התביעה כנגד איראן טענו התובעים כי איראן מימנה ואימנה את חברי החמאס האחראיים לפיגוע. בכתב התביעה כנגד איראן אין זכר לקשר או לאחריות הרשות הפלסטינית ו/או אשי"פ - המשיבים דכאן - לפיגוע. כתב התביעה כנגד איראן מייחס את מלוא האחריות לפיגוע על איראן ועל החמאס.

ג. 4250\93\10111

2

5. מעבר לכך, מומחים מטעם התובעים בתביעה נגד איראן העידו בבית המשפט בוושינגטון כי איראן סייעה לחמאס משום ששאפה להתערב בהליך השלום ולחבל בו, בעוד שהרשות הפלסטינית ואש״פ התנערו במכוון ממעורבות בפעילות טרור וזאת על מנת לקדם את תהליך השלום. עוד נטען במפורש שם כי באותו זמן שררה יריבות בין החמאס ובין הרש״פ ואש״פ.

6. יוזכר כי בבית המשפט בו ניתן פסק הדין שבפנינו טענו התובעים כי יש להטיל אחריות על הרש״פ ועל אש״פ בשל אחריותם ותרומתם לפעילותו של ארגון החמאס.

7. ברור לאור זאת כי טענות התובעים בשתי התביעות אינן יכולות לדור בכפיפה אחת אלו עם אלו ואילו היו מוצגות בפני בית המשפט ברוד איילנד הראיות והטענות שהועלו בבית המשפט בוושינגטון, הדבר היה בוודאות גבוהה מביא לדחיית התביעה כנגד הרש״פ ואש״פ.

8. נדמה כי לא היתה זו טעות שגרמה לתובעים להשמיט לחלוטין את דבר קיומה של התביעה כנגד איראן, בעת שניהלו את ההליך ברוד איילנד.

9. לפני כשלושה חודשים הוחלף ייצוגם של הרש״פ ואש״פ בארצות הברית ומשרד עורכי הדין הנוכחי עומד להגיש בקשה כאמור לעיל לבית המשפט ברוד איילנד בזמן הקרוב, כפי העולה מן התצהיר.

10. משמעות הבקשה, אם תתקבל, כאמור לעיל, ביטול פסק הדין, מתן אפשרות לנתבעים להתגונן מפני התביעה וביטול כל הליכי הגבייה.

11. המבקשים סבורים כי יש להורות על דחיית מועד מתן פסק הדין לאור עובדות אלו ולחילופין על עיכוב ההוצאה לפועל של פסק החוץ – במידה וייקבע כי הוא אכיף במדינת ישראל.

12. כפי העולה מן התצהיר, בכוונת ב״כ המבקשים בארצות הברית להגיש את הבקשה בקרוב כאשר תוצאותיה יכולות להתקבל בטווח הזמן המיידי - עד מספר חודשים.

13. המבקשים מודעים להלכה לפיה המונח ״ערעור״ שבסעיף 3(2) לחוק אכיפת פסקי חוץ פורש באורח מצמצם כך שאינו כולל גם הליך אחר שנועד להביא לביטולו או שינויו של הפסק על ידי בית המשפט שנתן אותו, אולם, **הבקשה דכאן איננה להמנע מאכיפת הפסק לאור הכוונה להגיש את הבקשה בארצות הברית**, אלא רק לדחות את מועד מתן פסק הדין עד לקבלת תוצאותיה. נדמה למבקשים כי מדובר בתוצאה ראויה והוגנת המאזנת

3

בין זכויות שני הצדדים, וזאת במיוחד לאור נסיבות ונושא התיק, העובדה כי פסק הדין ניתן בהעדר הגנה, מיהות הצדדים וההשלכות האפשריות של אכיפת הפסק במדינת ישראל (כפי שנדונו בתשובת המשיבים להמרצת הפתיחה ובסיכומים שהוגשו לבית המשפט הנכבד).

14. אשר על כן, יתבקש בית המשפט הנכבד לדחות את מועד מתן פסק הדין בתיק זה עד לאחר קבלת תוצאות הבירור המשפטי המחודש בארצות הברית. המבקשים מתחייבים להודיע לבית המשפט ולמשיבים תוצאותיו של הליך זה מייד כשיתקבלו.

יוסף ארנון, עו"ד
מ.ר. 8005
ב"כ המבקשים

י.ג 4250\93\10111



**EMBASSY OF ISRAEL**
WASHINGTON, D.C.



שגרירות ישראל
וושינגטון

אימות תצהיר

אני הח"מ, יוסף עדי, סגן קונסול שגרירות ישראל בוושינגטון, מאשר בזה כי היום _יום ב׳ 2 אוג׳ 2007_

התייצב/ה בפני מר/גב׳ FERGUSON LAURA GOULD

שזיהה/תה עצמו/ה להנחת דעתי עפ"י דרכון _אמריקאי_ מספר _217719543_

שניתן ב- _____ בו רשום מס' זהות _____

ולאחר שהזהרתיו/ה כי עליו/ה להצהיר את האמת וכי יהא/תהא צפוי/ה לעונשים הקבועים בחוק אם לא יעשה/תעשה כן, חתם/ה בפני על תצהירו/ה המצורף והמסומן באות "א".

ולראיה באתי על החתום ביום   AUG 02 2007

חתימה _____

JOSEPH ADI   יוסף עדי
VICE CONSUL   סגן קונסול

תואר _____



רישום פעולות נוטריוניות

| מס׳ הספר | מס׳ הדף | מס׳ סידורי בדף | שנה |
|---|---|---|---|
| 190 | 14 | 24 | 07 |

3514 INTERNATIONAL DRIVE N.W. • WASHINGTON, D.C. 20008 • TEL: (202) 364-5500 • FAX: (202) 364-5 israelemb.org