**ADLER POLLOCK & SHEEHAN P.C.**

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

August 7, 2007

**RECEIVED**

**VIA HAND DELIVERY**

AUG 0 7 2007

The Honorable Ronald Lagueux
United States District Court
 for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Property of U.S. District Court
District of Rhode Island

Re:  **The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.,
     No. 00-105**

Dear Judge Lagueux:

This office is co-counsel for non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V., and Canaan Equity III Offshore C.V. in the above-referenced action (collectively, "Canaan").

On the afternoon of Friday, August 3, 2007, this office received electronic notice of the filing by Plaintiffs of their Reply in Further Support of Plaintiffs' Motion to Modify Stipulation and Confidentiality Order (Docket No. 389). Plaintiffs' filing constitutes a delinquent attempted reply to Canaan's Objection to Plaintiffs' Motion to Modify Stipulation and Confidentiality Order (Docket No. 386), which was filed on November 27, 2006. Filed almost nine months after Canaan's Objection, Plaintiffs' attempted reply is untimely and should be disregarded by the Court. See Local Rule 7(b)(2) ("[t]he movant may file and serve a reply memorandum not later than ten (10) days after the service of the objection).

Even if the Court were to consider Plaintiffs' reply, that belated filing offers no basis for modifying the Confidentiality Agreement and Sealing Order (the "Confidentiality Order") (Docket No. 354) that Plaintiffs agreed to with Canaan. Plaintiffs' reply is premised on their erroneous contention that "the ownership issue" - i.e., the question whether Plaintiffs have acquired full ownership of the Palestine Investment Fund ("PIF") - "has clearly been resolved" (Pl. Reply Br. at 2). To the contrary, that pivotal threshold issue is presently pending before, and



STATE CAPITAL
GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice independently and not in a relationship for the joint practice of law.

## ADLER POLLOCK & SHEEHAN

The Honorable Ronald Lagueux
August 7, 2007
Page 2

will be decided by, the United States District Court for the District of Connecticut in the action entitled <u>David Strachman</u> v. <u>The Palestinian Authority</u>, No. 3:05-mc-00208 (PCD). In that action, which was commenced in 2005 by Plaintiffs' counsel, Mr. Strachman, PIF appeared and filed a Claim for Determination of Interests Pursuant to Conn. Gen. Stat § 52-356c. (PIF's Memorandum of Law in Support of its Claim for Determination of Interests was filed on July 17, 2007, and is attached hereto as **Exhibit 1;** it is Canaan's understanding that Mr. Strachman's response is due shortly.) PIF's July 17, 2007 filing in the District of Connecticut challenges, among other things, Plaintiffs' contention that this Court's grant of Plaintiffs' motion for a Creditors' Bill under Rhode Island law authorized what Plaintiffs assert has been the transfer to Plaintiffs of "full ownership of the PIF" (Pl. Reply Br. at 2). This Court, of course, did not address the merits of the similar challenge raised by LeBoeuf, Lamb, Greene & MacRae LLP ("LeBoeuf"); instead, the Court dismissed LeBoeuf's Complaint for declaratory relief on the ground that LeBoeuf lacked standing to assert its claims (Docket No. 22).

Thus, it is the District Court of Connecticut that will decide, for the first time on the merits, the threshold issue of whether PIF is the purported "alter ego" of either one of the Judgment-Debtors (the Palestinian Authority and the Palestine Liberation Organization) and whether the purported transfer to Plaintiffs of complete ownership of PIF was proper. The position that Canaan advanced in its November 27, 2006 Objection (Docket No. 386) remains fully applicable today:

> "Plaintiffs' Modification Motion is premised upon the contention that, by operation of this Court's September 19, 2006 Final Judgment, plaintiffs have become the sole owners and possess all the legal rights and obligations of the Palestine Investment Fund ('PIF'). . . . Given the uncertainty surrounding plaintiffs' contention that has been raised . . . by LeBoeuf, Canaan respectfully opposes plaintiffs' request to modify the Confidentiality Agreement and Sealing Order referenced in the Modification Motion." (Canaan's Nov. 27, 2006 Objection Docket No. 386 at 1).

Accordingly, Canaan respectfully submits that, until a final judgment on the threshold ownership and alter ego issues is entered by the United States District Court for the District of Connecticut, the protections afforded by the

## ADLER POLLOCK & SHEEHAN

The Honorable Ronald Lagueux
August 7, 2007
Page 3

Confidentiality Order agreed to by Plaintiffs are still required and should remain in place. Plaintiffs' motion should thus be denied.

Respectfully,

JAMES R. OSWALD

JRO:jro

cc: David J. Strachman, Esq. (*via hand delivery*)
 Deming E. Sherman, Esq. (*via hand delivery*)
 Matthew Medeiros, Esq. (*via hand delivery*)
 Robert F. Maslan, Jr., Esq.
 Robert A. Alessi, Esq.

*425168_1.doc*