# McINTYRE, TATE
## & LYNCH LLP
### COUNSELLORS AT LAW

JERRY L. McINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN*
ROBERT S. PARKER*

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

HAND DELIVERED

August 7, 2007

RECEIVED

AUG 07 2007

Property of U.S. District Court
District of Rhode Island

The Honorable Judge Lagueux
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

  Re: **Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.**
    **C.A. No. 00-105L**

Dear Judge Lagueux:

  I write in response to the letter to Your Honor dated August 7, 2007, from James R. Oswald, counsel for the Canaan entities.

  Mr. Oswald's claim that the Ungars' Reply is nine months late is incorrect and misleading. Our motion and the time for filing our Reply were stayed with Canaan's agreement during the pendency of the declaratory judgment action brought by LeBoeuf Lamb. That action was dismissed on June 19, 2007. The filing of our Reply was then delayed for several weeks while we were seeking and retaining an affiant to attest to the matters discussed in Exhibit A of the Reply.

  Mr. Oswald's further claim that the issue of the Ungars' ownership is yet to be determined, and will not be determined by this Court, is astonishing, since it flies in the face both of this Court's judgments of September 19, 2006, and the very explicit statements made by the Court at the hearing in the LeBoeuf matter on June 19, 2007.[1]

---

[1] Mr. Oswald's reference to an "alter ego" determination appears to be the result of some confusion on his part. The Ungars have never asserted any "alter ego" claims in respect to the PIF in this Court or in the Connecticut court.

SUITE 400 321 SOUTH MAIN STREET PROVIDENCE, RI 02903
401-351-7700 FAX 401-331-6095

Mr. Oswald's ostensible determination that the Connecticut court, and not this Court, will decide the issue of ownership is also incorrect as a simple factual matter. On November 29, 2006, proceedings in Connecticut were adjourned pending the outcome of both the LeBoeuf suit and the Motion to Modify.

Thus, Mr. Oswald has it exactly backwards: the continuation of the Ungars' enforcement proceedings in Connecticut are to resume once this Court has ruled on the Motion to Modify.

Our long-pending motion is ripe for decision, and Mr. Oswald's letter has presented no new grounds whatsoever in opposition thereto.

Accordingly, we respectfully request that Your Honor grant the motion forthwith.

Sincerely,

David Strachman

cc via fax:
    Ramsey Clark 212-979-1583
    Lawrence W. Schilling 212-979-1583
    Deming E. Sherman 401-276-6611
    Robert Alessi 212-269-5420
    Tamara Schlinger 212-269-5420
    James Oswald 351-4607