UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

Plaintiffs – Judgment Creditors,

v. C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

Defendants – Judgment Debtors.

**NOTICE OF WITHDRAWAL OF PLAINTIFFS – JUDGMENT CREDITORS' MOTION FOR DECLARATORY JUDGMENT**

As discussed in the Memorandum in support of Plaintiffs – Judgment Creditors' Motion for Declaratory Judgment (dkt. # 391) ("Memo"), on August 6, 2007, defendants filed a motion in an Israeli court seeking to stay entry of judgment in a proceeding brought by the Ungars to domesticate in Israel the judgment entered in this matter in 2004. See Memo, Exhibit C.

In support of their motion for a stay, the defendants submitted a declaration from an attorney at the firm of Miller & Chevalier, claiming that the Miller firm intends to file a motion to vacate the judgment on the purported grounds that allegations made by the plaintiffs in their suit against Iran somehow contradict the allegations of the instant action. See id., Exhibit B at pp. 5-6.[1]

On August 27, 2007, defendants filed their Opposition to the motion for declaratory judgment. Dkt. # 398.

[1] Exhibit B is the Hebrew-language motion filed by defendants in Israel, to which the English-language Miller affidavit was attached as an exhibit at pp. 5-6.

On page 2 of their Opposition, defendants state that their argument concerning the action against Iran goes only to the issue of whether they would have a meritorious defense if the judgment were to be vacated, and is not asserted as grounds to vacate the judgment under Rule 60(b). Id. at 2.

While the Opposition attempts to blame the plaintiffs, or the defendants' Israeli counsel, for misconstruing the Miller affidavit, it is clear that there was no misunderstanding: the Miller affidavit specifically refers – twice – to its argument regarding the Iran suit as the "***grounds***" for its planned motion to vacate. See id.

Obviously, a meritorious defense is not grounds to vacate a judgment; rather, it is a condition for granting vacatur, once grounds to vacate under Rule 60(b) have been proven.

Thus, defendants' Opposition has abandoned the position taken in the Miller affidavit, and fails to point to any new purported grounds for Rule 60(b) relief (because none exist).

Since defendants have abandoned their previous position, and do not assert any other purported grounds to vacate, it appears clear that plaintiffs' motion for declaratory judgment is now moot.

While the Opposition claims that defendants intend to someday file a motion for relief from judgment (on unidentified grounds) it is difficult to view this as more than bluster. Indeed, Miller's affiant swore under oath nearly a month ago that it would file the motion "soon." See Memo, Exhibit B at p. 6. Even that sworn statement has turned out to be false.

Therefore, plaintiffs hereby withdraw their Motion for Declaratory Judgment (dkt. # 391) without prejudice, as moot.

Plaintiffs, by their Attorneys,

/s/David J. Strachman
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlhlaw.com

CERTIFICATION

I hereby certify that on August 29, 2007, I served a true copy of the within via ECF to counsel of record:

Lawrence W. Schilling
Ramsey Clark
37 West 12th Street, 2B
New York, NY 10011

Deming E. Sherman
Annemarie M. Carney
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

James R. Oswald
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

Robert A. Alessi
Tamara L. Schlinger
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005-1702

And via mail to:

Richard A. Hibey
Mark J. Rochon
Charles F. B. McAleer, Jr.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900

Washington, DC 20005-5701

/s/David J. Strachman