UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ESTATE OF YARON UNGAR, DVIR UNGAR, YISHAI UNGAR, JUDITH UNGAR, MEIR UNGAR, MICHAEL COHEN, AMICHAI UNGAR and DAFNA UNGAR,<br><br>Plaintiffs,<br><br>-against-<br><br>THE PALESTINIAN AUTHORITY and THE PALESTINE LIBERATION ORGANIZATION,<br><br>Defendants. | No. 00-105L<br><br>**STIPULATION AND ORDER** |

WHEREAS, in connection with judgments entered by this Court in this Action, the Court issued an Injunction, dated May 5, 2005 (the "Injunction"), which prohibits, *inter alia*, defendants The Palestinian Authority (the "PA") and The Palestine Liberation Organization (the "PLO" and, collectively with the PA, the "Judgment Debtors") and their "officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them or acting on their behalf and or in active concert and participation with them" from, *inter alia*, "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof" (the "Injunction," a copy of which is attached as Exhibit A); and

WHEREAS, Plaintiffs-Judgment Creditors served copies of the Injunction and a separate Notice of Injunction Pursuant to Fed. R. Civ. P. 65(d), dated May 6, 2005 (the "Notice of Injunction," a copy of which is attached as Exhibit B), upon various entities; and

WHEREAS, on or about April 21, 2005, Plaintiffs-Judgment Creditors domesticated the Judgments in New York pursuant to C.P.L.R. § 5402, under the Index No. 105521/05 and proceeded to serve information subpoenas and restraining notices (the "Restraining Notices") on various entities; and

WHEREAS, Non-Party The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip[1] represents that it had retained Equinox Capital Management, LLC; Eagle Capital Management, LLC; Awad & Associates; Brandywine Asset Management, Inc. and Pacific Income Advisors pursuant to separate Discretionary Investment Advisory Agreements to act as investment managers and to actively manage some of or all of the assets of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip by, *inter alia*, buying or selling securities and engaging in hedging strategies in the normal course of business and substantially in compliance with The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's investment guidelines, as amended from time to time (the "Investment Managers"); and

WHEREAS, the entities that have been served with the Injunction, the Notice of Injunction and/or the Restraining Notices include, but are not limited to, the following:

[1] The legal existence of, and the relationship, if any, between the "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip" and "the Insurance and Pension Fund" is disputed in this and related actions. References herein to "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip" should not be construed as an agreement by any party as to the nature of such a relationship, if any, or to the legal existence of "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip".

(a) Swiss American Securities Inc. ("SASI"), which is holding certain assets for the benefit of "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip," as identified by SASI in its Amended Verified Answers in Connection With Information Subpoena, dated December 6, 2005 (the "Assets"); and

(b) Smith Barney, a division of Citigroup Global Markets, Inc. ("Smith Barney"), which had been retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip to act as an investment advisor with respect to, *inter alia*, the Assets; and

(c) some or all of the Investment Managers that were managing, *inter alia*, the Assets; and

WHEREAS, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip represents that following receipt of the Injunction, Notice of Injunction and Restraining Notice, SASI froze the Assets and the Investment Managers informed The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip that they were no longer able to fulfill their responsibilities under their respective Discretionary Investment Advisory Agreements with respect to the Assets; and

WHEREAS, on February 21, 2006, the Plaintiffs-Judgment Creditors caused a Sheriff's Levy and Execution to be served on SASI commanding SASI to turn over any assets belonging to the Palestinian Authority and/or the PLO to the Sheriff of the City of New York (the "Sheriff's Levy"); and

WHEREAS, on March 2, 2006, Plaintiffs-Judgment Creditors filed a motion, brought by Order to Show Cause, in a turnover proceeding filed in the Supreme Court for the State of New York, New York County, Index No. 102106/06 (the "Turnover Proceeding"), seeking an order

directing SASI, *inter alia*, "to continue managing and investing the assets held by [SASI] which are currently the subject of a Restraining Notice, a Sheriff's Levy of Execution and the within Turnover Proceeding," (the "Asset Management OSC"); and

