```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF RHODE ISLAND



* * * * * * * * * * * * * * *    C.A. NO. 00-105L
                             *
EFRAT UNGAR, et al           *
                             *   SEPTEMBER 18, 2007
        VS.                  *   2:06 P.M.
                             *
THE PALESTINIAN LIBERATION   *
ORGANIZATION, et al          *
                             *
* * * * * * * * * * * * * * *    PROVIDENCE, RI



            BEFORE THE HONORABLE RONALD R. LAGUEUX,

                         SENIOR JUDGE

                 (Plaintiffs' Motion to Modify)



FOR THE PLAINTIFF:

                        DAVID J. STRACHMAN, ESQ.
                        McIntyre, Tate, Lynch & Holt
                        321 South Main Street, Suite 400
                        Providence, RI   02903



FOR THE DEFENDANT:

                        JAMES R. OSWALD, ESQ.
                        Adler Pollock & Sheehan P.C.
                        One Citizens Plaza, 8th Floor
                        Providence, RI   02903


Court Reporter:         Debra D. Lajoie, RPR, FCRR, CRI


           Proceeding reported and produced by computer-aided
                              stenography
```

```
 1   18 SEPTEMBER 2007--2:06 P.M.
 2           THE COURT:  Good afternoon, everyone.
 3           This is the Estate of Ungar, et al, vs. The
 4   Palestinian Authority, et al, Civil Action 2000-105L.  This
 5   is here on Plaintiff's motion to modify stipulation and
 6   confidentiality order.
 7           Will the attorneys interested in this matter please
 8   identify themselves for the record.
 9           MR. STRACHMAN:  David Strachman for the Plaintiffs.
10           MR. OSWALD:  And James Oswald on behalf of
11   nonparties Canaan Equity Offshore C.V., Canaan Equity II
12   Offshore C.V. and Canaan Equity III Offshore C.V.
13           THE COURT:  All right.  Mr. Strachman, it's your
14   motion.  I'll hear you first.
15           MR. STRACHMAN:  Thank you, Your Honor.
16           Your Honor, pursuant to a post-judgment subpoena
17   that was issued in the spring of 2005, the judgment
18   creditors sought documents from the various Canaan entities
19   that are business partners or entities in which the
20   Palestinian Authority and their investment vehicle, the PIF,
21   the Palestine Investment Fund, invested in.
22           Canaan produced documents subject to a
23   confidentiality stipulation of May of 2005.  And,
24   subsequently, the Court granted a motion to seal with
25   respect to certain documents, and I believe that was in
```

```
 1   July of 2005.
 2           Last year, Your Honor granted a creditor's bill
 3   transferring all of the rights that the judgment Defendants,
 4   the-- the judgment debtors have in the Palestine Investment
 5   Fund to my clients, the Plaintiff judgment creditors.
 6           And in the course of attempting to exercise their
 7   rights, they-- granted by the Court in that creditor's bill,
 8   they are attempting to enforce the judgment further,
 9   certainly outside of this jurisdiction.
10           One of the things that they did, shortly after the
11   creditor's bill was granted last year, was to remove the
12   former directors and to attempt to gain control of the
13   Palestine Investment Fund.
14           To that extent, the judgment creditors appointed a
15   new board and, as detailed in our reply motion, followed the
16   articles of the Palestine Investment Fund and attempted to
17   appoint substitute officers and gain control for the purpose
18   of furthering their collection efforts.
19           They've been stymied in doing so.  And one of the
20   things that they needed to do is they need, quite frankly,
21   to disclose to certain entities some of the documents that
22   they received from Canaan pursuant to a subpoena when,
23   obviously, the stipulated consent order with respect to
24   confidentiality and Your Honor's order with respect to
25   sealing certain records was well over a year prior to the
```

```
 1    creditor's bill in which the Court assigned all of the
 2    rights and benefits in the PIF to the Ungars.
 3            We filed our motion shortly after a series of
 4    corporate events on behalf of the PIF took place overseas,
 5    and then we reached an agreement with Canaan because, in the
 6    interim, the former directors and, in fact, the former CEO
 7    of the Palestine Investment Fund, Dr. Mustafa, who's also
 8    the economic advisor to the President of the Palestinian
 9    Authority-- he holds a dual position-- sued the Ungars here
10    in Rhode Island, retaining counsel, the Leboeuf law firm,
11    and as the Court knows, that matter was litigated over the
12    course of the last year.  In June of this year, the Court
13    dismissed that action.
14            The sole basis for the Canaan entities objecting to
15    the present motion that's before this Court has to do with
16    the pending-- then pending Leboeuf lawsuit against the
17    Ungars in this Court, which is now dismissed, and also a
18    challenge to the corporate actions that the Ungars took
19    overseas with respect to the Palestine Investment Fund.
20            And in filing their objection, they attached, in
21    fact, the complaint that the Leboeuf firm filed on behalf of
22    the Palestine Investment Fund, laying out alleged challenges
23    to the actions that the judgment creditors took subsequent
24    to the entry of the judgment on the creditor's bill.
25            Now those issues, we believe, have all gone away,
```

