IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE STATE OF YARON UNGAR, et al.,  )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )  C.A. No. 00-105L
                                   )
THE PALESTINIAN AUTHORITY, et al., )
                                   )
            Defendants.            )

RECEIVED OCT 26 2007 Property of U.S. District Court District of Rhode Island

### CONFIDENTIALITY AGREEMENT AND STIPULATION FOR THE ENTRY OF A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs and defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by and through their respective counsel, hereby stipulate and agree as follows:

1.  This Confidentiality Agreement and Stipulation for the Entry of a Protective Order (the "Order" or "Agreement") shall govern the use and disclosure of all Confidential Information produced by or on behalf of any Party or furnished by any person associated with any Party in response to any deposition, interrogatory, request for admission, request for production of documents, or any other proceeding in this action that the parties may agree in writing to specifically designate for purposes of this Order. As of the execution hereof, the parties specifically designate the Plaintiffs' "Request for Production of Documents to the Palestinian Authority" dated July 18, 2007 as being governed by the terms of this Order. Nothing herein shall preclude the producing Party from asserting any objections to any discovery

request or seeking any protection of discovery materials and information to which such Party may be entitled as a matter of law.

2. "Confidential Information" as used in this Order shall mean documents, testimony, and other material containing or reflecting proprietary or confidential client or commercial information, or otherwise subject to a protective order pursuant to Fed. R. Civ. P. 26(c). "Confidential Information" shall not include, and the restrictions set forth in this Order on the use or disclosure of "Confidential Information" shall not apply to, information that (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired by the non-designating Party from a third party lawfully possessing such information, provided that the third party was not bound by any confidentiality obligation at the time of disclosure; or (c) was lawfully possessed or lawfully acquired by the non-designating Party prior to or outside the process of discovery and litigation in this action.

3. Any Party may designate as Confidential Information any documents, testimony, or other materials that the designating Party and/or its counsel believe in good faith contain or reflect Confidential Information. Any designation of Confidential Information shall include not only the document or other material so designated, but also all copies thereof, information contained therein, and any abstracts, extracts, charts, summaries, or notes made therefrom. The Parties agree that, with respect to documents, including answers to interrogatories, which contain Confidential Information, each page of those documents will be marked as "CONFIDENTIAL." Except for documents produced for inspection at the Party's offices or facilities (including those of the Party's counsel of record), the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of the information. In the event that documents are produced for inspection at the



Party's offices or facilities (including those of the Party's counsel of record), such documents may be produced for inspection before being marked as "CONFIDENTIAL." Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked as "CONFIDENTIAL" after copying, but before delivery to the Party who inspected and designated the documents for copying. There will be no waiver of confidentiality by the inspection of documents before they are copied and marked as "CONFIDENTIAL." The designation of portions of testimony as Confidential Information shall be made either orally before or during the testimony or in writing within ten (10) business days after the preparation of a transcript thereof. If the designation is made during testimony, only persons to whom disclosure of Confidential Information is permitted under Section 5 below shall remain present while such material is being used or discussed. When testimony is designated as Confidential Information, the court reporter shall stamp or write the legend "CONFIDENTIAL" on the first page and all portions of the original and all copies of the transcript containing any Confidential Information. The court reporter shall separately bind the portions of the transcript containing the non-confidential information and the Confidential Information. The Parties may modify this procedure for any particular testimony through written agreement or agreement on the record at such testimony, without further Court order. Nothing herein shall prejudice whatever rights, if any, a non-party may have to request from the Court the designation of discovery materials as "Confidential Information" under the terms of this Order or any other protection to which such non-party may be entitled as a matter of law.

    4.  All material or information disclosed during a deposition shall be treated as Confidential Information until the expiration of the ten (10) business day deadline for written designation. Pursuant to designation, confidential portions of the transcript shall be so marked in

3

all existing and any subsequent copies of the transcript and shall be held and treated as Confidential Information within the meaning of this Agreement. The designation of any canister, cassette, diskette, or other non-written material shall be made by affixing to such canister, cassette, diskette, or other non-written material the words "CONFIDENTIAL" prior to the transmission of such material to the receiving Party. Challenges to confidentiality designations may be made by any Party as set forth in Sections 1 and 11 below.

