# EXHIBIT F

# The American Presidency Project

John T. Woolley & Gerhard Peters • University of California at Santa Barbara        americanpresidency.org

• **William J. Clinton**

**Executive Order 12947—Prohibiting Transactions With Terrorists Who Threaten To Disrupt the Middle East Peace Process**

*January 23rd, 1995*

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 et seq.), and section 301 of title 3, United States Code,

I, William J. Clinton, President of the United States of America, find that grave acts of violence committed by foreign terrorists that disrupt the Middle East peace process constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and hereby declare a national emergency to deal with that threat.

I hereby order:

Section 1. Except to the extent provided in section 203(b) (3) and (4) of IEEPA (50 U.S.C. 1702(b) (3) and (4)) and in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date: (a) all property and interests in property of:

(i) the persons listed in the Annex to this order;

(ii) foreign persons designated by the Secretary of State, in coordination with the Secretary of the Treasury and the Attorney General, because they are found:

(A) to have committed, or to pose a significant risk of committing, acts of violence that have the purpose or effect of disrupting the Middle East peace process, or

(B) to assist in, sponsor, or provide financial, material, or technological support for, or services in support of, such acts of violence; and

(iii) persons determined by the Secretary of the Treasury, in coordination with the Secretary of State and the Attorney General, to be owned or controlled by, or to act for or on behalf of, any of the foregoing persons, that are in the United States, that hereafter come within the United States, or that hereafter come within the possession or control of United States persons, are blocked;

(b) any transaction or dealing by United States persons or within the United States in property or interests in property of the persons designated in or pursuant to this order is prohibited, including the making or receiving of any contribution of funds, goods, or services to or for the benefit of such persons; (c) any transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions set forth in this order, is prohibited.

Sec. 2. For the purposes of this order: (a) the term "person" means an individual or entity; (b) the term "entity" means a partnership, association, corporation, or other organization, group, or subgroup; (c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States (including foreign branches), or any person in the United States; and (d) the term "foreign person" means any citizen or national of a foreign state (including any such individual who is also a citizen or national of the United States) or any entity not organized solely under the laws of the United States or existing solely in the United States, but does not include a foreign state.

Sec. 3. I hereby determine that the making of donations of the type specified in section 203(b)(2)(A) of IEEPA (50 U.S.C. 1702(b)(2)(A)) by United States persons to persons designated in or pursuant to this order would seriously impair my ability to deal with the national emergency declared in this order, and hereby prohibit such donations as provided by section 1 of this order.

Sec. 4. (a) The Secretary of the Treasury, in consultation with the Secretary of State and, as appropriate, the Attorney General, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to me by IEEPA as may be necessary to carry out the purposes of this order. The Secretary of the

Treasury may redelegate any of these functions to other officers and agencies of the United States Government. All agencies of the United States Government are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order. (b) Any investigation emanating from a possible violation of this order, or of any license, order, or regulation issued pursuant to this order, shall first be coordinated with the Federal Bureau of Investigation (FBI), and any matter involving evidence of a criminal violation shall be referred to the FBI for further investigation. The FBI shall timely notify the Department of the Treasury of any action it takes on such referrals.

Sec. 5. Nothing contained in this order shall create any right or benefit, substantive or procedural, enforceable by any party against the United States, its agencies or instrumentalities, its officers or employees, or any other person.

Sec. 6. (a) This order is effective at 12:01 a.m., eastern standard time on January 24, 1995. (b) This order shall be transmitted to the Congress and published in the Federal Register.

William J. Clinton
The White House,
January 23, 1995.

[Filed with the Office of the Federal Register, 10:10 a.m., January 24, 1995]

**Citation:** John T. Woolley and Gerhard Peters, *The American Presidency Project* [online]. Santa Barbara, CA: University of California (hosted), Gerhard Peters (database). Available from World Wide Web: (http://www.presidency.ucsb.edu/ws/?pid=51612).