1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF RHODE ISLAND

 3
 4
           * * * * * * * * * * * * * *     C.A. NO. 00-105L
 5                                     *
           EFRAT UNGAR, by and through  *
 6         the Administrator of his     *
           Estate, David Strachman,     *
 7         et al                        *
                                        *
 8                VS.                   *     SEPTEMBER 23, 2004
                                        *     10:00 A.M.
 9         THE PALESTINIAN LIBERATION   *
           ORGANIZATION, et al          *
10                                      *
           * * * * * * * * * * * * * *     PROVIDENCE, RI
11

12              BEFORE THE HONORABLE RONALD R. LAGUEUX,

13                          SENIOR DISTRICT JUDGE

14                     (Motion for Stay Pending Appeal)
15
                                E X C E R P T
16

17        APPEARANCES:

18        FOR THE PLAINTIFFS:     DAVID J. STRACHMAN, ESQ.
                                  McIntyre, Tate, Lynch & Holt
19                                321 South Main Street
                                  Providence, RI   02903
20
          FOR THE DEFENDANTS:     DEMING E. SHERMAN, ESQ.
21                                Edwards & Angell
                                  2800 Financial Plaza
22                                Providence, RI   02903

23        Court Reporter:         Karen M. Zinni, RPR-RMR-CRR
```

```
                                    One Exchange Terrace
24                                  Providence, RI  02903

25      Proceeding reported and produced by computer-aided

                             stenography
```

2

```
 1      23 SEPTEMBER 2004 -- 10:00 A.M.

 2      BEGINNING OF EXCERPT

 3              THE COURT:  All right.  The Defendants argue

 4      essentially that the Court has discretion in granting a

 5      stay in these circumstances and rely on cases, however,

 6      that do not have a monetary judgment and rely on the

 7      four-part test that's used for preliminary injunctions.

 8              The Plaintiffs counter by saying that the First

 9      Circuit law is clear on the subject, and it is, that in

10      a case involving a monetary judgment, the only way that

11      a defendant can get a stay is to file a supersedeas

12      bond, and the Court can reduce the bond below the

13      judgment amount in exceptional circumstances.
```

```
14            In this case, starting with the reverse,
15       assuming the four-part tests apply, there is absolutely
16       no reasonable possibility that the Defendants will get
17       a reversal on appeal.  This Court has ruled, I think at
18       least three times, that the Defendants do not have
19       sovereign immunity, that they are not a foreign
20       sovereign state under the applicable statutes; and
21       that's been confirmed by the conduct of officials of
22       the Defendants, not only in this case but in other
23       cases where they admit that they are not a sovereign
24       state.
25            So that issue is clear, and the Court of Appeals
                                                              3
 1       indicated as much but sent the case back after an
 2       interlocutory appeal so that the Court could consider a
 3       12(b)(1) motion by the Defendant; and the Court did
 4       consider that 12(b)(1) motion and ruled extensively
 5       that there is no sovereign immunity in this case. So I
 6       feel confident in saying that the chances of
```

23      of the case that somehow they shouldn't be liable for

24      the actions of the Hamas in this dreadful killing. If

25      that's the position they take, they should have

      4

1      defended this case on the merits.  They are defending

2      other cases of a similar nature on the merits.

3           So the Defendants have only themselves to blame

4      for the position they're now in, and I can't imagine

5      that the First Circuit Court of Appeals would say at

6      this point even though you don't have sovereign

7      immunity, you should have an opportunity to defend this

8      case on the merits.  That's been waived a long time

9      ago, and that's really the only argument that the

10     Defendants have at the appellate level.  A number of

11     Courts have ruled the same way.

12           However, I do have some discretion in the

reversal

7     on appeal are between slim and none.

8          In any event, it seems to me that the Defendants

9     kept changing their position on this matter, and there

10    is some disingenuous conduct here and some attempts to

11    delay the ultimate resolution of this case.  This has

12    been true throughout.

13         I advised these Defendants a long time ago that

14    the proper way to raise the defense of sovereign

15    immunity was to file an Answer and to raise the

16    affirmative defense of sovereign immunity and then I

17    would have a hearing on that matter.  I would stay

18    discovery until that matter was resolved.

19         Mr. Clark came into court and said unequivocally

20    that Yasser Arafat did not want to file an Answer in

21    this case and did not want to defend this case on the

22    merits.  Then it is disingenuous to hear from that side

```
13     matter; and because of the size of this judgment and
14     the international implications of this judgment, I'm
15     going to require a supersedeas bond in the amount of
16     $50 million.  That's less than half the judgment.
17             So my order specifically is that there will be a
18     stay for one week until September 30th, 2004, at
19     12 noon.  If the Defendants file a supersedeas bond of
20     $50 million approved by the Court, the stay will
21     continue in effect.  If the Defendants do not, the stay
22     ends at 12 noon September 30, 2004.
23             Are there any questions?
24             MR. SHERMAN:  No, your Honor.
25             THE COURT:  That's the order of the Court.
```

5

```
1      Prepare an order, Mr. Strachman.
2              MR. STRACHMAN:  Thank you.
```

```
 3              (Adjourned)

 4
 5                         * * * * * * *

 6

 7                    C E R T I F I C A T I O N

 8

 9

10              I, Karen M. Zinni, RPR-RMR-CRR, do hereby

11    certify that the foregoing pages are a true and

12    accurate transcription of my stenographic notes in the

13    above-entitled case.

14

15

16

17

18                    Karen M. Zinni, RPR-RMR-CRR

19

20

21

22

23
      _____

24                    Date
25
```