**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**THE ESTATE OF YARON UNGAR, et al.**

**v.** **No. 00 - 105L-DLM**

**THE PALESTINIAN AUTHORITY, et al.**

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE REPLY AND TO CONTINUE HEARING DATE**

## Introduction

As fully detailed below, defendants' Motion for Extension of Time to File Reply and to Continue Hearing Date should be denied because:

(1) The motion is bald, vague, presents no cognizable grounds for an extension, and is simply a retread of numerous similar dilatory motions made by these defendants in the underlying proceedings;

(2) Defendants' have sought to stay enforcement of the Ungars' judgment in Israel pending the disposition of their Rule 60(b) motion; defendants' motion to now delay disposition of the Rule 60(b) motion is therefore made in bad-faith and to prejudice the Ungars by preventing them from enforcing their judgment;

(3) The motion appears to be intended to manipulate the timing of this Court's disposition of the Rule 60(b) motion, until after the disposition of similar motions filed by defendants in other federal courts.

## ARGUMENT

### 1. Defendants Have Failed to Articulate Any Grounds for an Enlargement

Defendants claim they need an extension to file their reply "given the extensive nature of Plaintiffs' filing and the significant interests at stake in this motion." Defs' Memo at 1-2.

Aside from that solitary sentence, defendants' motion presents no other grounds for an enlargement. Defendants' "grounds" should be rejected for several reasons:

***First***, defendants' claim is anemic and entirely bald and vague. Defendants have not identified any ***specific*** argument or exhibit presented by the Ungars to which they cannot timely respond. Little wonder: all the arguments asserted by the Ungars should have been and likely were anticipated by the defendants, and all the exhibits submitted by them were either already in the record in this case or are materials in the public record virtually all of which relate to the activities of the defendants themselves and their officers. Nothing in the Ungars' opposition papers could possibly have surprised the defendants, and indeed, the defendants do not even claim any such surprise.

***Second***, the two law firms representing the defendants have many hundreds of attorneys on staff and they can easily complete and file the reply timely, if the Court requires them to do so. **Defendants' thus seek an enlargement not out of <u>need</u> but for their own <u>convenience</u>.** Given defendants' history of dilatory conduct in this proceeding, they are not entitled to such consideration, and it is astonishing that they would have the nerve to seek it.

***Third,*** as discussed at length in the Ungars' opposition memo, defendants strategically waited for three and a half years to file their Rule 60(b) motion – and purposely delayed filing

that motion since at least August 2007, specifically in order to lobby the State Department to file a statement of interest.

After finally getting around to filing their motion at the time of ***their*** choosing, defendants surely are – and must be presumed to be – ready and able to litigate their motion in a timely fashion. Defendants picked this fight when it was convenient for them and they should not be heard to argue now that they are unprepared.

Defendants' complaint about the length of the Ungars' memo (60 pages) and the number of exhibits attached thereto is equally frivolous. Defendants' own motion papers are 49 pages, and contain numerous exhibits. Defendants should have assumed – and surely did so – that the Ungars would file equally hefty opposition papers.

***Fourth***, defendants misconstrue the nature of a reply brief in this federal district. Under the Local Rules of this Court, a reply brief "shall consist **only** of a response to an objection and **shall not** present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion." L.R.Cv. 7(b)(2) (emphasis added).

Thus, defendants are permitted neither to raise new arguments nor to rehash what they argued previously – they may only reply to the specific points argued by the Ungars. Given this limitation, it is simply fantastic to argue, as defendants baldly do, that they need more time to complete their reply.

***Fifth***, despite the sharp restrictions on the contents of a reply under the Local Rules – which necessarily render replies in this federal district short and succinct – the Local Rules provide a very generous **ten** business days (plus three service days) to file a reply. *Id*. In the District of Columbia, by contrast, replies must be filed within a mere **five** business days. *See* D.D.C. L.Cv.R. 7(d).

Thus, under the liberal schedule provided by the Local Rules of this Court, defendants have **a full 19 calendar days** – until February 25, 2008 – to prepare and file their reply. Defendants have not shown – because they cannot – that they are unable to file a reply within this generous period of time, and their motion should therefore be denied.[1]

**2. Defendants' Motion Is Made in Bad-Faith and Will Prejudice the Ungars Because Defendants Have Moved to Stay the Ungars' Enforcement Proceedings in Israel Pending the Disposition of the Rule 60(b) Motion**

Because defendants refused to honor the judgment of this Court, the Ungars were compelled to initiate proceedings to domesticate the judgment in Israel, where defendants have certain assets. True to form, defendants have done all in their power to stall and complicate the Israeli domestication proceeding, repeatedly moving for stays and systematically missing deadlines.

The Israeli court eventually held a trial in the domestication proceeding in early 2007, and post-trial briefing was completed in the summer of 2007.

In August 2007, the defendants filed a motion in the Israeli court seeking to stay entry of a final judgment in the Israeli domestication proceeding, until after disposition of their Rule 60(b) motion. The motion to stay and a translation thereof are attached as Exhibits AA and BB to the Ungars' memorandum in opposition to the Rule 60(b) motion.

Defendants' motion to stay the Israeli enforcement proceeding is still pending, and the Ungars have been advised by their counsel in Israel that the Israeli court is likely to refrain

[1] While plaintiffs believe that defendants neither require nor are entitled to any extension whatsoever, plaintiffs have no objection to defendants filing their reply by close of business on February 26, **provided that the hearing scheduled for February 27 is not disturbed** and provided, of course, that the Court itself does not object.

from issuing its final judgment in the domestication proceeding until defendants' pending Rule 60(b) motion is disposed of.

Thus, defendants' request to delay resolution of their Rule 60(b) motion is made in blatant bad-faith and if granted will harm the Ungars, since defendants have moved to stay the enforcement of the judgment in Israel pending disposition of the Rule 60(b) motion.

**3. Defendants Are Apparently Seeking to Manipulate the Timing of the Disposition of Their Rule 60(b) Motion in This Court, in Order to Benefit Their Motions in Other Courts**

In the memorandum filed in support of their Rule 60(b) motion, defendants openly admit that they purposely delayed filing their Rule 60(b) motion in this Court, until after they had filed motions to vacate default and default judgment in other cases. Defs' Rule 60(b) Memo at 1-2.

Defendants' aim in filing their Rule 60(b) motion in this Court ***last*** seems clear: defendants recognize that their chances of vacating the judgment in this case are low to none, and that an adverse decision in this case might harm their chances of vacating default or default judgment in other cases. Accordingly, defendants filed their motion in this Court only after filing motions to vacate default and default judgment in the other cases, anticipating that the motions would be resolved in the order that they were filed.

In the event, however, defendants' plan did not work out, and their motions in the other courts all remain pending.

Defendants' motion for an enlargement and to push off the hearing on their Rule 60(b) motion thus appears to be intended to manipulate a delay in the resolution of their Rule 60(b) motion in this case, in order to benefit their motions in the other cases.

WHEREFORE, defendants' motion should be denied.

Plaintiffs, by their Attorney,

/S/ David J. Strachman
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on February 21, 2008 I served this objection via ECF to the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/S/ David J. Strachman