UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors

    v.                 C.A. No. 00 - 105L-DLM

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors

**PLAINTIFFS – JUDGMENT CREDITORS' MOTION**
**FOR LEAVE TO FILE A SURREPLY**

For the reasons set forth in the attached memorandum, plaintiffs/judgment creditors respectfully move for an Order

(1) Granting them leave to file the Surreply attached hereto;

(2) Granting any other relief the Court finds just, necessary or appropriate.

        Plaintiffs, by their Attorney,

        /S/ David J. Strachman
        David J. Strachman  #4404
        McIntyre, Tate & Lynch LLP
        321 South Main Street, Suite 400
        Providence, RI 02903
        (401) 351-7700
        (401) 331-6095 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

v.     C.A. No. 00 - 105L-DLM

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors

**MEMORANDUM IN SUPPORT OF PLAINTIFFS – JUDGMENT CREDITORS'
MOTION FOR LEAVE TO FILE A SURREPLY**

      For the reasons set forth below, plaintiffs/judgment creditors ("Ungars") respectfully request leave to file the attached Surreply, which responds to several issues raised in defendants' Reply in further support of their Rule 60(b) motion:

      1.    Defendants' Reply argues heatedly and at length that the Ungars have failed to identify any possible motive the defendants could have to support Hamas' terrorist activities, when the Ungars asserted in their suit against Iran that Hamas intended those activities to disrupt political negotiations between the PA/PLO and Israel. Therefore, claim defendants, the allegations made in the Iran suit contradict the allegations in this action and so exculpate the defendants. Reply at 12-15. Because it is a Rule 60(b) movant's burden to show a "meritorious defense" (and not plaintiffs' burden to show the absence of a "meritorious defense"), the Ungars are hesitant to even respond to this argument.

2

However, in order that the record be complete, and lest their silence be misconstrued as agreement, the Ungars wish to address the question of defendants' motive in supporting Hamas. As shown in Section A of the Surreply, there is a solid consensus among the leading academic and governmental authorities on Palestinian terrorism – as well as testimony from actual PA/PLO terrorists – that the PA and PLO view terrorism as *complementing* political negotiations, and increasing their bargaining power.

In other words, Section A of the Surreply shows that the PA and PLO believe that terrorism is *beneficial* to their political negotiations with Israel and so employ a sophisticated strategy of both "talking and shooting," and that Hamas' own particular goals in carrying out terrorist attacks are therefore completely irrelevant to the goals and motives of the PA and PLO.

Accordingly, as Section A demonstrates, there is no contradiction at all between the allegations made by the Ungars in the instant case and the allegations made by them in the suit against Iran, and defendants' attempt to base a meritorious defense on such a contradiction fails.

Given the enormous emphasis defendants place on this issue in their Reply (and notwithstanding their baseless attempt to shift their burden of proof), the Ungars should be permitted to complete the record on this issue.

2.    Defendants have submitted with their Reply the recent letter from the Department of Justice to U.S. District Judge Victor Marrero in the *Knox v. PLO* case, and argue in their Reply that the letter supports their request for Rule 60(b) relief. *Id*. at 28-29.

Since the letter to Judge Marrero was sent subsequent to defendants' opening brief and the filing of the Ungars' opposition, the Ungars should be given an opportunity to respond to these new arguments, which they do in Section B of the Surreply.

3. Defendants' Reply asserts that the video admissions of former PA official Mohammed Dahlan (submitted by plaintiffs as part of Ex. J to their Opposition) regarding defendants' provision of material support and resources to Hamas are irrelevant to this case, because they relate to "the Intifada, which began in 2000" and not to "the period at issue" in this case, i.e. 1994-1996. Reply at 23.

As shown in Section C of the Surreply, this claim is a brazen attempt to mislead the Court. Not only do Dahlan's admissions relate to the 1994-1996 period, but Dahlan admits to having aided and abetted a Hamas terrorist who murdered an American woman in 1995.

The Ungars should be permitted to demonstrate that defendants are seeking to deceive the Court about this issue.

4. Defendants' Reply disputes the Ungars' claim in their opposition that responsive documents located in the Gaza Strip have been lost since defendants were expelled from Gaza in 2007, by arguing that "Hamas, the supposed possessor of the documents" would in any case not have produced them at the request of the PA "had the PA . . . requested them prior to the default." Reply at 33.

As shown in Section D of the Surreply, this too is an attempt to mislead the Court, since the documents at issue were those in the possession of the defendants themselves (prior to the Hamas takeover). The Ungars respectfully request the opportunity to show that defendants are grossly misrepresenting their argument.

5. Defendants' Reply claims that the Ungars have "abandoned" their original theory of liability and adopted a "newly-minted theory of liability" in their opposition to defendants' Rule 60(b) motion. Reply at 16. The Ungars respectfully request the opportunity to show, as they do in Section E of the Surreply, that this claim is completely baseless.

In light of all the above, as well as the very substantial issues at stake in the instant motion, and in order to ensure that the motion is disposed of on the basis of a full and accurate record, the Ungars' respectfully request leave to file the attached Surreply.

WHEREFORE, the motion should be granted.

                              Plaintiffs, by their Attorney,

                              /S/ David J. Strachman
                              David J. Strachman  #4404
                              McIntyre, Tate & Lynch LLP
                              321 South Main Street, Suite 400
                              Providence, RI 02903
                              (401) 351-7700
                              (401) 331-6095 (fax)

## CERTIFICATION

I hereby certify that on March 13, 2008 this motion, memorandum, proposed order, surreply and exhibits were served via ECF to the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701

                              /S/ David J. Strachman