UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) | C.A. No. 00-105L |

## MOTION FOR AN ORDER CLARIFYING APPLICATION OF INJUNCTION

Defendants Palestinian Authority and Palestine Liberation Organization ("PA" and "PLO," respectively) hereby move this Court for an Order that the Court's extant Injunction in this case, dated May 5, 2005, does not apply to the anticipated wire payment by the PA to the judgment creditor in *Bucheit v. PLO,* No. 00-cv-1455 (D.D.C.) (*Bucheit*). In support of this Motion, Defendants state the following:

1. As has been noticed to the Court in a filing from Plaintiffs in the instant case, the PA and PLO have an outstanding judgment against them in *Bucheit*. See Docket 422. In *Bucheit,* after full litigation of a trial on the merits, the plaintiffs were awarded a judgment of $1,531,053.34. That judgment was affirmed on appeal. *Bucheit v. Palestine Liberation Organization,* 388 F.3d 346 (D.C. Cir. 2004).

2. Defendants recently informed this Court that they had reached an agreement in principle with Plaintiff's counsel in *Bucheit* to satisfy this judgment. See Letter dated March 19, 2008 (attached as Exhibit A). In order to effectuate this agreement, payment thereon must be made. Any such payment would be by wire transfer from outside the

United States to the accounts designated by Plaintiff's counsel in *Bucheit*, with those recipient accounts being located within the United States.

3. This Court's injunction prohibits transfer of PA or PLO assets located within the United States. See Docket 322 (copy of Injunction attached as Exhibit B). As such, the Injunction ought not impede the anticipated wire transfer. Nonetheless, out of an abundance of caution, Defendants want to ensure that any such wire transfer is not interdicted, such that the *Bucheit* plaintiff may receive the agreed-upon payment in satisfaction of judgment.

4. In order to ensure that the payment reaches the *Bucheit* plaintiff, Defendants ask the Court to enter the attached proposed Order, making clear that the Injunction shall not be applied to stop or otherwise interdict the anticipated payment.

WHEREFORE, Defendants ask that this Motion be granted.

Respectfully Submitted,

Dated March 24, 2008

/s/ Richard A. Hibey
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
rhibey@milchev.com

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza

824136.1

Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*

824136.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24th day of March 2008, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

**Raymond A. Marcaccio**
ram@om-rilaw.com

**James R. Oswald**
joswald@apslaw.com

**Karen Ann Pelczarski**
kap@blishcavlaw.com

**David J. Strachman**
djs@mtlhlaw.com

and mailed to the following counsel of record:
Robert A. Alessi, Esq.
Mary McCann, Esq.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005-1702

/s/ Richard A. Hibey

824136.1