UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE ESTATE OF YARON UNGAR, et al., Plaintiffs, | ) | |
| v. | ) | C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al., Defendants. | ) | |

**MOTION FOR AN ORDER CLARIFYING APPLICATION OF INJUNCTION**

Defendants Palestinian Authority and Palestine Liberation Organization ("PA" and "PLO," respectively) hereby move this Court for an Order that the Court's extant Injunction in this case, dated May 5, 2005, does not apply to the anticipated wire payment by the PA to the judgment creditor in *Bucheit v. PLO,* No. 00-cv-1455 (D.D.C.) (*Bucheit*). In support of this Motion, Defendants state the following:

1. As has been noticed to the Court in a filing from Plaintiffs in the instant case, the PA and PLO have an outstanding judgment against them in *Bucheit*. See Docket 422. In *Bucheit,* after full litigation of a trial on the merits, the plaintiffs were awarded a judgment of $1,531,053.34. That judgment was affirmed on appeal. *Bucheit v. Palestine Liberation Organization*, 388 F.3d 346 (D.C. Cir. 2004).

2. Defendants recently informed this Court that they had reached an agreement in principle with Plaintiff's counsel in *Bucheit* to satisfy this judgment. See Letter dated March 19, 2008 (attached as Exhibit A). In order to effectuate this agreement, payment thereon must be made. Any such payment would be by wire transfer from outside the

United States to the accounts designated by Plaintiff's counsel in *Bucheit*, with those recipient accounts being located within the United States.

3. This Court's injunction prohibits transfer of PA or PLO assets located within the United States. See Docket 322 (copy of Injunction attached as Exhibit B). As such, the Injunction ought not impede the anticipated wire transfer. Nonetheless, out of an abundance of caution, Defendants want to ensure that any such wire transfer is not interdicted, such that the *Bucheit* plaintiff may receive the agreed-upon payment in satisfaction of judgment.

4. In order to ensure that the payment reaches the *Bucheit* plaintiff, Defendants ask the Court to enter the attached proposed Order, making clear that the Injunction shall not be applied to stop or otherwise interdict the anticipated payment.

WHEREFORE, Defendants ask that this Motion be granted.

Respectfully Submitted,

Dated March 24, 2008

/s/ Richard A. Hibey
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
rhibey@milchev.com

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza

Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 24th day of March 2008, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

**Raymond A. Marcaccio**
ram@om-rilaw.com

**James R. Oswald**
joswald@apslaw.com

**Karen Ann Pelczarski**
kap@blishcavlaw.com

**David J. Strachman**
djs@mtlhlaw.com

and mailed to the following counsel of record:
Robert A. Alessi, Esq.
Mary McCann, Esq.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY 10005-1702

/s/ Richard A. Hibey

# EXHIBIT A

MILLER
CHEVALIER

RICHARD A. HIBEY
MEMBER
(202) 626-5888
rhibey@milchev.com

March 19, 2008

***Via Facsimile***
The Honorable Ronald R. Lagueux
Senior United States District Judge
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: *Estate of Yaron Ungar v. The Palestinian Authority,* C.A. No. 00-105L

Dear Judge Lagueux:

Plaintiffs previously notified the Court of an outstanding judgment against the Palestinian Authority ("PA") and PLO in the matter of *Bucheit v. PLO*, No. 00-1455 (GK) (D.D.C.). Michael Selter, Bucheit's counsel in the PLO litigation, first contacted me regarding the outstanding judgment on February 19, 2008. The PA and PLO engaged Miller & Chevalier in late April 2007 to represent them in Anti-Terrorism Act and Alien Tort Claims Act litigation pending against them in the United States. Thus, as I informed Mr. Selter when he first called, Miller & Chevalier did not represent the PA nor PLO in the Bucheit commercial litigation matter. After Mr. Selter's phone call, I followed up with our clients. Because Mr. Maher Hanania, who formerly represented the PA and PLO in the Bucheit matter, is apparently no longer practicing in the United States, Miller & Chevalier sought and received authorization from the PA and PLO to act on their behalf in connection with this matter.

On March 17, 2008, the parties in the *Bucheit v. PLO* case reached an agreement in principle to fully and finally resolve the matter according to an agreed time frame. Upon receipt of payment, Mr. Selter will file a satisfaction of judgment in the *Bucheit v. PLO* case. Mr. Selter has reviewed the contents of this letter and has indicated he does not object to characterizing the parties as having reached an agreement in principle.

Respectfully submitted,

Richard A. Hibey / gf

Richard A. Hibey

cc: David J. Strachman, Esq. (via facsimile)
Deming E. Sherman, Esq. (via facsimile)
Michael H. Selter, Esq. (via facsimile)

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**INJUNCTION**

Upon consideration of Plaintiffs' Motion For An *Ex Parte* Restraining Order And A Temporary Injunction, and the verified memorandum and exhibits in support thereof, and following the hearing held by this Court on May 5, 2005, the Court finds that an Injunction should be granted for the following reasons:

(i) Plaintiffs have presented evidence that Defendants do not intend to honor the judgment of the Court in this action, that Defendants have recently liquidated assets comprising a significant part of their overall investment portfolio, and that persons holding Defendants' assets in the United States are in the process of returning those assets to Defendants.

(ii) Defendants are foreign entities and the dissipation of their U.S.-based assets is liable to render satisfaction of the judgment entered by this Court impossible. That judgment is intended to compensate Plaintiffs for the murder of their decedent, and Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

**WHEREFORE IT IS HEREBY ORDERED AND DECREED THAT:**

1. The Palestinian Authority and The Palestine Liberation Organization and their officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them, are hereby prohibited, restrained and enjoined from withdrawing,

322

selling, transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and/or The Palestine Liberation Organization however titled (including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate) located within the jurisdiction of the United States or of any State thereof.

2. Notwithstanding the provisions of paragraph 1, Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose as of ~~the date of this Order ("office accounts"). Defendants are prohibited from replenishing or~~ crediting the office accounts except by transfer of funds originating from without the United States.

3. This Injunction shall remain in force until ~~and through July 5, 2005~~. further order of the Court RRL

**SO ORDERED.**

May 5, 2005

Ronald R. Lagueux
Senior Judge Ronald R. Lagueux
United States District Court
5/5/05

Attest to True Copy
DAVID A. DIMARZIO
By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**ORDER**

The Restraining Order issued by this Court on April 19, 2005 ("Restraining Order") and the Injunction issued by this Court on May 5, 2005 ("Injunction") are hereby amended *nunc pro tunc* as follows:

1. At the end of Paragraph 2 of the Restraining Order and the Injunction, the following clarificatory language is added:

> **Nothing in this paragraph shall limit or restrict Plaintiffs from conducting any collection, attachment, enforcement or turnover proceedings against any funds or deposits in the office accounts, or shield any funds or deposits in the office accounts from such proceedings.**

2. Following Paragraph 3 of the Restraining Order and the Injunction, the following clarificatory Paragraph 4 is added:

> **4. Nothing herein shall enjoin, restrain or otherwise prevent any person or entity from turning over or transferring to any of the Plaintiffs any assets or property in which either Defendant has an interest.**

SO ORDERED

Date: 8/3/, 2005

Ronald R. Lagueux
Senior Judge Ronald R. Lagueux
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE ESTATE OF YARON UNGAR, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al., | ) | |
| Defendants. | ) | |

**(PROPOSED) ORDER**

Upon Defendants Motion' for Clarification of The Court's Injunction Dated May 5, 2005, it is hereby **ORDERED** as follows:

1. Said Injunction (Docket 322) shall not be interpreted to permit interference or interdiction with the Palestinian Authority or the Palestine Liberation Organization making an anticipated wire transfer of funds from an account outside the United States to accounts inside the United States in order to satisfy an outstanding judgment in the case of *Bucheit v. Palestine Liberatin Organization,* No. 00-1455 (D.D.C.) ("*Bucheit").* Such payment shall be made to the accounts designated by Plaintiff's counsel in *Bucheit,* Michael H. Selter, Esq., of Manelli, Dennison & Selter P.L.L.C.

2. Defendants shall take necessary efforts to promulgate this Order to any intermediary banks or other financial institutions in aid of effectuating the anticipated wire transfer.

3. The pending Injunction is otherwise not modified or affected by this Order, and shall remain in force until further Order of the Court.

**SO ORDERED.**

____________________

______________________________
Senior Judge Ronald R. Lagueux
United States District Court