# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

    v.                                                                        00 - 105L

THE PALESTINIAN AUTHORITY, et al.

## INJUNCTION

Upon consideration of Plaintiffs' Motion For An *Ex Parte* Restraining Order And A Temporary Injunction, and the verified memorandum and exhibits in support thereof, and following the hearing held by this Court on May 5, 2005, the Court finds that an Injunction should be granted for the following reasons:

(i) Plaintiffs have presented evidence that Defendants do not intend to honor the judgment of the Court in this action, that Defendants have recently liquidated assets comprising a significant part of their overall investment portfolio, and that persons holding Defendants' assets in the United States are in the process of returning those assets to Defendants.

(ii) Defendants are foreign entities and the dissipation of their U.S.-based assets is liable to render satisfaction of the judgment entered by this Court impossible. That judgment is intended to compensate Plaintiffs for the murder of their decedent, and Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

## WHEREFORE IT IS HEREBY ORDERED AND DECREED THAT:

1.     The Palestinian Authority and The Palestine Liberation Organization and their officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them, are hereby prohibited, restrained and enjoined from withdrawing,

1

From:	05/06/2005 10:32 #193 P.003/003

selling, transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and/or The Palestine Liberation Organization however titled (including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate) located within the jurisdiction of the United States or of any State thereof.

2. Notwithstanding the provisions of paragraph 1, Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose as of the date of this Order ("office accounts"). Defendants are prohibited from replenishing or crediting the office accounts except by transfer of funds originating from without the United States.

3. This Injunction shall remain in force until ~~and through July 5, 2005~~ further order of the Court. RRL

SO ORDERED.

May 5, 2005

Senior Judge Ronald R. Lagueux
United States District Court

5/5/05

Attest to True Copy
DAVID A. DiMARCO
By: [signature]
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                00 - 105L

THE PALESTINIAN AUTHORITY, et al.

### ORDER

The Restraining Order issued by this Court on April 19, 2005 ("Restraining Order") and the Injunction issued by this Court on May 5, 2005 ("Injunction") are hereby amended *nunc pro tunc* as follows:

1.  At the end of Paragraph 2 of the Restraining Order and the Injunction, the following clarificatory language is added:

    > Nothing in this paragraph shall limit or restrict Plaintiffs from conducting any collection, attachment, enforcement or turnover proceedings against any funds or deposits in the office accounts, or shield any funds or deposits in the office accounts from such proceedings.

2.  Following Paragraph 3 of the Restraining Order and the Injunction, the following clarificatory Paragraph 4 is added:

    > 4. Nothing herein shall enjoin, restrain or otherwise prevent any person or entity from turning over or transferring to any of the Plaintiffs any assets or property in which either Defendant has an interest.

SO ORDERED

Date: 8/3/, 2005

Senior Judge Ronald R. Lagueux
United States District Court