UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER CLARIFYING APPLICATION OF INJUNCTION**

As anticipated in Plaintiffs – Judgment Creditors' Notice of New Developments Relevant to Defendants' Rule 60(b) Motion (dkt. #422), after "vigorously" fighting enforcement of the final judgment entered some five years ago in the *Bucheit* commercial case the defendants have now suddenly "race[d] to pay the *Bucheit* judgment in a putative attempt to convince this Court that they have turned over a new leaf." *Id*. at 5, fn. 2.

The fact that for nearly five years defendants refused to honor and actively fought enforcement of the *Bucheit* judgment and self-servingly settled only after their conduct was exposed to this Court and other federal courts considering motions to vacate, speaks for itself.[1]

Notably, defendants continue to carefully avoid even the slightest hint of a commitment (which would be worthless in any case) to honor a judgment entered in favor of the Ungars by this Court after trial if their Rule 60(b) motion were granted.

While the Ungars have no objection to payment of the *Bucheit* judgment, defendants' motion to "clarify" this Court's injunction, and the proposed order submitted therewith, appear designed to modify *sub silentio* the terms of the injunction.

[1] Indeed, defendants have now also raced to notify Judge Marrero in the *Knox* case and Judge Kessler in the *Gilmore* matter – both of whom were also informed that defendants were refusing to pay and actively contesting enforcement of the *Bucheit* judgment – that *Bucheit* has been settled.

Defendants state that they are seeking "clarification" of the injunction merely out of an abundance of caution, since – they claim – the injunction permits defendants to wire funds from abroad. Defs' Motion at ¶ 3.

In fact, the injunction permits defendants to transfer funds from abroad only in order to replenish their office accounts. *Id*. at ¶ 2.

Yet, defendants' proposed order states that the injunction "shall not be interpreted to permit interference" with the wire transfer. *Id*. at ¶ 1.

Plaintiffs are concerned that the defendants would misuse such a statement about the proper "interpretation" of the injunction in the future, in an effort to derogate from the scope and effect of the injunction. If their proposed order were issued, defendants might in the future attempt to argue, for example (to this Court or to a third-party garnishee) that this Court had "already interpreted" the injunction as permitting wire transfers from abroad.

Accordingly, the Ungars respectfully request that the Court issue an order in the form attached hereto, which is identical to the proposed order submitted by the defendants except for the first sentence, which makes clear that the *Bucheit* wire transfer is being permitted **notwithstanding** the injunction.

Plaintiffs, by their Attorneys,

S/ David J. Strachman
David J. Strachman #4404
McIntyre, Tate & Lynch
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

CERTIFICATION

I hereby certify that on March 25, 2008 I served this pleading along, with the attached exhibit, via ECF to the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/S/ David J. Strachman

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.

**[PROPOSED]**
**ORDER**

Upon Defendants Motion' for Clarification of The Court's Injunction Dated May 5, 2005, it is hereby **ORDERED** as follows:

1. Notwithstanding the provisions of said Injunction (Docket 322), the Palestinian Authority and the Palestine Liberation Organization shall be and hereby are permitted to make an anticipated wire transfer of funds from an account outside the United States to accounts inside the United States in order to satisfy an outstanding judgment in the case *of Bucheit v. Palestine Liberation Organization,* No. 00-1455 (D.D.C.) ("*Bucheit*"). Such payment shall be made to the accounts designated by Plaintiff's counsel in *Bucheit,* Michael H. Selter, Esq., of Manelli, Dennison & Selter P.L.L.C.

2. Defendants shall take necessary efforts to promulgate this Order to any intermediary banks or other financial institutions in aid of effectuating the anticipated wire transfer.

3. The pending Injunction is otherwise not modified or affected by this Order, and shall remain in force until further Order of the Court.

**SO ORDERED**.

Date:

______________________________
Senior Judge Ronald R. Lagueux
United States District Court