UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                     C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

**PLAINTIFFS – JUDGMENT CREDITORS' NOTICE OF FILING
RELEVANT TO DEFENDANTS' RULE 60(b) MOTION**

Defendants' Rule 60(b)(6) motion to vacate is currently pending before the Court.

The Ungars opposed that motion on the grounds, *inter alia*, that if the judgment were vacated, the assets against which the Ungars have been seeking to enforce the judgment for the past several years would be removed from the United States, thereby rendering collection of any future judgment extremely difficult if not impossible, and so severely prejudicing the Ungars. *See* dkt. #415 at 36-40 (citing numerous cases holding that increased risk of difficulty in enforcing future judgment constitutes "prejudice" for purposes of Rule 60(b)).

In reply, the defendants argued (i) that risk to future collection is not cognizable "prejudice" under the Rule 60(b) standard, (ii) that the Ungars' ability to enforce the judgment would not be at risk, and (iii) that if the Court nonetheless found such a risk it could shield the Ungars from any prejudice by ordering defendants to deposit a bond. *See* dkt. #423 at 30-31.

Defendants have now flatly contradicted all of these arguments in papers filed by them last week in *Knox v. Palestine Liberation Organization et al.*, Civ. No. 03-4466(VM) (S.D.N.Y).

1

On March 26, 2008, the *Knox* court ordered that the defendants' Rule 60(b) motion to vacate the judgment in that case would be granted on the condition (*inter alia*) that the defendants post security in the full amount of the judgment. *Knox v. Palestine Liberation Organization*, __ F.R.D. __, 2008 WL 878213 (S.D.N.Y. 2008).

The defendants then moved for a 45-day extension of time to post the security, which the court granted. *Knox*, dkt. #123.

On May 9, 2008 – the 44th day – defendants filed a motion seeking to reduce the security to $15 million (about 7.5% of the amount ordered by the district court). Exhibit A.

In that motion, defendants contradict their argument in this Court that "[t]he relevant question … is whether litigation of the case – not collection – is impaired by vacating default" (dkt. #423 at 31), and freely concede and cite cases holding that risk of difficulty in enforcing a future judgment constitutes prejudice to the plaintiff which must be considered in the context of a Rule 60(b) motion. *Id.* at 5, 23-24.

Defendants also argue in their motion that the fractional security proffered by them is adequate, because the Knox family would **in any case** have little chance of locating assets of defendants against which they could enforce a judgment, and the security should not be used to **improve** the family's prospects of recovery. *Id.* at 23-24. (Notably, this claim takes for granted that defendants would not voluntarily honor such a judgment.).

Thus, defendants' filing in *Knox* confirms that if the judgment in this case were vacated (thereby releasing the existing post-judgment restraints on defendants' U.S. assets), the Ungars would have little prospect of ever enforcing a future judgment.

Finally, defendants claim in their motion in *Knox* that the absolute maximum amount of security they are able to post is $15 million. *Id. passim*. It is irrelevant whether this claim is true

or false (as the Ungars believe) – the point is that ordering the defendants to post a bond in this case would be futile, because defendants' course of conduct in *Knox* makes clear that they would not post it.

The Ungars respectfully file this Notice merely to alert the Court to the positions taken by these defendants in the *Knox* case, and nothing herein should be construed as implying that even security in the full amount of the judgment would protect the Ungars from prejudice if the judgment were vacated – on the contrary, the Ungars have demonstrated other irreducible forms of prejudice (e.g. loss of key witnesses and evidence) which would leave them unable to litigate the case and which could not be cured by **any** form of security.

Plaintiffs, by their Attorney,

/S/ David J. Strachman
David J. Strachman  #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlhlaw.com

## CERTIFICATION

I hereby certify that on May 15, 2008 I served this pleading along, with the attached exhibit, via ECF to the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701

　　　/S/ David J. Strachman