# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                       C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

### PLAINTIFFS' APPLICATION PURSUANT TO FED.R.CIV.P. 28(b)(2) FOR APPOINTMENT OF A COMMISSIONER TO ADMINISTER OATH

Plaintiffs – Judgment Creditors ("Ungar") hereby respectfully request, pursuant to Fed.R.Civ.P. 28(b)(2) that the Court appoint Amy Gitlin, Esq. as a commissioner authorized to administer an oath and carry out the other duties of an officer set forth in Fed.R.Civ.P. 30(b)(5), in the deposition to be conducted in this matter in Jerusalem on July 6, 2009.

Rule 28(b)(2) provides that a commissioner may be appointed "on appropriate terms after an application and notice." Rule 28(b)(2)(A).

Accordingly, the Ungars are making this request as an "application" rather than by motion. Also, since appointment of a commissioner is essentially ministerial and in light of the imminent July 6 deposition date (which, as explained below, was confirmed by defendants only last week), the Ungars respectfully request that the Court grant this application without awaiting defendants' position. Alternatively, if the Court believes defendants should be heard on this application, the Ungars respectfully request that defendants be ordered to file any opposition to this simple and straightforward application by July 1.

In support of this application the Ungars state as follows:

1

1. Since entry of final judgment in this matter, nearly five years ago, the Ungars have served the defendants with several post-judgment notices of deposition pursuant to Fed.R.Civ.P. 69, seeking to examine officers of the defendants with knowledge of their assets. Consistent with their overall contumacious and obstructionist approach to this litigation, defendants have refused to produce any of these witnesses.

2. One of the many enforcement proceedings the Ungars have been compelled to initiate due to defendants' refusal to honor the judgment of this Court is *Palestine Monetary Authority v. Ungar*, Index No: 107777/05 ("PMA Case") which is currently pending in the Supreme Court, New York County.

3. The Palestine Monetary Authority ("PMA"), which is the counterclaim defendant in the PMA Case, has noticed the deposition of defendant–judgment debtor Palestinian Authority ("PA") for July 6, 2009, in Jerusalem.

4. Though the PA is not a party to the PMA Case, it agreed to voluntarily provide a witness to appear at the July 6 deposition noticed by the PMA, in order to assist the PMA (which is a governmental department of the PA) to fight the Ungars' enforcement action.

5. The witness to by produced by the PA at the July 6 deposition is the PA's Deputy Minister of Finance, Ms. Mana el-Masri.

6. In other words, while the PA has refused to produce its officials for depositions noticed by the Ungars to **assist** their enforcement proceedings, the PA is perfectly willing to make its senior officials available for depositions aimed at **thwarting** those enforcement efforts.

7. Thus, the July 6 deposition represents a unique opportunity for the Ungars to depose a senior official of the PA with knowledge of the PA's finances.

8.       Accordingly, in order to ensure that the Ungars' counsel will have equal time to examine the PA witness (which counsel for the PMA and PA both refused to confirm) and that any information developed during the deposition can be freely used in any proceedings to enforce their judgment, the Ungars served the PA with a notice of deposition under the caption of the instant action, requiring them to produce the same witness being produced in the PMA Case at the same time and place as required by the deposition notice issued by the PMA.

9.       Simply put, the deposition notice served by the Ungars under the caption of this case effectively rendered the July 6 deposition a deposition being conducted under the legal aegis of **both** the instant case and the PMA case – at one and the same time and place.[1]

10.      The Ungars are now filing the instant application for three reasons. First, there was uncertainty until recently as to whether the July 6 deposition would occur, and only on June 22 did defendants' counsel finally confirm that the July 6 deposition would indeed go forward. Second, PMA's counsel has now indicated that he has still not arranged for a person qualified under New York law to administer an oath to the witness. Third, even assuming the PMA obtains a person qualified under New York law to administer an oath (which, presumably, it eventually will) it is unclear whether an oath administered by such a person would be effective under the Federal Rules for the purpose of the deposition noticed by the Ungars in the instant case.

---

[1]       While the PA has purported to serve "objections" to the Ungars' deposition notice those "objections" are nugatory because "there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued … Put simply and clearly … a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order." *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165-166 (D.Mass. 2007) (emphasis added) (footnotes omitted). *See also U.S. E.E.O.C. v. ABM Industries Inc.*, 2008 WL 2872407 (E.D.Cal. 2008) ("Once a party is served with a notice of deposition pursuant to Rule 30(b)(1), that party may not fail to appear at the deposition by filing objections absent a court order.").

The PA has not sought much less obtained a protective order, and the deposition noticed by the Ungars in this action will therefore proceed.

11. Accordingly, rather than risk a dispute with the PA over this issue and give the PA a potential pretext for refusing to cooperate at the deposition, the Ungars seek to moot this issue by the simple expedient of appointing a commissioner authorized by this Court to administer the oath.

12. Fed.R.Civ.P. 28(b)(1)(D) provides in relevant part that a "deposition may be taken in a foreign country…before a person commissioned by the court to administer any necessary oath and take testimony."

13. Fed.R.Civ.P. 30(b)(5) provides that "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and sets forth in detail the duties of such an officer.

14. The Ungars request that the Court appoint Amy Gitlin, an attorney licensed to practice in New York who currently resides in Israel, as a commissioner authorized to administer the oath and carry out the other duties of an officer set forth in Fed.R.Civ.P. 30(b)(5) at the July 6 deposition.

15. Notably, the PA itself recently agreed to the appointment of Ms. Gitlin as a Rule 28 commissioner authorized to administer oaths and carry out the other duties of an officer for all overseas depositions in the matter of *Saperstein v. Palestinian Authority*, Civ. No. 04-20225 (S.D. Fla.) and Ms. Gitlin was so appointed. *See* Exhibits A, B.

WHEREFORE, the Ungars respectfully request that the instant application be granted.

A proposed Order is annexed hereto.

        Plaintiffs, by their Attorney,

        /S/ David J. Strachman
        David J. Strachman #4404
        McIntyre, Tate & Lynch LLP
        321 South Main Street, Suite 400
        Providence, RI 02903
        (401) 351-7700
        (401) 331-6095 (fax)
        djs@mtlesq.com

## CERTIFICATION

I hereby certify that on June 30, 2009 I served this application along with the attached proposed order via ECF on the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

        /S/ David J. Strachman