IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINIAN AUTHORITY, et al., )<br>)<br>Defendants. )<br>) | C.A. No. 00-105L |

**DEFENDANT THE PALESTINIAN AUTHORITY'S RESPONSE TO
PLAINTIFFS' "APPLICATION PURSUANT TO FED. R. CIV. P. 28(b)(2)
FOR APPOINTMENT OF A COMMISSIONER TO ADMINISTER OATH"**

Defendant The Palestinian Authority ("PA" or "Defendant"), by its counsel, responds to the "Application Pursuant to Fed. R. Civ. P. 28(b)(2) for Appointment of a Commissioner to Administer Oath" filed by the Plaintiffs on June 30, 2009 in the above-referenced matter (the "Application") and states as follows:

## BACKGROUND

On June 19, 2009, Plaintiffs sent counsel for Defendant The Palestinian Authority an e-mail containing a notice of deposition ("June 19, 2009 Notice of Deposition") and a transmittal letter. The June 19, 2009 Notice of Deposition references Rules 30 and 69 of the Federal Rules of Civil Procedure, simply cross-references a notice of deposition issued in a New York state court proceeding styled *Palestine Monetary Authority v. Strachman, et al.*, Index No. 107777/05 (Supreme Court, New York County), and does not identify any specific individual deponent. In the June 19, 2009 Notice of Deposition, Plaintiffs assert that "the PA must cause the [unidentified witness] to appear" for a

deposition on the same date and at the same time as the notice of deposition in the *Palestine Monetary Authority* state court proceeding.

The Certificate of Service in the June 19, 2009 Notice of Deposition does not recite any service upon the Palestine Monetary Authority, which is a party in the *Palestine Monetary Authority* state court proceeding. It does not appear, with respect to the June 19, 2009 Notice of Deposition, that Plaintiffs have issued a subpoena pursuant to Federal Rule of Civil Procedure 45 or otherwise initiated processes through any applicable statutes, treaties or conventions specifying the method and manner for obtaining discovery of, or testimony from, persons located outside the United States.

In their transmittal letter accompanying the June 19, 2009 Notice of Deposition, Plaintiffs state that they "oppose holding" the deposition noticed in the *Palestine Monetary Authority* state court proceeding on several grounds, including that that deposition "improperly seeks to generate and introduce new evidence in support of the PMA's pending motion for reargument before the New York Supreme Court." Plaintiffs also state their position that the deposition in the *Palestine Monetary Authority* state court proceeding "should not take place, or derogate from the Ungars' rights to seek relief precluding or postponing those depositions."

On June 23, 2009, the PA timely served Objections to the June 19, 2009 Notice of Deposition, a copy of which are attached hereto as Exhibit A. By letter dated July 1, 2009 to Plaintiffs' counsel, the PA has conveyed its willingness, subject to and without waiving its June 23, 2009 Objections, to consent to the deposition testimony in the New York state court proceeding being applicable to the above-captioned action, for whatever

2

evidentiary purpose and status such testimony may or may not have under the Federal Rules of Evidence.

## RESPONSE

While describing the appointment of a commissioner as a "ministerial" act and inviting the Court to grant the Application "without awaiting defendants' position" (Application at 1), the Plaintiffs nevertheless proceed to make many unnecessary, unfounded and incorrect assertions in the Application. Without addressing each of those assertions in detail herein, the PA simply notes its objections and its oppositions to such assertions, including, in particular, (1) that the defendants have taken an "overall contumacious and obstructionist approach to this litigation" (*id.* ¶ 1), (2) that the Plaintiffs "have served the defendants with several post-judgment notices of deposition pursuant to Fed. R. Civ. P. 69" as to which defendants have, by implication, improperly "refused to produce any of these [unspecified] witnesses" (*id.*), (3) that the PA has some sort of obligation to "assist [the Plaintiffs'] enforcement proceedings" (*id.* ¶ 6), and (4) that the PA's June 23, 2009 Objections are "nugatory" and that the PA is obligated, in the face of a bare Notice of Deposition, to seek a protective order in order to prevent a deposition from occurring outside the United States pursuant to the June 19, 2009 Notice of Deposition (*id.* ¶ 9 n.1).

As to the single issue raised by the Plaintiffs' Application, *i.e.*, the requested appointment of Ms. Gitlin as a commissioner with respect to the impending July 6, 2009 deposition, the PA hereby states that it does not oppose such appointment as to this deposition. The PA does so subject to, and without waiving, its June 23, 2009 Objections to the July 19, 2009 deposition notice.

3

Respectfully submitted,

Dated: July 1, 2009

/s/    Richard A. Hibey
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
rhibey@milchev.com

/s/    Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of July 2008, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

**Raymond A. Marcaccio**
ram@om-rilaw.com

**James R. Oswald**
joswald@apslaw.com

**Karen Ann Pelczarski**
kap@blishcavlaw.com

**David J. Strachman**
djs@mtlhlaw.com

and mailed to the following counsel of record:

Robert A. Alessi, Esq.
Mary McCann, Esq.
Cahill Gordon & Reindel LLP
Eighty Pine Street
New York, NY  10005-1702

/s/ Richard A. Hibey