# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) | C.A. No. 00-105L |

## DEFENDANT THE PALESTINIAN AUTHORITY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION DATED JUNE 19, 2009

Defendant The Palestinian Authority ("PA" or "Defendant"), by its counsel, and pursuant to Rules 30 and 69 of the Federal Rules of Civil Procedure, hereby respectfully submits its Objections to Plaintiffs' Notice of Deposition dated June 19, 2009 in the above-captioned action ("Notice of Deposition"), and states as follows:

### BACKGROUND

On June 19, 2009, Plaintiffs sent counsel for defendant The Palestinian Authority an e-mail containing the Notice of Deposition and a transmittal letter. The Notice of Deposition references Rules 30 and 69 of the Federal Rules of Civil Procedure, simply cross-references a notice of deposition issued in a New York state court proceeding styled, *Palestine Monetary Authority v. Strachman, et al.*, Index No. 107777/05 (Supreme Court, New York County), and does not identify any specific individual deponent.. In the Notice of Deposition, Plaintiffs assert that "the PA must cause the [unidentified witness] to appear" for a deposition on the same date and at the same time as the notice of deposition in the *Palestine Monetary Authority* state court

proceeding. The Notice of Deposition does not purport to be issued pursuant to Fed. R. Civ. P. 30(b)(6).

The Certificate of Service in the Notice of Deposition does not recite any service upon the Palestine Monetary Fund, which is a party in the *Palestine Monetary Authority* state court proceeding. It does not appear, with respect to the Notice of Deposition, that Plaintiffs have issued a subpoena pursuant to Fed. R. Civ. P. 45 or otherwise initiated processes through any applicable statutes, treaties or conventions specifying the method and manner for obtaining discovery of or testimony from persons located outside the United States.

In their transmittal letter accompanying the Notice of Deposition, Plaintiffs state that they "oppose holding" the deposition noticed in the *Palestine Monetary Authority* state court proceeding on several grounds, including that that deposition "improperly seeks to generate and introduce new evidence in support of the PMA's pending motion for reargument before the New York Supreme Court." Plaintiffs also state their position that the deposition in the *Palestine Monetary Authority* state court proceeding "should not take place, or derogate from the Ungars' rights to seek relief precluding or postponing those depositions."

## OBJECTIONS

1.   Defendant objects to the Notice of Deposition to the extent that it seeks to impose requirements beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant objects to the Notice of Deposition to the extent that Plaintiffs are not entitled, under Fed. R. Civ. P. 30 and 69, and without leave of court, to issue written discovery at this time in the above-captioned action or to the extent that there is no continuing jurisdiction in the above-captioned action for such discovery.

2. Defendant objects to the Notice of Deposition to the extent that it does not comply with all applicable statutes, conventions and treaties specifying the lawful processes for obtaining discovery from and the testimony of foreign individuals who are not citizens or residents of the United States. Defendant objects to the Notice of Deposition to the extent that Plaintiffs did not serve a subpoena or otherwise initiate proper legal processes to obtain the deposition of the unidentified witness. *Cf.* Fed. R. Civ. P. 30(g).

3. Defendant objects to the Notice of Deposition to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine or any other applicable statutory or common law privilege.

4. Defendant objects to the Notice of Deposition to the extent that it seeks information which is not relevant to any remaining issues in this action and that they are not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Notice of Deposition to the extent that it is unduly burdensome to Defendant and/or the unidentified witness.

6. Defendant objects to the Notice of Deposition to the extent that it is vague or ambiguous or fails to describe the information sought with sufficient particularity to allow for a meaningful response by Defendant.

7. Defendant objects to the Notice of Deposition to the extent it seeks the production of any confidential, proprietary, trade secret or other protected information prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

Respectfully submitted,

Dated: June 23, 2008

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200 (telephone)
(401) 276-6611 (facsimile)

*Attorneys for Defendant The Palestinian Authority*

Richard A. Hibey (Appearing *Pro Hac Vice*)
Mark J. Rochon (Appearing *Pro Hac Vice*)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendant The Palestinian Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 23rd day of June, 2009, a copy of the foregoing was served by first-class mail, postage prepaid, and by electronic mail to the following:

> David J. Strachman
> McIntyre, Tate & Lynch LLP
> 321 South Main Street, Suite 400
> Providence, Rhode Island 02903
> *Counsel for Plaintiffs*

*/s/ Richard A. Hibey*
Richard A. Hibey