# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

**BY HAND**

November 9, 2009

Clerk of the Court
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: *Ungar v. Palestinian Authority*, 00-105L

Dear Sir or Madam,

We represent the plaintiffs-judgment creditors in the above-referenced matter and we write to request that you issue the enclosed writ of execution.

Please also find enclosed the affidavit required by Local Civil Rule 69(b).

We request that you make the writ of execution returnable to the Court within **three (3) days** of its delivery to the U.S. Marshal.

The reasons for this request are as follows:

Final judgment in this matter was entered on July 13, 2004. Since that time the defendants have refused to honor the judgment.

Accordingly, the judgment creditors now intend to request issuance of a citation to the defendants pursuant to R.I.G.L § 9-28-3.

Section 9-28-3 provides that a judgment creditor may seek a citation only after an execution "has been returned either wholly or in part unsatisfied and unpaid." *Id.*

The defendants have no assets in this jurisdiction. In our opinion, the issuance of a writ of execution is therefore an empty and unnecessary exercise.

However, out of an abundance of caution, and to avoid any future dispute about the necessity of an execution as a condition of relief under R.I.G.L § 9-28-3, we nonetheless request that you issue the enclosed writ of execution.

At the same time, since defendants have no assets in this jurisdiction, and since we are refraining (out of caution) from seeking relief under § 9-28-3 until the execution is returned unsatisfied, the execution can and should be returned as quickly as possible.

Accordingly, we request you make the enclose writ of execution returnable to the Court within **three (3) days** of its delivery to the U.S. Marshal.

If for any reason you require judicial approval to set a three-day return date, we request that you forward this letter to Senior Judge Lagueux.

Sincerely,

David J. Strachman

Enclosures

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs — Judgment Creditors,

v.                                                                             C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants — Judgment Debtors.

## DECLARATION OF DAVID J. STRACHMAN

I, David J. Strachman, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel for the plaintiffs-judgment creditors herein and I make this declaration pursuant to Local Civil Rule 69(b) in support of plaintiffs-judgment creditors' application for issuance of a writ of execution in the above-referenced matter.

2. The amount currently due on the judgment against defendant Palestinian Authority is $116,421,048.00 (excluding interest) which is the entire amount of the original judgment against defendant Palestinian Authority. The amount currently due on the judgment against defendant Palestine Liberation Organization is $116,415,468.00 (excluding interest) which is the entire amount of the original judgment against defendant Palestine Liberation Organization. While the plaintiffs-judgment creditors have collected some amounts from the Palestinian Authority and the Palestine Liberation Organization those amounts were far less than the statutory post-judgment interest due on the judgment.

3. The plaintiffs-judgment creditors have made numerous demands for payment, all of which have been refused. Most recently, on May 17 and May 26, 2009, the undersigned sent

1

demands for payments to counsel for the Palestinian Authority and the Palestine Liberation Organization. *See* Exhibits A and B. Counsel for the Palestinian Authority and the Palestine Liberation Organization did not reply to these requests.

4. The plaintiffs-judgment creditors have made numerous efforts to enforce their judgment. The plaintiffs-judgment creditors have domesticated their judgment in New York State and brought enforcement proceedings against the Palestine Monetary Authority and against funds titled to "Palestinian Pension Fund of the State Administrative Employees Represented by the Palestinian National Authority." The plaintiffs-judgment creditors have also domesticated their judgment in Israel. Additionally, the plaintiffs-judgment creditors have registered their judgment in federal court in Connecticut and brought enforcement proceedings against garnishees holding assets belonging to the Palestinian Authority. The plaintiffs-judgment creditors also registered their judgment in federal court in the District of Columbia, and brought attachment proceedings against a debt owned by Orascom Telecom Holding S.A.E.. All of these proceedings remain pending and/or on appeal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 9, 2009.

_____
David J. Strachman

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SCROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

BY EMAIL AND FAX: 202-626-5801

May 17, 2009

Mark Rochon
Richard Hibey
Miller & Chevalier
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

Re: *Ungar v. Palestinian Authority et al.*, 00-105L (D.R.I.)

Counsel,

On behalf of the Ungars, I hereby demand, once again, that your clients pay the judgment in the above-referenced action.

Please notify me immediately whether your clients intend to honor the judgment.

Sincerely,

David J. Strachman

DJS/do

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
\* Massachusetts Bar
Δ Florida Bar

BY EMAIL AND FAX: 202-626-5801

May 26, 2009

Mark Rochon
Richard Hibey
Miller & Chevalier
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

 Re: *Ungar v. Palestinian Authority et al.*, 00-105L (D.R.I.)

Counsel,

 I wrote to you on May 17th and have not received a response. May I please hear from you with respect to whether your clients intend to pay the judgment in this matter.

Sincerely,

David J. Strachman

DJS/do

SUITE 400 321 SOUTH MAIN STREET PROVIDENCE, RI 02903
401-351-7700 FAX 401-331-6095

DC 11
Rev. 7/82

WRIT OF EXECUTION

| United States District Court | DISTRICT<br>Rhode Island |

TO THE MARSHAL OF:
District of Rhode Island

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME
The Palestinian Authority,
The Palestinian Liberation Organization

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | DOLLAR AMOUNT |
|---|---|
| Palestinian Authority | $116,421,048.00 |
| | and |
| Palestine Liberation Organization | $116,414,468.00 |

in the United States District Court for the _____xxxx_____ District of Rhode Island,
before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

The Palestinian Authority,
The Palestinian Liberation Organization

and also the costs that may accrue under this writ.
And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| PLACE | DISTRICT |
|---|---|
| CITY | DATE |

Witness the Honorable _____
(United States Judge)

| DATE | CLERK OF COURT |
| | |
| | (BY) DEPUTY CLERK |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |