UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | C.A. No. 00-105L |

## CONSENT MOTION

On May 5, 2005, this Court entered an Injunction prohibiting Defendants - Judgment Debtors the Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") from withdrawing or transferring their assets "located within the jurisdiction of the United States or of any State thereof." Dkt. #322 at 1-2. The PA and PLO hereby move, with Plaintiffs' consent, for an order providing that, notwithstanding any provisions to the contrary contained in the May 5, 2005, Injunction, the PA and PLO are permitted to make wire transfers of funds from accounts outside the United States to accounts inside the United States in order to comply with a $1 million bond requirement imposed by the United States District Court for the District of Columbia in *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) (D.D.C.). A copy of the court's order in *Gilmore* is attached as Exhibit 1. In support of the Motion, Defendants the PA and PLO state as follows:

1. On December 28, 2009, in *Gilmore v. Palestinian Interim Self-Government Authority*, No. 01-853 (GK) (D.D.C.), the United States District Court for the District of

1023748.1

Columbia granted the PA's and PLO's Motion to Vacate Clerk's Entry of Default. *See* Exh. 1 at 1 (*Gilmore* order). As part of the December 28, 2009, Order, the *Gilmore* court also directed the Palestinian Authority and Palestine Liberation Organization to "post a bond in the amount of **$1 million** no later than **February 1, 2010**." Exh. 1 at 2 (emphasis in original).

2. Defendants the PA and PLO seek to wire $1 million from an account outside the United States to an account at PNC Bank designated by the U.S. District Court for the District of Columbia to receive the $1 million bond required by the *Gilmore* court's December 28, 2009, Order.

3. This Court previously has issued orders, with the plaintiffs' consent, permitting the PA and PLO to wire funds into the U.S. to satisfy other obligations related to the U.S. litigation against the PA and PLO. *See* Dkt. No. 428-2 and Amended Order entered October 22, 2009.

4. In order to ensure that the $1 million wire transfer reaches the U.S. District Court for the District of Columbia and to ensure compliance with the court's December 28, 2009, Order in the *Gilmore* case, Defendants ask the Court, with plaintiffs' consent, to enter the attached proposed Order, making clear that the Injunction shall not be applied to stop or otherwise interdict the anticipated wire transfer.

WHEREFORE, DEFENDANTS ask that this Motion be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 20, 2010 | /s/ Richard A. Hibey<br>Richard A. Hibey (D.C. Bar #74823)<br>Admitted *pro hac vice*<br>Mark J. Rochon (D.C. Bar #376042)<br>Admitted *pro hac vice*<br>MILLER & CHEVALIER CHARTERED<br>655 Fifteenth Street, N.W., Suite 900<br>Washington, DC  20005-5701<br>Tel. (202) 626-5800<br>Fax. (202) 628-0858<br>rhibey@milchev.com<br><br>Deming E. Sherman (#1138)<br>EDWARDS ANGELL PALMER<br>& DODGE LLP<br>2800 Financial Plaza<br>Providence, Rhode Island 02903<br>Tel. (401) 274-9200<br>Fax. (401) 276-6611<br>dsherman@eapdlaw.com<br><br>*Attorneys for the Palestinian Authority and the Palestine Liberation Organization* |

1023748.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of January 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI  02903
>Djs@mtlhlaw.com
>*Attorneys for Plaintiffs*

/s/ Richard A. Hibey