# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                                                                  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

### PLAINTIFFS – JUDGMENT CREDITORS' APPLICATION FOR AN ORDER TO SHOW CAUSE PURSUANT TO R.I.G.L. § 9-28-6

Pursuant to § 9-28-6 of the Rhode Island General Laws, applicable here by operation of Rule 69(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs–Judgment Creditors ("Ungars") respectfully request that the Court enter the proposed Order to Show Cause appended hereto.

In support of their application the Ungars respectfully state as follows:

1. On May 12, 2010, Magistrate Judge David L. Martin entered a Memorandum and Order ("Order") pursuant to R.I.G.L. § 9-28-5 directing Judgment-Debtors Palestinian Authority and Palestine Liberation Organization ("Judgment Debtors") to satisfy the judgment entered by this Court in July 2004 by installment payments commencing by June 1, 2010.

2. Consistent with their six-year policy of refusing to honor the judgment of this Court and their decade-long policy of ignoring all orders and decisions of this Court not to their liking the Judgment Debtors have failed to comply with the Order and have indicated that they will not comply with the Order.

3. R.I.G.L. § 9-28-6 provides in relevant part that:

> If the debtor at any time fails to comply with the decree [issued under § 9-28-5], the court entering the decree may cause him or her to be cited <u>to show cause for the noncompliance</u>; and unless the debtor shows good cause therefor, the court may order that unless he or she complies with the decree … within the time stated in the order, <u>the failure shall be a contempt of court</u>.

R.I.G.L. § 9-28-6 (emphasis added).

4. Where, as here, state law provides for a finding of contempt for failure to comply with an order directing enforcement of a judgment, federal courts are empowered by Fed.R.Civ.P. 69(a)(1) to hold the recalcitrant party in contempt. *See e.g. Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494-495 (7th Cir. 1990) (Noting that Rule 69(a) expressly required the district court to apply state (i.e. Illinois) law and holding that "[a]ccording to Illinois practice and procedure, the court acted properly in issuing both the turnover order and the resulting contempt order" for failure to obey the turnover order.); *O'Connor v. Midwest Pipe Fabrications*, 972 F.2d 1204, 1209-1210 (10th Cir. 1992) (same, applying Kansas law); *Clopper v. Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1119-1121 (9th Cir. 1987) (same, applying Oregon law); *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010) (Noting that federal courts have ordered "contempt of a party … when such actions are undertaken in aid of executing on a judgment" and are authorized by state law (internal quotation marks and brackets omitted); 12 Wright & Miller, *Federal Practice and Procedure* § 3012 (same).

5. Accordingly, the Ungars respectfully request that the Court issue the appended Order to Show Cause requiring the Judgment Debtors to show cause for their noncompliance with the Order and why an order should not be entered providing that unless they comply with the Order by a date set by the Court their noncompliance shall constitute a contempt of court.

**WHEREFORE**, the instant application should be granted.

Plaintiffs, by their Attorney,

/S/ David J. Strachman
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

## CERTIFICATION

I hereby certify that on June 1, 2010 I served this Application along with the appended proposed Order to Show Cause via ECF on the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/S/ David J. Strachman