UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 00-105L (RRL) |

**MOTION FOR ISSUANCE OF LETTER OF REQUEST AND
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants, the Palestinian Authority and the Palestine Liberation Organization (PA/PLO), by and through their undersigned counsel and pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention" or "Convention"), 28 U.S.C. § 1781, and Rule 28(b) of the Federal Rules of Civil Procedure, hereby move this Court to issue the Letter of Request, attached hereto as Exhibit A, to the Head of Legal Assistance in the Israeli Ministry of Justice.

Defendants seek documentary evidence from within the State of Israel and in the possession of the Government of Israel in connection with the January 18, 2011 hearing on the Defendants' Motion for Relief from Default Judgment in the above-captioned matter. The Court has indicated an intention to take testimony at that hearing on a variety of factors, including the meritorious defenses that the PA/PLO have against the allegations made in the Plaintiffs' Amended Complaint.

As this Court is aware, Plaintiffs' claims arise out of the shooting of Yaron and Efrat Ungar that was committed by five members of Hamas. The requested evidence relates to the investigation and prosecution of the shooting by Israeli law enforcement, as well as the circumstances of the arrest of two of the shooters by Israeli forces -- an arrest that Hamas claimed was facilitated and arranged by the PA. *See*, DE 408 at 28-30. It also serves to establish the lack of relationship and coordination between the PA/PLO and the Hamas shooters, as well as the affirmative coordination between the PA and Israel in connection with security issues in the relevant region prior to and immediately following the shooting. This Court is duly authorized under 28 U.S.C. § 1781 to issue Letters of Request and Defendants respectfully request the Court to do so in this matter.

"The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, signed at The Hague on March 18, 1970, provides for the taking of evidence abroad, without recourse to consular or diplomatic channels, by means of 'letters of request.'" *Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 82 (D.D.C. 2006). Procedures under the Hague Convention are "available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Resort to the Hague Evidence Convention procedures is appropriate after examining "in each case… the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Id.* at 544.

The particular facts of this case support the Hague Convention's Letter of Request mechanism. It has been held that "[w]hen discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory." *Tulip Computers Int'l B.V. v. Dell Computer*

*Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (quoting *Orlich v. Helm Bros.*, Inc., 160 A.D.2d 135, 143 (N.Y.S. 2d 1990)). In this case, the documents requested are unavailable to the Defendants from any other source or by any other means.

Application of the Convention's procedures in this case will not offend Israeli sovereign interests. Israel is a signatory/party to the Hague Convention, and the subject matter of the documents sought herein concerns the circumstances of the killings of Yaron and Efrat Ungar and other relevant topics germane to this matter. No sovereign interests are implicated by the copying and dissemination of said documents, and as such, the Court should not be precluded from issuing the Letter of Request in this matter.

Lastly, given the circumstances involved, there is no reason to believe that the Convention's procedures will prove ineffective, as Israel is a signatory to the Hague Convention and did not make any relevant reservations to the Convention precluding the parties in the above-captioned matter from seeking documentary evidence regarding the matters described herein.

Defendants have sought Plaintiffs' consent with respect to this Motion and Plaintiffs' counsel has responded that Plaintiffs will state their position in a response to this pleading. Given the above, Defendants in the above-captioned matter respectfully request the Court to execute the Letter of Request attached hereto.

3

Dated: July 22, 2010

Respectfully submitted,

 /s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com


/s/ Deming E. Sherman
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com
*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 22th day of July, 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

> David J. Strachman
> McIntyre, Tate & Lynch, LLP
> 321 South Main Street, Suite 400
> Providence, RI 02903
> Djs@mtlhlaw.com
> *Attorneys for Plaintiffs*

/s/ Mark J. Rochon