# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) | C.A. No. 00-105L (RRL) |

LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

From:

United States District Court Senior Judge Ronald R. Lagueux
The United States District Court for the District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
United States of America

To:

The Directorate of Courts
Legal Assistance to Foreign Countries
22 Kanfei Nesharim
POB 34142
Jerusalem 95464
Israel

     In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Rhode Island presents its compliments to the Directorate of Courts of the State of Israel and requests assistance in obtaining evidence to be used in proceedings before this Court in the above-captioned matter.

Defendants in the above-captioned matter are The Palestinian Authority of The Muquata'a, Ramallah, West Bank ("the PA"), and The Palestine Liberation Organization of The Muquata'a, Ramallah, West Bank ("the PLO"). Defendants are represented by attorneys Richard Hibey and Mark Rochon of Miller & Chevalier Chartered, 655 Fifteenth Street, NW, Suite 900, Washington, D.C. 20005-5701 and attorney Deming E. Sherman of Edwards Angell Palmer & Dodge LLP, 2800 Bank Boston Plaza, Providence, R.I. 02903. Plaintiffs are the family members and administrator of the estates of United States citizen Yaron Ungar and his wife, Efrat Ungar, both of whom were killed on June 9, 1996, in Beit Shemesh, Israel. Plaintiffs are represented by attorney David J. Strachman of McIntyre, Tate & Lynch LLP, 321 South Main Street, Suite 400, Providence, R.I. 02903.

The above-captioned matter is a civil suit brought by the Plaintiffs pursuant to the U.S. Antiterrorism Act, 18 U.S.C. § 2331 et seq., and supplemental causes of action pursuant to various sections of the Israeli Civil Wrongs Ordinance. The Defendants deny that they are liable to Plaintiffs for the injuries alleged.

The assistance requested of the State of Israel consists of obtaining copies of the following documents from the Head of Legal Assistance in the Israeli Ministry of Justice:

1. All police reports relating to the investigation of the deaths of Yaron and Efrat Ungar on or about June 9, 1996, including crime scene reports prepared by the Criminal Identification Department of the Israeli Police.

2. All documents in the possession, custody, or control of the State of Israel relating to the arrests, interrogations (including any statements and/or confessions), and prosecution (including any indictments and transcripts and/or protocols from judicial proceedings and/or trials) of the following five individuals in connection with the shooting of Yaron

and Efrat Ungar on or about June 9, 1996 and any offense arising out of membership in Harakat al-Muqāwamat al-Islāmiyyah (hereafter "Hamas"):

    a.      Abdel Rahman Ismail Abdel Rahman Ghanimat (aka Abdel Rahman Ranimat, hereafter "Rahman Ghanimat")

    b.      Jamal Abdel Fatah Tzabich al Hor (aka Alhour, hereafter "al Hor")

    c.      Raed Fakhri Abu Hamdiya (aka Raid Abu Hamadia, hereafter "Hamdiya")

    d.      Iman Mahmud Hassan Fuad Kafishe (hereafter "Kafishe")

    e.      Ibrahim Ghanimat (aka Ibrahim Ranimat, hereafter "Ibrahim Ghanimat").

3. All documents in the possession, custody, or control of the State of Israel relating to the arrests of Rahman Ghanimat, Al Hor, and two PA security personnel at an Israeli army checkpoint near Huwara, West Bank, in November 1997 by Israel Defense Forces personnel, including any documents reflecting communications with the PA and PLO or their agents regarding the arrests.

4. All documents in the possession, custody, or control of the State of Israel reflecting the identity of, and relating to the arrest and questioning of, the two PA security force personnel described in the preceding request.

5. All documents relating to the circumstances of the deaths of Yaron and Efrat Ungar on June 9, 1996, including investigative reports, forensic documents and photographs, and medical and post-mortem examination records in the possession, custody, or control of the State of Israel.

6. All documents in the possession, custody, or control of the State of Israel relating to coordination between the State of Israel and the PA and/or PLO regarding counter-terror and counter-Hamas efforts in "Area B," including the town of Sourif (also known as Tsurif) in the West Bank, following the Israeli-Palestinian Interim Agreement on the West Bank and the Gaza Strip (signed September 24, 1995, also known as "Oslo II") until November 1997.

7. All Hamas Communiqués intercepted by the State of Israel between 1994 and 1997 and any translations thereof.

8. Any and all documents in the possession, custody, or control of the State of Israel relating to communications between the PA/PLO and the State of Israel regarding Israel's requests of transfer of terror suspects dated March 31, 1997 and September 17, 1997.

3

Accordingly, the aforementioned assistance is necessary and hereby requested in the interests of justice.

Defendants and/or their counsel, upon whose application this Letter of Request has been issued, shall pay all costs incurred in executing these requests. This Court requests that the documents described above be returned to Counsel for the Defendants:

>Mark J. Rochon, Esq.
>Miller & Chevalier Chartered
>655 Fifteenth Street, NW
>Suite 900
>Washington, D.C. 20005-5701
>United States of America
>(202) 626-5800
>mrochon@milchev.com

The Court expresses its appreciation of the Directorate of Courts in the State of Israel for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Israel in a similar manner when required.

DATED this ___ day of ___, 2010.

_____
RONALD R. LAGUEUX
U.S. DISTRICT COURT SENIOR JUDGE