# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

      v.                                                                                         C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

### PLAINTIFFS – JUDGMENT CREDITORS' MEMORANDUM IN RESPONSE TO DEFENDANTS – JUDGMENT DEBTORS' MOTION FOR LEAVE TO TAKE DISCOVERY ON WHETHER THE DAMAGE AWARD WOULD WITHSTAND ADVERSARIAL TESTING

Plaintiffs–Judgment Creditors ("Ungars") respectfully submit this memorandum in response to Defendants–Judgment Debtors' ("defendants") Motion for Leave to Take Discovery on Whether the Damage Award Would Withstand Adversarial Testing. Dkt. # 497.

The Ungars' position is that: (i) pursuant to 28 U.S.C. § 636 defendants waived any challenge to the assessment of damages other than the arguments (which were subsequently rejected by Judge Lagueux and the First Circuit) that were made in defendants' objections to the report and recommendation issued by Magistrate Judge Martin on March 31, 2004 (*see e.g. Keating v. Sec'y of Health and Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988))[1] and (ii) even if the defendants were entitled to assert that the damage award would not withstand adversarial testing that would not entitle defendants to take discovery on this issue.

---

[1] The issue of waiver under 28 U.S.C. § 636 was not discussed much less decided by the First Circuit in its decision of March 25, 2010.

1

However, because the damages awarded to the Ungars are typical of, if not lower than, the damages usually awarded to victims of terrorist attacks in the federal courts and would unquestionably "withstand adversarial testing" and because the Ungars do not want to hand defendants the opportunity to assert on appeal (if their Rule 60(b)(6) motion is denied, as the Ungars respectfully believe it should be) that they were improperly deprived of all discovery regarding damages, the Ungars will not oppose (without waiving or derogating from their position as set forth above) defendants' motion to permit them to take some damages discovery.

At the same time, the Ungars expressly reserve their rights to object to any and all specific discovery requests propounded by defendants on any available ground, and intend to exercise those rights as appropriate and necessary.

**WHEREFORE**, and without waiving any of their rights and arguments, the Ungars do not oppose defendants' motion.

Plaintiffs, by their Attorneys,

/S/ David J. Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

## **CERTIFICATION**

I hereby certify that on July 26, 2010 I served this Memorandum via ECF on the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/S/ David J. Strachman