# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

    v.                                                                                                      C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

### PLAINTIFFS – JUDGMENT CREDITORS' MEMORANDUM IN RESPONSE TO DEFENDANTS – JUDGMENT DEBTORS' MOTION FOR ISSUANCE OF LETTER OF REQUEST

The Plaintiffs–Judgment Creditors ("Ungars") respectfully submit this memorandum in response to the Defendants–Judgment Debtors' ("defendants") "Motion for Issuance of Letter of Request." Dkt. # 501.

The Letter of Request sought by defendants' is highly problematic in several respects:

*First*, the Letter of Request seeks evidence that defendants intend to use to prove a "meritorious defense" in support of their Rule 60(b)(6) motion and seems calculated to lay the groundwork for a later request by Defendants to delay the hearing now scheduled for January 2011. But such materials are irrelevant because the existence *vel non* of a meritorious defense is assessed solely on the basis of the defendant's averments, not the defendant's evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense") (internal quotations and brackets omitted). Moreover, a motion to vacate is not a motion for summary judgment, and therefore a meritorious defense cannot be established

1

by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim.").

Thus, most of the materials sought are irrelevant.

*Second*, the Letter of Request was drafted in a manner that ensures that no response thereto will be received from Israeli authorities in advance of the January 2011 hearing date (much less prior to the discovery deadline). For example, defendants have requested "[a]ll Hamas Communiqués intercepted by the State of Israel between 1994 and 1997 and any translations thereof" (Letter of Request at ¶ 7) – knowing full well that such materials are classified and will not be produced in the foreseeable future, and almost certainly never. This request is thus "calculated to fail." *Linde v. Arab Bank, PLC*, --- F.Supp.2d ----, 2010 WL 2803031 at *10 (E.D.N.Y. 2010). Likewise, defendants have padded the Letter of Request with blatantly unnecessary requests for materials already in their possession (e.g. communications between the PA and the Israeli government) and materials that relate to events that occurred long after June 9, 1996 and are therefore irrelevant.

It appears, therefore, that the defendants are now attempting to set the stage for a future motion to enlarge the discovery deadline and/or reschedule the January 2011 hearing date, on the grounds that they are still awaiting a response to the Letter of Request from Israeli authorities.

(As the Court will recall, at the initial scheduling conference, defendants requested to schedule the hearing on their Rule 60(b)(6) motion for June 2011).

The Ungars will strongly oppose any such attempts to continue this matter.[1]

However, without waiving or derogating from their position as set forth above, the Ungars will not oppose defendants' motion to issue the Letter of Request because (i) the Ungars do not want to hand defendants the opportunity to assert on appeal (if their Rule 60(b)(6) motion is denied, as the Ungars respectfully believe it should be) that they were improperly deprived of the opportunity to seek discovery from Israel and (ii) as a rule, a party has no standing to oppose discovery requests propounded by the opposing party to non-parties. *See e.g. Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.").

**WHEREFORE**, without waiving or derogating from their position as set forth above, the Ungars do not oppose defendants' motion.

Plaintiffs, by their Attorneys,

/S/ David J. Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

---

[1] Aside from the fact that the information sought in the Letter of Request is facially irrelevant or already in defendants' possession, defendants' delay in seeking issuance of the Letter of Request would constitute additional grounds to deny any motion for an adjournment.

        Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

## **CERTIFICATION**

I hereby certify that on August 6, 2010 I served this Memorandum via ECF on the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

        /S/ David J. Strachman