# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

ESTATE OF YARON UNGAR,
DVIR UNGAR,
YISHAI UNGAR,
JUDITH UNGAR,
MEIR UNGAR,
MICHAL COHEN,
AMICHAI UNGAR and
DAFNA UNGAR

Index No.: 105521/05

    Plaintiffs – Judgment Creditors,

**INFORMATION SUBPOENA**
**WITH RESTRAINING NOTICE**

**RE: THE PALESTINIAN AUTHORITY AND THE PALESTINE LIBERATION ORGANIZATION**

v.

THE PALESTINIAN AUTHORITY and
THE PALESTINE LIBERATION ORGANIZATION

    Defendants – Judgment Debtors
--------------------------------------------------------------X

TO:

    Swiss American Securities, Inc.
    12 E 49th Street
    New York, NY 10017

WHEREAS, in an action in the United States District Court for the District of Rhode Island, between The Estates of YARON UNGAR and EFRAT UNGAR by and through the Administrator of their estates David Strachman, DVIR UNGAR, minor, by his guardians and next friend, YISHAI UNGAR, minor, by his guardians and next friend, PROFESSOR MEYER UNGAR, JUDITH UNGAR, RABBI URI DASBERG, JUDITH DASBERG, (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN as plaintiffs, and THE PALESTINIAN AUTHORITY (A.K.A. "THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY"), THE PALESTINE LIBERATION ORGANIZATION, HAMAS -- ISLAMIC RESISTANCE MOVEMENT (A.K.A. "HARAKAT AL-MUQAWAMA AL-ISLAMIYYA"), ABDEL RAHMAN ISMAIL ABDEL RAHMAN GHANIMAT, JAMAL ABDEL FATAH TZABICH AL HOR, RAED FAKHRI ABU HAMDIYA, IBRAHIM GHANIMAT and IMAN MAHMUD HASSAN FUAD KAFISHE as defendants, who are all the parties named in said action, a judgment was entered on July 13, 2004 (hereinafter: "the judgment") and thereafter filed pursuant to CPLR §5402 in the office of the Clerk of the County of New York and entered under the index number indicated above, in favor of THE ESTATE OF YARON UNGAR, DVIR UNGAR, YISHAI UNGAR, JUDITH UNGAR, MEIR UNGAR, MICHAL COHEN, AMICHAI UNGAR and DAFNA UNGAR, judgment-creditors, against THE PALESTINIAN AUTHORITY AND THE PALESTINE LIBERATION ORGANIZATION, judgment-debtors, jointly and severally, in the amount of $116,409,123.00 in damages, and in the amount of $11,925.00 as attorneys' fees against THE PALESTINIAN AUTHORITY and in the amount of $6,345.00 as attorneys' fees against THE PALESTINE LIBERATION ORGANIZATION, of

2

which $116,421,048.00 together with interest thereon remains due and unpaid from THE PALESTINIAN AUTHORITY and $116,415,468.00 together with interest thereon remains due and unpaid from THE PALESTINE LIBERATION ORGANIZATION; and

WHEREAS the assets and property in which the judgment-debtors have an interest are held and/or titled under the names **Palestinian Authority, Palestine Liberation Organization, Palestine Investment Fund (PIF), Palestinian National Authority (PNA), Palestine Commercial Services Corporation (PCSC), Palestinian National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA)**; and

WHEREAS, the witness to whom this subpoena is directed has an office for the regular transaction of business in the District and County;

YOU ARE HEREBY COMMANDED TO answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena (Schedule B), each answer referring to the question to which it responds; and that you return the answers to the undersigned together with the original of the questions within seven days after your receipt of the questions and this subpoena.

**TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as a contempt of court.**

## RESTRAINING NOTICE

WHEREAS, it appears that you owe a debt to the judgment-debtors, or any of them, or are in possession or in custody of property in which one or more judgment-debtors has an interest:

TAKE NOTICE that pursuant to subdivision (b) of Section 5222 of the New York Civil

3

Practice Law and Rules, which is annexed hereto in full as Schedule A. you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property or pay over or otherwise dispose of any such debt except as therein provided.

TAKE FURTHER NOTICE that this notice also covers all property in which any of the judgment-debtors has an interest, hereafter coming into your possession or custody, and all debts hereafter coming due from you to any of the judgment-debtors.

*TAKE NOTICE that disobedience of this Restraining Notice is punishable as a contempt of court.*

Dated: New York, New York
April 21, 2005

By: _____
Lee Squitieri
Squitieri & Fearon
32 East 57th Street, 12th Floor
New York, NY 10022
(212) 421-6492
(212) 421-6553 (fax)

## SCHEDULE A
## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition or transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

5

## SCHEDULE B

## ANSWER THE QUESTIONS LISTED BELOW ON THIS FORM WITHIN SEVEN DAYS AND RETURN TO:

Lee Squitieri
Squitieri & Fearon
32 East 57th Street, 12th Floor
New York, NY 10022
(212) 421-6492
(212) 421-6553 (fax)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

ESTATE OF YARON UNGAR,
DVIR UNGAR,
YISHAI UNGAR,                                Index No.: 105521/05
JUDITH UNGAR,
MEIR UNGAR,
MICHAL COHEN,
AMICHAI UNGAR and
DAFNA UNGAR

      Plaintiffs – Judgment Creditors,

              **QUESTIONS AND ANSWERS
              IN CONNECTION WITH
              INFORMATION SUBPOENA**

    v.

THE PALESTINIAN AUTHORITY and
THE PALESTINE LIBERATION ORGANIZATION

      Defendants – Judgment Debtors
-----------------------------------------------------------------X

STATE OF NEW YORK )
         )ss.:
COUNTY OF NEW YORK)

6

_____, being duly sworn, deposes and says: that the deponent is the _____ of _____, the company which is the recipient of an information subpoena herein and of the questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient and are made under penalties of perjury.

1. Do you and/or any of your branches or subsidiaries have an account or accounts and/or deposit(s) and/or portfolio(s) under any of the following names or permutations thereof: **Palestinian Authority, Palestine Liberation Organization, Palestine Investment Fund (PIF), Palestinian National Authority (PNA), Palestine Commercial Services Corporation (PCSC), Palestinian National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR or Palestine Monetary Authority (PMA)?**

ANSWER:

1.1 If the answer to the previous question is yes, please state: (a) the number(s) of the account(s) deposit(s) or portfolio(s); (b) the identity of the assets in such account(s) deposit(s) or portfolio(s); (c) the market value of the assets in such account(s) deposit(s) or portfolio(s); (d) the dollar amount of cash in such account(s) deposit(s) or portfolio(s); (e) the exact name(s) and/or title(s) of such account(s) deposit(s) or portfolio(s).

ANSWER:

2. Do you and/or any of your branches or subsidiaries have in your possession, custody, or charge, any funds, investments, deposits, goods, chattels, monies, credits or effects belonging or owing or titled to **The Palestinian Authority, The Palestine Liberation Organization, Palestine Investment Fund (PIF), Palestinian National Authority (PNA), Palestine Commercial Services Corporation (PCSC), Palestinian National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR or Palestine Monetary Authority (PMA)?**

ANSWER:

2.1 If the answer to the previous question is yes, please describe in full the funds, investments, deposits, goods, chattels, monies, credits or effects, including their value, nature, title and designation.

7

ANSWER:

3.    Are you and/or any of your branches or subsidiaries in any way indebted to **The Palestinian Authority, The Palestine Liberation Organization, Palestine Investment Fund (PIF), Palestinian National Authority (PNA), Palestine Commercial Services Corporation (PCSC), Palestinian National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR or Palestine Monetary Authority (PMA)**?

ANSWER:

3.1    If the answer to the previous question is yes, state to what extent and in what manner the debt accrued, and if evidenced by any instrument in writing, describe the same and state what has become of the same and under whose custody it is held.

ANSWER:

4.    Are you and/or any of your branches or subsidiaries now bound under any contract(s) to pay either of the judgment debtors, directly or to any other party on account of either judgment debtor, any monies, funds or credits of any type?

ANSWER:

4.1    If the answer to the previous question is yes, state the nature of said contract, the names of the contracting parties, the nature and amount of the monies, funds or credits to be paid, and when and exactly to whom the same was or is due and payable.

ANSWER:

8

5. Do or did you and/or any of your branches or subsidiaries have transactions with either judgment debtor, as of the date of this subpoena or one year prior thereto, directly or indirectly, as a result of which either judgment debtor is/are now, or may in the future, become entitled to money or anything of value?

ANSWER:

5.1 As to each such transaction, what is the nature of the transaction, the date of the transaction, and the amount the judgment debtor(s) is/are, or may be, entitled to?

ANSWER:

6. What is the description and value of each item of collateral you hold concerning either judgment-debtor?

ANSWER:

6.1. What interest does either judgment debtor appear to have in each such item of collateral?

ANSWER:

7. Is any of the property in your possession or care, in which either judgment debtor has an interest, subject to liens, attachments or other encumbrances?

ANSWER:

7.1. What are the full details of the same in regard to each asset?

ANSWER:

9

The foregoing answers are true and complete.

_____

Sworn to before me this
___ day of _____, 2005

_____
Notary Public

10