# Exhibit J

SCANNED ON 2/15/2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
THE ESTATE OF YARON UNGAR by and through its
Administrator, DAVID STRACHMAN; DVIR UNGAR, minor,
by his guardians and next friends, YISHAI UNGAR, minor, by
his guardians and next friends, PROFESSOR MEIR UNGAR,
JUDITH UNGAR, individually and in their capacity as legal
guardians of Petitioners DVIR UNGAR and YISHAI UNGAR;
RABBI URI DASBERG, JUDITH DASBERG, in their capacity as
legal guardians of Petitioners DVIR UNGAR and YISHAI
UNGAR; AMICHAI UNGAR, DAFNA UNGAR and MICHAL
COHEN,

               Plaintiffs,

               -against-

THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian
National Authority") (d/b/a "Palestinian Pension Fund of the
State Administrative Employees" and/or "Palestinian Pension
Fund for the State Administrative Employees of the Gaza
Strip"); and THE INSURANCE AND PENSION FUND,

               Defendants
--------------------------------------------------------------X

06102101

Index No: _____/ 06

Date Purchased: 2/14/ 06

Plaintiffs designate New York County as
the place of trial. The basis of venue is the
Defendant's address.

## SUMMONS

Plaintiffs reside at:
321 South Main Street, Suite 400
Providence, RI 02903

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, on the plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York) and to file a copy of your answer with the Clerk of the above-named Court; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
           February 14, 2006

                                        Yours,

                                        JAROSLAWICZ & JAROS, ESQS.
                                        *Attorneys for the plaintiffs*

                            by: _____
                                Robert J. Tolchin,
                                Of Counsel

150 William Street, 19th Floor
New York, New York 10038
(212) 227-2780

Defendant's address:

THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian National Authority") (d/b/a "Palestinian Pension Fund of the State Administrative Employees" and/or "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip"); and THE INSURANCE AND PENSION FUND
c/o James R. Tanenbaum
Morrison & Foerster
1290 Avenue of the Americas
New York, New York 10104-0050

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- X
THE ESTATE OF YARON UNGAR by and through its
Administrator, DAVID STRACHMAN; DVIR UNGAR,
minor, by his guardians and next friends, YISHAI
UNGAR, minor, by his guardians and next friends,
PROFESSOR MEIR UNGAR, JUDITH UNGAR,
individually and in their capacity as legal guardians of
Petitioners DVIR UNGAR and YISHAI UNGAR; RABBI
URI DASBERG, JUDITH DASBERG, in their capacity as
legal guardians of Petitioners DVIR UNGAR and YISHAI
UNGAR; AMICHAI UNGAR, DAFNA UNGAR
and MICHAL COHEN,

      Plaintiffs,

    -against-

THE PALESTINIAN AUTHORITY (a/k/a "The
Palestinian National Authority") (d/b/a "Palestinian
Pension Fund of the State Administrative Employees"
and/or "Palestinian Pension Fund for the State
Administrative Employees of the Gaza Strip"); and
THE INSURANCE AND PENSION FUND

      Defendants.

------------------------------------------------------------- X

Index No: _____ / 06

**VERIFIED COMPLAINT**

06102101



PLAINTIFFS, complaining of the Defendants, by their attorneys, JAROSLAWICZ & JAROS, allege for their Complaint as follows:

### NATURE OF COMPLAINT AND RELIEF REQUESTED

1. Plaintiffs hold a final judgment in excess of $116,000,000 against Defendant PALESTINIAN AUTHORITY ("PA") and The Palestine Liberation Organization

3

("PLO") that was entered by the United States District Court for the District of Rhode Island on July 13, 2004, and thereafter filed pursuant to CPLR § 5402 in the office of the Clerk of the County of New York and entered in this Court as Index Number 105521/05.

2. Upon information and belief, Defendant PA owns securities and debt instruments that are held in the State of New York under the fictitious names "Palestinian Pension Fund of the State Administrative Employees" and/or "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" or similar permutations of those names (hereinafter: "the PA's New York Stocks and Bonds").

3. Upon information and belief, the names "Palestinian Pension Fund of the State Administrative Employees" and "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," or similar permutations thereof, do not denote entities with legal and/or juridical existence, but rather are fictitious names invented and used by Defendant PA to shield its assets from creditors, law enforcement agencies and tax authorities, and to mislead banks, brokerages and other financial and/or investment institutions which would not otherwise hold, handle or invest assets of Defendant PA.

4. Upon information and belief, Defendant THE INSURANCE AND PENSION FUND is an insurance and pension fund that, pursuant to local law, operates in areas under the jurisdiction of Defendant PA.

5. Defendant THE INSURANCE AND PENSION FUND has filed a motion in this Court, falsely asserting that it, and not Defendant PA, is the owner of the PA's New York Stocks and Bonds, and seeking to vacate a Restraining Notice served by Plaintiffs on the custodian of the PA's New York Stocks and Bonds.

6. Plaintiffs therefore bring this action for a declaratory judgment establishing, adjudging and decreeing that (a) the PA's New York Stocks and Bonds are the sole

4

property of Defendant PA and (b) that Defendant THE INSURANCE AND PENSION FUND has no rights to the PA's New York Stocks and Bonds.

## THE PARTIES

7. Plaintiff THE ESTATE OF YARON UNGAR, which is represented in this matter by a court-appointed administrator, attorney David Strachman, holds a judgment against the PA and the PLO, jointly and severally, in the amount of $2,932,158.00.

8. Plaintiffs DVIR UNGAR and YISHAI UNGAR, minors who are represented in this matter through their grandparents and legal guardians, Meir Ungar, Judith Ungar, Uri Dasberg and Judith Dasberg, each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $30,488,482.50.

9. Plaintiffs PROFESSOR MEIR UNGAR and JUDITH UNGAR each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $15,000,000.00.

10. Plaintiffs RABBI URI DASBERG and JUDITH DASBERG appear in this matter in their capacity as legal guardians of plaintiffs Dvir and Yishai Ungar.

11. Plaintiffs AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $7,500,000.00.

12. Upon information and belief, Defendant PALESTINIAN AUTHORITY ("PA"), itself and/or through its agents, conducts business in the State of New York.

13. Upon information and belief, Defendant PA, itself and/or through its agents, maintains and owns assets within the State of New York.

14. Upon information and belief, Defendant THE INSURANCE AND PENSION FUND, is an insurance and pension fund that, pursuant to local law, operates in areas under the jurisdiction of Defendant PA.

5

15. Upon information and belief, Defendant THE INSURANCE AND PENSION FUND, itself and/or through its agents, conducts business in the State of New York.

16. Upon information and belief, Defendant THE INSURANCE AND PENSION FUND, itself and/or through its agents, maintains and owns assets within the State of New York.

## THE UNDERLYING FACTS

### A. Plaintiffs' Judgment Against Defendant Palestinian Authority

17. Plaintiffs are the orphaned children, parents, siblings and administrator of the estate of U.S. citizen Yaron Ungar, who was murdered along with his pregnant wife Efrat Ungar in a terrorist machine-gun attack on June 9, 1996 in Israel.

18. The machine-gun attack in which the Ungars were murdered was carried out by members of the HAMAS terrorist group acting under the command and pursuant to the instructions of Defendant PALESTINIAN AUTHORITY ("PA") and The Palestine Liberation Organization ("PLO").

19. A 25 year-old New York native, Yaron was a schoolteacher studying for rabbinical ordination when he was murdered.

20. The Ungars were ambushed while returning from a wedding.

21. Efrat shielded their ten month-old son Yishai from the bullets and he survived the attack.

22. The Ungars' other son Dvir, then two years old, was not in the vehicle.

23. In March 2000, the Ungar family filed suit against the PA and PLO, and other defendants, in the United States District Court for the District of Rhode Island under the Antiterrorism Act ("ATA") 18 U.S.C. § 2331 *et seq.. Ungar et al. v. The Palestinian Authority et al.*, Civil Action 00-105L (D.R.I.).

6

24. Section 2333(a) of the ATA creates a cause of action for a U.S. national, or his estate, survivors and heirs, injured by reason of an act of "international terrorism" as defined in § 2331 of the ATA.

25. On July 12, 2004, the United States District Court in Rhode Island issued a Memorandum and Order ordering entry of final judgment for the Plaintiffs and against the PA and PLO, jointly and severally, in the amount of $116,409,123.00 in damages, and for attorney's fees in the amount of $11,925.00 against the PA and $6,345.00 against PLO. *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I. 2004). (Exhibit A)

26. Final judgment as ordered in the Memorandum and Order of July 12, 2004, was entered by the Rhode Island District Court on July 13, 2004 (the "Judgment"). (Exhibit B).

27. The Court of Appeals for the First Circuit has affirmed the Judgment, and the United States Supreme Court has denied a petition by the PA and PLO for a writ of certiorari. *Ungar v. Palestinian Authority*, 402 F.3d 274 (1st Cir. 2005) *cert. denied* 126 S.Ct. 715 (2005). (Exhibits C, D).

28. The PA and PLO have refused to satisfy Plaintiffs' Judgment, and have informed the Ungars' trial counsel that they "will never pay" the Judgment.

29. On April 21, 2005, Plaintiffs domesticated their Judgment pursuant to CPLR § 5402 by filing it in the office of the Clerk of the County of New York and the Judgment was then entered in this Court as Index Number 105521/05. (Exhibit E).

**B.   The PA and PLO Hold and Manage Their Assets Under Various Aliases and Pseudonyms**

30. Upon information and belief, for at least thirty years and until the present day, significant assets of the PLO have been managed and controlled by Mohammed Rashid (a/k/a Mohammed Rachid a/k/a Khaled Salaam) (hereinafter: "Rashid").

7

31. Upon information and belief, for at least thirty years and until the present day, Rashid has served as a chief financial advisor for the PLO and its leadership.

32. Upon information and belief, since the establishment of Defendant PA in 1994 and until the present day, significant assets of the PA have been managed and controlled by Rashid.

33. Upon information and belief, since the establishment of Defendant PA in 1994 and until the present day, Rashid has served as a chief financial advisor for the PA and its leadership.

34. Upon information and belief, the PA, PLO and Rashid have systematically held and managed the PA's and PLO's assets under various fictitious names and aliases in order to hide the PA's and PLO's involvement in financial activities from parties who would not otherwise do business with them, and to shield the financial activities and assets of the PA and PLO from law-enforcement and tax authorities and from creditors such as the instant Plaintiffs.

35. Upon information and belief, in order to achieve the goals described in the preceding paragraph, the PA, PLO and Rashid hold and manage the PA and PLO's assets under fictitious names and aliases specifically designed to create an impression of legitimacy, respectability and innocence.

36. Upon information and belief, the fictitious names and aliases used by the PA, PLO and Rashid and referred to in the preceding paragraph include, for example, names falsely connoting charities, social service/welfare funds, or prestigious commercial enterprises.

37. Thus, as just one of many possible examples, the Israeli Supreme Court found that assets held in the name of a putative charity called the "Palestine Martyrs Works Society" were in fact the property of the PLO. See H.C.J. 574/82 *Al-Nawar v. Minister of Defense*, Israel Supreme Court Decisions Vol. XXXIX(3) 449.

38. Likewise as another example, upon information and belief, shortly after the establishment of the PA, the PA and Rashid began to divert PA assets to investments held under the name "Palestine Commercial Services Company," which contrary to its business-like, respectable-sounding name, actually served as a slush-fund for PA leader Yasser Arafat and Rashid.

### C. Defendant PALESTINIAN AUTHORITY Owns Securities and Debt Instruments Held in New York

39. Upon information and belief, in late 1994, Defendant PA and Rashid began to manage, invest and hold PA assets using the fictitious names "Palestinian Pension Fund of the State Administrative Employees" and "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," or similar permutations of those names.

40. Upon information and belief, the names "Palestinian Pension Fund of the State Administrative Employees" and "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," or similar permutations thereof, do not denote entities with any legal, juridical or factual existence.

41. Upon information and belief, the names "Palestinian Pension Fund of the State Administrative Employees" and "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," or similar permutations thereof, are fictitious names invented and used by Defendant PA and Rashid to shield the PA assets held under those names from creditors, law enforcement agencies and tax authorities, and to mislead banks, brokerages and other financial and/or investment institutions which would not otherwise hold, handle or invest those assets.

42. Upon information and belief, all assets held under the fictitious names "Palestinian Pension Fund of the State Administrative Employees" and "Palestinian Pension

Fund for the State Administrative Employees of the Gaza Strip," or similar permutations of those names, are the sole and exclusive property of Defendant PA.

43. Upon information and belief, at an unknown time after 1994, Defendant PA and Rashid opened accounts at a Zurich branch of Credit Suisse Asset Management and/or Credit Suisse First Boston (respectively hereafter "Zurich Accounts" and "Credit Suisse").

44. Upon information and belief, the Zurich Accounts are titled to Defendant PA.

45. Upon information and belief, Defendant PA falsely informed Credit Suisse that the beneficiaries of the Zurich Accounts and the funds deposited and/or held therein are fictitious and non-existent "pension funds" named the "Palestinian Pension Fund of the State Administrative Employees" and/or the "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip."

46. Upon information and belief, at an unknown date or dates after 1994, Defendant PA deposited funds equaling many tens of millions of dollars into the Zurich Accounts.

47. Upon information and belief, all funds deposited and/or held in the Zurich Accounts at any time are the sole and exclusive property of Defendant PA.

48. Upon information and belief, the Zurich Accounts are controlled by Defendant PA.

49. Upon information and belief, beginning at an unknown date or dates subsequent to 1994, Defendant PA and Rashid began to use the PA funds in the Zurich Accounts to purchase investments in United States, including securities and debt instruments.

50. Upon information and belief, Swiss American Securities, Inc. ("SASI") is a securities custodian and brokerage firm with headquarters at 12 East 49th Street New York, New York.

51. Upon information and belief, the PA and Rashid used the PA funds in the Zurich Accounts to purchase a large portfolio of securities and debt instruments owned by the PA and held by SASI.

52. In May, 2005, Plaintiffs served SASI with an Information Subpoena and Restraining Notice pursuant to CPLR § 5222 ("Exhibit F").

53. In response to Plaintiffs' Information Subpoena and Restraining Notice of May 2005, SASI first submitted to Plaintiffs' counsel, in May 2005, "Verified Answers in Connection With Information Subpoena" which listed only 3 securities of *de minimis* value which SASI claimed were purchased by the "Palestinian Pension Fund." (Exhibit G).

54. Subsequently, and inexplicably, SASI sent Plaintiffs' counsel in December 2005 an "Amended Verified Answers in Connection With Information Subpoena" ("SASI's Amended Verified Answers") (Exhibit H).

55. SASI's Amended Verified Answers lists over 250 additional securities and debt instruments in SASI's possession, none of which were listed in SASI's original Verified Answers.

56. In its Amended Verified Answers, SASI obscurely states that it "has been informed" that the securities and debt instruments in SASI's possession and listed therein "belong to an entity called the Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip." Exhibit H, p. 3.

57. Upon information and belief, there is no entity with legal, juridical or factual existence called the "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip."

58. Upon information and belief, the "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" is a fictitious name invented and used by Defendant PA as an alias for itself.

11

59. Upon information and belief, the securities and debt instruments detailed in SASI's Amended Verified Answers were purchased with funds from the Zurich Accounts.

60. Upon information and belief, the securities and debt instruments detailed in SASI's Amended Verified Answers are the sole and exclusive property of Defendant PA.

61. Accordingly, Plaintiffs have filed a petition for turnover of the securities and debt instruments held by SASI.

### D. Defendant THE INSURANCE AND PENSION FUND Has Asserted a Claim to the Securities and Debt Instruments Owned by the PA and Held by SASI

62. Upon information and belief, in December 2005, Defendant THE INSURANCE AND PENSION FUND ("IPF") filed a motion in this Court seeking to vacate the Restraining Notice served by Plaintiffs on SASI ("Motion to Vacate").

63. Upon information and belief, in its Motion to Vacate, the IPF asserts that it is a pension and insurance fund established by and operating pursuant to an Egyptian statute (as subsequently modified by Israeli military orders and enactments of the PA) in areas under the jurisdiction of Defendant PA.

64. Upon information and belief, in its Motion to Vacate, the IPF asserts that it owns the securities and debt instruments which SASI holds and which SASI "has been informed" belong to the "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip."

65. Upon information and belief, in its Motion to Vacate, the IPF asserts that, in addition to the name "The Insurance and Pension Fund" it is also known by the name "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip."

66. Upon information and belief, in its Motion to Vacate, the IPF asserts that, in addition to the names "The Insurance and Pension Fund" and "Palestinian Pension Fund for

the State Administrative Employees of the Gaza Strip," the IPF is also known by the name "Palestinian Pension Fund of the State Administrative Employees."

67. Thus, upon information and belief, in its Motion to Vacate, the IPF asserts that the name "The Insurance and Pension Fund," the name "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," and the name "Palestinian Pension Fund of the State Administrative Employees" are fully interchangeable synonyms, all of which refer to Defendant IPF.

68. Upon information and belief, the claim by the IPF in its Motion to Vacate, that the names "The Insurance and Pension Fund," "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" and "Palestinian Pension Fund of the State Administrative Employees" are all synonyms for Defendant IPF, is absolutely false.

69. Upon information and belief, Defendant IPF is not and never has been known by the names "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" or "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip," and those names do not and never have referred to Defendant IPF.

70. Upon information and belief, Defendant IPF has no rights to the securities and debt instruments held by SASI.

71. Upon information and belief, the legal name of Defendant IPF as provided in local law is "The Insurance and Pension Fund" so that the manner in which the Defendant IPF identified itself in its motion, "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" was inaccurate and misleading; the Defendant should have identified itself as "The Insurance and Pension Fund."

72. Upon information and belief, Defendant IPF identified itself in the caption of its Motion to Strike as "Palestinian Pension Fund for the State Administrative Employees of the Gaza Strip" in order to mislead the Court.

73. Upon information and belief, the Motion to Vacate filed by Defendant IPF and the assertions made therein constitute an attempt to mislead the Court and to unlawfully prevent the Plaintiffs from enforcing their Judgment against assets of Defendant PA.

## AS AND FOR PLAINTIFFS' CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

74. Plaintiffs repeat and re-allege each of the foregoing allegations with the same force and effect as if it were more fully set forth herein.

75. Plaintiffs are judgment-creditors of Defendant PA.

76. SASI holds securities and debt instruments that are the property of Defendant PA.

77. Plaintiffs have served a Restraining Notice preventing SASI from releasing the securities and debt instruments it holds, and have filed a petition for turnover of those securities and debt instruments.

78. Defendant IPF has filed a motion falsely asserting that the securities and debt instruments held by SASI are the property of the IPF, and seeking to vacate Plaintiffs' Restraining Notice.

79. By reason of the foregoing, Plaintiffs are entitled to a declaratory judgment pursuant to CPLR § 3001 establishing that the securities and debt instruments held by SASI and listed in its Amended Verified Answers are the sole property of Defendant PA, and that Defendant IPF has no rights to those securities and debt instruments.

WHEREFORE, Plaintiffs respectfully demand an order and judgment pursuant to CPLR § 3001:

a) Declaring, establishing and decreeing that the securities and debt instruments held by SASI and listed in its Amended Verified Answers are the sole property of Defendant PA;

14

   b)  Declaring, establishing and decreeing that Defendant IPF has no rights to the securities and debt instruments held by SASI and listed in its Amended Verified Answers;

   c)  Awarding Plaintiffs their costs, expenses, disbursements and attorney's fees in connection with this proceeding; and

   d)  Granting such other and further relief as is just, proper and equitable under the circumstances.

Dated: New York, New York,
   February 14, 2005

               Respectfully submitted,

               LAW OFFICE OF JAROSLAWICZ & JAROS
               *Attorneys for the plaintiffs*

               by: _____

               Robert J. Tolchin
               Of counsel

               150 William Street, 19th floor
               New York, New York 10038
               (212) 227-2780

               and

               David J. Strachman, Esq.
               McIntyre, Tate, Lynch & Holt, LLP
               *Attorneys for the plaintiffs*
               321 South Main Street, Suite 400
               Providence, RI 02903
               (401) 351-7700

## VERIFICATION

Robert J. Tolchin, an attorney for the plaintiffs in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

He has read the foregoing COMPLAINT and knows the contents thereof to be true to his own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

He further states that the source of this information and the grounds for his belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiffs herein.

He further states that the reason this affirmation is not made by the plaintiff is that at the time the complaint was being prepared, the plaintiff was not found to be within the County of New York, which is the county where the attorney for the plaintiff herein maintains his office.

Dated: New York, New York
February 14, 2006

_____
Robert J. Tolchin

*Law Offices of*
**JAROSLAWICZ & JAROS**

---

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THE ESTATE OF YARON UNGAR by and through its
Administrator, DAVID STRACHMAN; DVIR UNGAR,
minor, by his guardians and next friends, YISHAI UNGAR, minor,
by his guardians and next friends, PROFESSOR MEIR UNGAR;
JUDITH UNGAR; individually and in their capacity as legal
guardians of Petitioners DVIR UNGAR and YISHAI UNGAR;
RABBI URI DASBERG, JUDITH DASBERG, in their capacity as
legal guardians of Petitioners DVIR UNGAR and YISHAI UNGAR;
AMICHAI UNGAR; DAFNA UNGAR; and MICHAEL COHEN,
AMICHAI UNGAR; DAFNA UNGAR; AND MICHAEL COHEN,

Plaintiffs,

-against-

THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian
National Authority") (d/b/a "Palestinian Pension Fund of the
State Administrative Employees" and/or "Palestinian Pension
Fund for the State Administrative Employees of the Gaza
Strip"); and THE INSURANCE AND PENSION FUND,

Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

*Law Offices of*
**JAROSLAWICZ & JAROS**
*Attorneys for Plaintiff*
**150 William Street - 19th Floor
New York, New York 10038
(212) 227-2780**