# Exhibit R

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------- x

In the matter of the Application of:

THE ESTATE OF YARON UNGAR, et al.,

    Petitioners,

For an order and judgment pursuant to CPLR §§ 5225 and 5228

-against-

SWISS AMERICAN SECURITIES, INC.,

    Respondent.

--------------------------------------------------------------- x

AT I.A.S. PART _____ OF THE SUPREME COURT OF THE STATE OF NEW YORK, HELD IN AND FOR THE COUNTY OF NEW YORK, AT THE COUNTY COURT HOUSE THEREOF, ON _____

Index No. 102106/06

## [PROPOSED] ORDER REGARDING THE MANAGEMENT OF ASSETS BEING HELD IN A CUSTODIAL ACCOUNT AT SWISS AMERICAN SECURITES INC.

WHEREAS, on July 13, 2004, the United States District Court for the District of Rhode Island (the "Rhode Island District Court") entered judgments in favor of the Plaintiffs-Judgment Creditors against, *inter alia*, The Palestinian Authority (the "Palestinian Authority") and the Palestine Liberation Organization (the "PLO" and, collectively with the Palestinian Authority, the "Judgment Debtors") in *Estate of Ungar v. The Palestinian Authority, et al.*, 00-CV-105 (D.R.I.) (the "Judgments"); and

WHEREAS, on May 5, 2005, the Rhode Island District Court issued an Injunction prohibiting the Palestinian Authority and the PLO, and their "officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them or acting on their behalf and or in active concert and participation with them" from, *inter alia*, "withdrawing, selling, transferring . . . or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and The Palestine

ny-683903

Liberation Organization however titled . . . located within the jurisdiction of the United States or of any State thereof" (the "Injunction") (a copy of the Injunction is attached as Exhibit A); and

WHEREAS, copies of the Injunction and a separate Notice of Injunction Pursuant to Fed. R. Civ. P. 65(d), dated May 6, 2005 (the "Notice of Injunction") were served by Plaintiffs-Judgment Creditors on various entities (a copy of the Notice of Injunction is attached hereto as Exhibit B); and

WHEREAS, on or about April 21, 2005, Plaintiffs-Judgment Creditors domesticated the Judgments in New York pursuant to C.P.L.R. § 5402, under the Index No. 105521/05 and proceeded to serve information subpoenas and restraining notices (the "Restraining Notices") on various entities; and

WHEREAS, Non-Party The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip had retained Equinox Capital Management, LLC; Eagle Capital Management, LLC; Awad & Associates, Brandywine Asset Management, Inc. and Pacific Income Advisors pursuant to separate Discretionary Investment Advisory Agreements to act as investment managers and to actively manage some of or all of the assets of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip by, *inter alia*, buying or selling securities and engaging in hedging strategies in the normal course of business and substantially in compliance with The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip's investment guidelines, as amended from time to time (the "Investment Managers"); and

WHEREAS, the entities that have been served with the Injunction, the Notice of Injunction and/or the Restraining Notices include, but are not limited to, the following:

ny-683903

2

(a) Swiss American Securities Inc. ("SASI"), which is holding certain assets for the benefit of "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip," as identified by SASI in its Amended Verified Answers in Connection With Information Subpoena, dated December 6, 2005 (the "Assets"); and

(b) Smith Barney, a division of Citigroup Global Markets, Inc. ("Smith Barney"), which had been retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip to act as an investment advisor with respect to, *inter alia*, the Assets; and

(c) some or all of the Investment Managers that were managing, *inter alia*, the Assets; and

WHEREAS, following receipt of the Injunction, Notice of Injunction and Restraining Notice, SASI froze the Assets and the Investment Managers informed The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip that they were no longer able to fulfill their responsibilities under their respective Discretionary Investment Advisory Agreement with respect to the Assets; and

WHEREAS, on February 21, 2006, the Plaintiffs-Judgment Creditors caused a Sheriff's Levy and Execution to be served on SASI commanding SASI to turn over any assets belonging to the Palestinian Authority and/or the PLO to the Sheriff of the City of New York (the "Sheriff's Levy"); and

WHEREAS, on March 2, 2006, Plaintiffs-Judgment Creditors filed a motion, brought by Order to Show Cause, in a related turnover proceeding, Index No. 102106/06 (the "Turnover Proceeding"), seeking an order directing SASI, *inter alia*, "to continue managing and investing

the assets held by [SASI] which are currently the subject of a Restraining Notice, a Sheriff's Levy of Execution and the within Turnover Proceeding," (the "Asset Management OSC"); and

WHEREAS, on March 6, 2006, Plaintiffs-Judgment Creditors withdrew the Restraining Notice served upon SASI; and

WHEREAS, at the March 7, 2006 hearing regarding various motions in this proceeding, Plaintiffs-Judgment Creditors, SASI and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip entered into a stipulated agreement on the record relating to the management of the Assets pending resolution by this Court of the enforcement proceedings before it relating to the Assets.

IT IS HEREBY ORDERED THAT:

1. The Investment Managers (and/or any other investment manager retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future) are authorized and permitted to actively manage the Assets. Actively managing these Assets means that an Investment Manager, whenever it deems appropriate and without prior consultation, may buy, sell, trade, transfer, exchange, convert, liquidate or otherwise trade in any stock and in any other securities (including money market instruments) with or to third parties consistent with that Investment Manager's Discretionary Investment Advisory Agreement with The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip.

2. SASI is permitted to take whatever steps are commercially reasonable and necessary to perform its custodial role with respect to the Assets, including, but not limited custody, execution and clearance functions.

3. Smith Barney (and/or any other investment advisor retained by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in the future) is

permitted to advise The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip in connection with the management of the Assets.

4. Notwithstanding Paragraphs 1, 2 and 3 above, this Order shall not permit the Investment Managers, SASI or any other person or party to transfer, pay out and/or release to (i) The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (including any of its agents, representatives and/or affiliates) or (ii) The Palestinian Authority and/or The Palestine Liberation Organization (including any of their respective agents, representatives and/or affiliate) any of the Assets, including any profits, proceeds and/or returns thereon; *provided, however*, that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is authorized and permitted to use the Assets or portions thereof to pay the fees and expenses of the Investment Managers and/or Smith Barney in connection with their work on behalf of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip with respect to those Assets.

5. The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is not, and shall not be construed to be, admitting and/or conceding that the Judgment Debtors have any interest in the Assets, are entitled to possession of the Assets or that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip is in any way answerable for the Judgments.

6. Plaintiffs-Judgment Creditors are not, and shall not be construed to be, admitting and/or conceding that the Assets belong to The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip and/or that The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip has any interest therein.

7. Other than expressly set forth above, Plaintiff-Judgment Creditors, SASI and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip expressly reserve all rights, claims and defenses, and shall not be deemed to have waived any rights, claims or defenses.

ENTER:

SHIRLEY WERNER KORNREICH
J.S.C.

Dated: 5/18/06