## CERTIFICATE

I, James R. Tanenbaum, counsel to the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (the Pension Fund"), certify on behalf of the Pension Fund as follows:

1.  Attached hereto as Exhibit A are true, correct and complete copies of resolutions adopted by the Pension Fund's board of directors (the "Board of Directors") on January 8, 2004. Such resolutions have not been in any way amended, rescinded or modified since their adoption and remain in full force and effect as of the date hereof, which resolutions are the only resolutions adopted by the Board of Directors relating to the composition of the Board of Directors and the authorized signatories to the account opened and operated in the name of the Pension Fund with Credit Suisse First Boston, Zurich, Switzerland.

2.  The Pension Fund is a defined benefit pension plan covering primarily civil service employees (and others) in the Gaza Strip. The Pension Fund is an entity with no legal personality. The Pension Fund as presently structured is operated pursuant to a series of agreements and protocols negotiated between the Government and the State of Israel and the Palestinian Authority, including the (i) Implementation Agreement between the Government and the State of Israel and the Palestinian Authority dated November 9, 1994, as amended by an Amendment to the Implementation Agreement dated March 31, 1997, and (ii) the Implementation Agreement among the Government of the State of Israel, the Palestinian Authority and the Pension Fund dated December 30, 1994, copies of which are attached hereto as Exhibit B.

IN WITNESS WHEREOF, I have executed this certificate as of April 19, 2005.

James R. Tanenbaum
Partner, Morrison & Foerster LLP

NY2-612634

**CONFIDENTIAL MATERIAL** **PPF 0019051**

## EXHIBIT A

[Executed copy previously provided.]

NY2-612634

CONFIDENTIAL MATERIAL

## MINUTES OF A MEETING OF
## THE BOARD OF DIRECTORS OF THE
## PALESTINIAN PENSION FUND
## OF THE STATE ADMINISTRATIVE EMPLOYEES

A meeting of the Board of Directors (the "Board") of the Palestinian Pension Fund of the State Administrative Employees (the "Pension Fund") was held pursuant to notice duly given on January 8, 2004. The following directors were present in person or by conference telephone (constituting all of the members of the Board): Mr. Freih Abu Meddain, Mr. Mohamed Z. Alnashashibi, Mr. Saab Erikat, Mr. Mohamed Abu Sharia and Mr. Farouk El-Afranji. Mr. Abu Meddain acted as Chairman of the meeting and Mr. Mohamed B. Rachid acted as Secretary of the meeting. The meeting was called to order and the existence of a quorum was confirmed.

The first order of business was to ratify all actions previously taken by the directors of the Board and other persons appointed to act on behalf of the Pension Fund from the inception of the Pension Fund up to and including the date hereof. After discussion, the following resolution was duly made, seconded and unanimously adopted:

> RESOLVED, that any and all acts, transactions, agreements or documents previously signed by any director of the Board or other person appointed to act on behalf of the Pension Fund, from the inception of the Pension Fund up to and including the date hereof, be, and they hereby are, in all respects approved and ratified as the true acts and deeds of the Pension Fund with the same force and effect as if such act, transaction, agreement or document had been specifically authorized in advance by resolution of the Board, and that the authorized director or other person appointed to act on behalf of the Pension Fund did execute the same. The authority of such director or other person appointed to act on behalf of the Pension Fund to execute and deliver the same on behalf of the Pension Fund and to do such further acts and things shall be conclusively evidenced by the execution and delivery thereof by such director or other person appointed to act on behalf of the Pension Fund or the taking of any such action.

The Board then discussed certain management changes. After discussion, the following resolutions were duly made, seconded and unanimously adopted:

> RESOLVED, that the Board accept the resignations, to be effective as of the close of business on January 8, 2004, of Mr. Abu Meddain, Mr. Alnashashibi, Mr. Erikat and Mr. Abu Sharia, constituting all of the directors of the Board other than Mr. El-Alfranji; and

> FURTHER RESOLVED, that the Board elects Dr. Salam Fayyad to fill a vacancy created by such resignations, to be effective as of the close of business on January 8, 2004; and

NY2-506471

CONFIDENTIAL MATERIAL

PPF 0019053

FURTHER RESOLVED, that the Board agrees and acknowledges that it will approve the filling of the vacancies created by such resignations, that one director each shall be proposed for election to the Board by the Ministry of Justice, the Ministry of Local Government, the Civil Service Bureau and the Association of Retired Employees, and that such candidates will be proposed for election as promptly as possible; and

FURTHER RESOLVED, that the Board appoint Dr. Fayyad as Chairman and Mr. El-Alfranji as Deputy Chairman of the Board; and

FURTHER RESOLVED, that each of Dr. Fayyad and Mr. El-Alfranji be, and hereby are, authorized and empowered to sign jointly, on behalf of the Pension Fund, any custodial or other agreement, and any ancillary documents related thereto, with Credit Suisse First Boston, Zurich, Switzerland (the "Bank"), and are authorized, empowered and directed to take any and all actions, and to execute and deliver any and all documents and instruments, in the name of, and on behalf of, the Pension Fund, as they may deem necessary or convenient in connection with (i) the engagement of the Bank to perform, and the performance of, custodial services with respect to the Pension Fund, including but not limited to all documents necessary to comply with the requirements of the Bank and relevant Swiss law, and (ii) the account opened and operated in the name of the Pension Fund (the "Pension Account") with the Bank; and

FURTHER RESOLVED, that Dr. Fayyad as Chairman and Mr. El-Alfranji shall be authorized to act jointly:

- to select, retain, discharge, replace and add from time to time, investment counselors, investment managers, actuaries and benefit consultants ("Service Providers") to provide services to the Pension Fund and to enter into agreements or contracts for the employment or retention of Service Providers on behalf of the Pension Fund; and

- as signatories on the Pension Account with the Bank, to make, sign, draw, accept, endorse, execute and deliver any and all checks, drafts, bills, notes, acceptances, evidences of indebtedness, or orders for payment which shall be charged or credited to the Pension Account according to the terms of such instrument and to engage in banking activities commensurate with and to the benefit of the Pension Fund, and such signing authority on behalf of the Pension Fund supercedes all prior signing authority granted on behalf of the Pension Fund; and

CONFIDENTIAL MATERIAL

PPF 0019054

- to review and audit all investment accounts of the Pension Fund, including the Pension Account, and to approve or disapprove of any kind of investment of the funds in the Pension Account; and

- to represent the Pension Fund in all respects without limitation vis-à-vis the Bank in connection with the engagement of the Bank to perform, and the performance of, custodial or other services provided by the Bank with respect to the Pension Fund; and

- (i) to receive all periodical reports, receive prior notice of any proposed investment of the Pension Account and obtain reports of performance, (ii) to negotiate extensions, renewals or cancellation of contracts and to make relevant decisions and take appropriate actions to achieve such extensions, renewals or cancellations, and (iii) to authorize the legal advisor of the Palestinian National Authority, James R. Tanenbaum, Esq., and/or any other experts to attend to meetings along with Dr. Fayyad or Mr. El-Alfranji, to participate in discussion and to have full access to any and all documents; and

- to take any and all actions, and to execute and deliver any and all documents and instruments, in the name of, and on behalf of, the Pension Fund, as Dr. Fayyad or Mr. El-Alfranji may deem necessary or convenient in connection with carrying out the intent of the foregoing resolutions.

The next order of business was the confirmation, ratification and approval of the legal advisor and the auditor of the Pension Fund. After discussion, the following resolution was duly made, seconded and unanimously adopted:

RESOLVED, that the Board confirms, ratifies and approves the appointment of Morrison & Foerster LLP as the legal advisor of the Pension Fund and Deloitte & Touche LLP as the independent auditors of the Pension Fund.

NY2-506471

3

PPF 0019055

There being no further business to come before the meeting, upon motion duly made and seconded, the meeting was adjourned.

Respectfully submitted,

_____
Mohamed B. Rachid
Acting Secretary

CONFIDENTIAL MATERIAL                    PPF 0019056

**EXHIBIT B**

NY2-612634

CONFIDENTIAL MATERIAL

PPF 0019057

n.94-80000



Implementation Agreement Concerning the Pension Fund of the Civil
Administration Employees in the Gaza Strip

between

THE GOVERNMENT OF THE STATE OF ISRAEL

and

THE PALESTINIAN AUTHORITY

In order to implement the provisions of paragraph 16 of Annex II of the
Agreement of the Gaza Strip and Jericho Area signed in Cairo on May 4,
1994, the parties have agreed as follows:

1.  The net income of the Pension Fund of the employees of the Civil
    Administration in the Gaza Strip as accumulated up to the date of
    the Cairo Agreement is 430,456,653.25 NIS (Four hundred and thirty
    million four hundred and fifty six thousand and fifty three New
    Israeli Shekals and twenty five agorot).

2.  The aforesaid accumulated sum will be transferred by Israel
    before December 31, 1994 to a special bank account designated by
    the Palestinian Authority for the Pension Fund for these
    employees, which was transferred to the responsibility of
    the Palestinian Authority.

    The details of the bank account designated for this purpose are
    *EURO-TRADE BANK LIMITED- Account № 4034.55 /the PALESTINIAN Authority—*

    The Palestinian Authority declares that the final account for the
    Pension Fund for these employees is as follows:

    BANK OF NEW YORK
    ABA # 021000018
    A/C Morgan Stanley & Co.
    A/C #8900036354
    FFC # 30-81349-1

3.  The Palestinian Authority undertakes to use the Fund so
    transferred only for the purpose of payments of pensions and
    severance compensations, as due, to those Palestinians who were
    employed by the Civil Administration and from whose wages pension
    insurance deduction were made and accumulated in the Fund.

    The details of these employees and of those who are already
    receiving pension from the Fund are listed in the schedule
    attached to this Agreement.

4.  The Palestinian Authority declares that it has chosen Morgan
    Stanley Investment Management Inc. as the investment manager for
    the Pension Fund mentioned in paragraph 2. The investment manager
    will transfer monies accruing from the above mentioned account and
    from their investment only to bank accounts of that Pension Fund.

CONFIDENTIAL MATERIAL                                                    PPF 0019058

-2-

If the Palestinian Authority or the Fund will wish to change the investment manager, it will give Israel a prior notice of 30 days and will not chose a manager that Israel will object to for reasonable cause.

5.  Upon the transfer of the sum mentioned in paragraph 1 to the account mentioned in paragraph 2 the Palestinian Authority and the Fund established by it assume full responsibility to the Civil Administration statutory and contractual obligations to the Palestinian employees mentioned in paragraph 3 regarding pension and severance compensation and their payment, and releases Israel from any such responsibility.

The Palestinian Authority takes upon itself to notify each of the employees and pension receivers listed in the schedule that it has assumed the responsibility as aforesaid and to make the legally required arrangements related thereto.

If Israel will be sued by any such employee or his/her heirs for any sum due to him/her as a pension or severance compensation, the Palestinian Authority shall reimburse Israel the full amount awarded the employee or his/her heirs by any court or tribunal, and Israel may deduct that amount from any monies it owes to the Palestinian Authority. Where legal proceedings are brought in respect of such a claim, Israel will notify the Palestinian Authority and enable it to participate in defending the claim.

Done on  9·11·      1994

_____
The Government of Israel

_____
The Palestinian Authority

Morgan Stanley Asset Management, Inc. hereby confirms that it has agreed to serve as investment manager for the Pension Fund mentioned in paragraph 2 above, and that it will transfer the monies accrued from the account mentioned in paragraph 2 above and from their investment only to bank accounts of that Pension Fund, *as designated by the Palestinian Authority, as limited by paragraph 3 of the Agreement between Morgan Stanley Asset Management and the Palestinian Authority, copy attached.*

_____
Morgan Stanley Asset Management, Inc.

**CONFIDENTIAL MATERIAL**

PPF 0019059



JX-94-40000

## Implementation Agreement Concerning the Pension Fund of the Civil Administration Employees in the Gaza Strip

### between

## THE GOVERNMENT OF THE STATE OF ISRAEL

### and

## THE PALESTINIAN AUTHORITY

### and

## THE PENSION FUND OF THE STATE ADMINISTRATIVE EMPLOYEES

In order to implement the provisions of paragraph 16 of Annex II of the Agreement of the Gaza Strip and Jericho Area signed in Cairo on May 4, 1994, the parties have agreed as follows:

1.      The net income of the Pension Fund of the employees of the Civil Administration in the Gaza Strip as accumulated up to the date of the Cairo Agreement is 430,456,653.25 NIS (Four hundred and thirty million four hundred and fifty six thousand and fifty three New Israeli Shekels and twenty five agorot).

2.      The responsibility for the Pension Fund is transferred to the Palestinian Authority. The Palestinian Authority will receive from the authorized representatives of the employees their written consent to the transfer of the monies accumulated for the pension rights in the Civil Administration to the Pension Fund of the State Administrative Employees (hereinafter – the Pension Fund) and will give Israel a copy of that consent.

        The Palestinian Authority takes upon itself to notify each of the employees and pension receivers listed in the schedule mentioned in paragraph 5 below that it has assumed the responsibility as aforesaid and to make the legally required arrangements related thereto.

3.      Before December 31, 1994, Israel will transfer the aforesaid accumulated sum mentioned in paragraph 1 above to a special bank account designated by the Palestinian Authority for the Pension Fund for this purpose.

        The details of the bank account are:
                EURO-TRADE-BANK Limited
                Tel-Aviv, Israel
                Account # 407465

        for further transfer to:
                BANK OF NEW YORK
                ABA # 021000018
                A/C  Morgan Stanley & Co.
                A/C # 8900038354
                FFC # 30-81349-1

**CONFIDENTIAL MATERIAL**

PPF 0019060

4.    The Palestinian Authority and the Pension Fund undertake to invest the monies of the Fund in a manner that will retain their real value and produce a yield for the benefit of the Pension Fund and the employees and pension receivers.

5.    The Palestinian Authority and the Pension Fund undertake to use the sum so transferred and the monies accruing from their investment only for the purpose of payments of pensions and severance compensations, as due, to those Palestinians who were employed by the Civil Administration and from whose wages pension insurance deductions were made and accumulated in the Pension Fund.

The details of these employees and of those who are already receiving pension from the Pension Fund are listed in the schedule attached to this Agreement.

6.    Upon the transfer of the sum mentioned in paragraph 1 to the account mentioned in paragraph 3 the Palestinian Authority and the Pension Fund assume full responsibility to the Civil Administration statutory and contractual obligations to the Palestinian employees mentioned in paragraph 5 regarding pension and severance compensation and their payment, and release Israel from any such responsibility.

If Israel will be sued by any such employee or his/her heirs for any sum due to him/her as a pension or severance compensation, the Palestinian Authority shall reimburse Israel the full amount awarded the employee or his/her heirs by any court or tribunal, and Israel may deduct that amount from any monies it owes to the Palestinian Authority.  Where legal proceedings are brought in respect of such a claim, Israel will notify the Palestinian Authority and the Pension Fund, and enable them to participate in defending the claim.

Done on _____ 1994

The Government of Israel
Devid Bodet

The Pension Fund
Hamed EL ALAJ.

The Palestinian Authority
Jamil ECTARIFI

CONFIDENTIAL MATERIAL

PPF 0019061



n.97-7530 Ⓒ

Amendment to the Agreement Concerning the Pension Fund of the Civil
Administration Employees in the Gaza Strip

between

THE GOVERNMENT OF THE STATE OF ISRAEL

and

THE PALESTINIAN COUNCIL

and

THE PENSION FUND OF THE STATE ADMINISTRATIVE EMPLOYEES

WHEREAS the Palestinian Council informed The State of Israel of the
termination of the agreements between Morgan Stanley Asset Management
Inc., Morgan Stanley & co. Incorporated and the Palestinian Council
concerning the Palestinian Pension fund, and In order to accomplish the
implementation of the agreement signed on 9/11/94 (hereinafter: "the
previous agreement"), it has been agreed by the parties as follows:

1.  The remaining sum to be transferred by Israel according the
    previous agreement amounts to 299,718,793 NIS, including the
    interest accrued upon it until 19.3.97. Any additional interest
    which accrued from the said date shall be included in the
    transfer.

2.  The aforesaid sum will be transferred by Israel, within 8
    business days of the signing of all the relevant documents , to
    the Palestinian Pension Fund bank account no. -883237-3 / G 457
    held in Credit Suisse, Headoffice, Zurich, Switzerland, which
    designated by the The Palestinian Council for the Pension Fund of
    the employees of the Civil Administration in the Gaza Strip that
    was transferred to the responsibility of the Palestinian Council.

    Original documents relating to the opening of the aforesaid bank
    account and concerning the authorized signatories have been
    presented to the Government of Israel before the signing of this
    agreement.

3.  The Palestinian Council undertakes to use the Fund so transferred
    only for the purpose of payments of pensions and severance
    compensations, as due, to those Palestinians, who were employed by
    the Civil Administration in the Gaza Strip and from whose wages
    pension insurance deduction were made and accumulated in the Fund,
    or their kins.

4.  The Palestinian Council declares that it has chosen Belesta Asset
    Management AG as the investment manager for the Pension Fund
    mentioned in paragraph 2.

    Transfers from the above account may only take place in favor of

D. G.

CONFIDENTIAL MATERIAL

PPF 0019062

accounts held in the name of the Palestinian Pension Fund of the Civil Administration in the Gaza Strip.

5.  Upon the transfer of the sum mentioned in paragraph 1 to the account mentioned in paragraph 2 the Palestinian Council and the Pension Fund established by it assume full responsibility to the Civil Administration statutory and contractual obligations to the Palestinian employees mentioned in paragraph 3 regarding pension and severance compensation and their payment, and release Israel from any such responsibility.

The Palestinian Council takes upon itself to notify each of the employees and pension receivers listed in the schedule that it has assumed the responsibility as aforesaid and to make the legally required arrangements related thereto.

If Israel will be sued by any such employee or his/her kins for any sum due him/her as a pension or severance compensation, the Palestinian Council shall reimburse Israel the full amount awarded the employee or his/her heirs by any court or tribunal, and Israel may deduct that amount from any monies it owes to the Palestinians Council. Where legal proceedings are brought in respect of such a claim, Israel will notify the Palestinian Council and enable it to participate in defending the claim.

6.  The aforesaid shall not detract, in any way, from the provisions of the Previous Agreement, unless explicitly provideded in this Agreement.

Done on 31-3-1997

The Government of Israel.                    The Palestinian Council.

Belesta Asset Management AG hereby confirms that it has agreed to serve as investment manager for the Pension Fund mentioned in paragraph 2 above, and that it will transfer the monies accrued from the account mentioned in paragraph 2 above and from their investment only to bank accounts of that Pension Fund as mentioned in paragraphs 3 and 4 above.

Belesta Asset Management AG
K.Gubler

CONFIDENTIAL MATERIAL