SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x
:
THE ESTATE OF YARON UNGAR by and through   :   Index No. 102101/06
its Administrator, DAVID STRACHMAN, *et al.*,   :
:
                Plaintiffs,   :
    -against-   :
:
THE PALESTINIAN AUTHORITY, *et al.*,   :
:
                Defendants.   :
:
------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT THE PALESTINIAN PENSION FUND
FOR THE STATE ADMINISTRATIVE EMPLOYEES
IN THE GAZA STRIP'S MOTION TO STAY TRIAL**

                      MORRISON & FOERSTER LLP
                      Charles L. Kerr
                      Mark David McPherson
                      Adam Jackson Heintz
                      1290 Avenue of the Americas
                      New York, New York 10104-0050
                      (212) 468-8000

                      *Attorneys for Defendant The Palestinian
                      Pension Fund for the State Administrative
                      Employees in the Gaza Strip*

ny-820944

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.  THIS COURT HAS BROAD DISCRETION TO STAY TRIAL PURSUANT TO C.P.L.R. § 2201 ........................................................................................................ 3

II. TRIAL SHOULD BE STAYED PENDING THE FIRST DEPARTMENT'S RULING ON WHETHER PLAINTIFFS HAVE A RIGHT TO TRIAL BY JURY ........ 3

III. TRIAL SHOULD BE STAYED PENDING THE OUTCOME OF A MOTION TO VACATE DEFAULT JUDGMENT IN THE RHODE ISLAND LITIGATION ...................................................................................................................... 5

    A.   This Action Is Sufficiently Related to the Rhode Island Litigation ........................ 6

    B.   A Stay Is Necessary To Prevent Duplication Of Effort And Waste Of Judicial Resources .................................................................................................. 7

    C.   Denying Stay Would Greatly Prejudice The Pension Fund .................................. 8

IV. STAY WILL BE FOR A DEFINED PERIOD OF TIME DURING WHICH OTHER ASPECTS OF THIS LITIGATION CAN PROCEED ...................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asher v. Abbott Labs.*,
307 A.D.2d 211, 763 N.Y.S.2d 555 (1st Dep't 2003) .......................................... 3, 5, 6

*Barron v. Bluhdorn*,
68 A.D.2d 809, 414 N.Y.S.2d 15 (1st Dep't 1979) .................................................. 8

*Belopolsky v. Renew Data Corp.*,
41 A.D.3d 322, 837 N.Y.S.2d 154 (1st Dep't 2007) ........................................... 3, 6, 7

*Conford Co. v. Fordham Concourse Realty Assocs.*,
No. M-6299, 1985 N.Y. App. Div. LEXIS 51929 (1st Dep't Dec. 18, 1985) .......... 4

*Estate of Ungar v. The Palestinian Authority*,
No. 00-CV-105 (D.R.I.) ....................................................................................... 1, 2, 6

*Goodridge v. Fernandez*,
121 A.D.2d 942, 505 N.Y.S.2d 144 (1st Dep't 1986) .............................................. 7

*Jambrone v. A.J.C. Food Mkt. Corp.*,
No. M-241, 1990 N.Y. App. Div. LEXIS 1118 (1st Dep't Feb. 1, 1990) ............... 4

*Nasa Auto Supplies, Inc. v. 319 Main St. Corp.*,
133 A.D.2d 265, 519 N.Y.S.2d 54 (2d Dep't 1987) ................................................ 8

*Nat'l Mgmt. Corp. v. Adolfi*,
277 A.D.2d 553, 715 N.Y.S.2d 526 (3d Dep't 2000) ........................................... 6, 7

*O'Connor v. Lincoln Metrocenter Partners, L.P.*,
No. M-2755, 1999 N.Y. App. Div. LEXIS 6206 (1st Dep't May 18, 1999) ........... 4

*Trinity Prods., Inc. v. Burgess Steel LLC*,
18 A.D.3d 318, 795 N.Y.S.2d 40 (1st Dep't 2005) ............................................ 5, 6, 8

**STATUTES**

C.P.L.R. § 3001 ............................................................................................................ 2, 7, 9

C.P.L.R. § 2201 ............................................................................................................... 3

**OTHER AUTHORITIES**

David D. Siegel, Practice Commentaries, C3001:3 (1991) ........................................ 7-8

ny-820944

The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (the "Pension Fund" or "Fund") respectfully submits this memorandum of law in support of its motion to stay any trial of this action pending (1) a final determination of the Pension Fund's appeal from this Court's May 7, 2008 order denying its motion to strike Plaintiffs' jury demand, and (2) a final determination of the Palestinian Authority's motion to vacate the underlying default judgment entered in the *Ungar* action, which motion is currently *sub judice* in the United States District Court for the District of Rhode Island.

## PRELIMINARY STATEMENT

In this litigation, Plaintiffs—a family who obtained a default judgment against the Palestinian Authority (the "PA") in separate litigation in Rhode Island—ask this Court to declare that more than $100 million worth of securities and debt instruments owned and controlled by the Pension Fund actually belong to the PA. The PA has made no claim to these assets. Yet Plaintiffs insist that the PA secretly owns the assets, disregarding the rights and expectations of more than 50,000 plan participants and between 5,000 and 6,000 current Pension Fund beneficiaries, whose future pension benefits depend on the preservation of this property.

By Decision and Order entered June 10, 2008 (the "June 10 Order"), this Court denied Plaintiffs' and the Pension Fund's cross-motions for summary judgment and directed that this action now proceed to trial. (McPherson Aff., Ex. C at 2.)[1] Any trial in this action should be stayed, however, pending two developments that may dramatically impact this case—and perhaps obviate the need for a trial at all.

First, on August 4, 2008, the Pension Fund timely perfected its appeal of this Court's Decision and Order, entered May 7, 2008 (the "May 7 Order"), which denied the Fund's motion

---

[1] Citations to "McPherson Aff." refer to the Affidavit of Mark David McPherson, dated August __, 2008, and the exhibits attached thereto.

to strike Plaintiffs' jury demand. (*See* McPherson Aff., Ex. D.) Thus, it remains unresolved whether this case should be tried to a jury or to the Court. Proceeding to trial before the Appellate Division resolves this issue makes no sense: it would be extremely wasteful to conduct a jury trial over the Pension Fund's objections, only to have to retry the case if the May 7 Order is overturned.

Second, on December 28, 2007, the PA filed a motion to vacate the default judgment (the "Motion to Vacate") that was entered on Plaintiffs' behalf in *Estate of Ungar v. The Palestinian Authority*, 00-CV-105 (D.R.I.). (McPherson Aff., Ex. F.) As the Court is aware, this is the underlying judgment that Plaintiffs have been trying to enforce in various proceedings in this and other courts. Should the Rhode Island District Court grant the Motion to Vacate, Plaintiffs would have no "genuine interest" in the question presented by their sole claim for declaratory relief in this action—whether the assets held at Swiss American Securities, Inc. ("SASI") belong to the Pension Fund or the PA. Thus, if the PA's Motion to Vacate is granted, Plaintiffs' basis for prosecuting this declaratory judgment action would cease—it would no longer present a justiciable controversy that is required for declaratory relief under C.P.L.R. § 3001. For similar reasons, the U.S. District Court for the District of Connecticut recently stayed a parallel post-judgment proceeding brought by the Ungars pending a final determination of the PA's Motion to Vacate. (McPherson Aff., Ex. H.)

In short, staying any trial in this action is the only logical way to proceed. Proceeding to trial before resolution of these issues would unnecessarily waste judicial resources and greatly prejudice the Pension Fund. The parameters of the stay sought by the Pension Fund, moreover, are reasonable and finite and would still permit the parties to complete any necessary pre-trial

proceedings in this action. This Court should therefore grant this motion and enter an order staying any trial in the action.

## ARGUMENT

### I. THIS COURT HAS BROAD DISCRETION TO STAY TRIAL PURSUANT TO C.P.L.R. § 2201.

Section 2201 of the C.P.L.R. grants this Court broad discretion to stay an action in a "proper case" and "upon such terms as may be just." A "proper case" exists where issuing a stay furthers the interests of "comity, orderly procedure and judicial economy." *See Asher v. Abbott Labs.*, 307 A.D.2d 211, 763 N.Y.S.2d 555 (1st Dep't 2003). Because proceeding to trial at this time would unduly waste this Court's limited resources, along with those of the parties, and would greatly prejudice the Pension Fund, this Court should stay any trial in this action pending (1) the First Department's determination of the appeal of the May 7 Order, and (2) Rhode Island District Court's determination of the pending motion to vacate the underlying default judgment entered in Rhode Island. *See Belopolsky v. Renew Data Corp.*, 41 A.D.3d 322, 322-23, 837 N.Y.S.2d 154, 155 (1st Dep't 2007); *Asher*, 307 A.D.2d at 211, 763 N.Y.S.2d at 556.

### II. TRIAL SHOULD BE STAYED PENDING THE FIRST DEPARTMENT'S RULING ON WHETHER PLAINTIFFS HAVE A RIGHT TO TRIAL BY JURY.

On August 4, 2008, the Pension Fund perfected its appeal of this Court's May 7 Order in time for it to be heard by the October Term. (*See* McPherson Aff., Ex. D.)[2] Thus, sometime in the next several months, the Appellate Division will decide whether any trial of this action must be held before the Court or before a jury.

Proceeding to trial before the Appellate Division's ruling would be inefficient and wasteful and inconsistent with judicial economy. If trial were to proceed before the Appellate

---

[2] At Plaintiffs' counsel's request, the appeal has now been adjourned to the November Term. (*See id.* ¶ 5 & Ex. E.)

ny-820944  3

Division's ruling, and the Appellate Division subsequently reversed the May 7 Order, a second trial would be necessary. Having to conduct duplicate trials would be an extraordinary waste of this Court's limited resources and would also greatly prejudice the parties. This is especially true in this case because many of the witnesses will be traveling from overseas to testify: at least two of the Pension Fund's witnesses (Walid Najjab and Farouk A-Franji) must travel from Ramallah and Gaza City, respectively, to attend trial and Plaintiffs have identified three potential trial witnesses, all of whom reside in Israel. (*See* McPherson Aff. ¶ 11 & Exs. I, J.)

To avoid just such inefficiencies, courts have stayed trials pending the outcome of appeals—just as the Pension Fund requests here. *See O'Connor v. Lincoln Metrocenter Partners, L.P.*, No. M-2755, 1999 N.Y. App. Div. LEXIS 6206, at *1 (1st Dep't May 18, 1999); *Jambrone v. A.J.C. Food Mkt. Corp.*, No. M-241, 1990 N.Y. App. Div. LEXIS 1118, at *1 (1st Dep't Feb. 1, 1990); *Conford Co. v. Fordham Concourse Realty Assocs.*, No. M-6299, 1985 N.Y. App. Div. LEXIS 51929, at *1 (1st Dep't Dec. 18, 1985).[3]

There is no reason to depart from the teaching of these decisions and proceed with trial until this appeal is resolved. The Pension Fund's appeal will not involve any protracted delay (it has been adjourned, at Plaintiffs' request, but only to the November Term). Moving forward with trial in the interim could result in a tremendous waste of judicial resources, along with substantial prejudice to the parties.

---

[3] The Pension Fund has a substantial likelihood that it will prevail on its appeal from the May 7 Order and that Plaintiffs' demand for a jury trial will be struck. (*See* McPherson Aff. Ex. D.) Moreover, because whether the case is tried to a jury or to the Court affects the entire trial process, the equities require a stay in this case until this issue is resolved.

### III. TRIAL SHOULD BE STAYED PENDING THE OUTCOME OF A MOTION TO VACATE DEFAULT JUDGMENT IN THE RHODE ISLAND LITIGATION.

The pendency of the PA's Motion to Vacate the default judgment animating Plaintiffs' declaratory judgment action also supports a stay of any trial in this action. Defendants-Judgment Debtors in the Rhode Island Litigation (to which the Pension Fund is not a party) filed their motion to vacate on December 28, 2007. (McPherson Aff., Ex. F.) It is fully briefed. The Court heard oral argument on the motion on April 4, 2008, and the motion is *sub judice*. (*Id.* ¶ 7 & Ex. G.)

The outcome of the PA's Motion to Vacate may obviate this entire action. It is the underlying judgment from the Rhode Island Litigation against the PA that provides the rationale for Plaintiffs' declaratory judgment action against the Pension Fund. Here, Plaintiffs seek a judgment declaring that certain securities and debt instruments belonging to the Pension Fund are instead owned by the PA, rather than the Pension Fund. If they obtain a ruling on this, Plaintiffs can then seek to enforce the Rhode Island default judgment in a separate turnover proceeding. If the default judgment is vacated, however, Plaintiffs would have no genuine interest in the question presented by their complaint in this action—whether the assets held in the custodial account at SASI belong to the Pension Fund or the PA.

This Court may stay an action pending the outcome of a related proceeding where the related proceeding was filed first, would impact the present proceeding, raises concerns about the waste of judicial resources, and where denying a stay would prejudice at least one of the parties. *See Asher*, 307 A.D.2d at 211, 763 N.Y.S.2d at 556 (reversing order denying motion to stay (citing cases)); *see also Trinity Prods., Inc. v. Burgess Steel LLC*, 18 A.D.3d 318, 319, 795 N.Y.S.2d 40, 40 (1st Dep't 2005) (same).

All of these factors support a stay of trial in this action. Indeed, the United States District Court for the District of Connecticut recently stayed a parallel post-judgment enforcement proceeding arising out of the same *Ungar* judgment, pending the resolution of the Motion to Vacate in the Rhode Island Litigation. (*See* McPherson Aff., Ex. H.) Just as Judge Dorsey in the District of Connecticut stayed the proceeding pending before him, this Court should stay trial in this action pending the resolution of the Motion to Vacate.

### A. This Action Is Sufficiently Related to the Rhode Island Litigation.

The Rhode Island Litigation is sufficiently related to this action to stay trial here pending the outcome of the Motion to Vacate. To support a stay, parties to two related cases need not be identical, nor do the parties need to assume the same positions. *Belopolsky*, 41 A.D.3d at 322, 837 N.Y.S.2d at 155 (even though there was not a complete identity of parties, Court issued stay where "there were overlapping issues and common questions of law and fact" (citing cases)); *Nat'l Mgmt. Corp. v. Adolfi*, 277 A.D.2d 553, 554-555, 715 N.Y.S.2d 526, 528 (3d Dep't 2000) (affirming stay of one action pending resolution of another). Instead, there need only be a "substantial identity between state and federal actions," where due considerations of "comity, orderly procedure, and judicial economy" would be served by the stay. *See Asher*, 307 A.D.2d at 211, 763 N.Y.S.2d at 556 (finding lower court abused its discretion when it failed to grant a stay pending the outcome of a parallel case in federal court with similar—but not identical—parties (citing cases)); *Trinity Prods.*, 18 A.D.3d at 319, 795 N.Y.S.2d at 40 (reversing lower court and granting stay where federal case was initiated first, and the cases were substantially similar).

As in those cases, here there is a substantial identity between the parties in the two actions. Plaintiffs have sued the PA in both actions and the very rationale for the present proceeding is the default judgment that Plaintiffs obtained in Rhode Island. Principles of comity

and orderly procedure support staying trial in this action pending the outcome of the Motion to Vacate.

### B. A Stay Is Necessary To Prevent Duplication Of Effort And Waste Of Judicial Resources.

Courts routinely stay actions pending the outcome of parallel proceedings to avoid duplication of effort and waste of judicial resources. *See, e.g., Goodridge v. Fernandez*, 121 A.D.2d 942, 945, 505 N.Y.S.2d 144, 147 (1st Dep't 1986) (affirming stay); *Adolfi*, 277 A.D.2d at 554-555, 715 N.Y.S.2d at 528 (same). In *Belopolsky*, for example, the First Department affirmed a stay of a case for which the identity of the parties was substantially similar (though not identical) to the parties in the parallel proceeding and "the determination of the prior action may dispose of or limit issues which are involved in the subsequent action." 41 A.D.3d at 323, 837 N.Y.S.2d at 155 (quoting *Buzzell v. Mills*, 32 A.D.2d 897, 301 N.Y.S.2d 645 (1969)). For similar reasons, the Court should grant the requested stay of trial here.

Indeed, a stay of this case pending the Motion to Vacate is essential to determine whether Plaintiffs may even pursue their sole claim against the Pension Fund. Plaintiffs seek a declaratory judgment, pursuant to C.P.L.R. § 3001, resolving whether the assets held at SASI belong to the Pension Fund or the PA. If the PA's Motion to Vacate the Rhode Island default judgment is granted, Plaintiffs would no longer have any genuine interest in the resolution of that question; it is only the potential need to enforce the default judgment against the PA that gives them any interest whatsoever in determining the ownership of the assets at issue. Thus, if the Motion to Vacate is granted, this case would not present the requisite justiciable controversy to support the declaratory judgment Plaintiffs seek. *See, e.g.*, David D. Siegel, Practice Commentaries, C3001:3 (1991) ("The declaratory judgment action requires an actual controversy between genuine disputants with a stake in the outcome"); *Nasa Auto Supplies, Inc.*

*v. 319 Main St. Corp.*, 133 A.D.2d 265, 266, 519 N.Y.S.2d 54, 56 (2d Dep't 1987) (dismissing declaratory judgment action for lack of subject matter jurisdiction since the "action simply does not present a justiciable controversy as to [defendant], i.e., an actual controversy affecting the plaintiff and [defendant's] rights.").

By proceeding with trial in this action before the Motion to Vacate is resolved, the Court risks rendering a decision in an action that it may have no jurisdiction to render. To prevent that risk, and avoid the waste of judicial resources, the Court should stay trial in this action pending a determination of the Motion to Vacate.

### C. Denying Stay Would Greatly Prejudice The Pension Fund.

Finally, the Court should consider the potential prejudice or unfair advantage to the parties in determining whether to grant the requested stay. *See Barron v. Bluhdorn*, 68 A.D.2d 809, 810, 414 N.Y.S.2d 15, 16 (1st Dep't 1979) (reversing lower court for failing to grant stay pending the outcome of a related federal proceeding where "the prejudice caused to defendants by duplication of effort is obvious"); *cf. Trinity Prods.*, 18 A.D.3d at 319, 795 N.Y.S.2d at 40 (weighing whether either party "will suffer undue detriment or gain undue advantage by having that action determined first.").

Here, the Fund would be greatly prejudiced if trial is not stayed in this action: it would be forced to bear significant burdens and expenses—including the need to bring witnesses from overseas to New York to testify—for a trial that may never need to occur. Plaintiffs, by contrast, would suffer no prejudice from the requested stay. Because the Pension Fund's assets are being restrained during the pendency of this action (*see* McPherson Aff., ¶ 3 & Ex. B), staying trial will have no effect on Plaintiffs' ability to enforce any future judgment in their favor.

## IV. STAY WILL BE FOR A DEFINED PERIOD OF TIME DURING WHICH OTHER ASPECTS OF THIS LITIGATION CAN PROCEED.

The stay sought by the Pension Fund is limited in duration and scope. The Pension Fund is seeking only to stay the *trial* of this action, thereby allowing the parties to address and resolve any necessary pre-trial proceedings so that, if a trial becomes necessary, the parties will be ready to proceed.

For example, it is possible that additional pre-trial discovery may be required. The Pension Fund is currently evaluating whether additional discovery is necessary concerning the witnesses Plaintiffs belatedly disclosed at or after the close of discovery. As the Court will recall, Plaintiffs disclosed the identity of two witnesses—Dr. Jacques Neriah and Col. (Ret.) Shlomo Politis—on the day before the end of discovery and failed to disclose the identity of a third witness, Daniel Reisner, until months after the disclosure deadline. As a result of the Court's Decision and Order, entered May 13, 2008, denying the Pension Fund's motion to strike the affidavits the Plaintiffs submitted from those individuals (McPherson Aff., Ex. J), the Pension Fund is evaluating whether it may need to depose Dr. Neriah in advance of trial and/or to seek further disclosure under C.P.L.R. § 3101(a)(1).

The Pension Fund is also evaluating whether the Court's rulings in its June 10 Order denying summary judgment require the parties to conduct additional pre-trial discovery. In that Order, the Court identified additional factual questions that may need to be resolved at trial (and which neither party addressed in their summary judgment papers) concerning the rights of pension fund participants to the securities and debt instruments at issue in the present litigation. (McPherson Aff., Ex. C at 10.) The Pension Fund is evaluating whether, to adequately address the Court's factual questions, the parties must seek additional discovery of documents and

information, including tracing Gazan employee contributions to the Pension Fund, and the contractual rights of these participants to the assets at issue here.

The Pension Fund is not asking at this time that the Court direct such additional discovery, but it may do so in the near future. The Pension Fund merely notes that additional discovery may be appropriate on these limited issues, and that the requested stay—which is limited to staying the trial of this action, but not all proceedings in this action—will enable the parties to proceed with such additional pre-trial discovery if it is later deemed appropriate to do so.

## CONCLUSION

This is a proper case for a stay. For these reasons, the Pension Fund respectfully requests that the Court enter an order granting the Pension Fund's motion to stay trial pending resolution of the Pension Fund's appeal and the Motion to Vacate.

Dated: New York, New York
August 19, 2008

MORRISON & FOERSTER LLP

By: /s/ Charles L. Kerr
Charles L. Kerr
Mark David McPherson
Adam Jackson Heintz

1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000

*Attorneys for Defendant The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip*