# EXHIBIT I

# McINTYRE, TATE, LYNCH & HOLT LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *∆
WILLIAM J. LYNCH
WILLIAM F. HOLT
DAVID J. STRACHMAN *
ROBERT S. PARKER °

Also member
† New York Bar
* Massachusetts Bar
∆ Florida Bar

**NOTICE OF INJUNCTION**
Pursuant to Fed.R.Civ.P. 65(d)

TO:  Swiss American Securities, Inc.
     c/o Adam Rezak
     12 East 49th Street
     New York, NY 10017
     Fax (212) 612-8855

**YOU ARE HEREBY PLACED ON NOTICE**, pursuant to Fed.R.Civ.P. 65(d), that on May 5 2005, the United States District Court for the District of Rhode Island issued an Injunction against The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") prohibiting the PA and PLO from withdrawing, transferring or effecting any other disposition in any of their assets located within the jurisdiction of the United States or any State thereof ("Injunction"). You are hereby directed to the full terms of the Injunction, a copy of which is attached hereto.

**OUR RECORDS INDICATE THAT YOU ARE IN POSSESSION AND/OR CONTROL OF ASSETS BELONGING TO AND/OR ARE OTHERWISE INDEBTED TO THE PA AND/OR PLO**

**TAKE FURTHER NOTICE** that the Injunction applies to all assets of the PA and the PLO including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate.

**TAKE FURTHER NOTICE** that the Injunction applies to all assets of the PA and PLO however titled, and that assets of the PA and PLO are held and/or titled under the names Palestinian Authority, Palestine Liberation Organization, Palestinian National Authority (PNA), Palestine Investment Fund (PIF), Palestinian Pension Fund, Palestine Commercial Services Company (PCSC), Palestine Pension Fund, Insurance and Pension General Corporation, Palestinian National Fund, Palestine Monetary Fund (PMF), SAMED, PECDAR and Palestine Monetary Authority (PMA).

**WARNING:** The Injunction applies to officers, agents, servants, employees, attorneys, partners and fiduciaries of the PA and PLO and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them.

**WARNING: ANY PERSON OR ENTITY THAT AIDS, ABETS OR FACILITATES ANY VIOLATION OF THE INJUNCTION WILL BE LIABLE FOR THE FULL AMOUNT OF ASSETS WITHDRAWN OR TRANSFERRED IN VIOLATION OF THE INJUNCTION AND IN CONTEMPT OF COURT***

David J. Strachman
Attorney for the Judgment Creditors
May 6, 2005

---

* See Fed.R.Civ.P. 65(d); Gemco Latinoamerica v. Seiko Time Corporation, 61 F.3d 94 (1st Cir. 1995); Reliance Insurance v. Mast Construction, 84 F.3d 372 (10th Cir. 1996).

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.

v.                                                                              00 - 105L

THE PALESTINIAN AUTHORITY, et al.

## INJUNCTION

Upon consideration of Plaintiffs' Motion For An *Ex Parte* Restraining Order And A Temporary Injunction, and the verified memorandum and exhibits in support thereof, and following the hearing held by this Court on May 5, 2005, the Court finds that an Injunction should be granted for the following reasons:

(i) Plaintiffs have presented evidence that Defendants do not intend to honor the judgment of the Court in this action, that Defendants have recently liquidated assets comprising a significant part of their overall investment portfolio, and that persons holding Defendants' assets in the United States are in the process of returning those assets to Defendants.

(ii) Defendants are foreign entities and the dissipation of their U.S.-based assets is liable to render satisfaction of the judgment entered by this Court impossible. That judgment is intended to compensate Plaintiffs for the murder of their decedent, and Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

## WHEREFORE IT IS HEREBY ORDERED AND DECREED THAT:

1. The Palestinian Authority and The Palestine Liberation Organization and their officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them, are hereby prohibited, restrained and enjoined from withdrawing,

1

From:                                                                05/06/2005 10:32 #193 P.003/003

selling, transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and/or The Palestine Liberation Organization however titled (including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate) located within the jurisdiction of the United States or of any State thereof.

2. Notwithstanding the provisions of paragraph 1, Defendants are permitted to withdraw normal expenses necessary for the daily operations of their offices in Washington D.C. and at the United Nations, from existing bank accounts used by Defendants for that purpose as of the date of this Order ("office accounts"). Defendants are prohibited from replenishing or crediting the office accounts except by transfer of funds originating from without the United States.

3. This Injunction shall remain in force until ~~and through July 5, 2005~~ further order of the Court. RRL

SO ORDERED.

May 5, 2005

Senior Judge Ronald R. Lagueux
United States District Court
5/5/05

Attest to True Copy
DAVID A. DIMARZO
By: [signature]
Deputy Clerk