# EXHIBIT 4

798192.1



**MILLER CHEVALIER**

Mark J. Rochon
Member
(202) 626-5819
mrochon@milchev.com

August 30, 2010

<u>Via E-Mail and First-Class Mail</u>

David J. Strachman, Esq.
McIntyre, Tate & Lynch
321 South Main Street
Suite 400
Providence, RI 02903

Max Wistow, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

      Re:   *Estate of Yaron Ungar v. the Palestinian Authority*, 00cv150-L (D.R.I.)

Counsel:

      On Friday afternoon, August 27, 2010, you sent us an email containing a Notice of Deposition for Mr. Ahmed Qurei. You have noticed Mr. Qurei's deposition for September 13, 2010 in Providence, Rhode Island.

      The Notice of Deposition seeks Mr. Qurei's deposition "in his capacity as an officer of Defendant-Judgment Debtor the Palestine Liberation Organization ('PLO')." The Notice of Deposition does not assert that Mr. Qurei has any current position in the Palestinian Authority ("PA"). The Notice of Deposition also does not contain any information regarding why Plaintiffs believe Mr. Qurei's testimony would be relevant to the issues to be heard by the Court in January 2011 or would lead to the discovery of evidence that would be admissible at the January 2011 hearing.

      It should also be noted that the Plaintiffs' August 10, 2010 answers and August 26, 2010 supplemental answers to the Defendants' First Set of Interrogatories do not reference Mr. Qurei as a person with discoverable knowledge. Moreover, in their Opposition Brief to the Defendants' Motion to Vacate Default Judgment, the Plaintiffs never referenced Mr. Qurei in any context or capacity, let alone as a witness with substantive knowledge relevant to the issue of vacatur.


MILLER CHEVALIER

David J. Strachman, Esq.
Max Wistow, Esq.
August 30, 2010
Page 2

    Please let us know as soon as possible the Plaintiffs' basis for seeking the deposition of Mr. Qurei, including, without limitation, (a) the identification of the specific issues properly before the Court for the January 2011 hearing as to which the Plaintiffs know or believe Mr. Qurei has discoverable information or knowledge, and (b) the specific discoverable information or knowledge that the Plaintiffs know or believe Mr. Qurei has. We will be happy to discuss the Plaintiffs' response in a meet and confer teleconference as soon as possible after the Plaintiffs provide it.

    If, as the Plaintiffs have done with respect to similar discovery inquiries the Defendants have made over the last several weeks, the Plaintiffs refuse to provide the foregoing information and to engage in a meaningful meet and confer teleconference, the Defendants will have no choice but to file a motion for protective order regarding the Notice of Deposition of Mr. Qurei in which we will bring the Plaintiffs' refusal to the Court's attention.

    Please let me know if you have any questions regarding the foregoing.

Sincerely,

Mark J. Rochon

cc:    All Counsel of Record