# EXHIBIT 9

798192.1

1

```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF RHODE ISLAND


   * * * * * * * * * * * * * *    C.A. NO. 00-105L
                              *
   EFRAT UNGAR, et al          *
                              *   APRIL 4, 2008
            VS.               *   2:08 P.M.
                              *
   THE PALESTINIAN LIBERATION  *
   ORGANIZATION, et al         *
                              *
   * * * * * * * * * * * * * *    PROVIDENCE, RI


            BEFORE THE HONORABLE RONALD R. LAGUEUX,

                         SENIOR JUDGE

              (Defendants' Motion to Set Aside Default)


   FOR THE PLAINTIFFS:

                         DAVID J. STRACHMAN, ESQ.
                         McIntyre, Tate, Lynch & Holt
                         321 South Main Street, Suite 400
                         Providence, RI   02903

   FOR THE DEFENDANTS:

                         DEMING E. SHERMAN, ESQ.
                         Edwards Angell Palmer & Dodge
                         2800 Financial Plaza
                         Providence, RI   02903

                         MARK J. ROCHON, ESQ.
                         RICHARD A. HIBEY, ESQ.
                         Miller & Chevalier Chartered
                         655 Fifteenth St. NW
                         Suite 900
                         Washington, DC   20005
```

Debra D. Lajoie, RPR-FCRR-CRI

other issues that are raised by the Plaintiffs in suggestion that the Court ought not even reach the question of meritorious defenses in this case.

And let me start with the fundamental question of whether or not the default here was willful. And let me say to the Court that, after a moment or so, I'll get to what I believe are some nuanced aspects of that question. But, fundamentally, Your Honor, we recognize in our pleadings and before you that it would be within the ambit of your discretion to find that it was a willful default.

So I've given that first answer. But I think it is important to note, after saying so, that the Court consider the circumstances as of the time of the default. And the parties agree that the relevant inquiry, the relevant time point for you to make that inquiry, is as of the default, not as to conduct subsequent to the default. In Footnote 2 of the Plaintiffs' objection to our motion, they note that, that is the relevant time frame for you to make that inquiry.

When the default-- and I distinguish between the default and the default judgment-- when the default was entered, it was entered-- recommended below by the Magistrate Judge even prior to the time that you had ruled on the issues of sovereign immunity, and you eventually ruled on the sovereign immunity and accepted the

1    recommendation as to default, as of that moment, the
2    willfulness of the Defendants was not as culpable as it
3    might otherwise have been.
4         And let me rush to say, Your Honor, I'm not
5    suggesting that the Defendants would not have defaulted in
6    light of subsequent events.  The Defendants defaulted in
7    other cases, even after you reached your decision as to
8    sovereign immunity, that the Palestinian Authority is not
9    sovereign.
10        But the law does say that you ought to look at the
11   consciousness of the Defendants as of the time of the
12   default, as of that very moment, the Defendants' culpability
13   in regard to the procedural history of this case, and the
14   entry of the default is not what it is sometimes portrayed
15   to be by the Plaintiffs.
16        The real question as to the culpability of the
17   Defendants in that regard goes, I think, more to the timing
18   of the raising of the motion to vacate the default, as
19   opposed to what the mental state was at that moment.
20        Having admitted that it would be within the ambit
21   of your discretion to say that the default was willful, the
22   next question that's raised by the Plaintiffs is they
23   suggest that, therefore, that ends the inquiry, that this
24   Court may not, in the exercise of its discretion,
25   nonetheless, consider the other factors relevant to a motion

1  to vacate under Rule 60(b). As to that, we disagree with
2  the Plaintiffs. And, in fact, I think the First Circuit has
3  indicated that it does not agree with the Plaintiffs.
4      The case law of this jurisdiction recognizes that,
5  ordinarily, and I quote, "Willfulness is, by itself,
6  dispositive." But by the very use of the word ordinarily,
7  the First Circuit has allowed for a situation that would be
8  extraordinary.
9      The Plaintiffs have argued before you that there's
10 an entire series of cases and Supreme Court holdings that
11 establish beyond any doubt whatsoever that willfulness alone
12 ends the inquiry.
13     That cannot be so, as we have referred the Court to
14 many cases where trial courts and appellate courts have
15 found willfulness but then, nonetheless, vacated
16 a default.
17     Indeed, the case upon which the Plaintiffs rely
18 most strongly for the notion that you ought not even
19 consider anything after a finding of willfulness is out of
20 the 11th Circuit, and subsequent to that, they decided the
21 Jackson case, upon which we have argued at some length in
22 our pleadings, where the Court found a willful default but
23 vacated it, nonetheless, as to China.
24     Recently, another Federal Judge, in the Knox case--
25 and the Knox case is another case against the Defendants for

1   similar allegations in the Southern District of New York,
2   and, on occasion, in your rulings in this case, you've noted
3   similar rulings made by the Court in the Knox case.
4         Recently, Judge Marrero, in the Knox case, had to
5   address the very question, is a willful default, by itself,
6   an inquiry-ender, and concluded, in vacating a default
7   judgment entered against the same Defendants as are before
8   you today, that willfulness was not an inquiry-ender and
9   went on to consider the extraordinary circumstances and the
10  meritorious defenses in that case in ordering the vacator of
11  a default judgment of $192 million.
12        We would suggest to the Court that the inquiry by
13  Judge Marrero, which I realize is not binding on you as a
14  fellow United States District Court Judge in another
15  jurisdiction, it is, hopefully, somewhat persuasive to you
16  but certainly doesn't control the exercise of your
17  discretion, but we think the analysis that is laid out there
18  as to this legal point is the correct analysis.  All of this
19  is simply to say that it is within your discretion to
20  consider the meritorious defenses and the extraordinary
21  circumstances presented in this case.
22        The Plaintiffs have also argued, Your Honor, that
23  we are precluded from raising this motion by virtue of the
24  prior litigation in this Court and in the First Circuit.
25  They have argued that, in essence, prior rulings by you or

```
 1    by the First Circuit preclude the Defendants from arguing a
 2    motion to vacate default whatsoever or, in the context of so
 3    arguing, raising meritorious defenses.  On that point, we,
 4    again, disagree with the Plaintiffs on that question of law.
 5    There was not before the First Circuit any motion to vacate
 6    a judgment.
 7            Judge Marrero addressed the same argument raised in
 8    the same way in his recent opinion and noted that the
 9    appellate, in that instance, terminated appellate litigation
10    in the Second Circuit, had not involved a motion to vacate,
11    that it would have been inapposite to raise the issues on
12    that appeal that were raised by the motion to vacate.
13            Similarly, the issue of whether or not we have a
14    meritorious defense was not litigated before the First
15    Circuit.  The question of whether or not you ought to vacate
16    this default judgment was not litigated before the First
17    Circuit.  And your discretion is not circumscribed
18    whatsoever in that regard in addressing this motion by the
19    First Circuit opinion, given that we are not raising any
20    issues in our motion that were litigated before the First
21    Circuit.
22            The arguments by the Defendants before the First
23    Circuit dealt with sovereign immunity.  We're not claiming
24    we're sovereign.  It dealt with whether or not the amount of
25    the judgment created a political question under the
```

Debra D. Lajoie, RPR-FCRR-CRI

```
 1    Political Question Doctrine.  We're not arguing that it
 2    does.  They argued that you should not have entered default
 3    judgment prior to ruling upon sovereign immunity.  We're
 4    certainly not arguing that point again here.  In short, the
 5    efforts to preclude us from raising these arguments and
 6    these defenses fall short.
 7           What I would suggest, Your Honor, therefore, is
 8    that the Court does need to reach the other factors under
 9    Rule 60(b)(6) in addressing this motion.  And I'd like to
10    move on to those other factors after first referencing in a
11    slightly more extended way the recent Knox opinion, with
12    which I assume that the Court is familiar.  We brought it to
13    the Court's attention last week, if the Court had not
14    already, in its research, been made aware of it.
15           The Knox opinion addresses several points that are
16    relevant here.  The first I've mentioned, Is willfulness
17    dispositive?  No.  Is litigation precluded?  Also previously
18    addressed.  No.  The question of the importance of merits
19    litigation in a situation such as this is discussed
20    extensively there.  The question of prejudice in connection
21    with the granting of a motion is discussed there.  And the
22    exceptional circumstances and the importance of foreign
23    policy issues are all discussed there.
24           And the Court addressed those, even in the face of
25    the United States not filing a formal suggestion of interest
```

Debra D. Lajoie, RPR-FCRR-CRI