# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20225-CIV-SEITZ/O'SULLIVAN

MOSHE SAPERSTEIN,

    Plaintiff,

v.

THE PALESTINIAN AUTHORITY;
THE PALESTINE LIBERATION
ORGANIZATION,

    Defendants.
_____/

## ORDER

THIS MATTER came before the Court on Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 359, 10/21/09). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 359, 10/21/09) is **GRANTED in part and DENIED in part** for the reasons stated herein. The defendants have the option of first providing an individual or individuals for deposition in lieu of Mr. Qurei. However, if the plaintiff is unable to obtain the relevant information sought from the alternative deponent(s), then the defendants shall produce Mr. Qurei for deposition.

## BACKGROUND

On August 28, 2009, the plaintiff served Plaintiff Moshe Saperstein's Notice of Taking Deposition of Ahmed Qurei (DE# 360-1, 10/21/09) on the defendants. The notice indicated that the plaintiff's counsel would be taking Mr. Qurei's deposition as "an

officer, director and/or managing agent of defendants Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA") on September 14, 2009." See Plaintiff Moshe Saperstein's Notice of Taking Deposition of Ahmed Qurei (DE# 360-1, 10/21/09). On October 14, 2009, the undersigned held an informal discovery conference wherein the deposition of Mr. Qurei was discussed. The undersigned granted leave for the parties to brief the issue. See Order (DE# 354, 10/14/09).

On October 21, 2009, the defendants filed the instant motion and a memorandum of law. See Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 359, 10/21/09) and Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360, 10/21/09). On October 28, 2009, the plaintiff filed his response. See Plaintiff's Memorandum in Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 364, 10/28/09). The defendants' reply was filed on November 2, 2009. See Reply Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 367, 11/2/09). The plaintiff was granted leave to file a surreply. See Plaintiff's Surreply in Further Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 381, 11/24/08). The Court will consider the substantive arguments raised by the defendants in Defendants' Opposition to Plaintiff's Motion to File a Surreply (DE# 376, 11/19/09). See Order (DE# 380, 11/24/09) (stating that "The Court will consider the substantive arguments raised in Defendants' Opposition to Plaintiff's Motion for Leave to File a

Surreply (DE# 376 at 1, 11/19/09) in ruling on the pending Motion for Protective Order (DE# 359, 10/21/09)"). The Court will also consider the Plaintiff's Notice of Newly-Discovered Evidence Relevant to Defendants' Motion for a Protective Order (DE# 382, 11/26/09) and Plaintiff's Notice of New Evidence Relevant to Defendants' Motion for a Protective Order (DE# 385, 12/3/09).

## STANDARD OF REVIEW

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[a] party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "When evaluating whether a movant has satisfied his burden of establishing 'good cause' for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir.1985)). "Protective orders prohibiting depositions . . . are rarely granted." Id. See also Dunford v. Rolly Marine Service Co., 233 F.R.D. 635, 637 (S.D. Fla. 2005) ("The burden of showing good cause to preclude a deposition altogether is a heavy one. That is why protective orders prohibiting depositions are rarely granted.") (internal citations omitted).

## ANALYSIS

The plaintiff seeks to depose Ahmed Qurei. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's notice of

3

Deposition of Ahmed Qurei (DE# 360 at 2, 10/21/09). Mr. Qurei has been a member of the defendant PLO's Executive Committee since August 27, 2009. See Declaration of Yasser Abed Rabbo (DE# 367-1 at 2, 11/2/09). There are currently 18 members of the PLO Executive Committee, including Mr. Qurei. Id. During the relevant period,[1] Mr. Qurei was not a member of the PLO Executive Committee and did not hold any other executive position in the PLO. Id. at 2. Nonetheless, the plaintiff seeks to depose Mr. Qurei based on his alleged knowledge of the internal financial operations of Fatah, a Palestinian organization. See Plaintiff's Memorandum in Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 364 at 7, 10/28/09).

The defendants seek a protective order precluding the plaintiff from taking Mr. Qurei's deposition on several grounds. First, the defendants argue that Rule 30 of the Federal Rules of Civil Procedure does not require the defendants to produce Mr. Qurei for deposition. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 2, 10/21/09). Second, the defendants argue that the Court should not require them to produce Mr. Qurei at this time because the information sought by the plaintiff can be obtained from a more convenient and less burdensome source. Id. at 14. Third, the defendants argue that the Court should not enter an order which will only serve to subject defendant PLO to sanctions. Id. at 16. The Court will address these arguments in turn.

---

[1] The period of October 1, 2000 through February 18, 2002.

4

I.  **Rule 30 Requires the Defendants to Produce Mr. Qurei for Deposition**

The defendants argue that the plaintiff cannot secure the deposition of Mr. Qurei under Rule 30 for three reasons. First, the defendants argue that nothing in Rule 30(b)(1) obligates a corporation to produce a specific individual, not a party to the litigation, at a deposition. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 4, 10/21/09). Second, the defendants argue that Mr. Qurei cannot be compelled to deposition under Rule 30(b)(6) because "Mr. Qurei is not an officer, director or managing agent of either the PA or the PLO under the relevant legal tests as they apply to unincorporated associations such as Defendants," the plaintiff has not followed the noticing procedures outlined in Rule 30(b)(6) and it is the named organization, not the party seeking the deposition, that selects the individual or individuals to be deposed. Id. at 2, 5. Third, the defendants argue that even if Rule 30 requires the defendants to produce Mr. Qurei for deposition, his testimony "should only be required in [his] current capacity . . . and his knowledge in that capacity is irrelevant to the issues in this lawsuit." Id. at 3.

A.  **Rule 30(b)(1)[2]**

Rule 30(a)(1) provides, in part, as follows: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."

---

[2] Of note, the plaintiff's notice generically indicates that he seeks Mr. Qurei's deposition pursuant to Rule 30 but does not identify any specific subsection within the rule. See Plaintiff Moshe Saperstein's Notice of Taking Deposition of Ahmed Qurei (DE# 360-1 at 1, 10/21/09).

Fed. R. Civ. P. 30(a)(1).[3]

> Rule 30(b)(1) provides that:
>
> A party who want to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Fed. R. Civ. P. 30(b)(1).

The defendants argue that Mr. Qurei is not subject to deposition under Rule 30(b)(1). See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 4, 10/21/09). The defendants rely on Stone v. Morton Int'l, Inc., 170 F.R.D. 498 (D. Utah 1997). In Stone, the court noted that "[n]othing in Rule 30(b)(1) obligates a corporation to produce an officer, not a party to the litigation, at a deposition." Id. at 500. Nonetheless, it acknowledged that "[t]he line of cases, using various references, supports the conclusion that a party can, by notice, require a corporation to produce a director, officer or managing agent for deposition" and that "the corporation can seek protective relief under Rule 26(c)." Id. at 503-04.

---

[3] The defendants note that the "[p]laintiff has not attempted to compel Mr. Qurei's attendance 'by subpoena under Rule 45' or through any international discovery process." See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 4, 10/21/09). For the reasons discussed below, the Court finds that Mr. Qurei is the equivalent of an officer or director of the PLO and as such, the plaintiff is not required to subpoena Mr. Qurei to secure his presence at deposition. "[A] subpoena need not be issued if the person to be deposed is a party, officer, director, or managing agent of a party." See Calixto v. Watson Bowman Acme Corp., No. 07-60077-CIV, 2008 WL 4487679, at * 2 (S.D. Fla. Sept. 29, 2008) ((citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103 (2d ed. 1994 & West Supp. 2008)).

One of the concerns the court in Stone had was the cost, and presumably inconvenience, of requiring the deponent to travel to the location of the deposition. Stone, 170 F.R.D. at 500-501 ("[u]nder plaintiff's theory that a party may notice the deposition of any corporate director, officer, or managing agent merely upon notice under Rule 30(b)(1) and compel production, the corporation would bear the cost absent a court order."); Id. at 501 ("[w]hat is of concern in reading into Rule 30(b)(1) [ ] an obligation [to produce a corporate director, officer or managing agent for deposition] is that the forum may be remote to the residence and place of business of the corporate official . . . ."). In Stone, the deponent resided in Germany and the plaintiff sought his deposition in Utah. Id. at 499. This concern is no longer present here because the plaintiff has agreed to take Mr. Qurei's deposition at a mutually agreeable location in East Jerusalem.[4]

Another concern in Stone was that "the corporate officer may not be a particularly knowledgeable person about matters at issue in the litigation." Stone, 170 F.R.D. at 501. This concern is not present in the instant case. Here, the plaintiff alleges that he was injured in an attack carried out by the Al-Aksa Brigades. See Third Amended Complaint (DE# 68 at ¶ 28, 8/14/06). The defendants do not dispute that they provided funds to Fatah. At issue in this case is whether the Al-Aksa Brigades are "part and parcel" of Fatah. See Plaintiff's Memorandum in Opposition to Defendants' Motion

---

[4] The notice of deposition indicates that Mr. Qurei's deposition will take place in the plaintiff's counsel's office in Bay Harbor Islands, Florida. See Plaintiff Moshe Saperstein's Notice of Taking Deposition of Ahmed Qurei (DE# 360-1 at 1, 10/21/09). However, the plaintiff has agreed to depose Mr. Qurei at a mutually agreed upon location in East Jerusalem. See Plaintiff's Memorandum in Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 364 at 10, 10/28/09).

for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 364 at 2, 10/28/09). The plaintiff contends that Mr. Qurei's testimony could financially link the Al-Aksa Brigades to Fatah. Id. at 3. The plaintiff has presented deposition testimony that between 2000 and 2004, Fatah had a budget, that Mr. Qurei was in charge of supervising Fatah's funds and that Mr. Qurei was a member of Fatah's Central Committee and was responsible for the finance of Fatah. (DE# 364-2 at 19-20, 10/28/09).[5] According to the plaintiff, Mr. Qurei holds some of Fatah's funds in an account under his own name. Id. Thus, unlike the deponent in Stone, Mr. Qurei is "a particularly knowledgeable person about matters at issue in the litigation." Stone, 170 F.R.D. at 501.

The Court disagrees with the defendants' position that the plaintiff cannot compel Mr. Qurei's deposition under Rule 30(b)(1). The Court notes that prior to the 1970 amendment, "a corporation could only be examined through its officers or managing agents, and a party wishing to take the deposition was required to identify and specify the officer or agent who, hopefully, had the desired information." See Folwell v. Hernandez, 210 F.R.D. 169, 172 (M.D. N.C. 2002) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2110 (2d ed. 1994)).

The 1970 amendment added Rule 30(b)(6) as an alternative to the aforementioned practice. Rule 30(b)(6) states as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters

---

[5] To avoid confusion, this Court will cite to the page number appearing on the top right corner of the page (assigned by the CM/ECF system) rather than to original transcript page number.

8

> for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. **This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.**

Fed. R. Civ. P. 30(b)(6) (emphasis added). The Committee Notes to the 1970 amendment state that:

> This procedure **supplements the existing practice** whereby the examining party designates the corporate official to be deposed. Thus, **if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them**. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

See Federal Rules of Civil Procedure, Advisory Committee Notes, Rule 30(b)(6) 1970 Amendment (emphasis added). The Court concludes that Rule 30(b)(6) did not supplant the prior method of specifically noticing a corporate director, officer or managing agent for deposition. See Fed. R. Civ. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."); see also Stelor Productions, Inc. v. Google, Inc., No. 05-80387-CIV, 2008 WL 421807, at * 3 (S.D. Fla. Sept. 15, 2008) (recognizing that "[t]he rules permit two types of corporate depositions. First, one may notice a particular officer or agent of the corporation via Rule 30(b)(1) . . . . Second, one may notice the deposition of a corporation without naming a specific person to be deposed, instead describing the information sought via Rule 30(b)(6)."); L.A. Limousine, Inc. v. Liberty Mut. Ins. Co., No. 3:05-cv-1112, 2007 WL 2746629, at * 1 (D. Conn. Sept. 19, 2007) (noting that the "right [to notice a

9

deposition under Rule 30(a)(1)] includes the right to notice the deposition of an officer, director or managing agent of a corporat[ion]"); General Tire Inc. v. Broad Elm Auto Centers of Niagara Falls, Inc., No. 94-CV-960A, 1997 WL 929823, at * 1 (W.D. N.Y. 1997) (noting that as an alternative to Rule 30(b)(6), "the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1)."). Thus, Mr. Qurei is subject to deposition under Rule 30(b)(1) provided that he is an officer, director or managing agent of the defendants.

In further support of their argument that Rule 30 does not require the production of Mr. Qurei for deposition, the defendants reason that because they have not sought to invoke the jurisdiction of the Court, they are not required under the text of Rule 30 to produce officers, directors or managing agents in response to a deposition notice. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 3, 10/21/09). The Court is not persuaded by this argument. The case law does not make this distinction and nothing in Rule 30 compels the Court to look to whether a corporate litigant has sought affirmative relief before requiring that litigant to produce a corporate official for deposition.

### B.     Rule 30(b)(6)

The defendants similarly argue that Mr. Qurei is unavailable under Rule 30(b)(6) because the plaintiff's notice does not follow the procedures set forth in the rule. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 5, 10/21/09). The defendants further argue that Mr. Qurei is not subject to deposition under Rule

30(b)(6) because he is not an officer, director or managing agent of the defendants. Id. at 9. The Court agrees with the defendants that the plaintiff has not followed the procedures outlined in Rule 30(b)(6). The plaintiff's notice of deposition names an individual and not the PLO or the PA as the deponent. See Plaintiff Moshe Saperstein's Notice of Taking Deposition of Ahmed Qurei (DE# 360-1 at 1, 10/21/09). Moreover, the notice does not "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). While the Court agrees with the defendants that the plaintiff's notice is not in compliance with Rule 30(b)(6), Mr. Qurei may still be subject to deposition under Rule 30(b)(1), see supra. As such, the Court must determine whether Mr. Qurei is an officer, director or managing agent of the defendant PLO. If Mr. Qurei is not an officer, director or managing agent of the PLO, he is not subject to deposition under Rule 30(b)(1) and the plaintiff would need to utilize the procedures of the Hague Convention or other applicable treaty to secure Mr. Qurei's presence at deposition. See Faro Technologies, Inc. v. Romer, Inc., No. 6:06-cv-13-Orl-19KRS, 2007 WL 496615, at * 3 (M.D. Fla. Feb. 12, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice" and must be treated as a nonparty witness.") (citation omitted).

The defendants correctly point out that the plaintiff has the burden of establishing the capacity in which Mr. Qurei is being examined. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 9, 10/21/09) (citing Karakis v. Foreva Jens Inc., No. 08-61470, 2009 WL 113456 (S.D. Fla. Jan. 19, 2009). The Court notes however, that while the plaintiff has the burden to establish that Mr. Qurei is

an officer, director or managing agent of the PLO, "th[e] burden is 'modest' and any doubts are resolved in favor of the examining party." JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. and Trade Services, Inc., 220 F.R.D. 235, 237 (S.D. N.Y. 2004) (citing Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930, 2002 WL 1159699, at *4 (S.D. N.Y. May 31, 2002)). "[T]he examining party has the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." General Tire Inc. v. Broad Elm Auto Centers of Niagara Falls, Inc., No. 94-CV-960A, 1997 WL 929823, at * 2 (W.D. N.Y. 1997). Moreover, "[t]he determination as to whether a deponent is an officer, director, or managing agent of a corporate party is made at the time the deposition is noticed, rather than at the time that the events in question occurred." E.E.O.C. v. Honda of America Mfg., Inc., No 2:06-cv-0233, 2007 WL 682088, at * 2 (S.D. Ohio 2007) (citation omitted).

    The defendants note that Mr. Qurei holds no current position with the defendant PA. See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 9, 10/21/09). As to the defendant PLO, the defendants argue that because the PLO is not a corporation, Mr. Qurei cannot be an officer or director. Id.[6] The Court notes that an unincorporated association can have officers and directors. See IFAST, Ltd. v. Alliance for Telecommunications Industry Solutions, Inc., No. CCB-06-2088, 2007 WL 3224582, at * 4 (Sept. 27, 2007) (noting that "having a structure, **elected officers**, budget, and by-laws would support the existence of an organization designed to further

---

[6] Neither party argues that Mr. Qurei is a managing agent of the PLO.

a common purpose or interest, but their lack does not mean no unincorporated association exists.") (emphasis added); Murray v. Sevier, 993 F. Supp. 1394, 1404 (M.D. Ala 1997) (individuals who did not serve as corporate directors, but held positions similar in terms of control and responsibility in unincorporated association had "responsibilities [ ] analogous to the responsibility of corporate directors and officers.").

The defendants also point out that the PLO has no named officers or directors. See Reply Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 367 at 3, 11/2/09). However, the Court's inquiry does not end merely because the PLO has chosen not to have titular officers or directors. The defendants acknowledge that there are positions within the PLO that are analogous to corporate officers and directors. Id. Thus, the Court will look to Mr. Qurei's actions in determining whether he is the equivalent of an officer or director in the PLO.

The plaintiff argues that Mr. Qurei is an officer or director of the defendant PLO by virtue of his membership in the PLO's Executive Committee. See Plaintiff's Memorandum in Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 364 at 12, 10/28/09). The plaintiff cites to the PLO's constitution which provides that:

> The Executive Committee is the **highest executive authority** of the Organization. **It shall remain in permanent session, its members devoting themselves exclusively to their work. It shall be responsible for executing** the policy, programs and planning approved by the National Assembly, to which it shall be responsible, collectively and individually.
>
> The Executive Committee shall assume responsibility for:

13

> (a) Representing the Palestinian people.
>
> (b) Supervising the Organization's subsidiary bodies.
>
> (c) **Issuing regulations and instructions, and taking decisions on the Organization's activities**, provided these are not incompatible with the Charter of the Constitution.
>
> (d) Implementing the Organization's financial policy and drafting its budget. **In [g]eneral, the Executive Committee shall assume all the responsibilities of the Liberation Organization**, in accordance with the general policies and resolutions adopted by the National Assembly.

Id. at 12 (citing PLO Constitution)(emphasis supplied by plaintiff).

The defendants have provided the sworn declaration of Yasser Abed Rabbo which states that:

> In his current capacity [as a member] of the PLO Executive Committee, Mr. Qurei does not possess the power or authority to exercise individually any judgment or discretion on behalf of the PLO. . . . The PLO Executive Committee has not delegated to Mr. Qurei any sole, executive or individual responsibilities to act on behalf of the PLO or the PLO Executive Committee, and Mr. Qurei does not have any other individual or executive responsibility within the PLO.

See Declaration of Yasser Abed Rabbo (DE# 367-1 at 2, 11/2/09). The plaintiffs contend that Mr. Rabbo's affidavit is "blatantly false" and submit news articles indicating that Mr. Qurei was appointed head of the Jerusalem Affairs Department or in charge of the Jerusalem portfolio on September 10, 2009.[7] See Plaintiff's Surreply in Further Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 381 at 2, 11/24/09). The plaintiff submits that "[a] person, like Mr. Qurei, who is the head of a department or in charge of a

---

[7] The defendants respond that Mr. Qurei's committee assignment regarding the Jerusalem Affairs department does not contradict Mr. Rabbo's declaration. See Defendants' Opposition to Plaintiff's Motion to File A Surreply (DE# 376 at 3-4, 11/19/09).

portfolio in an organization is per se an officer of that organization. Id. at 2. The plaintiff cites no case law to support this argument. The plaintiff has submitted news articles reporting that Mr. Qurei has met with several foreign diplomatic representatives to discuss Jerusalem and that "in his capacity as Head of the PLO's Jerusalem Affairs Department, Mr. Qurei met on December 2, 2009 with EU envoy Christian Berger to discuss the PLO's policies and positions regarding Jerusalem." See Plaintiff's Notice of Newly-Discovered Evidence Relevant to Defendants' Motion for a Protective Order (DE# 382, 11/26/09); Plaintiff's Notice of New Evidence Relevant to Defendants' Motion for a Protective Order (DE# 385, 12/3/09).

The plaintiff further argues that the defendants' admission that Mr. Qurei's role is analogous to a member on a corporate board of directors "doom[s] their motion". See Plaintiff's Surreply in Further Opposition to Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 381at 6, 11/24/09) (citing case law supporting the generally proposition that a corporate party's deposition may be taken through its directors and without a subpoena). The defendants respond that they did not make such an admission (Mr. Qurei's role "could be analogized to membership on a corporate board of directors") and cite to pre-1970 amendment case law stating that "[a] corporation . . . cannot by a director who is not shown to be more than a traditional director of an American corporation without administrative responsibility or an active part in the actual conduct of the business on a day-to-day basis." See Defendants' Opposition to Plaintiff's Motion to File a Surreply (DE# 376, 11/19/09) (citing Armstrong Cork Co. v. Niagara Mohawk Power Corp., 16 F.R.D. 389, 390 (S.D. N.Y. 1954)). Taking the defendants' submissions as a whole, the

15

Court does not find that the defendants have waived this issue.

The plaintiff has met his "modest" burden. Mr. Qurei's membership in the Executive Committee suggests that he is a high ranking official within the PLO and his activities on behalf of the Jerusalem Affairs department including meeting with EU envoys suggests to the Court that he is the functional equivalent of a director or officer of PLO. The Court concludes that Mr. Qurei is subject to deposition by notice under Rule 30(b)(1).

### C. The Scope of Mr. Qurei's Deposition Testimony Should Not Be Limited

The defendants further argue that even if Mr. Qurei, by virtue of his membership in the PLO's Executive Committee, is an officer, director or managing agent of the PLO, the Court should not compel his deposition because "he possesses no relevant knowledge in that capacity." See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 11, 10/21/09). "[I]f Mr. Qurei is subject to deposition here, it can be only because he is an 'alter ego' of the party PLO, and his deposition therefore ought, in fairness, be limited to his knowledge as such." Id. The defendants then reason that, limiting Mr. Qurei's testimony to the knowledge he has obtained as a recently-elected member of the PLO's Executive Committee, he would have nothing relevant to say with respect to the instant case and his deposition should be disallowed. Id. The defendants further note that "[e]ven when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive." Id. at 12 (citing Folwell v. Hernandez, 210 F.R.D. 169, 173 (M.D. N.C.

16

2002)) (alteration in memorandum). The Court finds that Mr. Qurei's burden may be lessened by allowing the defendants to produce an alternative deponent in lieu of Mr. Qurei. If the alternative deponent is able to testify concerning the subject matter sought by the plaintiff, then there will be no need for Mr. Qurei's deposition. If Mr. Qurei's testimony is necessary, the Court sees no reason for limiting its scope. Having secured his deposition pursuant to Rule 30(b)(1), the plaintiff is free to question Mr. Qurei about matters outside his official capacity as a member of the PLO's executive committee.

### II.   The Relevant Information Sought by the Plaintiff Can Be Obtained from a More Convenient and Less Burdensome Source

The defendants further argue that "the information Plaintiff seeks can be obtained from documents, interrogatory answers, depositions of lower-level officials and/or Rule 30(b)(6) depositions." See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 13, 10/21/09). The Court agrees with the defendant that an alternative remedy can be fashioned. Accordingly, the Court will grant the defendants the option of producing for deposition another individual or individuals with knowledge of the relevant information sought by the plaintiff. However, if the plaintiff is unable to obtain this information from the alternative deponent or deponents, then the defendants shall produce Mr. Qurei for deposition.

### III.   The Defendants Are Not Entitled to a Protective Order Based Mr. Qurei's Possible Future Non-Appearance at Deposition

The defendants further argue that the Court should issue a protective order because compelling Mr. Qurei's deposition will only result in sanctions to defendant PLO. "This Court should not . . . create the predicate for the PLO to be sanctioned for

17

Case 1:04-cv-20225-PAS Document 392 Entered on FLSD Docket 12/31/2009 Page 18 of 19

violating an order to produce an individual who has already indicated that he will not appear." See Memorandum of Law in Support of Defendants' Motion for Entry of a Protective Order Regarding Plaintiff's Notice of Deposition of Ahmed Qurei (DE# 360 at 17, 10/21/09). It is unclear whether Mr. Qurei would refuse to appear if he learns that his deposition will now take place in East Jerusalem and that failing to appear may harm the PLO. It appears to the Court that Mr. Qurei's interests are aligned with the PLO and that he may still appear at deposition if compelled. The cases cited in the defendants' memorandum concern dismissal by the district court for failure to comply with a Court order. Id. at 18 - 20 (citing United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314 (11th Cir. 1997) (appeal from order striking claims and entering default judgment as sanction); Societe Int'l Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958) (concerning the dismissal of a complaint for failure to fully comply with an order); Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118, 119 (5th Cir. 1967) (appeal from a dismissal of a complaint as sanction)). They do not stand for the proposition that a Court should issue a protective order because the noticed deponent may not appear for the deposition. The defendants put the proverbial cart before the horse. The defendants may well have a good faith defense to sanctions if Mr. Qurei does not appear for deposition, however the issue is premature and not a basis for precluding Mr. Qurei's deposition in its entirety. In any event, the Court finds that the defendants have the ability to comply with this Order by producing another individual or individuals with the knowledge sought by the plaintiff in lieu of Mr. Qurei.

18

## CONCLUSION

The Court finds that Mr. Qurei is the equivalent of an officer or director of the PLO. As a such, Mr. Qurei is subject to deposition under Rule 30(b)(1). The Court notes that the kind of protective order sought by the defendants, precluding Mr. Qurei's deposition entirely, is rarely granted. Moreover, the Court finds that there are alternative methods to procuring the relevant information sought by the plaintiff and lessening the burden on Mr. Qurei. As such, the Court will provide the defendants with the option of submitting another individual or individuals for deposition in lieu of Mr. Qurei to testify concerning the relevant information sought by the plaintiff. If the alternative individual or individuals is unable to provide the relevant information sought by the plaintiff, then the defendants must produce Mr. Qurei.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **31st** day of December, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record