# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

                Plaintiffs – Judgment Creditors,

      v.                              C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

                Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT-JUDGMENT CREDITOR THE PALESTINIAN AUTHORITY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (1-22)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit their Amended and Supplemental Objections and Responses to "Defendant the Palestinian Authority's First Request for Production of Documents and Things (1-22) to Plaintiffs" dated July 6, 2010 ("Requests"), and state as follows:

## PRELIMINARY STATEMENT

1.      The exact wording of any objections made or response provided by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

2.      Any production of documents by plaintiffs shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the documents produced. Plaintiffs' production of documents is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such documents. Further, plaintiffs makes the objections and give the responses herein without in any

way implying that they considers the Requests and responses to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the Instructions and Definitions included in the Requests to the extent that they purport to impose obligations beyond those of the Federal Rules of Civil Procedure.

Accordingly, plaintiffs' response to the Requests will be provided as required, and only as required, by the Federal Rules of Civil Procedure.

## REQUESTS

### REQUEST NO. 1:

1.    All documents and things related to your contention that "vacating the judgment in this action would cause the Ungars extreme prejudice – indeed, would leave them with no effective means of litigating this case – because since entry of judgment in this case, in July 2004, crucial witnesses have died or left the employ of the defendants, and an entire universe of relevant documents has been lost," Dkt. # 415 at 28, and/or which you reviewed in answering Defendants' Interrogatory Number 1.

### RESPONSE TO REQUEST NO. 1:

The following documents, which are already in defendants' possession, are responsive to this Request: Dkt. # 415, Exhibits J (at ¶¶ 4-6), K, L, M, N, O, P, Q, R, S, T, U; Declaration of Ahmad Abdel Rahman (submitted by defendants in support of their Rule 60(b)(6) motion) at ¶ 3; the motion to dismiss filed by defendants in *Parsons v. Palestinian Authority et al.*, No. 07-1847 (JR) (D.D.C.) on February 15, 2008, at 42-44; email communication from Charles F.B. McAleer, Jr., Esq., to Robert J. Tolchin, Esq., January 19, 2010, 5:43 PM.

### REQUEST NO. 2:

All documents and things which you reviewed in answering Defendants' Interrogatory Number 2.

**RESPONSE TO REQUEST NO. 2:**

(1)    The email communication from Charles F.B. McAleer, Jr., Esq., to Robert J. Tolchin, Esq., January 19, 2010, 5:43 PM (which is already in defendants' possession).

(2)    Numerous news media reports of Amin Al Hindi's death.

**REQUEST NO. 3:**

All documents and things related to your contention that "[Yasser] Arafat was personally and directly involved in the PA's and PLO's provisions of material support to Hamas," and "personally led and orchestrated defendants' provisions of material support and resources for Hamas (see Complaint, dkt. #1, at ¶¶ 29-41), including specifically the provision of financial support for Hamas' terrorism (*see* Ungar, 325 F. Supp. 2d at 64)," Dkt. # 415 at 29-30, and/or which you reviewed in answering Defendants' Interrogatory Number 3.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs currently have no responsive documents in their possession, custody or control.

**REQUEST NO. 4:**

All documents and things related to your contention that "the plaintiffs' allegations that Arafat personally directed and supervised defendants' terrorism. . .have subsequently been resoundingly confirmed by the United States government," Dkt. # 415 at 31, and /or which you reviewed in answering Defendants' Interrogatory Number 4.

**RESPONSE TO REQUEST NO. 4:**

The following documents, which are already in defendants' possession, are responsive to this Request: Dkt. # 415, Exhibits L, M and N.

**REQUEST NO. 5:**

All documents and things related to your contention that Razi Jabali "was personally involved with the provision of material support to Hamas by the PA and PLO," Dkt. # 415 at 32, and/or which you reviewed in answering Defendants' Interrogatory Number 6.

**RESPONSE TO REQUEST NO. 5:**

See attached CD.

**REQUEST NO. 6:**

All documents and things related to your contention that Muhammed Dahlan was "personally involved with the provision of material support to Hamas by the PA and PLO," and "had been operating in close association with Hamas terrorist leader Muhammed Dief [sic]." *Ungar*, 325 F. Supp. 2d at 64. Muhammed Deif is the leader of the Hamas' terrorist wing," Dkt. # 415 at 33, and/or which you reviewed in answering Defendants' Interrogatory Number 8.

**RESPONSE TO REQUEST NO. 6:**

The following items, which are already in defendants' possession, are responsive to this request: dkt. # 415, Exhibit J (¶ 6, Appendix 4); Exhibit R. Subject to the above, plaintiffs currently have no responsive documents in their possession, custody or control.

**REQUEST NO. 7:**

All documents and things related to your contention that Amin al-Hindi was "personally involved with the provision of material support to Hamas by the PA and PLO," Dkt. #415 at 34, and/or which you reviewed in answering Defendants' Interrogatory Number 10.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs currently have no responsive documents in their possession, custody or control.

**REQUEST NO. 8:**

All documents and things related to your contention that "Hamas and its operatives and agents maintained and operated a leadership command, organizational hierarchy and operational infrastructure including, *inter alia*, training facilities and depots for storage of weapons and explosives in territories controlled by defendants PA and PLO" [*See* Amended Complaint ¶ 14 (Dkt. #41); *see also* Complaint ¶ 18 (Dkt. # 1)], and that "[a]t all times relevant hereto defendants PA and PLO and their officials, employees and agents knew that defendant Hamas had committed hundreds of serious offenses against the United States, including the murder of [several] U.S. citizens. . ., and that defendant Hamas planned to continue committing such offenses, yet defendants PA and PLO openly and consistently sheltered and received, relieved, comforted and assisted defendant Hamas and its operatives and agents, within the meaning of 18 U.S.C. § 3, in order to hinder and prevent their apprehension, trial, and punishment" and "provided defendant Hamas and its members with safe haven, a base of operations, shelter, financial support, and other material support and resources." Dkt. # 41, ¶ 34, 35, 41, see also Dkt. # 1, ¶ 40, 41. This request includes all documents which you reviewed in answering Defendants' Interrogatory Number 12, as well as all documents relating to the location of said facilities and depots, the years of existence of said facilities and depots at said locations, and a description of whether, post-Oslo II, said facilities and depots were located in Area A, B, or C as designed in the Oslo Accords.

## OBJECTIONS TO REQUEST NO. 8:

1.    Plaintiffs object to this Request as unduly burdensome and as seeking documents that are irrelevant to defendants' Rule 60(b)(6) motion because it seeks documents relating to the facts underlying the allegations of the Amended Complaint that defendants intend to use in an attempt to develop a meritorious defense. Such documents are irrelevant to defendants' Rule

60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal brackets and quotation marks omitted). The documents sought are also irrelevant and unduly burdensome to produce because a meritorious defense cannot be established by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim."). Therefore, a defendant seeking to vacate a default is not permitted discovery from the plaintiff regarding the factual basis of the complaint. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.*, 1991 WL 95287 at *10 (E.D.Pa. 1991) (rejecting such a request on the grounds that both defendant's meritorious defense and plaintiff's complaint are assessed using a pleading standard, not a proof standard).

2.    Plaintiffs object to this Request because it seeks documents within the exclusive possession, custody and/or control of the defendants and/or that are located in the Gaza Strip that plaintiffs sought but defendants refused to provide prior to entry of judgment in this action.

3.    Plaintiffs object to this Request because it asks for documents supporting an opinion or contention that relates to fact or the application of law to fact in respect to the underlying allegations of the action, despite the fact that defendants refused to provide any discovery regarding the underlying allegations of the action. Plaintiffs reserve the right, pursuant

to the Federal Rules of Procedure, to respond to this Request at a later time, if their objections to this Request are overruled.

### ANSWER TO REQUEST NO. 8:

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

### REQUEST NO. 9:

All documents and things related to your contention that "[d]efendants PA and PLO refused and/or ignored American and Israeli demands to take effective measures to prevent further terrorist attacks by defendant Hamas," and that "[o]n September 17, 1997, the Israeli Justice Ministry submitted to defendant PA a request for [Ibrahim Ghanimat's] arrest and extradition to Israel [but] [d]efendant PA has refused to honor this request, and continues to shelter Ibrahim Ghanimat," Dkt. #41, ¶¶ 22, 28. This request includes all documents which you reviewed in answering Defendants' Interrogatory Number 13, as well as any documents relating to the communication of said refusals by the PA, PLO, and Yasser Arafat to Israel and the United States, and the nature and location of said shelter.

### OBJECTIONS TO REQUEST NO. 9:

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

### ANSWER TO REQUEST NO. 9:

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

### REQUEST NO. 10:

All documents and things related to your contention "during the period relevant hereto, several members of defendant Hamas and other terrorist groups suspected of or charged with terrorist murders, including murders of U.S. citizens, whose surrender was requested by Israel, were provided salaries and employment by defendant PA as policemen and/or security officials in the various police, security and intelligence forces under the control of defendant PA," Dkt. # 41, ¶ 42, see also Dkt. # 1, ¶ 38, and/or which you reviewed in answering Defendants' Interrogatory Number 14.

### OBJECTIONS TO REQUEST NO. 10:

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

### ANSWER TO REQUEST NO. 10:

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

### REQUEST NO. 11:

All documents and things related to your contention that that [sic] "[D]efendants PA and PLO, at all times relevant hereto, by and through their officials, employees and agents acting within the scope and course of their employment and agency, pursuant to the prior authorization and instructions of defendants PA and PLO and in furtherance of the goals and purposes of defendants PA and PLO, granted material and financial support to the families of members of defendant Hamas who had been captured or killed while carrying out acts of terrorist violence against Jewish civilians in Israel, Gaza, and the West Bank, thereby providing defendant Hamas and its members with strong financial incentive to continue to carry out violence and terrorism

8

against such victims," and/or which you reviewed in answering Defendants' Interrogatory Number 15.

### OBJECTIONS TO REQUEST NO. 11:

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

### ANSWER TO REQUEST NO. 11:

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

### REQUEST NO. 12:

All documents and things related to your contention that "[D]efendants PA and PLO and their officials, employees and agents solicited and advised defendants Hamas, [Abdel Rahman Ismail Abdel] Rahman Ghanimat, [Jamal Abdel Fatah Tzabich al] Hor, [Iman Mahmud Hasan Fuad] Kafishe, [Raed Fakhri Abu] Hamdiya, and Ibrahim Ghanimat to commit the acts attributed to those defendants [in the Plaintiffs Amended Complaint], and aided, abetted, authorized, ratified and participated in those acts," including, without limitation, a detailed description of each circumstance in which defendants PA and PLO allegedly "solicited and advised defendants Hamas, [Abdel Rahman Ismail Abdel] Rahman Ghanimat, [Jamal Abdel Fatah Tzabich al] Hor, [Iman Mahmud Hasan Fuad] Kafishe, [Raed Fakhri Abu] Hamdiya, and Ibrahim Ghanimat to commit the acts attributed to those defendants" and allegedly "aided, abetted, authorized, ratified and participated in those acts" Dkt. # 41, ¶ 36, and/or which you reviewed in answering Defendants' Interrogatory number 16.

### OBJECTIONS TO REQUEST NO. 12:

9

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

**ANSWER TO REQUEST NO. 12:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

**REQUEST NO. 13:**

All documents and things related to your contention that "[t]he acts and omissions of defendants PA and PLO described herein were committed by and through their officials, employees and agents acting within the scope and course of their employment and agency, with the authorization and ratification, and pursuant to the instructions of defendants PA and PLO and in furtherance of the goals and purposes of defendants PA and PLO," and/or which you reviewed in answering Defendants' Interrogatory Number 17.

**OBJECTIONS TO REQUEST NO. 13:**

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

**ANSWER TO REQUEST NO. 13:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

**REQUEST NO. 14:**

All documents and things related to your contention that "at all times relevant hereto, [the PA and PLO], themselves and through their respective representatives, spokesmen and organs: repeatedly praised and lauded defendant Hamas and Hamas operatives who had engaged in acts of terrorism and violence against Jewish civilians and Israeli targets; praised, advocated,

encouraged, solicited and incited for such terrorist acts; and threatened the further occurrence of such terrorist acts;" including, without limitation, an identification and detailed description of (a) each instance of "praising and lauding," each such alleged "act of terrorism and violence against Jewish civilians and targets," and each circumstance in which defendants PA and PLO allegedly "praised, advocated, encouraged, solicited and incited such terrorist acts" Dkt. # 41, ¶ 43, see also Dkt. # 1, ¶ 46, and/or which you reviewed in answering Defendants' Interrogatory Number 18.

### OBJECTIONS TO REQUEST NO. 14:

Plaintiffs incorporate and re-allege objections 1, 2 and 3 as asserted in response to Request No. 8 above.

### ANSWER TO REQUEST NO. 14:

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

### REQUEST NO. 15:

All documents received by the Plaintiffs pursuant to a Letter of Request for Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or commercial Matters sought and issued October 24, 2001 in the civil action captioned Ungar, et al v. Islamic Republic of Iran, et al, No. 00-CV0260 (D.D.C., filed Oct., 27, 2000) (hereinafter "*Ungar v. Iran*). The Request appears on the *Ungar v. Iran* docket as entry # 17.

### OBJECTIONS TO REQUEST NO. 15:

1.    Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

11

2.  Plaintiffs object to this Request to the extent it seeks the production of documents already in defendants' possession and/or available to the public in the *Ungar v. Iran* case file, since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**ANSWER TO REQUEST NO. 15:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

**REQUEST NO. 16:**

All documents received by the Plaintiffs pursuant to a Letter of Request for Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Mattes sought and issued May 22, 2003 in the civil action caption *Ungar v. Iran.* The Request appears on the *Ungar v. Iran* docket as entry # 38.

**OBJECTIONS TO REQUEST NO. 16:**

Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

**ANSWER TO REQUEST NO. 16:**

Subject to and without derogating from the Objections set forth above, the plaintiffs hereby respond to this Request as follows:

Plaintiffs' counsel has no record or recollection of ever receiving any documents in response to this Hague Convention request and has been unable to locate any such documents. If plaintiffs locate any responsive documents they will produce them.

**REQUEST NO. 17:**

All documents provided by the Plaintiffs to, or relied upon in connection with, the testimony of Roni Shaked, Dr. Reuven Paz, and Dr. Patrick Clawson relating to their expert testimony in *Ungar v. Iran.*

**OBJECTIONS TO REQUEST NO. 17:**

1.      Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

2.      Plaintiffs object to this Request to the extent it seeks the production of documents already in defendants' possession and/or available to the public in the *Ungar v. Iran* case file, since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**ANSWER TO REQUEST NO. 17:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

**REQUEST NO. 18:**

Any and all curriculum vitae and published writings or speeches of Roni Shaked, Dr. Reuven Paz, Dr. Patrick Clawson, and Yehudit Barsky.

**OBJECTIONS TO REQUEST NO. 18:**

Plaintiffs incorporate and re-allege objections 1 and 2 as asserted in response to Request No. 17 above.

**ANSWER TO REQUEST NO. 18:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

13

**REQUEST NO. 19:**

All documents, including but not limited to affidavits, diagrams, illustrations, transcripts, translations, records, and photographs, submitted to the Court during the January 2001 evidentiary hearing in *Ungar v. Iran.*

**OBJECTIONS TO REQUEST NO. 19:**

Plaintiffs incorporate and re-allege objections 1 and 2 as asserted in response to Request No. 17 above.

**ANSWER TO REQUEST NO. 19:**

On the basis of the objections above, plaintiffs decline to produce documents in response to this Request.

**REQUEST NO. 20:**

A full-length copy of the video of Khaled Marshaal's BBC interview, the transcript of which is attached as Exhibit DD to Plaintiff's Memorandum in Opposition to Defendants' Motion for Relief from Default Judgment (Dkt. # 415).

**OBJECTIONS TO REQUEST NO. 20:**

Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

**ANSWER TO REQUEST NO. 20:**

Subject to and without derogating from the Objections set forth above, the plaintiffs hereby respond to this Request as follows:

The full recording requested is not in plaintiffs' possession, custody or control.

**REQUEST NO. 21:**

A full-length copy of the MEMRI TV Project video of the January 22, 2006 debate between Muhammad Dahlan and Mahmoud Al-Zahar. Dkt. # 415, exhibit J, appendix 4.

**OBJECTIONS TO REQUEST NO. 21:**

1.      Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

2.      Plaintiffs object to this Request because it seeks the production of documents already in defendants' possession, since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**ANSWER TO REQUEST NO. 21:**

Subject to and without derogating from the Objections set forth above, the plaintiffs hereby respond to this Request as follows:

In an email to Robert J. Tolchin on August 10, 2010, defendants' counsel admitted that defendants already have a copy of the full-length interview.

**REQUEST NO. 22:**

A full-length copy of the MEMRI TV Project video of the January 11, 2006 interview of Jibril Rajoub by Al-Jazeera TV (Qatar). Dkt. # 415, exhibit J, appendix 5.

**OBJECTIONS TO REQUEST NO. 22:**

Plaintiffs incorporate and re-allege objection 1 as asserted in response to Request No. 8 above.

**ANSWER TO REQUEST NO. 22:**

Subject to and without derogating from the Objections set forth above, the plaintiffs hereby respond to this Request as follows:

The full recording requested is not in plaintiffs' possession, custody or control.

Dated: August 26, 2010

Plaintiffs-Judgment Creditors,
by their Attorney

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max Wistow #0330
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 26, 2010, a true and genuine copy of the foregoing

was sent by first class mail and electronic mail to Defendants' counsel of record listed below and

hand delivered to Deming E. Sherman at the address below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701