# ATTACHMENT A

798192.1

**From:** David J. Strachman [djs@mtlesq.com]
**Sent:** Thursday, July 08, 2010 11:32 AM
**To:** Wise, Andrew
**Cc:** Rochon, Mark; Hibey, Richard; dsherman@eapdlaw.com
**Subject:** RE: Ungar v. PA/PLO--RI

**Andy,**

1) We will not agree to postpone Fayyad's deposition until after paper discovery is complete. Defendants made Fayyad into the star witness and the central player in their Rule 60 motion, and we intend to take his deposition as soon as possible. For the same reason, any claim that Fayyad should not be deposed because he is an "apex" witness is absurd -- defendants injected Fayyad into their motion in the most personal way possible - seeking to rely on Fayyad's personal "prestige," Fayyad's personal assurances and Fayyad's personal understanding of and responsibility for the defendants' financial situation.

2) What may or may not have occurred in other depositions involving my "colleagues" is of no relevance whatsoever to this case. I will be conducting this deposition and I have no intention of wasting anybody's time with irrelevant questions. I certainly do not intend to question Fayyad about defendants' purported meritorious defenses. I _do_ intend to question him about any issues referenced or raised in his declarations and any assertions regarding Fayyad made by defendants in their papers, including the issues you mention -- i.e. the purported the foreign policy implications of the judgment, the purported financial impact of the judgment and the defendants' purported change in litigation policy since 2007.

However, I cannot and will not provide you in advance with a closed list of specific topics. Not because I have any surprises up my sleeve, but simply because I do not want to litigate over whether a given question was or was not within the list of topics, and because other relevant topics may occur to me between now and the taking of the deposition, or during the deposition itself (e.g. as a result of something mentioned in Fayyad's testimony).

If you are still concerned about wasting Fayyad's time, I will be glad to hold the deposition in the afternoon Jerusalem-time, on a day that the Court is available, so that you can phone the Court and seek to bar lines of questioning that you believe are irrelevant.

3) Your bald statement that Fayyad needs more than a few weeks notice and your proposal to first try to "work out the deposition scope issue without Court intervention" and only then discuss dates sound like delaying tactics.

My position regarding the scope of the deposition topics as set forth above is clear and non-negotiable: I have no intention of asking irrelevant questions or wasting anyone's time, but I will not agree to a closed list of topics. I have also provided a simple solution to your concerns about wasting Fayyad's time. If this is acceptable to you -- and there is no reason it should not be -- please immediately confirm the 18th or propose alternative dates and times for the deposition.

If, on the other hand, you are refusing to produce Fayyad without a set list of topics, or for any other reason, please just say so immediately, so that I can file a motion to compel.

In this regard I note that in order for me be in Jerusalem on the 18th I have to be on a plane to Israel one week from today -- on Thursday the 15th. That means I need to buy a ticket and make other travel arrangements now.

Accordingly, unless I hear otherwise from you by 5 PM today, I will book the ticket and will plan to be in Jerusalem for the deposition on the 18th.

Dave

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

**From:** Wise, Andrew [mailto:awise@milchev.com]
**Sent:** Wednesday, July 07, 2010 6:25 PM
**To:** djs@mtlesq.com
**Cc:** Rochon, Mark; Hibey, Richard; dsherman@eapdlaw.com
**Subject:** Ungar v. PA/PLO

Dave,
On June 30, you served the PA and PLO with a deposition notice for Prime Minister Fayyad for July 18. There are two issues we need to address: the appropriate scope of the deposition of the PM and the timing of such a deposition.

As to the first issue, we need more information from you before we can assess whether the parties can resolve this issue without Court intervention. Specifically, we need to know the subject areas about which you plan to question the Prime Minister and the documents and video clips (if any) you plan to review with him. We will briefly explain the reason for this request.

You have noticed a deposition for the Prime Minister and Finance Minister of the Palestinian Authority before noticing or taking any other depositions and at the very outset of written discovery. Courts often provide protective order relief where a party seeks to depose a senior "apex" organizational witness. *See Celerity, Inc. v. Ultra Clean Holdings, Inc.*, 2007 U.S. Dist. LEXIS 8295, 2007 WL 205067, *3 (N.D. Cal. Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."). In deciding whether to allow a deposition of an "apex" witness, courts consider whether the high-level deponent has unique, non-cumulative knowledge of the facts at issue and whether there are other, less burdensome discovery methods. Where the deponent is one of the most senior officials in a foreign government, there is a heightened need to show why discovery cannot be obtained through less burdensome, disruptive means.

We recognize that the unique nature of the issues relevant to the Ungar vacatur (namely, the foreign policy implications of a $116 default judgment against the PA/PLO for the acts of Hamas, the financial impact of the judgment and the U.S. litigation on the PA, and the PA/PLO's commitment to the U.S. litigation since Prime Minister Fayyad assumed responsibility) are issues that the Prime Minister has addressed in declarations and may be subject areas as to which the Prime Minister is the most appropriate deponent. Can you confirm that those are the topics as to which you seek to examine the Prime Minister?

As to other factors relevant to the vacatur (including but not limited to, the PA/PLO's meritorious defenses), the Prime Minister has no unique personal knowledge and Plaintiffs should obtain the discovery through other less burdensome means. We cannot assess, however, whether we need to seek a protective order until you articulate the subject areas you seek to address in the deposition. Moreover, given our experience with the PA/PLO depositions with which your colleagues Robert Tolchin and Nitsana Darshan-Leitner have been associated -- including that of the Prime Minister -- where his time has been wasted asking him to identify numerous individuals in video clips and questioning has strayed far afield from issues relevant to the litigation and into purely political topics -- we are concerned that he not be subject to similar inappropriate lines of questioning here. A list of the subject areas may alleviate those concerns and obviate the need for a motion for protective order.

As to timing, you must appreciate the fact that the Prime Minister, given his office and demanding schedule, cannot be made available for a deposition on 2-1/2 weeks notice. If we can work out the deposition scope issue without Court intervention, we will propose dates during which he can be available during the discovery period. Our initial reaction is that it is most efficient for both parties if the deposition takes place after the parties have provided written discovery.

Regards,
Andy

**Andrew T. Wise**
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, DC  20005
(202) 626-5818 - direct
(202) 626-5801 - facsimile

This electronic message contains information which may be legally confidential and/or privileged. The information is intended solely for the individual or entity named above and access by anyone else is unauthorized.  If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful.  If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it.  Thank you.