UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
-------------------------------------------------x
                                            :
THE ESTATE OF YARON UNGAR, et al.,          :   CA 00-105L (RRL)
                                            :
                    Plaintiffs,             :
                                            :
        v.                                  :
                                            :
THE PALESTINIAN AUTHORITY, et al.,          :
                                            :
                    Defendants.             :
                                            :
                                            :
-------------------------------------------------x
```

**THIRD-PARTY INTERVENOR THE PALESTINIAN PENSION FUND FOR THE
STATE ADMINISTRATIVE EMPLOYEES IN THE GAZA STRIP'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
"MOTION FOR SUMMARY DENIAL" OF ITS MOTION TO INTERVENE**

Joseph V. Cavanagh, Jr.
BLISH & CAVANAGH LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone: (401) 751-7542

Charles L. Kerr (admitted *pro hac vice*)
Mark David McPherson (admitted
        *pro hac vice*)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000

Harold J. McElhinny (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000

*Attorneys for Third-Party Intervenor The
Palestinian Pension Fund for the State
Administrative Employees in the Gaza Strip*

ny-940676

# TABLE OF CONTENTS

**Page**

I.   THE PENSION FUND SHOULD BE PERMITTED TO INTERVENE .......................... 2

    A.   The Pension Fund may Intervene Using any of its Recognized Names ............... 3

    B.   The Pension Fund Satisfied Rule 24(c)'s Requirement that it Notify the Parties of the Relief it Seeks ............................................................................... 5

    C.   The Pension Fund's Reservation of Personal Jurisdiction Defenses is Entirely Irrelevant to the Presently Pending Motions .......................................... 7

II.  PLAINTIFFS' REQUEST FOR A STAY OF THE PENSION FUND'S MOTION SHOULD BE DENIED ............................................................................................... 8

    A.   Plaintiffs' Motion for Appointment of a Receiver in New York Does not Obviate the Pension Fund's Motion ................................................................... 8

    B.   Plaintiffs' Requests for Discovery From Non-Parties in New York is not a Basis to Stay This Motion .................................................................................. 9

    C.   Other Motions Before this Court are Irrelevant to the Motion to Intervene and the Motion to Vacate ................................................................................... 10

    D.   The Pension Fund's Motion to Intervene is Meritorious ..................................... 11

        1.   The Palestinian Authority Does not Adequately Represent the Pension Fund ............................................................................................. 11

        2.   The Pension Fund's Motion to Intervene is Timely ............................... 12

        3.   The Pension Fund did not Waive its Right to Challenge the Injunction; it Properly Reserved all Objections to the Injunction .......... 14

III. THE COURT SHOULD VACATE OR MODIFY THE INJUNCTION ...................... 16

ny-940676

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*B. Fernandez & Hnos., Inc. v. Kellog USA,*
    440 F.3d 541 (1st Cir. 2006) .................................................................................12

*Beckman Indus., Inc. v. International Ins. Co.,*
    966 F.2d 470 (9th Cir. 1992) ...................................................................................6

*Brabson v. Friendship House,*
    No. 94 CV 0834, 1997 U.S. Dist. LEXIS 11830 (W.D.N.Y. Aug. 8, 1997) ...........10

*Cook v. Bates,*
    92 F.R.D. 119 (S.D.N.Y. 1981) ........................................................................ 13-14

*Farm Credit Bank of Baltimore v. Ferrera-Goitia,*
    316 F.3d 62 (1st Cir. 2003) .....................................................................................7

*Hodgson v. United Mine Workers,*
    473 F.2d 118 (D.C. Cir. 1972) ...............................................................................13

*Magnaleasing, Inc. v. Staten Island Mall,*
    76 F.R.D. 559 (S.D.N.Y. 1977) .............................................................................10

*Negron-Almeda v. Santiago,*
    528 F.3d 15 (1st Cir. 2008) ....................................................................................13

*Panther Rubber Mfg. Co. v. Commissioner,*
    45 F.2d 314 (1st Cir. 1930) ....................................................................................15

*Piambino v. Bailey,*
    757 F.2d 1112 (11th Cir. 1985) ...........................................................................6, 7

*Providence Baptist Church v. Hillandale Comm., Ltd.,*
    425 F.3d 309 (6th Cir. 2005) ...................................................................................6

*Pub. Service Co. of New Hamp. v. Patch,*
    136 F.3d 197 (1st Cir. 1998) ..................................................................................14

*Public Citizen v. Liggett Group, Inc.,*
    858 F.2d 775 (1st Cir. 1988) ...................................................................................6

*Ruiz v. Bally Total Fitness Holding Corp.,*
    496 F.3d 1 (1st Cir. 2007) ...............................................................................15, 16

*Westchester Fire Ins. Co. v. Mendez*,
   585 F.3d 1183 (9th Cir. 2009) .................................................................6


STATUTES

Fed. R. Civ. P. 24(a)(2)................................................................................1

Fed. R. Civ. P. 69(a)(2)................................................................................9


OTHER AUTHORITIES

28 Am. Jur. 2d Estoppel and Waiver § 225 (2000) ....................................15

13-69 Moore's Federal Practice — Civil § 69.04 ......................................10

Third-Party The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (the "Pension Fund" or "Fund") submits this brief in opposition to Plaintiffs' "Motion for Summary Denial and Alternative Relief".[1]

## PRELIMINARY STATEMENT

Plaintiffs do not dispute that, pursuant to the Court's Injunction, dated May 5, 2005, and the "Notice of Injunction" drafted by Plaintiffs' counsel threatening to enforce that Injunction, over $100 million in securities and cash deposits have been restrained in a custodial bank account in the State of New York. Nor do they deny — because they cannot — that the Pension Fund claims sole ownership of those frozen assets and injury arising from the Plaintiffs' restraint of those assets. Because of those two simple and undisputed facts, the Pension Fund is entitled to intervene in this action to challenge the validity of the restraint Plaintiffs have unlawfully imposed upon on its assets for more than five years. Fed. R. Civ. P. 24(a)(2).

The Pension Fund's motion for limited intervention then presents two straightforward legal issues:

1. Does this Court have the power to maintain an open-ended *preliminary* injunction, even though it has already entered final judgment? The answer is no, as detailed in the Pension Fund's motion. (*See* Pension Fund's Br. at 19-22.)

2. If the Court continues the Injunction, must it require Plaintiffs to post a bond to protect the Pension Fund, which has been wrongfully injured by the Injunction, as Rule 65

---

[1] The Pension Fund filed its Motion to Intervene on August 18, 2010, with a supporting Memorandum ("Pension Fund Br."). (D.E. # 511.) Instead of serving an objection to that Motion as required by Local Rule Civil 7(b)(1), on September 7, 2010, Plaintiffs served a "Motion for Summary Denial and Alternative Relief", along with a supporting Memorandum ("Pls. Br."). (D.E. ## 520, 521.) On September 14, 2010, Plaintiffs served a new "Corrected" Memorandum in Support of their Motion for Summary Denial and Alternative Relief ("Pls. Corrected Br."), along with four new and additional supporting exhibits. (D.E. ## 531, 532, 533). Plaintiffs' "Corrected" Memorandum was, in fact, substantially changed, dropping certain arguments and adding others. In this Reply, the Pension Fund will respond to the arguments asserted in Plaintiffs' September 14, 2010 "Corrected" Memorandum.

requires? The answer is yes, again as detailed in the Pension Fund's motion. (*See* Pension Fund's Br. at 22-27.)

Plaintiffs' "Motion for Summary Denial and Alternate Relief" addresses neither of these questions. Rather, in 397 pages of briefing and attachments in their "corrected" papers alone, Plaintiffs cite a host of purported issues, most of which are unsupported in (or contradicted by) the record and are of no relevance to the issues properly before the Court. Because none of the issues preclude the Pension Fund from intervening in this action, Plaintiffs' "motion for summary denial" should be denied, and the Pension Fund's motion to intervene should be granted and the Injunction should be vacated or modified.

## ARGUMENT

### I.    THE PENSION FUND SHOULD BE PERMITTED TO INTERVENE.

Plaintiffs' "Motion for Summary Denial" of the Pension Fund's motion to intervene rests on nothing but their counsel's argument and conjecture based on exhibits attached to a memorandum of law. Not surprisingly, then, Plaintiffs' summary of the limited facts necessary to address this motion is inaccurate in many respects.

The Pension Fund's motion, on the other hand, is supported by properly sworn declarations setting forth the facts establishing the basis for the relief it seeks. Plaintiffs offer nothing to contradict any of those facts. For that reason alone, their "Motion" should be denied.

But even considering the merits of Plaintiffs' arguments, their "Motion" is entirely without basis. Plaintiffs purport to raise several contradictory arguments that they assert warrant denial of the Pension Fund's motion to intervene. Each of these is addressed briefly below in the order they were presented.

A.      **The Pension Fund may Intervene Using any of its Recognized Names.**

The Pension Fund properly intervened in this action under its name The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip.  This is how the Pension Fund is identified in the ongoing litigation in New York and is the name it has used to contract with investment managers for the assets at issue.  The evidence in the record relating to the Pension Fund's name and legal status is set forth in the Affidavit of Farouk A-Franji, sworn to April 4, 2007 (the "A-Franji Aff."), which was attached as Exhibit A to the McPherson Declaration in support of the Motion to Intervene.  Mr. A-Franji has worked at the Pension Fund and has served as its General Director and a member of its Board of Directors since 1998.  (A-Franji Aff. ¶ 1.)  Based on his personal knowledge and experience, Mr. A-Franji confirmed that the Fund is an independent legal entity (*id.* ¶ 7), and that one of the several names by which the Pension Fund has operated and been known over the years is The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (*id.* ¶¶ 50-51).  Mr. A-Franji also noted that "Over the last forty years, the Pension Fund has been referred to in various documents, correspondence and agreements using various names. . . .These variations in names are, at times, the result of different translations of documents from Arabic to Hebrew and/or to English and sometimes the tumultuous political and social upheaval that the Pension Fund has had to endure in the Gaza Strip.  These various names all refer to one and the same insurance and pension fund . . ." (*Id.*)

Plaintiffs submit no evidence whatsoever in response to Mr. A-Franji's sworn affidavit.  Instead, they attach a variety of exhibits to their papers without any supporting declaration or

affidavit.[2]  For this reason alone, Plaintiffs' argument has no force.  While Plaintiffs refer to the

1964 Egyptian statute ("Decision of Law No. (8) (1964)") that established the Fund — a

document that the Pension Fund attached to the McPherson Declaration — they ignore the only

evidence offered by anyone with actual knowledge of the Pension Fund as it presently exists and

operates.  As that evidence confirms, the Pension Fund has operated and been referred to by a

number of names over the past forty-six years, including both the name referenced in the English

translation of the Decision of Law No. (8) (1964) and the name under which the Pension Fund

filed its motion in this action.

More importantly, the Pension Fund's legal name over the course of forty-plus

tumultuous years has nothing to do with its present motion to intervene.  The Pension Fund has

properly identified itself as the legal entity created pursuant to the 1964 Statute and operating the

pension system created by that Statute, as amended, in the Palestinian Territories.  As Plaintiffs

---

[2] The arguments that Plaintiffs do make — while irrelevant here — fail to address or respond to the
evidence directly contradicting their claims, which has been provided to them in the New York
proceeding.  For example, Plaintiffs take out of context a Certificate signed by James Tanenbaum,
claiming that Mr. Tanenbaum has asserted that the Fund is not a valid legal entity.  (See Pls. Corrected Br.
at 8.)  Almost four years ago, Mr. Tanenbaum submitted a sworn Affidavit to the New York Court
explaining that document and contradicting Plaintiffs' assertions here, facts about which Plaintiffs fail to
inform this Court.  As Mr. Tanenbaum explained:

> "I have represented the Insurance and Pension Fund for a number of
> years.  The Fund is a statutorily-created, independent juridical entity that
> provides insurance and pension benefits for administrative and municipal
> workers in the Gaza Strip and, to a lesser extent, the West Bank.  It is
> separate and independent from the PNA and PLO.  I did not, and did not
> intend to, represent in the Certificate that the Fund does not constitute a
> separate and independent entity.  As demonstrated below, the specific
> purpose of the representation, which [Plaintiffs' counsel] now attempts to
> take out of context, was very limited."

(Kerr Decl., Ex. U (Tanenbaum Aff. ¶ 3).)  Mr. Tanenbaum's Affidavit went on to explain the limited
purpose of the Certificate: "I intended to convey to HSBC that the Fund did not have a 'legal personality'
in the sense that a traditional corporation or association would and, therefore, that it would not be able to
provide the requested 'Certificate of Incorporation' and/or 'Memorandum & Articles of Association'."
(Id. ¶ 9.)  Mr. Tanenbaum made clear his understanding that the Pension Fund is a statutorily-created,
legal entity separate from the PA.  (Id. ¶ 3.)

note, the Pension Fund's name is one of the disputes in the New York proceeding: the Pension Fund has submitted extensive evidence proving that that it owns and controls the custodial account at issue, which is titled to "The Palestinian Pension Fund for State Administrative Employees", under the Pension Fund's April 2004 Global Custody Agreement with Credit Suisse. Plaintiffs, in turn, contend that the Pension Fund does not own that account. Their allegation, made on information and belief in the Complaint in the Declaratory Judgment Action in New York, is that The Palestinian Pension Fund for State Administrative Employees is not the same as the pension fund created by the Decision of Law No. (8) (1964), an entity that they concede is a separate juridical entity independent from the PA. (Declaration of Charles K. Kerr, sworn to September 20, 2010, Exhibit V at 4, 20.)

The Court need not resolve this dispute to decide the present motion. Indeed, as Plaintiffs themselves acknowledged in their initial brief, the Court may not do so. "On a motion to intervene in an action in the federal courts, the merits of the defense or claim are not to be determined." (Pls.' Br. at 4, 23-24 (quoting 35A C.J.S. Federal Civil Procedure § 199).) The only question before this Court is whether the Pension Fund has asserted an interest entitling it to intervene. Indisputably, it has. It claims ownership of the assets in the custodial account that Plaintiffs concede they have restrained based on this Court's Injunction and the "Notice of Injunction" that Plaintiffs' counsel served on SASI. The Pension Fund is therefore entitled to intervene in this action to challenge that Injunction.

### B.    The Pension Fund Satisfied Rule 24(c)'s Requirement that it Notify the Parties of the Relief it Seeks.

Rule 24(c)'s instruction to include a "pleading that sets out the claim or defense for which the intervention is sought" is a "purely technical" requirement that does not impact any substantial right, and may be excused provided that the court is otherwise notified of the grounds

for the motion. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009). Plaintiffs can hardly claim that either they or this Court have not been apprised of the limited grounds for the Pension Fund's motion to intervene. These grounds were set forth in great detail in the Pension Fund's Motion and accompanying Memorandum of Law and Affidavit in Support. As such, the Motion should not be denied on these grounds. *See, e.g., Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 313-315 (6th Cir. 2005) (district court erred when it denied intervention on grounds that motion for intervention was not accompanied by pleading, when motion itself showed reasons for which intervention was sought); *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (failure to submit pleading was not ground for reversal of grant of permissive intervention because applicant's petition had described basis for intervention with sufficient specificity).

As Plaintiffs acknowledge ( Pls.' Corrected Br. at 10), the First Circuit has similarly excused the technical requirement of a pleading and treated a third party as an intervenor where "no purpose would now be served if this court were to dismiss the appeal and send this case back to the district court for the rote procedural step of approving intervention." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 784 (1st Cir. 1988). Indeed, it is difficult for the Pension Fund to satisfy this purely technical rule here, when it has moved to intervene not to address the merits of the action or to assert a substantive claim or defense,[3] but rather for the limited purpose of challenging a post-judgment, preliminary injunction that Plaintiffs have mischaracterized to restrain indefinitely the Pension Fund's assets located in New York. *Cf. Piambino v. Bailey*, 757

---

[3] The Pension Fund has no knowledge of or involvement in the underlying dispute between Plaintiffs and Defendants and expects to have no role in this case other than to address the ongoing impact of Plaintiffs' use of the Injunction to restrain the Pension Fund's assets in New York.

F.2d 1112, 1121-22 (11th Cir. 1985) (request to vacate injunction in motion to intervene was not

an "additional claim.")

In a similar situation, the Eleventh Circuit held that "failure to annex a complaint to [a]

motion to intervene could not possibly have prejudiced the plaintiff-class or the defendants"

when "[e]veryone knew the nature of Sylva's substantive claims for relief." *Piambino*, 757 F.2d

at 1121. In *Piambino* a putative intervenor "wanted the court to lift [an] injunction," and the

court held that "Sylva satisfied Rule 24(c)'s separate pleading requirement because his motion to

intervene, and the accompanying papers, clearly spelled out his position on the propriety of the

injunction. An additional 'pleading,' which merely replicated these documents, would have been

surplusage." *Id.* (emphasis added).

Just as in *Piambino*, the Pension Fund has clearly spelled out its position on the propriety

of the Injunction and described the basis for intervention with sufficient specificity to allow this

Court to rule, making any additional "pleading" mere surplusage. Similarly, excusing the

technical requirement of a pleading "will not work a manifest injustice. In fact, the contrary is

true; if the decision is not implemented, we will have worked manifest injustice on the

[intervenor]." *Id.* at 1122.

## C.    The Pension Fund's Reservation of Personal Jurisdiction Defenses is Entirely Irrelevant to the Presently Pending Motions.

The Pension Fund's reservation of its objections to personal jurisdiction is also no basis

to deny its motion to intervene and, instead, was simply a prudent step to confirm that, by

intervening in this action for a limited purpose, it was not consenting to personal jurisdiction

with respect to other actions or parties. *See Farm Credit Bank of Baltimore v. Ferrera-Goitia*,

316 F.3d 62, 68 (1st Cir. 2003) ("a defense based on personal jurisdiction will be deemed waived

if not made by a party's first-filed motion or included in her initial responsive pleading."). The

Pension Fund does not dispute that, if its motion to intervene is granted, it will be subject to and bound by the orders of this Court in this case. Plaintiffs cite nothing at all suggesting that merely preserving an objection to personal jurisdiction can serve as a basis to dismiss a motion to intervene.

## II.    PLAINTIFFS' REQUEST FOR A STAY OF THE PENSION FUND'S MOTION SHOULD BE DENIED.

Plaintiffs' request for a stay of the Pension Fund's motion fares no better than their request to summarily deny it. Each argument Plaintiffs offer in support of a stay fails to justify delaying resolution of the Pension Fund's motion to intervene and challenge the Injunction.

### A.    Plaintiffs' Motion for Appointment of a Receiver in New York Does not Obviate the Pension Fund's Motion.

Plaintiffs' motion for appointment of a temporary receiver in the New York declaratory judgment action, which Plaintiffs filed on September 7, 2010, has no bearing on the Pension Fund's motion to intervene in this action for the limited purpose of challenging the Injunction. Plaintiffs' argument rests on their characterization of "the gravamen" of the Pension Fund's motion to intervene being the Fund's inability to find a custodial bank that was able to support the management of a portfolio of assets by investment managers. That is incorrect. The basis of the Pension Fund's motion is that Plaintiffs have unlawfully restrained the Fund's assets under the guise of a "Notice of Injunction" and an Injunction that should not have issued or, alternatively, should have been limited in duration and secured with a bond posted by Plaintiffs. It is highly unlikely that the New York court will appoint a receiver — it requires a showing by clear and convincing evidence that the assets are in danger of being removed, lost or destroyed, a standard that Plaintiffs cannot satisfy — but even if a receiver was appointed it would not offer any redress to the Pension Fund. A New York State Court appointed receiver cannot lift this

Court's Injunction, limit the Injunction in time or compel Plaintiffs to post a bond to protect the Pension Fund against damages, as federal law requires.

Because Plaintiffs' motion for a temporary receiver in New York does nothing to obviate the relief the Pension Fund seeks with its motion, there is no reason for this Court to stay this motion to intervene and challenge the Injunction.

**B.      Plaintiffs' Requests for Discovery From Non-Parties in New York is not a Basis to Stay This Motion.**

Plaintiffs' effort to take discovery from the Pension Fund's counsel and/or CSSU in New York also fails to justify delaying resolution of the Pension Fund's motion to intervene. In those requests, the Plaintiffs seek documents and testimony with respect to the Pension Fund's counsel's communications with various banks regarding the frozen assets since 2008. Plaintiffs argue that, because the Pension Fund has claimed that "one of the reasons" that these custodial banks would not agree to hold the assets is the Notice of Injunction sent by Plaintiffs' counsel, this "clearly indicate[s]" that the Pension Fund "is hiding salient facts relevant to this motion." (Pls.' Corrected Br. at 15.) Plaintiffs' accusations notwithstanding, they fail to identify any discovery needed to address the substance of the Pension Fund's request to intervene in this action.

In addition, the only basis Plaintiffs have asserted as authority for the discovery they seek — Fed. R. Civ. P. 69 (*see* Pls' Corrected Br. at 16 n.6) — does not provide a basis for the discovery they are seeking in New York. Rule 69 only permits discovery "in aid of a money judgment or execution" as part of a judgment enforcement proceeding. Fed. R. Civ. P. 69(a)(2). The Pension Fund is not a judgment debtor. Moreover, the discovery Plaintiffs are seeking in New York is not "in aid of a money judgment or execution"; rather, that discovery relates solely to the Pension Fund's communications with various custodial banks and why those banks have

been unwilling to provide custodial services for the Pension Fund's assets. Any post-judgment discovery under Rule 69 is circumscribed and limited to issues about the amount and whereabouts of assets that may be used to satisfy the judgment. *See, e.g., Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977) ("The rule authorizes discovery by a judgment creditor for the purpose of discovering any concealed or fraudulently transferred assets. The scope of discovery, however, is circumscribed by this purpose."); *Brabson v. Friendship House*, No. 94 CV 0834, 1997 U.S. Dist. LEXIS 11830, at *2 (W.D.N.Y. Aug. 8, 1997) ("Generally speaking, the scope of such discovery is limited to information regarding the assets of the judgment-debtor."); 13-69 Moore's Federal Practice — Civil § 69.04 ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied. . .The discovery must be relevant to that purpose . . . ."). The discovery sought by Plaintiffs from the Pension Fund's counsel and CSSU does not fall within that category and is not directed to any "whereabouts of property which might satisfy the judgment." *Magnaleasing*, 76 F.R.D. at 561.

### C.    Other Motions Before this Court are Irrelevant to the Motion to Intervene and the Motion to Vacate.

The PA's objections to Magistrate Judge Martin's Report and Recommendation on Plaintiffs' motion for a payment decree likewise fail to justify delaying resolution of the Pension Fund's motion to intervene.

First, the Pension Fund's motion has nothing to do with the issues raised in Magistrate Judge Martin's Report and Recommendation, dated May 12, 2010. (D.E. #485.) The Pension Fund's motion to intervene addresses only this Court's Injunction, which Plaintiffs have used to restrain the Pension Fund's U.S.-based assets held in a custodial account in New York. Magistrate Judge Martin's Report and Recommendation concerns certain assets in Israel that,

apparently, undisputedly belong to the PA. The Pension Fund's motion and the Report and Recommendation therefore involve completely separate assets and unrelated factual and legal issues.

Second, Plaintiffs' representation that they will discontinue their enforcement efforts against the Pension Fund if Magistrate Judge Martin's Report and Recommendation is "entered, affirmed, and honored" (Pls.' Corrected Br. at 17) is a hollow promise. The Pension Fund is not a party to the dispute over the assets in Israel and has no control over what happens with respect to those issues. The Pension Fund, however, continues to be impacted by the Injunction, which it is challenging for completely separate reasons.

The Pension Fund's motion therefore can and should be addressed now.

### D.    The Pension Fund's Motion to Intervene is Meritorious.

Finally, Plaintiffs point to the merits of the Pension Fund's motion to intervene, arguing that the lack of merit is a reason for the motion to be stayed. Contrary to Plaintiffs' arguments, the Fund's motion does have merit, and it should be granted under Fed. R. Civ. P. 24(a)(2).

### 1.    The Palestinian Authority Does not Adequately Represent the Pension Fund.

Plaintiffs' assertion that Pension Fund's motion should be denied because the Palestinian Authority adequately represents its interests has no support in the record. (*See* Pls.' Corrected Br. at 17-18). There is no dispute that the Pension Fund's assets are being adversely affected by the Injunction. Yet the PA did not challenge the Injunction at the time it was entered and, to the Pension Fund's knowledge, the PA has never moved to vacate the Injunction and has never moved for the posting of a bond to protect the Pension Fund's frozen assets. More importantly, the PA has never challenged Plaintiffs' mischaracterization of the Injunction in the "Notice of Injunction" that Plaintiffs' counsel served on the Pension Fund's custodial bank in 2005. If the

Palestinian Authority adequately represented the Pension Fund in this action, it would have taken each of these steps. It has not done so for the simple reason that the frozen assets in New York do not belong to the PA, but instead belong solely to the Pension Fund. (*See* Ex. V at 16-17.) The PA has not and cannot adequately represent the interests of the Pension Fund in this action, and the Fund's motion to intervene should be granted.[4] *See B. Fernandez & Hnos., Inc. v. Kellog USA*, 440 F.3d 541, 546-47 (1st Cir. 2006).

### 2.    The Pension Fund's Motion to Intervene is Timely.

The Pension Fund's motion to intervene is timely. Plaintiffs' argument to the contrary rests on the intervening years since the Injunction was first entered. But it was Plaintiffs' new litigation position in the New York Declaratory Judgment proceeding that spurred the Pension Fund's intervention here — a new position that Plaintiffs ignore entirely in their "motion for summary denial."

In its initial Memorandum of Law, the Pension Fund explained why it has been forced to now seek limited relief in this Court, while continuing to litigate the ownership issues with Plaintiffs in New York State court: Plaintiffs have now suggested in the New York action that they are no longer seeking to enforce their judgment against the frozen assets, or even to determine whether or not they belong to judgment-debtor the PA. (Pension Fund Br. at 10-15.) Accordingly, four years into the Declaratory Judgment Action, the Pension Fund is faced with the possibility that that Action may not resolve the ownership of the disputed funds. It is this change, above all other factors, that makes the Fund's motion to intervene timely.

---

[4] Plaintiffs' argument to the contrary rests entirely on a 2005 letter that the Pension Fund's Chairman of the Board, Dr. Fayyad, sent in his capacity as the Finance Minister of the PA to the U.S. Secretary of State concerning Plaintiffs' judgment enforcement efforts. (Pls.' Corrected Br. at 17-18.) That letter says nothing about the PA's willingness or ability to protect the Pension Fund's interests, however, and as noted above the PA has taken no steps to protect the Pension Fund from the effect of this Court's Injunction.

Moreover, permitting the Pension Fund to intervene would not prejudice Plaintiffs in any way. Although the relief the Pension Fund seeks — to vacate or modify the Injunction — is certainly at odds with Plaintiffs' interests, nothing about the Pension Fund's decision not to intervene sooner has prejudiced Plaintiffs in any way.

The Pension Fund, on the other hand, continues to suffer prejudice without the ability to intervene and seek relief from the Injunction. The Injunction is the only current restraint on the Fund's assets. As detailed below, this restraint has prevented the Pension Fund from protecting its assets from market risk and/or to take steps to manage those assets for a better return consistent with its Investment Policies.

For these reasons, the Fund should be permitted to petition this Court for relief, even though the Fund did not immediately seek to intervene in this action once the Injunction was issued. *See, e.g., Negron-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008) (reversing finding that motion to intervene was untimely when filed two years late because intervenor relied on district court order stating that its interests were not at stake, and intervenor moved approximately 30 days after another decision to the contrary); *Cook v. Bates*, 92 F.R.D. 119, 122 (S.D.N.Y. 1981) (finding motion to intervene timely despite being filed "several years after the underlying matter had been pending in this court . . . In the absence of prejudice to the opposing party, even significant tardiness will not foreclose intervention."); *Hodgson v. United Mine Workers*, 473 F.2d 118 (D.C. Cir. 1972) (reversing district court finding that motion to intervene was untimely despite the fact that it was made seven years after case was filed and after action was tried, where "the proposed intervenors expressly disavowed any desire to reopen any previously-litigated question, and sought only to participate in the remedial, and if necessary the appellate, phases of the case. . . . Timeliness presents no automatic barrier to intervention in

post-judgment proceedings . . . ."); *see also Pub. Service Co. of New Hamp. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998).

Plaintiffs' motion for summary denial does not address the new procedural context of the New York action,[5] the lack of prejudice they face if the Pension Fund were permitted to intervene, the prejudice the Pension Fund faces if it is *not* permitted to intervene, or the case law permitting intervention even years into a case. The timeliness issue is therefore no barrier to the Pension Fund's motion to intervene.

### 3.    The Pension Fund did not Waive its Right to Challenge the Injunction; it Properly Reserved all Objections to the Injunction.

Finally, the Pension Fund has not waived its right to challenge the Injunction. Plaintiffs argue that the Pension Fund waived its right to challenge the Injunction when it entered into a September 11, 2007 stipulation (the "Stipulation") regarding the assets. That Stipulation, however, merely authorized the Pension Fund's previous investment managers to continue managing the frozen assets that were, at that time, held in a custodial account at SASI. It said nothing whatsoever about the propriety of the Injunction.

The Stipulation *was* explicit, however, in stating that both the Pension Fund and Plaintiffs reserved all of their respective rights, claims and defenses: "Plaintiff-Judgment Creditors and The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip expressly reserve all rights, claims and defenses, and shall not be deemed to have waived any rights, claims or defenses." (Stipulation at 6.) Plaintiffs cannot overcome the plain meaning of this text, which compels precisely the opposite conclusion from the one they forward: the

_____

[5] In their "Corrected" Memorandum, Plaintiffs assert that the Declaratory Judgment Action in New York is currently stayed at the request of the Pension Fund. That is incorrect — the Declaratory Judgment Action is not currently stayed and the Pension Fund is working on completing the pretrial steps identified by the Court at the November 5, 2009 pretrial conference. (*See* Kerr Decl. ¶¶ 3-4.)

Stipulation did not waive any of the Fund's legal rights to object to the Injunction and, instead, explicitly preserved them.

Plaintiffs therefore cannot satisfy their burden to meet the stringent legal standard for waiver. "Waiver is famously defined as 'an intentional relinquishment or abandonment of a known right or privilege.'" *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 10 (1st Cir. 2007) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)). "In the context of the right to seek legal recourse, waivers ordinarily must be explicit." *Id.* (internal citations omitted). The burden for establishing this explicit, intentional relinquishment of a known right rests with the party relying on the supposed waiver — in this case, Plaintiffs. *Panther Rubber Mfg. Co. v. Commissioner*, 45 F.2d 314, 316 (1st Cir. 1930) ("The party relying on waivers assumes the burden of proof as to the knowledge of the party making the waiver."); 28 Am. Jur. 2d Estoppel and Waiver § 225 (2000) ("The party claiming a waiver has the burden of proof of the facts on which the party relies to establish such a waiver, and unless such proof is forthcoming the party cannot sustain the claim.").

Because they can cite to no language in the Stipulation suggesting that the Pension Fund waived its rights to challenge the Injunction, Plaintiffs quote a fragment of one sentence: "'this Order shall not permit the Investment Managers, SASI, or any other person or party' to pay any of these assets to the Insurance and Pension Fund, the PLO or the PA." (Pls.' Corrected Br. at 18 (citing Stipulation at 5).) It is true that the Stipulation did not allow SASI or any other party to dispense the frozen assets to the Pension Fund or any other party. But simply because the Stipulation did not terminate or modify the Injunction does not mean that the Fund was in any way affirmatively waiving its rights to contest the ongoing validity of the Injunction. Moreover, Plaintiffs cannot square the Stipulation's language that "expressly reserve[s] all rights, claims

and defenses" and its clause that the signatories "shall not be deemed to have waived any rights, claims or defenses" (Stipulation at 6) with the requirement set forth by the First Circuit in *Ruiz*, 496 F.3d at 10, that a waiver of the right to seek legal recourse must be explicit.

## III.    THE COURT SHOULD VACATE OR MODIFY THE INJUNCTION.

Plaintiffs have not responded to that portion of the Pension Fund's motion requesting that the Court vacate the Injunction or, alternatively, modify the Injunction and require Plaintiffs to post a bond.  Because Plaintiffs have failed to offer any response, and based on the facts and law in the Pension Fund's motion to vacate or modify the Injunction, that part of the Pension Fund's motion should be granted.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' "Motion for Summary Denial of the Pension Fund's Motion to Intervene," grant the Pension Fund's motion, and enter an Order:  (1) permitting the Fund to intervene in this action for a limited purpose; (2) dissolving the Injunction; or, in the alternative, (3) limiting the Injunction and requiring Plaintiffs to post a bond in the amount of $1 million, if the Court limits the Injunction to 60 days as the Pension Fund requests, or in the amount of $500,000 for each 30-day period the Injunction is scheduled to last, to protect the Pension Fund against damages resulting from the pre-judgment restraint of the Fund's assets.

Dated: Providence, Rhode Island
   September 20, 2010

BLISH & CAVANAGH LLP

By: _____
   Joseph V. Cavanagh, Jr.

Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-7542

MORRISON & FOERSTER LLP
Charles L. Kerr (admitted *pro hac vice*)
Mark David McPherson (admitted
   *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000

MORRISON & FOERSTER LLP
Harold J. McElhinny (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000

*Attorneys for Third-Party Intervenor*
*The Palestinian Pension Fund for the*
*State Administrative Employees in the*
*Gaza Strip*

ny-940676         17