UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------x
:
THE ESTATE OF YARON UNGAR, *et al.*, :    CA 00-105L (RRL)
:
Plaintiffs, :
v. :
:
THE PALESTINIAN AUTHORITY, *et al.*, :
:
Defendants. :
:
:
---------------------------------------------------------x

**DECLARATION OF CHARLES L. KERR IN FURTHER SUPPORT OF THIRD-PARTY INTERVENOR THE PALESTINIAN PENSION FUND FOR THE STATE ADMINISTRATIVE EMPLOYEES IN THE GAZA STRIP'S MOTION TO INTERVENE, AND TO VACATE OR MODIFY THE PRELIMINARY INJUNCTION**

I, CHARLES L. KERR, declare:

1. I am a member of the law firm Morrison & Foerster LLP, counsel for Third-Party Intervenor The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (the "Pension Fund" or "Fund"). I submit this Declaration in further support of the Pension Fund's motion to intervene in this action (the "*Ungar* proceeding") and to vacate the preliminary injunction issued by this Court on May 5, 2005 (the "Injunction"), or, in the alternative, to modify the Injunction and to require that the Ungar plaintiffs post a bond. Unless otherwise stated, the facts in this Declaration are based on my personal knowledge.

2. Attached as Exhibit U is a true and correct copy (without exhibits) of the Affidavit of Mr. James Tanenbaum in Opposition to Plaintiffs' Second Motion to Indefinitely Extend the Discovery Deadline, sworn to December 14, 2006, which was filed in the New York Supreme Court in the action entitled *The Estate of Yaron Ungar, et al. v. The Palestinian Authority*, No. 102101/06 (the "New York Declaratory Judgment Action").

3.      In their (Corrected) Memorandum in Support of Plaintiffs-Judgment Creditors' Motion for Summary Denial of the Motion to Intervene Filed by "The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip" and for Alternative Relief, dated September 14, 2010, Plaintiffs suggest to this Court that the New York Declaratory Judgment Action brought by Plaintiffs has been and currently remains stayed. (Pls. Corrected Br. at 6-7.) That is incorrect. In August 2008, the Pension Fund moved to stay the New York Declaratory Judgment Action pending a ruling by this Court on the Motion to Vacate that was filed by the Defendants in this action in December 2007 (D.E. # 408) and pending a ruling on appeal of a separate right to jury trial issue. On December 11, 2008, Justice Kornreich granted that motion to stay on the first ground only and directed that the trial of the New York Declaratory Judgment Action would be stayed pending a decision by this Court on that motion. On May 13, 2009, this Court denied that motion to vacate (D.E. # 442), and, as a result, the stay of the trial of the New York Declaratory Judgment Action ordered by Justice Kornreich in December 2008 terminated.

4.      On June 25, 2009, Justice Kornreich held a status conference in the New York Declaratory Judgment Action. At that conference, the Court directed the parties to complete certain pretrial issues, set the case down for a Pretrial conference on November 5, 2009, and tentatively scheduled trial for February 2010. At that November 5, 2009 pretrial conference, however, the Plaintiffs requested a further stay of any trial in the New York Declaratory Judgment Action pending their interlocutory appeal of a separate procedural issue involving burdens of proof, to which the Pension Fund agreed. (A copy of the transcript of this pretrial conference is attached as Exhibit V.) Justice Kornreich entered a new order staying the trial pending a ruling on that appeal (*see* Exhibit L), but directed the parties to continue with their pretrial preparations. That Interlocutory Appeal was decided by the Appellate Division of the

New York Supreme Court on April 15, 2010, (Exhibit M), and at that point the stay of the trial that Justice Kornreich ordered in November 2009 terminated. Since that time, the Pension Fund has been working on completing the pretrial steps that were identified at that November 5, 2009 Pretrial Hearing.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed:   September 20, 2010
            New York, New York

                                                    _____
                                                              Charles L. Kerr