# EXHIBIT U

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x

THE ESTATE OF YARON UNGAR by and through its Administrator, DAVID STRACHMAN, et al.,

                Plaintiffs,

-against-

THE PALESTINIAN AUTHORITY, et al.,

                Defendants.

Index No. 102101/06

------------------------------------------------------------ x

THE ESTATE OF YARON UNGAR by and through its Administrator, DAVID STRACHMAN, et al.,

                Plaintiffs-Judgment Creditors,

-against-

THE PALESTINIAN AUTHORITY, et al.

                Defendants-Judgment Debtors.

Index No. 105521/05

------------------------------------------------------------ x

### AFFIDAVIT OF JAMES R. TANENBAUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO INDEFINITELY EXTEND THE DISCOVERY DEADLINE

JAMES R. TANENBAUM, being duly sworn, deposes and says:

1. I am a member of the law firm Morrison & Foerster LLP, counsel for Defendant The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip (the "Insurance and Pension Fund" or "Fund"). The facts in this affidavit are based on my own personal knowledge, my review of the Affirmation of Robert J. Tolchin in Support of Plaintiffs' motion to extend discovery, dated December 6, 2006 (the "12/6/06 Tolchin Aff."), and my review of documents that have been produced to Plaintiffs in this litigation.

ny-727472

2. I submit this affidavit in response to Mr. Tolchin's argument that an April 19, 2005 Certificate (the "Certificate") I executed on behalf of the Fund constitutes an admission that the Fund is not an independent juridical entity separate from the Palestinian National Authority ("PNA") and/or the Palestine Liberation Organization ("PLO"). (*See* 12/06/06 Tolchin Aff. ¶¶ 6-9.) Mr. Tolchin is incorrect.

3. I have represented the Insurance and Pension Fund for a number of years. The Fund is a statutorily-created, independent juridical entity that provides insurance and pension benefits for administrative and municipal workers in the Gaza Strip and, to a lesser extent, the West Bank. It is separate and independent from the PNA and PLO. I did not, and did not intend to, represent in the Certificate that the Fund does not constitute a separate and independent entity. As demonstrated below, the specific purpose of the representation, which Mr. Tolchin now attempts to take out of context, was very limited.

4. From 1997, the Insurance and Pension Fund has maintained custodial accounts at Credit Suisse Private Banking and, subsequently, at Credit Suisse Asset Management (collectively, "Credit Suisse"), in Zurich, Switzerland. During that time, the Fund's assets held at Credit Suisse were managed by various investment managers who were supervised by Citigroup Global Markets, Inc. (f/k/a Smith Barney Inc.).

5. On October 25, 2004, Credit Suisse advised the Insurance and Pension Fund that it was resigning as global custodian for the Fund. (*See* Letter from S. Machler and J. Roth to W. Najjab, dated October 25, 2004, attached hereto as Exhibit A.) The Fund promptly undertook the search for a new custodian to hold the funds and assets that were then on deposit at Credit Suisse.

6. In March of 2005, representatives of the Insurance and Pension Fund met in Switzerland with representatives from HSBC Private Bank (Suisse) SA ("HSBC") to discuss whether HSBC would be willing to act as custodian of the Fund's assets. Following that meeting, HSBC confirmed their willingness to enter into a business relationship with the Insurance and Pension Fund. (*See* Letter from P. Pissaloux and K. Trabousli to W. Najjab, dated March 16, 2005, attached hereto as Exhibit B.) In connection with the Fund's opening of accounts at HSBC, HSBC requested that the Fund provide it with, among other documentation, a "Certificate of Incorporation" and a "Memorandum & Articles of Association." (*See id.* at 2.)

7. Because the Insurance and Pension Fund is a statutorily-created entity, it does not have a "Certificate of Incorporation" or a "Memorandum & Articles of Association," the standard types of documents that a corporation or a trust created under U.S. law would maintain and would be able to provide to a bank. Therefore, the Fund requested that I provide HSBC with a Certificate confirming that the Fund is a pension fund, that it is not a privately-created corporation or trust and that, instead, it operates and holds assets according to various agreements entered into by the State of Israel, the Palestinian Authority and the Insurance and Pension Fund. (*See* Email from G. Kishek to J. Tanenbaum, dated April 14, 2005, attached hereto as Exhibit C at PPF 42934.)

8. Accordingly, I prepared and executed the Certificate that Mr. Tolchin has now attached as Exhibit E to his Affirmation. (*See* Certificate, 12/6/06 Tolchin Aff., Ex. E.) In that Certificate, I made the following representation to HSBC:

> The Pension Fund is a defined benefit pension plan covering primarily civil service employees (and others) in the Gaza Strip. The Pension Fund is an entity with no legal personality. The Pension Fund as presently structured is operated pursuant to a series of agreements and protocols negotiated between the Government [of] the State of Israel; and the Palestinian Authority, including (i) Implementation Agreement between the Government [of] the State of Israel

3

ny-727472

ny-727472

and the Palestinian Authority dated November 9, 1994, as amended by an Amendment to the Implementation Agreement dated March 31, 1997; and (ii) the Implementation Agreement among the Government of the State of Israel, the Palestinian Authority and the Pension Fund dated December 30, 1994, copies of which are attached hereto as Exhibit B.

(Certificate, 12/6/06 Tolchin Aff., Ex. E.)

9. In making these above representations, I intended to convey to HSBC that the Fund did not have a "legal personality" in the sense that a traditional corporation or association would and, therefore, that it would not be able to provide the requested "Certificate of Incorporation" and/or "Memorandum & Articles of Association." As noted above, I did not, and did not intend to, represent that the Fund is not an independent juridical entity, separate from the PNA and/or the PLO. On April 20, 2005, Elizabeth Duffy of my office sent a copy of this Certificate to Faroud Batshon, Associate Director at HSBC Private Bank (UK) Limited. (*See* Letter from E. Duffy to F. Batshon, dated April 20, 2005, attached hereto as Exhibit D.)

10. HSBC subsequently sought certain additional documentation from the Fund in connection with opening the new custodial accounts. (*See* Email from F. Debbane, which is attached to an email from G. Kishek to E. Duffy, J. Tanenbaum, and Fred Debbanneh of HSBC, dated May 29, 2005, attached hereto as Exhibit E.) Specifically, HSBC sought (1) a current resolution of the Board of Directors of the Fund authorizing Dr. Fayyad and Mr. A-Franji, Members of the Board of Directors for the Fund, to act as joint signatories on the HSBC accounts; (2) a copy of the enabling law for the Insurance and Pension Fund (acknowledging that "the fund has a status of a public company"); and (3) a Charter of the Fund. (*See id.*) HSBC noted, however, that the enabling law and Charter were not critical to the opening of the HSBC accounts. (*See id.*)

4

11. In response to HSBC's request, Dr. Fayyad (Chairman of the Board of the Insurance and Pension Fund) and Mr. A-Franji (Deputy Chairman of the Board) executed a Certification of Board Resolutions confirming the Board's adoption of a resolution authorizing them to act as joint signatories on the HSBC accounts. (*See* 6/27/2005 Certification, Exhibit F.) A copy of that Certification was provided to HSBC.

12. On June 21, 2005, Messrs. Pissaloux and Batshon confirmed that HSBC had opened eight accounts for the Insurance and Pension Fund, corresponding to the separate portfolios maintained by the Fund's then current investment managers. (*See* Letter from P. Pissaloux and F. Batshon to G. Kishek, dated June 21, 2005, attached hereto as Exhibit G.) The Fund subsequently transferred certain assets from its custodial accounts at Credit Suisse in Zurich to its new custodial accounts at HSBC.

_____
James R. Tanenbaum

Sworn to before me this
14th day of December, 2006

_____
Notary Public

KIM MORRISSEY
Notary Public, State of New York
No. 01MO6075832
Qualified in Bronx County
Commission Expires June 10, 2010