# Exhibit 3



**MILLER CHEVALIER**

**Mark J. Rochon**
**Member**
(202) 626-5819
mrochon@milchev.com

September 13, 2010

<u>**Via First Class Mail and E-Mail**</u>

David J. Strachman, Esq.
McIntyre, Tate & Lynch
321 South Main Street
Suite 400
Providence, RI 02903

Max Wistow, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Re:   *Estate of Yaron Ungar v. the Palestinian Authority*, 00cv150-L (D.R.I.)

Counsel:

I am responding to your request during our meet-and-confer teleconference on September 8, 2010, to provide you, in writing, with a proposal to narrow the parties' potential disputes regarding the Notices of Deposition served by Plaintiffs, pursuant to Rule 30(b)(6), for the depositions of The Palestinian Authority and The Palestine Liberation Organization ("Notices"), and Plaintiffs-Judgment Creditors' Third Request of Defendants for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion ("Third Request" or "Requests").

We make the offers contained in this letter in good faith and without derogation of any of Defendants' rights to petition the Court for appropriate relief. Moreover, this letter is not intended to be a catalogue of all issues and objections that Defendants may have with respect to Plaintiffs' Notices and Third Request.

1.   Rule 30(b)(6) Notices

As we noted during the meet-and-confer, we believe that the substantially similar Rule 30(b)(6) Notices of Deposition that you served on the PA and the PLO on August 31, 2010, which each identify over 100 topics (including discrete sub-parts) on which the PA and the PLO



David J. Strachman, Esq.
Max Wistow, Esq.
September 13, 2010
Page 2

are instructed to provide designees to testify, are grossly overbroad, unduly burdensome and procedurally improper. Below we provide our rationale for eliminating numerous topics.

    a.    *Improper "Contention Interrogatory" Deposition Topics -- PLO Topic Numbers 1(a-b), 2(j), 4(a-g), 5(a-f), 6(a-f), 7(a-i), 8(a-d), 9(a-g), 11(a-c), 12(e-g) and 13(b-c); PA Topic Numbers 1(a-b), 2(j), 4(a-g), 5(a-f), 6(a-f), 7(a-i), 8(a-d), 9(a-e, h-j), 10(a, g-i), 11(a-c), 12(e-g) and 13(a, c-d, b-c).*

These proposed deposition topics relate to contentions made in various filings with the Court. However, contention interrogatories, not Rule 30(b)(6) notices, are the only proper discovery method of obtaining non-privileged information concerning the facts supporting a party's claims and theories. *See, e.g., SmithKline Beecham Corp. v. Teva Pharmaceuticals USA, Inc.*, 2004 U.S. Dist. LEXIS 8990 at *7 (E.D. Pa. Mar. 23, 2004) ("in certain circumstances, a party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories"); *EEOC v. American Int'l Group*, 1994 U.S. Dist. LEXIS 9815, at *6-7 (S.D.N.Y. 1994) (denying motion to compel Rule 30(b)(6) deposition of plaintiff in part because "[t]he inquiries into the Complaint, proposed by the defendants, should more appropriately be pursued through 'contention interrogatories' under Rule 33(b)"); *SEC v. Morelli*, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (barring Rule 30(b)(6) deposition and holding that "contention interrogatories" represented a more "appropriate method for [defendant] to inquire into the [plaintiff]'s contentions"); *McCormick-Morgan Inc. v. Teledyne Indus., Inc*, 134 F.R.D. 275, 286-87 (N.D. Cal. 1991) (barring Rule 30(b)(6) deposition and allowing contention interrogatories for discovering "the bases for the contentions made and for the positions taken"), *rev'd in irrelevant part*, 765 F. Supp. 611 (N.D. Cal. 1991).

Therefore, Defendants request that Plaintiffs withdraw PLO deposition topics 1(a-b), 2(j), 4(a-g), 5(a-f), 6(a-f), 7(a-i), 8(a-d), 9(a-g), 11(a-c), 12(e-g) and 13(b-c) and PA deposition topics 1(a-b), 2(j), 4(a-g), 5(a-f), 6(a-f), 7(a-i), 8(a-d), 9(a-e, h-j), 10(a, g-i), 11(a-c), 12(e-g) and 13(a, c-d, b-c) from their respective Rule 30(b)(6) Notices.



David J. Strachman, Esq.
Max Wistow, Esq.
September 13, 2010
Page 3

      b.    *Irrelevant Deposition Topics -- PLO Topic Numbers 2(a-k), 3(a-c), 4(a-k), 5(a-f), 7(i), 8(a-e), 9(a-h), 10(a), 12(a-h) and 13(a-f); PA Topic Numbers 2(a-j), 3(a-c), 4(a-k), 5(a-f), 7(i), 8(a-e), 9(a-k), 10(a-m), 12(a-h) and 13(a-h).*

These topics appear to relate exclusively to the willfulness of Defendants' default and/or the timeliness of Defendants' Rule 60(b)(6) Motion to Vacate. As explained in Defendant PLO's Motion for Entry of a Protective Order Regarding Plaintiffs' Notice of Taking the Deposition of Ahmed Qurei, filed last week, neither of these issues may be the subject of pre-hearing discovery. First, Defendants readily concede that their decision to default was intentional and willful and that, if the only factor relevant to Defendants' entitlement to Rule 60(b)(6) relief was the willfulness of the default, Defendants would not be entitled to such relief. Second, because the timeliness of a motion to vacate is a threshold question, both this Court and the First Circuit have faced and rejected Plaintiffs' arguments about timeliness by reaching the merits of Defendants' Motion to Vacate.[1]

In addition to seeking discovery regarding factors that are not at issue in the January 2011 evidentiary hearing on Defendants' Rule 60(b)(6) motion, PLO deposition topics 2(g-i), 4(a-k), 5(a-f), 7(i), 8(e), 9(a-h), 12(a-h) and 13(a-f) and PA deposition topics 2(g-i), 4(a-k), 5(a-f), 7(i), 8(e), 9(a-k), 10(k-m), 12(a-h) and 13(a-h) also seek information protected by the attorney-client privilege and work product doctrine.

Therefore, Defendants request that Plaintiffs withdraw PLO deposition topics 2(a-k), 3(a-c), 4(a-k), 5(a-f), 7(i), 8(a-e), 9(a-h), 10(a), 12(a-h) and 13(a-f) and PA deposition topics 2(a-j), 3(a-c), 4(a-k), 5(a-f), 7(i), 8(a-e), 9(a-k), 10(a-m), 12(a-h) and 13(a-h) from their respective Rule 30(b)(6) Notices.

---

[1] Plaintiffs also include several deposition topics concerning the Palestine Investment Fund and various collections actions. *See, e.g.*, PA deposition topic numbers 10(a-m), 13(a-b). As discussed in Defendants' Motion for Entry of a Protective Order Regarding Plaintiffs' Requests for Discovery of Certain Third-Party Communications, filed last week, these topics are wholly irrelevant to the matters at issue in Defendants' Rule 60(b)(6) motion.


MILLER CHEVALIER

David J. Strachman, Esq.
Max Wistow, Esq.
September 13, 2010
Page 4

      c. *Improper, Overly Broad, and Cumulative Deposition Topics -- PLO and PA Topic Numbers 11(d) and 14(a-f).*

These topics, all of which request information concerning positions, titles and jobs held by various individuals, or individuals involved in preparing discovery responses, are overly broad and unduly burdensome as Rule 30(b)(6) topics. Such information should instead be obtained pursuant to interrogatories or requests for production of documents. Indeed, Plaintiffs have served parallel document requests (albeit overly broad and unduly burdensome requests) seeking this same information, rendering these deposition topics cumulative and unnecessary.

Therefore, Defendants request that Plaintiffs withdraw deposition topics 14(a-f) from their Rule 30(b)(6) Notices to the PA and PLO.

      d. *Deposition Topics Relating to "HAMAS" -- PLO Topic Numbers 6(a-h); PA Topic Numbers 6(a-j).*

These deposition topics seek information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. If Defendants cannot take discovery on this topic, Plaintiffs should not be able to either.

      e. *Unreasonable Deposition Timing and Location.*

Plaintiffs' Notices direct both the PA and the PLO to produce a witness to testify as to all of the deposition topics listed in each notice on September 28, 2010, at the offices of Wistow & Barylick, Inc. 61 Weybosset Street, Providence, Rhode Island. Neither the time nor the location of the deposition proposed by Plaintiffs is reasonable.

As to the timing, no institutional party could possibly be expected to locate and prepare a witness (or witnesses) to testify concerning more than 100 deposition topics in less than 30 days from the issuance of the deposition notice. As to the location, Plaintiffs have acknowledged that the general rule governing the location of depositions holds that "if the deponent lives a great distance from the deposing party, then the deposition takes place near the location of the out-of-

Miller & Chevalier Chartered


MILLER
CHEVALIER

David J. Strachman, Esq.
Max Wistow, Esq.
September 13, 2010
Page 5

state deponent." *See* Dkt. No. 519 at 15 (citing *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004)).

Therefore, Defendants request that Plaintiffs withdraw the September 28, 2010 date, discuss with defense counsel later dates for the Rule 30(b)(6) depositions of the PA and the PLO, and agree to take these depositions where the witness or witnesses are located.

2. Third Request for Production of Documents and Things

Twelve weeks before the close of discovery, Plaintiffs served on the PA and PLO their Third Request for Production of Documents, each containing over 200 document requests. The sheer volume of the requests demonstrates that Plaintiffs have made no effort to narrow the discovery to the handful of issues properly before the Court at the January 2011 hearing on Defendants Rule 60(b)(6) motion. For the reasons stated below, Defendants propose that Plaintiffs eliminate Request Nos. 3-6, 8-10, and 12-13 in their entirety, and that they also eliminate subparts 2(a)-(i); 7(a)-(l); 11(a)-(g); and 14(b)-(f).

Request Nos. 3, 4, 5, 8, 9, 12, and 13 -- comprising 120 of the 205 requests -- predominantly seek material that could only be relevant to the willfulness of the default and/or the timing of the vacatur motion. As explained above, neither the willfulness factor nor the timing of the filing of the vacatur motion is a factor currently at issue in deciding the PA/PLO's entitlement to Rule 60(b)(6) relief.

Request No. 10 seeks material "[r]egarding the Palestine Investment Fund," and Request No 13 seeks material "[r]egarding related or other cases," and as they both call for documents related to other litigation matters, they are irrelevant to the Rule 60(b)(6) motion for that reason.

Request No. 6, "[r]egarding HAMAS," seeks material concerning Defendants' meritorious-defense arguments. Yet as noted above, Plaintiffs have taken the position that "[s]uch information is irrelevant to defendants' Rule 60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence." Pls.' Amended & Supp. Answers to Defs.' First Set of Interrogatories (citing *Indigo America, Inc. v. Big America, LLC*, 597 F.3d 1, 4 (2010)). Plaintiffs cannot both object to discovery regarding meritorious defenses on the ground that it is irrelevant and at the same time seek discovery regarding meritorious defenses from Defendants.



David J. Strachman, Esq.
Max Wistow, Esq.
September 13, 2010
Page 6

      In addition, aside from seeking documents irrelevant to the issues to be decided at the January 2011 hearing, Request No. 4 ("Regarding the Defendants' strategic litigation choices leading to and subsequent to their default"), Request No. 9 ("Regarding the evolution of the Defendants' institutional capacity for conducting foreign litigation"); and Request No. 12 ("Regarding the Defendants' relationship, interactions, and discussion with their counsel") categorically seek documents protected by the attorney-client privilege and work product doctrine.

      Moreover, several subparts of the remaining requests (1) seek material that is facially protected and/or privileged, and therefore not discoverable (Request Nos. 2(a), (g)-(i) and 11(g)); (2) seek material that relates to the willfulness of Defendants' default and/or the timing of their vacatur motion (Request No. 11(a)-(b)); or (3) are so overbroad as to be unduly burdensome (Request Nos. 2(b)-(f), 7(a)-(l), 11(a)-(f), and 14(b)-(f)). For example, Request No. 2(b) facially requires Defendants to produce "all documents relating to" President Abbas. As such, these requests should also be withdrawn.

      Finally, as we informed you during our last meet-and-confer call, Defendants require Plaintiffs' agreement that any documents produced in response to Plaintiffs' Third Request for Production would be protected under the terms of the existing Protective Order in this case. Several of Plaintiffs' document requests call for material that Defendants could not disclose absent Plaintiffs' express agreement to this effect. Therefore, Defendants request that Plaintiffs confirm in writing that any material produced in response to Plaintiffs' Third Request for Production and designated as confidential will be covered by the terms of the existing Protective Order.

      Please let me know if you have any questions regarding the foregoing or would like to engage in a renewed effort to address and resolve these issues.

                                            Sincerely,

                                            Mark J. Rochon

cc:    All Counsel of Record

Miller & Chevalier Chartered