# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

        Plaintiffs – Judgment Creditors,

      v.                                                  Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

        Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' MOTION TO STRIKE AND TO COMPEL

For the reasons set forth in the attached Memorandum, the Plaintiffs-Judgment Creditors hereby respectfully move for an ORDER:

(1)     Striking all the objections asserted by Defendants-Judgment Debtors Palestinian Authority and Palestine Liberation Organization (collectively: "Defendants") to Request No. 1 of Plaintiffs-Judgment Creditors' Second Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion ("Request No. 1"):

> Authentic copies of all written communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any officeholder, employee, attorney and/or agent of the PA and/or the PLO) and the following entities: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, attorney and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any office-holder, employee, attorney and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, attorney and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, attorney and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, attorney and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any

1

person purporting to be an office-holder, employee, <u>attorney</u> and/or agent of the Palestine Investment Fund); and, (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, <u>attorney</u> and/or agent of PCSC).

(2)   Striking all the objections asserted by Defendants to Interrogatory No. 2 of Plaintiffs-Judgment Creditors' First Set of Interrogatories Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion ("Interrogatory No. 2"):

> In respect to all verbal communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any office-holder, employee, <u>attorney</u> and/or agent of the PA and/or PLO) and the following entities and persons: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, <u>attorney</u> and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any office-holder, employee, <u>attorney</u> and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, <u>attorney</u> and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, <u>attorney</u> and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, <u>attorney</u> and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any office-holder, employee, <u>attorney</u> and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, <u>attorney</u> and/or agent of PCSC) – please identify: (a) the date of each such communication (b) the identities of all such persons and entities who participated in each such communication (d) [sic] the purpose of each such communication and (e) all topics relating to the instant case, the Judgment and/or the 2006 Judgment discussed in each such communication.

(3)   Compelling the Defendants to comply in full with Request No. 1 and Interrogatory No. 2 within seven business days; and

(4)   Granting any other relief that the Court finds just, necessary or appropriate.

Dated: September 27, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,


/s/ David J. Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

**RULE 37 CERTIFICATE**

I HEREBY CERTIFY that I made a good faith effort to resolve the within discovery dispute with opposing counsel prior to the commencement of this motion practice.

/s/ David J. Strachman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 27, 2010, a true and genuine copy of the foregoing was served by ECF on Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/s/ David J. Strachman

4