```
                                                                    1

 1                  IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF RHODE ISLAND

 3

 4
     * * * * * * * * * * * * * * *    C.A. NO. 00-105L
 5                                *
     EFRAT UNGAR, et al           *
 6                                *   SEPTEMBER 18, 2007
             VS.                  *   2:06 P.M.
 7                                *
     THE PALESTINIAN LIBERATION   *
 8   ORGANIZATION, et al          *
                                  *
 9   * * * * * * * * * * * * * * *    PROVIDENCE, RI

10

11            BEFORE THE HONORABLE RONALD R. LAGUEUX,

12                           SENIOR JUDGE

13                   (Plaintiffs' Motion to Modify)

14

15   FOR THE PLAINTIFF:

16                         DAVID J. STRACHMAN, ESQ.
                           McIntyre, Tate, Lynch & Holt
17                         321 South Main Street, Suite 400
                           Providence, RI  02903
18

19
     FOR THE DEFENDANT:
20
                           JAMES R. OSWALD, ESQ.
21                         Adler Pollock & Sheehan P.C.
                           One Citizens Plaza, 8th Floor
22                         Providence, RI  02903

23
     Court Reporter:       Debra D. Lajoie, RPR, FCRR, CRI
24

25         Proceeding reported and produced by computer-aided
                              stenography
                  Debra D. Lajoie, RPR-FCRR-CRI
```

13

1 sort of undermines Your Honor's ruling on the creditor's
2 bill if we can't have unfettered use of our own documents.
3         Thank you.
4         THE COURT: All right. The situation has changed
5 drastically since this stipulation was filed and the
6 confidentiality order was executed by the Court in the
7 spring of 2005.
8         Since that time, the Court has entered judgment in
9 the petition to reach and apply the assets of the
10 Palestinian Authority in the Palestine Investment Fund. And
11 the Palestinian Authority defaulted, and the Court entered
12 judgment and transferred to the Plaintiffs all interests of
13 the Palestinian Authority in that Fund, that separate
14 corporation. So the Plaintiffs became the stockholders, the
15 sole stockholders of the Palestine Investment Fund.
16         The Court ruled in the Leboeuf case that the Court
17 had jurisdiction over the Palestinian Authority, and since
18 it defaulted, the Court had jurisdiction and the power and
19 authority to enter that judgment and that, that judgment was
20 entitled to full faith and credit in every other court of
21 this nation. The Court also ruled that the Leboeuf law firm
22 has no standing to contest that order and judgment of this
23 Court.
24         So the situation has changed very dramatically
25 because now the Plaintiffs are the owners of the
                    Debra D. Lajoie, RPR-FCRR-CRI

14

1   Palestinian-- Palestine, rather, Investment Fund. So
2   there's really no good reason to maintain this stipulation
3   and confidentiality order as to documents of the
4   Palestinian-- or the Palestine Investment Fund because the
5   Plaintiffs are now the owners.
6           The Plaintiffs have demonstrated that they have
7   exercised their ownership interest, their stock ownership
8   interest in the Fund by ousting directors and officers and
9   electing representatives among themselves to be directors
10  and to run the corporation and fired the prior counsel,
11  Leboeuf, and hired new counsel. And new counsel, based on
12  the documents that have been presented, have indicated that
13  they have no objection to this motion.
14          So, essentially, the Plaintiffs are standing in the
15  position of the Palestine Investment Fund at this point, and
16  there's no now sound basis for the confidentiality
17  agreement. They should be able to use their own documents
18  any way they see fit.
19          Therefore, the Court grants the motion to modify
20  the previous stipulation and confidentiality order. So an
21  order will be presented that provides that the motion to
22  modify is granted and that the stipulation shall be and
23  hereby is modified such that any and all documents generated
24  by the PIF and any and all documents to which the PIF is a
25  party or a signatory (collectively hereinafter PIF

Debra D. Lajoie, RPR-FCRR-CRI