# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.

                                            C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs–Judgment Creditors, by counsel, request that Defendants–Judgment Debtors the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") produce the documents described below at the offices of McIntyre, Tate & Lynch LLP, 321 South Main Street, Suite 400, Providence, Rhode Island, 02903 (attention: David J. Strachman, Esq.), within thirty (30) days of the service of these requests.

## GENERAL DEFINITIONS

1. "Document" and "documents" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Document" and "documents" shall include "writings" and "recordings" as those terms are defined in Fed. R. Evid. 1001. "Document" and "documents" shall also mean all data compilations which can be recorded by any sound, visual or electronic means and from which information can be obtained or translated through detection devices (including, without limitation, computers and electronic media) into reasonably usable form. For example, and without limiting the definition of the terms

in any way, "document" and "documents" shall include the following: electronic data (including, without limitation, all active, deleted and fragmentary files on any computer, network or electronic media), electronic mail ("E-mail") (in both electronic and printed form), facsimiles (in both electronic and printed form), letters, correspondence, notes, handwritten notes, telegrams, lists, memoranda, diaries, journals, records, contracts, agreements, records, notations of communications, communications, desk pads, desk calendars, note pads, scratch pads, voicemail recordings in any media, telephone call slips, telephone memos, telephone bills, microfilm, articles, pamphlets, brochures, studies, notices, summaries, reports, books, teletype messages, accounting entries, accounting records, financial statements, purchasing orders, invoices, tapes, worksheets, videotapes, computer diskettes, digitized material, computer data, computer-generated compilations and computerized data printouts. Any copy or a document other than the exact duplicate of that document shall be deemed a separate document. Foreign language documents, English language equivalents and English translations shall be deemed separate documents. Electronic data (including active, deleted and fragmentary files) shall be produced in all existing formats, including the format in which the electronic data was original created and the native file format.

2.   "All documents" shall mean and include each and every document that reasonably refers, reflects or relates, directly or indirectly, in whole or in part, to the subject matters described in a particular document request.

3.   "Person" shall mean and include any natural person, corporation, limited liability company, partnership, firm, association, joint venture, sole proprietorship, trust, department, division, agency and any other legal, business, or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, any parties to

this action) shall encompass (a) all predecessors or successors of such corporations or legal entities, (b) all past or present parents, subsidiaries or affiliates of such corporations or legal entities and (c) all past or present divisions, units, joint ventures, directors, officers, employees, trustees, partners, agents, consultants, accountants, attorneys and representatives of such corporations or legal entities.

4.   "You" or "your" shall mean the party or person to whom the discovery request is propounded, as well as to that party's or person's past and present parent company, affiliates, subsidiaries, divisions, units, directors, officers, shareholders, employees, trustees, agents, consultants, heirs, predecessors in interest, successors in interest, assigns and any other person acting (or purporting to act) on behalf of the party or person to whom the discovery request is propounded.

5.   "Communication" means any meeting, statement, document, conversation, transmission, exchange, request for information or transfer of information, whether by written, oral, electronic, non-verbal or other means. "Communication" shall include, but is not limited to, electronic mail or "E-mail."

6.   "Date" shall mean the exact, day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

7.   "Relate to" or "relating to" shall mean and include constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

8.   "Identify" or "identity" with respect to natural or non-natural persons shall mean and require you to state the person's full name (including any aliases, trade names or fictitious names), the person's current (or last known) business affiliation, the person's current (or last

known) business address and telephone number and the person's current (or last known) residential address and telephone number.

9. "Identify" or "identity" with respect to documents shall mean and require you to state the following:

    a) the date of the document;

    b) a description of the document sufficient to cause it to be adequately identified;

    c) the identity of each person who prepared the document;

    d) the identity of the custodian of the document;

    e) a general summary of the contents of the document;

    f) the identity of each person to whom such document was addressed, to whom such document (or copy thereof) was sent and/or who at any time had possession of such document (or copy thereof); and

    g) if there were drafts of the document prior to the final document, the identity of the custodian of those drafts and the date(s) of those drafts. In lieu of such description, you may attach appropriately identified copies of such documents to your answers to these Requests.

10. "Identify" or "identity" with respect to communications (including oral, written, telephonic, electronic or non-verbal communications) shall mean:

    a) the communications medium, e.g., written, oral, telephonic, electronic or non-verbal;

    b) the date of each such communication;

    c) the identity of all persons who were present at each communication;

    d) the substance and nature of each such communication; and

e) the identity of all documents which relate to and reflect the communication.

11. "Electronic data" shall mean and refer to the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. Such data may include, without limitation, computer programs (whether private, commercial or work-in-process), programming notes or instructions, electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operation systems, source code of all types, programming languages, linker and compilers, peripheral drives, pdf and other files, batch files, and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in active file, deleted file or file fragment. "Electronic data" includes, without limitation, any and all items stored on any electronic media, computers or networks. The term "electronic data" also includes the file, folder tabs, and or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

## SPECIFIC DEFINITIONS

1. "PA" shall mean and refer to defendant The Palestinian Authority.

2. "PLO" shall mean and refer to defendant The Palestine Liberation Organization.

3. "Defendants" shall mean and refer collectively to Defendants PA and PLO.

4. "Judgment" shall mean and refer to the judgment entered in this action on July 13, 2004.

5.  "2006 Judgment" shall mean and refer to the judgment entered in this action on September 19, 2006.

6.  "The Motion" shall mean and refer to Defendants' motion to vacate the Judgment.

## REQUESTS FOR DOCUMENTS AND THINGS

1.  Authentic copies of all written communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any office-holder, employee, attorney and/or agent of the PA and/or PLO) and the following entities: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, attorney and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any office-holder, employee, attorney and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, attorney and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, attorney and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, attorney and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any person purporting to be an office-holder, employee, attorney and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, attorney and/or agent of PCSC).

2.  An authentic copy of the original letter dated January 12, 2007 from former Secretary of State Rice that was submitted as Exhibit B to Plaintiffs-Judgment Creditors' Memorandum in Opposition to Defendants' Motion for Relief from Default Judgment in this matter ("Rice Letter").

3.  An authentic copy of the original letter of November 28, 2006 from Mahmoud Abbas that is referenced in the Rice Letter.

4.  Authentic copies of all written agreements, accords and/or pacts to which Hamas and the PA were parties at any time between September 1, 1993 and June 9, 1996.

5.  Authentic copies of all written agreements, accords and/or pacts to which Hamas and the PLO were parties at any time between September 1, 1993 and June 9, 1996.

6.  Authentic copies of all written agreements, accords and/or pacts to which Hamas and Fatah were parties at any time between September 1, 1993 and June 9, 1996.

## INSTRUCTIONS

1.  These requests cover all documents and things in Defendants' actual or constructive possession, custody or control.

2.  These requests are addressed to the Defendants including (a) their officers, directors and managing agents; and (ii) any other person acting or purporting to act on behalf of the Defendants.

3.  If any requested document or thing was, but no longer is, in Defendants' possession, custody or control, or is known to Defendants but is no longer in existence or not within Defendants' custody, state whether it is (a) missing or lost; (b) destroyed, (c) deleted, (d) transferred (voluntarily or involuntarily) to others or (d) disposed of in some other manner. In each instance, describe and explain in detail the circumstances surrounding the disposition of the document or thing, including who authorized the action taken, who performed the action and the date of the action was taken. Additionally, please identify each such document or thing including: (a) the type or character of the document or thing (e.g., letter, memorandum, notes, etc.), (b) the title, if any, of the document or thing, (c) the name and address of the author or

7

creator of the document or thing, (d) the name and address of the recipient(s) of the document or thing, (e) all information contained in the document or thing, (f) the date and circumstances under which the document or thing ceased to exist or to be in Defendants' possession, custody or control, (g) the time period during which the document or thing existed or was maintained, (h) the current and last known location and custodian of the document or thing and (i) the identity of the person(s) from whom the document may be obtained or requested.

4. In searching for and producing documents and things responsive to these requests, Defendants are specifically requested and instructed to search all computers, networks, document management systems, computer archives and back-up tapes or disks, and production of such documents or things should be made regardless of the form in which such documents or things exist. If any requested document or thing is maintained or exists in digital, electronic and/or imaged form, Defendants shall produce both a tangible (or "hard") copy of the document and a copy of the document in its digital, electronic or imaged form.

5. If any requested document or thing is stored electronically, in a computer or on a network, Defendants are requested and instructed to describe and identify (a) the location of the document, (b) the computer program by which the document was created, (c) the computer software program, if any, that compresses the document and (d) the configuration of the computer or network on which the document is found. As used herein, the term "configuration," when used in reference to any computer or network, includes the following information: (a) the computer type, brand, model and serial number; (b) the brand and version of all software, including operation system, private and custom developed applications, commercial applications, shareware or work-in-process; and (c) the communications capability, including asynchronous or

synchronous, including terminal to mainframe emulation, data download or upload capability to mainframe and computer connections via network, modem or direct connect.

6. If Defendants withhold any of the requested documents from production under a claim of privilege or other protection, Defendants shall produce, within ten (10) days of the day on which documents are required to be produced pursuant to these requests, a list of withheld documents providing, for each document, the following information: (a) the date prepared or sent; (b) the author and senders, including their position (e.g., attorney), their employer and any entity with whom they are associated; (c) the identity of all persons who saw or received the original or a copy, including their position (e.g., attorney), their employer and any entity with whom they are associated; (d) the general subject matter of the document; and (e) the basis for any privilege or protection claim and the portion(s) of the document as to which privilege or protection is claimed.

7. These requests require the production of documents in the same form and same order as they are kept in the usual course of business or, alternatively, organized and labeled to correspond with the particular requests set forth herein. If Defendants choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

8. These requests apply to and require the production of all responsive electronic data (including all active files, deleted files and fragmentary files) on any computer, network or electronic media.

9. Unless otherwise indicated, these requests refer and relate to the time period from March 2000 until the date of Defendants' responses (including any required supplementation thereof) or the completion of Defendants' production of documents, whichever is later.

10. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26(e).

Dated: June 30, 2010

Plaintiffs-Judgment Creditors,
by their Attorney,

_____
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of June, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701