UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 00-105L |
| ) | |
| THE PALESTINIAN AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANTS THE
PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN
AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-
JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully

submit these Supplemental Objections and Responses to "Plaintiffs-Judgment Creditors' Second

Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors'

Rule 60(b)(6) Motion" dated June 30, 2010 ("Request" or "Requests"), and state as follows:

## PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to

this case is on-going.  The responses by Defendants to the Requests, therefore, are based only

upon such information and documents as are currently known to Defendants.  These responses

and objections are made subject to, without prejudice to, and are not in waiver of, Defendants'

right to rely on other facts or documents at trial or to supplement their Objections and Responses hereto.

2.    The exact wording of any objections and responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.    To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.    Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any subsequent document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any subsequent document production, Defendants are not conceding that particular documents are those of the PA or PLO, rather than those of third parties.  Further, Defendants make the objections herein without in any way implying that they consider the Requests and any subsequent responses and/or subsequent productions in response to the Requests to be relevant or material to the subject matter of this action.

5.      A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.

## GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.  With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3.      Defendants object to the Requests to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.  In addition, Defendants object to each and every request which seeks "all" documents when the relevant information may be supplied with fewer than "all" documents.

5.      Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, any Request that was intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7.      Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

8.      By subsequently responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those Requests.

9.      Defendants incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific responses does not waive any general objection to that request.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

Authentic copies of all written communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any officeholder, employee, attorney and/or agent of the PA and/or PLO) and the following entities: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, attorney and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any office-holder, employee, attorney and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, attorney and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, attorney and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, attorney and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any person purporting to be an office-holder, employee, attorney and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, attorney and/or agent of PCSC).

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all written communications"; "any office-holder, employee, attorney and/or agent"); (b) that, as potentially construed, the phrase "relating to the instant case, the Judgment and/or the 2006 Judgment" is vague and ambiguous; (c) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "office-holder, employee, attorney and/or agent" of entities other than Defendants); (d) that the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; (e) that the Request seeks disclosure of information that is irrelevant to any of the issues presented by Defendants' motion to vacate the default judgment, as set out by the First Circuit in its March 25, 2010 Order, and the Request is not reasonably calculated to lead to the discovery of admissible evidence, but is instead calculated to lead to discovery for use in other

proceedings; (f) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the common-interest privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 1.

**REQUEST NO. 2:**

An authentic copy of the original letter dated January 12, 2007 from former Secretary of State Rice that was submitted as Exhibit B to Plaintiffs-Judgment Creditors' Memorandum in Opposition to Defendants' Motion for Relief from Default Judgment in this matter ("Rice Letter").

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2 to the extent that it imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants hereby produce a non-privileged document responsive to a reasonable and proper scope and interpretation of this Request.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: The document produced by Defendants and numbered 01:0000065-66 is an authentic copy of the original letter dated January 12, 2007.

**REQUEST NO. 3:**

An authentic copy of the original letter of November 28, 2006 from Mahmoud Abbas that is referenced in the Rice Letter.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3 to the extent that it imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any documents within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request.  To the extent that Defendants locate documents containing non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows:  Defendants have not identified any documents responsive to this Request.  Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

**REQUEST NO. 4:**

Authentic copies of all written agreements, accords and/or pacts to which Hamas and the PA were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 4 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all written agreements, accords and/or pacts"); (b) that, as potentially construed, the phrase "written agreements, accords and/or pacts" is vague and ambiguous; (c) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any documents within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request.  To the extent that Defendants locate documents containing non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request,

Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows:  Defendants have not identified any documents responsive to this Request.  Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

**REQUEST NO. 5:**

Authentic copies of all written agreements, accords and/or pacts to which Hamas and the PLO were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 5 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all written agreements, accords and/or pacts"); (b) that, as potentially construed, the phrase "written agreements, accords and/or pacts" is vague and ambiguous; (c) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Defendants remain willing to engage in good faith discussions

with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any documents within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request. To the extent that Defendants locate documents containing non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: Defendants have not identified any documents responsive to this Request. Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

**REQUEST NO. 6:**

Authentic copies of all written agreements, accords and/or pacts to which Hamas and Fatah were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all written agreements,

accords and/or pacts"); (b) that, as potentially construed, the phrase "written agreements, accords and/or pacts" is vague and ambiguous; (c) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to Request No. 6 to the extent that it seeks information and documents concerning "written agreements, accords and/or pacts to which Hamas and Fatah were parties" and therefore seeks to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for, produce and/or explain information and documents possessed by separate, non-parties and/or documents not within the possession, custody or control of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any documents within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request. To the extent that Defendants locate documents containing non-privileged information within their possession, custody, or

control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: Defendants have not identified any documents responsive to this Request. Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

Respectfully submitted,

Dated: August 17, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
rhibey@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of August 2010, a true and genuine copy of the foregoing was served by electronic mail and first-class mail, postage prepaid, on the following:

> David J. Strachman
> McIntyre, Tate & Lynch, LLP
> 321 South Main Street, Suite 400
> Providence, RI  02903
> Djs@mtlhlaw.com
> *Attorneys for Plaintiffs*
>
> Max Wistow
> Wistow and Barylick Incorporated
> 61 Weybosset Street
> Providence, RI 02903
> mwistow@wistbar.com
>
> *Attorneys for Plaintiffs*

Brian A. Hill