UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF YARON UNGAR, *et al.*,

      Plaintiffs / Judgment Creditors,

      v.

PALESTINIAN AUTHORITY, *et al.*,

      Defendants / Judgment Debtors.

Miscellaneous Action No. 05-180 (GK)

ORASCOM TELECOM HOLDING S.A.E.,

      Nonparty.

### ORASCOM TELECOM HOLDING S.A.E.'S
### NOTICE OF COURT DECISION IN RELATED EGYPTIAN LITIGATION

Further to Orascom's Notice of Developments in Related Egyptian Litigation, dated April 7, 2010 (*see* Dkt. Entry #94), Orascom hereby respectfully submits a copy of the Egyptian court's published decision (*see* Exhibit A) and a certified translation of that decision from Arabic to English (*see* Exhibit B).  Upon publication of the Egyptian court's decision, and out of respect for the ongoing judicial process in the United States, Orascom filed a motion for reconsideration in the Court of North Cairo, which motion remains pending.

Dated: April 22, 2010

Respectfully submitted,

**WHITE & CASE** LLP

/s/ Nicole E. Erb
Christopher M. Curran (D.C. Bar No. 408561)
Nicole E. Erb (D.C. Bar No. 466620)
Matthew S. Leddicotte (D.C. Bar No. 487612)
701 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone:   + 1 202 626 3600
Facsimile:    + 1 202 639 9355

*Attorneys for Orascom Telecom Holding S.A.E.*

www.Northcairocourt.com

محكمة شمال القاهرة الابتدائيه

رقم المحكمة

ا/ احمد سعيد

ملف ١٦١٤

م/ ٥٦٨

باسم الشعب

محكمة شمال القاهرة الابتدائية

دائرة ١٥ مـدني مستأنف

بالجلسة المدنية المنعقده علنا بسراى المحكمة وذلك يوم السبت الموافق ٢٧ /٣/ ٢٠١٠

برئاسة السيد الاستاذ / حاتم ذكى عد الغني           رئيس المحكمة

و عضوية الاستاذين /سامح عبد الوهــاب           القاضـ

و        ا/ احمد ناريس           القاضـ

وبحضور السيـــد / أشرف عبد المنعم           اميـــن السر

صدر الحكم الاتى فى القضية

رقم ١٩٣٦ /٢٠٠٨ مدني كلى شمال القاهرة

المرفوعة مــن :-           :

الممثل القانوني لشركة صندوق الاستثمار الفلسطيني

الكائنة بمدينة رام الله بفلسطين وموطنه المختار مكتب الاستاذ الدكتور/ يحيي الجمل المحامي بالنقض

الكائن في ٤ شارع جابر بن حيان –الدقي –الجيزة

ضـــد

الممثل القانوني لشركة أوراسكوم تلكوم

الكائن في برج نيل سيتي شارع ماسبيرو –كورنيش النيل– القاهرة

المحكمـــة

. بعد مطالعة الأوراق ، وسماع المرافعة ، والمداولة قانونا

حيث تخلص واقعات الاستئناف الماثل فى أن المستأنف بصفته أقامه بموجب

صحيفة كتاب المحكمة بتاريخ ٢٠٠٨/٨/٢٧

وأعلنت قانونا للمستأنف ضده بصفته طلب في ختامها الحكم

ولا:- بقبول الاستئناف شكلا

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

- ٢ -

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

ثانيا:- وفي الموضوع بالغاء الحكم المستأنف والقضاء مجددا بعدم الاعتداد بحكمي محكمة رود ايلاند الأمريكية كسند للتحفظ علي مستحقات المستأنف بصفته والاذن له بقبض دينه من المستأنف ضده بصفته مع إلزامه بالمصروفات ومقابل أتعاب المحاماة

وذلك علي سند من القول أن المستأنف بصفته أقام الدعوي رقم ٤٢٩٣ لسنة ٢٠٠٦ مستعجل القاهرة ضد المستأنف ضده بصفته بذات الطلبات سالفة الذكر استنادا الي أن المستأنف بصفته يداين المستأنف ضده بصفته بمبلغ خمسة وأربعون مليون دولار أمريكي باقي ثمن بيع المستأنف بصفته اسهم شركة الأخير في شركة المستأنف ضده بصفته

وحيث ان الاخير أمتنع عن صرف المبلغ سالف الذكر للمستأنف بصفته والتحفظ عليه لصالح ورثة الأمريكي بارون أنجر الذي لقي مصرعه عام ١٩٩٦ خلال الاشتباكات التي كانت فيما بين المقاومة الفلسطينية وجنود الاحتلال والمستوطنين الاسرائيليين في الاراضي الفلسطينية المحتلة، استند المستأنف ضده بصفته في ذلك التحفظ علي انه ورد اليه اخطار من الورثة سالفي الذكر انهم أقاموا دعوي ضد السلطة الفلسطينية ومنظمة التحرير الفلسطينية أمام المحكمة الولائية لمقاطعة رود ايلاند الأمريكية بطلب تعويض عن مصرع مورثهم متذرعين بأحكام القانون الامريكي الذي يعتبر أعمال المقاومة ارهابا وقضي لهم في تلك الدعوي بتعويض قدره مائة وستة عشر مليون وأربعمائة وتسعة ألاف ومائة وثلاثة وعشرون دولار أمريكي شاملا اتعاب المحاماة ،

كما قضت ذات المحكمة بتحويل كافة حقوق الملكية العائدة للسلطة الفلسطينية في صندوق الاستثمار الفلسطيني وتخصيصها ونقلها الي الورثة سالفي الذكر

وحيث أنه بجلسة ٢٠٠٧/٢/٢٧ قضت محكمة القاهرة للأمور المستعجلة بعدم اختصاصها عيا بنظر الدعوي فطعن المستأنف بصفته علي ذلك الحكم بالاستئناف رقم ٣٧٤ لسنة ٢٠٠٧ ستأناف مستعجل القاهرة والمقضي فيه بجلسة ٢٠٠٧/٦/٢٧ بقبول الاستئناف شكلا وفي الموضوع عديل حكم اول درجة والقضاء بعدم اختصاص المحكمة نوعيا واحالتها الي قاضي التنفيذ وضوعي بمحكمة بولاق

وحيث قيدت الدعوي برقم ١٥٧ لسنة ٢٠٠٧ تنفيذ بولاق

المحكمة الابتدائيه
شمال القاهرة

-٣-

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

بجلسة ٢٠٠٨/٨/١٣ قضت محكمة أول درجة برفض الدعوي بحالتها والزمت المستأنف بصفته المصاريف

وحيث ان المستأنف بصفته لم يرتضي بذلك الحكم فطعن عليه بالاستئناف الماثل لاسباب حاصلها اخطأ في تطبيق القانون ،

القصور في التسبيب

وحيث ان الاستئناف الماثل قد تداول بالجلسات علي النحو المبين بمحاضر جلساته مثل خلالها المستأنف والمستأنف ضده بصفتهما كلا منهما بوكيل عنه محام والأول قدم اربعة حوافظ مستندات اطلعت عليها المحكمة واحاطت بما تضمنته واهم ماتضمنته اصول الاحكام القضائية الصادرة من الولايات المتحدة الأمريكية وترجمتها الي اللغة العربية بمعرفة قلم الترجمة بمحكمة شمال القاهرة الابتدائية ، شهادة صادرة من قلم الترجمة بمحكمة شمال القاهرة الابتدائية تفيد ترجمة المستند المراد ترجمته في الاستئناف الماثل

وبجلسة المرافعة الختامية بتاريخ ٢٠١٠/١/١١ مثل المستأنف والمستأنف ضده بصفتهما كلا دنهما بوكيل عنه محام ، وقررت المحكمة ان يصدر حكمها بجلسة اليوم امتدادا

وحيث أنه عن شكل الاستئناف فلما كان قد تم إيداع صحيفته في الميعاد المقرر قانونـ مستوفيا لأوضاعه الشكلية ومن ثم فانه يكون مقبول شكلا علي نحو ماسيرد بالمنطوق٠

وحيث ان المحكمة تشير وتمهد لحكمها الي لما هو مقرر فقها ان ::سلطة قاضي التنفيذ بصفتـ قاضيا للأمور المستعجلة في تحرير الطلبات مقيدة بوجوب ان يكون المقضي به بناء علي التحرير اقل شده من الطلب الأصلي

ولما كان طلب الحكم بعدم الاعتداد بالحجز او عدم الاعتداد بالتنفيذ والغاء ماترتب عليه من اثـار او اعتباره كأن لم يكن تعتبر طلبات موضوعية والقضاء بها يكون فصلا في ذات الحق وهو مـا بمالكه قاضي التنفيذ بصفته قاضيا للامور المستعجلة ، ومن ثم لا يصلح للتحرير الـي هـذ بتنبيات ....

في القاهرة الابتدائية

www.Northcairocourt.com

محكمة

—٤—

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م=م=ش

فلا يجوز تحرير طلب وقف التنفيذ الي الحكم بعدم الاعتداد اما العكس فهو جـائز فـاذا اقام المدعى دعوى بطلب الحكم بعدم الاعتداد ثم تبين لقاضي التنفيذ بصفته قاضيا للامور المستعجلة ان مايعزوه من بطلان الاجراء الذى وقع لايبلغ الحد القاطع للشك والتاويل

ولكنه يتسم بجدية ظاهره ترجح استحقاقه للحماية السريعة المؤقته ، جاز له ان يأمر بما لـه مـن سلطة تحرير الطلبات ان يحكم بوقف تنفيذ البيع المستشكل فيه حتي يفصل في النـزاع مـن الجهـة المختصة

( موسوعة الارشادات القضائية الكتاب الاول في منازعات التنفيذ الوقتية والموضوعية ، م/ يحيـى، اسماعيل —الطبعة الثانية ٢٠٠٦ —نادي القضاء —ص ٢٠٠٤)

وكان المستقر عليه وفقا لقضاء النقض ان : لايمنع قاضي الأمور المستعجلة من نظر الإشكال ان المستشكل لم يطلب في إشكاله الحكم باجراء وقتي وانما طلب الحكم بعدم الاعتداد بـالحجز الموقـت ضده والغاءه ماترتب عليه من اثار واعتباره كأن لم يكن ، وهذه الطلبات بحسب الاساس الـذي بنيـت عليه الدعوى والنزاع الذي أثير فيها تعتبر طلبات موضوعية والقضاء بها يكون فصلا في ذات الحق يملكه قاضي الأمور المستعجلة ، لذا يكون من واجبه ان يغض النظر عنها وان يأمر بمـا لـه مـن سلطة تحرير طلبات الخصوم في مثل هذه الحالة بالاجزاء الوقتي الـذي يتفق وطبيعـة الاشـكال المعروض عليه وينبني علي ذلك ان تكون المحكمة اذ قضت بعدم الاعتداد بالحجز قد اخطأت فـ القانون ويتعين نقض حكمها في هذا الخصوص

(الطعن رقم ٥٠ لسنة ٢١ق —جلسة ١٩٥٢/١٢/٢٥ —موسوعة الارشادات القضائية الكتاب الأول فى منازعات التنفيذ الوقتية والموضوعية —المرجع السابق ص ٢٠٤ ، ٢٠٥)

وكذلك ايضا ان :

من المقرر في قضاء هذه المحكمة ان تكييف المدعي لدعواه تكييفا خاطئا لاينطبق علي واقعتها التـى ورد ها في صحيفة دعواه ليقيد قاضي الموضوع ولايمنعه من تعطي الدعوى وصفها الحـق وتكييفـ القانون الصحيح

Case 1:06-cv-00185-L... Document 553-15-1 Filed 09/28/10 Page 6 of 27 PageID
Case 1:08-mc-00180-AK Document 95-1 Filed 04/22/10 Page 6 of 8
# 5365

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

- ٥ -

<u>رابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش</u>

(نقض ١٩٧٩/٥/١٤ السنة ٣٠ العدد الثاني ص ٣٤٩ –التعليق علي قانون المرافعات –م/ عز الدين
الدناصوري ، أ/ حامد عكاز –الجزء الرابع –الطبعة الثالثة عشر –٢٠٠٨-ص٢٣)

وحيث انه لما كان ما تقدم وكان الثابت للمحكمة ان المستأنف بصفته قد اقام دعواه ابتداءا امام
محكمة اول درجة طالبا الحكم بصفة مستعجلة في مادة تنفيذ وقتية بعدم الاعتداد بحكمي محكمة رود
ايلاند الأمريكية كسند للتحفظ علي مستحقاته والاذن بقبض دينه من المستأنف ضده بصفته ، مما تكون
معه هذه الطلبات بحسب حقيقتها ومرماها هي طلب وقف تنفيذ هذين الحكمين ، الامر الذي تكييف من
المحكمة لما لها من سلطة تحرير طلبات الخصوم– وفقا للنصوص سالفة الذكر – علي هذا الأساس
وذلك باعتبار ان الدعوي محل الاستئناف الماثل هي اشكالا وقتيا في التنفيذ وهو ماتشير اليه المحكمة
الماثلة وتمهد به لقضائها

وحيث أنه عن موضوع الاستئناف الماثل فلما كان المقرر وفقا لنص المادة ٣٤ من قانون
المرافعات ان : تختص محاكم الجمهورية بالأمر بالإجراءات الوقتية والتحفظية التي تنفذ في
الجمهورية ولو كانت غير مختصة بالدعوي الأصلية

وكان المقرر وفقا لنص المادة ٢٩٦ من قانون المرافعات ان :- الاحكام والاوامر الصادرة في بلد اجنبي
يجوز الامر بتنفيذها بنفس الشروط المقررة في قانون ذلك البلد لتنفيذ الاحكام والأوامر المصرية فيه
وكان المقرر وفقا لنص المادة ٢٩٧ من قانون المرافعات ان " يقم طلب الامر بالتنفيذ الي المحكمة
الابتدائية التي يراد التنفيذ في دائرتها وذلك بالاوضاع المعتادة لرفع الدعوي وكان المقرر وفقا لنص
المادة ٢٩٨ من قانون المرافعات ان: لايجوز الامر بالتنفيذ الا بعد التحقق مما يأتي :-

١- ان محاكم الجمهورية غير مختصة بالمنازعة التي صدر فيها الحكم او الامر وان المحاكم الأجنبية
التي اصدرته مختصة بها طبقا لقواعد الاختصاص الدولي المقررة قانونا

٢- ان الخصوم في الدعوي التي صدر فيها الحكم قد كلفوا الحضور ومثلوا تمثيلا صحيحا

٣- ان الحكم او الامر حاز قوة الامر المقضي طبقا لقانون المحكمة التي اصدرته

٤- ان الحكم او الامر لايتعارض مع حكم او امر سبق صدوره من محاكم الجمهورية ولايتضمن ما

Case 1:08-cv-00185-LDM-Document 553 95-1 Filed 09/28/10 Page 7 of 27 PageID
Case 7:08-mc-00180-AKC Document 95-1 Filed 04/22/10 Page 6 of 27 PageID
# 5366

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

- ٦ -

بأن الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

يخالف النظام العام او الاداب فيها "

وكان المقرر فقها ان : الاحكام والاوامر الصادرة في بلد اجنبي ، وكذلك احكام المحكمين الصادرة فـي بلد اجنبي وكذلك احكام المحكمين الصادرة في بلد أجنبي تعتبر سندات تنفيذية متـي أمـرت المحكمـة الابتدائية بتنفيذها بعد التحقق من توافر الشروط المنصوص عليها فـي المـواد ٢٩٨ ، ٢٩٧ ، ٢٩٦ مرافعات

(موسوعة الارشادات القضائية الكتاب الاول في منازعـات التنفيـذ الوقتيـة والموضـوعية م/ يحيـي اسماعيل -الطبعة الثانية ٢٠٠٦- نادي القضاة ص/٢٤)

وايضا ان : وتقريعا علي ما تقدم اذا باشر طلب التنفيذ إجراءات تنفيذ بمقتضي حكما او امر او سنـد مسمي اجنبي قبل صدور حكم بالاذن له بالتنفيذ من المحكمة الابتدائية المختصة او قبل وضع الصيغة التنفيذية عليه جاز للمنفذ ضده ان يرفع اشكالا وقتيا بطلب وقف التنفيذ وفي هذه الحالة يتعـين علـي قاضي التنفيذ ان يجيبه الي طلباته

( التعليق علي قانون المرافعات -م/ عز الدين الدناصوري ، أ/ حامد عكاز - الجزء الرابـع الطبعـة الثالثة عشر ٢٠٠٨ -ص٢٥٣)

وحيث انه لما كان ما نقدم وكان الثابت للمحكمة مـن مطالعـة الأوراق ان المسـتأنف ضده بصفته قد امتنع عن الوفاء بمستحقات المستأنف بصفته استنادا الي صدور امر محكمة ولاية نيويـورك بتحويل كل الدفعات المستحقة للمستأنف بصفته لصالح تركوة انجر ،

مما يكون معه المستأنف ضده -المحجوز لديه- قد استند في حجز تلـك المبـالغ لحسـاب الدائن استنادا الي حكم أجنبي -السند التنفيذي-

وكان مؤدي النصوص المتقدمة ان تختص محاكم الجمهوريـة بـالامر بـالاجراءات الوقتية والتحفظية التي تنفذ في الجمهورية ولو كانت غير مختصة بالدعوي الأصلية وان يقـدم طلـب الامر بالتنفيذ الي المحكمة الابتدائية التي يراد التنفيذ في دائرتها وذلك بالأوضاع المعتاة لرفع الـدعوي يجب التحقق من توافر شروط معينة

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

- ٧ -

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

ولما كان الثابت للمحكمة خلو الأوراق مما صدور حكم بـالاذن مـن المحكمـة الابتدائيـة
المختصة بالتنفيذ وهو مايترتب عليه فقد الحكمين الاجنبين موضوع الدعوي لاحد شـروط صـلاحيتها
للتنفيذ ، مما يتعين معه بالغاء الحكم المستأنف والقضاء مجددا بوقف تنفيذ الحكمين سالف الذكر  على
نحو ماسيرد بالمنطوق .

وحيث أنه عن طلب المستأنف بصفته الإذن بقبض دينه من المستأنف ضده بصفته فلما كان المقرر
ه فقا لنص المادة ١/٣٥١ من قانون المرافعات

ان : يجوز لقاضي التنفيذ في اية حال تكون عليها الإجراءات ان يحكم بصفة مـستعجلة
فى مواجهة الحاجز بالاذن للمحجوز عليه في قبض دينه من المحجوز لديه رغم الحجـز وذلـك فـى
الحالات الاتية :-

١ -اذا وقع الحجز بغير سند تنفيذي أو حكم او امر" وكان المقرر فقها ان : لم يذكر المـشرع يـذكر
الحالات الثلاثة الواردة بالمادة حصر الحالات التي يجوز فيها الالتجاء الي قاضي التنفيذ للاذن للمحجوز
عليه في قبض الدين رغم الحجز

وانما هذه الاحوال قد وردت علي سبيل المثال ويجوز الالتجاء الي قاضي التنفيذ في كل حالـة
يكون فيها الحجز مشوبا ببطلان بعدمه لتخلف شرط جوهري او ركن اساسي للحجز
(التعليق علي قانون المرافعات- عز الدين الدناصوري ، أ/ حامد عكاز ، الجزء الرابع –الطبعة الثالثـة
عشر ٢٠٠٨ –ص ٣٦١، ٣٦٢)

وحيث انه لما كان ما تقدم وكان الثابت للمحكمة انتفاء ثمة سند تنفيذي ببيح الحجـز
علي اموال المستأنف بصفته- ، علي النحو السالف بيانه- مما يكون معه للمدين الحق في اقتضاء دينه
من المحجوز لديه وذلك وفقا لنص ١/٣٥١ من قانون المرافعات –المتقدمة الذكر – الامر الـذي يكـون
معه طلب المستأنف بصفته السالف ثقد أصاب صحيح القانون وتجيبه اليه المحكمة علي نحو ماسـيرد
بالمنطوق .

Case 1:09-cv-00165-LPS Document 553-17-1 Filed 09/29/10 Page 9 of 27 PageID
Case 1:05-mc-00180-AK Document 95-1 Filed 04/22/10 Page 8 of 8
#15368

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

-٨-

أبع الحكم رقم ١٩٣٦ السنة ٢٠٠٨ م-م-ش

وحيث أنه عن المصاريف وشاملة اتعاب المحاماة فالمحكمة تلزم بها المـستأنف

ضده بصفته عن درجتي التقاضي باعتباره المحكوم عليه عملا بنص المادتين ١٨٤، ٢٤٠ من قـانون

المرافعات ، والمادة ١٨٧ من قانون المحاماة

فلهـــــــــــذه الأســـــــــباب

حكمت المحكمة:-

بصفة مستعجلة في مادة تنفيذ وقتية :

اولا:- بقبول الاستئناف شكلا

ثانيا:-وفي الموضوع بالغاء الحكم المستأنف والقضاء مجددا بوقف تنفيذ حكمي محكمـــة رود ايلاند

موضوع الدعوي ، والاذن للمستأنف بصفته بقبض دينه من المستأنف ضده بصفته ، والزمت الاخير

المصاريف الدرجتين ، ومائة وخمسة وسبعون جنيها مقابل اتعاب المحاماة .

امين السـر                رئيس المحكمـــــة

Case 1:06-cv-00185-L-DLM  Document 53-17  Filed 09/28/10  Page 10 of 27 PageID
Case 1:08-mc-00180-AK  Document 95-2  Filed 04/22/10  Page 10 of 18
#: 5369



**GEOTEXT**
Translations, Inc.

STATE OF NEW YORK     )
                           )    ss
COUNTY OF NEW YORK    )
                           )

## <u>CERTIFICATION</u>

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Arabic into English of the attached Ruling Number 1936 of 2008

Civil North Cairo.

Abigail Simone, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this __21__ day of __April__, 20 __10__.

PATRICK EVANSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EV6201257
Qualified in Queens County
My Commission Expires February 17, 2013

New York  259 West 30th Street, 17th Floor, New York, NY 10001, U.S.A. **tel** 212.631.7432 **fax** 212.631.7778
San Francisco  220 Montgomery Street, 3rd Floor, San Francisco, CA 94104, U.S.A. **tel** 415.576.9500 **fax** 415.520.0525
London  107-111 Fleet Street, London EC4A 2AB, United Kingdom **tel** +44.(0)20.7936.9002 **fax** +44.(0)20.7990.9909
Hong Kong  20th Floor, Central Tower, 28 Queen's Road, Central, Hong Kong **tel** +852.2159.9143 **fax** +852.3010.0082
translations@geotext.com  |  www.geotext.com

North Cairo Court of First Instance
The Court's website                    www.northcairocourt.com

[handwritten:]                                                    [handwritten:]
*Mr. Ahmad al-Said*                                              *Fees: 6.75*
*File 5419*                                                          *160743*
*Civil 568*                                                        *8/17/2008*

In the Name of the People

North Cairo Court of First Instance

15th Circuit Civil Appeals

In the civil session conducted publicly at the court building on Saturday March 27, 2010 with

Mr. Hatim Zaki Abdulghani                     Presiding Judge
Sameh Abdulwahab                              Judge
Ahmed Fadi                                    Judge
Ashraf Abdulmunim                             Secretary


The following ruling was issued in case
1936/2008 Civil North Cairo Plenary

[illegible handwriting]

Filed by:
Legal representative of the Palestinian Investment Fund Company
Located in the city of Ramallah, Palestine, with its chosen domicile being the office of Dr.
Yahya al-Jamal, attorney before the appeals court, 4 Gabir bin Hayyan Street – Dukki, Giza


V.


Legal representative of Orascom Telecom
Located in Nile City Tower, Maspiro Street – Nile Corniche, Cairo


The Court


After reviewing the documents, hearing the pleadings, and deliberating on the law:
                              [handwritten:] [illegible] *23/10 - 756132*
The facts of the appeal at hand are summarized in that the Appellant in its capacity, through a
Case statement it deposited with the Clerk of the Court on August 27, 2008, filed an appeal

It was duly served on the Appellee in its capacity, and it requested a ruling at the end of it

First: Accepting the appeal pro-forma

North Cairo Court of First Instance
The Court's website                    www.northcairocourt.com

- 2 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)


Second: On the merits, setting aside the appealed ruling, and to decide again that the two rulings of the American Rhode Island court cannot be relied on as basis for confiscating the dues of the Appellant in its capacity, and to allow it to receive its debt from the Appellee in its capacity, and to compel it to pay expenses and legal fees.

This is based on the argument that the Appellant in its capacity filed case number 4293 of 2006—Summary Cairo—against the Appellee in its capacity with the same aforementioned requests, that the Appellant in its capacity is owed by the Appellee in its capacity the amount of forty five million US dollars, the remainder of the price of sale by the Appellant in its capacity of the shares of the latter in the company of the Appellee in its capacity.

Whereas the latter did not pay the aforementioned amount to the Appellant in its capacity and withheld it for the benefit of the estate of the American Yaron Ungar, who was killed in 1996 during the hostilities between the Palestinian Resistance, the occupation soldiers and Israeli settlers in the occupied Palestinian territories. The Appellee in its capacity based its withholding on the fact that it received a notification from the aforementioned estate, that they had filed a lawsuit against the Palestinian Authority and the Palestine Liberation Organization before the competent American Court of Rhode Island to demand compensation for the death of their inheritee, using the provisions of U.S. law which considers the acts of resistance as terrorism, and had a Ruling in their favor in that case with a judgment of one hundred sixteen million four hundred nine thousand one hundred twenty three US dollars, including legal fees.

That same court also ruled to transfer all proprietary rights of the Palestinian Authority in the Palestinian Investment Fund and transfer them to the aforementioned heirs.

Whereas in the session of February 27, 2007, the Cairo Summary Court ruled that it did not have subject matter jurisdiction to consider the case. The Appellant in its capacity challenged that ruling in appeal number 374 of 2007, Cairo Summary Appeals, which was decided on June 27, 2007, accepting the appeal pro-forma, and on the merits to amend the first instance ruling and ruled the lack of subject matter jurisdiction of the court and referred it to the subject matter enforcement judge in the Bolaq Court.

Whereas the case was filed under number 157 of 2007, enforcement, Bolaq.

North Cairo Court of First Instance
The Court's website                www.northcairocourt.com

- 3 -

<u>Ruling Number 1936 of 2008 Civil North Cairo (Continued)</u>

At the August 13, 2008 session, the Court of First Instance ruled to dismiss the case as is, and compelled the Appellant in its capacity to pay expenses.

Whereas the Appellant in its capacity did not accept that ruling, it challenged it in the appeal at hand, for reasons that can be summarized as follows:

Erring in the application of the law,
Deficiency in reasoning

Whereas the appeal at hand had been deliberated through sessions in the manner set forth in the minutes of those sessions, in which both the Appellant and the Appellee appeared, each in its capacity, with a legal representative of each. The Appellant presented four exhibit bundles which the Court reviewed and took note of their content, the most important of which were the originals of the judicial rulings issued in the United States of America, and their translations in Arabic by the Translation Section of the North Cairo Court of First Instance, a certificate issued by the Translation Section of the North Cairo Court of First Instance regarding the translation of the document needed to be translated in the appeal at hand.

At the final pleadings session on January 11, 2010, the Appellant and Appellee appeared, each in its capacity, with a legal representative of each. The Court decided that its ruling would be issued in today's session.

Whereas, on the appeal as to form, since the Case Statement was deposited within the legally required period and fulfilling the pro-forma requirements, so it was accepted as to form as is announced in the wording of the ruling.

Whereas the Court is referencing and referring to what is established by jurisprudence, which is that: the authority of the enforcement judge, in his capacity as a summary judge, to amend requests is limited to cases where the ruling that is based in the amendment is less in scope than that of the original request.

As the requests for a ruling of not approving the attachment or not approving the enforcement, and to cancel its impact and considering as if it never was, are considered merit requests, and ruling on them would be a ruling on the merits, a right that the enforcement judge does not have as a summary judge, the ruling cannot be issued as such.

North Cairo Court of First Instance
The Court's website                         www.northcairocourt.com

- 4 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)

A request for a stay of enforcement cannot be amended to a ruling of non-approval, while the opposite is allowed. If the Appellant files a case requesting a ruling of non-approval, then it was determined by the enforcement judge, in his capacity as summary judge, that the procedural invalidity that occurred does not reach the level of eliminating doubt and misinterpretation, but it had apparent seriousness that makes it likely to need quick and temporary protection, he is allowed to order, within his powers to amend requests, to rule to stop the implementation of the disputed sale at hand, until the competent authority decides on the dispute.

(Encyclopedia of Judicial guidelines, First Book, Enforcement Time and Subject Matter Disputes, Judge Yahya Ismail, Second Edition, 2006, Judicial Club, page 2004)

It has been established in appellate jurisprudence that: the summary judge is not precluded from considering the dispute by the fact that the complainant did not request in its complaint for a stay ruling, but rather requested a ruling of non approval on the attachment issued against it and to cancel its impact and to consider it as if it never was. These requests, considering the basis of the case, and the dispute that arose in it, are considered merit requests, and ruling on them would be a ruling on the merits, a right that the enforcement judge does not have, so he must not consider them, and to order, within the powers he has to amend requests of the litigants in such cases, a temporary remedy that fits the nature of the dispute before him; therefore, when the court issued its ruling of not approving the attachment, it had erred in law, and its ruling in this regard must be set aside.

(Appeal number 50 of judicial year 21, session of December 25, 1952, Encyclopedia of Judicial guidelines, First Book, Enforcement Time and Subject Matter Disputes, Ibid, page 204–205)

Furthermore:

It is established in the jurisprudence of this court that if an error occurred in the Plaintiff's characterization of his case, making it not applicable to his facts as set out in his Case Statement, this does not limit the subject matter judge, and does not prevent him from giving the case its correct characterization and making it conform to the correct law.

Case 1:06-cv-00185-DWM-DWM-Document 553-17 Filed 09/28/10 Page 15 of 27 PageID
#: 5374
Case 1:08-mc-00180-AK Document 95-2 Filed 04/22/10 Page 5 of 18

North Cairo Court of First Instance
The Court's website          www.northcairocourt.com

- 5 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)

(Appeal on May 14, 1979, year 30, second issue, p. 349 – Commenting on the Procedure Code,
Judge Izzuddin al-Dinasouri, Mr. Hamid Akkaz, Fourth Part, Thirteenth Edition, 2008, p. 23)

Whereas the preceding was such, and what was established before the court that the Appellant in
its capacity had filed its case initially before the Court of First Instance, requesting a summary
judgment on a temporary basis for not relying on the ruling of the American Rhode Island court
as a basis for attachment on its dues, and the permission for it to receive its receivable amount
from the Appellee in its capacity, which makes those requests in effect and purpose, requests to
stay those two rulings, which allows the court to re-characterize the case, within its powers to
amend the requests of litigants, in accordance with the aforementioned provisions, on this basis,
and in consideration of the fact that the case in the appeal at hand is a temporary enforcement
dispute, which is what this court takes in consideration and uses to prepare its ruling.

Whereas regarding the merits of the issue at hand, and based on what has been established, in
accordance with the provision of Article 34 of the Procedure Code, that: Egyptian courts have
jurisdiction to order precautionary and temporary procedures to be enforced within Egypt, even
if they did not have jurisdiction over the original case.

It has been established, in accordance with the provision of Article 296 of the Procedure Code,
that: Orders and rulings issued in a foreign country can be ordered to be enforced under the same
conditions set by the law of that country to enforce Egyptian orders and rulings within it.

It has been established, in accordance with the provision of Article 297 of the Procedure Code,
that the enforcement order be submitted to the Court of First Instance of the jurisdiction within
which it is sought to be enforced, in the usual manner that cases are filed. It has been established,
in accordance with the provision of Article 298 of the Procedure Code, that: An order of
enforcement cannot be issued until the following has been verified:

1. That the courts of Egypt do not have jurisdiction over the dispute in which the ruling or order
   was issued, and that foreign courts that issued it, had jurisdiction over it, in accordance with
   international jurisdiction rules that are accepted legally.
2. That the litigants in the case in which the ruling was issued had been notified to appear, and
   were duly represented.
3. That the ruling or order has gained the power of a judicial decision, according to the law of
   the issuing court.
4. That the ruling or order does not contradict a ruling or an order previously issued by the
   courts of Egypt, and does not contain anything against the public order or morality in Egypt.

North Cairo Court of First Instance
The Court's website                        www.northcairocourt.com

- 6 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)

It has been established by jurisprudence that: Rulings and orders issued in a foreign country, including the arbitration rulings issued in a foreign country, are considered enforcement documents if the Court of First Instance decides their enforcement after verifying that the conditions set forth in Articles 298, 297 and 296 of the Procedure Code have been met.

(Encyclopedia of Judicial guidelines, First Book, Enforcement Time and Subject Matter Disputes, Judge Yahya Ismail, Second Edition, 2006, Judicial Club, page 24)

Furthermore: in consideration of the preceding, if the party requesting the enforcement starts the process of enforcing a ruling or order, or a foreign official document, before an order permitting it to do so is issued by the competent Court of First Instance, or before an enforcement format is set, the party upon which the enforcement is applied may file a temporary objection in which it asks for a stay of enforcement. In this case, the enforcement judge must address its request.

(Commenting on the Procedure Code, Judge Izzuddin al-Dinasouri, Mr. Hamid Akkaz, Fourth Part, Thirteenth Edition, 2008, p. 253)

Whereas the preceding is so, and what was established by the Court from reviewing the documents is that the Appellee in its capacity had refused to honor the amounts payable to the Appellant in its capacity, relying on an order issued by the court of the State of New York stipulating the transfer of all amounts payable to the Appellant in its capacity to the estate of Ungar.

This means that the Appellee—the party enforcing the attachment—had relied, in attaching those amounts for the benefit of the creditor, on a foreign ruling, the enforcement document.

As a result of the preceding provisions, the courts of Egypt shall have jurisdiction to order temporary and precautionary procedures to be enforced within Egypt, even if they did not have jurisdiction over the original claim, and the request for an enforcement order must be submitted to the Court of First Instance within which jurisdiction the order is sought to be enforced, in the usual manner of filing cases, after verifying certain conditions.

Case 1:06-cv-00185-DML-DML-80-AR Document 553-2 Filed 09/28/10 Page 17 of 27 PageID
Case 1:08-mc-00180-AR Document 95-2 Filed 04/22/10 Page 8 of 18
#: 5376

North Cairo Court of First Instance
The Court's website                  www.northcairocourt.com

- 7 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)

Since it has been established that the documents do not show a ruling by the Court of First Instance permitting the enforcement, the two foreign orders at hand in this case have lost one of their conditions of validity for enforcement, which necessitates setting aside the appealed ruling, and a ruling to be issued again to stay the enforcement of the aforementioned two rulings, as is expressed in the wording of the ruling.

Whereas regarding the request of the Appellant in its capacity to receive its amounts receivable from the Appellee in its capacity, and since it is determined, in accordance with the provision of Article 351(1) of the Procedure Code, that:

The enforcement judge may, regardless of the state of the procedures, order in summary, against the party implementing the attachment, to permit the party being attached against to receive its debt from the attaching party in spite of the attachment, in the following cases:

1.  If the attachment was effected without an enforcement document or a ruling or an order, as it has been established by jurisprudence that the legislator did not state the exclusivity of those three cases set out in the Article regarding the permissibility of resorting to the enforcement judge to permit the party being attached against to receive its debt in spite of the attachment,

    rather, these cases were stated as examples, and it is permissible to resort to the enforcement judge in any case where the attachment may be invalid because of non-compliance of a substantive condition or a material basis for the attachment.

    (Commenting on the Procedure Code, Judge Izzuddin al-Dinasouri, Mr. Hamid Akkaz, Fourth Part, Thirteenth Edition, 2008, p. 361–362)

Whereas the preceding was so, and since the lack of a duly issued enforcement document allowing the attachment of the funds of the Appellant was established by the Court, as set out above, the creditor has the right to collect its debt from the party implementing the attachment, in accordance with the provisions of the aforementioned Article 351(1) of the Procedure Code. This, in effect, means that the request of the Appellant, being the creditor, has been legally correct, and the Court shall address it in the manner set forth in the wording of the ruling.

Case 1:08-mc-00180-AK   Document 95-2   Filed 04/22/10   Page 9 of 18

North Cairo Court of First Instance
The Court's website                    www.northcairocourt.com

- 8 -

Ruling Number 1936 of 2008 Civil North Cairo (Continued)

Whereas regarding expenses, including legal fees, the Court hereby requires the Appellee in its capacity to pay them, for both levels of adjudication, as it is the party being ruled against, in implementation of Articles 184 and 240 of the Procedure Code, and Article 187 of the Advocacy Law.

## THEREFORE

The Court Rules:

Summarily on a temporary subject matter of enforcement:

First: Accepting the appeal pro-forma

Second: On merits, setting aside the appealed ruling and ordering the stay of the two rulings by the Rhode Island court, subject of this litigation, and permitting the Appellant in its capacity to receive its debt from the Appellee in its capacity, requiring the latter to pay the expenses of both levels, as well as one hundred and seventy five pounds in legal fees.


Secretary                                                    Presiding Judge


[handwritten:] *Delivered the original to the Applicant, the Appellee's Attorney, under receipt no. 9396, dated 4/18/2010*

[signatures]            [illegible stamp]            [handwritten:] *4/18/2010*

محكمة شمال القاهرة الابتدائيه

باسم الشعب

www.Northcairocourt.com

محكمة شمال القاهرة الابتدائية

<u>دائرة ١٥ مدني مستأنف</u>

بالجلسة المدنية المنعقده علنا بسراى المحكمة وذلك يوم السبت الموافق ٢٧/ ٣/ ٢٠١٠

برئاسة السيد الاستاذ / حاتم ذكى عد الغني                    رئيس المحكمة

وعضوية الاستاذين /سامح عبد الوهـــاب                         القاضي

و   /                                                          القاضي

وبحضور السيد / أشرف عبد المنعم                             امين الســـر

صدر الحكم الاتى فى القضية

<u>رقم ١٩٣٦/ ٢٠٠٨ مدني كلى شمال القاهرة</u>

المرفوعة مــن :-

<u>: </u>

الممثل القانوني لشركة صندوق الاستثمار الفلسطيني

الكائنة بمدينة رام الله بفلسطين وموطنه المختار مكتب الاستاذ الدكتور/ يحيي الجمل المحامي بالنقض

الكائن في ٤ شارع جابر بن حيان –الدقي –الجيزة

<u>ضــد</u>

الممثل القانوني لشركة أوراسكوم تلكوم

الكائن في برج نيل سيتي شارع ماسبيرو –كورنيش النيل – القاهرة

<u>المحكمــــة</u>

. بعد مطالعة الأوراق ، وسماع المرافعة ، والمداولة قانونا.

حيث تخلص واقعات الاستئناف الماثل في أن المستأنف بصفته أقامه بموجب

قلم كتاب المحكمة بتاريخ ٢٠٠٨/٨/٢٧

وأعلنت قانونا للمستأنف ضده بصفته طلب في ختامها الحكم

ولا:- بقبول الاستئناف شكلا

محكمة القاهرة الابتدائيه

-٢-

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

ثانيا:- وفي الموضوع بالغاء الحكم المستأنف والقضاء مجددا بعدم الاعتداد بحكمـي محكمـة رود ايلاند الأمريكية كسند للتحفظ علي مستحقات المستأنف بصفته والأذن له بقبض دينه مـن المسـتأنف ضده بصفته مع إلزامه بالمصروفات ومقابل أتعاب المحاماة

وذلك علي سند من القول أن المستأنف بصفته أقام الدعوي رقم ٤٢٩٣ لسنة ٢٠٠٦ مستعجل القاهرة ضد المستأنف ضده بصفته بذات الطلبات سالفة الذكر استنادا الي أن المستأنف بصفته يـداين المستأنف ضده بصفته بمبلغ خمسة وأربعون مليون دولار أمريكي باقي ثمن بيع المسـتأنف بصـفته اسهم شركة الأخير في شركة المستأنف ضده بصفته

وحيث ان الاخير أمتنع عن صرف المبلغ سالف الذكر للمستأنف بصفته والتحفظ عليه لصالح ورثة الأمريكي بارون أنجر الذي لقي مصرعه عام ١٩٩٦ خلال الاشتباكات التي كانت فيمـا بيـن المقاومة الفلسطينية وجنود الاحتلال والمستوطنين الاسرئيلين في الاراضي الفلسـطينية المحتلـة ، استند المستأنف ضده بصفته في ذلك التحفظ علي أنه ورد اليه اخطار من الورثة سالفي الذكر انهم أقاموا دعوي ضد السلطة الفلسطينية ومنظمة التحرير الفلسطينية أمام المحكمة الولائية لمقاطعـة رود ايلاند الأمريكية بطلب تعويض عن مصرع مورثهم متذرعين بأحكام القانون الامريكي الذي يعتبر أعمال المقاومة ارهابا وقضي لهم في تلك الدعوي بتعويض قدره مائة وستة عشر مليون وأربعمائة وتسعة لاف ومائة وثلاثة وعشرون دولار أمريكي شاملا اتعاب المحاماة.

كما قضت ذات المحكمة بتحويل كافة حقوق الملكية العائـدة للسـلطة الفلسـطينية فـي صـندوق استثمار الفلسطيني وتخصيصها ونقلها الي الورثة سالفي الذكر

وحيث أنه بجلسة ٢٠٠٧/٢/٢٧ قضت محكمة القاهرة للأمور المستعجلة بعدم اختصاصها عيا بنظر الدعوي فطعن المستأنف بصفته علي ذلك الحكم بالاستئناف رقم ٣٧٤ لسنة ٢٠٠٧ ستأنف مستعجل القاهرة والمقضي فيه بجلسة ٢٠٠٧/٦/٢٧ بقبول الاستئناف شكلا وفي الموضوع عديل حكم اول درجة والقضاء بعدم اختصاص المحكمة نوعيـا واحالتهـا الـي قاضـي التنفيـذ موضوعي بمحكمة بولاق

وحيث قيدت الدعوي برقم ١٥٧ لسنة ٢٠٠٧ تنفيذ بولاق

شمال القاهرة الابتدائيه

www.Northcairocourt.com      المحكمة

- ٣ -

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

بجلسة ٢٠٠٨/٨/١٣ قضت محكمة اول درجة برفض الدعوي بحالتها والزمت المستأنف بصفته المصاريف

وحيث ان المستأنف بصفته لم يرتضي بذلك الحكم فطعن عليه بالاستئناف الماثل لاسباب حاصلها اخطأ في تطبيق القانون ،

القصور في التسبيب

وحيث ان الاستئناف الماثل قد تداول بالجلسات علي النحو المبين بمحاضر جلساته مثل خلالها المستأنف والمستأنف ضده بصفتهما كلا منهما بوكيل عنه محام والأول قدم اربعة حوافظ مستندات أطلعت عليها المحكمة واحاطت بما تضمنته واهم ماتضمنته اصول الاحكام القضائية الصادرة من الولايات المتحدة الأمريكية وترجمتها الي اللغة العربية بمعرفة قلم الترجمة بمحكمة شمال القاهرة الابتدائية ، شهادة صادرة من قلم الترجمة بمحكمة شمال القاهرة الابتدائية تفيد ترجمة المستند المراد ترجمته في الاستئناف الماثل

وبجلسة المرافعة الختامية بتاريخ ٢٠١٠/١/١١ مثل المستأنف والمستأنف ضده بصفتهما كلا منهما بوكيل عنه محام ، وقررت المحكمة ان يصدر حكمها بجلسة اليوم امتدادا

وحيث أنه عن شكل الاستئناف فلما كان قد تم إيداع صحيفته في الميعاد المقرر قانونا مستوفيا لأوضاعه الشكلية ومن ثم فانه يكون مقبول شكلا علي نحو ماسرد بالمنطوق .

وحيث ان المحكمة تشير وتمهد لحكمها الي ما هو مقرر فقها ان : سلطة قاضي التنفيذ بصفته قاضيا للأمور المستعجلة في تحرير الطلبات مقيدة بوجوب ان يكون المقضي به بناء علي التحرير اقل شدده من الطلب الأصلي

ولما كان طلب الحكم بعدم الاعتداد بالحجز او عدم الاعتداد بالتنفيذ والغاء ماترتب عليه من اثار او اعتباره كأن لم يكن تعتبر طلبات موضوعية والقضاء بها يكون فصلا في ذات الحق وهو ما لا يملكه قاضي التنفيذ بصفته قاضيا للامور المستعجلة ، ومن ثم لا يخضع للتحرير الـي هـذ تطبيبات . . . . .

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

-٤-

تابع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

فلا يجوز تحرير طلب وقف التنفيذ الي الحكم بعدم الاعتداد اما العكس فهو جائز فاذا اقام المدعى دعوى بطلب الحكم بعدم الاعتداد ثم تبين لقاضي التنفيذ بصفته قاضيا للامور المستعجلة ان مايعزوه من بطلان الاجراء الذى وقع لايبلغ الحد القاطع للشك والتاويل

ولكنه يتسم بجدية ظاهره ترجح استحقاقه للحماية السريعة المؤقته ، جاز له ان يأمر بما له من سلطة تحرير الطلبات ان يحكم بوقف تنفيذ البيع المستشكل فيه حتي يفصل في النزاع من الجهة المختصة

( موسوعة الارشادات القضائية الكتاب الاول في منازعات التنفيذ الوقتية والموضوعية ، م/ يحيي اسماعيل –الطبعة الثانية ٢٠٠٦ –نادي القضاء –ص ٢٠٠٤)

وكان المستقر عليه وفقا لقضاء النقض ان : لايمنع قاضي الأمور المستعجلة من نظر الاشكال ان المستشكل لم يطلب في إشكاله الحكم باجراء وقتي وانما طلب الحكم بعدم الاعتداد بالحجز الموقت ضده والغاءه ماترتب عليه من اثار واعتباره كأن لم يكن ، وهذه الطلبات بحسب الاساس الذي بنيت عليه الدعوي والنزاع الذي أثير فيها تعتبر طلبات موضوعية والقضاء بها يكون فصلا في ذات الحق لايملكه قاضي الأمور المستعجلة ، لذا يكون من واجبه ان يغض النظر عنها وان يأمر بما له من سلطة تحرير طلبات الخصوم في مثل هذه الحالة بالاجزاء الوقتي الذي يتفق وطبيعة الاشكال المعروض عليه ويبني علي ذلك ان تكون المحكمة اذ قضت بعدم الاعتداد بالحجز قد أخطأت في القانون ويتعين نقض حكمها في هذا الخصوص

(الطعن رقم ٥٠لسنة ٢١ق –جلسة ١٩٥٢/١٢/٢٥ –موسوعة الارشادات القضائية الكتاب الأول في منازعات التنفيذ الوقتية والموضوعية –المرجع السابق ص ٢٠٤ ، ٢٠٥)

وكذلك ايضا ان :

من المقرر في قضاء هذه المحكمة ان تكييف المدعي لدعواه تكييفا خاطئا لاينطبق علي واقعتيا النزاع ... ها في صحيفة دعواه ليقيد قاضي الموضوع وللمنعه من اعطاء الدعوي وصفها الحق وتكييفيه بالقانون الصحيح

محكمة القاهرة الابتدائيه

www.Northcairocourt.com

-٥-

راجع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

(نقض ١٩٧٩/٥/١٤ السنة ٣٠ العدد الثاني ص ٣٤٩ -التعليق علي قانون المرافعات -م/ عز الدين الدناصوري ، أ/ حامد عكاز -الجزء الرابع -الطبعة الثالثة عشر -٢٠٠٨ -ص٢٣)

وحيث انه لما كان ما بقدم وكان الثابت للمحكمة ان المستأنف بصفته قد اقام دعواه ابتداءا امام محكمة اول درجة طالبا الحكم بصفة مستعجلة في مادة تنفيذ وقتية بعدم الاعتداد بحكمي محكمــة رود ايلاند الأمريكية كسند للتحفظ علي مستحقاته والإذن بقبض دينه من المستأنف ضده بصفته ، مما تكون معه هذه الطلبات بحسب حقيقتها ومرماها هي طلب وقف تنفيذ هذين الحكمين ، الامر الذي تكيف معه المحكمة لما لها من سلطة تحرير طلبات الخصوم- وفقا للنصوص سالفة الذكر – علي هـذا الأسـاس وذلك باعتبار ان الدعوي محل الاستئناف الماثل هي اشكالا وقتيا في التنفيذ وهو ماتشير اليه المحكمـــة الماثلة وتمهد به لقضائها

وحيث أنه عن موضوع الاستئناف الماثل فلما كان المقرر وفقـا لـنص المـادة ٣٤ مـن قـانـون المرافعات ان : تختص محاكم الجمهورية بالأمر بالإجراءات الوقتيـة والتحفظيـة التـي تنفـذ فـي الجمهورية ولو كانت غير مختصة بالدعوي الأصلية

وكان المقرر وفقا لنص المادة ٢٩٦ من قانون المرافعات ان :- الاحكام والاوامر الصادرة في بلد اجنبي يجوز الامر بتنفيذها بنفس الشروط المقررة في قانون ذلك البلد لتنفيذ الاحكام والأوامر المصرية فيه، وكان المقرر وفقا لنص المادة ٢٩٧ من قانون المرافعات ان " يقم طلب الامر بالتنفيذ الـي المحكمـة الابتدائية التي يراد التنفيذ في دائرتها وذلك بالاوضاع المعتادة لرفع الدعوي وكان المقرر وفقا لـنص المادة ٢٩٨ من قانون المرافعات ان: لايجوز الامر بالتنفيذ الا بعد التحقق مما يأتي :-

١- ان محاكم الجمهورية غير مختصة بالمنازعة التي صدر فيها الحكم او الامر وان المحاكم الأجنبية التي اصدرته مختصة بها طبقا لقواعد الاختصاص الدولي المقررة قانونا

٢- ان الخصوم في الدعوي التي صدر فيها الحكم قد كلفوا الحضور ومثلوا تمثيلا صحيحا

٣- ان الحكم او الامر حاز قوة الامر المقضي طبقا لقانون المحكمة التي اصدرته

٤- ان الحكم او الامر لايتعارض مع حكم او امر سبق صدوره من محاكم الجمهورية ولايتضمن ما

Case 1:06-cv-00105-DLM Document 553-2 Filed 09/28/10 Page 25 of 27 PageID
Case 1:05-mc-00180-AK Document 95-2 Filed 04/22/10 Page 16 of 18
#: 5384

آل القاهرة الإبتدائيه

www.Northcairocourt.com

المحكمة

– ٦ –

بأن الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م.م.ش

يخالف النظام العام او الاداب فيها "

وكان المقرر فقهاً ان : الاحكام والاوامر الصادرة في بلد اجنبي ، وكذلك احكام المحكمين الصادرة في
بلد اجنبي وكذلك احكام المحكمين الصادرة في بلد أجنبي تعتبر سندات تنفيذية متي أمرت المحكمة
الابتدائية بتنفيذها بعد التحقق من توافر الشروط المنصوص عليها في المواد ٢٩٨ ، ٢٩٢ ، ٢٩٦
من مرافعات

(موسوعة الإرشادات القضائية الكتاب الاول في منازعات التنفيذ الوقتية والموضوعية م/ يحيى
اسماعيل –الطبعة الثانية – ٢٠٠٦ –نادي القضاة ص ٢٤)

و ايضاً ان : وتقريعاً علي ما تقدم اذا باشر طلب التنفيذ إجراءات تنفيذ بمقتضي حكما او امر او سند
رسمي اجنبي قبل صدور حكم بالأذن له بالتنفيذ من المحكمة الابتدائية المختصة او قبل وضع الصيغة
التنفيذية عليه جاز للمنفذ ضده ان يرفع اشكالا وقتياً بطلب وقف التنفيذ وفي هذه الحالة يتعين علي
قاضي التنفيذ ان يجيبه الي طلباته

( التعليق علي قانون المرافعات –م/ عز الدين الدناصوري ، أ/ حامد عكاز – الجزء الرابع الطبعة
الثالثة عشر ٢٠٠٨ –ص ٢٥٣)

وحيث انه لما كان ما تقدم وكان الثابت للمحكمة من مطالعة الأوراق ان المستأنف
ضده بصفته قد امتنع الوفاء بمستحقات المستأنف بصفته استنادا الي صدور امر محكمة ولاية نيويورك
بتحويل كل الدفعات المستحقة للمستأنف بصفته لصالح تركوة انجر ،

مما يكون معه المستأنف ضده –المحجوز لديه– قد استند في حجز تلك المبالغ في ذمة
الدائن استنادا الي حكم أجنبي –السند التنفيذي–

وكان مؤدي النصوص المتقدمة ان تختص محاكم الجمهورية بالامر بالاجراءات
الوقتية والتحفظية التي تنفذ في الجمهورية ولو كانت غير مختصة بالدعوي الأصلية وان يقدم طلب
الامر بالتنفيذ الي المحكمة الابتدائية التي يراد التنفيذ في دائرتها وذلك بالأوضاع المعتاة لرفع الدعوي
ويجب التحقق من توافر شروط معينة

Case 1:06-cv-00105-D-M8 Document 553-25-2 Filed 09/28/10 Page 26 of 27 PageID
Case 1:05-mc-00180-AK Document 95-2 Filed 04/22/10 Page 17 of 18 PageID
#: 5385

محكمة القاهرة الابتدائيه

**www.Northcairocourt.com**

–۷–

تابع الحكم رقم ۱۹۳٦ لسنة ۲۰۰۸ م–م–ش

ولما كان الثابت للمحكمة خلو الأوراق مما صدور حكـم بـالاذن مـن المحكمـة الابتدائيـة المختصة بالتنفيذ وهو مايترتب عليه فقد الحكمين الاجنبين موضوع الدعوي لاحد شـروط صـلاحيتها للتنفيذ ، مما يتعين معه بالغاء الحكم المستأنف والقضاء مجددا بوقف تنفيذ الحكمين سالف الذكر علي نحو ماسيرد بالمنطوق .

وحيث أنه عن طلب المستأنف بصفته الإذن بقبض دينه من المستأنف ضده بصفته فلما كان المقرر فقا لنص المادة ۱/۳٥۱ من قانون المرافعات

ان : يجوز لقاضي التنفيذ في اية حال تكون عليها الإجراءات ان يحكم بصفة مـستعجلة في مواجهة الحاجز بالاذن للمحجوز عليه في قبض دينه من المحجوز لديه رغم الحجز وذلـك فـي الحالات الاتية :–

۱ –اذا وقع الحجز بغير سند تنفيذي أو حكم او امر" وكان المقرر فقها ان : لم يذكر المـشرع بـذلك الحالات الثلاثة الواردة بالمادة حصر الحالات التي يجوز فيها الالتجاء الي قاضي التنفيذ للاذن للمحجوز عليه في قبض الدين رغم الحجز

وانما هذه الاحوال قد وردت علي سبيل المثال ويجوز الالتجاء الي قاضي التنفيذ في كل حالة يكون فيها الحجز مشوبا ببطلان بعدمه لتخلف شرط جوهري او ركن اساسي للحجز (التعليق علي قانون المرافعات– عز الدين الدناصوري ، أ/ حامد عكاز ، الجزء الرابع –الطبعة الثالثـة عشر ۲۰۰۸ –ص ۳٦۱، ۳٦۲)

وحيث انه لما كان ما تقدم وكان الثابت للمحكمة انتفاء ثمة سند تنفيذي يبيح الحجـز علي اموال المستأنف بصفته–. علي النحو السالف بيانه– مما يكون معه للمدين الحق في اقتضاء دينه من المحجوز لديه وذلك وفقا لنص ۱/۳٥۱ من قانون المرافعات –المتقدمة الذكر – الامر الـذي يكـون معه طلب المستأنف بصفته السالف ثقد أصاب صحيح القانون وتجيبه اليه المحكمة علي نحو ماسيرد بالمنطوق .



www.Northcairocourt.com

محكمة القاهرة الابتدائيه

— ٨ —

بع الحكم رقم ١٩٣٦ لسنة ٢٠٠٨ م-م-ش

وحيث أنه عن المصاريف وشاملة اتعاب المحاماة فالمحكمة تلزم بها المستأنف ضده بصفته عن درجتي التقاضي باعتباره المحكوم عليه عملا بنص المادتين ١٨٤، ٢٤٠ من قانون المرافعات ، والمادة ١٨٧ من قانون المحاماة

فلهـــــذه الاســباب

حكمت المحكمة:-

بصفة مستعجلة في مادة تنفيذ وقتية :

اولا:- بقبول الاستئناف شكلا

ثانيا:- وفي الموضوع بالغاء الحكم المستأنف والقضاء مجددا بوقف تنفيذ حكمي محكمة رود ايلاند موضوع الدعوى ، والاذن للمستأنف بصفته بقبض دينه من المستأنف ضده بصفته ، والزمت الاخير المصاريف الدرجتين ، ومائة وخمسة وسبعون جنيها مقابل اتعاب المحاماة .

أمين السـر                              رئيس المحكمة