# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                                                  C.A. No. 00 - 105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

### PLAINTIFFS-JUDGMENT CREDITORS' FIRST SET OF INTERROGATORIES RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs–Judgment Creditors, by counsel, serve Defendants–Judgment Debtors the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") with the following interrogatories, which Defendants–Judgment Debtors shall answer under oath and in writing within thirty (30) days of the service of these interrogatories.

## INSTRUCTIONS

1.     All interrogatory answers should be given in narrative form, rather than by production of business records, unless the responding party can show: (a) that a narrative response is unduly burdensome; (b) that the burden of deriving or ascertaining the answer from such business records is substantially the same for both parties; and (c) that all references to business records are identified with sufficient detail to permit the discovering party to locate and to identify, as readily as the responding and producing party, the records from which the answer can be ascertained.

2. If you object to any of these interrogatories, then you shall state the reasons for your objections. If you object to any part of an interrogatory, then you shall further specify the part. Similarly, if you do not object to a particular interrogatory, but are unable to respond fully to that interrogatory, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

3. When information is withheld from discovery on a claim that the information requested is privileged or otherwise subject to protection, the claim shall be made expressly and shall be supported by a description of the nature of the information, document, communication or thing not disclosed or produced that is sufficient to enable the discovering party to contest the claim of privilege, including but not limited to: (a) the identity of each person who you know or believe received or had access to the information (including whether the person is an attorney), (b) the subject matter of the information, (c) the basis for any claim of privilege or protection, and (d) any other description required under the applicable rules or law. The description shall be produced within ten (10) days of the date on which you are required to serve responses to these discovery requests.

4. The phrasing of these interrogatories shall be construed so as to make your responses inclusive rather than exclusive. For example: (a) the word "including" is intended to be comprehensive and means "including but not limited to"; (b) the singular form of all words includes the plural form and the plural form of all words includes the singular form; (c) the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; (d) the word "any" shall mean "any and all"; and (e) the word "each" shall mean "each and every."

5. Each reference to a corporation, association (whether incorporated or not), firm, company or entity shall be deemed to refer to each and every parent company, affiliate,

subsidiary, unit, division, joint venture, partner, director, officer, employee, attorney, consultant, representative, agent, predecessor-in-interest and successor-in-interest of that corporation, company or entity.

6. In answering these interrogatories, you are required to furnish under oath all information that is in your possession, custody or control or that is available to you, including, without limitation, information that is in the possession, custody or control of your attorneys.

7. Unless otherwise indicated, these interrogatories refer and relate to the time period from March 2000 until the date of Defendants' responses to these interrogatories (including any required supplementation thereof) or the date of Defendants' answers to these interrogatories, whichever is later.

8. Your answers to these interrogatories should be amended or supplemented in accordance with Fed. R. Civ. P. 26(e).

## GENERAL DEFINITIONS

1. "Person" shall mean and include any natural person, corporation, limited liability company, partnership, firm, association, joint venture, sole proprietorship, trust, department, division, agency and any other legal, business, or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, any parties to this action) shall encompass (a) all predecessors or successors of such corporations or legal entities, (b) all past or present parents, subsidiaries or affiliates of such corporations or legal entities and (c) all past or present divisions, units, joint ventures, directors, officers, employees, trustees, partners, agents, consultants, accountants, attorneys and representatives of such corporations or legal entities.

2. "You" or "your" shall mean the party or person to whom the discovery request is propounded, as well as to that party's or person's past and present parent company, affiliates, subsidiaries, divisions, units, directors, officers, shareholders, employees, trustees, agents, consultants, heirs, predecessors in interest, successors in interest, assigns and any other person acting (or purporting to act) on behalf of the party or person to whom the discovery request is propounded.

3. "Communication" means any meeting, statement, document, conversation, transmission, exchange, request for information or transfer of information, whether by written, oral, electronic, non-verbal or other means. "Communication" shall include, but is not limited to, electronic mail or "E-mail."

4. "Date" shall mean the exact, day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

5. "Relate to" or "relating to" shall mean and include constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

6. "Identify" or "identity" with respect to natural or non-natural persons shall mean and require you to state the person's full name (including any aliases, trade names or fictitious names), the person's current (or last known) business affiliation, the person's current (or last known) business address and telephone number and the person's current (or last known) residential address and telephone number.

7. "Identify" or "identity" with respect to documents shall mean and require you to state the following:

    a) the date of the document;

    b) a description of the document sufficient to cause it to be adequately identified;

    c) the identity of each person who prepared the document;

    d) the identity of the custodian of the document;

    e) a general summary of the contents of the document;

    f) the identity of each person to whom such document was addressed, to whom such document (or copy thereof) was sent and/or who at any time had possession of such document (or copy thereof); and

    g) if there were drafts of the document prior to the final document, the identity of the custodian of those drafts and the date(s) of those drafts. In lieu of such description, you may attach appropriately identified copies of such documents to your answers to these Requests.

8.   "Identify" or "identity" with respect to communications (including oral, written, telephonic, electronic or non-verbal communications) shall mean:

    a) the communications medium, e.g., written, oral, telephonic, electronic or non-verbal;

    b) the date of each such communication;

    c) the identity of all persons who were present at each communication;

    d) the substance and nature of each such communication; and

    e) the identity of all documents which relate to and reflect the communication.

9.   "Electronic data" shall mean and refer to the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description,

whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. Such data may include, without limitation, computer programs (whether private, commercial or work-in-process), programming notes or instructions, electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operation systems, source code of all types, programming languages, linker and compilers, peripheral drives, pdf and other files, batch files, and all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in active file, deleted file or file fragment. "Electronic data" includes, without limitation, any and all items stored on any electronic media, computers or networks. The term "electronic data" also includes the file, folder tabs, and or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

10. With respect to any topic, contention, allegation, subject or issue referenced or listed in a discovery request, "state the factual basis" shall mean, and require you to: (a) state all facts relating to the topic, contention, allegation, subject or issue; (b) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject or issue; (c) identify all sources of information relating to the topic, contention, allegation, subject or issue; (d) identify all communications relating to the topic, contention, allegation, subject or issue; and (e) identify all documents relating to the topic, contention, allegation, subject or issue.

11. With respect to any topic, contention, allegation, subject, event or issue referenced or listed in a discovery request, "describe" or "describe in detail" shall mean, and require you to: (a) provide detailed information such as the date, time, place and circumstances

relating to the topic, contention, allegation, subject, event or issue; (b) state all facts relating to the topic, contention, allegation, subject, event or issue; (c) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject, event or issue; (d) identify all sources of information relating to the topic, contention, allegation, subject or issue; (e) identify all communications relating to the topic, contention, allegation, subject, event or issue; and (f) identify all documents relating to the topic, contention, allegation, subject, event or issue.

## SPECIFIC DEFINITIONS

1. "PA" shall mean and refer to defendant The Palestinian Authority.

2. "PLO" shall mean and refer to defendant The Palestine Liberation Organization.

3. "Defendants" shall mean and refer collectively to Defendants PA and PLO.

4. "Judgment" shall mean and refer to the judgment entered in this action on July 13, 2004.

5. "2006 Judgment" shall mean and refer to the judgment entered in this action on September 19, 2006.

6. "The Motion" shall mean and refer to Defendants' motion to vacate the Judgment.

## INTERROGATORIES

### Interrogatory No. 1

Identify all persons whose testimony the Defendants will or may present to the Court, whether live or via deposition, in support of The Motion.

### Interrogatory No. 2

In respect to all verbal communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any office-holder, employee,

attorney and/or agent of the PA and/or PLO) and the following entities and persons: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, attorney and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any office-holder, employee, attorney and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, attorney and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity Ill Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, attorney and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, attorney and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any person purporting to be an office-holder, employee, attorney and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, attorney and/or agent of PCSC) – please identify: (a) the date of each such communication (b) the identities of all persons and entities who participated in each such communication (d) the purpose of each such communication and (e) all topics relating to the instant case, the Judgment and/or the 2006 Judgment discussed in each such communication.

Dated: June 30, 2010

Plaintiffs-Judgment Creditors,
by their Attorney,

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of June, 2010, a true and genuine copy of the foregoingwas sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701