# Exhibit A

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
DAVID STRACHMAN, Administrator of
the Estate of Yaron Ungar, et al.,         :

        Plaintiffs,         :  Case No. 3:05-mc-00208-EBB

    - against -         :

THE PALESTINIAN AUTHORITY, et al.,         :

        Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STATEMENT OF NON-PARTIES CANAAN EQUITY OFFSHORE C.V., CANAAN EQUITY II OFFSHORE C.V., CANAAN EQUITY III OFFSHORE C.V., CANAAN MANAGEMENT N.V. AND CANAAN PARTNERS IN SUPPORT OF THEIR MOTION FOR <u>DETERMINATION OF INTERESTS IN PROPERTY AND FOR OTHER RELIEF</u>

MASLAN BROWN & ASSOCIATES LLP
9 Old King's Highway S.
Darien, Connecticut 06820
Tel.: (203) 655-1900
Fax: (203) 655-2210

- and -

CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel.: (212) 701-3000
Fax: (212) 269-5420

Attorneys For Non-Parties Canaan Equity Offshore C.V.; Canaan Equity II Offshore C.V.; Canaan Equity III Offshore C.V.; Canaan Offshore Management N.V. and Canaan Partners

August 30, 2005

<u>ORAL ARGUMENT REQUESTED</u>

Case 1:00-cv-00105-L-DLM Document 553-30 Filed 09/28/10 Page 3 of 20 PageID
Case 3:05-mc-00208-POD Document 9-2 Filed 09/01/05 Page 3 of 20
#: 5464

# **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 3 |
| | A. The Canaan Offshore Venture Funds: Generally | 3 |
| | B. The Investments in the Canaan Offshore Venture Funds by the Palestinian Limited Partners | 4 |
| | C. Service Upon Canaan of the Restraining Order and Injunction in the Rhode Island Lawsuit | 4 |
| | D. Canaan Declines to Make Fund Distributions to the Palestinian Limited Partners in Light of the Injunction | 5 |
| | E Canaan's June 14, 2005 Motion For Clarification to the Rhode Island Court | 5 |
| | F. The August 25, 2005 Service Upon Canaan of the Writ of Execution | 7 |
| ARGUMENT | | 7 |
| I. | THE PROCEEDINGS IN THIS COURT SHOULD BE STAYED PENDING DISPOSITION BY THE RHODE ISLAND COURT OF CANAAN'S MOTION FOR CLARIFICATION OF THE INJUNCTION | 7 |
| II. | IN ANY EVENT, THE PALESTINIAN LIMITED PARTNERS ARE INDISPENSABLE PARTIES TO THIS PROCEEDING | 9 |
| III. | THIS COURT SHOULD REQUIRE THE PLAINTIFF-JUDGMENT CREDITORS TO POST A BOND IN FAVOR OF CANAAN | 11 |
| IV. | IF THIS COURT ULTIMATELY CONCLUDES THAT ANY ONE OF THE PALESTINIAN LIMITED PARTNERS IS LIABLE FOR THE RHODE ISLAND JUDGMENT, CANAAN RESERVES THE RIGHT TO BE HEARD IN CONNECTION WITH THE CONTRACTUAL AND MECHANICAL IMPLICATIONS OF EXECUTION | 12 |
| CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

**Page**

## Cases

*Central De Fianzas, S.A. v. Bridgefarmer & Assocs., Inc.,* 2002 WL 1477444 (N.D. Tex. 2002) (attached hereto as Ex. 4) .................................................. 11

*Compagnie Noga D'Importation et D'Exportation S.A. v. The Russian Federation,* 361 F.3d 676 (2d Cir. 2004) ...................................................... 10

*International Brotherhood of Boilermakers v. Combustion Engineering, Inc.,* 337 F. Supp. 1349 (D. Conn. 1971) ............................................................ 8

*International Business Machines Corporation v. Comdisco, Inc.,* 1993 WL 155511 (N.D. Ill. 1993) (attached hereto as Ex. 4) ...................... 8

*Landis v. North American Co.,* 299 U.S. 248 (1936) ...................................... 8

*N.A. Sales Co. v. Chapman Industries Corp.,* 736 F.2d 854 (2d Cir. 1984) ............................................................................................................ 8

*Typehouse, Inc. v. Bank of Boston Connecticut,* 1998 WL 95380 (Conn. Super. Ct. 1998) (attached hereto as Ex. 4) ................................................ 12-13

## Statutes

Conn. Gen. Stat. § 52-356c .................................................................. 2, 8, 10, 11-12, 14

Fed. R. Civ. P. 12(b)(7) ........................................................................ 9, 11

Fed. R. Civ. P. 19 ................................................................................. 2, 9-11, 14

Fed. R. Civ. P. 65(d) ............................................................................ 8

## **PRELIMINARY STATEMENT**

Non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, the "Canaan Offshore Venture Funds" or "Canaan"), as well as Canaan Offshore Management N.V. and Canaan Partners, respectfully submit this Statement in support of their motion for determination of interests in property arising from plaintiffs' service upon them on August 25, 2005 of a Writ of Execution issued by this Court (a copy of which is annexed hereto as **Exhibit 3**).[1]

The threshold question raised by plaintiffs' service of the Writ upon Canaan is the following:

> Should any one of the three non-party Canaan limited partner investors at issue — the Palestine Investment Fund ("PIF"), the Palestinian Pension Fund of the State Administrative Employees (the "Palestinian Pension Fund") and Becont Limited ("Becont"), which are referred to collectively herein as the "Palestinian Limited Partners" — be held liable on the judgment (the "Rhode Island Judgment") secured by plaintiffs in the lawsuit that they litigated in the United States District Court for the District of Rhode Island (the "Rhode Island Court"), captioned *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, No. 00-105L (the "Rhode Island Lawsuit")?

This question is one that must be judicially resolved upon the submission of evidence by plaintiffs, defendants and the Palestinian Limited Partners. With all due respect to this Court, plaintiffs, defendants and the Palestinian Limited Partners, the fight over that

---

[1] Although Canaan Offshore Management N.V. and Canaan Partners were also served with the Writ of Execution, plaintiffs apparently seek the Palestinian Limited Partners' investment interest in the Canaan Offshore Venture Funds — the only Canaan entities at issue in which those limited partners hold an interest.

critical threshold issue is not Canaan's. Canaan seeks this Court's intervention only to ensure that, after a proceeding that accords with basic principles of due process — whether in the Rhode Island Court, in which Canaan's pending June 14, 2005 motion seeks clarification as to whether the injunction issued by that court in connection with the Rhode Island Judgment applies to the Canaan investments of the Palestinian Limited Partners, or in this Court — Canaan will be provided with a clear judicial directive concerning the Palestinian Limited Partners' investments in the Canaan funds.

Under the circumstances, as discussed in more detail below, plaintiffs' attempt on August 25, 2005 to summarily levy the **non-party Palestinian Limited Partners'** interest in the Canaan Offshore Venture Funds constituted an improper attempt to circumvent fundamental principles of due process. Accordingly, Canaan respectfully requests that this Court:

(1) Stay all proceedings in this action in deference to the potentially dispositive prior pending clarification motion filed by Canaan in the Rhode Island Lawsuit (see Section I, below);

(2) In the alternative, join as indispensable parties to this action under Rule 19(a) of the Federal Rules of Civil Procedure the three Palestinian Limited Partners that plaintiffs seek to hold liable on the Rhode Island Judgment (see Section II, below);

(3) In the alternative, dismiss this action in its entirety under Rule 19(b) of the Federal Rules of Civil Procedure if the Court determines that it is not feasible to join one or more of the Palestinian Limited Partners (see Section II, below);

(4) Require plaintiff-judgment creditors to post a bond in favor of Canaan pursuant to Conn. Gen. Stat. § 52-356c(e) (see Section III, below); and

(5) Reserve to Canaan the right to be heard as to the mechanics and contractual implications of any proposed execution by plaintiffs if this Court should ultimately determine that any one of the Palestinian Limited Partners is liable for the Rhode Island Judgment (see Section IV, below).

## STATEMENT OF FACTS

### A. The Canaan Offshore Venture Funds: Generally

The Canaan Offshore Venture Funds are limited partnerships organized under the laws of the Netherlands Antilles. Each Fund has a minimum term of 10 years. The General Partner of each of the Canaan Offshore Venture Funds is Canaan Offshore Management N.V.

Each of the Canaan Offshore Venture Funds holds a limited partnership interest in a corresponding domestic Canaan fund organized under the laws of Delaware. Thus, Canaan Equity III Offshore C.V. holds a limited partnership interest in Canaan Equity III L.P.; Canaan Equity II Offshore C.V. holds a limited partnership interest in Canaan Equity II L.P.; and Canaan Equity Offshore C.V. holds a limited partnership interest in Canaan Equity L.P. (Canaan Equity III L.P., Canaan Equity II L.P., and Canaan Equity L.P. are referred to hereinafter collectively as the "Canaan Domestic Venture Funds.")

The Canaan Domestic Venture Funds were formed to, among other things, generate appreciation in the value of their investment portfolios for distribution to its partners. The General Partner of each of the Canaan Domestic Venture Funds is a Delaware limited liability company.

B. **The Investments in the Canaan Offshore Venture Funds by the Palestinian Limited Partners**

The Palestinian Limited Partners are among the limited partner investors in the Canaan Offshore Venture Funds. Becont is a limited partner in Canaan Equity Offshore C.V.; PIF, the Palestinian Pension Fund and Becont are limited partners in both Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V.

C. **Service Upon Canaan of the Restraining Order and Injunction in the Rhode Island Lawsuit**

On or about April 19, 2005, plaintiffs served upon Canaan an April 19, 2005 Restraining Order (attached to a Notice of Restraining Order) issued by the Rhode Island Court. On or about May 6, 2005, plaintiffs served upon Canaan a May 5, 2005 injunction issued by the Rhode Island Court (the "Injunction"), as well as a Notice of Injunction. (The Injunction and Notice of Injunction are annexed hereto jointly as **Exhibit 1**.) The Injunction provides:

> "The Palestinian Authority and The Palestine Liberation Organization and their officers, agents, servants, employees, attorneys, partners, fiduciaries, and any natural or legal persons in privity with them and/or acting on their behalf and/or in active concert and participation with them, are hereby prohibited, restrained and enjoined from withdrawing, selling, transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and all assets of The Palestinian Authority and/or The Palestine Liberation Organization however titled (including without limitation all accounts, deposits, cash, shares, stock, credits, partnership rights or interests, equitable rights or interests, contractual rights, holdings, financial interests or real estate) located within the jurisdiction of the United States or any State thereof." (Ex. 1)

The Notice of Injunction states that the Injunction "applies to all assets of the PA and PLO however titled and that assets of the PA and PLO are held and/or titled under" various names, including "Palestine Investment Fund (PIF) [and] Palestinian Pension Fund[.]" (Ex. 1)

### D. Canaan Declines to Make Fund Distributions to the Palestinian Limited Partners in Light of the Injunction

The limited partners of the Canaan Offshore Venture Funds receive periodic distributions in the form of cash, securities and other assets. In light of the Injunction, Canaan advised the Palestinian Limited Partners that Canaan would hold their distributions pending further direction from the Rhode Island Court. Since receipt of the Injunction, Canaan has refrained from making any distributions from the Canaan funds to the Palestinian Limited Partners.

### E. Canaan's June 14, 2005 Motion For Clarification to the Rhode Island Court

On June 14, 2005, Canaan filed a motion with the Rhode Island Court seeking clarification as to the Injunction's scope. Given the confidential and proprietary information referenced therein, the Rhode Island Court permitted Canaan's papers in support of the motion to be filed under seal. Through its motion for clarification, Canaan seeks from the Rhode Island Court a ruling as to (1) whether the Injunction in fact requires Canaan to continue to hold the fund distributions of each of the three Palestinian Limited Partners, and (2) whether, notwithstanding the Injunction, Canaan is permitted to exercise its contractual rights to dilute the Palestinian Limited Partners' investment interests in Canaan Equity III Offshore C.V. in response to the existing and future fail-

-5-

ures of any one of them to satisfy their respective capital contribution obligations to that fund.[2]

In a belated submission filed with the Rhode Island Court on August 2, 2005, plaintiffs made their first reference to the proceeding in this Court, which plaintiffs asserted had been commenced on June 29, 2005 — **two weeks after Canaan had filed its motion for clarification with the Rhode Island Court and without any notice to Canaan or its counsel.** (See **Exhibit 2** annexed hereto.) In its August 2, 2005 submission, plaintiffs requested that the Rhode Island Court "abstain from ruling" on Canaan's motion for clarification "in favor of resolution of those matters by the court hearing plaintiffs' enforcement proceedings in Connecticut." (Ex. 2, at 3) The Rhode Island Court has indicated that a hearing on Canaan's motion for clarification is likely to be set in September 2005.

---

[2] Among the contractual obligations of each of the limited partner investors in the Canaan Offshore Venture Funds, including the Palestinian Limited Partners, is the obligation to make periodic capital contributions to those funds when the General Partner so requests. While Canaan Equity Offshore C.V. and Canaan Equity II Offshore C.V. are fully funded, Canaan Equity III Offshore C.V. is not. Accordingly, under the Canaan Equity III Offshore C.V. partnership agreement, the limited partners thereof, including the Palestinian Limited Partners, have ongoing capital contribution obligations to that fund. If a limited partner fails to make its additional capital contributions to Canaan Equity III Offshore C.V., it may be subjected to the dilution and, ultimately, extinguishment of its investment interest in the fund. Presently, the Palestinian Limited Partners are in default of their respective capital contribution obligations to Canaan Equity III Offshore C.V.

### F. The August 25, 2005 Service Upon Canaan of the Writ of Execution

On August 25, 2005, plaintiffs caused a Connecticut State Marshal to appear at Canaan's Rowayton, Connecticut, office to serve a Writ of Execution and to demand that Canaan summarily pay over to the Marshal the Canaan fund distributions that Canaan has been holding in accordance with the Injunction. (See **Exhibit 3** hereto.) Plaintiffs' heavy-handed attempt to seize such assets was a blatant abuse of process because it was made notwithstanding that:

(1) Canaan's prior-filed June 14, 2005 motion seeking clarification from the Rhode Island Court as to whether the Palestinian Limited Partners fall within the scope of the Injunction was (and still is) pending before the Rhode Island Court; and

(2) The Palestinian Limited Partners are not the named defendant judgment-debtors in either this proceeding or the Rhode Island Lawsuit.

## ARGUMENT

### I.

### THE PROCEEDINGS IN THIS COURT SHOULD BE STAYED PENDING DISPOSITION BY THE RHODE ISLAND COURT OF CANAAN'S MOTION FOR CLARIFICATION OF THE INJUNCTION

As noted above, since June 14, 2005, there has been pending in the Rhode Island Court a motion by Canaan for clarification as to whether the Injunction applies to the assets of the Palestinian Limited Partners. It is anticipated that a hearing on that motion before the Rhode Island Court will be held in September. Because the proceedings in this Court are not ripe for expedited disposition — since resolution of the issues raised herein is likely to require at least briefing, argument and an evidentiary

hearing — it is imperative that Canaan receive clarification from the Rhode Island Court as to the two issues raised in Canaan's clarification motion so that Canaan can guide itself accordingly during the pendency of this Connecticut proceeding. *See generally N.A. Sales Co. v. Chapman Industries Corp.*, 736 F.2d 854, 858 (2d Cir. 1984) ("[c]larifications of orders previously issued, which may be obtained on motion or made *sua sponte* by the court, add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous"); *International Business Machines Corporation v. Comdisco, Inc.*, 1993 WL 155511, at *1 (N.D. Ill. 1993) (recognizing the propriety of "allowing advisory examination of the scope of injunctive relief [to prevent] unwitting contempts"); Fed. R. Civ. P. 65(d).

This Court should stay these proceedings to allow Canaan to obtain a ruling from the Rhode Island Court on Canaan's prior pending motion for clarification as to the scope of the Rhode Island Court's Injunction. *See generally Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *International Brotherhood of Boilermakers v. Combustion Engineering, Inc.*, 337 F. Supp. 1349, 1352 (D. Conn. 1971) (issuing stay and observing that a "motion for a stay is directed to the discretion of the Court"). *See also* Conn. Gen. Stat. § 52-356c(e) (in determining interests in disputed property, "[t]he court may . . . make such further orders as justice or orderly administration requires").

The Rhode Island Court (Judge Ronald Lagueux) has presided over the underlying Rhode Island Lawsuit between plaintiffs and the named Palestinian defendants for five years. In light of his long experience with the issues raised in the Rhode Island Lawsuit and the fact that it is he who issued the Injunction, Canaan respectfully submits that Judge Lagueux of the Rhode Island Court is the appropriate jurist to rule on the issues raised in Canaan's pending motion for clarification of that Injunction.

## II.

### IN ANY EVENT, THE PALESTINIAN LIMITED PARTNERS ARE INDISPENSABLE PARTIES TO THIS PROCEEDING

Canaan respectfully submits that, if this Court declines to stay this proceeding, as requested in Section I, above, or if this proceeding goes forward after a ruling by the Rhode Island Court on Canaan's clarification motion, the Palestinian Limited Partners should, under Rule 19 of the Federal Rules of Civil Procedure, be joined as indispensable parties to this proceeding or, if they cannot be so joined, the proceeding should be dismissed under Fed. R. Civ. P. 12(b)(7) and 19(b).

Rule 19(a) of the Federal Rules of Civil Procedure provides that, if feasible, a person "shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obli-

gations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party." *See generally Compagnie Noga D'Importation et D'Exportation S.A. v. The Russian Federation*, 361 F.3d 676, 678 (2d Cir. 2004) (reversing denial of the plaintiff's motion to confirm an arbitration award and remanding to district court for further post-judgment proceedings to determine, among other things, "whether the creditors to whom [plaintiff] assigned the arbitration proceeds must be joined as necessary and indispensable parties under Fed.R.Civ.P. 19"). *Cf.* Conn. Gen. Stat. § 52-356c(g) (contemplating that interested persons will be joined as parties to proceedings to determine interests in property insofar as it states expressly that the statute "does not affect any interest in property of any person who is not a party to a determination pursuant to the provisions of this section").

Plaintiffs have effectively conceded that the Palestinian Limited Partners are indispensable parties to this proceeding — which renders their August 25 attempt to summarily seize the Canaan assets all the more inappropriate. In an August 2, 2005 memorandum filed with the Rhode Island Court in opposition to Canaan's clarification motion, plaintiffs asserted that they "intend to prove in the Connecticut proceedings that the investments titled to the Palestine Investment Fund, Palestinian Pension Fund of the State Administrative Employees and Becont Ltd. are all assets of the PA [defendant Palestinian Authority] subject to execution by the plaintiffs in satisfaction of their judgment." (Ex. 2, at 2) This Court can decide that question only after hearing evidence from plaintiffs, defendants and the Palestinian Limited Partners. Canaan must respectfully defer to the parties and the Palestinian Limited Partners to proffer whatever evidence they deem appropriate in arguing for or against holding the Palestinian Limited

-10-

Partners liable on the Rhode Island Judgment. Canaan takes no position on this threshold issue.

Canaan does not know whether the joinder of the Palestinian Limited Partners is feasible under Rule 19. If joinder is not feasible, Canaan respectfully submits that this proceeding should be dismissed under Rule 19(b), which provides that, if such an indispensable person "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." See, e.g., Central De Fianzas, S.A. v. Bridgefarmer & Assocs., Inc., 2002 WL 1477444, at *4 (N.D. Tex. 2002) (in a proceeding to enforce a judgment, the Magistrate Judge recommended that the action be dismissed due to the non-feasibility of joining a foreign entity "that appears by all accounts to be indispensable with respect to this litigation"). See also Fed. R. Civ. P. 12(b)(7).

### III.

### THIS COURT SHOULD REQUIRE THE PLAINTIFF-JUDGMENT CREDITORS TO POST A BOND IN FAVOR OF CANAAN

If this Court proceeds with a determination of the interests in the disputed property at issue, Canaan respectfully submits that, prior to the Court's hearing the claim, it should require the plaintiff-judgment creditors to post a bond in favor of Canaan. Section 52-356c(e) of the Connecticut General Statutes empowers the Court, in its discretion, to "[r]equire the judgment creditor to post a bond in favor of a third person claimant for any damages which may accrue as a result of the outstanding execu-

-11-

tion and any subsequent proceedings[.]" If this Court proceeds with this action, Canaan respectfully requests an opportunity to be heard on this issue, including the amount of such bond.

### IV.

### IF THIS COURT ULTIMATELY CONCLUDES THAT ANY ONE OF THE PALESTINIAN LIMITED PARTNERS IS LIABLE FOR THE RHODE ISLAND JUDGMENT, CANAAN RESERVES THE RIGHT TO BE HEARD IN CONNECTION WITH THE CONTRACTUAL AND MECHANICAL IMPLICATIONS OF EXECUTION

If this Court ultimately determines that any one of the Palestinian Limited Partners is liable for the Rhode Island Judgment, Canaan respectfully reserves the right to be heard as to the mechanics and contractual implications of any proposed execution by plaintiffs. Given the nature of the Canaan venture funds, which, as noted, have at least 10-year lives during the course of which distributions are made periodically to the Canaan limited partner investors, this Court will have to decide myriad issues, including, but not limited to, the following: (1) whether the Palestinian Limited Partners' interest in the Canaan funds may be assigned or otherwise transferred to plaintiffs; (2) whether Canaan is entitled to exercise its contractual right to veto such a proposed assignment or transfer; (3) whether, if such an assignment or transfer takes place, plaintiffs will become contractually obligated to make the periodic capital contributions to Canaan during the period in which they hold an interest in one or more of the Canaan funds; and (4) whether Canaan will be entitled to exercise its contractual right to dilute the respective interests of the Palestinian Limited Partners (or plaintiffs standing in their stead) if they fail to make the requisite capital contributions to Canaan. See generally Typehouse, Inc. v. Bank of Boston Connecticut, 1998 WL 95380, at *2 (Conn. Super. Ct. 1998) (re-

-12-

jecting the judgment creditor's request that the court "ignore a valid contractual relationship between [the judgment debtor and its bank]" because "such a result would be contrary to established legal principles").[3]

Plaintiffs have conceded that, under such circumstances, this Court should consider Canaan's arguments concerning the mechanics and contractual implications of execution. In their August 2, 2005 submission to the Rhode Island Court, plaintiffs declared: **"Additionally, the Connecticut court can hear and resolve any claims of priority raised by Canaan and/or the other partners, in respect to the issue of dilution and distribution of the PA's investments as a sanction for failure to meet the capital calls."** (Ex. 2, at 2; emphasis added)

The contractual and mechanical issues referenced in this Section IV need not be addressed by the Court at this time. These issues will arise only upon a judicial determination that any one of the Palestinian Limited Partners is liable for the Rhode Island Judgment. If none of the Palestinian Limited Partners is held liable on the Rhode Island Judgment, this Court will not have to address any of the issues raised in this Section.

---

[3] The potential damages that Canaan would suffer if it were prevented from exercising its contractual rights as a result of plaintiff's execution efforts is an element to be considered in setting the amount of the bond that should be posted by plaintiff-judgment creditors. See Section III, above.

-13-

## CONCLUSION

For the foregoing reasons, Canaan respectfully requests that this Court enter an Order:

(1) Staying all proceedings in this action in deference to the prior pending clarification motion filed by Canaan in the Rhode Island Lawsuit;

(2) In the alternative, joining as indispensable parties to this action under Rule 19(a) of the Federal Rules of Civil Procedure the three Palestinian Limited Partners that plaintiffs seek to hold liable for the Rhode Island Judgment;

(3) In the alternative, dismissing this action in its entirety under Rule 19(b) of the Federal Rules of Civil Procedure if the Court determines that it is not feasible to join one or more of the Palestinian Limited Partners;

(4) Directing plaintiff-judgment creditors, pursuant to Conn. Gen. Stat. § 52-356c(e), to post a bond in favor of Canaan in an amount to be determined upon a hearing; and

(5) Reserving to Canaan the right to be heard as to the mechanics and contractual implications of any proposed execution by plaintiffs if this Court ultimately determines that any one of the Palestinian Limited Partners is liable for the Rhode Island Judgment.

Dated: Darien, Connecticut
August 30, 2005

MASLAN BROWN & ASSOCIATES LLP

By: _____
Robert F. Maslan, Jr.
9 Old King's Highway S.
Darien, Connecticut 06820
Tel.: (203) 655-1900
Fax: (203) 655-2210

- and -

-14-

**CAHILL GORDON & REINDEL** LLP
  Robert A. Alessi
  Tamara L. Schlinger
**Eighty Pine Street**
**New York, New York 10005-1702**
**Tel:  (212) 701-3000**
**Fax:  (212) 269-5420**

**Attorneys For Canaan Equity Offshore C.V.;**
**Canaan Equity II Offshore C.V.; Canaan Equity**
**III Offshore C.V.; Canaan Offshore Management**
**N.V. and Canaan Partners**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID STRACHMAN, Administrator of the Estate of Yaron Ungar, et al., | : |
| Plaintiffs, | : |
| vs. | : Case No. 3:05-mc-00208 (EBB) |
| THE PALESTINIAN AUTHORITY, et al., | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I hereby certify that on, August 30, 2005, a copy of foregoing Claim for Determination of Interests and supporting Statement were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to plaintiffs' Connecticut counsel by operation of the Court's electronic filing system and by U.S. mail to defendants' Rhode Island counsel, Deming E. Sherman, Esq., Edwards & Angell, 2800 Financial Plaza, Providence, Rhode Island 02903, because no Connecticut counsel has appeared for defendants in this matter. I have also served a copy of the foregoing by U.S. mail upon plaintiffs' Rhode Island counsel, David J. Strachman, Esq., McIntyre, Tate, Lynch & Holt, 321 South Main Street, Suite 400, Providence, Rhode Island 02903. Parties may access this filing through the Court's CM/ECF System.

_____
Robert F. Maslan, Jr., Esq.
Fed. Bar No. ct07919
Maslan Brown & Associates, LLP
9 Old Kings Highway South
P.O. Box 37
Darien, Connecticut  06820
Tel. 203-655-1900
Fax 203-655-2210
E-mail:  rmaslan@maslanbrown.com