UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al.,   ) <br>       ) <br>    Plaintiffs,   ) <br>       ) <br>       v.   ) <br>       ) <br> THE PALESTINIAN AUTHORITY, et al.,   ) <br>       ) <br>    Defendants.   ) <br>       ) | C.A. No. 00-105L |

**OBJECTIONS AND RESPONSES OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit their Objections and Responses to "Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestinian Authority for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" and to "Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestine Liberation Organization for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion," both dated August 26, 2010, as amended by Plaintiffs' counsel's letter to defense counsel on September 26, 2010 ("Request" or "Requests"), and state as follows:

1

construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.l.

**REQUEST NO. 6.a.:**

All documents relating to, referring to and/or evidencing the Defendants' claim that there is "no doubt that HAMAS, not the PA and PLO, caused Plaintiffs' loss."

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.a. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such claim is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.b.:**

All documents relating to, referring to and/or evidencing the Defendants' claim that that HAMAS "indisputably" committed the shooting.

60

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 6.b. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such claim is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits M-O, Q, and S of Defendants' Motion to Vacate and the document produced by Defendants and numbered 01:0000065-66, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.c.:**

All documents relating to, referring to and/or evidencing HAMAS's active efforts to "undermine" or derail the peace process.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.c. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents

litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate and the document produced by Defendants and numbered 01:0000065-66, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.d.:**

All documents relating to, referring to and/or evidencing the PA's active efforts to "quash" HAMAS's influence in the West Bank and Gaza and to cut off funding to HAMAS from international sources.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.d. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time

period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.e.:**

All documents relating to, referring to and/or evidencing the PLO's active efforts to "quash" HAMAS's influence in the West Bank and Gaza and to cut off funding to HAMAS from international sources.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.e. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

## REQUEST NO. 6.f.:

All documents relating to, referring to, evidencing and/or constituting "Concrete evidence" that the PA was actively working against HAMAS during the period when the shooting occurred.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.f. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek

information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such activity is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.g.:**

All documents relating to, referring to, evidencing and/or constituting "Concrete evidence" that the PLO was actively working against HAMAS during the period when the shooting occurred.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 6.g. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase

69

"relating to, referring to and/or evidencing" any such activity is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.h.:**

All documents relating to, referring to and/or evidencing the PA's "facilitation" of the arrest of the gunmen, including its impact on relations with HAMAS.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.h. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing the PA's 'facilitation' of the arrest of the gunmen, including its impact on relations with HAMAS" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits O-U of Defendants' Motion to

71

Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper

interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and

non-protected information within their possession, custody, or control that are responsive to a

reasonable and proper scope and interpretation of this Request and that can be found through

reasonable search efforts by Defendants.

## REQUEST NO. 6.i.:

All documents relating to, referring to and/or evidencing the PLO's "facilitation" of the
arrest of the gunmen, including its impact on relations with HAMAS.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 6.i. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense

arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such

evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6)

motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set

of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek

information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng.*

*Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents

litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation

and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly

broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to

the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing the PLO's 'facilitation' of the arrest of the gunmen, including its impact on relations with HAMAS" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits O-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.j.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PA were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.j. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PA were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.k.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PLO were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 6.k. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PLO were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.l.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and Fatah were parties at any time between September 1, 1993 and June 9, 1996.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.l. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and Fatah were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements,

77

accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

Defendants also object to Request No. 6.l. to the extent that it seeks information and documents concerning "communications and written agreements, accords and/or pacts to which Hamas and Fatah were parties" and therefore seeks to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for, produce and/or explain information and documents possessed by separate, non-parties and/or documents not within the possession, custody or control of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.a.:**

All documents relating to, referring to and/or evidencing the details and circumstances of the PA's "active engagement" in pursuit of peace with Israel at the time of the shooting.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.a. on the grounds that this Request seeks information concerning Defendants' meritorious-defense

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

Respectfully submitted,

Dated:  September 27, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and*
*the Palestine Liberation Organization*

234

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of September 2010, a true and genuine copy

of the foregoing was served by electronic mail and Federal Express, on the following:

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI  02903
Djs@mtlhlaw.com

Max Wistow
Wistow and Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
mwistow@wistbar.com

*Attorneys for Plaintiffs*

_____
Brian A. Hill

235