# Exhibit 3

1

```
 1            IN THE UNITED STATES DISTRICT COURT
 2
 3            FOR THE DISTRICT OF RHODE ISLAND
 4
 5
       * * * * * * * * * * * * * * *    C.A. NO. 06-501L
 6                                 *
     LEBOEUF, LAMB, GREENE &        *
 7   MACRAE LLP                     *   JUNE 19, 2007
                                    *   2:04 P.M.
 8        VS.                       *
                                    *
 9   DAVID STRACHMAN, et al         *
                                    *
10   * * * * * * * * * * * * * * *     PROVIDENCE, RI
11
12           BEFORE THE HONORABLE RONALD R. LAGUEUX,
13                       SENIOR JUDGE
14             (Defendants' Motion to Dismiss)
15   FOR THE PLAINTIFF:
16                       MATTHEW F. MEDEIROS, ESQ.
                         Little, Medeiros, Kinder, Bulman &
17                       Whitney
                         72 Pine Street
18                       Providence, RI   02903
19   FOR THE DEFENDANTS:
20                       DAVID J. STRACHMAN, ESQ.
                         McIntyre, Tate, Lynch & Holt
21                       321 South Main Street
                         Suite 400
22                       Providence, RI   02903
23
     Court Reporter:     Debra D. Lajoie, RPR, FCRR, CRI
24
25         Proceeding reported and produced by
           computer-aided stenography
```

Debra D. Lajoie, RPR-FCRR-CRI

```
 1          The Supreme Court held that an execution returned
 2   unsatisfied was an absolute prerequisite to the judgment
 3   creditor proceeding further.  That's actually not a very
 4   surprising result, I submit, because Chapter 28 of Title IX
 5   is even entitled, "Proceedings in Aid of Execution."
 6          The holding in Plantations Industrial Supply has
 7   never been questioned and remains the law of Rhode Island
 8   and was binding on this Court and is binding on this Court
 9   under Rule 69.
10          THE COURT:  That's an excellent argument that the
11   PA should have made.  But the PA defaulted, as they have
12   defaulted throughout.  And so the judgment that this Court
13   entered is a valid judgment, and the Court had jurisdiction
14   over the PA.
15          They defaulted, and the judgment was entered, and
16   that judgment's entitled to full faith and credit
17   throughout the United States.
18          And you have no standing to make that argument.
19          MR. MEDEIROS:  Your Honor, I'm not here today
20   carrying any water for either the PA or the PLO.
21          THE COURT:  You have no standing.  Leboeuf has no
22   standing to raise this question.
23          MR. MEDEIROS:  I've done the best I can so far to
24   explain why I think we do, but if I may continue with my
25   argument, Your Honor.
```

Debra D. Lajoie, RPR-FCRR-CRI

under applicable corporate law and under the Articles of Association of the PIF. The Leboeuf law firm has no standing to make that argument, to make that claim, to assert that claim.

The only persons who can make that claim are the deposed officers and directors of the PIF. They might have standing to make that claim, but of course they don't want to do that because they would submit themselves to the jurisdiction of the Court. So the Leboeuf law firm is merely a stand-in and has no standing itself to assert those claims.

And in any event, those claims should be asserted elsewhere, not in this Court. The Court readily concedes that it has no jurisdiction over the PIF. The PIF has no connection to Rhode Island, so far as we know. And the proper venue for the directors and officers of the PIF to make those claims is obviously where the PIF is located.

But, again, this is part of the international conspiracy that's been going on here, based on the decision of an arrogant despot, Yasser Arafat. And the PA and the PLO must suffer the consequences of the action taken to continue to dispute the jurisdiction of the United States Courts. Ye shall reap based on the way one sews.

So it is the decision of this Court that the Plaintiff, Leboeuf, Lamb, Greene & Macrae, has no standing

to assert these two causes of action that are contained in this complaint. And, therefore, this case is dismissed, and the Clerk shall enter judgment for the Defendants.

Enough said.

(The proceeding was concluded at 3:27 p.m.)

C E R T I F I C A T I O N

I, Debra D. Lajoie, RPR-FCRR-CRI, do hereby certify that the foregoing pages are a true and accurate transcript of my stenographic notes in the above-entitled case.

_____
Debra D. Lajoie, RPR-FCRR-CRI

_____6/20/07_____
Date

Debra D. Lajoie, RPR-FCRR-CRI