**From:** Wise, Andrew [mailto:awise@milchev.com]
**Sent:** Wednesday, July 07, 2010 6:25 PM
**To:** djs@mtlesq.com
**Cc:** Rochon, Mark; Hibey, Richard; dsherman@eapdlaw.com
**Subject:** Ungar v. PA/PLO

Dave,

On June 30, you served the PA and PLO with a deposition notice for Prime Minister Fayyad for July 18. There are two issues we need to address: the appropriate scope of the deposition of the PM and the timing of such a deposition.

As to the first issue, we need more information from you before we can assess whether the parties can resolve this issue without Court intervention. Specifically, we need to know the subject areas about which you plan to question the Prime Minister and the documents and video clips (if any) you plan to review with him. We will briefly explain the reason for this request.

You have noticed a deposition for the Prime Minister and Finance Minister of the Palestinian Authority before noticing or taking any other depositions and at the very outset of written discovery. Courts often provide protective order relief where a party seeks to depose a senior "apex" organizational witness. *See Celerity, Inc. v. Ultra Clean Holdings, Inc.*, 2007 U.S. Dist. LEXIS 8295, 2007 WL 205067, *3 (N.D. Cal. Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."). In deciding whether to allow a deposition of an "apex" witness, courts consider whether the high-level deponent has unique, non-cumulative knowledge of the facts at issue and whether there are other, less burdensome discovery methods. Where the deponent is one of the most senior officials in a foreign government, there is a heightened need to show why discovery cannot be obtained through less burdensome, disruptive means.

We recognize that the unique nature of the issues relevant to the Ungar vacatur (namely, the foreign policy implications of a $116 default judgment against the PA/PLO for the acts of Hamas, the financial impact of the judgment and the U.S. litigation on the PA, and the PA/PLO's commitment to the U.S. litigation since Prime Minister Fayyad assumed responsibility) are issues that the Prime Minister has addressed in declarations and may be subject areas as to which the Prime Minister is the most appropriate deponent. Can you confirm that those are the topics as to which you seek to examine the Prime Minister?

As to other factors relevant to the vacatur (including but not limited to, the PA/PLO's meritorious defenses), the Prime Minister has no unique personal

knowledge and Plaintiffs should obtain the discovery through other less burdensome means.  We cannot assess, however, whether we need to seek a protective order until you articulate the subject areas you seek to address in the deposition.  Moreover, given our experience with the PA/PLO depositions with which your colleagues Robert Tolchin and Nitsana Darshan-Leitner have been associated -- including that of the Prime Minister -- where his time has been wasted asking him to identify numerous individuals in video clips and questioning has strayed far afield from issues relevant to the litigation and into purely political topics -- we are concerned that he not be subject to similar inappropriate lines of questioning here.  A list of the subject areas may alleviate those concerns and obviate the need for a motion for protective order.

As to timing, you must appreciate the fact that the Prime Minister, given his office and demanding schedule, cannot be made available for a deposition on 2-1/2 weeks notice.  If we can work out the deposition scope issue without Court intervention, we will propose dates during which he can be available during the discovery period.  Our initial reaction is that it is most efficient for both parties if the deposition takes place after the parties have provided written discovery.

Regards,
Andy

**Andrew T. Wise**
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, DC  20005
(202) 626-5818 - direct
(202) 626-5801 - facsimile

This electronic message contains information which may be legally confidential and/or privileged.  The information is intended solely for the individual or entity named above and access by anyone else is unauthorized.  If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful.  If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it.  Thank you.

_____