**From:** David J. Strachman [mailto:djs@mtlesq.com]
**Sent:** Thursday, July 08, 2010 11:32 AM
**To:** 'Wise, Andrew'
**Cc:** 'Rochon, Mark'; 'Hibey, Richard'; 'dsherman@eapdlaw.com'
**Subject:** RE: Ungar v. PA/PLO--RI

Andy,

1) We will not agree to postpone Fayyad's deposition until after paper discovery is complete. Defendants made Fayyad into the star witness and the central player in their Rule 60 motion, and we intend to take his deposition as soon as possible. For the same reason, any claim that Fayyad should not be deposed because he is an "apex" witness is absurd -- defendants injected Fayyad into their motion in the most personal way possible - seeking to rely on Fayyad's personal "prestige," Fayyad's personal assurances and Fayyad's personal understanding of and responsibility for the defendants' financial situation.

2) What may or may not have occurred in other depositions involving my "colleagues" is of no relevance whatsoever to this case. I will be conducting this deposition and I have no intention of wasting anybody's time with irrelevant questions. I certainly do not intend to question Fayyad about defendants' purported meritorious defenses. I <u>do</u> intend to question him about any issues referenced or raised in his declarations and any assertions regarding Fayyad made by defendants in their papers, including the issues you mention -- i.e. the purported the foreign policy implications of the judgment, the purported financial impact of the judgment and the defendants' purported change in litigation policy since 2007.

However, I cannot and will not provide you in advance with a closed list of specific topics. Not because I have any surprises up my sleeve, but simply because I do not want to litigate over whether a given question was or was not within the list of topics, and because other relevant topics may occur to me between now and the taking of the deposition, or during the deposition itself (e.g. as a result of something mentioned in Fayyad's testimony).

If you are still concerned about wasting Fayyad's time, I will be glad to hold the deposition in the afternoon Jerusalem-time, on a day that the Court is available, so that you can phone the Court and seek to bar lines of questioning that you believe are irrelevant.

3) Your bald statement that Fayyad needs more than a few weeks notice and your proposal to first try to "work out the deposition scope issue without Court intervention" and only then discuss dates sound like delaying tactics.

**My position regarding the scope of the deposition topics as set forth above is clear and non-negotiable: I have no intention of asking irrelevant questions or wasting anyone's time, but I will not agree to a closed list of topics. I have also provided a simple solution to your concerns about wasting Fayyad's time. If this is acceptable to you -- and there is no reason it should not be -- please immediately confirm the 18th or propose alternative dates and times for the deposition.**

**If, on the other hand, you are refusing to produce Fayyad without a set list of topics, or for any other reason, please just say so immediately, so that I can file a motion to compel.**

**In this regard I note that in order for me be in Jerusalem on the 18th I have to be on a plane to Israel one week from today -- on Thursday the 15th. That means I need to buy a ticket and make other travel arrangements <u>now</u>.**

**Accordingly, unless I hear otherwise from you by 5 PM today, I will book the ticket and will plan to be in Jerusalem for the deposition on the 18th.**

**Dave**

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com