# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                                                                                                                                         Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

### PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND RESPONSES TO DEFENDANT THE PALESTINIAN AUTHORITY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (23-26)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit their Objections and Responses to "Defendant the Palestinian Authority's Second Request for Production of Documents and Things (23-26) to Plaintiffs" dated August 25, 2010 ("Requests"), and state as follows:

### PRELIMINARY STATEMENT

1.     The exact wording of any objections made or response provided by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

2.     Any production of documents by plaintiffs shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the documents produced. Plaintiffs' production of documents is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such documents. Further, plaintiffs makes the objections and give the responses herein without in any

way implying that they considers the Requests and responses to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the Instructions and Definitions included in the Requests to the extent that they purport to impose obligations beyond those of the Federal Rules of Civil Procedure.

Accordingly, plaintiffs' response to the Requests will be provided as required, and only as required, by the Federal Rules of Civil Procedure.

## REQUESTS

### REQUEST NO. 23:

All documents that Plaintiffs will and/or intend to seek to submit to the court and/or seek to introduce into evidence in opposition to The Motion at any time subsequent to the date of these requests.

### RESPONSE TO REQUEST NO. 23

Plaintiffs have not yet determined which documents will be presented in opposition to Defendants' motion to vacate, if any.

Such a determination will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

### REQUEST NO. 24:

All documents, including but not limited to affidavits, diagrams, illustrations, translations, records and photographs, submitted to the Court during the July 2002 evidentiary hearings in the Civil Action.

**OBJECTIONS TO REQUEST NO. 24:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. The documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

3

2. Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**RESPONSE TO REQUEST NO. 24**

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 25:**

All documents provided by the Plaintiffs to, or relied upon in connection with the testimony of, Alan Friedman, Adrian Ziderman, Meir Ungar, Judith Ungar, Michal Cohen, Amichai Ungar, Dafna (or Daphne) Ungar, Uri Dasberg or Yehudit Dasberg relating to their testimony at the July 2002 evidentiary hearings in the Civil Action.

**OBJECTIONS TO REQUEST NO. 25:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. The documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2. Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

3. Plaintiffs object to this Request because it seeks the production of documents subject to the attorney-client privilege and the attorney work-product privilege. To date, plaintiffs have located the documents identified in the attached privilege log. It is possible that plaintiffs' search for documents to date did not uncover all existing documents, due to the more than eight years that have passed since July 2002, and that additional privileged documents will be located. If and when plaintiffs locate any such documents, they will assert attorney-client privilege and/or the attorney work-product privilege as may be necessary or appropriate and provide an amended privilege log as required by the Federal Rules.

5

## RESPONSE TO REQUEST NO. 25

Plaintiffs stand on their Objections set forth above.

## REQUEST NO. 26:

All documents related to the fact or amount of any damages claimed by any Plaintiff in the Civil Action.

## OBJECTIONS TO REQUEST NO. 26:

1. Plaintiffs object to this Request as seeking documents that are irrelevant. The documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

6

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2. Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

3. Plaintiffs object to this Request because it seeks the production of documents subject to the attorney-client privilege and the attorney work-product privilege. To date, plaintiffs have located the documents identified in the attached privilege log. It is possible that plaintiffs' search for documents to date did not uncover all existing documents, due to the more than eight years that have passed since July 2002, and that additional privileged documents will be located. If and when plaintiffs locate any such documents, they will assert attorney-client privilege and/or the attorney work-product privilege as may be necessary or appropriate and provide an amended privilege log as required by the Federal Rules.

**RESPONSE TO REQUEST NO. 26**

Plaintiffs stand on their Objections set forth above.

Dated: September 27, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this September 27, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

_____
David J. Strachman #4404

8

## Plaintiffs' Privilege Log With Respect to the Palestinian Authority's 2nd Request for Production of Documents, #25 and #26
## 9-27-10

The following documents are subject to both the attorney-client privilege and the attorney work-product privilege:

| ID # | Date | Description | Subject |
|---|---|---|---|
| 1 | undated | email from Strachman to Plaintiffs | Preparation for damages hearing |
| 2-5 | undated | memos from U. and J Dasberg to Strachman | Preliminary description of plaintiffs' testimony at damages hearing |
| 6 | undated | memo from J. Dasberg | Preliminary description of plaintiffs' testimony at damages hearing |
| 7-8 | undated | memos from D. Ungar, J.Ungar | Preliminary description of plaintiffs' testimony at damages hearing |
| 9-10 | undated | memo from M. Ungar | Preliminary description of plaintiffs' testimony at damages hearing |
| 11 | undated | memo from A. Ungar | Preliminary description of plaintiffs' testimony at damages hearing |
| 12-13 | undated | memo from J. Dasberg | Preliminary description of plaintiffs' testimony at damages hearing |
| 14-15 | undated | memo from J. Ungar | Preliminary description of plaintiffs' testimony at damages hearing |
| 16-17 | 6/26/02, 6/28/02, 7/1/02 | emails btw Strachman and plaintiffs | Preparation for damages hearing |

| 18 | June 2002 | emails between Strachman and Friedman | Regarding testimony at damages hearing |
| 19-21 | undated | description of photographs/captions | Scene of attack |
| 22-23 | 7/1/02, 6/30/02, 6/29/02 | emails between Strachman and Friedman | Regarding testimony at damages hearing |
| 24-25 | undated | memo from Ziderman | Regarding testimony at damages hearing |