# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                             Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND RESPONSES TO DEFENDANT THE PALESTINIAN AUTHORITY'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (27-36)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit their Objections and Responses to "Defendant the Palestinian Authority's Third Request for Production of Documents and Things (27-36) to Plaintiffs" dated September 16, 2010 ("Requests"), and state as follows:

### PRELIMINARY STATEMENT

1.    The exact wording of any objections made or response provided by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

2.    Any production of documents by plaintiffs shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the documents produced. Plaintiffs' production of documents is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such documents. Further, plaintiffs makes the objections and give the responses herein without in any

way implying that they considers the Requests and responses to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the Instructions and Definitions included in the Requests to the extent that they purport to impose obligations beyond those of the Federal Rules of Civil Procedure.

Accordingly, plaintiffs' response to the Requests will be provided as required, and only as required, by the Federal Rules of Civil Procedure.

## REQUESTS

### REQUEST NO. 27:

A copy of the letter sent by the Office of the Israeli Attorney General in April of 2002 and referred to on page 4 of Exhibit 1, attached hereto as follows:

> He shows a copy of an official letter, dated April 2002 and signed by an assistant to Attorney-General Elyakim Rubinstein, which acknowledges that the decision to file suits against Palestinian sources "is not purely a legal decision, since it entails public, diplomatic, political, international, and other considerations."

### RESPONSE TO REQUEST NO. 27

The letter referenced in this request is not in the Plaintiffs' possession, custody or control.

### REQUEST NO. 28:

Any and all documents containing communication between you and any representative, official, or employee of the Office of the Israeli Attorney General.

### OBJECTIONS TO REQUEST NO. 28:

1.  Plaintiffs object to this Request as seeking documents that are irrelevant to Defendants' Rule 60(b)(6) motion.

2

2. Plaintiffs object to this Request as overbroad and unduly burdensome in that it seeks documents unrelated to Defendants' Rule 60(b)(6) motion or even this case.

**RESPONSE TO REQUEST NO. 28**

Subject to and without derogating from their objections set forth above, plaintiffs state that there are no documents responsive to this request in their possession, custody or control.

**REQUEST NO. 29:**

Any and all psychiatric or mental-health records of Dvir Ungar and Yishai Ungar.

**OBJECTIONS TO REQUEST NO. 29:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

3

    c)      Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

    d)      Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

    2.      Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).")

4

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 30:**

Any and all medical records of Dvir Ungar and Yishai Ungar.

**OBJECTIONS TO REQUEST NO. 30:**

1.   Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a)   Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b)   On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c)   Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

5

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2. Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).")

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 31:**

Any and all daycare or preschool records of Dvir Ungar and Yishai Ungar.

6

**OBJECTIONS TO REQUEST NO. 31:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2.  Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).")

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 32:**

Any and all school records of Dvir Ungar and Yishai Ungar.

**OBJECTIONS TO REQUEST NO. 32:**

1.  Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2. Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition

9

subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).")

**RESPONSE TO REQUEST NO. 32**:

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 33:**

Any and all crime laboratory records containing information about the shooting of Yaron Ungar and Efrat Ungar including, but not limited to, crime lab studies, ballistics tests, and other evidence.

**OBJECTIONS TO REQUEST NO. 33:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection

was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

 b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

 c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

 d) Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

 2. Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**RESPONSE TO REQUEST NO. 33:**

 Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 34**

Any and all records containing information about any forensic examintion [*sic*] done on Yaron Ungar and Efrat Ungar including, but not limited to, autopsy reports, color autopsy photographs, and x-rays.

**OBJECTIONS TO REQUEST NO. 34:**

1.  Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

    a)  Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

    b)  On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

    c)  Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

12

d)    Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2.    Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession.

3. Subject to and without derogating from their objections set forth above, plaintiffs will produce color photographs of the photographs responsive to this request that were previously provided to Defendants.

**RESPONSE TO REQUEST NO. 34**:

Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 35:**

Any and all color photographs taken of the scene where Yaron Ungar and Efrat Ungar where [sic] shot.

**OBJECTIONS TO REQUEST NO. 35**:

1.    Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a)    Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection

13

was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

    b)    On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

    c)    Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id*. This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

    d)    Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

    2.    Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession.

    3.    Subject to and without derogating from their objections set forth above, plaintiffs will produce color photographs of the photographs responsive to this request that were previously provided to Defendants.

**RESPONSE TO REQUEST NO. 35:**

    Plaintiffs stand on their Objections set forth above.

**REQUEST NO. 36:**

Any and all documents referencing any education, professional experience, publications, articles, and/or speaking engagements relative to the expertise in pathology and forensic medicine of the Dr. B. Levy named in Exhibit 2, attached hereto, including, but not limited to, his curriculum vitae

**OBJECTIONS TO REQUEST NO. 36:**

1. Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c) Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co*, 71 F.3d at 49; and

15

d)  Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

2.  Plaintiffs object to this Request as it seeks the production of documents already produced to Defendants and/or already put into the record in this action and/or already within Defendants' possession since the production and/or redundant production of such documents by plaintiffs would entail unreasonable burden and expense to plaintiffs.

**RESPONSE TO REQUEST NO. 36**:

Subject to and without derogating from their objections set forth above, plaintiffs state that there are no documents responsive to this request in their possession, custody or control, except for Expert Opinion authored by Dr. Levy attached to Defendants' Responses as Exhibit 2, which contains some details of Dr. Levy's professional training and experience.

Dated: October 18, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

16

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this October 18, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

David J. Strachman