# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al., | ) |
| Defendants. | ) |

**SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit these Second Supplemental Objections and Responses to "Plaintiffs-Judgment Creditors' First Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" dated June 25, 2010 ("Request" or "Requests"), and state as follows:

**PRELIMINARY STATEMENT**

1.  Defendants' investigation and development of all facts and documents relating to this case is on-going. The responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants. These responses and objections are made subject to, without prejudice to, and are not in waiver of, Defendants'

1

right to rely on other facts or documents at trial or to supplement their Objections and Responses hereto.

2.  The exact wording of any objections and responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.  To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.  Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Any subsequent document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document. In making any subsequent document production, Defendants are not conceding that particular documents are those of the PA or PLO, rather than those of third parties. Further, Defendants make the objections herein without in any way implying that they consider the Requests and any subsequent responses and/or subsequent productions in response to the Requests to be relevant or material to the subject matter of this action.

2

5. A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3. Defendants object to the Requests to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to each and every request which seeks "all" documents when the relevant information may be supplied with fewer than "all" documents.

3

5. Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, any Request that was intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6. Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7. Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

8. By subsequently responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those Requests.

9. Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific responses does not waive any general objection to that request.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Authentic copies of all the documents that the Defendants will and/or intend to seek to submit to the Court and/or seek to introduce into evidence in support of The Motion at any time subsequent to the date of these requests.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds: (a) that the Request is vague and ambiguous, particularly in its use of the phrase "documents that the Defendants will and/or intend to seek to submit to the Court"; (b) that the Request seeks information beyond that reasonably known or reasonably knowable by Defendants at this time; (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (d) that, as potentially construed, the Request seeks the production of information and documents protected by he attorney-client privilege, the attorney work product doctrine, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, Defendants state that at this stage of the discovery process, they have not decided which documents they will seek to introduce into evidence at the January 2011 hearing. Defendants

5

agree, however, that it would be appropriate for the parties to exchange exhibit lists at a later time, and are willing to do so.

On the basis of the foregoing General and Specific Objections, the above Response, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request at this time. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections and Response to Request No. 1.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby supplement their Response as follows: Defendants will produce documents responsive to this Request in accordance with any pre-trial disclosure schedule that the parties jointly consent to, or, at the time when Defendants determine which documents are responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendants have now made multiple document productions in this matter. Defendants have also previously filed certain documents as exhibits in support of their Motion to Vacate. Defendants are also producing contemporaneously herewith additional documents and expert reports.

All of the documents Defendants presently intend to seek to submit to the Court and/or seek to introduce into evidence in support of the Motion to Vacate have either been previously produced in this matter, submitted as exhibits to the Motion to Vacate, or are referenced in Defendants' expert reports.

Defendants reserve the right to supplement or amend this response and to tender a final exhibit list in advance of the January 2011 hearing.

**REQUEST NO. 2:**

Authentic copies of all the documents that the Defendants have submitted to the Court in support of The Motion prior to the date of these requests.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2 on the ground that, as potentially construed, the Request refers at least partially to documents that were not created by Defendants, their employees or agents and cannot be authenticated by Defendants without efforts that are not required by the Federal Rules of Civil Procedure. Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf. Defendants therefore object to the Request to the extent that producing documents potentially responsive to it would require more than a production of documents that are readily obtainable from persons and places within the responding party's control. Defendants further object to conducting any inquiry in response to this Request that would necessarily require venturing beyond the parties to this litigation.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, Defendants state that Plaintiffs are already in possession of "authentic copies" of all the *exhibits* previously submitted to the Court in support of Defendants' motion to vacate the default judgment.

7

In addition, certain of these documents were created by Defendants, or by their employees or agents, including Motion to Vacate Exhibits B (December 24, 2007 sworn declaration of Prime Minister Fayyad), E (December 20, 2007 sworn declaration of Ahmad Abdel-Rahman), and L (January 27, 2003 letter from PLO ambassador Nasser Al-Kidwa to Magistrate Judge Martin). Defendants hereby produce copies of these documents in response to this Request.

Other of the exhibits used by Defendants in support of their motion to vacate the default judgment, including Motion to Vacate Exhibits A, M, N, and W, and Reply Exhibit A are United States federal court filings and do not require authentication.

The remaining exhibits are documents that were not created by Defendants, or by their employees or agents, but which were found in the public domain. Should Defendants choose to rely on any such documents in a manner that would require their authentication, Defendants will proffer to the Court a sufficient basis at the appropriate time. Further, at the appropriate time, Defendants will provide Plaintiffs with any and all documents they intend to rely on at the January 18, 2011 hearing in accordance with any and all obligations imposed on them by the Federal Rules of Civil Procedure.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections and Response to Request No. 2.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: To the best of Defendants' knowledge, all of the documents attached as exhibits in support of Defendants' Motion to Vacate are authentic copies of what they purport to be.

8

### REQUEST NO. 3:

An authentic copy of the original letter dated June 18, 2005 a copy of which is appended hereto as Exhibit A.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3 to the extent that it imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

### RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants hereby produce a non-privileged document responsive to a reasonable and proper scope and interpretation of this Request.

### SUPPLEMENTAL RESPONSE:

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: The document produced by Defendants and numbered 01:0000059-62 is an authentic copy of the original letter dated June 18, 2005.

### REQUEST NO. 4:

9

An authentic copy of the original letter dated April 27, 2006 a copy of which is appended hereto as Exhibit B.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4 to the extent that it imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants hereby produce a non-privileged document responsive to a reasonable and proper scope and interpretation of this Request.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: The document produced by Defendants and numbered 01:0000063-64 is an authentic copy of the original letter dated April 27, 2006. As Plaintiffs' counsel has requested, should Defendants locate a better copy of this document, Defendants will produce that copy to Plaintiffs.

**REQUEST NO. 5:**

10

      Authentic copies of any and all written communications, correspondences, letters and/or missives that the PA and/or the PLO (including any officers or employees of the PA and/or PLO) received from any person in response and/or in reply to the letter dated June 18, 2005, a copy of which is appended hereto as Exhibit A.

**OBJECTIONS:**

      Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "any and all written communications, correspondences, letters and/or missives"; "received from any person"); (b) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

      Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

      Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any "written communications, correspondences, letters and/or missives . . . from any person in response and/or in reply to the letter dated June 18, 2005" and attached as Exhibit A to Plaintiffs' Requests. To the extent that Defendants locate documents containing non-

11

privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: Defendants have not identified any documents responsive to this Request. Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

**REQUEST NO. 6:**

Authentic copies of any and all written communications, correspondences, letters and/or missives that the PA and/or the PLO (including any officers or employees of the PA and/or PLO) received from any person in response and/or in reply to the letter dated April 27, 2006, a copy of which is appended hereto as Exhibit B.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6 on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.*, "any and all written communications, correspondences, letters and/or missives"; "received from any person"); (b) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

12

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that, based on an investigation conducted to date, Defendants have not identified any "written communications, correspondences, letters and/or missives . . . from any person in response and/or in reply to the letter dated April 27, 2006" and attached as Exhibit B to Plaintiffs' Requests. To the extent that Defendants locate documents containing non-privileged information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request, Defendants will supplement their production when and as required under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby withdraw their prior objections and supplement their Response as follows: Defendants have not identified any documents responsive to this Request. Defendants reserve the right to make any and all appropriate objections should Defendants locate any documents responsive to this Request.

Respectfully submitted,

Dated: October 15, 2010

/s/

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 15th day of October 2010, a true and genuine copy of the foregoing was served by electronic mail and first-class mail, postage prepaid, on the following:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Djs@mtlhlaw.com
>
>Max Wistow
>Wistow and Barylick Incorporated
>61 Weybosset Street
>Providence, RI 02903
>mwistow@wistbar.com
>
>*Attorneys for Plaintiffs*

_____
Brian A. Hill