UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,    :
                    Plaintiffs,   :
                             :
  v.                                  :       CA 00-105L
                             :
THE PALESTINIAN AUTHORITY, et al.,    :
                    Defendants.   :

**ORDER GRANTING**

**IN PART PLAINTIFFS' MOTION TO PRECLUDE**

Before the Court is Plaintiffs-Judgment Creditors' Motion to Preclude, to Compel and for Related Relief (Docket ("Dkt.") #518) ("Motion to Preclude" or "Motion"). A hearing was held on October 25, 2010. After reading the parties' memoranda and the relevant case law and also listening to the arguments of counsel, the Court rules as follows:

1. To the extent that the Motion seeks to preclude Defendants The Palestinian Authority and The Palestine Liberation Organization (collectively "Defendants") from arguing in support of Defendants' Motion to for [sic] Relief from Default Judgment (Dkt. #408) ("Motion to Vacate") that the judgment in this case has foreign policy implications and/or that the denial of the Motion to Vacate will have foreign policy implications, the Motion is GRANTED to the extent that Defendants in making such argument may only rely upon materials in the public record. To the extent that the Motion seeks any greater relief with respect

to this "prong"[1] of the Motion, such relief is denied.

    2.  To the extent that the Motion seeks to compel Defendants to produce Salam Fayyad for deposition, the Motion is DENIED for the following reasons.  Mr. Fayyad is the Prime Minister of The Palestinian Authority ("PA"), and Plaintiffs have already deposed him for almost seven hours.  Requiring him to submit to a further deposition would be unduly burdensome.  See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522, 546, 107 S.Ct. 2542, 2557 (1987)("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.  Judicial supervision of discovery should always seek to minimize its costs and inconvenience ....  Objections to abusive discovery that foreign litigants advance should therefore receive the most careful consideration.") (internal quotation marks omitted); cf. Wuterich v. Murtha, 562 F.3d 375, 386 (D.C. Cir. 2009)(noting that "oral deposition of cabinet-level officials is quite unusual").

    In reaching this conclusion the Court is influenced by the fact that this Magistrate Judge was available to attempt to

---

[1] Plaintiffs refer to such "prong" in their reply memorandum. See Reply in Further Support of Plaintiffs-Judgment Creditors' Motion to Preclude, to Compel and for Related Relief at 6 (stating that "the Ungars have no objection to withdrawing this prong of their motion provided that Defendants' agreement to so limit their argument and evidence is expressly anchored in a court order").

resolve any discovery disputes which arose during the deposition. Plaintiffs argue that it was Defendants' burden to contact the Court and that Defendants failed to do so.  However, the Court finds it unnecessary to determine whose burden it was.  Even if it was Defendants' burden, the Court does not agree that this excuses Plaintiffs' inaction.  Plaintiffs were aware of the Court's willingness to be consulted if a dispute arose during the deposition.  It was unreasonable for Plaintiffs to believe that they could conclude the deposition, return to Rhode Island, and seek to compel a second deposition of the Prime Minister on the ground that he had failed to answer certain questions without first attempting to obtain telephonic relief from this Court. Such action would have required minimal effort on their part. Plaintiffs' failure to take this reasonable step weighs significantly against granting the Motion.

Lastly, the Court is unpersuaded that the answers to the questions which Plaintiffs contend were not answered because of objections from Defendants' counsel could be of sufficient value to justify the substantial burden of requiring the Prime Minster to be redeposed.[2]

---

[2] Although Plaintiffs complain about the errata sheet which Defendants used to answer the question of who assisted the Prime Minster in preparing his declaration, the Court agrees with Defendants that it is difficult to imagine what legitimate, non-privileged lines of questioning could arise out of this question.

3

So ordered.


ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 26, 2010