UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al., :
                Plaintiffs, :
                                  :
  v.                            :     CA 00-105L
                                  :
THE PALESTINIAN AUTHORITY, et al., :
                Defendants. :

**ORDER**

**GRANTING IN PART**

**AND DENYING IN PART MOTIONS**

Before the Court are two motions:

1. Defendants' Motion for Entry of a Protective Order Regarding Plaintiffs' Requests for Discovery of Certain Third-Party Communications (Docket ("Dkt.") #526) ("Defendants' Motion for Protective Order" or "Defendants' Motion"); and

2. Plaintiffs-Judgment Creditors' Motion to Strike and to Compel (Dkt. #551) ("Plaintiffs' Motion to Strike" or "Plaintiffs' Motion").

A hearing was held on October 25, 2010. After reading the parties' memoranda and the relevant case law and also listening to the arguments of counsel, the Court rules as follows:

1. To the extent that Defendants' Motion seeks a protective order to bar discovery[1] of communications between Defendants and

---

[1] According to Defendants, the discovery is sought by Plaintiffs via Document Request No. 1 of Plaintiffs-Judgement Creditors' Second Request for Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion and Interrogatory No. 2 of Plaintiffs-

the following: (1) Orascom Telecom Holding S.A.E.; (2) the Palestine Monetary Authority; (3) the Insurance and Pension Fund; (4) Canaan Equity Offshore C.V., Canaan Equity II Offshore CV and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V., and Canaan Partners; and (5) Becont Limited, Defendants' Motion is GRANTED.  To the extent that Plaintiffs' Motion seeks to strike Defendants' objections to the discovery of such communications and to compel Defendants to produce them, Plaintiffs' Motion is DENIED.

The Court so rules because it finds that as to these organizations the discovery sought is overly broad, it is of doubtful relevance, and the burden imposed on Defendants in having to respond outweighs the likely benefit which Plaintiffs might derive.  See Fed. R. Civ. P. 26(b)(2)(C)(iii).  In concluding that it would be unreasonably burdensome, the Court notes that Plaintiffs are asking Defendants to identify every communication any employee, attorney, or agent had with any of these organizations over at least a five year period.

2.  To the extent that Defendants' Motion seeks a protective order to bar discovery of communications between Defendants and the Palestine Investment Fund ("PIF") and the Palestine Commercial Services Company ("PCSC"), Defendants' Motion is

---

Judgment Creditors' First Set of Interrogatories Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion.  See Motion at 1.

GRANTED as to all verbal communications and DENIED as to all written communications.  To the extent that Plaintiffs' Motion seeks to strike Defendants' objection to the discovery of such communications between Defendants and the PIF and the PCSC, Plaintiffs' Motion is DENIED as to objections to all verbal communications and GRANTED as to all objections to written communications except those based on privilege.  As to any documents withheld on grounds of privilege, Defendants shall provide Plaintiffs with a privilege log.

The Court makes this ruling for the following reasons.  The evidence of a connection between Defendants and the PIF and PCSC[2] is significantly greater than it is with the other organizations.  Plaintiffs represent that:

> Mohammad Mustafa, who purports to be both the CEO and Chairman of the PIF despite his dismissal, and who as a practical (but not legal) matter continues to control the PIF and its holdings, also serves as the Economic Adviser to the President of the PA, which is a Ministerial level ranking.

Memorandum in Support of Plaintiffs-Judgment Creditors' Motion to Strike and to Compel and in Opposition to Defendants-Judgment Debtors' Motion for a Protective Order (Dkt. #553) ("Plaintiffs' Mem.") at 10 (internal quotation marks omitted).

---

[2] Plaintiffs represent that the Palestine Commercial Services Company ("PCSC") was the predecessor of the Palestine Investment Fund ("PIF").  Memorandum in Support of Plaintiffs-Judgment Creditors' Motion to Strike and to Compel and in Opposition to Defendants-Judgment Debtors' Motion for a Protective Order (Dkt. #553) ("Plaintiffs' Mem.") at 7.

With respect to verbal communications the Court finds that, although they may be relevant, the task of identifying and detailing them in the manner specified by Plaintiffs' request would be unduly burdensome, especially given the limited amount of time which is available before discovery closes on November 19, 2010. As to written communications, however, the Court finds that such production would not be unduly burdensome.

The Court is persuaded that Defendants' post-judgment conduct relative to Plaintiff's efforts to enforce the judgment via proceedings against or regarding the PIF and/or PCSC is relevant for purposes of deciding whether the motion to vacate should be granted. See Farnese v. Bagnasco, 687 F.2d 761, 765 (3rd Cir. 1982)("We think that as a general rule material bad faith conduct by a defendant subsequent to the entry of default can, if sufficiently egregious, provide the basis for refusing to set aside a default ...."); see also Motorola Credit Corp. v. Uzan, 561 F.3d 123, 127 (2nd Cir. 2009)("The relief provided by Rule 60(b) is equitable in nature and, in exercising its discretion under Rule 60(b), a court may always consider whether the moving party has acted equitably.")(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 60.22[5] (3d ed. 2008)); id. at 129 (concluding that defendants' "utter disregard for the District Court's orders precludes the relief that they are seeking").

The Court agrees with Defendants that the simple fact that they have failed to pay the $116 million default judgment cannot be a basis for denying relief under Rule 60(b)(6). See Defendants' Reply in Further Support of Their Motion for Entry of a Protective Order Regarding Plaintiffs' Requests for Discovery of Certain Third-Party Communications (Dkt. #561) ("Defendants' Reply") at 8. However, Plaintiffs' contention is not that Defendants have simply failed to pay the judgment. Rather, Plaintiffs contend that Defendants have actively interfered with and sought to frustrate Plaintiffs' collection efforts and that Defendants' actions violate, disregard, or demonstrate disrespect for the orders of this Court.[3] Cf. Motorola Credit Corp. v. Uzan, 561 F.3d at 128 (affirming denial of equitable relief where defendants "instructed their counsel not to reveal ... secret steps they were taking in Turkey to obtain *ex parte* orders undercutting the prior orders of this Court").

With respect to a privilege log, the Court does not find that Defendants have lost that right by failing to file a log previously. Given the likely large number of documents which

---

[3] Defendants argue that Plaintiffs' complaints about Defendants' "unlawful interference" as to PIF assets "are based on the false premise that the creditor's bill judgment has force and effect beyond the scope of the Court's jurisdiction." Defendants' Reply at 13. However, this Magistrate Judge is persuaded that R.I. Gen. Laws § 9-28-3 allows the Court to order Defendants, who are subject to its jurisdiction, to take action with respect to property located outside of Rhode Island. See Memorandum and Order Granting Motion for a Payment Decree (Dkt. #484) at 11-21.

5

fell within the scope of the discovery requests and Defendants' objection that producing the requested material and/or information was unduly burdensome, Defendants were not required to file a privilege log until their other objections were addressed. See United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003)("In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.")(quoting United States v. Philip Morris Inc., 314 F.3d 612, 621 (D.C. Cir. 2003)).

Defendants shall comply with this order by November 12, 2010.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 27, 2010