```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF RHODE ISLAND


THE ESTATE OF YARON UNGAR, et al.,   :
                  Plaintiffs,        :
                                     :
    v.                               :      CA 00-105L
                                     :
THE PALESTINIAN AUTHORITY, et al.,   :
                  Defendants.        :
```

## ORDER

## GRANTING PROTECTIVE ORDER

## AND DENYING MOTION TO COMPEL

## DEPOSITION OF AHMED QUREI

Before the Court are two motions:

1. Defendant The Palestine Liberation Organization's Motion for Entry of a Protective Order Regarding Plaintiffs' Notice of Taking the Deposition of Ahmed Qurei (Docket ("Dkt.") #528) ("Defendant's Motion for Protective Order" or "Defendant's Motion"); and

2. Plaintiffs-Judgment Creditors' Motion to Compel the Deposition of Ahmed Qurei (Dkt. #556) ("Plaintiffs' Motion to Compel" or "Plaintiffs' Motion").

A hearing was held on October 25, 2010. After reading the parties' memoranda and the relevant case law and also listening to the arguments of counsel, the Court GRANTS Defendant's Motion and DENIES Plaintiffs' Motion.

The Court so rules because: (1) it finds that Stone v. Morton International Inc., 170 F.R.D. 498, 503-04 (D. Utah 1997),

is persuasive authority that the protective order should be granted; (2) the evidence that Mr. Qurei may have knowledge about the reason the PLO defaulted is slim,[1] and thus, the instant matter is distinguishable from Saperstein v. Palestinian Authority, No. 04-2020225-PAS (S.D. Fla. Dec. 31, 2009), where Magistrate Judge O'Sullivan granted a motion to compel Mr. Qurei's deposition after finding that he was "a particularly knowledgeable person about matters at issue in the litigation," Saperstein (Dkt. #392) at 7 (quoting Stone, 170 F.R.D. at 501); (3) Mr. Qurei is the former Prime Minster of The Palestinian Authority ("PA"), and Plaintiffs' request to depose him warrants the exercise of "special vigilance," Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522, 546, 107 S.Ct. 2542, 2557 (1987), by this Court to prevent abusive discovery; and (4) Mr. Qurei's age of seventy-three years weighs against the granting of Plaintiffs' Motion.

So ordered.

---

[1] The Court agrees with Defendants that the declaration of Mr. Abdel-Rahman, which was submitted more than two years before Plaintiffs issued their deposition notice of Mr. Qurei to the PLO, provides some support for Defendants' claim that "Mr. Qurei had no authority for this case or any other litigation against the Palestinian government during his time as Prime Minister." Defendant The Palestinian Liberation Organization's Reply in Further Support of Its Motion for Entry of a Protective Order Regarding Plaintiffs' Notice of Taking the Deposition of Ahmed Qurei (Dkt. #562) ("Defendants' Reply") at 4 (citing Exhibit ("Ex.") 2 (Dec. 20, 2007, Declaration of Ahmad Abdel-Rahman)).

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 27, 2010