UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
THE ESTATE OF YARON UNGAR, et al.,  :
                    Plaintiffs,     :
                                    :
     v.                             :         CA 00-105L
                                    :
THE PALESTINIAN AUTHORITY, et al.,  :
                    Defendants.     :
```

**ORDER**

**GRANTING IN PART**

**AND DENYING IN PART**

**DEFENDANT'S MOTION TO COMPEL**

Before the Court is Defendant The Palestinian Authority's Motion to Compel Answers to Defendant's Interrogatory Nos. 12-18 and Responses to Defendant's Request for Production Nos. 8-15, 17-19 and Memorandum in Support Thereof (Docket ("Dkt.") #530) ("Defendant's Motion to Compel" or "Defendant's Motion"). A hearing was held on October 26, 2010. After reading the parties' memoranda and the relevant case law and also listening to the arguments of counsel, the Court rules as follows:

To the extent that Defendant's Motion seeks to compel Plaintiffs to produce documents responsive to Request Nos. 15 and 19 of the PA's First Request for Production of Documents and Things, the Motion is GRANTED. In all other respects, the Motion is DENIED.

The Court makes this ruling for the following reasons. While "the existence or non-existence of meritorious claims of

defense," Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010), is a relevant factor in determining whether to grant relief pursuant to Fed. R. Civ. P. 60(b)(6), the underlying strength of Plaintiffs' claims is not, see Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006)("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim.").[1]  Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense.  See Indigo Am., Inc. v. Big Impressions, LLC., 597 F.3d 1, 4 (1st Cir. 2010)("Establishing the existence of a meritorious defense is not a particularly onerous task.  '[A] party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.'")(quoting Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989))(alteration in original).  Accordingly, Defendant is not entitled to merits discovery.

Defendant PA complains that Plaintiffs have refused to concede that Defendants have a meritorious defense and that this refusal entitles them to the requested discovery.  The Court is not so persuaded.  Plaintiffs are not required to concede any of the factors which are relevant in determining whether the pending

---

[1] Defendant PA contends that Burrell is inapposite, but the Court finds that it is sufficiently analogous to assist in the resolution of the instant dispute.

motion to vacate should be granted, even a factor whose establishment "is not [] particularly arduous," Indigo, 597 F.3d at 4.  Thus, Plaintiffs' refusal cannot be a basis to allow merits discovery.

Moreover, accepting Defendant's argument that it is entitled to merits discovery from Plaintiffs would have the practical effect of re-opening this case before the Court has determined whether it should be re-opened.  More than seven years ago, Defendants repeatedly refused to provide discovery to Plaintiffs, resulting in Defendants being defaulted.  The Court declines to find that Defendants are now entitled to impose the substantial burdens of merits discovery on Plaintiffs before Defendants have vacated the default judgment which Plaintiffs properly obtained.

Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate.  See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendant's Interrogatory Nos. 12-18 and Responses to Defendant's Request for Production Nos. 8-15, 17-19 ("Defendant's Reply") at 7 ("The extent to which Plaintiffs currently possess[] information and documents supporting their claims is something for this Court to consider when determining whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate.").  While this argument

has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so.

The Court, however, takes a different view of materials which are in the possession of Plaintiffs but which reasonably could be considered court documents or documents which would otherwise be available to Defendant had a court not directed that they be maintained by Plaintiffs' counsel. Accordingly, the Court grants Defendant's Motion as to Request Nos. 15 and 19 of Defendant's request for production.


So ordered.


ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 27, 2010