UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

———————————————————————
)
THE ESTATE OF YARON UNGAR, et al.,           )
)
    Plaintiffs,                                  )
)
        v.                                   )    C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, et al.,           )
)
    Defendants.                                  )
)
)
———————————————————————)

**OBJECTIONS AND RESPONSES OF DEFENDANTS THE PALESTINE
LIBERATION ORGANIZATION AND THE PALESTINIAN
AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' THIRD REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-
JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully

submit their Objections and Responses to "Plaintiffs-Judgment Creditors' Third Request of

Defendant-Judgment Debtor the Palestinian Authority for Production of Documents and Things

Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" and to "Plaintiffs-Judgment

Creditors' Third Request of Defendant-Judgment Debtor the Palestine Liberation Organization

for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule

60(b)(6) Motion," both dated August 26, 2010, as amended by Plaintiffs' counsel's letter to

defense counsel on September 26, 2010 ("Request" or "Requests"), and state as follows:

## GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.  Accordingly, Defendants' response to the Requests will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state-secrets, deliberative-process, or any other applicable statutory or common law privilege.  With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3.      Defendants object to the Requests to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.  In this regard, Defendants object to any requests that merely derive from statements in prior briefs or court decisions in this case and are not related to factual issues relevant to the vacatur proceedings and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.  In addition,

Defendants object to each and every request which seeks "all" documents when the relevant information may be supplied with fewer than "all" documents.

5.      Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, any Request that was intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.      Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7.      Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

In this regard, Defendants note that Plaintiffs have agreed that the existing protective order would apply to any document designated as confidential and produced by Defendants in response to Plaintiffs' Third Request for Production, and Defendants will produce documents containing confidential information in response to Plaintiffs' Third Request for Production subject to that understanding. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 1-2.

8.     By providing a response to any request or by producing documents in response to any request, Defendants are not thereby agreeing to or adopting any definition and/or characterization of any terms used by Plaintiffs in the request.

9.     Defendants incorporate by reference their general objections into each response set forth below.  The failure to include any general objection in any specific responses does not waive any general objection to that request.

## PRELIMINARY STATEMENT

1.     Defendants' investigation and development of all facts and documents relating to this case are on-going.  The responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants.  These responses and objections are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their Objections and Responses hereto.

2.     The exact wording of any objections and responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.     To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state-secrets, deliberative-process, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any subsequent document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any subsequent document production, Defendants are not conceding that particular documents are those of the PA or PLO, rather than those of third parties.  Further, Defendants make the objections herein without in any way implying that they consider the Requests and any subsequent responses and/or subsequent productions in response to the Requests to be relevant or material to the subject matter of this action.

5.      A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.

6.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, generally will not be produced.  The production of any publicly available documents to Plaintiffs shall not constitute any admission or statement by Defendants regarding the authenticity, content, or admissibility of such documents.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1.a.:**

All documents supporting the Defendants' claims that vacating the Judgment will not cause prejudice to the Plaintiffs.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 1.a. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (c) that the Request calls for a legal conclusion as to what documents may support a conclusion of a lack of "prejudice" to Plaintiffs; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 1.b.:**

All documents on the basis of which the Defendants "vigorously disput[e]" that evidence and witnesses have been irreparably compromised.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 1.b. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; and (b) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 2.a.:**

All documents constituting earlier drafts of Mahmoud Abbas's November 28, 2006 letter to Secretary of State Condolezza Rice, referred to in Rice's letter dated January 12, 2007 ("Abbas Letter").

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2.a. on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents generated by Defendants and/or their attorneys for litigation. Defendants also object that the Request is overly broad ("All

documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "constituting" earlier drafts of the letter is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2.a.

**REQUEST NO. 2.b.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person involved in writing the Abbas Letter.

**AMENDED REQUEST 2.b. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the involvement of any person(s) in writing the Abbas Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2.b. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody,

or control; (c) that, as potentially construed, the phrase "evidencing the involvement" of any such person(s) in writing the letter is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2.b.

**REQUEST NO. 2.c.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person involved in translating the Abbas Letter.

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.d.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person who had and/or received copies of the Abbas Letter.

**AMENDED REQUEST 2.d. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the possession and/or receipt by any person(s) of the Abbas Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2.d. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (c) that the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 2.d.

**REQUEST NO. 2.e.:**

All documents relating to, referring to and/or evidencing the computers and/or data bases where electronic copies of the Abbas Letter were stored or should have been stored, and the storage methods used.

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.f.:**

All documents relating to, referring to and/or evidencing where paper copies of the Abbas Letter were filed or should have been filed, and the archival methods used.

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.g.:**

All documents relating to, referring to and/or evidencing when it was first determined that the Abbas Letter was not within the Defendants' "possession, custody, or control."

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.h.:**

All documents relating to, referring to and/or evidencing any efforts made to locate the Abbas Letter after determining it was not within the Defendants' possession, custody or control.

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.i.:**

All documents relating to, referring to and/or evidencing any efforts made to obtain the Abbas Letter from the United States after determining it was not within the Defendants' possession, custody, or control.

**OBJECTIONS:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no objections are required.

**RESPONSE:**

Plaintiffs have withdrawn this Request. *See* Sep. 26, 2010 Letter from D. Strachman to M. Rochon at 2. Therefore, no response is required.

**REQUEST NO. 2.j.:**

All documents supporting the Defendants' characterization of the Abbas Letter as a request for "guidance."

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 2.j. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; and (b)

that, as potentially construed, the Request seeks documents protected by the work-product

doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Subject to and without waiving the General and Specific Objections set forth above, and

without prejudice to Defendants' right to modify, amend, or supplement their responses as

appropriate, Defendants state that the documents produced by Defendants and numbered

01:0000065-69, which are already in Plaintiffs' possession, are responsive to a reasonable and

proper interpretation of the scope and nature of this Request.

**REQUEST NO. 3.a.:**

All documents relating to, referring to and/or evidencing the name, title, and present
whereabouts of any person involved in writing Nasser Al-Kidwa's January 2003 letter to
Magistrate Judge Martin ("Al Kidwa Letter").

**AMENDED REQUEST 3.a. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the involvement of any person(s) in writing Nasser Al-
Kidwa's January 2003 letter to Magistrate Judge Martin ("Al Kidwa Letter") and evidencing the
name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 3.a. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default.  Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (c) that, as potentially construed, the phrase "evidencing the involvement" of any such person(s) in writing the letter is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3.a.

**REQUEST NO. 3.b.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person who directed or asked that the Al Kidwa Letter be written.

**AMENDED REQUEST 3.b. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the involvement of any person(s) in directing or asking that the Al Kidwa Letter be written and evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3.b. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (c) that, as potentially construed, the phrase "evidencing the involvement" of any such person(s) in "directing or asking" that the letter be written is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 3.b.

**REQUEST NO. 3.c.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person who supplied any information contained or referenced within the Al Kidwa Letter.

**AMENDED REQUEST 3.c. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the involvement of any person(s) in supplying any information contained or referenced within the Al Kidwa Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 3.c. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (c) that, as potentially

construed, the phrase "evidencing the involvement" of any such person(s) "who supplied any

information contained or referenced" in the letter is vague and ambiguous; and (d) that, as

potentially construed, the Request seeks documents protected by the work-product doctrine, the

attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 3.c.

**REQUEST NO. 4.a.:**

All documents relating to, referring to and/or evidencing the PA's "mindset" during the
period when it decided to default.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 4.a. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default.  Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" the "PA's 'mindset'" is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.a.

**REQUEST NO. 4.b.:**

All documents relating to, referring to and/or evidencing the PLO's "mindset" during the period when it decided to default.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.b. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of

18

Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" the "PLO's 'mindset'" is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.b.

**REQUEST NO. 4.c.**:

All documents relating to, referring to and/or evidencing any advice of the PA's counsel to interpose "non-merits based defenses" in the *Ungar* litigation prior to 2005.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.c. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents reflecting advice given by attorneys to their client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such advice of counsel is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.c.

**REQUEST NO. 4.d.:**

All documents relating to, referring to and/or evidencing any advice of the PLO's counsel to interpose "non-merits based defenses" in the *Ungar* litigation prior to 2005.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.d. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents reflecting advice given by attorneys to their client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such advice of counsel is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.d.

**REQUEST NO. 4.e.:**

All documents relating to, referring to and/or evidencing the PA's "deliberate choice" to delay asserting a sovereign immunity defense in this litigation, and the name, title, and present whereabouts of any person participating in that deliberate choice.

**AMENDED REQUEST 4.e. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing the PA's "deliberate choice" to delay asserting a sovereign immunity defense in this litigation, and evidencing the name, title, and present whereabouts of any person participating in that deliberate choice.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.e. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents reflecting the strategic litigation choices of Defendants. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "participating in" any such deliberate choice to delay are vague and ambiguous; and (b) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.e.

**REQUEST NO. 4.f.:**

All documents relating to, referring to and/or evidencing the PLO's "deliberate choice" to delay asserting a sovereign immunity defense in this litigation, and the name, title, and present whereabouts of any person participating in that deliberate choice.

**AMENDED REQUEST 4.f. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing the PLO's "deliberate choice" to delay asserting a sovereign immunity defense in this litigation, and evidencing the name, title, and present whereabouts of any person participating in that deliberate choice.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.f. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents reflecting the strategic litigation choices of Defendants. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such

privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "participating in" any such deliberate choice to delay are vague and ambiguous; and (b) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.f.

**REQUEST NO. 4.g.:**

All documents relating to, referring to and/or evidencing how, why, and when the PA came to realize its "deliberate choice" was "misguided", and the name, title, and present whereabouts of any person participating in that realization.

**AMENDED REQUEST 4.g. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing how, why, and when the PA came to realize its "deliberate choice" was "misguided", and evidencing the name, title, and present whereabouts of any person participating in that realization.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 4.g. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents reflecting the strategic litigation choices of Defendants. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "participating in" any such realization are vague and ambiguous; and (b) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 4.g.

**REQUEST NO. 4.h.:**

All documents relating to, referring to and/or evidencing how, why, and when the PLO came to realize its "deliberate choice" was "misguided", and the name, title, and present whereabouts of any person participating in that realization.

**AMENDED REQUEST 4.h. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing how, why, and when the PLO came to realize its "deliberate choice" was "misguided", and evidencing the name, title, and present whereabouts of any person participating in that realization.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 4.h. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default.  Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, the

deliberative-process privilege, and other applicable privileges and protections, including documents reflecting the strategic litigation choices of Defendants. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "participating in" any such realization are vague and ambiguous; and (b) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.h.

**REQUEST NO. 4.i.:**

All documents relating to, referring to and/or evidencing the presence of "political extremism" within the PA and the role of such "political extremism" in the PA's decision to default.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.i. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such political extremism is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 4.i.

**REQUEST NO. 4.j.:**

All documents relating to, referring to and/or evidencing the presence of "political extremism" within the PLO and the role of such "political extremism" in the PLO's decision to default.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 4.j. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default.  Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly

broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to

relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to,

referring to and/or evidencing" any such political extremism is vague and ambiguous; (c) that, as

potentially construed, the Request seeks documents protected by the work-product doctrine, the

attorney-client privilege, the deliberative-process privilege, and other applicable privileges and

protections; and (d) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.j.

**REQUEST NO. 4.k.:**

All documents relating to, referring to and/or evidencing the PA's "regrets" concerning its "procedural missteps" in this litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.k. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such regrets is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.k.

**REQUEST NO. 4.l.:**

All documents relating to, referring to and/or evidencing the PLO's "regrets" concerning its "procedural missteps" in this litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.l. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" certain regrets is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 4.l.

**REQUEST NO. 4.m.**:

All documents relating to, referring to and/or evidencing the adoption by the PA of the positions expressed by Prime Minister Fayyad in his December 24, 2007 Declaration concerning the PA's commitment to future participation in this litigation, as well as the PA's involvement in any efforts to transmit such commitment to United States political or governmental agencies or entities, including, without limitation, the United States courts; and any documents reflecting such commitment.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 4.m. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially

construed, the phrase "relating to, referring to and/or evidencing" the adoption of any such

positions is vague and ambiguous; (c) that the Request is unreasonably cumulative and

duplicative; and (d) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that the pleadings and other documents

submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the

PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper

interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and

non-protected information within their possession, custody, or control that are responsive to a

reasonable and proper scope and interpretation of this Request and that can be found through

reasonable search efforts by Defendants.

**REQUEST NO. 4.n.:**

All documents relating to, referring to and/or evidencing the adoption by the PLO of the
positions expressed by Prime Minister Fayyad in his December 24, 2007 Declaration concerning

the PLO's commitment to future participation in this litigation, as well as the PLO's involvement
in any efforts to transmit such commitment to United States political or governmental agencies
or entities, including, without limitation, the United States courts; and any documents reflecting
such commitment.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 4.n. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially

construed, the phrase "relating to, referring to and/or evidencing" the adoption of any such

positions is vague and ambiguous; (c) that the Request is unreasonably cumulative and

duplicative; and (d) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other

applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that the pleadings and other documents

submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the

PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper

interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and

non-protected information within their possession, custody, or control that are responsive to a

reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 4.o.:**

Authentic copies of all PA Cabinet minutes, protocols and/or records from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.o. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all PA Cabinet minutes," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that there are no documents responsive to this Request.

**REQUEST NO. 4.p.:**

Authentic copies of all PLO Executive Committee minutes, protocols and/or records from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.p. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all PLO Executive Committee minutes," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that there are no documents responsive to this Request.

**REQUEST NO. 4.q.:**

Authentic copies of all PA Cabinet decisions, orders and/or directives from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 4.q. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all PA Cabinet decisions," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that there are no documents responsive to this Request.

**REQUEST NO. 4.r.:**

Authentic copies of all PLO Executive Committee decisions, orders and/or directives from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 4.r. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all PLO Executive Committee decisions," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that there are no documents responsive to this Request.

**REQUEST NO. 4.s.**:

All minutes, protocols and/or records generated by any PA ministry, agency, department, division, bureau and/or other government body from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.s. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all minutes," "any PA ministry, agency, department, division, bureau and/or other government body," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 4.t.:**

Authentic copies of all minutes, protocols and/or records generated by any PLO agency, department, division, bureau and/or other subordinate body from any time referencing and/or relating to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.t. on the