grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing the PA's 'facilitation' of the arrest of the gunmen, including its impact on relations with HAMAS" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits O-U of Defendants' Motion to

Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.i.:**

All documents relating to, referring to and/or evidencing the PLO's "facilitation" of the arrest of the gunmen, including its impact on relations with HAMAS.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.i. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to

the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing the PLO's 'facilitation' of the arrest of the gunmen, including its impact on relations with HAMAS" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits O-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.j.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PA were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.j. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PA were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.k.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PLO were parties at any time between September 1, 1993 and June 9, 1996.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.k. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and the PLO were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements, accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.l.:**

All documents relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and Fatah were parties at any time between September 1, 1993 and June 9, 1996.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.1. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing any communications and written agreements, accords and/or pacts to which Hamas and Fatah were parties" is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control, and/or documents already within Plaintiffs' possession, custody, or control; (d) that, as potentially construed, the Request requires a legal conclusion (*e.g.,* "written agreements,

accords and/or pacts"); and (e) that, as potentially construed, the Request seeks documents

protected by the work-product doctrine, the attorney-client privilege, and other applicable

privileges and protections.

Defendants also object to Request No. 6.l. to the extent that it seeks information and

documents concerning "communications and written agreements, accords and/or pacts to which

Hamas and Fatah were parties" and therefore seeks to impose a requirement and/or burden on

Defendants, in excess of the Federal Rules of Civil Procedure, to search for, produce and/or

explain information and documents possessed by separate, non-parties and/or documents not

within the possession, custody or control of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce documents containing

non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be

found through reasonable search efforts by Defendants.

**REQUEST NO. 7.a.:**

All documents relating to, referring to and/or evidencing the details and circumstances of
the PA's "active engagement" in pursuit of peace with Israel at the time of the shooting.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 7.a. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense

arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such engagement in pursuit of peace is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.b.:**

All documents relating to, referring to and/or evidencing the details and circumstances of the PLO's "active engagement" in pursuit of peace with Israel at the time of the shooting.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.b. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such engagement in pursuit of peace is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to

a reasonable and proper scope and interpretation of this Request and that can be found through

reasonable search efforts by Defendants.

**REQUEST NO. 7.c.:**

All documents relating to, referring to and/or evidencing the foreign policy consequences
that have flowed from the Judgment in this case.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 7.c. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" any such foreign

policy consequences is vague and ambiguous; (c) that, as potentially construed, the Request

seeks documents outside the Defendants' possession, custody, or control; and (d) that, as

potentially construed, the Request seeks documents protected by the work-product doctrine, the

attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that the documents produced by Defendants and

numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a

reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.d.:**

All documents relating to, referring to and/or evidencing the political and governmental ramifications of this litigation and its effect on the Middle East peace process, the Palestinian-Israeli conflict and violence, the security of the people of Israel, the "welfare and plight" of the Palestinian people, and the PA's ability to function effectively as a government.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.d. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such ramifications is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and

numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.e.:**

All documents relating to, referring to and/or evidencing the impact of this litigation on relations between the U.S. government and the current Palestinian leadership.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.e. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such impact on relations between the U.S. government and "the current Palestinian leadership" are vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.f.:**

All documents relating to, referring to and/or evidencing how the Plaintiffs' actions in this litigation "directly interfere" with the United States government's conduct of foreign relations in the Middle East.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.f. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such interference with the U.S. government's conduct of foreign relations is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.g.:**

All documents relating to, referring to and/or evidencing interference with the efforts of the PA to normalize its relations with the United States caused by the Judgment in this case, as well as undermining of the PA's efforts at institution and state building.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 7.g. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such interference with the PA's efforts to normalize its relations with the U.S. and undermining of the PA's efforts at institution and state building is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-

product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.h.:**

All documents relating to, referring to and/or evidencing interference with the efforts of the PLO to normalize its relations with the United States caused by the Judgment in this case.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.h. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such interference with the PLO's efforts to normalize its relations with the U.S. is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.i.:**

All documents relating to, referring to and/or evidencing the "threat" to the peace process caused by Plaintiffs' enforcement actions and by the "mere threat" that Plaintiffs will succeed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such threat to

the peace process is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.j.:**

All documents relating to, referring to and/or evidencing the potential impact of collection efforts in this litigation on the Israeli-Palestinian Peace Process and on U.S. foreign relations in the Middle East.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.j. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

89

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such potential impact of collection efforts is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.k.:**

All documents relating to, referring to, evidencing and/or constituting diplomatic communications and education at the highest levels of American and Palestinian leadership leading to the PA's efforts to vacate the Judgment, including all documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any individuals participating in those communications and when and where they occurred.

**AMENDED REQUEST 7.k. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to, evidencing and/or constituting diplomatic communications and education at the highest levels of American and Palestinian leadership leading to the PA's efforts to vacate the Judgment, including all documents evidencing the name, title, and present whereabouts of any individuals participating in those communications and when and where they occurred.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7.k. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such diplomatic communications is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a

reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 7.l.:**

All documents relating to, referring to, evidencing and/or constituting diplomatic communications and education at the highest levels of American and Palestinian leadership leading to the PLO's efforts to vacate the Judgment, including all documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any individuals participating in those communications and when and where they occurred.

**AMENDED REQUEST 7.l. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to, evidencing and/or constituting diplomatic communications and education at the highest levels of American and Palestinian leadership leading to the PLO's efforts to vacate the Judgment, including all documents evidencing the name, title, and present whereabouts of any individuals participating in those communications and when and where they occurred.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 7.l. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such diplomatic communications, and "documents relating to, referring to and/or evidencing the name, title, and present whereabouts" of any individuals participating in such communications are vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secret privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 8.a.:**

All documents relating to, referring to and/or evidencing Yasser Arafat's refusal to acknowledge the jurisdiction of the U.S. courts.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 8.a. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such refusal is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.a.

**REQUEST NO. 8.b.:**

All documents relating to, referring to and/or evidencing the details, circumstances, and impact on Yasser Arafat and the Defendants of any "besiegement" of Yasser Arafat, during the period 2002-2004.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 8.b. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such details, circumstances, and impact of Yasser Arafat's besiegement is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.b.

**REQUEST NO. 8.c.:**

All documents relating to, referring to and/or evidencing Plaintiffs January 24, 2003 notice of Yasser Arafat's deposition and the Defendants' response and reasons for their response to that notice.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 8.c. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default.  Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" Plaintiffs' notice of deposition and any response by Defendants and reasons for the response is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.c.

**REQUEST NO. 8.d.:**

All documents relating to, referring to and/or evidencing the details and circumstances of Yasser Arafat's extended and ultimately fatal illness and its impact on the Defendants and their participation in this litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 8.d. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase

"relating to, referring to and/or evidencing" any such details and circumstances of Yasser Arafat's illness is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.d.

**REQUEST NO. 8.e.:**

All documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any individual or individuals who took over Yasser Arafat's responsibilities at any time between 2000 and the present, including during Arafat's illness and subsequent to his death, and including but not limited to management and operations supervision within the PA and PLO, interfacing with U.S. legal counsel, payment of legal bills, and any other responsibilities or tasks relating to foreign or U.S. litigation.

**AMENDED REQUEST 8.e. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the assumption of Yasser Arafat's responsibilities by any person(s) at any time between 2000 and the present, including during Arafat's illness and subsequent to his death, and including but not limited to assumption of management and operations supervision within the PA and PLO, interfacing with U.S. legal counsel, payment of legal bills, and any other responsibilities or tasks relating to foreign or U.S. litigation and all documents evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 8.e on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation and documents reflecting communication between attorney and client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery. Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to foreign or U.S. litigation" is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.e.

**REQUEST NO. 9.a.:**

All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PA responsible for monitoring and making decisions regarding lawsuits filed against PA in the United States and in Israel between 1993 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 9.a. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such organizational and institutional structures and individuals is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.a.

**REQUEST NO. 9.b.:**

All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PLO responsible for monitoring and making decisions regarding lawsuits filed against PLO in the United States and in Israel between 1993 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.b. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such organizational and institutional structures and individuals is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.b.

## REQUEST NO. 9.c.:

All documents relating to, referring to and/or evidencing the "considerable obstacles" that the PA faced in responding to U.S. litigation from the time of Arafat's death until December 2007.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.c. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the timing of Defendants' vacatur motion,

which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("All

documents"); (c) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; (d) that, as potentially construed, the phrase

"relating to, referring to and/or evidencing" any such considerable obstacles is vague and

ambiguous; and (e) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, and other applicable privileges and

protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.c.

**REQUEST NO. 9.d.:**

All documents relating to, referring to and/or evidencing the "considerable obstacles" that the PLO faced in responding to U.S. litigation from the time of Arafat's death until December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.d. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the timing of Defendants' vacatur motion, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such considerable obstacles is vague and ambiguous; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.d.

**REQUEST NO. 9.e.:**

All documents relating to, referring to and/or evidencing the specific organizational and institutional structures and lines of authority the PA has developed to adequately respond to this litigation, as well as how such institutional structures and lines of authority differ from earlier institutional structures and lines of authority.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.e. on the

grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant

to any issue of significance at the vacatur hearing.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such organizational and institutional

structures and lines of authority is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the pleadings and other documents submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 9.f.:**

All documents relating to, referring to and/or evidencing the specific organizational and institutional structures and lines of authority the PLO has developed to adequately respond to this litigation, as well as how such institutional structures and lines of authority differ from earlier institutional structures and lines of authority.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.e. on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such organizational and institutional structures and lines of authority is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the pleadings and other documents submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 9.g.:**

All documents relating to, referring to and/or evidencing the PA's "misguided" reaction to this litigation stemming from its lack of institutional mechanisms and lack of sophistication.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.g. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the on grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such misguided reaction is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.g.

## REQUEST NO. 9.h.:

All documents relating to, referring to and/or evidencing the PLO's "misguided" reaction to this litigation stemming from its lack of institutional mechanisms and lack of sophistication.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 9.h. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default.  Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such misguided reaction is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.h.

**REQUEST NO. 9.i.:**

All documents relating to, referring to and/or evidencing the involvement, duties, responsibilities and efforts of Mahmoud Abbas to gain information about and supervise U.S. litigation against the PA and/or PLO, from March 2000 until December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.i. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities

and efforts of Mahmoud Abbas is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.i.

**REQUEST NO. 9.j.:**

All documents relating to, referring to and/or evidencing the involvement, duties, responsibilities and efforts of Ahmed Qurei to gain information about and supervise U.S. litigation against the PA and/or PLO, from March 2000 until December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  Defendants also incorporate by reference all objections and arguments in their Memorandum in Support of Defendant the Palestine Liberation Organization's Motion for Entry of a Protective Order Regarding Plaintiffs' Notice of Taking the Deposition of Ahmed Qurei (Dkt. No. 529).  In addition, Defendants specifically object to Request No. 9.j. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities and efforts of Ahmed Qurei is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that there are no documents responsive to this Request.

**REQUEST NO. 9.k.**:

All documents relating to, referring to and/or evidencing the involvement, duties, responsibilities and efforts of Salam Fayyad to gain information about and supervise U.S. litigation against the PA and/or PLO, from March 2000 until December 2007.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.k. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities and efforts of Salam Fayyad is vague and ambiguous; and (b) that the Request is unreasonably cumulative and duplicative.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.k.

**REQUEST NO. 9.l.:**

All documents relating to, referring to and/or evidencing the involvement, duties, responsibilities and efforts of the persons who served as the PA's Minister of Justice from 2000 - present to gain information about and supervise U.S. litigation against the PA and/or PLO, from March 2000 until December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.l. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities and efforts of the PA's Minister of Justice is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.l.

**REQUEST NO. 9.m.:**

All documents relating to, referring to and/or evidencing the involvement, duties, responsibilities and efforts of the persons who served as the PA's Prosecutor General from 2000 - present to gain information about and supervise U.S. litigation against the PA and/or PLO, from March 2000 until December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.m. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities and efforts of the PA's Prosecutor General is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.m.

**REQUEST NO. 9.n.:**

114

All documents relating to, referring to and/or evidencing the involvement, duties,
responsibilities and efforts of the persons who served as the PA's Attorney General from 2000 -
present to gain information about and supervise U.S. litigation against the PA and/or PLO, from
March 2000 until December 2007.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.n. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such involvement, duties, responsibilities

and efforts of the PA's Attorney General is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.n.

**REQUEST NO. 9.o.:**

All documents relating to, referring to and/or evidencing the "Other pressing problems"
facing the PA that complicated the creation of an organizational entity for defending foreign
lawsuits brought against the PA.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 9.o. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such pressing problems is vague and

ambiguous; (d) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'
Objections to Request No. 9.o.

**REQUEST NO. 9.p.:**

All documents relating to, referring to and/or evidencing the "Other pressing problems"
facing the PLO that complicated the creation of an organizational entity for defending foreign
lawsuits brought against the PLO.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.p. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such pressing problems is vague and

ambiguous; (d) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.p.

**REQUEST NO. 9.q.:**

All documents relating to, referring to and/or evidencing the difficulty of PA decision-makers in understanding the complete picture of the litigation and the importance of full and complete participation in the process; all documents relating to, referring to and/or evidencing the any efforts made to understand the importance of full and complete participation in the process; and all documents relating to, referring to and/or evidencing the any discussions or communications with counsel concerning the importance of full and complete participation in the process.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 9.q. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, the

deliberative-process privilege, and other applicable privileges and protections, including

documents prepared in anticipation of litigation and documents reflecting communication

between attorney and client.  Defendants also object that the Request is overly broad ("All

documents") and locating, reviewing, and logging any such privileged or protected documents

would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents

in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" (i) any such difficulty of PA decision-makers in understanding; (ii) any such efforts made to understand; and (iii) any such discussions or communications with counsel are vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.q.

**REQUEST NO. 9.r.:**

All documents relating to, referring to and/or evidencing the difficulty of PLO decision-makers in understanding the complete picture of the litigation and the importance of full and complete participation in the process; all documents relating to, referring to and/or evidencing the any efforts made to understand the importance of full and complete participation in the process; and all documents relating to, referring to and/or evidencing the any discussions or communications with counsel concerning the importance of full and complete participation in the process.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.r. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation and documents reflecting communication between attorney and client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" (i) any such difficulty of PLO decision-makers in understanding; (ii) any such efforts made to understand; and (iii) any such discussions or communications with counsel are vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.r.

**REQUEST NO. 9.s.:**

All documents relating to, referring to and/or evidencing the conflicting instructions and confusion caused by the PA's failure to establish lines of authority for handling foreign litigation.

**OBJECTIONS:**