grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "all minutes," "any PLO agency, department, division, bureau and/or other subordinate body," "from any time"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "referencing and/or relating to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 4.u.:**

Authentic copies of all decisions, orders and/or directives made or issued at any time by any PA ministry, agency, department, division, bureau and/or other government body, which reference and/or relate to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.u. on the

grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.*, "all decisions," "issued at any time," "any PA ministry, agency, department, division, bureau and/or other government body"), and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "reference and/or relate to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 4.v.:**

Authentic copies of all decisions, orders and/or directives made or issued at any time by any PLO agency, department, division, bureau and/or other subordinate body, which reference and/or relate to the Judgment, any proceedings brought to enforce the Judgment, the 2006 Judgment and/or the instant action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 4.v. on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.*, "all decisions," "issued at any time," "any PLO agency, department, division, bureau and/or other subordinate body") and it is not reasonably calculated to lead to relevant or admissible evidence; (b) that, as potentially construed, the phrase "reference and/or relate to" all aspects of this case is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 5.a.**:

All documents relating to, referring to and/or evidencing the PA's "basic misunderstanding" of the U.S. legal system.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.a. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such misunderstanding is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 5.a.

**REQUEST NO. 5.b.:**

All documents relating to, referring to and/or evidencing the PLO's "basic misunderstanding" of the U.S. legal system.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 5.b. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default. Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly

broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to

the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase

"relating to, referring to and/or evidencing" any such misunderstanding is vague and ambiguous;

and (c) that, as potentially construed, the Request seeks documents protected by the work-

product doctrine, the attorney-client privilege, the deliberative-process privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 5.b.

**REQUEST NO. 5.c.:**

All documents relating to, referring to and/or evidencing the PA's subjective
understanding about the ability of U.S. courts to "hale [it] into court".

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 5.c. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default.  Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly

broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to

the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase

"relating to, referring to and/or evidencing" any such subjective understanding is vague and

46

ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.c.

**REQUEST NO. 5.d.:**

All documents relating to, referring to and/or evidencing the PLO's subjective understanding about the ability of U.S. courts to "hale [it] into court".

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.d. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

47

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such subjective understanding is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.d.

**REQUEST NO. 5.e.:**

All documents relating to, referring to and/or evidencing the PA's "perplexity" about the ability of the U.S. courts to hale it into court and why the PA believes such perplexity is understandable.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.e. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further

48

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such perplexity is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.e.

**REQUEST NO. 5.f.**:

All documents relating to, referring to and/or evidencing the PLO's "perplexity" about the ability of the U.S. courts to hale it into court and why the PA believes such perplexity is understandable.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.f. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such perplexity is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.f.

**REQUEST NO. 5.g.:**

All documents relating to, referring to and/or evidencing all factors resulting in the PA's failure to apprehend the "logic" of being haled into U.S. court, and why the PA no longer perceives being haled into U.S. court as illogical.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.g. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such factors is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants

51

do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.g.

**REQUEST NO. 5.h.:**

All documents relating to, referring to and/or evidencing all factors resulting in the PLO's failure to apprehend the "logic" of being haled into U.S. court, and why the PLO no longer perceives being haled into U.S. court as illogical.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.h. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such factors is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.h.

**REQUEST NO. 5.i.:**

All documents relating to, referring to and/or evidencing efforts of the PA's counsel to educate the PA about or disabuse the PA of the "illogicality" it perceived in being haled into U.S. court.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 5.i. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default.  Such documents are irrelevant to the vacatur proceedings because Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess.  *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents reflecting advice given by attorneys to their client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such advice of counsel is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.i.

**REQUEST NO. 5.j.**:

All documents relating to, referring to and/or evidencing efforts of the PLO's counsel to educate the PLO about or disabuse the PLO of the "illogicality" it perceived in being haled into U.S. court.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 5.j. on the grounds that the Request seeks documents that are irrelevant to the issues to be decided by the Court in the vacatur proceedings, including documents purportedly related to the willfulness of Defendants' default. Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents reflecting advice given by attorneys to their client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such advice of counsel is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.j.

**REQUEST NO. 5.k.:**

All documents relating to, referring to and/or evidencing the PA's contemporaneous knowledge of the "politically charged tort" litigation arising out of the death of Leon

Klinghoffer, and the name, title, and present whereabouts of any individual or individuals who acted as contact with defense counsel with respect to such litigation and/or made any decisions or gave instructions in regard to such litigation.

**AMENDED REQUEST 5.k. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing the PA's contemporaneous knowledge of the "politically charged tort" litigation arising out of the death of Leon Klinghoffer, and evidencing the name, title, and present whereabouts of any individual or individuals who acted as contact with defense counsel with respect to such litigation and/or made any decisions or gave instructions in regard to such litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 5.k. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default. Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation

and documents reflecting communication between attorney and client. Defendants also object

that the Request is overly broad ("All documents") and locating, reviewing, and logging any

such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such "contemporaneous knowledge" of the PA about the Klinghoffer litigation are vague and ambiguous; (b) that, as potentially construed, the Request improperly assumes or implies that the quoted language constitutes the statement or language of Defendants; and (c) that, as potentially construed, the Request seeks documents outside the PA's possession, custody, or control because the Request seeks documents addressing events occurring at a time prior to the creation of the PA.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.k.

**REQUEST NO. 5.l.:**

All documents relating to, referring to and/or evidencing the PLO's contemporaneous knowledge of the "politically charged tort" litigation arising out of the death of Leon Klinghoffer, and the name, title, and present whereabouts of any individual or individuals who acted as contact with defense counsel with respect to such litigation and/or made any decisions or gave instructions in regard to such litigation.

**AMENDED REQUEST 5.l. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing the PLO's contemporaneous knowledge of the "politically charged tort" litigation arising out of the death of Leon Klinghoffer, and evidencing the name, title, and present whereabouts of any individual or

individuals who acted as contact with defense counsel with respect to such litigation and/or made
any decisions or gave instructions in regard to such litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 5.l. on the

grounds that the Request seeks documents that are irrelevant to the issues to be decided by the

Court in the vacatur proceedings, including documents purportedly related to the willfulness of

Defendants' default. Such documents are irrelevant to the vacatur proceedings because

Defendants do not dispute that their default was willful, and the Court need make no further

findings regarding the willfulness of Defendants' default, but must instead weigh that willfulness

against the other vacatur factors the Court must assess. *See Ungar v. PLO*, 599 F.3d 79, 85 (1st

Cir. 2010) ("[T]he defendants freely admit that the default judgment resulted from their

deliberate strategic choice.").

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation

and documents reflecting communication between attorney and client. Defendants also object

that the Request is overly broad ("All documents") and locating, reviewing, and logging any

such privileged or protected documents would be unduly burdensome on Defendants, as

Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed,

the phrases "relating to, referring to and/or evidencing" any such "contemporaneous knowledge"

of the PLO about the Klinghoffer litigation are vague and ambiguous; and (b) that, as potentially

construed, the Request improperly assumes or implies that the quoted language constitutes the

statement or language of Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 5.l.

**REQUEST NO. 6.a.:**

All documents relating to, referring to and/or evidencing the Defendants' claim that there
is "no doubt that HAMAS, not the PA and PLO, caused Plaintiffs' loss."

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 6.a. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense

arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such

evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6)

motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set

of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek

information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng.

Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents

litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants

[from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such claim is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.b.:**

All documents relating to, referring to and/or evidencing the Defendants' claim that that HAMAS "indisputably" committed the shooting.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.b. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such claim is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that Exhibits M-O, Q, and S of Defendants'

Motion to Vacate and the document produced by Defendants and numbered 01:0000065-66,

which are already in Plaintiffs' possession, are responsive to a reasonable and proper

interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and

non-protected information within their possession, custody, or control that are responsive to a

reasonable and proper scope and interpretation of this Request and that can be found through

reasonable search efforts by Defendants.

**REQUEST NO. 6.c.:**

All documents relating to, referring to and/or evidencing HAMAS's active efforts to
"undermine" or derail the peace process.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 6.c. on the

grounds that this Request seeks information concerning Defendants' meritorious-defense

arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such

evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6)

motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set

of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek

information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng.

Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents

litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate and the document produced by Defendants and numbered 01:0000065-66, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.d.:**

All documents relating to, referring to and/or evidencing the PA's active efforts to "quash" HAMAS's influence in the West Bank and Gaza and to cut off funding to HAMAS from international sources.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.d. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time

period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.e.:**

All documents relating to, referring to and/or evidencing the PLO's active efforts to "quash" HAMAS's influence in the West Bank and Gaza and to cut off funding to HAMAS from international sources.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 6.e. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2).  It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant.  *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is not limited to any time period relevant to this case; (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such efforts is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.f.:**

All documents relating to, referring to, evidencing and/or constituting "Concrete evidence" that the PA was actively working against HAMAS during the period when the shooting occurred.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.f. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek

information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such activity is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.g.:**

All documents relating to, referring to, evidencing and/or constituting "Concrete evidence" that the PLO was actively working against HAMAS during the period when the shooting occurred.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.g. on the grounds that this Request seeks information concerning Defendants' meritorious-defense arguments, yet Plaintiffs have taken the position that Defendants are barred from seeking such evidence from Plaintiffs on the grounds that it is "irrelevant to defendants' Rule 60(b)(6) motion" (*see* Plaintiffs' Aug. 26, 2010 Amended and Supp. Objs. and Answers to Defs. First Set of Interrogatories, at 5-6; Dkt. No. 504 at 1-2). It is inappropriate for Plaintiffs to seek information they themselves believe is irrelevant. *See Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 91 (1st Cir. 2010) (explaining the doctrine of judicial estoppel "prevents litigants from taking inconsistent positions in the same or a related case" and prohibits "litigants [from] playing fast and loose with the courts to obtain an unfair advantage.") (internal citation and quotation omitted).

Defendants further object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase

"relating to, referring to and/or evidencing" any such activity is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the state-secrets privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that many documents responsive to this Request are in the public domain, and are as accessible to Plaintiffs as they are to Defendants.

Defendants further state that Exhibits G-U of Defendants' Motion to Vacate, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

In addition, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 6.h.:**

All documents relating to, referring to and/or evidencing the PA's "facilitation" of the arrest of the gunmen, including its impact on relations with HAMAS.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6.h. on the