Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 9.s. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation.  Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such conflicting instructions and confusion is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.s.

**REQUEST NO. 9.t.:**

All documents relating to, referring to and/or evidencing the conflicting instructions and confusion caused by the PLO's failure to establish lines of authority for handling foreign litigation.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.t. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such conflicting instructions and confusion is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 9.t.

**REQUEST NO. 9.u.:**

All documents, from any time prior to December 2007, relating to, referring to, evidencing, containing and/or constituting policies, procedures and/or guidelines for the handling of lawsuits brought against the PA.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 9.u. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad (*e.g.*, "All documents," "from any time

prior to December 2007") and locating, reviewing, and logging any such privileged or protected

documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such

documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "constituting" any such policies, procedures and/or guidelines are vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.u.

**REQUEST NO. 9.v.**:

All documents, from any time prior to December 2007, relating to, referring to, evidencing, containing and/or constituting policies, procedures and/or guidelines for the handling of lawsuits brought against the PLO.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9.v. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad (*e.g.*, "All documents," "from any time prior to December 2007") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "constituting" any such policies, procedures and/or guidelines are vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.v.

**REQUEST NO. 10.a.:**

All documents relating to, referring to and/or evidencing the relationship between the Palestinian Investment Fund and the PA.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.a. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to,

referring to and/or evidencing" any such relationship is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.a.

**REQUEST NO. 10.b.:**

All documents relating to, referring to and/or evidencing the PA's knowledge of, and when the PA first became aware of, the 2006 Judgment.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.b. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such knowledge of, and when the PA first became aware of the 2006 Judgment, is vague and ambiguous; and (d) that, as potentially construed, the

Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.b.

**REQUEST NO. 10.c.:**

All documents relating to, referring to and/or evidencing the transfer and/or payment of any funds, monies or assets from the Palestine Investment Fund to the PA from the date the 2006 Judgment was entered until the present day, including all documents relating to, referring to and/or evidencing the amounts of such transfers and/or payments.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.c. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such transfer and/or payment and the amounts of any such transfers and/or payments is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as

potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.c.

**REQUEST NO. 10.d.:**

All documents relating to, referring to and/or evidencing all decisions to carry out the transfers and/or payments referred to in the previous subsection (c), including all documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person involved in making, participating in and/or authorizing such transfers and/or payments.

**AMENDED REQUEST 10.d. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing all decisions to carry out the transfers and/or payments referred to in the previous subsection (c), including all documents evidencing the name, title, and present whereabouts of any person involved in making, participating in and/or authorizing such transfers and/or payments.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.d. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to,

referring to and/or evidencing" any such decisions is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.d.

**REQUEST NO. 10.e.:**

All documents constituting the Palestine Investment Fund's articles of association and/or by-laws at any time.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.e. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "All documents," "at any time"); (c) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" and "constituting" any such articles of association

and/or by-laws are vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.e.

**REQUEST NO. 10.f.:**

All documents relating to, referring to and/or evidencing the Palestine Investment Fund's governing structure and decision-making procedures.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 10.f. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such governing structure and decision-making procedures is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, the deliberative-process privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.f.

**REQUEST NO. 10.g.:**

All documents relating to, referring to and/or evidencing any efforts to change the articles of association of the Palestine Investment Fund at any time subsequent to the date that the 2006 Judgment was entered, including all documents relating to, referring to and/or evidencing the name, title, and present whereabouts of any person involved in making, participating in and/or authorizing such changes.

**AMENDED REQUEST 10.g. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing any efforts to change the articles of association of the Palestine Investment Fund at any time subsequent to the date that the 2006 Judgment was entered, including all documents evidencing the name, title, and present whereabouts of any person involved in making, participating in and/or authorizing such changes.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 10.g. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such efforts to change the articles of

association of the Palestine Investment Fund and any person "participating in" any such changes are vague and ambiguous; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.g.

**REQUEST NO. 10.h.:**

All documents relating to, referring to and/or evidencing the impairment of the PA's ability to carry on its governmental function caused by the freezing of assets of the PA and of various "independent entities", including but not limited to the Palestine Investment Fund.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 10.h. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such impairment of the PA's ability to carry on its governmental function is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected

by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 10.i.:**

All documents relating to, referring to and/or evidencing erosion of support for the PA's leadership and compromise of the efforts of the PA to achieve economic stability caused by the turning over of ownership of the Palestine Investment Fund.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 10.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such erosion of support for the PA's leadership and compromise of the efforts of the PA to achieve economic

stability is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the documents produced by Defendants and numbered 01:0000059-69, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 10.j.:**

All documents relating to, referring to and/or evidencing all actions carried by Mohammed Mustafa on behalf of the PA and all services rendered by Mohammed Mustafa to or on behalf of the PA between July 2004 and the present day.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.j. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to

134

discovery for use in other proceedings; (b) that the Request is overly broad and unduly

burdensome ("All documents"); (c) that, as potentially construed, the phrases "relating to,

referring to and/or evidencing" any such "actions carried by" or "services rendered by"

Mohammed Mustafa "to or on behalf of the PA" are vague and ambiguous; (d) that, as

potentially construed, the Request seeks documents outside the Defendants' possession, custody,

or control; and (e) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, and other applicable privileges and

protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 10.j.

**REQUEST NO. 10.k.:**

Authentic copies of all papers, pleadings, affidavits and declarations submitted by the PA
and/or PLO in the Israeli Proceedings, at any time, that reference the Palestine Investment Fund.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 10.k. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence

relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to

discovery for use in other proceedings; (b) that the Request is overly broad and unduly

burdensome (*e.g.,* "all papers, pleadings, affidavits and declarations," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.k.

**REQUEST NO. 10.l.:**

All documents relating to, referring to and/or evidencing all legal actions and/or proceedings brought against Orascom Telecom Holding S.A.E. by persons purporting to represent the Palestine Investment Fund, including without limitation all such actions and/or proceeding brought in Egypt.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.l. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "All documents," "all legal actions and/or proceedings"); (c) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such legal actions and/or proceedings "by persons purporting to represent the Palestine Investment Fund" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections; and (f) that, to the extent the Request seeks documents publicly available in Egypt and elsewhere, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.l.

**REQUEST NO. 10.m.:**

Authentic copies of all papers and pleadings submitted by any party to legal actions and/or proceedings brought against Orascom Telecom Holding S.A.E. by persons purporting to

represent the Palestine Investment Fund, and authentic copies of all transcripts, orders and decisions from such proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10.m. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "all papers and pleadings," "any party," "all transcripts, orders and decisions"); (c) that, as potentially construed, the phrase "by persons purporting to represent the Palestine Investment Fund" is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (f) that, to the extent the Request seeks documents publicly available in Egypt and elsewhere, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.m.

**REQUEST NO. 11.a.:**

All documents relating to, referring to and/or evidencing the PA's difficulties finding documents and responding to requests for discovery between 2000 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11.a. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such difficulties is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 11.a.

**REQUEST NO. 11.b.:**

All documents relating to, referring to and/or evidencing the PLO's difficulties finding documents and responding to requests for discovery between 2000 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 11.b. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such difficulties is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 11.b.

## REQUEST NO. 11.c.:

All documents relating to, referring to and/or evidencing the present ability of the PA to produce documents and respond to discovery requests, and how its current ability differs from that which obtained in 2000, 2001, 2002, 2003, and 2004.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11.c. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such present ability of the PA to produce documents and respond to discovery requests is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the pleadings and other documents