submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

### REQUEST NO. 11.d.:

All documents relating to, referring to and/or evidencing the present ability of the PLO to produce documents and respond to discovery requests, and how its current ability differs from that which obtained in 2000, 2001, 2002, 2003, and 2004.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11.d. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such present ability of the PLO to produce documents and respond to discovery requests is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

### RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the pleadings and other documents submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 11.e.:**

All documents relating to, referring to and/or evidencing the nature, type, contents and identity of the PA's records in Gaza that no are longer accessible.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11.e. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" "the PA's records in Gaza that no are longer accessible" are vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

143

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents pertaining to any accessibility or unaccessibility of documents relevant to this litigation that contain non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 11.f.:**

All documents relating to, referring to and/or evidencing the nature, type, contents and identity of the PLO's records in Gaza that no are longer accessible.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 11.f. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" "the PLO's records in Gaza that no are longer accessible" are vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents pertaining to any accessibility or unaccessibility of documents relevant to this litigation that contain non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 11.g.:**

All documents relating to, referring to and/or evidencing the names, titles, and present whereabouts of any individuals involved in preparing responses and answers to all discovery requests propounded by Plaintiffs in this matter subsequent to June 1, 2010.

**AMENDED REQUEST 11.g. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents evidencing the involvement of any person(s) in preparing responses and answers to all discovery requests propounded by Plaintiffs in this matter subsequent to June 1, 2010 and evidencing the name(s), title(s), and present whereabouts of such person(s).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11.g. on the grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents generated by Defendants and/or their attorneys during Defendants' efforts to comply with Plaintiffs' discovery requests in this

litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase evidencing the "involvement" of any person(s) in preparing responses and answers to all discovery requests propounded by Plaintiffs is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 11.g.

**REQUEST NO. 12.a.:**

All documents relating to, referring to, evidencing and/or constituting communications between the Defendants and their U.S. lawyers between Arafat's death and the filing of the Motion in December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 12.a. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the timing of Defendants' vacatur motion, which is no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation and documents reflecting communication between attorney and client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery. Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing and/or constituting" any such communications is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.a.

**REQUEST NO. 12.b.:**

All documents relating to, referring to and/or evidencing Defendants removal of Ramsey Clark as counsel and the reasons therefor.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 12.b. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation and documents reflecting communication between attorney and client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" the removal of Ramsey Clark as counsel is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.b.

**REQUEST NO. 12.c.**:

All documents relating to, referring to and/or evidencing any actions taken by Defendants between July 2004 and April 2007 to find new counsel to represent them in the instant action and/or in any other actions brought against them in the United States.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 12.c. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the timing of Defendants' vacatur motion, which is no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation and documents reflecting communication between attorney and client. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery. Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such actions is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.c.

**REQUEST NO. 12.d.:**

All documents relating to, referring to and/or evidencing any and all reasons for the delay in filing the Motion between July 2004 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 12.d. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the timing of Defendants' vacatur motion, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "All documents," "any and all reasons"); (c) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such reasons for the delay is vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that the Request is argumentative and assumes facts; and (f) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.d.

**REQUEST NO. 12.e.:**

All documents relating to, referring to and/or evidencing the "substantial" efforts of the
Defendants' counsel to vacate all defaults against the PA between May 2007 and December
2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 12.e. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the timing of Defendants' vacatur motion,

which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("All

documents"); (c) that, as potentially construed, the phrases "relating to, referring to and/or

evidencing" any such substantial efforts of defense counsel is vague and ambiguous; and (d) that,

as potentially construed, the Request seeks documents protected by the work-product doctrine,

the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state they will produce documents containing non-

privileged and non-protected information within their possession, custody, or control that are

responsive to a reasonable and proper scope and interpretation of this Request and that can be

found through reasonable search efforts by Defendants.

**REQUEST NO. 12.f.:**

All documents relating to, referring to and/or evidencing the handling of the
"proliferation of lawsuits" and enforcement actions following entry of the Judgment, including

all documents relating to, referring to and/or evidencing assignment of counsel to represent the Defendants in those actions.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 12.f. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such handling of the lawsuits and enforcement actions is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 12.g.:**

All documents relating to, referring to and/or evidencing the Defendants' understanding reached with Miller & Chevalier concerning its active defense and participation in discovery.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 12.g. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such understanding is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that the pleadings and other documents submitted by Defendants in this case since the appearance of Miller & Chevalier on behalf of the PA/PLO, which are already in Plaintiffs' possession, are responsive to a reasonable and proper interpretation of the scope and nature of this Request.

Defendants further state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 12.h.:**

All documents relating to, referring to and/or evidencing the reason or reasons that the Defendants engaged in proceedings related to proof of damages in *Biton v. Palestinian Authority* and *Gilmore v. Palestinian Authority* before filing motions to vacate default in those actions.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 12.h. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the timing of Defendants' vacatur motion, which is no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such reason or reasons is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.h.

**REQUEST NO. 13.a.:**

All documents relating to, referring to and/or evidencing when the PA first became aware of the Creditor's Bill proceeding in this case and what actions the PA took as a result of that awareness.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.a. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery for use in other proceedings; (b) that the Request is overly broad and unduly burdensome ("All documents"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" when the PA first became aware of the Creditor's Bill proceeding and any actions it took is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.a.

**REQUEST NO. 13.b.:**

All documents relating to, referring to and/or evidencing proceedings brought by the Plaintiffs to enforce the Judgment in any jurisdiction, including all documents relating to,

referring to and/or evidencing the names, titles, and present whereabouts of any individuals who
were responsible for or involved in retaining counsel to defend such enforcement proceedings
and the details and circumstances of such efforts to retain counsel.

**AMENDED REQUEST 13.b. (per Sep. 26, 2010 Letter from D. Strachman to M. Rochon):**

All documents relating to, referring to and/or evidencing proceedings brought by the
Plaintiffs to enforce the Judgment in any jurisdiction, including all documents evidencing the
names, titles, and present whereabouts of any individuals who were responsible for or involved
in retaining counsel to defend such enforcement proceedings and all documents relating to,
referring to, and/or the details and circumstances of such efforts to retain counsel.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.b. on the

grounds that the request is not reasonably calculated to lead to the discovery of evidence relevant

to any issue of significance at the vacatur hearing, but is instead calculated to lead to discovery

for use in other proceedings.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation

and documents reflecting communication between attorney and client.  Defendants also object

that the Request is overly broad ("All documents") and locating, reviewing, and logging any

such privileged or protected documents would be unduly burdensome on Defendants, as

Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds: (a) that, as potentially construed,

the Request seeks documents outside the Defendants' possession, custody, or control and/or

documents already within Plaintiffs' possession, custody, or control; and (b) that, as potentially

construed, the phrases "relating to, referring to and/or evidencing" any such enforcement

proceedings brought by Plaintiffs, the name, title, etc. of any person "involved" in retaining

counsel, and "relating to, referring to, and/or the details and circumstances of such efforts" are

vague and ambiguous; (c) that, as potentially construed, the Request seeks documents protected

by the work-product doctrine, the attorney-client privilege, and other applicable privileges and

protections; and (d) that, to the extent the Request seeks publicly available documents, such

documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.b.

**REQUEST NO. 13.c.**:

All documents relating to, referring to and/or evidencing the "extensive" discovery the
PA participated in for the *Knox* case.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 13.c. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" any such extensive

discovery is vague and ambiguous; and (c) that, as potentially construed, the Request seeks

documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 13.d.**:

All documents relating to, referring to and/or evidencing the "extensive" discovery the PLO participated in for the *Knox* case.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.d. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such extensive discovery is vague and ambiguous; and (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 13.e.:**

All documents relating to, referring to and/or evidencing the PA's "actual conduct" in the "related cases."

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.e. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such actual conduct is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce documents containing

non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be

found through reasonable search efforts by Defendants.

**REQUEST NO. 13.f.:**

All documents relating to, referring to and/or evidencing the PLO's "actual conduct" in the "related cases."

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.f. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" any such actual

conduct is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents

outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the

Request seeks documents protected by the work-product doctrine, the attorney-client privilege,

and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce documents containing

non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 13.g.:**

All documents relating to, referring to and/or evidencing all attachments on funds owed to the PA obtained by the Plaintiffs in Israel, including all documents relating to, referring to and/or evidencing the current amount of such attachments.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.g. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such attachment on funds owed to the PA is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control and/or documents already within Plaintiffs' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.g.

**REQUEST NO. 13.h.:**

Authentic copies of all discovery requests of any kind served and/or propounded by the PA in the Israeli Proceedings at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.h. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all discovery requests," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.h.

**REQUEST NO. 13.i.:**

Authentic copies of all discovery requests of any kind served and/or propounded by the PLO in the Israeli Proceedings at any time prior to December 2007.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.i. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all discovery requests," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.i.

## REQUEST NO. 13.j.:

Authentic copies of all responses, answers and/or objections served or made by the PA to any discovery requests of any kind served on and/or propounded to the PA in the Israeli Proceedings at any time prior to December 2007.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.j. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all responses, answers and/or objections," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.j.

## REQUEST NO. 13.k.:

Authentic copies of all responses, answers and/or objections served or made by the PLO to any discovery requests of any kind served on and/or propounded to the PLO in the Israeli Proceedings at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.k. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all responses, answers and/or objections," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.k.

**REQUEST NO. 13.l.:**

Authentic copies of all pleadings and/or papers filed in an Israeli court by the PA in the Israeli Proceedings at any time prior to December 2007 relating to discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.l. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all pleadings and/or papers," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrases "relating to discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA" and "Israeli Proceedings" are vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.l.

**REQUEST NO. 13.m.:**

Authentic copies of all pleadings and/or papers filed in an Israeli court by the PLO in the Israeli Proceedings at any time prior to December 2007 relating to discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.m. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all pleadings and/or papers," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrases "relating to discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PLO" and "Israeli Proceedings" are vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of

Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.m.

**REQUEST NO. 13.n.**:

Authentic copies of the transcripts from all court hearings at any time prior to December 2007 in the Israeli Proceedings in which discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA were referred to or discussed.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.n. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all court hearings at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrases "in which discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA were referred to or discussed" and "Israeli Proceedings" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.n.

**REQUEST NO. 13.o.:**

Authentic copies of the transcripts from all court hearings at any time prior to December 2007 in the Israeli Proceedings in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.o. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all court hearings at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrases "in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed" and "Israeli Proceedings" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.o.

**REQUEST NO. 13.p.:**

Authentic copies of all court orders and decisions issued in the Israeli Proceedings at any time prior to December 2007 in which discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.p. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all court orders and decisions," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrases "in which discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA were referred to or discussed" and "Israeli Proceedings" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.p.

**REQUEST NO. 13.q.:**

Authentic copies of all court orders and decisions issued in the Israeli Proceedings at any time prior to December 2007 in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.q. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome (*e.g.*, "all court orders and decisions," "at any time,"

defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in

Israel "at any time"); (c) that, as potentially construed, the phrases "in which discovery requests

of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind

served and/or propounded by the PLO were referred to or discussed" and "Israeli Proceedings"

are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside

the Defendants' possession, custody, or control; and (e) that, as potentially construed, the

Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as

Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs'

behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.q.

## REQUEST NO. 13.r.:

Authentic copies of all answers, counterclaims and crossclaims filed by the PA in the Israeli Proceedings at any time prior to December 2007.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.r. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome (*e.g.*, "all answers, counterclaims and crossclaims," "at any

time," defining "Israeli Proceedings" to include "all" proceedings brought by or against

Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli

Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request

imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have

no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law

and procedure.  Defendants understand that pleadings and other judicial filings in the Israeli

court system are subject to certain protections and controls, such that non-parties seeking copies

173

of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.r.

**REQUEST NO. 13.s.:**

Authentic copies of all answers, counterclaims and crossclaims filed by the PLO in the Israeli Proceedings at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.s. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all answers, counterclaims and crossclaims," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request

imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.s.

**REQUEST NO. 13.t.:**

Authentic copies of all pleadings and/or papers filed by the PA in the Israeli Proceedings at any time prior to December 2007 in which the PA asserted sovereign immunity from suit.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.t. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

175

overly broad and unduly burdensome (*e.g.*, "all pleadings and/or papers," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.t.

**REQUEST NO. 13.u.:**

Authentic copies of all pleadings and/or papers filed by the PLO in the Israeli Proceedings at any time prior to December 2007 in which the PLO asserted sovereign immunity from suit.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.u. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all pleadings and/or papers," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

177

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.u.

**REQUEST NO. 13.v.:**

All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PA responsible for monitoring and making decisions regarding lawsuits filed against PA in the United States and in Israel between 1993 and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.v. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the

phrase "relating to, referring to and/or evidencing" any such "organizational and institutional

structures and individuals within the PA" is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.v.

**REQUEST NO. 13.w.:**

All documents relating to, referring to and/or evidencing the organizational and
institutional structures and individuals within the PLO responsible for monitoring and making
decisions regarding lawsuits filed against PLO in the United States and in Israel between 1993
and December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 13.w. on the

grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence

because it seeks documents unrelated to any matter of significance at the vacatur hearing,

including documents purportedly related to the willfulness of Defendants' default and/or the

timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased,

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections, including documents prepared in anticipation of litigation.

Defendants also object that the Request is overly broad ("All documents") and locating,

reviewing, and logging any such privileged or protected documents would be unduly

burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such "organizational and institutional structures and individuals within the PLO" is vague and ambiguous.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.w.

**REQUEST NO. 13.x.:**

Authentic copies of all powers of attorney submitted by the PA to the Israeli courts and/or served by the PA on the opposing parties in the Israeli Proceedings at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.x. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all powers of attorney," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what

180

the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.x.

**REQUEST NO. 13.y.:**

Authentic copies of all powers of attorney submitted by the PLO to the Israeli courts and/or served by the PLO on the opposing parties in the Israeli Proceedings at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.y. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all powers of attorney," "at any time," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law and procedure. Defendants understand that pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.y.

**REQUEST NO. 13.z.**:

Authentic copies of all contracts, retainer agreements and/or other instruments executed prior to December 2007 through which the PA retained counsel to represent it in the Israeli Proceedings.

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.z. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all contracts, retainer agreements and/or other instruments," at any time "prior to 2007," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections; (d) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.z.

**REQUEST NO. 13.aa.:**

Authentic copies of all contracts, retainer agreements and/or other instruments executed prior to December 2007 through which the PLO retained counsel to represent it in the Israeli Proceedings.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.aa. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome (*e.g.*, "all contracts, retainer agreements and/or other instruments," at any time "prior to 2007," defining "Israeli Proceedings" to include "all" proceedings brought by or against Defendants in Israel "at any time"); (c) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections; (d) that, as potentially construed, the phrase "Israeli Proceedings" is vague and ambiguous; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.aa.

**REQUEST NO. 13.bb.:**

An authentic copy of the affidavit of Mohanad Jaouni dated February 22, 2005, submitted
by the PA in the Jerusalem District Court in Civil Case 3326101 *Stella Nurzhitz v. The
Palestinian Authority et al.* and Civil Case 2538100 *Irena Litvak Nurzhitz v. The Palestinian
Authority et al.*.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.bb. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; and (b) that, as

potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil

Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate

documents on Plaintiffs' behalf.

Defendants further object to the Request to the extent it is inconsistent with Israeli law

and procedure.  Defendants understand that pleadings and other judicial filings in the Israeli

court system are subject to certain protections and controls, such that non-parties seeking copies

of such documents must make an application to the appropriate Israeli judicial authority to obtain

them.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

185

above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.bb.

**REQUEST NO. 13.cc.:**

An authentic copy of the transcript of the June 19, 2005 examination of Mohanad Jaouni in the Jerusalem District Court in Civil Case 3326101 *Stella Nurzhitz v. The Palestinian Authority et al.* and Civil Case 2538100 *Irena Litvak Nurzhitz v. The Palestinian Authority et al.*.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.cc. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.cc.

**REQUEST NO. 13.dd.:**

Authentic copies of all discovery requests of any kind served and/or propounded by the PLO in the Achille Lauro Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 13.dd. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default,

which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all

discovery requests of any kind,"); (c) that, as potentially construed, the phrase "Achille Lauro

Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request

imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have

no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.dd.

**REQUEST NO. 13.ee.:**

Authentic copies of all responses, answers and/or objections served or made by the PLO to any discovery requests of any kind served on and/or propounded to the PLO in the Achille Lauro Proceedings, including without limitation authentic copies of the transcripts of any and all depositions of any officer, employee and/or representative of the PLO conducted in the Achille Lauro Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.ee. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all responses, answers and/or objections,"); (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that, as potentially construed, the phrase "Achille Lauro Proceedings" is vague and ambiguous; and (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.ee.

**REQUEST NO. 13.ff.:**

Authentic copies of all pleadings and/or papers filed by the PLO in the Achille Lauro Proceedings relating to discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.ff. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all pleadings and/or papers"); (c) that, as potentially construed, the phrases "Achille Lauro Proceedings" and "relating to discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO" are vague and ambiguous; (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (e) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.ff.

**REQUEST NO. 13.gg.:**

Authentic copies of the transcripts from all court hearings in the Achille Lauro Proceedings in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.gg. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default,

which is no longer at issue; (b) that the Request is overly broad and unduly burdensome

("transcripts from all court hearings"); (c) that, as potentially construed, the phrases "Achille

Lauro Proceedings" and "in which discovery requests of any kind served on and/or propounded

to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were

referred to or discussed" are vague and ambiguous; (d) that, as potentially construed, the Request

seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially

construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure

allow, as Defendants have no obligation under the Federal Rules to authenticate documents on

Plaintiffs' behalf; and (f) that, to the extent the Request seeks publicly available documents, such

documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.gg.

**REQUEST NO. 13.hh.:**

Authentic copies of all court orders and decisions issued in the Achille Lauro Proceedings in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.hh. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all court orders and decisions"); (c) that, as potentially construed, the phrases "Achille Lauro Proceedings" and "in which discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO were referred to or discussed" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on

191