Plaintiffs' behalf; and (f) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.hh.

**REQUEST NO. 13.ii.:**

Authentic copies of all answers, counterclaims and crossclaims filed by the PLO in the Achille Lauro Proceedings

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.ii. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all answers, counterclaims and crossclaims"); (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; ; (d) that, as potentially construed, the phrase "Achille Lauro Proceedings" is vague and ambiguous; and (e)

that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.ii.

**REQUEST NO. 13.jj.:**

Authentic copies of all pleadings and papers, and all exhibits thereto, filed and/or served by the PLO, by Zuhdi Labib Terzi, by Riyad H. Mansour, by Nasser Al-Kidwa and/or by Veronica Kanaan Pugh in the matter of US. v. PLO, No. 88 Civ. 1962 (ELP) (S.D.N.Y.).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.jj. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all pleadings and papers, and all exhibits thereto"); (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (d)

that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.jj.

**REQUEST NO. 13.kk.:**

Authentic copies of all pleadings and papers, and all exhibits thereto, filed and/or served by the PLO, by Riyad H. Mansour, by Ibraham Abu-Lughod, by Victor A. Ajlouny and/or by Nubar Hovsepian in the matter of *Mendelsohn v. Meese*, No. 88 Civ. 2005 (ELP) (S.D.N.Y.).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.kk. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all pleadings and papers, and all exhibits thereto"); (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (d) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.kk.

**REQUEST NO. 13.ll.:**

Authentic copies of all pleadings and papers, and all exhibits thereto, filed and/or served by the PLO, by the Palestine Information Office ("PIO") and by any officer, employee or representative of the PLO or PIO, in the matter of *Palestine Information Office v. Shultz*, Civ. A. No. 87-3085 (D.D.C.) (both in the federal district court and the federal court of appeals).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.ll. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default, which is no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all pleadings and papers, and all exhibits thereto"); (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (d) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.ll.

**REQUEST NO. 13.mm.:**

Authentic copies of all discovery requests of any kind served and/or propounded by the PA and/or PLO in the Bucheit Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.mm. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all discovery requests of any kind"); (c) that, as potentially construed, the phrase "Bucheit Proceedings" is vague and ambiguous; and (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.mm.

**REQUEST NO. 13.nn.:**

Authentic copies of all responses, answers and/or objections served or made by the PA and/or PLO to any discovery requests of any kind served on and/or propounded to the PA and/or PLO in the Bucheit Proceedings, including without limitation authentic copies of the transcripts of any and all depositions of any officer, employee and/or representative of the PA and/or PLO conducted in the Bucheit Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.nn. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome ("all responses, answers and/or objections,"); (c) that, as

potentially construed, the Request seeks documents outside the Defendants' possession, custody,

or control; (d) that, as potentially construed, the phrase "Bucheit Proceedings" is vague and

ambiguous; and (e) that, as potentially construed, the Request imposes obligations beyond what

the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal

Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.nn.

## REQUEST NO. 13.oo.:

Authentic copies of all pleadings and/or papers filed by the PA and/or PLO in the Bucheit Proceedings relating to discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or to discovery requests of any kind served and/or propounded by the PA and/or PLO.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.oo. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all pleadings and/or papers"); (c) that, as potentially construed, the phrases "Bucheit Proceedings" and "relating to discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or to discovery requests of any kind served and/or propounded by the PA and/or PLO" are vague and ambiguous; (d) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate

documents on Plaintiffs' behalf; and (e) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.oo.

**REQUEST NO. 13.pp.:**

Authentic copies of the transcripts from all court hearings in the Bucheit Proceedings in which discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or to discovery requests of any kind served and/or propounded by the PA and/or PLO were referred to or discussed.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.pp. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome ("transcripts from all court hearings"); (c) that, as potentially construed, the phrases "Bucheit Proceedings" and "in which discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or to discovery requests of any kind served and/or propounded by the PA and/or PLO were referred to or discussed" are vague

and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; (e) that, as potentially construed, the Request

imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have

no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (f)

that, to the extent the Request seeks publicly available documents, such documents are as

accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

  Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.pp.

**REQUEST NO. 13.qq.:**

  Authentic copies of all court orders and decisions issued in the Bucheit Proceedings in
which discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or
to discovery requests of any kind served and/or propounded by the PA and/or PLO were referred
to or discussed.

**OBJECTIONS:**

  Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.qq. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome ("all court orders and decisions"); (c) that, as potentially construed, the phrases "Bucheit Proceedings" and "in which discovery requests of any kind served on and/or propounded to the PA and/or PLO and/or to discovery requests of any kind served and/or propounded by the PA and/or PLO were referred to or discussed" are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (f) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.qq.

**REQUEST NO. 13.rr.:**

Authentic copies of all answers, counterclaims and crossclaims filed by the PA and/or PLO in the Bucheit Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.rr. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all answers, counterclaims and crossclaims"); (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; (c) that, as potentially construed, the phrase "Bucheit Proceedings" is vague and ambiguous; and (e) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.rr.

**REQUEST NO. 13.ss.:**

All documents relating to, referring to and/or evidencing the Danish Road Contractors Proceedings, and all documents filed and/or served by any party to the Danish Road Contractors Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.ss. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is overly broad and unduly burdensome ("all documents"); (c) that, as potentially construed, the phrases "Danish Road Contractors Proceedings" and "relating to, referring to and/or evidencing" any such proceedings are vague and ambiguous; (d) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections; and (f) that, to the extent the Request seeks publicly available documents, such documents are as accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.ss.

**REQUEST NO. 13.tt.:**

All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PLO responsible for monitoring and making decisions regarding the Achille Lauro Proceedings, regarding the Bucheit Proceedings, regarding the matter of *US. v. PLO*, No. 88 Civ. 1962 (ELP) (S.D.N.Y.), regarding the matter of *Mendelsohn v. Meese*, No. 88 Civ. 2005 (ELP) (S.D.N.Y.) and regarding the matter of *Palestine Information Ofice v. Shultz*, Civ. A. No. 87-3085 (D.D.C.) (both in the federal district court and the federal court of appeals).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13.tt. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such "organizational and institutional structures and individuals within the PLO," "Bucheit Proceedings, "Achille Lauro Proceedings," and "regarding" any such proceedings are vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.tt.

**REQUEST NO. 13.uu.:**

All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PA responsible for monitoring and making decisions regarding the Bucheit Proceedings and regarding the Danish Road Contractors Proceedings.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 13.uu. on the grounds that the request is not reasonably calculated to lead to the discovery of relevant evidence because it seeks documents unrelated to any matter of significance at the vacatur hearing, including documents purportedly related to the willfulness of Defendants' default and/or the timing of Defendants' vacatur motion, which are no longer at issue.

Defendants further object to the Request on the grounds that the Request, as phrased, seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections, including documents prepared in anticipation of litigation. Defendants also object that the Request is overly broad ("All documents") and locating, reviewing, and logging any such privileged or protected documents would be unduly burdensome on Defendants, as Plaintiffs are not entitled to any such documents in discovery.

Defendants also object to the Request on the grounds that, as potentially construed, the phrases "relating to, referring to and/or evidencing" any such "organizational and institutional structures and individuals within the PA," "Danish Road Contractors Proceedings," and "regarding" any such proceedings are vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 13.uu.

**REQUEST NO. 13.vv.:**

All documents relating to, referring to and/or evidencing any legal and/or arbitration proceedings, other than those explicitly referred to in this Request for Production, brought by or against the PA and PLO in any place outside the West Bank and Gaza Strip at any time prior to December 2007.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 13.vv. on the

grounds: (a) that the request is not reasonably calculated to lead to the discovery of relevant

evidence because it seeks documents unrelated to any matter of significance at the vacatur

hearing, including documents purportedly related to the willfulness of Defendants' default and/or

the timing of Defendants' vacatur motion, which are no longer at issue; (b) that the Request is

overly broad and unduly burdensome (*e.g.*, "All documents," "any legal and/or arbitration

proceedings," "in any place outside the West Bank and Gaza Strip at any time prior to December

2007"); (c) that, as potentially construed, the phrase "relating to, referring to and/or evidencing

any legal and/or arbitration proceedings" is vague and ambiguous; (d) that, as potentially

construed, the Request seeks documents outside the Defendants' possession, custody, or control;

(e) that, as potentially construed, the Request seeks documents protected by the work-product

doctrine, the attorney-client privilege, and other applicable privileges and protections; and (f)

that, to the extent the Request seeks publicly available documents, such documents are as

accessible to Plaintiffs as they are to Defendants.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.vv.

**REQUEST NO. 14.a.:**

An authentic copy of the letter of resignation referred to by Salam Fayyad on pp. 289-292 of the transcript of his July 28, 2010 deposition.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.a. on the grounds: (a) that the request is not reasonably calculated to lead to the discovery of evidence relevant to any issue of significance at the vacatur hearing; and (b) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce a document responsive to a reasonable and proper scope and interpretation of this Request.

**REQUEST NO. 14.b.i:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Mohammed Dahlan in the PA and/or PLO between January 1, 1994 and June 6, 1996

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.b.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.b.ii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Mohammed Dahlan in the PA and/or PLO between March 12, 2000 and July 13, 2004

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.b.ii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.b.iii**:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Mohammed Dahlan in the PA and/or PLO on the date that you produce documents in response to this request

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.b.iii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.b.iv**:

All documents relating to, referring to and/or evidencing . . . [t]he exact time periods during which Mohammed Dahlan held the positions, titles and/or jobs described in subsections (i)-(iii) above

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.b.iv. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such time periods is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.b.v:**

All documents relating to, referring to and/or evidencing . . . [t]he nature, purposes, responsibilities and duties of any and all positions, titles and/or jobs held by Mohammed Dahlan at the times and/or during the time periods described in subsections (i)-(iv) above

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.b.v. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" the nature,

purposes, responsibilities and duties of any such positions, titles and/or jobs is vague and

ambiguous; (c) that, as potentially construed, the Request seeks documents outside the

Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request

seeks documents protected by the work-product doctrine, the attorney-client privilege, and other

applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce documents containing

non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be

found through reasonable search efforts by Defendants.

**REQUEST NO. 14.b.vi:**

All documents relating to, referring to and/or evidencing . . . Mohammed Dahlan's home and work addresses, position(s), title(s), job(s) and employer(s) on the date that you produce documents in response to this request.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 14.b.vi. on the

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is

not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" any such home and work addresses, position(s), title(s), job(s) and employer(s) is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that the Request is improper in its scope, as it seeks documents containing information beyond that which Defendants are obligated to provide (*e.g.*, "home . . . address[]"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.i:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Jibril Rajoub in the PA and/or PLO between January 1, 1994 and June 6, 1996

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.c.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.ii**:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Jibril Rajoub in the PA and/or PLO between March 12, 2000 and July 13, 2004

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.c.ii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks

documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.iii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Jibril Rajoub in the PA and/or PLO on the date that you produce documents in response to this request

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.c.iii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially

construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.iv**:

All documents relating to, referring to and/or evidencing . . . [t]he exact time periods during which Jibril Rajoub held the positions, titles and/or jobs described in subsections (i)-(iii) above

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.c.iv. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such time periods is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.v:**

All documents relating to, referring to and/or evidencing . . . [t]he nature, purposes, responsibilities and duties of any and all positions, titles and/or jobs held by Jibril Rajoub at the times and/or during the time periods described in subsections (i)-(iv) above

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.c.v. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" the nature, purposes, responsibilities and duties of any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.c.vi:**

All documents relating to, referring to and/or evidencing . . . Jibril Rajoub's home and work addresses, position(s), title(s), job(s) and employer(s) on the date that you produce documents in response to this request.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.c.vi. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such home and work addresses, position(s), title(s), job(s) and employer(s) is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that the Request is improper in its scope, as it seeks documents containing information beyond that which Defendants are obligated to provide (*e.g.*, "home . . . address[]"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

## REQUEST NO. 14.d.i:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Razi Jabali in the PA and/or PLO between January 1, 1994 and June 6, 1996

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.d.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.d.ii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Razi Jabali in the PA and/or PLO between March 12, 2000 and July 13, 2004

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.d.ii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.d.iii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Razi Jabali in the PA and/or PLO on the date that you produce documents in response to this request

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.d.iii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.d.iv:**

All documents relating to, referring to and/or evidencing . . . [t]he exact time periods during which Razi Jabali held the positions, titles and/or jobs described in subsections (i)-(iii) above

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.d.iv. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such time periods is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.d.v:**

All documents relating to, referring to and/or evidencing . . . [t]he nature, purposes, responsibilities and duties of any and all positions, titles and/or jobs held by Razi Jabali at the times and/or during the time periods described in subsections (i)-(iv) above

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.d.v. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" the nature, purposes, responsibilities and duties of any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

## REQUEST NO. 14.d.vi:

223

All documents relating to, referring to and/or evidencing . . . Razi Jabali's home and work addresses, position(s), title(s), job(s) and employer(s) on the date that you produce documents in response to this request.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.d.vi. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such home and work addresses, position(s), title(s), job(s) and employer(s) is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that the Request is improper in its scope, as it seeks documents containing information beyond that which Defendants are obligated to provide (*e.g.*, "home . . . address[]"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

## REQUEST NO. 14.e.i:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Tewfik Tirawi in the PA and/or PLO between January 1, 1994 and June 6, 1996

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.e.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.e.ii**:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Tewfik Tirawi in the PA and/or PLO between March 12, 2000 and July 13, 2004

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.e.ii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.e.iii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Tewfik Tirawi in the PA and/or PLO on the date that you produce documents in response to this request

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.e.iii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.e.iv:**

All documents relating to, referring to and/or evidencing . . . [t]he exact time periods during which Tewfik Tirawi held the positions, titles and/or jobs described in subsections (i)-(iii) above

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.e.iv. on the

227

grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such time periods is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.e.v**:

All documents relating to, referring to and/or evidencing . . . [t]he nature, purposes, responsibilities and duties of any and all positions, titles and/or jobs held by Tewfik Tirawi at the times and/or during the time periods described in subsections (i)-(iv) above

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.e.v. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as

potentially construed, the phrase "relating to, referring to and/or evidencing" the nature, purposes, responsibilities and duties of any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.e.vi:**

All documents relating to, referring to and/or evidencing . . . Tewfik Tirawi's home and work addresses, position(s), title(s), job(s) and employer(s) on the date that you produce documents in response to this request.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.e.vi. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such home and work addresses, position(s), title(s), job(s) and employer(s) is vague and ambiguous; (c) that, as

potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; (d) that the Request is improper in its scope, as it seeks documents containing information beyond that which Defendants are obligated to provide (*e.g.*, "home . . . address[]"); and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.f.i:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Amin Al-Hindi in the PA and/or PLO between January 1, 1994 and June 6, 1996

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.f.i. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks

230

documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.f.ii:**

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Amin Al-Hindi in the PA and/or PLO between March 12, 2000 and July 13, 2004

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.f.ii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially

construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.f.iii**:

All documents relating to, referring to and/or evidencing . . . [a]ny and all positions, titles and/or jobs held by Amin Al-Hindi in the PA and/or PLO on the date that you produce documents in response to this request

**OBJECTIONS**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 14.f.iii. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such positions, titles and/or jobs is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 14.f.iv:**

All documents relating to, referring to and/or evidencing . . . [t]he exact time periods during which Amin Al-Hindi held the positions, titles and/or jobs described in subsections (i)-(iii) above

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14.f.iv. on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that, as potentially construed, the phrase "relating to, referring to and/or evidencing" any such time periods is vague and ambiguous; (c) that, as potentially construed, the Request seeks documents outside the Defendants' possession, custody, or control; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

Respectfully submitted,

Dated:  September 27, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

234

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of September 2010, a true and genuine copy

of the foregoing was served by electronic mail and Federal Express, on the following:

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI  02903
Djs@mtlhlaw.com

Max Wistow
Wistow and Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
mwistow@wistbar.com

*Attorneys for Plaintiffs*


_____
Brian A. Hill