# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.

                               Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## DECLARATION OF ROLAND ROTH

I, Roland Roth, of Jerusalem, Israel, declare pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am a graduate of the Faculty of Law and the Economic and Political Sciences of the University of Strasbourg in France (1970). I have been a member of the Israeli Bar and practiced law in Israel since 1981.

    2.    I have my own law practice, specializing in civil law and litigation, in Jerusalem.

    3.    I have no financial interest in the above-captioned action.

    4.    Since 1997 I have specialized in representing victims of terrorist attacks in civil actions brought in the Israeli courts. I brought what was (apparently) the first such action in 1997 (*Shlomi Dan v. The Palestinian Authority*), and since that time I have been retained to file and have filed numerous other such civil suits. All of these terrorism suits remain pending, with some scheduled for trial in the near future. The defendants in all of these terrorism suits include the Palestinian Authority ("PA") and/or the Palestinian Liberation Organization ("PLO").

5. Many other terrorism victims whom I do not represent have brought scores of civil actions in the Israeli courts against the PA and PLO. All told, I believe there are currently about 100 suits pending against the PA and PLO in Israel arising from terrorist attacks.

6. Due to my involvement in my own terrorism cases, and because I closely follow developments and decisions in the related cases against the PA and PLO, I am very familiar with how the PA and PLO have conducted these cases in the Israeli courts over the past 13 years.

7. Counsel for the plaintiffs-judgment creditors in the above-captioned action have asked me to briefly summarize the participation of the PA and PLO in these Israeli terrorism suits between 1997 and December 2007.[1]

8. Between 1997 and December 2007 the PA and PLO consistently and actively participated in and defended civil actions arising from terrorist attacks brought against them in Israeli courts. Between 1997 and December 2007, in the context of these suits, the PA and PLO:

   a. Filed answers to the complaints against them on the merits;

   b. Propounded discovery requests to the plaintiffs regarding the merits;

   c. Responded to and answered discovery requests propounded to them by the plaintiffs regarding the merits; and

   d. Filed third-party complaints impleading the State of Israel as a defendant.

9. While the PA and PLO did challenge the jurisdiction of the Israeli courts to hear these cases on various threshold grounds (e.g. sovereign immunity, justiciability and forum non conveniens), I am not aware of any instance in which the PA or PLO *refused* to litigate on the merits or to recognize the authority and/or obey the orders of the Israeli courts, on the grounds that their challenges to jurisdiction were still pending or had been rejected.

2

10. I am aware of only two instances in which default judgment was entered against the PA and/or PLO in these terrorism cases. In both cases, the PA acted immediately to vacate the default judgments. In Civ. No. 2276/03 (Tel Aviv) *Peled v. Palestinian Authority*, a default judgment was entered against the PA on April 14, 2004. Almost immediately, on April 20, 2004, counsel for the PA filed papers asserting that the complaint had never been served and seeking to enlarge the PA's time to file an answer. The PA's motion was ultimately granted, and the default judgment was vacated. In another civil action against the PA (and other defendants) filed in Tel Aviv, *Estate of Zar v. El-Alul et al.*, the plaintiffs filed a motion for default judgment against the PA and the other defendants in December 2003 and while that motion was pending the PA filed a motion to enlarge its time to file an answer, asserting that it had not been served. The PA's motion for an enlargement was denied and the plaintiffs' motion for default judgment was granted on July 6, 2004. The PA then moved to vacate the default judgment and when that motion was denied by a magistrate judge the PA appealed to the district judge. That appeal succeeded and the district judge vacated the judgment on November 7, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 14, 2010

_____
Roland Roth

---

[1] My summary is equally accurate for the period from December 2007 until the current day.