# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                                 Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS-JUDGMENT CREDITORS' FIRST MOTION IN LIMINE

### Introduction

Defendants-Judgment Creditors Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") ("Defendants") have indicated that in the context of their pending Rule 60(b)(6) motion to vacate, and the hearing thereon, they intend to present arguments and testimony challenging (a) the legal viability of the non-federal claims asserted in the Amended Complaint in this action and (b) the propriety of the amount of the judgment entered in this case.

However, as shown below, the Defendants are precluded from challenging these matters because they were already litigated in the underlying action. Accordingly, allowing Defendants to present arguments and evidence regarding these precluded matters would be a gratuitous waste of the time and resources of the Court and of the Plaintiffs-Judgment Creditors ("Ungars").

The Ungars therefore respectfully submit this memorandum in support of their First Motion in Limine, which seeks to preclude the Defendants from presenting any arguments or evidence intended to challenge these issues.

For the reasons set forth below the Ungars' motion should be granted.

## RELEVANT BACKGROUND

**I.      The Viability of the Ungars' Israeli Law Claims Has Been Litigated**

This action was filed on March 13, 2000. The complaint asserted a federal cause of action for "international terrorism" under the Antiterrorism Act ("ATA"), 18 U.S.C. §2333(a), as well as various non-federal supplemental causes of action. Dkt. # 1.

On June 15, 2000, the PA, the PLO and six PA/PLO officials named as defendants in the complaint filed a motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient service of process, improper venue, failure to state a claim upon which relief can be granted and *forum non conveniens*.

On July 24, 2001, the Court issued a decision that (a) denied the motion to dismiss on all grounds as to the PA and PLO, (b) dismissed the action against the individual PA/PLO officials for lack of personal jurisdiction, (c) dismissed the ATA claims brought by the Estate of Efrat Ungar and Uri Dasberg and Judith Dasberg in their individual capacities, and (d) dismissed the supplemental causes of action with leave to replead these claims under Israeli law. *Ungar v. Palestinian Authority*, 153 F.Supp.2d 76 (D.R.I. 2001).

On August 23, 2001, the Ungars filed an Amended Complaint asserting an ATA claim and three Israeli tort claims (negligence, assault and breach of statutory duty) as the Second Claim for Relief, the Third Claim for Relief and the Fourth Claim for Relief. Dkt. # 41.

On November 29, 2001, Defendants moved to dismiss the Amended Complaint on grounds that (a) the case raised non-justiciable political questions and (b) the Amended Complaint, including the three tort claims pled under Israeli law, failed to state a claim upon which relief can be granted. The Court denied the motion to dismiss the Amended Complaint in all respects. *Ungar v. Palestinian Authority*, 228 F.Supp.2d 40 (D.R.I. 2002).

## II. The Propriety of the Amount of Judgment Has Been Litigated

On March 31, 2004, Magistrate Judge Martin issued a Report and Recommendation recommending, *inter alia*, a damage award against the Defendants.

Defendants filed objections to Magistrate Judge Martin's damages recommendation, claiming that the amount of damages recommended was too large. *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled. *Id*. at 24-25.

On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge. *Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations."). Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id*. This argument was rejected. *Id*.

## III. Defendants Seek to Challenge the Viability of the Israeli Causes of Action and the Propriety of the Amount of Judgment in the Context of Their Rule 60(b)(6) Motion

A party seeking to vacate a judgment under Fed.R.Civ.P. 60(b)(6) must present a meritorious defense to ***all*** the causes of action set forth in the complaint – otherwise there would be no point in vacating the judgment. *See e.g. Widmer-Baum v. Chandler-Halford*, 162 F.R.D. 545, 557-558 (N.D.Iowa 1995) (Denying Rule 60(b) motion because defendants' defense "is not a 'complete' one, barring relief on all claims" since defendant had presented meritorious defenses to ***some*** of plaintiff's claims but "presented no meritorious defense to one of [the] claims.").

Thus, in the instant case, the Defendants are required to present meritorious defenses to the Ungars' ATA claim and to their supplemental Israeli causes of action (i.e. the Second Claim for Relief, the Third Claim for Relief and the Fourth Claim for Relief).

Defendants have informed the Ungars that at the hearing on their Rule 60(b)(6) motion

3

they plan to call as an expert witness attorney Mohammed Dahleh who intends to testify, according to a report summarizing his testimony served by the Defendants, that the Israeli tort claims contained in the Amended Complaint are not viable as a matter of law. *See* Exhibit A.

It appears clear therefore, that Defendants seek to present a "meritorious defense" to the Ungars' supplemental Israeli causes of action by attacking those claims as legally insufficient.

Additionally, Defendants have indicated that they intend to call at least three expert witnesses to provide testimony challenging the amount of the judgment. Exhibits B-D.

In sum, the Defendants are seeking to turn the hearing on their Rule 60(b)(6) motion into a full-blown trial on the viability of the Ungars' Israeli causes of action and the propriety of the quantum of damages awarded by this Court – an extravaganza that would cost the Court weeks of hearings, cost the Ungars tens of thousands of dollars in rebuttal experts, and significantly delay the disposition of Defendants' Rule 60(b)(6) motion.

As shown below, however, Defendants are precluded from challenging these issues because they have already been litigated. Therefore the Court should prohibit Defendants from presenting arguments and introducing evidence or testimony purporting to do so.

**ARGUMENT**

**I.  Rule 60(b) May Not Be Used to Challenge Issues Already Litigated**

It is well established that Rule 60(b) may not be used to relitigate issues already decided in the underlying case or on appeal. *See e.g. Dasey v. Massachusetts Dept. of State Police*, 111 Fed.Appx. 620 (1st Cir. 2004) (holding that a party "may not use a Rule 60(b) motion to relitigate issues already decided by [the court of appeals], or to raise issues that might have been, but were not, asserted in prior court proceedings.") *George P. Reintjes Co., Inc. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate, whether via motion

or independent action, any 'issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.'") (quoting Moore, 7 Federal Practice, ¶ 60.37); *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2nd Cir. 1984) (a party "may not use proceedings seeking relief from or modification of a judgment under F.R.Civ.P. 60 simply to relitigate matters settled by the original judgment."); *In re Wylie*, 349 B.R. 204, 209 (9th Cir.BAP 2006) ("when reconsideration is sought under FRCP 60(b) after the appeal period has expired, the party seeking reconsideration is not permitted to revisit the merits of the underlying judgment or argue that the trial court committed some legal error in arriving at that judgment."); *Standard Quimica De Venezuela v. Central Hispano Intern., Inc.*, 189 F.R.D. 202, 205 n. 4 (D.P.R. 1999) ("a motion under Rule 60(b) cannot be used as a vehicle to relitigate matters already litigated and decided by the court."); *Gibson v. Commissioner of Mental Health*, 2006 WL 2192865 at *2 (S.D.N.Y. 2006) ("Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed."); *Batac Dev. Corp. v. B & R Consultants, Inc.*, 2000 WL 307400, at *3 (S.D.N.Y. 2000) (holding that a party "may not ... use Rule 60(b) as a substitute for appeal or to relitigate matters already resolved by the court adversely to that party."); *Nutter v. Wefald*, 885 F.Supp. 1445, 1450 (D.Kan. 1995) ("Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered. It is not the opportunity for the court to revisit the issues already addressed in the underlying order …") (citation omitted).

Thus, in the context of their Rule 60(b)(6) motion, Defendants are not permitted to challenge issues already litigated.

## II. Defendants Are Precluded From Challenging the Legal Viability of the Ungars' Israeli Causes of Action

Defendants' motion to dismiss the Ungars' Amended Complaint sought to dismiss the Ungars' supplemental causes of action for negligence, assault and breach of statutory duty under Israeli law for failure to state a claim (i.e. the Second Claim for Relief, Third Claim for Relief and the Fourth Claim for Relief). This Court denied that motion. *Ungar*, 228 F.Supp.2d 40.

Accordingly, Defendants are precluded from challenging the legal viability of the Ungars' Israeli causes of action as part of their Rule 60(b)(6) motion. Defendants can no more challenge the viability of the Ungars' Israeli causes of action than they can challenge venue, personal jurisdiction, justiciability, whether the complaint states an ATA claim or any of the other myriad issues actively litigated and determined prior to entry of judgment.

## III. Defendants Are Precluded From Challenging the Amount of the Judgment

There is no question that the propriety of the amount of the judgment was actively litigated in the underlying proceedings. As discussed *supra*, Defendants filed objections to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id*. at 24-25).

By operation of 28 U.S.C. § 636, Defendants forever waived any and all challenges to the assessment of damages other than the arguments included in their objections. A party cannot evade the waiver provisions of 28 U.S.C. § 636 by filing a Rule 60(b)(6) motion.

On appeal, Defendants abandoned their claim that the amount of the damages was overlarge, thereby waiving this claim. *See Ungar*, 402 F.3d at 282 ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its

6

mathematical computations."). Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id*. This argument was rejected.

Thus, as the extensive case law cited above clearly shows, Defendants are now precluded from challenging the amount of the judgment in the context of their Rule 60(b)(6) motion.

### IV. Defendants Should Not Be Permitted to Waste the Time and Resources of the Court and the Ungars Through Assertion of Precluded Arguments

Pursuant to the Court's Pre-Hearing Order, the Ungars are required to file, by December 17, 2010, a memorandum setting forth what they expect to prove at the hearing, a memorandum of law including all law applicable to the case with emphasis on special legal issues, a list of all exhibits intended to be offered with statements of the purpose for which the exhibits are offered and a list of all fact and expert witnesses with a brief summary of their testimony. Dkt. # 489.

Clearly, if Defendants are not expressly precluded by the Court from asserting challenges to the viability of the Israeli causes of action and the amount of the judgment, the Ungars will be constrained to dedicate a significant part of their pre-hearing filings to these issues.

Worse, the Court will unnecessarily waste weeks of precious hearing time on these precluded issues, as the Defendants and the Ungars each present a series of expert witnesses.

Additionally, the Ungars will be compelled to waste tens of thousands of dollars compensating their Israeli law and damages experts, for no reason whatsoever

Finally, the Court will waste extensive time and resources addressing these topics in its decision on the Rule 60(b)(6) motion.

Accordingly, the Court should issue an order now, before further time and resources are wasted, finding that Defendants are precluded from challenging these issues.

**WHEREFORE**, the Ungars' motion should be granted.

Dated: November 8, 2010                           Plaintiffs-Judgment Creditors,
                                                  by their Attorneys,

                                                  /s/ David J. Strachman
                                                  David J. Strachman (#4404)
                                                  McIntyre, Tate & Lynch LLP
                                                  321 South Main Street, Suite 400
                                                  Providence, RI 02903
                                                  (401) 351-7700
                                                  (401) 331-6095 (fax)
                                                  djs@mtlesq.com

                                                  Max Wistow (#0330)
                                                  Wistow & Barylick, Inc.
                                                  61 Weybosset Street
                                                  Providence, RI 02903
                                                  (401) 831-2700
                                                  (401) 272-9752 (fax)
                                                  mw@wistbar.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 8, 2010, a true copy of the foregoing (with exhibits) was filed by ECF which served Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

Additionally, this document and exhibits were hand delivered to the following counsel on November 8, 2010:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

/s/ David J. Strachman

9