IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
* * * * * * * * * * * * * * *   CIVIL ACTION
THE ESTATE OF YARON UNGAR,      * 00-105L
et al                           *
                                *
VS.                             * JUNE 15, 2010
                                *
THE PALESTINIAN AUTHORITY,      *
et al                           * PROVIDENCE, RI
* * * * * * * * * * * * * * *
```

HEARD BEFORE THE HONORABLE RONALD R. LAGUEUX
SENIOR DISTRICT JUDGE
(DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S MEMO AND
ORDER)

APPEARANCES:

FOR THE PLAINTIFFS:           DAVID J. STRACHMAN, ESQ.
                              McIntyre, Tate & Lynch LLP
                              321 South Main Street
                              Providence, RI  02903


FOR THE DEFENDANTS:           RICHARD A. HIBEY, ESQ.
                              Miller & Chevalier
                              655 Fifteenth Street, N.W.
                              Suite 900
                              Washington, D.C.  20005

                              DEMING SHERMAN, ESQ.
                              Edwards Angell Palmer &
                              Dodge LLP
                              2800 Financial Plaza
                              Providence, RI  02903

Court Reporter:               Anne M. Clayton, RPR
                              One Exchange Terrace
                              Providence, RI  02903


Proceeding reported and produced by computer-aided
stenography

28

1   actions of the Israeli courts in granting a writ of

2   attachment, and there is now in the registry of the

3   country of Israel over one hundred million dollars

4   that's been withheld from payment to the Palestinian

5   Authority.  So that's sufficient security.

6       If it turns out that the Israeli courts vacate

7   that attachment, then the Plaintiffs can come before me

8   and request that a bond be filed to protect the

9   Plaintiffs because they have for a long enough time

10   been stonewalled by these Defendants in attempting to

11   collect on this judgment.  And this judgment was

12   affirmed by the Court of Appeals initially after I

13   entered it.  Now we're dealing with a motion to vacate.

14   The Court of Appeals sent it back to me, and I will

15   deal with it after an evidentiary hearing.

16       So that's my ruling today.  I am deferring

17   deciding the applicability of 9-28-3.  I have a lot of

18   personal experience with that statute, and there are

19   other statutes which apply to non-individuals which may

20   shed some light on what 9-28-3 means when the words

21   "his" or "her" are used.  In every case I ever heard,

22   and it's probably close to a hundred under that

23   statute, every one of the cases involved an individual.

24   I will tell you that.  But that's just what has been

25   happening.  That doesn't mean that the Legislature

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

The Estates of Yaron Ungar and Efrat Ungar )
by and through the administrator of their estates )
David Strachman; Dvir Ungar, minor, by his )
guardians and next friend; Yishai Ungar, minor, )
by his guardians and next friend; Professor Meyer )
Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith )
Dasberg (individually and in their capacity )
as legal guardians of plaintiffs Dvir Ungar and )
Yishai Ungar); Amichai Ungar; Dafna Ungar; )
and Michal Cohen, )
                                                )
                        Plaintiffs,             )
                                                )
            v.                                  )       C.A. No. 00-105L
                                                )
                                                )
The Palestinian Authority (a.k.a. "The Palestinian )
Interim Self-Government Authority"); The )
Palestine Liberation Organization; Hamas–Islamic )
Resistance Movement (a.k.a. "Harakat )
Al-Muqawama Al-Islamiyya"); Abdel Rahman )
Ismail Abdel Rahman Ghanimat; Jamal Abdel )
Fatah Tzabich Al Hor; Raed Fakhri Abu )
Hamdiya; Ibrahim Ghanimat; and Iman Mahmud )
Hassan Fuad Kafishe, )
                                                )
                        Defendants.             )
                                                )

## FINAL JUDGMENT

Final judgment for Plaintiffs, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against Defendant, the Palestinian Authority.



1

381

All of the Palestinian Authority's ownership rights in the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") that are evidenced by the certificates attached hereto to as Appendices 1 and 2, and

all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") that are evidenced by the certificate attached hereto to as Appendix 3, and

all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") and/or to the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee"),

are hereby assigned, transferred and conveyed to The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar.

Senior Judge Ronald R. Lagueux
United States District Court
September 15, 2006
19

2

بسم بصلـي و محمـة دبكـد
B. MUSLEH & M. A. RABAI

No. 563104165

Date: 21/3/1998

Palestine National Authority

Ministry of Justice – Gaza Strip

Company Registration Department

Company Law, Year 1929 and its Amendments

Certificate

I certify that the Palestinian Commercial Services Company (PCSC) a joint stock company (private), incorporated in Gaza under No. (563104165) dated 4/8/1994, that its capital has been increased to US Dollars Twenty Million ($20,000,000) in accordance with the Board of Directors decision on 19/3/1998.

The increase in the capital has been registered in Company Registry on 21st March 1998.

This Certificate has been given under my signature on 21st March 1998.

Company Registrar

Fathi Mohammed Al-Aloul

I certify that this is a true copy of the original Certificate.

Attorney

Bassam Musleh    BASSAM MUSLEH    13/1/2003

Al-Bireh - Al-Iraal St. - Al-Salam Building
Tel 2966124 - 2966125
Fax 2966126





بسام مصلح و محمد زبعك
B. MUSLEH & M. A. RABAI


LAW OFFICE

No. 563104165                                    Palestine National Authority
Date: 4/8/1994                                   Gaza Strip-Ministry of Justice
                                                 Company Registrar Office

Company Law, Year 1929 and its Amendments
Certificate of Company Incorporation

I certify that the Palestinian Commercial Services Company (PCSC) has been incorporated in accordance with the Company Law for the year 1929 and it's Amendments as a company owned and controlled by the Palestinian Authority.

It has been registered in Gaza under number (563104165) on the 4th day of August 1994.

This Certificate has been issued under my signature on 4th day of August 1994.

Company Registrar
Fathi Mohammed Al-Aloul

I certify that this is a true copy of the original Certificate.

Attorney
Bassam Musleh                                    13/1/2003

BASSAM MUSLEH

Al-Birch - Al-Irsal St. - Al-Salam Building        شركة ... شرع ... الإرسال - عمارة السلام
Tel. 2966124 - 2966123                            تلفون : ٢٩٦٦١٢٤ - ٢٩٦٦١٢٥
                                                  فاكس : ٢٩٦٦١٢٦



Palestinian National Authority
Ministry of Economy Industry
& I Companies Controller

IIS~uIIr~lr~
COMPANIES CONTP,nl,Lkil
En,t
tʲˡeʳSIᴶᵃ "Clr,,ʳ¹

.01
CC NOITAYII In.

Certificate of a Public Shareholding Company Issued by Companies Controller
In accordance with Companies Law No. (12) for the year 1964

This is to certify that Sharekat Sundouk Alistithmar AlFilistinee "Palestine Investment Fund"
Public Shareholding Company. Address Gaza,
With details below is registered at the Companies Registry as Public Shareholding Company wider No. (562600718)
on 17/3/2003
With Issued Share capital US $ 500,000,000.00

| Shareholders | Address | Activity | Authorized Signature on behalf of the Company |
|---|---|---|---|
| Palestinian National Authority | Gaza | General Investment as detailed in Company's Articles of Association. | As determined by Board of Directors |



Comps us Co"ʳ"
CONTROLLER
Omar Alltroub
D~1.5Sⁱ~

MINISTRY
OF ECONOMY, INDUSTRY & TRADE

COMPANIES
e, ᵢ39      JᵃⁱˢʳˡFˢ⁴

ٙᵢ-03 Sid

C 00412

CONFIDENTI I

## Resolution

## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company
## (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

1

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1.    All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2.    The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

     a.    Meir Weininger
     b.    Yehoshua Cohen
     c.    Professor Meir Ungar
     d.    Uri Dasberg
     e.    Amichai Ungar
     f.    Yochanan Harris
     g.    Yosef Meir

3.    The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below, this 17th day of October, 2006:

The Estate of Yaron Ungar          Dvir Ungar          Yishai Ungar


Judith Ungar     Meir Ungar     Michal Cohen     Amichai Ungar     Dafna Ungar



# The Palestine Investment Fund Company

## صندوق الاستثمار الفلسطيني

## Board of Directors

Resolutions and Minutes of the Meeting of the Board of Directors of the
Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)
Held at Khabla at 5:00 p.m. on October 19, 2006

1. **Attendance, Notice and Procedure:**

   1.1.  The following Directors were present throughout the meeting:

   > Meir Weininger
   > Yehoshua Cohen
   > Professor Meir Ungar
   > Uri Dasberg
   > Amichai Ungar
   > Yochanan Harris and
   > Yosef Meir

   being all of the members of the Board of Directors.

   1.2.  All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

   1.3.  The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed:**

   2.1.  The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

   2.2.  The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

1

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3.    The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3.  **Resolutions:**

3.1.    The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2.    The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3.    The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4.    The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6.    The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

3.8.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10.   The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11.   The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

Meir Weininger

Yehoshua Cohen

Meir Ungar

Uri Dasberg

Amichai Ungar

Yochanan Harris

Yosef Meir

I hereby certify that this is a true and correct copy:

Uri Dasberg, Secretary

3

1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF RHODE ISLAND

3

4    * * * * * * * * * * * * * *    C.A. NO. 00-105L
                                *
5                               *
     EFRAT UNGAR, et al          *
6                               *    SEPTEMBER 18, 2007
              vs.               *    2:06 P.M.
7                               *
     THE PALESTINIAN LIBERATION  *
8    ORGANIZATION, et al          *
                                *
9    * * * * * * * * * * * * * *    PROVIDENCE, RI

10

11           BEFORE THE HONORABLE RONALD R. LAGUEUX,

12                      SENIOR JUDGE

13            (Plaintiffs' Motion to Modify)

14

15   FOR THE PLAINTIFF:

16                   DAVID J. STRACHMAN, ESQ.
                     McIntyre, Tate, Lynch & Holt
17                   321 South Main Street, Suite 400
                     Providence, RI  02903

18

19

20   FOR THE DEFENDANT:

21                   JAMES R. OSWALD, ESQ.
                     Adler Pollock & Sheehan P.C.
                     One Citizens Plaza, 8th Floor
22                   Providence, RI  02903

23
     Court Reporter:      Debra D. Lajoie, RPR, FCRR, CRI
24

25        Proceeding reported and produced by computer-aided
                          stenography
             Debra D. Lajoie, RPR-FCRR-CRI

13

sort of undermines Your Honor's ruling on the creditor's

bill, if we can't have unfettered use of our own documents.

Thank you.

THE COURT:  All right.  The situation has changed

drastically since this stipulation was filed and the

confidentiality order was executed by the Court in the

spring of 2005.

Since that time, the Court has entered judgment in

the petition to reach and apply the assets of the

Palestinian Authority in the Palestine Investment Fund.  And

the Palestinian Authority defaulted, and the Court entered

judgment and transferred to the Plaintiffs all interests of

the Palestinian Authority in that Fund, that separate

corporation.  So the Plaintiffs became the stockholders, the

sole stockholders of the Palestine Investment Fund.

The Court ruled in the Leboeuf case that the Court

had jurisdiction over the Palestinian Authority, and since

it defaulted, the Court had jurisdiction and the power and

authority to enter that judgment and that, that judgment was

entitled to full faith and credit in every other court of

this nation.  The Court also ruled that the Leboeuf law firm

has no standing to contest that order and judgment of this

Court.

So the situation has changed very dramatically

because now the Plaintiffs are the owners of the

14

 1    Palestinian-- Palestine, rather, Investment Fund.  So

 2    there's really no good reason to maintain this stipulation

 3    and confidentiality order as to documents of the

 4    Palestinian-- of the Palestine Investment Fund because the

 5    Plaintiffs are now the owners.

 6            The Plaintiffs have demonstrated that they have

 7    exercised their ownership interest, their stock ownership

 8    interest in the Fund by ousting directors and officers and

 9    electing representatives among themselves to be directors

10    and to run the corporation and fired the prior counsel,

11    Lobbell, and hired new counsel.  And new counsel, based on

12    the documents that have been presented, have indicated that

13    they have no objection to this motion.

14            So, essentially, the Plaintiffs are standing in the

15    position of the Palestine Investment Fund at this point, and

16    there's no now sound basis for the confidentiality

17    agreement.  They should be able to use their own documents

18    any way they see fit.

19            Therefore, the Court grants the motion to modify

20    the previous stipulation and confidentiality order.  So an

21    order will be presented that provides that the motion to

22    modify is granted and that the stipulation shall be and

23    hereby is modified such that any and all documents generated

24    by the PIF and any and all documents to which the PIF is a

25    party or a signatory (collectively hereinafter PIF

                      Debra R. Lajoie, RPR-FCRR-CRI



**PALESTINE INVESTMENT FUND**

**About the Palestine Investment Fund | Board of Directors | Dr. Mohammad Mustafa**



**Dr. Mohammad Mustafa**

Dr. Mohammad Mustafa was appointed CEO of the Palestine Investment Fund (PIF) on 7 December 2005 and, in addition, as Chairman of PIF on 1 January 2009. He has also been the Economic Adviser to H.E. Mahmoud Abbas, the President of the Palestinian National Authority (a Ministerial level ranking), since 15 November 2005. In this capacity, Dr. Mustafa represents PIF on the boards of several leading Palestinian companies, including Wataniya Mobile (Chairman), Amaar Real Estate Investment Co. (Chairman), Arab Palestine Investment Company (Member) and Palestine Power Generation Company (Member).

Prior to joining PIF, Mustafa spent fifteen years at the World Bank (Washington, D.C.) in several positions, where his work covered various countries in four different regions and involved sectors including Private Sector Development, Infrastructure, Industry & Energy, Project Finance and ICT. He also served as Senior Adviser to the Public Investment Fund (in the Kingdom of Saudi Arabia) on privatization and public-private partnerships (1997-98), and as an Economic Adviser to the Government of Kuwait on economic reform (2000). He also worked in the corporate sector in the US, Kuwait and Palestine, during which he became the founder and CEO of Palestine Telecommunication Company (Paltel, 1995-1996).

Dr. Mustafa holds a BSc Degree in Electrical Engineering (Baghdad University) and Masters Degree and PhD in Management and Economics from George Washington University.

© All rights reserved for Palestine Investment Fund 2009

## DECLARATION OF MARWAN ABDEL-RAHMAN

I, Marwan Abdel-Rahman, of 2828 JFK Blvd., Jersey City, New Jersey, DECLARE PURSUANT TO 28 U.S.C. §1746, AS FOLLOWS:

1.    I am completely fluent in Arabic and English, and I am capable of translating accurately between those languages.

2.    I have been employed as a professional Arabic-English translator for 11 years.

3.    The English-language document attached hereto as Appendix 1 and captioned "Summary of Revenues and Expenditures from October to December 2006 (in millions of dollars)" is an accurate translation of an Arabic-language document downloaded from the website of the Palestinian Authority's Finance Ministry, www.mof.gov.ps/monthly-reports/2006/10t012-2006/1.htm, a copy of which is attached hereto immediately following the English translation.

4.    The English-language document attached hereto as Appendix 2 is an accurate translation of an Arabic-language news report regarding Ghazi Jabali[1] downloaded from the Voice of Palestine news website at http://www.palvoice.com/index.php?id=3583 a copy of which news report is attached hereto immediately following the English translation.

5.    The English-language document attached hereto as Appendix 3 is an accurate translation of an Arabic-language news report regarding Ghazi Jabali downloaded from the Watan news website at http://www.watan.com/index.php?name=News&file=article&sid=3648 a copy of which news report is attached hereto immediately following the English translation.

6.    The subtitles appearing on the video recording of an interview of Mohammed Dahlan contained on the DVD submitted herewith as Appendix 4 and marked "Dahlan" constitute an accurate translation of Mr. Dahlan's Arabic-language statements on that recording. I recognize Mohammed Dahlan, who is a well known public figure, and confirm that he is the speaker.

---

[1] The Arabic name "Ghazi" starts with a guttural consonant which has no equivalent in English, and is sometimes transliterated as "Razi." The family name "Jabali" is often written in Arabic with the direct article "al" – i.e. as "al-Jabali" – and I have followed that convention in the translations.

7.    The subtitles appearing on the video recording of an interview of Jibril Rajoub contained on the DVD submitted herewith as Appendix 5 and marked "Rajoub" constitute an accurate translation of Mr. Rajoub's Arabic-language statements on that recording. I recognize Jibril Rajoub, who is a well known public figure, and confirm that he is the speaker.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

February 4, 2008

Marwan Abdel-Rahman

# APPENDIX 1

**Palestinian National Authority**
**Ministry of Finance**

## Summary of Revenues and Expenditures from October to December 2006
### (in millions of dollars)
### Preliminary

| | | | |
|---|---:|---:|---:|
| **Gross Revenues** | | | **65.83** |
| **Domestic revenues** | | 65.83 | |
| Tax revenues | 46.73 | | |
| Nontax revenues | 19.11 | | |
| **Clearance revenues** | | 0.00 | |
| **(Tax refunds)** | | | (0.00) |
| **Net revenues** | | | **65.83** |
| **Total expenditures and net lending** | | | **432.57** |
| **Total expenditures** | | 421.99 | |
| **Wages and salaries** | 309.49 | | |
| - Civilian | 173.65 | | |
| - Military | 135.84 | | |
| **Other current and capitalistic expenditures** | 109.61 | | |
| **Development expenditures** | 2.89 | | |
| **Net lending** | | 10.58 | |
| **Balance** | | | **-366.74** |
| **External financing** | | | **167.63** |
| **Other sources of financing** | | | **36.60** |
| - Transfer of previously withheld clearance revenue | | 0.00 | |
| - Financing from commercial banks | | 20.71 | |
| - Palestine Investment Fund | | 27.06 | |
| - Monetary Insurances/ Palestine Investment Fund | | 0.00 | |
| - Net change of arrears | | - | |

11.17

**Footnotes :**

1   The dollar average exchange rate from October to December 2006  **USD 1 = NIS <u>4.265101</u>**

**Robert J. Tolchin**

**From:**        Saved by Windows Internet Explorer 7
**Sent:**        Friday, February 01, 2008 7:26 AM

<div dir="rtl">

السلطة الوطنية الفلسطينية
وزارة المالية

خلاصة الإيرادات والنفقات من اكتوبر حتى ديسمبر من عام 2006
(بالمليون دولار)
<u>أولي</u>

</div>

| | | | الوصف |
|---|---|---|---|
| 65.83 | | | إجمالي الإيرادات |
| | 65.83 | | الإيرادات المحلية |
| | | 4 | الإيرادات الضريبية |
| | | 6.73 | |
| | | 1 | الإيرادات غير الضريبية |
| | | 9.11 | |
| | 0.00 | | إيرادات المقاصة |
| (0.00) | | | ردبات ضريبية |
| 65.83 | | | صافي الإيرادات |
| 432.57 | | | إجمالي النفقات وصافي الإقراض |
| | 421.99 | | إجمالي النفقات |
| | | 309.49 | الرواتب والأجور |
| | | 173.65 | مدنيون |
| | | 135.84 | عسكريون |
| | | 109.61 | نفقات جارية ورأسمالية أخرى |
| | | 2.89 | نفقات تطويرية |
| | 10.58 | | صافي الإقراض |
| 366.74 | | | الرصيد |

| 167.63 | **التمويل الخارجي** |
|---|---|
| 36.60 | **مصادر تمويل أخرى** |
| 0.00 | تحويل مقاصة من المتأخرات السابقة |
| 20.71 | تمويل من البنوك التجارية |
| 27.06 | صندوق الإستثمار الفلسطيني |
| 0.00 | تأمينات نقدية/ صندوق الإستثمار الفلسطيني |
| - 11.17 | صافي التغير في المتأخرات |

ملاحظـــــات :

| متوسط سعر صرف الدولار خلال اكتوبر حتى ديسمبر 2006    4.265101 شيكل

`

# APPENDIX 2

**National Center for News and Information**
**Voice of Palestine – Fatah Movement**
October 6, 2007

## Deal: Release of Ghazi al-Jabali in Company of Khaled Mashaal at Saudi Airport of Jeddah.

A Palestinian official stated that on Thursday, Saudi security forces arrested the former Commissioner of the Palestinian Police, Ghazi al-Jabali, while he was present on Saudi soil for "*Umrah*".[1]

The official, who refused to identify himself, said that the Saudi security arrested al-Jabali inside the Kingdom. He added that the former Commissioner of the Palestinian Police, who arrived on Thursday in Saudi territory accompanying the Head of Hamas' Political Department, Khaled Mashaal, was arrested after he performed the *Umrah*.

He explained that al-Jabali has lived in Damascus since he fled from Gaza in 2005, and that he works as an advisor to Khaled Mashaal. He added that "negotiations are underway to deport him to Damascus, where he came from."

Palestinian sources said that many parties have mediated with the Saudi security agencies to release him and return him to Damascus.

The same sources added that Khaled Mashaal personally intervened with Saudi Interior Minister Prince Naief to release Ghazi al-Jabali and return him to Damascus. After extensive negotiations, General Ghazi al-Jabali was released as a result of a deal, whose details are unknown at this time.

Preparation is ongoing now to return him to Syria, his safe haven from justice.

---

[1] Translator's note: "*Umrah*" is a form of religious pilgrimage to Mecca performed by Muslims.

Page 1 of 2    صفحة : الافراج عن غازي الجبالي بعد إلقاء القبض عليه برفقة خالد مشعل بمطار جدة السعودي « حركة التحرير الو...



المركز الوطني للإعلام والمعلومات

صوت فلسطين - حركة فتح

| الإتصال بنا | من نحن | أقسام الأخبار | أرشيف الأخبار | دردشة الموقع | منتديات الحوار | شاشة البداية |
| الإتصال بنا | من نحن | الحركة الأسيرة | ملف الشهداء | ملف فتح | حركة فتح | الرئيس أبو مازن  الشهيد أبو عمار |

**دردشة ونقاش »**

دردشة الموقع
حوار . نقاش . تعارف

**استطلاع الرأي »**

لا يوجد استطلاع هذا اليوم
استطلاعات سابقة

**مواضيع ذات صلة »**

تيسير خالد : اضراب غير عادل ويخدم الفوضى والفلتان في الوظيفة العمومية

أبو علي شاهين : حماس انقلبت على فلسطين "التاريخ والجغرافيا" والصليب الاخضر لن يقود فتح وابو مازن يا يتخذ القرار المناسب في اللحظة المناسبة

أبو الغيط يؤكد على ضرورة عودة ممثلي السلطة الفلسطينية والاتحاد الأوروبي لتشغيل معبر رفح

---

تصنيف الخبر : أخبار يومية
بتاريخ : 06-10-2007 - PM 09:58
تعليقات : 0 | مشاهدة : 200 | + ح -ح | ا ك

صفحة : الافراج عن غازي الجبالي بعد إلقاء القبض عليه برفقة خالد مشعل بمطار جدة السعودي

أعلن مسؤول فلسطيني أن سلطات الأمن السعودية اعتقلت الخميس قائد الشرطة الفلسطينية الأسبق غازي الجبالي أثناء تواجده داخل السعودية لأداء العمرة.

وقال المسؤول، الذي رفض كشف هويته إن الأمن السعودي ألقى القبض على الجبالي داخل المملكة. وأضاف أن قائد الشرطة الفلسطينية الأسبق والذي وصل الخميس إلى السعودية برفقة رئيس المكتب السياسي لحركة (حماس) خالد مشعل تم إلقاء القبض عليه بعدما أدى العمرة.

وأوضح أن الجبالي الذي يقيم في دمشق بعد هربه من غزة في 2005 يعمل مستشارا لمشعل. وأضاف أنه تجري الآن وساطات لترحيله إلى دمشق التي وصل منها.

وذكرت مصادر فلسطينية أن إطراف عديدة تدخلت للتوسط لدى أجهزة الأمن السعودية لإخلاء سبيلة وإعادته الى دمشق.

وأضافت المصادر أن خالد مشعل تدخل شخصيا لدى وزير الداخلية السعودي الامير نايف للافراج عن غازي الجبالي وإعادته الى دمشق وبعد مشاورات كبيرة تم الإفراج عن اللواء غازي الجبالي خلال صفقة غير معلومة حتى اللحظة.

وتجري الآن الاستعدادات لإعادة المتهم إلى سوريا حيث ملاذه الأمن للهروب من العدالة.

التعليقات على المقال : 0

**أخي الزائر يمكنك التعليق على الموضوع**

سوف يتم نشر التعليقات بعد مراجعتها من قبل الادارة

اسم الكاتب :

بريد الكتروني :

---

**منتديات الحوار »**

شارك الأن ...
منتديات الحوار
أكبر مجتمع فلسطيني على شبكة الإنترنت

**رمز فلسطين »**


مواضيع ومقالات وسيرة الشهيد ياسر عرفات

**ملف خاص ...**
الرئيس أبو مازن »

**ملف خاص ...**
ملف حركة فتح »

النظام الداخلي لحركة فتح وشؤون حركية

**ملف خاص ...**
الحركة الأسيرة »

---

أرسل التعليق
حفظ معلوماتي؟ ☑

صفقة : الافراج عن غازي الجبالي بعد إلقاء القبض عليه برفقة خالد مشعل بمطار جدة السعودي « حركة التحرير الو...



حالة ترقب وقلق تعيشها
إسرائيل بسبب فيتو غراد



قطر ترعى التطبيع الثقافي
والسياسي مع الكيان
الصهيوني

المزيـد ...

الحركة الاسرة وأخبار اسرانا
البواسل

ملف خاص ...

# APPENDIX 3

# Watan

## Saudi Arabia Arrests Ghazi al-Jabali

A Palestinian official stated that on Thursday, Saudi security forces arrested the former Commissioner of the Palestinian Police, Razi al-Jabali, when he was present in Saudi territory for *Umrah*.[1]

The official, who refused to identify himself, said that Saudi security arrested al-Jabali inside the Kingdom. He added that the former Commissioner of the Palestinian Police, who arrived on Saudi soil on Thursday accompanying the head of Hamas' Political Department, Khaled Mashaal, was arrested after he performed the *Umrah*.

He explained that al-Jabali has been living in Damascus since fleeing Gaza in 2005, and that he works as an advisor to Khaled Mashaal. He added that "mediation is underway to deport him to Damascus, where he came from."

---

[1] Translator's note: "*Umrah*" is a form of religious pilgrimage to Mecca performed by Muslims.



# APPENDIX 4
# AND
# APPENDIX 5

# DVD's FILED AND
# SERVED BY HAND

Table 4: Comparison Report on PNA Fiscal Operations - Revenues, Expenditures and Financing Sources for years 2004-2008
Consiledated Statement (Cash basis, and Commitment Basis)

| | ACTUAL | | | | BUDGETED |
| --- | --- | --- | --- | --- | --- |
| | 2004 | 2005 | 2006 | 2007 | 2008 |
| (in millions of US dollars) | | | | | |
| Total net revenue | 954 | 1,232 | 1,148 | 1194 | 1486 |
| Gross domestic revenue | 337 | 476 | 378 | 323 | 419 |
| Clearance revenue (accrued) | 617 | 757 | 770 | 896 | 1067 |
| Clearance revenue (cash) | 713 | 894 | 344 | 1318 | 1067 |
| Clearance revenue (net arrears accumulation) | -97 | -137 | 427 | -422 | 0 |
| | | | | 25 | 0 |
| Total expenditure and net lending (commitment basis) | 1,528 | 1,994 | 2,310 | 2544 | 2846 |
| Wage expenditure (commitment) | 870 | 1,001 | 1,189 | 1283 | 1481 |
| Wage expenditure (cash) | 870 | 1,001 | 658 | 1369 | 1568 |
| Wage expenditure (net arrears accumulation) | 0 | 0 | 532 | -86 | -86 |
| Non wage expenditure (commitment)  (1) | 501 | 649 | 745 | 725 | 964 |
| Non wage expenditure (cash) | 501 | 649 | 392 | 663 | 1022 |
| Non wage expenditure (net arrears accumulation) | 0 | 0 | 353 | 62 | -58 |
| Net lending                (2) | 157 | 344 | 376 | 535 | |
| Balance (commitment basis) | -574 | -762 | -1,162 | -1350 | -1360 |
| add: expenditure arrears (net accumulation) | ... | ... | 884 | -23 | -144 |
| subtract: net clearance withheld (-) or transferred from past | -97 | -137 | 427 | -422 | 0 |
| Balance (cash basis) | -477 | -625 | -705 | -951 | -1504 |
| add: external budgetary support | 353 | 349 | 738 | 1012 | 1635 |
| Balance (commitment basis, after external budgetary support) | -221 | -413 | -424 | -338 | 275 |
| Balance (cash basis, after external budgetary support) | -124 | -276 | 34 | 61 | 131 |
| Devopment  expenditures | | 287 | 281 | 310 | 492 |
| Overall balance (cash basis ,including development expenditures ) | | -563 | -247 | -249 | -362 |
| Total other financing | 124 | 563 | 247 | 249 | 362 |
| Palestinian Investment Fund advances | 0 | 173 | 146 | 78 | 0 |
| Net domestic bank financing | 134 | 384 | -171 | -132 | -124 |
| External financing for development expenditures | | 287 | 281 | 310 | 492 |
| Residual | -9 | -202 | -8 | -6 | 0 |
| Memorandum items: | | | | | |
| Exchange rate, budget | 4.70 | 4.35 | 4.50 | 4.20 | 4.15 |
| Exchange rate, actual (annual average) | 4.48 | 4.49 | 4.46 | 4.10 | 3.60 |

(1) Including minor outlays for domestically financed development expenditure.
(2) Including transfers related to the marketing of petroleum products.