# EXHIBIT 1

```
                IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF RHODE ISLAND



* * * * * * * * * * * *     C.A. NO. 00-105L
EFRAT UNGAR, et al     *
                       *
VS.                    *    SEPTEMBER 21, 2010
                       *    2:03 P.M.
THE PALESTINIAN        *
LIBERATION ORGANIZATION,*
et al                  *    PROVIDENCE, RI
                       *
* * * * * * * * * * * *


              BEFORE THE HONORABLE RONALD R. LAGUEUX

                           SENIOR JUDGE

                       (Motion to Intervene)




APPEARANCES:

FOR THE PLAINTIFFS:     DAVID J. STRACHMAN, ESQ.
                        McIntyre Tate & Lynch LLP
                        321 South Main Street
                        Suite 400
                        Providence, RI 02903

                        MAX WISTOW, ESQ.
                        Wistow & Barylick Incorporated
                        61 Weybosset Street
                        Providence, RI  02903
```

```
 1   against the Ungars to effectively attempt to undo and
 2   to redo, rather, what they've been unable to to
 3   successfully convince a series of judges and courts in
 4   New York.
 5         And lastly, Your Honor, if this Court were to
 6   grant this motion and instead of the next four months
 7   litigating and doing discovery on the motion to vacate,
 8   we would be here on this parallel proceeding because
 9   all of the issues that were represented to this Court
10   as facts were represented not by employees of the
11   Insurance and Pension Fund, not by an affidavit of a
12   staffer of the Insurance and Pension Fund, but, rather,
13   by counsel, and the discovery would be required here to
14   ferret out those issues.
15         We already started some of that discovery in the
16   Eastern District of New York to try to ferret out some
17   of those issues.
18         I believe that's all, Your Honor.  Thank you.
19         THE COURT:  The injunction I issued is perfectly
20   clear.  It was to prevent the PA and the PLO from
21   alienating funds.  And it only applies to the PA and
22   the PLO, despite the fact that the Movant here
23   attempting to intervene hasn't filed a complaint and is
24   setting forth the issues that they're trying to raise.
25         It's clear what the issue is.  The issue is
```

1  whether the Pension Fund is under the aegis of the PA
2  and subject to the injunction. That's an issue that
3  should be decided in the Courts in New York, and
4  attempts have been made to move forward in the Courts
5  of New York.
6     If I take the case, if I allow the intervention,
7  there could be inconsistent results, and it's not my
8  place to make that determination. And, obviously, the
9  Supreme Court Judge in New York who heard this matter
10 didn't grant summary judgment because there were
11 factual issues to decide, and that's what should happen
12 now is any discovery that's necessary be taken in
13 New York and the matter tried to make a determination
14 of this issue.
15    It's a key issue, and it's not one that I'm
16 going to interject in this case. I have enough to
17 decide in this case right now, which is whether or not
18 the motion to vacate the previously entered judgment
19 should be granted or denied.
20    I've already denied it once, and the Court of
21 Appeals have reversed me and asked me to consider other
22 factors other than the obvious action of Arafat not to
23 recognize the jurisdiction of this Court.
24    So, if I grant the motion to intervene, I will
25 have to have a factual hearing to determine the facts,

which is whether or not the Pension Fund is a separate entity and unconnected with the PA, and there will have to be a lot of discovery. I'll be duplicating things that have already happened in New York, and that's a waste of time, a waste of judicial time. I have enough to deal with in this case right now.

So, for all those reasons, the motion of the Pension Fund to intervene in this case is denied. I will enter a written order to that effect.

We'll take a recess.

(Court was concluded at 2:36 p.m.)

C E R T I F I C A T I O N

I, Debra D. Lajoie, RPR-FCRR-CRI-RMR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

/s/ Debra D. Lajoie

9/28/10