# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

```
* * * * * * * * * * * * * *   *  CIVIL ACTION
THE ESTATE OF YARON UNGAR,    *  00-105L
et al                         *
                              *
VS.                           *  JUNE 15, 2010
                              *
THE PALESTINIAN AUTHORITY,    *
et al                         *  PROVIDENCE, RI
* * * * * * * * * * * * * *   *
```

HEARD BEFORE THE HONORABLE RONALD R. LAGUEUX
SENIOR DISTRICT JUDGE
(DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S MEMO AND ORDER)

**APPEARANCES**:

FOR THE PLAINTIFFS:       DAVID J. STRACHMAN, ESQ.
                          McIntyre, Tate & Lynch LLP
                          321 South Main Street
                          Providence, RI  02903

FOR THE DEFENDANTS:       RICHARD A. HIBEY, ESQ.
                          Miller & Chevalier
                          655 Fifteenth Street, N.W.
                          Suite 900
                          Washington, D.C.  20005

                          DEMING SHERMAN, ESQ.
                          Edwards Angell Palmer &
                          Dodge LLP
                          2800 Financial Plaza
                          Providence, RI  02903

Court Reporter:           Anne M. Clayton, RPR
                          One Exchange Terrace
                          Providence, RI  02903

Proceeding reported and produced by computer-aided stenography

1  issue if you're going to use this 9-28-3. We have
2  never been given the opportunity to explain why we do
3  not have the ability to pay this and to explain, also,
4  how the sequestration of over a hundred million dollars
5  impacts the ability of the Palestinian Government to
6  attend to the needs of its people. So, yes, it is very
7  much so a concern for the Court.
8       THE COURT: I agree that you've raised
9  substantial questions about the applicability of 9-28-3
10 in these proceedings.
11      MR. HIBEY: Thank you, your Honor.
12      THE COURT: The magistrate judge entitled this
13 "Memorandum and Order," so he thought he was issuing a
14 binding order. I disagree. I have held several times
15 that the magistrate judge in these circumstances can
16 only issue a Report and Recommendation.
17      I sent this case to him. I didn't tell him
18 under what provisions of the Magistrate Judges Act I
19 was sending him this case because I always let the
20 magistrate judge make that initial determination of
21 whether it should be a Report and Recommendation or an
22 order and then I deal with it later , whether it's
23 based on an appeal or an objection to the Report and
24 Recommendation.
25      I'm satisfied that I will treat this as a Report

```
 1   and Recommendation, because the magistrate judge does
 2   not have power to issue a payment decree, which is what
 3   he did here in this case.
 4          So my review of his Report and Recommendation is
 5   de novo. It's as if I'm hearing it for the first time
 6   myself, and I can issue my own order in these cases.
 7          I'm satisfied that the Defendants have raised
 8   some substantial questions about the applicability of
 9   9-28-3 to these types of proceedings or this case in
10   particular, and I'm not prepared to decide that now
11   because that may become moot later on.
12          What I'm going to do is defer deciding these
13   issues until after I have decided the Defendants'
14   motion to vacate the judgment under 60(b)(6). And
15   actually, I'm under a mandate from the Court of Appeals
16   to do that. They've sent it back to me for
17   reconsideration so I should not issue any kind of
18   payment order until I've made a determination that that
19   motion will be granted or denied. And so I am
20   deferring my decision on the applicability of 9-28-3.
21          We are on our way to getting that motion to
22   vacate decided after an evidentiary hearing. I've set
23   a schedule on it. The thing that troubled me for a
24   moment was, I think, the Plaintiffs deserve some
25   security, and it seems to me they have it by the
```

1  actions of the Israeli courts in granting a writ of
2  attachment, and there is now in the registry of the
3  country of Israel over one hundred million dollars
4  that's been withheld from payment to the Palestinian
5  Authority.  So that's sufficient security.
6      If it turns out that the Israeli courts vacate
7  that attachment, then the Plaintiffs can come before me
8  and request that a bond be filed to protect the
9  Plaintiffs because they have for a long enough time
10 been stonewalled by these Defendants in attempting to
11 collect on this judgment.  And this judgment was
12 affirmed by the Court of Appeals initially after I
13 entered it.  Now we're dealing with a motion to vacate.
14 The Court of Appeals sent it back to me, and I will
15 deal with it after an evidentiary hearing.
16     So that's my ruling today.  I am deferring
17 deciding the applicability of 9-28-3.  I have a lot of
18 personal experience with that statute, and there are
19 other statutes which apply to non-individuals which may
20 shed some light on what 9-28-3 means when the words
21 "his" or "her" are used.  In every case I ever heard,
22 and it's probably close to a hundred under that
23 statute, every one of the cases involved an individual.
24 I will tell you that.  But that's just what has been
25 happening.  That doesn't mean that the Legislature

# CERTIFICATION

I, Anne M. Clayton, RPR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

/s/ Anne M. Clayton
_____
Anne M. Clayton, RPR

June 17, 2010
_____
Date