# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

v.                                                                                              Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

### PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND ANSWERS TO THE PALESTINIAN AUTHORITY'S SECOND SET OF INTERROGATORIES (19-21)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submit their Objections and Answers to "Defendant the Palestinian Authority's Second Set of Interrogatories (19-21) to Plaintiffs" dated August 25, 2010 ("Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1.  The exact wording of any objections made or answers produced by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

2.  Any answer by plaintiffs to the Interrogatories shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such information. Further, plaintiffs make the objections and give the answers herein without in any way implying that they consider the requests and answers to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the Instructions and Definitions included in the Interrogatories to the extent that they purport to impose obligations beyond those of the Federal Rules of Civil Procedure. Accordingly, plaintiffs' response to the Interrogatories will be provided as required, and only as required, by the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 19:

Identify all persons whose testimony the Plaintiffs will or may present to the Court, whether live or via deposition, in opposition to The Motion.

### OBJECTIONS TO INTERROGATORY NO. 19:

As explained below, the plaintiffs have not yet determined which witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any.

However, if and when plaintiffs' counsel do communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, plaintiffs object to this Interrogatory to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

### ANSWER TO INTERROGATORY NO. 19

Subject to and without derogating from the Objection set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs have not yet determined which witnesses which witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will

become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

**INTERROGATORY NO. 20:**

Identify all persons whom you expect to call as expert witnesses in opposition to The Motion and all other persons whom you expect to call to present opinion testimony in opposition to The Motion pursuant to Fed. R. Evid. 701, 702 or otherwise. With respect to each such person, state and identify: the opinions held by the person; a summary of the grounds for those opinions; the facts, data, documents or other information considered by the person in forming the opinions; any exhibits to be used as a summary of, or support for, the person's opinions; the qualifications of the person (including all current resumes of the person and a list of all publications authored b the person within the preceding ten years); any compensation paid or to be paid for the person's analysis, opinions and testimony in or relating to the Civil Action; and a list of any other cases or legal proceedings in which the person has testified as an expert at trial, by deposition or otherwise within the preceding four (4) years.

**OBJECTIONS TO INTERROGATORY NO. 20:**

As explained below, the plaintiffs have not yet determined which expert witnesses and other persons who will present opinion testimony they will present in opposition to Defendants' motion to vacate, if any. However, if and when plaintiffs' counsel do communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, plaintiffs object to this Interrogatory to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

3

### ANSWER TO INTERROGATORY NO. 20

Subject to and without derogating from the Objection set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs have not yet determined which expert witnesses and other persons who will present opinion testimony they will present in opposition to Defendants' motion to vacate, if any.

Such a determination will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

### INTERROGATORY NO. 21:

If you contend that the amount of the judgment is likely to withstand adversarial testing, state the factual basis for that contention.

### OBJECTIONS TO INTERROGATORY NO. 21:

1. Plaintiffs object to this Interrogatory as seeking information that is irrelevant. The information sought is irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a) Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate … any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b) On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d

4

274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

    c)    Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

    d)    Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

    2.    Plaintiffs object to this Interrogatory as it seeks the production of information already produced to Defendants and/or already put into the record in this action and/or already within Defendants' knowledge since the production and/or redundant production of such information by plaintiffs would entail unreasonable burden and expense to plaintiffs.

    3.    Plaintiffs object to this Interrogatory to the extent that it seeks information relating to any events or circumstances subsequent to July 13, 2004. As a matter of law, the propriety of the damages award must be measured at the time that judgment was entered, and subsequent events or circumstances affecting (for better or for worse) plaintiffs' actual or projected damages at the time that judgment entered are irrelevant. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)."); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an

end."); *Multimatic v. Faurecia Interior Systems USA*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to judgment that indicated that damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).").

   4.   Plaintiffs object to this Interrogatory because it asks for an opinion or contention that relates to fact or the application of law to fact. Plaintiffs expressly reserve the right, pursuant to Fed.R.Civ.P. 26 and 33(a)(2), to answer and/or amend and/or supplement their answer to this Interrogatory at a later time. *Freitas v. Emhart Corp.*, 715 F.Supp. 1149, 1150 (D.Mass. 1989).

   5.   Plaintiffs object to this Interrogatory because it uses the present tense ("is likely to withstand adversarial testing") which usage assumes without any basis that Defendants are entitled to and/or will be given an opportunity to actually test the amount of the judgment.

## ANSWER TO INTERROGATORY NO. 21

Subject to and without derogating from the Objections set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs contend that the Defendants have <u>already</u> tested the amount of the damages in their objections to Magistrate Judge Martin's March 31, 2004 report and recommendation and that Defendants <u>failed</u> to demonstrate that the amount of the damages was too large.

Plaintiffs also contend that the amount of the judgment would withstand any other adversarial testing. The factual basis for this contention includes, *inter alia*, (a) the evidence and testimony submitted by the plaintiffs in the context of the damages hearing held by this Court (b) the findings and conclusions reached by this Court in *Ungar v. Palestinian Authority*, 304 F.Supp.2d 232 (D.R.I. 2004) (including in the report and recommendation attached thereto) and (c) the numerous federal decisions in terrorism cases awarding victims of terrorism similar or

greater damages. *See e.g. Boim v. Quranic Literacy Institute*, 2005 WL 433463 at *5 (N.D. Ill. 2005) (federal court denied motion to set aside a jury award of $156 million to the parents and estate of an American citizen murdered by Hamas after finding that it "simply cannot agree" that "the damages award was excessive" considering "the nature of the case (one seeking damages for the murder of a son in a brutal and senseless terrorist act), and given the nature of the relationship between the victim and the plaintiffs (child/parent)").

Dated: September 27, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this September 27, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

David J. Strachman #4404

8