UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINIAN AUTHORITY, et al., <br><br> Defendants. | C.A. No. 00-105L |

**DEFENDANT'S RULE 60(b)(4) MOTION FOR RELIEF FROM CREDITOR'S BILL JUDGMENT REGARDING THE PALESTINE INVESTMENT FUND**

Defendant The Palestinian Authority ("PA"), through counsel, respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4) for relief from a creditor's bill judgment entered by the Court on September 19, 2006. Dkt. No. 381.

This motion is timely. *See Sea-Land Serv., Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir. 1998) (Rule 60(b)(4) motions to vacate a judgment for lack of jurisdiction may be made at any time).

The creditor's bill judgment, entered as a purported exercise of the Court's ancillary enforcement jurisdiction and pursuant to Rule 69(a) and Rhode Island General Law § 9-28-1, transferred to the Ungars (1) "all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company," and (2) "all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the . . . Palestine Investment Fund Company." Doc. No. 381 at 2.

The Palestine Investment Fund ("PIF") is a separate juridical entity, incorporated in Ramallah in March 2003 under Palestinian Law; was not a party to the lawsuit giving rise to the

1117870.1

$116 million default judgment; and, as the Court, has acknowledged on more than one occasion, is not subject to the personal jurisdiction of the Court. Moreover, the Court did not have jurisdiction over the PA's stock certificates or "property, assets, or credits . . . titled and/or owed to the . . . Palestine Investment Fund Company" that it purported to transfer to the Ungars. Even more troubling, at the time of the creditor's bill judgment, PIF's assets were approximately $800 million, far in excess of the $116 million judgment.

For the reasons stated in the accompanying Memorandum, the creditor's bill judgment is void. Under First Circuit precedent, parties are entitled to relief under Rule 60(b)(4) "if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990); *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995) (same). See also *Peacock v. Thomas*, 516 U.S. 349 (1996) (holding that a federal court may not exercise ancillary jurisdiction over a judgment-creditor's attempt to enforce a prior federal judgment against a third party as an "alter ego" of the judgment debtor); *Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 10-12 (1st Cir. 1998) (same); *N. Atl. Distrib. v. Teamsters Local Union No. 430*, 497 F. Supp. 2d 315, 323 (D.R.I. 2007) (holding that a judgment was unenforceable for lack of due process where court imposing judgment lacked personal jurisdiction).

As discussed in the accompanying Memorandum, statements the Court made at the hearing on the creditor's bill judgment indicated the Court did not view the creditor's bill judgment as having any force or effect outside of Rhode Island except in the following circumstance: a court presiding over an enforcement action brought by the Ungars in a U.S. jurisdiction where a PIF asset is located and having personal and subject matter jurisdiction and

statutory authority pursuant to the relevant state law, finds that PIF is an alter ego of the PA or that the PIF is holding assets of the PA. The Ungars, however, are treating the creditor's bill judgment as precluding the PIF and PA from engaging in any action anywhere in the world inconsistent with their view that the Ungars own PIF. Any such action is characterized by the Ungars as "malfeasance" and "unclean hands" entitling the Ungars to conduct extensive discovery into the PA's relationship with PIF and precluding the PA from obtaining relief from the $116 million default judgment. Last week, the Ungars went so far as to obtain a Temporary Restraining Order from this Court which has the effect of interfering with an Egyptian court's order that an Egyptian company (Orascom Telecom Holding S.A.E.) pay a $45 million debt to the Palestine Investment Fund, which -- it bears repeating -- is not a party to this action. *See* Dkt. No. 589.

When the Ungars' motion for a payment decree, brought pursuant to Rhode Island General Statute § 9-28-3, came before the Court earlier this year, the Court stated:

> I'm satisfied that the Defendants have raised some substantial questions about the applicability of 9-28-3 to these types of proceedings or this case in particular, and I'm not prepared to decide that now because that may become moot later on.
>
> What I'm going to do is defer deciding these issues until after I have decided the Defendants' motion to vacate the judgment under 60(b)(6). And actually, I'm under a mandate from the Court of Appeals to do that. They've sent it back to me for reconsideration so I should not issue any kind of payment order until I've made a determination that that motion will be granted or denied. And so I am deferring my decision on the applicability of 9-28-3.

Tr. of June 15, 2010, Hearing at 27:7-20.

Because the Ungars' efforts to obtain extensive pre-vacatur hearing discovery on the PA's relationship with PIF and their recent effort to enjoin PIF's actions abroad all stem from their interpretation of the creditor's bill judgment and threaten to derail the January 2011 hearing

3

on Defendants' Rule 60(b)(6) motion, Defendants are compelled to seek relief from the creditor's bill judgment immediately rather than await the Court's ruling on the Rule 60(b)(6) motion. Defendants, by separate motion filed concurrently, seek an expedited briefing and ruling on this issue, and also seek a hearing, expected to require two hours.

                                      Respectfully submitted,

Dated: November 16, 2010

/s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 16th day of November 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.

/s/ Mark J. Rochon