UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE PALESTINIAN AUTHORITY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 00-105L<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO SHORTEN THE BRIEFING SCHEDULE FOR, AND FOR AN EXPEDITED RULING ON, DEFENDANT'S RULE 60(b)(4) MOTION FOR RELIEF FROM THE CREDITOR'S BILL JUDGMENT REGARDING THE PALESTINE INVESTMENT FUND**

Defendant The Palestinian Authority ("PA"), by and through counsel, respectfully moves this Court to shorten the briefing schedule for, and for an expedited ruling on, Defendant's Rule 60(b)(4) Motion for Relief from the Creditor's Bill Judgment Regarding the Palestine Investment Fund ("PIF") (Dkt. No. 597) for the reasons that follow.

It has become clear that resolving the validity or invalidity of the creditor's bill judgment issued by this Court on September 16, 2006, Dkt. No. 381, is critical to keeping the January 18, 2011 hearing date for Defendants' Rule 60(b)(6) Motion to Vacate the default judgment and also to resolving significant motions currently before the Court, including Plaintiffs' motion for preliminary injunction, Dkt. No. 588, and Defendants' Rule 72 Objections to rulings on discovery related to PIF, Dkt. No. 594.

Plaintiffs have recently engaged in several efforts to give broad effect to the creditor's bill judgment both through their Rule 60(b)(6) related filings and through their motion for a preliminary injunction. Specifically, the Ungars have pursued extensive discovery, under the

1118786.1

auspices of the pre-vacatur hearing discovery authorized by the Court, of the PA's relationship with and communications with PIF. *See* Dkt. No. 598 at 3 (listing examples of the discovery sought by Plaintiffs). Following briefing and a hearing on these issues, on November 15, 2010, Defendants filed Rule 72 objections to Magistrate Judge Martin's rulings allowing discovery on PIF-related issues. Dkt. No. 594. In addition, Plaintiffs are treating the creditor's bill judgment as precluding the PIF and PA from engaging in any action anywhere in the world inconsistent with their view that the Ungars own PIF. Any such action is characterized by the Ungars as "malfeasance" and "unclean hands" precluding the PA from obtaining Rule 60(b)(6) relief from the $116 million default judgment.

Last week, the Ungars went so far as to obtain a Temporary Restraining Order from this Court which has the effect of interfering with an Egyptian court's order that an Egyptian company (Orascom Telecom Holding S.A.E.) pay a $45 million debt to the Palestine Investment Fund, which is not a party to this action. *See* Dkt. No. 589.

Plaintiffs' aggressive and wide-ranging use of the creditor's bill judgment therefore necessitated the PA's filing today of its Rule 60(b)(4) Motion for Relief from the Creditor's Bill Judgment Regarding the Palestine Investment Fund. In light of interrelated nature of the discovery, injunctive and Rule 60(b)(6) motions currently pending before this Court implicating issues related to the creditor's bill judgment, Defendant respectfully requests that the Court enter an order shortening the briefing schedule for Defendant's Rule 60(b)(4) Motion and expedite its ruling as soon as practicable.

1118786.1

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 16, 2010 | /s/ Mark J. Rochon<br>Mark J. Rochon (D.C. Bar #376042)<br>Admitted *pro hac vice*<br>Richard A. Hibey (D.C. Bar #74823)<br>Admitted *pro hac vice*<br>Brian A. Hill (D.C. Bar #456086)<br>Admitted *pro hac vice*<br>MILLER & CHEVALIER CHARTERED<br>655 Fifteenth Street, N.W., Suite 900<br>Washington, DC 20005-5701<br>Tel. (202) 626-5800<br>Fax. (202) 628-0858<br>mrochon@milchev.com<br>rhibey@milchev.com<br>bhill@milchev.com<br><br>Deming E. Sherman (#1138)<br>EDWARDS ANGELL PALMER<br>& DODGE LLP<br>2800 Financial Plaza<br>Providence, Rhode Island 02903<br>Tel. (401) 274-9200<br>Fax. (401) 276-6611<br>dsherman@eapdlaw.com<br><br>*Attorneys for the Palestinian Authority and the Palestine Liberation Organization* |

1118786.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 16th day of November 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.

/s/ Mark J. Rochon