# EXHIBIT 1

798192.1

```
 1              UNITED STATES DISTRICT COURT

 2             FOR THE DISTRICT OF RHODE ISLAND

 3   * * * * * * * * * * * * * *

 4   THE ESTATE OF                  C.A. No. 00-105 L
     YARON UNGAR, et al
 5           Plaintiff

 6
     VS.                            PROVIDENCE, RI
 7                                  SEPTEMBER 13, 2006

 8   THE PALESTINIAN
     AUTHORITY, et al
 9           Defendant

10   * * * * * * * * * *

11        BEFORE SENIOR DISTRICT JUDGE RONALD R. LAGUEUX

12   APPEARANCES:

13   FOR THE PLAINTIFFS:     DAVID J. STRACHMAN, ESQ.
                             321 South Main St.
14                           Suite 400
                             Providence, RI 02903
15                           351-7700

16   FOR THE DEFENDANT:      DEMING E. SHERMAN, ESQ.
                             Edwards & Angell
17                           2800 Financial Plaza
                             Providence, RI 02903
18                           274-9200

19                           JAMES R. OSWALD, ESQ.
                             Adler Pollock & Sheehan PC
20                           8th Floor
                             Providence, RI 02903
21                           274-7200

22   Court Reporter:         JOSEPH A. FONTES
                             145A High Point Blvd.
23                           Delray Beach, FL 33445
                             561-452-7507
24

25      Proceeding reported and produced by computer-aided
                          stenography
```

(379)

```
 1            MR. STRACHMAN:  Your Honor, can I respond?
 2            THE COURT:  Yes.  Well, the Canaan entities are not
 3   parties to this case, and I'll hear whatever arguments you
 4   want to make as a friend of the Court.  But what I'm dealing
 5   with here is a defaulted case, and the question is, what form
 6   will the judgment take?  And I have limited jurisdiction
 7   because none of those entities are before this Court.  The
 8   only jurisdiction I have is over the PA and the PLO, which I
 9   determined a long time ago.  So there's certainly a question
10   about any judgment that I enter in this case as to its
11   territorial effect.  But I'll hear all the arguments that
12   anybody wants to make on this subject, and I'll make a
13   determination.
14            MR. STRACHMAN:  Thank you, your Honor.  I find that
15   it's -- at the outset, it's somewhat disingenuous that the
16   party who was here for 4 years of litigation through
17   8 written decisions and two appeals won't come forward to
18   recognize the jurisdiction of this Court, won't show up in
19   court other than to say that they're not arguing, they're not
20   taking a position.  A party that is unrelated to this
21   litigation, that is really nothing more than a stakeholder,
22   who came to this Court last year, invoked the Court's
23   jurisdiction, then after the Court made a ruling, I believe
24   on the receivership motion, and there was a discussion about
25   moving to Connecticut with respect to a particular asset, and
```

```
 1  it's just not right.  They're not here.  They haven't entered
 2  an appearance.  They haven't sought to intervene, and by
 3  agreement all the proceedings that they were involved in, and
 4  the motion that they filed a year ago, over a year ago, was
 5  dismissed.  So I'd ask the Court to not to hear from them,
 6  and to not accept letters from them and from friends and
 7  other people who have written letters to the Court in this
 8  case who are not involved in this case, who have tried to
 9  stymie certain rulings that the Court has made, and the
10  plaintiff's proceedings, and I just think it's inappropriate.
11  There's no basis for it.
12          THE COURT:  Well, I don't decide cases on letters.
13  And letters are not official.  Although I'm putting them in
14  the file so that everybody will know what these letters are
15  that are being sent to me.  I decide cases based on pleadings
16  and legal arguments.  And although I've read the material, it
17  doesn't persuade me.
18          I'm satisfied that whatever judgment I enter here
19  today has no bearing on the Connecticut case.  If I enter a
20  judgment assigning to the plaintiffs all the rights that the
21  PA has in these two entities, that's the limit of the order
22  of the Court, the judgment of the Court, then that has to be
23  executed somewhere where these two entities are doing
24  business.  They're not doing business in Rhode Island.  As I
25  said from the very beginning, there's no way I'm going to
```

```
 1   supervise the collection of this judgment because there are
 2   no assets in this jurisdiction of the PA and the PLO.
 3   Although they're subject to the jurisdiction of this Court, I
 4   can enter an order such as is proposed here. Really it's a
 5   judgment. I'm entering a judgment on the creditor's bill.
 6           MR. STRACHMAN: Could I -- I have a proposed order,
 7   your Honor, I'd like to offer up to the Court.
 8           THE COURT: All right. It's absolutely clear that
 9   the PA and PLO have defaulted, and so I am -- it's
10   unnecessary for me to tell the clerk to enter a default. I
11   declare a default. And now I will enter judgment for the
12   plaintiffs against the PA and the PLO.
13           MR. OSWALD: Your Honor, may I be heard very
14   briefly in response to Mr. Strachman?
15           THE COURT: Yes.
16           MR. OSWALD: Thank you. Your Honor, I'm not here
17   for the PA. I'm not here for the PLO. I'm not a shill, I'm
18   not a piggy bank, I'm not any of the things that I've been
19   accused of being. We have one single interest and that is
20   the fact that this entity, PIF, has assets in the Canaan
21   Venture Funds. The order that is being asked for the Court
22   to enter is not simply an order against the PA and the PLO.
23   It is an order specifically reaching, applying, and
24   subjecting to the payment all of the assets held by the PCSC,
25   which is an entity I don't know about and don't care about,
```

12

1  and PIF.
2          THE COURT: That's right.
3          MR. OSWALD: Therefore, it is going -- the piggy
4  bank analogy that was made, there's a presumption that is
5  being made there that I don't know whether it was correct or
6  not, but is going to be decided by the federal court in
7  Connecticut. Mr. Strachman says here to the Court that the
8  PIF is the piggy bank for the PLO and the PA. If it is, the
9  federal court in Connecticut will say so. If it is not, the
10 federal court will say so. But the order --
11         THE COURT: That's up to the federal court in
12 Connecticut. I'm doing my business here. The federal court
13 in Connecticut can do what it thinks is appropriate.
14         MR. OSWALD: We agree completely, your Honor. The
15 only concern that we have here with the entry of the order is
16 that it is effectively going to decide the issue. That is,
17 to decide the issue that PIF is in fact a shill or a piggy
18 bank for the PA or the PLO. We don't want your Honor's order
19 to decide that. There's been no evidentiary hearing.
20 There's been no evidence. The things that Mr. Strachman is
21 saying certainly are not evidence. That is the very issue
22 that your Honor directed plaintiffs to have decided down in
23 Connecticut. That's our sole and only concern here before
24 the Court.
25         THE COURT: You can make those arguments before the

```
 1  federal judge in Connecticut.  What I have authority to do
 2  here is to enter orders against the PA and the PLO.  They've
 3  defaulted on this creditor's bill, and I have the power to
 4  enter orders against them.  And one of the orders or
 5  judgments that I'm going to enter is that any assets that the
 6  PA owns, or any interest that it owns, in those two entities
 7  is assigned to these plaintiffs.  And then you'll have to
 8  deal with them down in Connecticut.
 9          MR. OSWALD:  So to be clear, your Honor's order
10  does not go so far as to saying that these entity's assets
11  are, in fact, the assets of the PLO or the PA?  Your Honor is
12  not deciding the issue that is before the Connecticut court,
13  is that my understanding?
14          THE COURT:  I am deciding that because the PA and
15  PLO have defaulted.  And based on these allegations, I'm
16  deciding that they have, the PA has interests in these two
17  entities, and I'm assigning whatever interests they have to
18  the plaintiffs.
19          MR. OSWALD:  I see.  If they have an interest, it
20  is being assigned.  But the determination of whatever those
21  interests are is ultimately being left to the Connecticut
22  court.
23          THE COURT:  Well, the Connecticut court will have
24  to decide some issues here.  I'm deciding that whatever the
25  PA owns in these two entities is assigned to the plaintiffs.
```

```
 1  Then the plaintiffs can proceed as they see fit.  And you do
 2  what you have to do down there.  You're a stakeholder.  Your
 3  clients are stakeholders.  It shouldn't matter to them who
 4  owns these assets.
 5          MR. OSWALD:  We just want to know what to do, your
 6  Honor.
 7          THE COURT:  Right.  And the Connecticut court will
 8  decide who owns these assets.
 9          MR. OSWALD:  Very good.
10          THE COURT:  And then you'll pay up.
11          MR. OSWALD:  Whatever the Connecticut court
12  decides, your Honor, we are in lock step with it.  We're just
13  waiting for that decision.  Thank you.
14          THE COURT:  I can't forecast what the Connecticut
15  court is going to do.  All I can do is deal with what I have
16  jurisdiction over.  And I have jurisdiction over the PA and
17  the PLO.
18          MR. OSWALD:  Thank you, your Honor.
19          THE COURT:  And they've defaulted on this
20  creditor's bill and so I'm going to enter judgment against
21  them.  And that judgment is going to take the form of an
22  assignment of any rights they have in these two entities to
23  the plaintiffs.  That's what the judgment is going to be in
24  this case.  You agree, Mr. Strachman?
25          MR. STRACHMAN:  Yes.  I just --.  Unfortunately,
```