# EXHIBIT 7

798192.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF YARON UNGAR, *et al.*, | : |
| Plaintiffs/Judgment Creditors, | : |
| v. | : Civil Action No. 05-mc-180 (GK) |
| PALESTINIAN AUTHORITY, *et al.*, | : |
| Defendants/Judgment Debtors, | : |
| ORASCOM TELECOM HOLDING S.A.E., | : |
| Nonparty. | : |

## MEMORANDUM ORDER

This matter comes before the Court on the Objections of the Judgment Creditors, the Estate of Yaron Ungar ("Ungar"), to the Report and Recommendation of Magistrate Judge Alan Kay issued August 3, 2010. Objections were filed on August 17, 2010 and an Opposition was filed by the Garnishee Orascom Telecom Holding S.A.E. ("Orascom") on September 7, 2010. Upon consideration of these filings and the applicable law, the Court concludes that the Report and Recommendation is **adopted in its entirety** for the following reasons.

Magistrate Judge Kay has set forth the relevant legal and procedural background in his Report and Recommendation, at pages 2-4, and there is no need to repeat those facts.

As an initial matter, the parties disagree about what legal standard should be applied in reviewing the Report and Recommendation. Ungar argues that Magistrate Judge Kay's Report and Recommendation should be reviewed *de novo*; Orascom argues that the Report and Recommendation should be reviewed for clear error or manifest injustice. Whichever standard is

applied, the Objections raised by Ungar are so flawed, that the result will be the same, namely, adoption of the Report and Recommendation.

The issue raised in the Report and Recommendation is whether this Court lacks personal jurisdiction over the Garnishee. Orascom is an Egyptian telecommunication company operating in the Middle East, Africa, and South Asia, whose assets the Plaintiffs seek to garnish in order to satisfy a default judgment entered against the Palestinian Authority on March 31, 2004 in the amount of $116,409,123, plus an award of attorneys' fees in the amount of $11,925, amounting to a total award of $116,421,048. Estate of Ungar v. Palestinian Authority, 325 F. Supp.2d 15, 31-32 (D.R.I. 2004), aff'd, 402 F.3d 274, 276 (1st Cir. 2005).[1]

There is absolutely no dispute that Orascom has no contacts whatsoever with the District of Columbia or the United States. The law is crystal clear that in such a situation this Court has no personal jurisdiction over Orascom. Int'l. Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); Hughes v. A.H. Robins Co., Inc., 490 A.2d 1140, 1144 (D.C. 1985). In an effort to overcome the overwhelming case law on this issue, Ungar argues that a party, such as Orascom, with no connection to the District of Columbia or the United States lacks any protections under the Constitution, and therefore cannot claim that the lack of any contacts precludes this Court from exercising personal jurisdiction. Magistrate Judge Kay accurately summarized Plaintiffs' position as follows:

> Plaintiffs' argument here is that a foreign person or entity with absolutely no contacts in a forum is deprived of the right *not* to have

---

[1] Orascom also argues that it was improperly served with the Writ of Attachment. Magistrate Judge Kay deemed it unnecessary to address that issue in light of his Recommendation on the issue of personal jurisdiction.

>   that forum exercise personal jurisdiction. This argument turns the problem on its head.

Report & Recommendation at 7-8.

This Court is in total agreement with that analysis. Moreover, Plaintiffs' reliance upon <u>Al-Aqeel v. Paulson</u>, 568 F. Supp.2d 64 (D.D.C. 2008), is totally misplaced. In that case, the foreign entity with no contacts in the United States was the <u>plaintiff</u>, who was asserting violation of his rights under the Constitution, not the <u>defendant</u>, as in this case. That Plaintiff was claiming violation of his right to due process with regard to certain proceedings designating him a Specially Designated Global Terrorist under the International Emergency Economic Powers Act, 50 U.S.C. § 1701, *et seq*. Thus, the posture of that case was directly the reverse of the posture of this case in which the foreign entity with no contacts in the United States is the Defendant claiming that the lack of such contacts deprives United States courts of personal jurisdiction over it. As the <u>Al-Aqeel</u> court explained, the question of whether "a *plaintiff* [] has sufficient connections with the United States as a whole to have standing to raise claims under our Constitution," is totally different from the question of whether "a *defendant* [] had purposefully availed himself of the protections of the law of the forum . . . for a court to exercise personal jurisdiction over him." Id. at 70.

For these reasons, the Magistrate Judge's Report and Recommendation is **adopted** and Orascom's Motion to Quash the Writ of Attachment is **granted**.

September 8, 2010

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

-3-