# EXHIBIT 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
ESTATE OF YARON UNGAR, et al.,                          :

              Plaintiffs,                          :          Index No. 105521/05

                                :

             -against-                          :

THE PALESTINIAN AUTHORITY; THE PALESTINE          :
LIBERATION ORGANIZATION, et al.,                          :

              Defendants.                          :
-------------------------------------------------------------------x

RECEIVED
SEP 3 0 2010
MOTION SUPPORT OFFICE
NYC SUPREME COURT · CIVIL

**ORASCOM TELECOM HOLDING S.A.E.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO JOIN PROCEEDINGS, TO DISMISS, AND FOR OTHER RELIEF**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

BACKGROUND .................................................................................................2

I.  ORASCOM TELECOM HOLDING S.A.E .............................................................2

II. PLAINTIFFS' ENFORCEMENT ATTEMPTS AGAINST ORASCOM ..........................4

    A.  NEW YORK COUNTY PROCEEDINGS.....................................................4

    B.  NEW YORK COUNTY SHERIFF'S LEVIES ...............................................5

    C.  RECENT DEVELOPMENTS ....................................................................6

        1.  Kings County Subpoenas................................................................6

        2.  District of Columbia Proceedings....................................................6

        3.  New York County Sheriff's Levy and Kings County Turnover Proceeding...7

ARGUMENT .......................................................................................................8

I.  THIS COURT SHOULD JOIN THE LATEST ORASCOM TURNOVER PROCEEDING WITH THE FIRST NEW YORK ACTION..............................................8

II. THIS COURT SHOULD DISMISS THE LATEST ORASCOM TURNOVER PROCEEDING FOR LACK OF PERSONAL JURISDICTION AND TIMELY SERVICE................................................................................................................13

    A.  Orascom Lacks Minimum Contacts with the State of New York ........................13

    B.  Collateral Estoppel Precludes Plaintiffs from Relitigating the Issue of Personal Jurisdiction............................................................................................15

    C.  Plaintiffs' Service of the Notice of Petition and Petition Was Untimely ..............18

III. THIS COURT SHOULD VACATE THE SHERIFF'S LEVY.........................................20

CONCLUSION.....................................................................................................22

## TABLE OF AUTHORITIES

### CASES

*Alamo v. McDaniel*, 44 A.D.3d 149 (1st Dep't 2007) ..................................................16

*Baione v. Cent. Suffolk Hosp.*, 14 A.D.3d 635 (2d Dep't 2005)......................................20

*Bell v. N.Y.S. Dormitory Auth.*, 183 A.D.2d 530 (1st Dep't 1992)...................................15

*Breslin Realty Dev. Corp. v. Shaw*, 72 A.D.3d 258 (2d Dep't 2010) ...............................17

*Brooks v. Lefrak*, 188 A.D.2d 360 (1st Dep't 1992)..........................................................9

*Brown v. Blum*, No. 7069/98, 1999 WL 1042904 (N.Y. Sup. Ct. Aug. 10, 1999) ...........14

*City of New York v. College Point Sports Ass'n, Inc.*, 61 A.D.3d 33 (2d Dep't 2009) ...................16

*Copp v. Ramirez*, 62 A.D.3d 23 (1st Dep't 2009)............................................................14

*CRK Contracting of Suffolk, Inc. v. Jeffrey M. Brown & Assocs., Inc.*, 260 A.D.2d 530 (2d Dep't 1999) ............................................................................................................15

*Cummin v. Cummin*, 56 A.D.3d 400 (1st Dep't 2008) .......................................................9

*DeCastro v. Bhokari*, 201 A.D.2d 382 (1st Dep't 1994) ..................................................10

*Eber-NDC, LLC v. Star Indus., Inc.*, 823 N.Y.S.2d 492 (Sup. Ct. 2007)..........................12

*Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541 (S.D.N.Y. 2005) ..................17

*Estates of Ungar v. Palestinian Auth.*, 325 F. Supp. 2d 15 (D.R.I. 2004)..........................3

*Fox v. Tioga Constr. Co.*, 781 N.Y.S.2d 624 (Sup. Ct. 2004) ..........................................11

*Graev v. Graev*, 219 A.D.2d 535 (1st Dep't 1995)..........................................................12

*In re Cocolicchio*, 800 N.Y.S.2d 344 (Sup. Ct. 2005) .....................................................13

*In re Kitson & Kitson*, 40 A.D.3d 758 (2d Dep't 2007) ...................................................21

*In re N.Y. County DES Litig.*, 277 A.D.2d 158 (1st Dep't 2000) .....................................13

*Johnson v. Concourse Vill. Inc.*, 69 A.D.3d 410 (1st Dep't 2010).....................................18

*Kally v. Mount Sinai Hosp.*, 44 A.D.3d 1010 (2d Dep't 2007) ...........................................9

*Khedouri v. Equinox*, 73 A.D.3d 532 (1st Dep't 2010) ....................................................19

*Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28 (1990) ...................................14

*Le Sannom Bldg. Corp. v. Lassen*, 173 A.D.2d 249 (1st Dep't 1991)................................................13

*Levin v. Koslowski*, 45 A.D.3d 387 (1st Dep't 2007) .....................................................................16

*Martin v. Rosenzweig*, 70 A.D.3d 1112 (3d Dep't 2010) .................................................................17

*N.Y. Comm'r of Taxation and Finance v. Bank of N.Y.*, 275 A.D.2d 287 (1st Dep't 2000)............21

*Progressive Ins. Co. v. Vasquez*, 10 A.D.3d 518 (1st Dep't 2004)....................................................9

*Stanley Agency, Inc. v. Behind the Bench, Inc.*, No. 7661/08, 2009 WL 975790 (N.Y. Sup. Ct. Apr. 13, 2009) ...........................................................................................................................14

*Williams v. Rockefeller Ctr.*, 282 A.D.2d 285 (1st Dep't 2001)........................................................10

*Wordie v. Chase Manhattan Bank, N.A.*, 140 A.D.2d 435 (2d Dep't 1998)....................................21

## STATUTES AND RULES

N.Y. C.P.L.R. 301................................................................................................................13, 15

N.Y. C.P.L.R. 302................................................................................................................13, 15

N.Y. C.P.L.R. 306-b.............................................................................................................18, 21

N.Y. C.P.L.R. 602...................................................................................................................8, 9

N.Y. C.P.L.R. 3211.............................................................................................................15, 18

N.Y. C.P.L.R. 5232(a) ..............................................................................................................20

## OTHER AUTHORITIES

N.Y. C.P.L.R. 602 Practice Commentaries C602:3 (2005) ................................................................8

Orascom Telecom Holding S.A.E. ("Orascom") respectfully submits this memorandum of law in support of its motion, pursuant to N.Y. C.P.L.R. 306-b, 602, 3211, and 5232(a), to join proceedings, to dismiss, and for other relief with respect to a turnover proceeding filed and a sheriff's levy issued by the plaintiffs herein ("Plaintiffs").

For the past five years, Plaintiffs have relentlessly pursued Orascom in New York County in their attempt to enforce a default judgment entered against the Palestinian Authority (the "PA") and the Palestine Liberation Organization (the "PLO"). Orascom, however, was not in any way involved in the events that led to the entry of such judgment, and Orascom has only become a target of Plaintiffs' enforcement efforts because it holds property on behalf of an entity called the Palestine Investment Fund (the "PIF"), which is also not a judgment debtor. Moreover, as every court that has addressed the issue has recognized, Orascom is not subject to personal jurisdiction in New York. Nevertheless, Plaintiffs have remained undeterred, bombarding Orascom with numerous repetitive enforcement mechanisms in New York County, ranging from turnover proceedings to subpoenas seeking information concerning Orascom's contacts with the State of New York. As a result, Orascom has incurred significant costs in defending itself against each of Plaintiffs' repetitive efforts. Plaintiffs' efforts have also imposed significant burdens on this Court, as, for example, this Court has resolved numerous motions filed by Plaintiffs or Orascom and has held nine separate hearings in connection with such motions.

Despite the extensive litigation that has taken place in this Court as a result of Plaintiffs' attempts to enforce their judgment, Plaintiffs now seek to litigate against Orascom in Kings County. Specifically, Plaintiffs have filed a proceeding in Kings County seeking the turnover of the property Orascom holds for the PIF, which is the very same property that has been the

subject of litigation in this Court for the past five years. This is nothing more than forum shopping, and the time has come to put an end to Plaintiffs' repetitive efforts to pursue a foreign company that is not subject to personal jurisdiction in New York (or elsewhere in the United States). As such, this Court should resolve all issues arising from Plaintiffs' last remaining enforcement mechanisms, namely the turnover proceeding and sheriff's levy that are the subject of this motion.

Accordingly, Orascom respectfully requests that this Court enter an order (a) joining Plaintiffs' latest turnover proceeding with Plaintiffs' action already pending in this Court (Index No. 105521/05) involving enforcement of the exact same default judgment; (b) dismissing Plaintiffs' latest turnover proceeding because (i) this Court lacks personal jurisdiction over Orascom, (ii) collateral estoppel precludes Plaintiffs from relitigating the issue of personal jurisdiction, and (iii) the notice of petition and petition were not served within the 120 days required by N.Y. C.P.L.R. 306-b; (c) denying Plaintiffs' motion for an extension of time to serve the notice of petition and petition in their latest turnover proceeding on the grounds that (i) good cause is lacking and (ii) such an extension would not be in the interest of justice; (d) vacating the sheriff's levy; and (e) granting such other and further relief as the Court deems just and proper.

## BACKGROUND

### I.

### ORASCOM TELECOM HOLDING S.A.E.

Orascom is a telecommunications company, incorporated under the laws of Egypt, which provides services in the Middle East, Africa, and South Asia. (Declaration of Aldo Mareuse, sworn to on September 16, 2010 ("Mareuse Declaration" or "Mareuse Decl.") ¶ 4) Orascom does not do business in New York. (*See generally* Mareuse Declaration.)

Orascom has no connection to the Rhode Island default judgment (the "Judgment") that Plaintiffs are attempting to enforce against the judgment debtors, the PA and the PLO. *See Estates of Ungar v. Palestinian Auth.*, 325 F. Supp. 2d 15 (D.R.I. 2004). Orascom was not a party to the underlying action in the District of Rhode Island and is not alleged to have been involved in any way in the alleged conduct forming the basis of that action. Orascom holds no property belonging to the judgment debtors, the PA or the PLO, nor does Orascom owe any debt to those judgment debtors. (*See generally* Mareuse Declaration.) Instead, what is at issue is certain property that Orascom holds in Egypt for the PIF. (*Id.*) The PIF, however, also was not a party to the Rhode Island action and is not alleged to have had any involvement in that action. Moreover, Plaintiffs have never obtained any judicial determination in the United States that the PIF should be liable for the PA's obligations under the Judgment.

Moreover, as Orascom stated in its letter to the Court dated April 7, 2010 (Affirmation of Nicole Erb ("Erb Aff.") Ex. A), Orascom has been defending itself for four years against litigation brought by the PIF in Egypt in which the PIF is demanding delivery of the very same property that Plaintiffs have been pursuing in New York County. On March 27, 2010, an Egyptian court held that the PIF is allowed to recover its assets from Orascom notwithstanding the proceedings against Orascom in the United States concerning the same assets. A hearing is scheduled to take place on October 12, 2010, concerning Orascom's latest attempt to challenge the March 27, 2010 Order, and it is possible that the Egyptian court will issue a decision on Orascom's latest challenge as early as that date or shortly thereafter. Despite being aware of the Egyptian proceedings as early as 2007, Plaintiffs apparently have not sought to intervene in such proceedings.

- 3 -

## II.

## PLAINTIFFS' ENFORCEMENT ATTEMPTS AGAINST ORASCOM

### A.  NEW YORK COUNTY PROCEEDINGS

Despite the foregoing, for the past five years, Plaintiffs have besieged Orascom and its officials with numerous turnover proceedings and bombarded it with enforcement and discovery devices in courts in New York County.  On April 21, 2005, Plaintiffs registered the Judgment in this Court and then commenced an action to enforce the Judgment, titled *Estate of Ungar v. Palestinian Authority*, Index No. 105521/05 (the "First New York Action").  (Erb Aff. Exs. B, C)  Such action has been active and has remained pending in New York County since that time.  Less than one month later, on June 9, 2005, Plaintiffs commenced another proceeding in New York County, captioned *Estate of Ungar v. Orascom Telecom Holding S.A.E.*, Index No. 108090/05 (the "First Orascom Turnover Proceeding").  (Erb Aff. Ex. D)  Shortly after the commencement of these two proceedings, Plaintiffs and Orascom filed four motions before this Court, including Orascom's motion to dismiss the First Orascom Turnover Proceeding.

By order dated January 24, 2006, Administrative Judge Jacqueline Silbermann transferred the First New York Action and the First Orascom Turnover Proceeding from the then-presiding judges in this Court to Justice Kornreich, who was already presiding over another action involving Plaintiffs arising out of the same Judgment, *Palestine Monetary Authority v. Strachman*, Index No. 107777/05.  Justice Silbermann recognized that "all three matters arise out of the same judgment and may give rise to similar arguments and Justice Kornreich has familiarity with the background and can deal with all three cases in the most efficient manner possible." (Erb Aff. Ex. E)

Plaintiffs and Orascom then continued to litigate numerous matters in this Court before Justice Kornreich.  Among other things, Plaintiffs and Orascom filed seven separate motions

NEWYORK 7797758 (2K)

before this Court, including another motion to dismiss the turnover petition in the First Orascom Turnover Proceeding and motions with respect to the numerous subpoenas, restraining notices, and a sheriff's levy and execution Plaintiffs had issued in connection with the Judgment. In connection with these motions and other issues, five separate hearings were held in this Court. Also in connection with the proceedings pending before this Court, Orascom provided Plaintiffs with significant jurisdictional discovery, including depositions of Orascom's Chairman and Chief Executive Officer, Chief Financial Officer, and Chief Operational Officer; over 3,800 pages of documents; and written responses to an exhaustive list of thirty-four questions and eighty separate sub-questions regarding Orascom's jurisdictional contacts and its financial dealings with Palestinian entities.

In May 2007, Plaintiffs voluntarily discontinued the First Orascom Turnover Proceeding (but not the First New York Action) in favor of a federal action that they were planning to file against Orascom in New York County.

**B.   NEW YORK COUNTY SHERIFF'S LEVIES**

On September 8, 2005, Plaintiffs issued a sheriff's levy and execution out of the Office of the Sheriff in New York County. (Erb Aff. Ex. F) This Court granted Orascom's motion to quash the levy and execution in an order dated August 15, 2006, finding that they targeted no property located in New York and noting that "personal jurisdiction of [Orascom] is in doubt." (Erb Aff. Ex. G)

More recently, Plaintiffs issued another sheriff's levy and execution out of the Office of the Sheriff in New York County, dated February 17, 2010 (the "Latest Sheriff's Levy"). (Erb Aff. Ex. H) As discussed in more detail below, that levy expired by operation of law in May 2010. *See infra* pages 20-21.

C.    **RECENT DEVELOPMENTS**

    1.    **Kings County Subpoenas**

Despite the extensive litigation that has taken place in this Court in New York County, in 2008, Plaintiffs purported to issue subpoenas in connection with the Judgment out of the Supreme Court in Kings County, even though they had not filed an action against Orascom in such county, the Kings County court had no prior involvement with Plaintiffs' efforts to enforce the Judgment, and Orascom had absolutely no contacts with Kings County. Orascom moved to quash the subpoenas in this Court in light of such facts, among others, and this Court properly heard the motion, as well as Plaintiffs' subsequent motion for reargument. This Court held two additional hearings in connection with such motions.

    2.    **District of Columbia Proceedings**

In 2009, in an effort to improperly continue their restraint of Orascom in the United States, Plaintiffs issued a writ of attachment out of the District Court in the District of Columbia, even though such court had no prior involvement with Plaintiffs' attempts to enforce the Judgment against Orascom, and Orascom had absolutely no contacts with the District of Columbia. In opposing Orascom's motion to quash the writ, Plaintiffs conceded that Orascom lacks contacts with the District of Columbia or the United States and argued instead that Orascom's lack of contacts meant that Orascom had no due process rights and thus Orascom could not assert a defense of lack of personal jurisdiction. (Erb Aff. Ex. I at 7) The magistrate judge stated in his report and recommendation that Plaintiffs "positively acknowledge Movant's lack of contacts with the United States as a whole" and found Plaintiffs' argument to be "fallacious and border[ing] on outright sophistry." (Erb Aff. Ex. J at 8) The district court adopted the report in its entirety, rejected Plaintiffs' argument wholesale, and quashed the writ, finding that "[t]here is absolutely no dispute that Orascom has *no contacts whatsoever* with the

District of Columbia *or the United States*.  The law is crystal clear that in such a situation this Court has no personal jurisdiction over Orascom." (Erb Aff. Ex. K (emphases added)) (appeal pending)

### 3.    New York County Sheriff's Levy and Kings County Turnover Proceeding

As discussed above, on February 17, 2010, Plaintiffs issued the Latest Sheriff's Levy out of the Office of the Sheriff in New York County. (Erb Aff. Ex. H)  In an effort to extend that levy, in May 2010, Plaintiffs attempted to commence a turnover proceeding against Orascom in Kings County (the "Latest Orascom Turnover Proceeding"). (Erb Aff. Ex. L)  Plaintiffs' notice of petition was defective and did not specify the return date, instead stating that Plaintiffs would move "on the ____ day of June, 2010." (*Id.*)  As such, Orascom had no idea when Plaintiffs intended to seek relief from the Court, when any responsive papers would be due, or when Plaintiffs were planning to attempt to serve Orascom.  More than 120 days later, on September 15, 2010, Plaintiffs served a revised version of the notice of petition on counsel for Orascom, this time indicating a return date of November 23, 2010. (Erb Aff. Ex. M)  Substantively, the petition in the Latest Orascom Turnover Proceeding is virtually identical to the turnover petition Plaintiffs filed against Orascom in this Court in 2005. (Erb Aff. Exs. D, M)

The Latest Sheriff's Levy and the Latest Orascom Turnover Proceeding are the only enforcement mechanisms remaining against Orascom and are defective for the reasons set forth below.  Orascom now brings this motion in an attempt to dispose of Plaintiffs' enforcement attempts once and for all.

NEWYORK 7797758 (2K)

# ARGUMENT

## I.

## THIS COURT SHOULD JOIN THE LATEST ORASCOM TURNOVER PROCEEDING WITH THE FIRST NEW YORK ACTION

This Court should not indulge Plaintiffs' attempts to restart their enforcement proceedings against Orascom in Kings County, after five years of active litigation in New York County. Instead, the Latest Orascom Turnover Proceeding should be joined with the First New York Action in this Court (Index No. 105521/05), in which Orascom has repeatedly defended itself against Plaintiffs' various enforcement mechanisms, including various subpoenas and restraining notices issued by Plaintiffs.

N.Y. C.P.L.R. 602(a) provides for joinder in relevant part as follows: "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." N.Y. C.P.L.R. 602(a). This rule (addressing actions pending "before a court") applies rather than N.Y. C.P.L.R. 602(b) (addressing cases pending in different courts) because the Supreme Courts in different New York counties are considered part of the same "court" for purposes of N.Y. C.P.L.R. 602(a). N.Y. C.P.L.R. 602 Practice Commentaries C602:3 (2005). "Under CPLR 602(a), the standard for uniting separate actions is the same, regardless of whether the court orders consolidation or joint trial." *Id.* at C602:1.

As the First Department has recognized, "CPLR 602(a) gives the trial court discretion to consolidate actions involving common questions of law or fact. Although great deference is to be accorded to the motion court's discretion, there is a preference for consolidation in the interest of judicial economy and ease of decision-making where there are common questions of law and

fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right." *Progressive Ins. Co. v. Vasquez*, 10 A.D.3d 518, 519 (1st Dep't 2004) (reversing the denial of a motion to consolidate) (citations omitted); *see also Cummin v. Cummin*, 56 A.D.3d 400 (1st Dep't 2008) (affirming the grant of a motion for joint trial where "the two actions involve common questions of law and fact; a joint trial will avoid unnecessary duplication of proceedings, save unnecessary costs, and prevent the injustice that would arise from divergent decisions based on the same facts" and the non-moving party "failed to demonstrate that a joint trial will unduly prejudice a substantial right") (citations omitted); *Kally v. Mount Sinai Hosp.*, 44 A.D.3d 1010, 1010-11 (2d Dep't 2007) (finding that the lower court erred in denying a motion to consolidate, stating that "[w]here common questions of law or fact exist, a motion to consolidate should be granted absent a showing of prejudice to a substantial right by the party opposing the motion") (citations omitted). Moreover, with respect to the venue of consolidated proceedings, the First Department has held that "[m]otions to consolidate pursuant to CPLR 602(a) are addressed to the sound discretion of the court, 'subject to the general rule that, in the absence of special circumstances, where the actions have been commenced in different counties venue should be placed in the county having jurisdiction over the action first commenced.'" *Brooks v. Lefrak*, 188 A.D.2d 360, 360 (1st Dep't 1992) (citation omitted).

All relevant factors weigh in favor of joining the Latest Orascom Turnover Proceeding with the First New York Action in this Court. *First*, there are common questions of law and fact. Both proceedings involve Plaintiffs' attempts to enforce the same Judgment. (Erb Aff. Exs. B, C, M) Moreover, in light of the fact that Plaintiffs have pursued Orascom in both proceedings, and lack of personal jurisdiction over Orascom is a threshold issue that Orascom has consistently

raised, both proceedings involve common issues. (*See, e.g.*, Erb Aff. Ex. N (Orascom's memorandum of law in support of its motion to vacate a restraining notice issued by Plaintiffs out the First New York Action on the grounds of, among other things, lack of personal jurisdiction); *id.* at Ex. O (subpoenas issued by Plaintiffs under the caption of the First New York Action directed at obtaining information concerning Orascom's purported contacts with the United States); *see infra* pages 13-15 (addressing the lack of personal jurisdiction over Orascom in New York)) Indeed, as set forth above, Administrative Judge Silbermann transferred the First Orascom Turnover Proceeding and the First New York Action to this Court before Justice Kornreich, recognizing that "all three matters arise out of the same judgment and may give rise to similar arguments and Justice Kornreich has familiarity with the background and can deal with all three cases in the most efficient manner possible." (Erb Aff. Ex. E) Plaintiffs' claims in the First Orascom Turnover Proceeding and the Latest Orascom Turnover Proceeding are substantively the same, and there is no reason why they should be viewed differently or heard by different courts. As such, issues arising in the Latest Orascom Turnover Proceeding should be resolved by this Court, as was the case with the First Orascom Turnover Proceeding. *See Williams v. Rockefeller Ctr.*, 282 A.D.2d 285, 285 (1st Dep't 2001) (removing an action from Kings County and consolidating it for joint trial with an action in New York County, where "[b]oth actions were brought by the same plaintiff, arose out of the exact same incident, and involve the same causes of action" and the first action was commenced in New York).

*Second*, joining the proceedings will preserve judicial economy, as this Court is far more familiar with issues concerning Plaintiffs' attempts to enforce the Judgment than any other court. *See DeCastro v. Bhokari*, 201 A.D.2d 382, 382 (1st Dep't 1994) (affirming the lower court's grant of consolidation of a summary proceeding and a plenary action in light of, among other

- 10 -

things, "the interest of judicial economy"). This Court has been presiding over matters relating to enforcement of the Judgment since 2005. With respect to Plaintiffs' attempts to enforce the Judgment against Orascom, as set forth above, this Court has presided over nine different motions filed by Plaintiffs or Orascom and held seven separate hearings in connection with such motions. This Court has also addressed the threshold issue of personal jurisdiction over Orascom on numerous occasions. (*See, e.g.*, Erb Aff. Ex. G (August 15, 2006 order noting that "personal jurisdiction of [Orascom] is in doubt"); *see also id.* at Ex. P at 6:2-13, 68:4-5 (excerpt of transcript of hearing before this Court regarding subpoenas Plaintiffs had issued seeking information concerning Orascom's contacts with New York where this Court noted that "the issue [in this case] is really a jurisdictional issue whether the Court has any jurisdiction over Orascom" and that Plaintiffs had "already had a great deal of jurisdictional discovery")) This Court has also presided over a number of other proceedings concerning enforcement of the Judgment against other entities for years. *See, e.g., Estate of Ungar v. Palestinian Auth.*, Index No. 102101/06 (N.Y. Sup. Ct.); *Palestine Monetary Auth. v. Strachman*, Index No. 107777/05 (N.Y. Sup. Ct.). In contrast, no matters concerning the Judgment have ever been heard or resolved in Kings County. Thus, the Latest Orascom Turnover Proceeding and the First New York Action should be joined in the interests of preserving judicial economy. *See, e.g., Fox v. Tioga Constr. Co.*, 781 N.Y.S.2d 624 (Sup. Ct. 2004) (granting a motion for joint trials of certain actions where, among other things, the actions arose from the same accident and the court had had "substantial prior involvement in this matter, first by way of a motion for pre-action discovery . . . and then by way of a summary judgment motion" in one of the actions).

*Third*, Plaintiffs will not suffer any prejudice if the proceedings are joined. As set forth above, it was Plaintiffs who registered the Judgment in New York County in 2005 and chose to

actively litigate the enforcement of that Judgment in New York County for the last five years. In contrast, Orascom will suffer prejudice by having to relaunch its defense against Plaintiffs' proceedings before a new court that does not have this Court's intimate familiarity with the Judgment and Plaintiffs' related enforcement proceedings.

*Fourth*, no special circumstances exist that would justify deviating from the presumption that the venue of the first-filed action, New York County, is proper. *See Graev v. Graev*, 219 A.D.2d 535, 535-36 (1st Dep't 1995) (finding that the lower court erred in failing to remove a Suffolk action to New York County and consolidate it with the New York action "because the court determined that New York was the first county in which the complaint was served for purposes of CPLR 3211(a)(4) and as joint proceedings will serve judicial economy"). Indeed, the circumstances demonstrate that this Court should resolve the Latest Orascom Turnover Proceeding in New York County. In light of the extensive proceedings that have already taken place in this Court (including proceedings arising from Plaintiffs' First Orascom Turnover Proceeding and proceedings resulting in Orascom's production of significant jurisdictional discovery), the lack of any involvement of the Kings County court in Plaintiffs' enforcement attempts against Orascom, and the lack of any connection between Kings County and Orascom, there was no reason for Plaintiffs to attempt to commence a proceeding in Kings County. Plaintiffs are simply forum shopping in an attempt to find a more favorable forum, which this Court should not permit. *See Eber-NDC, LLC v. Star Indus., Inc.*, 823 N.Y.S.2d 492 (Sup. Ct. 2007) (finding that a motion to change the place of trial had to be denied in light of a pending motion for consolidation before another judge and stating that "it has been noted that forum shopping is destructive of the integrity of the courts and erodes public confidence in the judicial system.").

NEWYORK 7797758 (2K)

In light of the foregoing, this Court should join the Latest Orascom Turnover Proceeding with the First New York Action in this Court and resolve all issues related thereto in New York County. *See, e.g., In re N.Y. County DES Litig.*, 277 A.D.2d 158, 158 (1st Dep't 2000) (affirming the joinder of actions for trial where the actions shared common questions of law and fact and the defendants failed to demonstrate that a joint trial would be prejudicial to them); *Le Sannom Bldg. Corp. v. Lassen*, 173 A.D.2d 249, 250 (1st Dep't 1991) (joining an action with other matters pending before a particular judge where the matters involved the same premises and the judge was already presiding over two of those matters); *In re Cocolicchio*, 800 N.Y.S.2d 344 (Sup. Ct. 2005) (granting a motion to consolidate special proceedings and a plenary action where they involved common questions of law and fact).

## II.

## THIS COURT SHOULD DISMISS THE LATEST ORASCOM TURNOVER PROCEEDING FOR LACK OF PERSONAL JURISDICTION AND TIMELY SERVICE

### A.    Orascom Lacks Minimum Contacts with the State of New York

As Orascom has consistently asserted over the past five years, no personal jurisdiction exists over Orascom in New York.  In New York, courts may exercise personal jurisdiction over foreign corporations pursuant to N.Y. C.P.L.R. 301, which provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore," or N.Y. C.P.L.R. 302, which permits the exercise of personal jurisdiction where the cause of action at issue arises from one of several enumerated acts committed by the defendant within the state, provided that the foreign corporations have sufficient contacts with the state to satisfy due process. N.Y. C.P.L.R. 301; N.Y. C.P.L.R. 302.  Neither rule provides a basis for the exercise of personal jurisdiction over Orascom in New York.

As the New York Court of Appeals has held, "[a] foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted. . . . The court must be able to say from the facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33-34 (1990) (citations omitted). Despite the fact that personal jurisdiction has been an issue in each of the numerous proceedings Plaintiffs have brought against Orascom over the past five years, with respect to contacts with the State of New York, the petition in the Latest Orascom Turnover Proceeding contains nothing more than Plaintiffs' boilerplate conclusory allegations that Orascom "continuously and permanently does extensive and substantial business in the State of New York" and "maintains assets within the State of New York." (Erb Aff. Ex. M ¶¶ 12-13) Such conclusory allegations should be given no weight. *See, e.g., Stanley Agency, Inc. v. Behind the Bench, Inc.*, No. 7661/08, 2009 WL 975790, at *4 (N.Y. Sup. Ct. Apr. 13, 2009) ("'The court will not find personal jurisdiction based on conclusory and unsubstantiated assertions'") (citations omitted); *Brown v. Blum*, No. 7069/98, 1999 WL 1042904, at *2 (N.Y. Sup. Ct. Aug. 10, 1999) (same). Moreover, these allegations are demonstrably false.

As set forth in the Mareuse Declaration, Orascom lacks the minimum contacts with the State of New York required by due process principles for the exercise of personal jurisdiction. *See, e.g., Copp v. Ramirez*, 62 A.D.3d 23, 31 (1st Dep't 2009) ("Due process is satisfied if (1) defendants had 'minimum contacts' with New York State so they could reasonably foresee defending a suit here, and (2) the prospect of defending a suit in New York State comports with 'traditional notions of fair play and substantial justice') (citations omitted). Orascom is

NEWYORK 7797758 (2K)

organized under the laws of Egypt and has its principal place of business in Egypt. (Mareuse Decl. ¶ 4) Orascom is not registered to do business in New York. (*Id.* at ¶ 5) Orascom does not maintain an office in New York. (*Id.*) Orascom does not have any bank accounts in New York. (*Id.* at ¶ 9) Orascom does not hold any property (real or otherwise) in New York. (*Id.*) Orascom does not have any officers, employees, sales personnel or authorized business agents in New York. (*Id.* at ¶ 6) Orascom does not have any operations, make any sales, solicit any business, derive any revenues, or maintain a warehouse for the storage of goods in New York, and Orascom does not ship products to New York. (*Id.* at ¶ 8) Accordingly, Orascom is not "doing business" in New York and cannot be subject to jurisdiction under N.Y. C.P.L.R. 301.

Moreover, as set forth above, Orascom had no involvement in any of the acts underlying the Judgment, and Plaintiffs do not contest this fact in the petition. As such, Orascom is not subject to jurisdiction under N.Y. C.P.L.R. 302 either, and the Latest Orascom Turnover Proceeding should be dismissed. N.Y. C.P.L.R. 3211(a)(8).

## B.     Collateral Estoppel Precludes Plaintiffs from Relitigating the Issue of Personal Jurisdiction

Plaintiffs should not be afforded yet another opportunity to litigate the issue of personal jurisdiction over Orascom. "It is well established that, under New York law, the doctrine of collateral estoppel will be invoked to preclude repetitive litigation of an issue, where the identical issue was necessarily decided in a prior action, and there was a full and fair opportunity to contest the decision now said to be controlling." *Bell v. N.Y.S. Dormitory Auth.*, 183 A.D.2d 530, 531 (1st Dep't 1992); *CRK Contracting of Suffolk, Inc. v. Jeffrey M. Brown & Assocs., Inc.*, 260 A.D.2d 530, 531 (2d Dep't 1999) ("The two basic requirements of the doctrine are that the party seeking to invoke collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action, and the party to be precluded

from relitigating the issue must have had a full and fair opportunity to contest the prior determination.") (citation omitted). "While the proponent of collateral estoppel has the burden of demonstrating that the issue in question is identical and decisive, it is the opponent's burden to show the absence of a full and fair opportunity to litigate the issue in the prior determination." *Alamo v. McDaniel*, 44 A.D.3d 149, 154 (1st Dep't 2007); *City of New York v. College Point Sports Ass'n, Inc.*, 61 A.D.3d 33, 42 (2d Dep't 2009) ("The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior proceeding, and is decisive of the present action. The party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination.") (citations omitted).

All relevant factors weigh in favor of applying collateral estoppel here. *First*, the identical dispositive issue of personal jurisdiction was decided as between these same parties just a few weeks ago. Specifically, on September 8, 2010, the District of Columbia District Court quashed the writ of attachment Plaintiffs issued out of that court against Orascom, holding that it is "crystal clear" that there is no personal jurisdiction over Orascom because "[t]here is absolutely *no dispute* that Orascom has no contacts whatsoever with the District of Columbia *or the United States.*" (Erb Aff. Ex. K (emphases added))

*Second*, Plaintiffs had a full and fair opportunity to litigate the issue of personal jurisdiction. Instead of litigating the issue, however, as they have done on numerous occasions in the past, they conceded that Orascom has no contacts with the United States. (Erb Aff. Ex. I at 7) Having made this strategic choice, Plaintiffs cannot now claim that they did not have a full and fair opportunity to litigate the issue of personal jurisdiction. *See Levin v. Koslowski*, 45 A.D.3d 387, 388 (1st Dep't 2007) (finding that plaintiffs were collaterally estopped from arguing

- 16 -

whether Bermuda law governs their claims and that they had had a full and fair opportunity to litigate the issue where the plaintiff in a prior federal action had conceded that Bermuda law applied, stating that "[h]aving lost that battle, plaintiffs will not be permitted a second bite at the apple to argue that they state viable claims under New York law"); *see also Breslin Realty Dev. Corp. v. Shaw*, 72 A.D.3d 258, 265 (2d Dep't 2010) ("[T]he debtors had ample opportunity to raise their malpractice claims as objections to the fee award. Accordingly, we conclude that the plaintiffs failed to meet their burden of demonstrating under the doctrine of collateral estoppel that they lacked a full and fair opportunity to litigate the legal malpractice claim in the Bankruptcy Court."); *Martin v. Rosenzweig*, 70 A.D.3d 1112, 1114 (3d Dep't 2010) ("Since plaintiff clearly made a voluntary choice to accept an ACOD in settlement of the charges against him, rather than pursue his right to trial and, ultimately, to an appeal of the probable cause determination, he is precluded from relitigating that determination.").

*Third*, application of collateral estoppel will promote judicial economy. Personal jurisdiction has been a central issue with respect to each of the numerous enforcement proceedings Plaintiffs have brought against Orascom over the past five years, including in motions filed in this Court. Despite Plaintiffs' numerous duplicative and burdensome enforcement attempts, no court has ever found that Orascom has sufficient contacts with the State of New York such that personal jurisdiction could be exercised over Orascom in New York (or elsewhere in the United States). Indeed, the courts that have considered Orascom's contacts have concluded that they lacked personal jurisdiction over Orascom. *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 552 (S.D.N.Y. 2005) (holding that the court cannot exercise personal jurisdiction over Orascom in New York because "[t]he total of Orascom's contacts with the United States is insufficient to satisfy the requirements of due process"); Erb

Aff. Ex. K (D.D.C. order described above).   Allowing Plaintiffs to relitigate the personal jurisdiction issue not only would be improper, but would constitute a tremendous waste of judicial resources.   Accordingly, this Court should dismiss the Latest Orascom Turnover Petition because collateral estoppel precludes Plaintiffs from contesting Orascom's lack of contacts with the State of New York.   N.Y. C.P.L.R. 3211(a)(5).

**C.    Plaintiffs' Service of the Notice of Petition and Petition Was Untimely**

Plaintiffs failed to serve the notice of petition and petition in the Latest Orascom Turnover Proceeding by the deadline imposed by N.Y. C.P.L.R. 306-b, which provides in relevant part as follows:

> Service of the . . . petition with a notice of petition . . . shall be made within one hundred twenty days after the filing of the . . . petition . . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

N.Y. C.P.L.R. 306-b.  Plaintiffs claim that they filed the petition in the Latest Orascom Turnover Proceeding on May 14, 2010, with the 120-day period ending on September 13, 2010.  (Erb Aff. Ex. Q ¶ 7)  As set forth above, Plaintiffs' notice of petition was defective in that it was missing the return date.  Moreover, Plaintiffs did not serve a version of the notice of petition indicating the return date until September 15, 2010, after the 120-day period had expired.  Accordingly, this Court should dismiss the Latest Orascom Turnover Proceeding for this reason as well. *See, e.g., Johnson v. Concourse Vill. Inc.*, 69 A.D.3d 410, 410 (1st Dep't 2010) (denying plaintiff's motion for an extension pursuant to N.Y. C.P.L.R. 306-b despite plaintiff's service of the pleading one day after the 120-day time limit expired where there was no evidence that the corporate defendants could not be located or served through the Secretary of State).

- 18 -

No good cause exists to extend the time for service.  In a motion for an extension of the time to serve Plaintiffs have filed in the Latest Orascom Turnover Proceeding, Plaintiffs claim that good cause exists because they had to wait for Orascom representatives to come to New York in order to avoid incurring translation costs that would be necessary in order to serve under the Hague Service Convention.  (Erb Aff. Ex. Q ¶¶ 9-16)  This is simply not true.  As early as July 29, 2009, Plaintiffs were contemplating filing another state court turnover proceeding.  (Erb Aff. Ex. R ¶ 12 (Plaintiffs stating in a July 29, 2009 affirmation that they decided they would file a turnover proceeding against Orascom in Brooklyn if their federal action was dismissed; Plaintiffs' last federal action against Orascom was dismissed in 2008))  Orascom representatives were present in the State of New York in September 2009, but instead of serving their turnover papers then, Plaintiffs instead inexplicably chose to serve the District of Columbia writ discussed above.  Thus, their current purported predicament is the result of their own strategic decision, and no good cause exists.

Nor is an extension of the time to serve "in the interest of justice."  Plaintiffs have provided no support for the proposition that justice is served by permitting judgment creditors to employ numerous burdensome enforcement mechanisms against a non-party to a judgment that is holding assets on behalf of another non-party to the judgment.  In fact, the interests of justice weigh against granting an extension, as it is Orascom who has been severely prejudiced by the burden and expense of responding to Plaintiffs' baseless and duplicative proceedings for five years.  This Court should not allow such proceedings to continue any further.

Moreover, Plaintiffs have failed to demonstrate the existence of a meritorious cause of action.  The Latest Orascom Turnover Proceeding is nothing more than a reiteration of the First Orascom Turnover Proceeding and suffers from the same jurisdictional defects.  Accordingly,

- 19 -

Plaintiffs' motion should be denied, and the Latest Orascom Turnover Proceeding should be dismissed. *See, e.g.*, *Khedouri v. Equinox*, 73 A.D.3d 532, 532 (1st Dep't 2010) (finding that because plaintiff made no attempt to properly serve defendant within the 120-day time period there was no good cause and an extension in the interest of justice was not warranted in light of "the absence of any showing by plaintiff of a meritorious cause of action"); *Baione v. Cent. Suffolk Hosp.*, 14 A.D.3d 635, 636 (2d Dep't 2005) (finding that the lower court improperly granted an extension where the record supported a finding that there was a lack of diligence in effecting service and a "complete failure to establish the existence of a meritorious cause of action").

### III.

### THIS COURT SHOULD VACATE THE LATEST SHERIFF'S LEVY

The Latest Sheriff's Levy expired in May 2010 and is therefore void. N.Y. C.P.L.R. 5232(a) provides in relevant part as follows:

> At the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, upon motion of the judgment creditor . . . has provided, the levy shall be void except as to property or debts which have been transferred or paid to the sheriff or to the support collection unit or as to which a proceeding under sections 5225 or 5227 has been brought.

N.Y. C.P.L.R. 5232(a). In other words, in order to extend the duration of a sheriff's levy past the 90-day period specified in this rule, a judgment creditor must either prevail on a motion for an extension or bring a proceeding in court. As set forth above, personal jurisdiction is lacking over Orascom. *See supra* pages 13-15. Therefore, Plaintiffs, as judgment creditors, cannot obtain relief against Orascom either by motion or in a proceeding in New York. As such, the Latest Sheriff's Levy expired in May 2010 and is void. Moreover, because Orascom is not subject to personal jurisdiction in New York, this Court cannot reach the property at issue. (Erb

Aff. Ex. G (order in which this Court vacated Plaintiffs' first levy and execution, finding that the levy and execution targeted no property located in New York and personal jurisdiction over Orascom was in doubt))  As such, the Latest Sheriff's Levy should be vacated for this reason as well.

Even if personal jurisdiction could be exercised over Orascom, which it cannot, the Sheriff's Levy has nevertheless expired.  Plaintiffs attempted to bring a proceeding pursuant to N.Y. C.P.L.R. 5225 or 5227 within the ninety days required under N.Y. C.P.L.R. 5232(a), but the notice of petition omitted the return date, and the papers were not served on Orascom at that time or within the 120-day time period required by N.Y. C.P.L.R. 306-b.  *See supra* page 7. Moreover, Plaintiffs have not filed any motion to extend the duration of the levy.  As such, the Latest Sheriff's Levy expired by operation of law in May 2010, is void, and should be vacated. *See, e.g., N.Y. Comm'r of Taxation and Finance v. Bank of N.Y.*, 275 A.D.2d 287, 290 (1st Dep't 2000) ("Failing adherence to statutory criteria for the timely perfection of its interest in the judgment debtor's account and in the absence of a court order of extension, petitioner's levy expired by operation of law after 90 days"); *In re Kitson & Kitson*, 40 A.D.3d 758, 760 (2d Dep't 2007) (court held that levy expired and became void when judgment creditor failed to move to extend the levy within ninety of service of the execution); *Wordie v. Chase Manhattan Bank, N.A.*, 140 A.D.2d 435, 436 (2d Dep't 1998) (finding plaintiff's failure to pursue statutory mechanisms to perfect levy or to seek an extension of execution allowed the levy to lapse and thus become void).

NEWYORK 7797758 (2K)

## CONCLUSION

For the foregoing reasons, Orascom respectfully requests that the Court enter an order (a) joining Plaintiffs' latest turnover proceeding with the action already pending in this Court (Index No. 105521/05) involving enforcement of the exact same default judgment at issue here; (b) dismissing Plaintiffs' latest turnover proceeding because (i) this Court lacks personal jurisdiction over Orascom, (ii) collateral estoppel precludes Plaintiffs from re-litigating the issue of personal jurisdiction, and (iii) the notice of petition and petition were not served within the 120 days required by N.Y. C.P.L.R. 306-b; (c) denying Plaintiffs' motion for an extension of time to serve the notice of petition and petition in their latest turnover proceeding on the grounds that (i) good cause is lacking and (ii) such an extension would not be in the interest of justice; (d) vacating the sheriff's levy; and (e) granting Orascom such other and further relief as the Court deems just and proper.

Dated: Washington, D.C.
        September 30, 2010

WHITE & CASE LLP

By: _____
        Christopher M. Curran
        Nicole Erb
        701 Thirteenth Street, N.W.
        Washington, D.C. 20005
        Tel:  (202) 626-3600
        Fax:  (202) 639-9355

        *Counsel for Orascom Telecom
        Holding S.A.E.*