# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

  v.                                                                            Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS-JUDGMENT CREDITORS'
MOTION FOR A PROTECTIVE ORDER AND AN ORDER QUASHING DEPOSITION
NOTICES OR, ALTERNATIVELY, FOR AN ORDER OF PRECLUSION**

## RELEVANT BACKGROUND

On June 1, 2010, Judge Lagueux entered a Pre-Hearing Order scheduling an evidentiary hearing on Defendants' Rule 60(b)(6) motion to vacate, authorizing and setting a schedule for discovery and directing and scheduling certain pre-hearing disclosures. Dkt. # 489.

As discussed below, the disclosure provisions of Rule 26 do not apply to a post-judgment hearing on a motion to vacate. Recognizing that fact, in the months after entry of the Pre-Hearing Order the Defendants repeatedly sought the Ungars' agreement to stipulate to a disclosure schedule roughly patterned on Rule 26. After consideration the Ungars declined these proposals.

Dissatisfied with the schedule set in the Court's Pre-Hearing Order, and with the Ungars' refusal to stipulate to a Rule 26-like disclosure schedule, Defendants then changed their tune and began to insist that Rule 26's disclosure provisions apply to the hearing on their motion – a position that conflicts directly with Defendants' earlier requests that the Ungars stipulate to such disclosures and Defendants' own failure to serve the initial disclosures required by Rule 26(a)(1).

As part of their campaign to unilaterally impose Rule 26 requirements on these proceedings – or at least those provisions of Rule 26 that advance their interests – Defendants served expert witness disclosures and began to demand that the Ungars do the same.

In response, the Ungars informed the Defendants, repeatedly, that neither the disclosure nor the timing provisions of Rule 26 apply to post-judgment hearings of this type (as Defendants themselves previously conceded by their attempts to obtain a stipulation governing disclosures and their failure to serve initial disclosures), and that the Ungars would disclose their witnesses to the extent, and only to the extent, required by the Pre-Hearing Order.[1]

At the same time, the Ungars generally agreed to respond to discovery requests propounded by the Defendants seeking information regarding the Ungars' witnesses, at such time as the Ungars learned of and decided on the identity of their witnesses, and without derogating from their objections to those requests.

Over the past weeks the Ungars began to inform the Defendants of the identity of some of the expert witnesses they may use at the hearing, in response to the Defendants' discovery requests (not withstanding the Ungars' objections to those requests).

Defendants have now served the Ungars' counsel with a blizzard of deposition notices purporting to require the Ungars to cause their experts to appear to be deposed:

First, the Defendants purported to notice the depositions of: Shlomo Politis at 10:00 a.m. on November 16, 2010 in Jerusalem; Daniel Reisner at 10:00 a.m. on November 18, 2010 in Jerusalem; and Roni Shaked at 10:00 a.m. on November 19, 2010 in Jerusalem. Exhibits A-C.

---

[1] Consistent with their position, the Ungars have not taken, nor sought to take, depositions of Defendants' purported experts.

Then, after the Ungars' counsel informed Defendants' counsel that they would not be producing the aforementioned Israeli witnesses and would be moving for a protective order, Defendants noticed the following slew of additional depositions – most of them simultaneous:

> Dr. Boaz Shnoor at 9:00 a.m. on November 18, 2010 in Washington, D.C.;
> Professor Barry Rubin at 9:00 a.m. on November 18, 2010 in Washington, D.C.;
> Dr. Lone Thanning at 10:00 a.m. on November 18, 2010 in Providence;
> Dr. Matthew Levitt at 9:00 a.m. on November 19, 2010 in Washington, D.C.;
> Professor Emanuel Gross at 9:00 a.m. on November 19, 2010 in Washington, D.C.; and
> Dr. Allan Brenman at 10:00 a.m. on November 19, 2010 in Providence.

Exhibits D-I.

Defendants have not served subpoenas on any of these experts; instead, they have served deposition notices for these witnesses on the Ungars' counsel, on the grounds that Rule 26 requires the Ungars to cause them to appear for deposition.

As shown below, these notices are improper because Rule 26 does not apply here and because some of the witnesses are experts on foreign law and would be exempt from Rule 26's provisions even if they applied.

If the Court finds that Rule 26 applies to these proceedings and requires the Ungars to produce these witnesses for deposition they will of course do so. However, if Rule 26 applies here then Defendants are in breach of the initial disclosure provisions of Rule 26(a)(1). Accordingly, the Ungars move in the alternative, i.e. if the Court finds that Rule 26 does apply to these proceedings, for an order pursuant to Rule 37(c)(1) precluding the Defendants from presenting any evidence or testimony at the hearing on their motion to vacate, due to their failure to provide the initial disclosures required by Rule 26(a)(1).

## ARGUMENT

**I.        Rule 26 Does Not Apply to the Instant Proceedings**

Defendants' pending motion is a motion to vacate under Rule 60(b)(6). The hearing on that motion is not a trial. Nor is it a quasi-trial (like a motion for summary judgment).

The hearing on Defendants' motion, like the hearing on any other motion (except for a summary judgment motion which has its own special rules), is governed by Rule 43(c), which provides that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." This provision "invests the district court with considerable discretion to tailor the proceedings to the practical realities surrounding the particular motion." *Stewart v. M.D.F.*, 83 F.3d 247, 251 (8th Cir. 1996).

In exercise of that discretion, Judge Lagueux ordered an evidentiary hearing on Defendants' motion and issued a Pre-Hearing Order permitting discovery and setting a disclosure schedule.

Thus, the ground-rules for the hearing on Defendants' motion, including discovery and the substance and timing of the parties' expert disclosures relating thereto are governed by Rule 43(c) and the Pre-Hearing Order, and not Rule 26.

Indeed, by its own explicit terms, Rule 26(a)(2)(A) applies only to expert witnesses that a party "may use at <u>trial</u>." *Id*. (emphasis added). Therefore, except for summary judgment motions (which are a quasi "trial"), Rule 26(a)(2) does not apply to hearings on motions. *See e.g.* Wright & Miller 8A *Fed. Prac. & Proc. Civ.* § 2031.1 ("the disclosure requirement is keyed to trial" and "may not apply to use of experts in various pretrial or nontrial activities."); *UAW v. General Motors Corp.*, 235 F.R.D. 383, 388 (E.D. Mich. 2006) *aff'd*, 497 F.3d 615 (6th Cir. 2007) (The mandatory expert disclosure requirements of Rule 26 do not apply to expert declarations

4

presented at a fairness hearing in support of a proposed class-action settlement because "Rule 26 is a trial-oriented discovery rule" and is not directed toward such hearings); *City of Owensboro v. Ky. Utils. Co.*, 2008 WL 4542706 at *1 (W.D.Ky. 2008) ("Expert testimony that does not comply with Rule 26 is ... only excluded at trial and may be properly considered on a *Daubert* determination.") (internal brackets omitted) (quoting *Florists' Mutual Insurance Co. v. Lewis Taylor Farms, Inc.*, 2008 WL 875493, *17 n. 12 (M.D.Ga. 2008)).

Thus, the expert disclosure provisions of Rule 26 do not apply to hearings on motions (other than summary judgment motions).

The only basis for requiring a party to cause its expert to appear to be deposed in response to a deposition notice served on the party is Rule 26(b)(4)(A), which provides that a "party may depose any person who has been identified as an expert whose opinions may be presented <u>at trial</u>." *Id*. (emphasis added).

Since the Ungars' experts are testifying at a hearing, not a trial, and since the expert disclosure rules of Rule 26 do not apply to hearings, the Ungars have no obligation to cause their potential experts to appear for depositions in response to the notices served by the Defendants.

Accordingly, the Court should find that the Ungars are not obligated to cause the expert witnesses whose testimony they may present at the hearing to appear to be deposed by the Defendants and should quash the notices of deposition served on the Ungars' counsel.

## II. The Provisions of Rule 26 Do Not Apply to Experts on Foreign Law

Even assuming that Rule 26 was applicable here, a protective order and an order of quashal should issue regarding the notices for the depositions of Dr. Boaz Shnoor and Professor

manuel Gross, who are experts on Israeli law and intend to testify that the Amended Complaint states causes of action under Israeli law, contrary to the claims of Defendants' putative expert.[2]

Experts on foreign law are not subject to the expert disclosure requirements of Rule 26. *See e.g. Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2141296 at *4 (N.D.Cal. 2007) ("Plaintiff ... seeks to compel Defendants to produce a report for all experts whom Defendants identified, including those who are testifying pursuant to Rule 44.1 and not providing evidence under Rule 702. However, Rule 44.1 by its plain language does not require a written report from persons who will be providing testimony only to assist the court in making determinations of foreign law ... Accordingly, Defendant need not provide the expert reports of any person who will be providing information on foreign law solely to the court."); *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3 at *9 (D.D.C. 1999) (same).

Thus, a protective order should issue in respect to defendants' notices of deposition for Dr. Boaz Shnoor and Professor Emanuel Gross, and those deposition notices should be quashed, even if the Court finds Rule 26 applicable.

---

[2] The Ungars have filed a motion in limine to bar Defendants' from challenging the sufficiency of the Israeli causes of action set forth in the Amended Complaint, on the grounds that the sufficiency of those claims has already been litigated and cannot be re-litigated in the context of a motion to vacate. *See* dkt. # 585. If the Ungars' motion in limine is granted, the testimony of Dr. Shnoor and Professor Gross will become moot and they will not testify. The Ungars have identified these experts solely out of an abundance of caution, in case their motion in limine is denied.

**III.    If Rule 26 Applies Defendants Should Be Precluded from Submitting Evidence or Testimony in Light of Their Failure to Provide Initial Disclosures**

While Defendants are seeking to impose *certain* provisions of Rule 26 on the Ungars – provisions that they believe serve their own interests – they have failed to comply with the most fundamental obligation of Rule 26: to provide the initial disclosures mandated by Rule 26(a)(1).

Defendants cannot have it both ways: they cannot insist that Rule 26 applies to the instant proceedings for the purpose of requiring the Ungars to cause their expert witnesses to appear for depositions, and at the same time flaunt the provisions of Rule 26(a)(1) with impunity.

Indeed, if Defendants had provided Rule 26(a)(1) initial disclosures the Ungars would have been able to focus their discovery accordingly. But they did not, and now discovery is over.

Accordingly, if the Court finds that Rule 26 applies to the instant proceedings, it should issue an order pursuant to Rule 37(c)(1) precluding Defendants from submitting any evidence or testimony in support of their motion to vacate, due to their failure to comply with Rule 26(a)(1).

**WHEREFORE**, the Ungars' motion should be granted.

Dated: November 17, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

/s/ David Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 17, 2010, I filed this memorandum via ECF which served the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/s/ David Strachman