WHEREAS, on March 6, 2006, Plaintiffs-Judgment Creditors withdrew the Restraining Notice served upon SASI; and

WHEREAS, at the March 7, 2006 hearing regarding various motions in the proceedings pending in the Supreme Court for the State of New York, Plaintiffs-Judgment Creditors, SASI and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip entered into a stipulated agreement on the record relating to the management of the Assets pending resolution by that court of the enforcement proceedings before it relating to the Assets; and

WHEREAS, by order dated May 18, 2006, the Supreme Court for the State of New York dismissed the Turnover Proceeding and the Sheriff's Levy thereafter expired; and

WHEREAS, in the May 18, 2006 Order of the Supreme Court for the State of New York dismissing the Turnover Proceeding, the Court noted that the Assets continue to be restrained by the Injunction; and

WHEREAS, the Supreme Court for the State of New York entered an Order, dated May 18, 2006, substantially similar to this Stipulation and Order;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Plaintiffs-Judgment Creditors and for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip, that:

1. The Investment Managers (and/or any other investment manager retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future)

are authorized and permitted to actively manage the Assets. Actively managing these Assets means that an Investment Manager, whenever it deems appropriate and without prior consultation, may buy, sell, trade, transfer, exchange, convert, liquidate or otherwise trade in any stock and in any other securities (including money market instruments) with or to third parties consistent with that Investment Manager's Discretionary Investment Advisory Agreement with The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip.

2. SASI is permitted to take whatever steps are commercially reasonable and necessary to perform its custodial role with respect to the Assets, including, but not limited to custody, execution and clearance functions.

3. Smith Barney (and/or any other investment advisor retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future) is permitted to advise The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with the management of the Assets.

4. Notwithstanding Paragraphs 1, 2 and 3 above, this Order shall not permit the Investment Managers, SASI or any other person or party to transfer, pay out and/or release to (i) The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip or the Insurance and Pension Fund[2] (including any of its or their agents, representatives and/or affiliates) or (ii) The Palestinian Authority and/or The Palestine Liberation Organization (including any of their respective agents, representatives and/or affiliates) any of the Assets, including any profits, proceeds and/or returns thereon; *provided, however*, that (a) the Investment Managers and SASI may take any necessary and commercially reasonable steps to execute any transaction, including the necessary delivery of funds and assets to third parties as is required to

[2] *See* note 1, *supra*.

perform their custody, execution and clearance functions, if any; and (b) The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is authorized and permitted to use the Assets or portions thereof to pay the fees and expenses of the Investment Managers (and/or any other investment manager retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future) and/or Smith Barney (and/or any other investment advisor retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future) in connection with their work on behalf of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip with respect to those Assets.

5. The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is not, and shall not be construed to be, admitting and/or conceding that the Judgment Debtors have any interest in the Assets, are entitled to possession of the Assets or that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is in any way answerable for the Judgments.

6. Plaintiffs-Judgment Creditors are not, and shall not be construed to be, admitting and/or conceding that the Assets belong to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip and/or that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip has any interest therein.

7. Other than expressly set forth above, Plaintiff-Judgment Creditors and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip expressly reserve all rights, claims and defenses, and shall not be deemed to have waived any rights, claims or defenses.

Dated: New York, NY
August 15, 2007

MORRISON & FOERSTER LLP

By: ______________________
Charles L. Kerr
Mark David McPherson
Kyle W.K. Mooney

1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212) 468.8000

*Attorneys for The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip*

Dated: Providence, Rhode Island
August 21, 2007

MCINTYRE TATE LYNCH & HOLT, L.L.P.

By: ______________________
David J. Strachman

321 South Main Street, Suite 400
Providence, RI 02903
Telephone: (401) 351-7700

*Attorneys for Plaintiffs Estate of Yaron Ungar, et al.*

SO ORDERED:

Ronald R. Lagueux
Sr. United States District Judge
9/11/07



ny-763604