1    and their objections go away because this Court dismissed
2    the-- their lawsuit-- the lawsuit in June. So we would ask
3    that the Court grant our motion.
4         Certainly, when the Court issued a ruling granting
5    the judgment creditors all-- quote, all rights, benefits and
6    interests of the Palestinian Authority in the PIF to my
7    clients, one of those rights should certainly be the right
8    to their own documents and their own documents with their--
9    with the PIF's investment partners in Connecticut, and those
10   are the Canaan entities.
11        So we would ask that the Court grant our motion.
12   I've supplied a draft order, and I have a cleaner copy, if
13   it would be helpful to the Court.
14        THE COURT: Well, your draft order contains a lot
15   of "whereas" clauses, and those don't belong in an order of
16   the Court. So if I'm going to enter an order granting the
17   motion, it's going to be very precise and short.
18        But we'll get to that in a few moments.
19        MR. STRACHMAN: Okay, thank you.
20        THE COURT: Mr. Oswald?
21        MR. OSWALD: Good afternoon, Your Honor.
22   James Oswald on behalf of the Canaan entities.
23        As Your Honor is aware, the Canaan entities are
24   nonparties to this action. We were brought in as-- not
25   brought in to the action, but we were brought in to the

1   litigation as nonparties, just out there in the world.  We
2   don't have a stake in A or B or left or right or one party
3   or the other.
4           THE COURT:  Well, you submitted-- they submitted
5   themselves to the jurisdiction of this Court because they
6   entered into a stipulation and a confidentiality order.
7           MR. OSWALD:  There's no question, Your Honor.  My
8   point is simply that there-- we don't have a stake in the
9   underlying action.
10          THE COURT:  Well, you have-- you're stakeholders.
11          MR. OSWALD:  We are-- we have a stake but not a
12  stake, I guess, in the underlying action.  And, yes, we
13  agree, we submitted ourselves to the jurisdiction of this
14  Court.  We have no issue with that.
15          But we do have an issue with the attempt to-- by
16  the Plaintiff to undo or ask this Court to undo what is, in
17  essence, a private contractual agreement between the
18  parties.
19          They're asking the Court to undo two things.  One
20  is a confidentiality agreement that was entered into between
21  the Canaan entities and the Plaintiff.  Again, that is a
22  private agreement between two parties.  And they've offered
23  no reason for undoing that.
24          THE COURT:  Oh, they've offered plenty of reason.
25          MR. OSWALD:  Well, they've also--

Debra D. Lajoie, RPR-FCRR-CRI

```
 1              THE COURT:  There have been a lot of changed
 2   circumstances since then and very drastic changes because
 3   now the Plaintiffs own the PIF.
 4              MR. OSWALD:  That confidentiality agreement,
 5   Your Honor, was voluntarily entered into by the Plaintiff.
 6   The purpose for it is to protect confidential information
 7   not just of PIF but of all of the limited partners who have
 8   invested in Canaan and ultimately to protect Canaan itself
 9   from the disclosure of that private information.
10              THE COURT:  Well, that isn't proposed here.  The
11   only thing that is to be exempted from the confidentiality
12   order and the stipulation are PIF documents.
13              MR. OSWALD:  That's correct, Your Honor, but if
14   Your Honor notes how, quote, unquote, PIF documents is
15   defined, those are defined to include any documents-- first
16   of all, any documents generated by the Palestine Investment
17   Fund; but, second, and this is very important, any documents
18   to which the PIF is a party or a signatory.
19              Now, that would include, for example, the limited
20   partnership agreements for the various Canaan entities.  We,
21   as part of our original motion for clarification of the
22   underlying injunction, submitted to the Court and asked that
23   the-- certain of these documents be filed under seal.  The
24   Court agreed.  And among those documents are, for example,
25   those limited partnership agreements.
```

1  Now, there's certainly no reason, and, in fact, it
2  would be detrimental to the other limited partners and to
3  Canaan itself to allow those documents, which are clearly
4  private confidential documents, to just be up and out there
5  in the public domain for any reason.
6  The confidentiality agreement that the Plaintiff
7  entered into, the Plaintiff agreed that those provisions,
8  the protections that were given not just to PIF, but to the
9  other limited partners and to Canaan, were necessary. They
10  voluntarily entered into it. The Court, I believe, agreed
11  with those protections when it ordered that the documents
12  that were filed as part of our motion be filed under seal.
13  What's interesting here, Your Honor, is that the
14  Plaintiffs already have in their possession the documents
15  that they're now seeking to undo from the confidentiality
16  order. Those documents can be used under the terms of the
17  agreement in connection with the counsel's efforts to
18  collect the judgment from the lawsuit. They can be
19  disclosed to the parties in this lawsuit. They can be
20  disclosed in connection with enforcing the judgment in other
21  jurisdictions.
22  All we've heard from the Plaintiffs today is that
23  they want to disclose certain of the documents to certain
24  entities. They don't say why. They don't say-- they don't
25  say at all what they're trying to do that they can't already

1  do under what are relatively broad provisions for the use of
2  those confidential documents.
3       There is simply no basis for undoing this
4  agreement, what is essentially a private agreement between
5  the two parties. They keep calling it a stipulation, the
6  motion is a motion to modify a stipulation. This isn't a
7  stipulation, to my knowledge. This is a private agreement
8  between two parties. There's two separate things here at
9  issue. One is the confidentiality agreement entered into
10 voluntarily by both parties. One is the Court's July 15th
11 sealing order. That's a different animal, and we recognize
12 that. But with respect to the agreement, that is a private
13 agreement.
14      As I noted to Your Honor, it is our belief that the
15 proposed order is simply too broad. Again, the definition
16 of PIF documents would include any number of documents that
17 PIF might have been a signatory or a party to but that
18 obviously implicate other parties' privacy and
19 confidentiality interests, such as the limited partners in
20 the other investment vehicles, such as Canaan itself.
21      THE COURT: Well, how would you limit it?
22      MR. OSWALD: I would certainly strike the
23 provision, "Any documents to which the PIF is a party or a
24 signatory."
25      THE COURT: Well, we can make an exception for

documents that involve the limited partners, those limited partnership agreements.

    MR. OSWALD: Your Honor, we produced certainly I believe it was hundreds of documents pursuant to the confidentiality agreement. Again, they have all of those documents. I did not review, to be honest with the Court, those documents before coming here today.

    Those are the documents that certainly jump out at me, the limited partnership agreements, that would-- you know, that would allow disclosure of other parties' interests.

    It's simply too broad to say that any document that PIF might have been a party or a signatory to can simply be out there in the world. The Court has agreed by allowing those documents to be sealed. The Plaintiffs themselves agree that there are certainly confidentiality provisions that need to be respected by having entered into the confidentiality agreement in the first place.

    So we do not think that their attempt to undo what is essentially a private agreement between these parties has any basis. We are particularly concerned at the breadth of what they're seeking to have done here, that it's going to be way, way, way too broad and very harmful to the other limited partners and potentially Canaan.

    Again, those are simply the documents, Your Honor,

```
 1    that jump out at me.  I'm certain that there are other
 2    documents that would fall into that category.
 3            THE COURT:  All right.
 4            MR. OSWALD:  Thank you, Your Honor.
 5            THE COURT:  Mr. Strachman, do you have anything?
 6            MR. STRACHMAN:  Yes, Your Honor.  Thank you.
 7            This-- my brother's arguing as if it was several
 8    years ago.  Much has happened, as the Court noted, since
 9    these two items were-- the stipulation and the order,
10    Your Honor's order of July of 2005, in that, in the interim
11    period, Your Honor granted to our clients all rights into
12    any benefit, et cetera, of the PIF to my clients.  They
13    stand as the PIF.  Those are the PIF--
14            THE COURT:  Well, they own all the stock--
15            MR. STRACHMAN:  They own the stock--
16            THE COURT:  -- which is a separate corporation.
17    PIF is a separate corporation, and your clients own all the
18    stock.
19            MR. STRACHMAN:  And you also transferred any rights
20    that they may have in that corporation, and certainly one
21    right would be to their file with their investment partner
22    in Connecticut.  Much has changed.
23            Originally, we were simply a judgment creditor
24    looking to go after an asset.  Now we stand in a very
25    different position, and we stand as the PIF, and the PIF
```

certainly has the right to its own documents. The problem is we don't want to violate these Court orders, and we feel sort of-- we feel hamstrung. So the arguments that my brother made may have all been relevant prior to the entry of the final judgment on that creditor's bill. But now we're in a very different position.

And there-- other than a limited partnership agreement that they've had-- in the last nine months, since this motion was pending, can't identify another single document that they would be harmed by. How could they be harmed? If we went into the PIF files in Ramallah, if we were allowed to actually get into those files and pick up the cabinet drawers that have these records, they would be ours, and we could do whatever we want with them.

The problem is the Palestinian Authority and its economic-- the President's economic advisor, who also is a CEO of the-- former CEO of the PIF, are preventing us from doing that. They have sued us here, they have sued us in Connecticut, they've sued us-- attempted to sue us in Ramallah.

So, you know, if this was a typical situation where there was an entity down the street in Providence, we would simply go in and grab those documents. Now we can't do that. And we stand as if we're the PIF, and I would ask that it's particularly important. Otherwise, I think it

1  sort of undermines Your Honor's ruling on the creditor's
2  bill if we can't have unfettered use of our own documents.
3           Thank you.
4           THE COURT:  All right.  The situation has changed
5  drastically since this stipulation was filed and the
6  confidentiality order was executed by the Court in the
7  spring of 2005.
8           Since that time, the Court has entered judgment in
9  the petition to reach and apply the assets of the
10 Palestinian Authority in the Palestine Investment Fund.  And
11 the Palestinian Authority defaulted, and the Court entered
12 judgment and transferred to the Plaintiffs all interests of
13 the Palestinian Authority in that Fund, that separate
14 corporation.  So the Plaintiffs became the stockholders, the
15 sole stockholders of the Palestine Investment Fund.
16          The Court ruled in the Leboeuf case that the Court
17 had jurisdiction over the Palestinian Authority, and since
18 it defaulted, the Court had jurisdiction and the power and
19 authority to enter that judgment and that, that judgment was
20 entitled to full faith and credit in every other court of
21 this nation.  The Court also ruled that the Leboeuf law firm
22 has no standing to contest that order and judgment of this
23 Court.
24          So the situation has changed very dramatically
25 because now the Plaintiffs are the owners of the

```
 1   Palestinian-- Palestine, rather, Investment Fund.  So
 2   there's really no good reason to maintain this stipulation
 3   and confidentiality order as to documents of the
 4   Palestinian-- or the Palestine Investment Fund because the
 5   Plaintiffs are now the owners.
 6           The Plaintiffs have demonstrated that they have
 7   exercised their ownership interest, their stock ownership
 8   interest in the Fund by ousting directors and officers and
 9   electing representatives among themselves to be directors
10   and to run the corporation and fired the prior counsel,
11   Leboeuf, and hired new counsel.  And new counsel, based on
12   the documents that have been presented, have indicated that
13   they have no objection to this motion.
14           So, essentially, the Plaintiffs are standing in the
15   position of the Palestine Investment Fund at this point, and
16   there's no now sound basis for the confidentiality
17   agreement.  They should be able to use their own documents
18   any way they see fit.
19           Therefore, the Court grants the motion to modify
20   the previous stipulation and confidentiality order.  So an
21   order will be presented that provides that the motion to
22   modify is granted and that the stipulation shall be and
23   hereby is modified such that any and all documents generated
24   by the PIF and any and all documents to which the PIF is a
25   party or a signatory (collectively hereinafter PIF
```

```
 1   documents) are hereby excluded from the provisions of the
 2   stipulation.
 3           And, secondly, the confidentiality order shall be
 4   and hereby is modified such that any and all PIF documents
 5   are hereby excluded from the provisions of the
 6   confidentiality order.  And the Court-- there can be a
 7   provision, for the reasons set forth by the Court from the
 8   bench here today.  So present that new order.
 9           MR. STRACHMAN:  Your Honor, can I just ask to
10   clarify?  Then all of the documents that are-- that we
11   received pursuant to the subpoena and that were all subject,
12   I believe they were all subject to the confidentiality order
13   and the stipulation, are now not subject to those items, is
14   that right?
15           THE COURT:  That's right.
16           MR. STRACHMAN:  Okay.  I just want to be clear.
17   And I would ask if, upon receiving the transcript, and I
18   would ask permission to order it in an overnight fashion, as
19   early as the stenographer is able to get it, to provide a
20   revised order to include some of the factual statements that
21   Your Honor made.
22           THE COURT:  That's contained in my-- in the
23   transcript.  I'm not going to put that in the order.  That's
24   not appropriate to put in the order.  My order is very short
25   and concise.  It's a concise statement of what the Court did
```

```
 1   today.  If you want the reasons for it, it'll be contained
 2   in the transcript of what I said here today from the bench.
 3           MR. STRACHMAN:  Your Honor, could-- I only ask
 4   because we've had tremendous problems with other parties
 5   trying to limit Your Honor's prior rulings and taking
 6   transcripts and sort of what we believe is manipulating them
 7   out of context.
 8           Could I then propose-- add to the order that the
 9   order is based on the findings that the Court made on the
10   transcript, so that if someone wanted to interpret--
11           THE COURT:  Yes.
12           MR. STRACHMAN:  -- that, would specifically look at
13   the transcript and know that that's integrated into the
14   order?
15           THE COURT:  That's what I'm saying.
16           MR. STRACHMAN:  Okay.
17           THE COURT:  That's what I said.
18           MR. STRACHMAN:  So I would include that, then?
19           THE COURT:  I said, for the reasons set forth from
20   the bench here today, I enter those two very specific
21   orders.  Well, it's one order with two parts.
22           MR. STRACHMAN:  And it's basically Paragraphs 4 and
23   5 of our proposed order?
24           THE COURT:  That's correct.
25           MR. STRACHMAN:  Okay.  Verbatim?
```

Debra D. Lajoie, RPR-FCRR-CRI

```
 1              THE COURT:  Verbatim.
 2              MR. STRACHMAN:  Okay, I will prepare a revised
 3    order and circulate it.
 4              THE COURT:  All right.
 5              MR. STRACHMAN:  Thank you, Your Honor.
 6              THE COURT:  I should point out that, if the Canaan
 7    entities have any question about anything being
 8    inappropriate, then they can take whatever action they think
 9    is appropriate in another court, not in this Court.
10              I have no jurisdiction over the PIF, as a corporate
11    entity.  I have no jurisdiction over the ousted officers and
12    directors.  There's an action pending in Connecticut that
13    involves those matters, and that's beyond my jurisdiction.
14              I just want to make absolutely clear that what I
15    have jurisdiction over is the Palestinian Authority, and
16    I've had jurisdiction over them from the very beginning of
17    this case.  It's been so ruled by me and by the Court of
18    Appeals.  The judgments that have been entered are proper
19    and appropriate judgments entered by this Court.  And what
20    the consequences are in other jurisdictions is for other
21    courts to look at and examine.
22              But this stipulation and this confidentiality order
23    now has no vitality because the situation has changed.  The
24    complete ownership of the PIF has been transferred to these
25    Plaintiffs, and the Court had jurisdiction, power and
```

```
 1  authority to do that because it had jurisdiction over the
 2  Palestinian Authority who had those ownership interests.
 3          So that's it in a nutshell.  All right?
 4          MR. STRACHMAN:  Thank you, Your Honor.
 5          THE COURT:  Is there anything else?
 6          MR. OSWALD:  Thank you, Your Honor.
 7          (The proceeding was concluded at 2:34 p.m.)
 8
 9
10                    C E R T I F I C A T I O N
11
12
13      I, Debra D. Lajoie, RPR-FCRR-CRI, do hereby
14  certify that the foregoing pages are a true and accurate
15  transcript of my stenographic notes in the above-entitled
16  case.
17
18
19          _____
20                  Debra D. Lajoie, RPR-FCRR-CRI
21
22
23          _____9/19/07_____
24          Date
25
```