5. Except upon further Order of the Court or by express written consent of counsel of record, materials designated as Confidential Information shall be used or disclosed by the receiving Party solely for purposes of prosecuting or defending this action and any litigation or discovery initiated to enforce the judgment entered in this case ("Related Judgment Enforcement Proceedings"), including any appeals and arbitration or mediation thereof; shall not be used for any other purpose whatsoever; and shall not be revealed, discussed, or disclosed to any person or entity other than:

(a) The receiving Party;

(b) Attorneys who are counsel of record in this proceeding and the employees of their law firms, including their respective associate attorneys, stenographic, paralegal, clerical, and other employees;

(c) Any garnishees named as parties in any enforcement actions to enforce the judgment entered in this case and Attorneys for such garnishees;

(d) Attorneys who are retained counsel to the Parties in any litigation initiated to enforce the judgment entered in this case (including employees of their law firms, as well as their respective associate attorneys, stenographic, paralegal, clerical, and other employees);



(e) Witnesses or deponents and their counsel, during the course of, or to the extent necessary for, preparation for depositions or testimony or during the course of depositions or testimony;

(f) Experts retained or employed by any Party for the purposes of this action, who may need to view this particular Confidential Information in order to give advice or make decisions with respect to the litigation;

(g) Individuals who received, created, or authored this particular Confidential Information;

(h) The Court in this action, and any other courts having jurisdiction over Related Judgment Enforcement Proceedings, and persons employed by such courts; any appellate court having jurisdiction over this action or Related Judgment Enforcement Proceedings and persons employed by such courts; any mediators or other dispute resolution personnel; any court reporter or typist recording or transcribing testimony in this action or in any Related Judgment Enforcement Proceedings; and any outside, independent reproduction firm;

(i) Litigation support personnel, including deposition notaries and their staff, outside document copying companies, computer specialists, and trial presentation companies; and

(j) Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court order.

6. Prior to disclosure to any person designated pursuant to subsections 5(d), 5(f) or 5(j) hereof ("Designated Person") of Confidential Information, such Designated Person shall be furnished with a copy of this Order and shall be required to certify in writing that he or she has read this Order, understands it, and agrees to be bound by its terms. Such certification

shall be in the form of Attachment A hereto. Prior to disclosure to any person described in subsections 5(c) and 5(e) or, if not feasible, as soon thereafter as reasonably practicable, such person shall be furnished with a copy of this Order and shall be requested by the receiving Party or its counsel to execute the certification in the form attached hereto as Exhibit A. In the event of a refusal by such person to execute the certification in the form attached hereto as Exhibit A, the receiving Party shall immediately notify in writing the designating Party or its counsel of such refusal, in which event the designating Party or its counsel may seek additional or alternative protection relating to such disclosure, including the issuance of an order extending the protections of this Order to persons designated pursuant to subsections 5(c) and 5(e). Counsel shall maintain a file of such executed certifications and shall provide a copy of each to all other counsel of record in this case. Counsel shall provide copies of this Order to any persons or entities designated pursuant to subsections 5(i) and shall direct such persons or entities to comply with the terms of this Order.

      7. The recipient of any Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Information; and shall not reveal, discuss, or disclose such Confidential Information in any manner or in any form, to any person or any entity other than as provided in this Order.

      8. Any Confidential Information filed with the Court or any court having jurisdiction over a Related Judgment Enforcement Proceeding shall be filed under seal with a cover label bearing the caption of the action and containing the following notice: "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER." All materials so filed shall be released from confidential treatment by the Clerk of the Court only

upon further order of the Court or pursuant to a stipulation of all Parties. In the event material that has been designated as confidential is used in testimony in this case, that portion of the testimony transcript shall constitute Confidential Information subject to the provisions of this Order. If only a portion of a document has been designated as confidential, and a Party desires to submit such a document to the Court, the Party desiring such submission may first attempt to redact any Confidential Information. If such redaction is not feasible, the document must be filed under seal, as set forth above.

9. Upon satisfaction of the judgment entered in this action, including any appeals, or at such other time as the Court upon motion may order, all Confidential Information furnished pursuant to the terms of this Order and all copies thereof which are not in the custody of the Court, shall be returned to the Party furnishing said Confidential Information or destroyed (and certified as having been destroyed) by the Party in possession thereof. Outside counsel for the Parties shall be entitled to retain court papers, depositions, trial transcripts, and materials that constitute attorney work product or attorney-client privileged communications (including Confidential Information) provided that such outside counsel shall not disclose the Confidential Information to any person or entity other than their clients except pursuant to a court order or to agreement with the Party that originally produced the Confidential Information. The Clerk may return to counsel or destroy any sealed material.

10. The production of any document or other discovery material by the Parties or non-parties pursuant to this Order shall be without prejudice to any claim that any material is Confidential Information, and the Parties or non-Parties shall not be held to have waived any rights under this Order solely by production, assuming that the Parties or non-Parties have otherwise acted reasonably and timely to designate such discovery material as Confidential



Information. Any document or other discovery material turned over to a Party with respect to which a claim of confidentiality is subsequently made shall be treated as Confidential Information under this Order as soon as the claim of confidentiality is communicated. Furthermore, no Party shall be liable for any disclosure made in accordance with this Order prior to a designation of confidentiality, provided that disclosures subsequent to a designation of confidentiality shall be limited in accordance with this Order.

11. This Order shall be without prejudice to the right of any Party to bring before the Court by an appropriate motion the question of (a) whether any particular material is or is not confidential or (b) whether any particular material is or is not relevant to any issue in this case, provided the Party has complied with the procedures set forth herein. The party making a designation of "CONFIDENTIAL" shall bear the burden of establishing that the document(s) or material(s) in question is (are) entitled to protection under Fed. R. Civ. P. 26(c). No Party, by entering into this Order, concedes that any document, testimony, or other material classified by any other Party as Confidential Information or any documents, transcripts, or other material reflecting claimed Confidential Information, does in fact contain or reflect proprietary or confidential client or other business information.

12. If at any time a Party objects to a designation of document(s), testimony, or other material(s) as Confidential Information under this Order, the objecting Party shall so notify the producing Party or non-party in writing, with a copy to all Parties. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. If the Parties are unable to resolve the objection, any Party and/or non-party may move the Court to do so. The confidential status of the information shall be maintained until a final ruling is made upon the application.



13. Nothing contained in this Order shall be construed to (i) restrict the use or disclosure of Confidential Information by the Party that originally produced that information; provided, however, that such use or disclosure could affect the confidential nature and status of that information ; (ii) prevent any Party from interposing an objection to a request for discovery or asserting any claims or defenses; or (iii) prevent any Party from disclosing Confidential Information to the requesting party or to its officers, directors, agents or employees. Nothing contained in this Order requires or obligates any Party or non-party to produce any documents or information in this action or any other proceeding.

14. The Parties hereto reserve all rights to apply to the Court for an order (i) modifying this Order; (ii) seeking further protection against discovery or other use of Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information; (iii) raising issues relating to the use of protected material covered by this Protective Order at any proceeding, hearing or trial; and (iv) seeking further production, discovery, disclosure, or use of claimed Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information.

15. Each Party shall be responsible, through counsel, for advising the producing Party of any losses or compromises of the confidentiality of information or documents governed by this Protective Order of which it becomes aware. In the event any Party subject to this Protective Order is subpoenaed in another action or is served with a demand in another action (the "Recipient"), and the subpoena or demand seeks material which has been designated as Confidential Information by a Party or non-party other than the Recipient, the Recipient shall give prompt written notice of the subpoena or demand to all other Parties. Any such notice shall provide a copy of the subpoena or demand and, as practicable under the circumstances, shall be

reasonably calculated to provide the Party or non-party that produced the material adequate opportunity to object to or oppose production of the material.

16.  In the event that any Confidential Information is used in any court proceeding, said Confidential Information shall not lose its status as Confidential Information through such use; provided, however, that the Party attempting to use such Confidential Information has sought and obtained from the court appropriate protections for the Confidential Information that will preserve its confidentiality. Any Party may apply for an order that the evidence be received *in camera* or for other protection to prevent unnecessary disclosure.

17.  If the Court does not enter this Agreement as an Order of the Court, all terms of this Agreement shall nonetheless be effective and enforceable between the Parties. Further, until such time as this Agreement has been "So Ordered" by the Court, the Parties agree that upon execution by the Parties, it will be treated as though it had been "So Ordered."

18.  Notwithstanding anything else stated herein, any inadvertent production of information that a Party or non-party later claims, within a reasonable time following the production of such information, should not have been produced because of a privilege, including without limitation the attorney-client privilege or the work-product doctrine, will not be deemed to waive any privilege or to estop any later claim of privilege as to the information or related materials, provided that, upon discovery of the production of such information, the Party or non-party asserting privilege promptly notifies any Part that received the information about the claim of privilege and the basis for it. Within ten (10) business days thereafter, any Party that receives such a notice must certify the following: (a) it has taken reasonable steps to return or destroy the specified information and any copies that it has (provided, however, that if the receiving party intends to raise the privilege issue with the court, it may retain and use one copy of the

10

information solely for this purpose); (b) it will not further use or disclose the information until the claim of privilege is resolved; (c) it will consent to a motion by the Party or non-party asserting the privilege to seal court files containing the information until the claim of privilege is resolved; and (d) it has taken reasonable steps (i) to notify any person who it knows has received such specified information (including without limitation, persons described in Section 5 above) of the assertion of privilege by the Party or non-party regarding such information and (ii) to request that such persons not further use or disclose the information until the claim of privilege is resolved. After this certification has been made, the receiving party may promptly present the information to the Court under seal for a determination of the privilege claim; provided, however, that the producing party or non-party shall have the burden to establish the privilege status of the information.

19.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original hereof, and all of which together shall constitute one and the same instrument. This Agreement may be modified, amended or supplemented by written agreement of the parties or by order of the court upon motion by any party.

AGREED TO BY:

_____  10/24/07
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, Rhode Island 02903
(401) 351-7700 (telephone)
(401) 331-6095 (facsimile)
*Counsel for Plaintiffs*

_____
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200 (telephone)
(401) 276-6611 (facsimile)
*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*

_____
Richard A. Hibey (Appearing *Pro Hac Vice*)
Mark J. Rochon (Appearing *Pro Hac Vice*)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)
*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*


SO ORDERED this 30th day of Oct., 2007:

                          _____
                          Ronald R. Lagueux
Sr. U.S.D. JUDGE

12

**Attachment A**

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the Parties or non-parties in the case of <u>The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.</u> in the United States District Court for the District of Rhode Island ("Lawsuit") and that this information is subject to the terms of a Protective Order. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order.

I certify that I have read the Protective Order, and I agree not to disclose any Confidential Information that is produced subject to or is otherwise covered by the Protective Order (which includes any notes or other record that I make of such material) to any person not entitled to receive disclosure of such Confidential Information under the provisions of such Protective Order. I agree to use any Confidential Information solely for the purposes appropriate to my participation in connection with the Lawsuit. I agree to abide by the Protective Order in every respect.

I understand that I am to retain all copies of any of the information that I receive that has been designated as "Confidential" information, in a secure place in a manner consistent with the Protective Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, after which time the copies are to be returned or destroyed as set forth in the Protective Order. I acknowledge that the destruction of those documents will not relieve me from any of the continuing obligations imposed on me by the Protective Order.

_____        _____
Signature                                             Date
Print Name: