# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF YARON UNGAR, et al.

                Judgment Creditors,

    v.                                           Civ. No. 05-mc-180-AK

THE PALESTINIAN AUTHORITY, et al.

                Judgment Debtors,
    - and -

ORASCOM TELECOM HOLDING S.A.E.

                Garnishee.

## JUDGMENT CREDITORS' AMENDED OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF AUGUST 3, 2010

### Introduction

    The Judgment Creditors ("Ungars") submit these Amended[*] Objections to the Report and Recommendation issued by Magistrate Judge Alan Kay on August 3, 2010 (dkt. # 100) that recommended granting the Motion to Quash the Writ of Attachment filed by Garnishee Orascom Telecom Holding S.A.E. ("Orascom").

    Magistrate Judge Kay's report and recommendation involves a dispositive matter, since it recommended quashing the Ungars' writ of attachment on the $45 million debt at issue.

    If that recommendation is adopted by a district judge this Court's restraint on that debt would be lifted and the Ungars' pending Traverse proceeding (dkt. # 89), which seeks an order commanding Orascom to pay the debt to the Ungars, would be extinguished.

---

    [*] These Amended Objections are identical to the Objections filed by the Ungars on August 16, 2010 (dkt. # 101) other than some typographical errors that have been corrected in this version.

In short, Magistrate Judge Kay's recommendation, if affirmed by a district judge, will extinguish *in toto* the Ungars' enforcement proceedings against Orascom in this Court.

Accordingly, the recommendation is subject to de novo review by a district judge. For the reasons below Magistrate Judge Kay's recommendation is erroneous and should be rejected.

## ARGUMENT

Orascom sought to dismiss on two grounds only: lack of personal jurisdiction and ineffective service of process.[1] Magistrate Judge Kay recommended dismissal solely on the basis of lack of personal jurisdiction and did not reach the issue of service of process. *See* dkt. #100 at 9, n. 9 ("Because of the undersigned's recommendations on the question of personal jurisdiction, it is unnecessary to address the adequacy of service of process at this time.").

In their opposition to Orascom's motion, the Ungars asserted that this Court has personal jurisdiction over Orascom under Super.Ct.Civ.R. 4(k)(2).

The magistrate judge rejected this argument on two grounds, both of which were in error:

The magistrate judge's first ground was that exercise of jurisdiction would not be "consistent with the Constitution" as required by Rule 4(k)(2), because the Ungars had not met their initial burden of showing that Orascom has sufficient contacts with the District of Columbia or the United States as a whole. *See id.* at 4 ("the plaintiff bears the burden of establishing a factual basis for the court's personal jurisdiction over the party opposing jurisdiction.").

---

[1] By agreement of the parties, Orascom has reserved the right to assert other defenses if the instant motion is denied.

2

This holding was in error because (as discussed in the Ungars' opposition to Orascom's motion, *see* dkt. # 91 at 6-7) the declaration submitted by Orascom in support of its motion expressly asserted that Orascom has no contacts or presence whatsoever in the United States. *See* dkt. # 90, Declaration of Rodolphe Aldo Mario Mareuse at ¶¶ 4-9.

By asserting in its opening motion papers that it has no contacts or presence whatsoever in the United States, Orascom **waived any claim to Due Process protections**, because under the law of this Circuit, a party with no contacts with the United States has no Due Process rights:

> A citizen of a foreign state "without property or presence in this country has no constitutional rights, under the due process clause or otherwise." *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 22 (D.C.Cir. 1999), cert. denied 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 788 (2000); *see also 32 County Sovereignty Comm. v. Dep't of State*, 292 F.3d 797, 799 (D.C.Cir. 2002). Aliens who have "come within the territory of the United States and developed substantial connections with this country," by contrast, are entitled to constitutional protections. *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 201 (D.C.Cir. 2001) (emphasis omitted) ("NCOR").

*Al-Aqeel v. Paulson*, 568 F.Supp.2d 64, 69 (D.D.C. 2008).

Thus, by denying any and all contacts with the United States, Orascom "pled itself **into** court" from a Due Process perspective, and relieved the Ungars of any duty to prove that Orascom has constitutionally-sufficient minimum contacts. Simply put, once Orascom **waived** any Due Process protections by denying all contacts with the United States, any attempt by the Ungars to prove constitutionally-adequate contacts would have been irrelevant, if not bizarre.

Accordingly, the magistrate judge's finding that the Ungars had an initial burden to show minimum contacts even **after** Orascom had filed opening papers asserting that it has no contacts

3

with the United States – which constituted an admission that Orascom is an entity that **has no Due Process rights in the first place** – was in error.

This error can be further demonstrated by reference to proceedings under the Foreign Sovereign Immunities Act ("FSIA") and the fact that under the law of this Circuit foreign states and their agencies and instrumentalities do not have Due Process rights. *See Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 96 (D.C. Cir. 2002); *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296, 301-302 (D.C. Cir. 2005).

Because foreign states and their agencies and instrumentalities lack Due Process rights to begin with, FSIA plaintiffs are not required to make any showing of minimum contacts.

The very same logic applies here: once Orascom asserted that it lacks all contacts with the United States, which assertion constituted an admission that it lacks any Due Process rights, the Ungars were not required – any more than FSIA plaintiffs are required – to then attempt to prove that Orascom has constitutionally-sufficient minimum contacts.

Therefore, the magistrate judge's ruling on this issue should be reversed.

Magistrate Judge Kay's second ground for finding a lack of personal jurisdiction under Rule 4(k)(2) was that the Ungars had failed to show that "the exercise of jurisdiction is consistent with … applicable law." Dkt. # 100 at 7, n. 6. The magistrate judge rejected the Ungars' claim that the phrase "applicable law" refers merely to the laws establishing the underlying claim (here, the D.C. statutes governing attachment and garnishment) on the grounds that such a construction would "vitiate Section 13-423 and the other jurisdictional statutes in force in the District,

4

impermissibly expanding the personal jurisdiction by permitting the courts of the District of Columbia to exercise jurisdiction over parties lacking any connection to the forum."). *Id*.

This holding, too, was in error. Rule 4(k)(2), like the other provisions of Super.Ct.Civ.R. 4, is patterned on the Federal Rules of Civil Procedure. *See* Super.Ct.Civ.R. 4, Editor's Notes Comment ("Federal Rule of Civil Procedure 4 was substantially revised and reorganized effective December 1, 1993. In order to maintain uniformity with the Federal Rule to the maximum extent feasible, Superior Court Rule of Civil Procedure 4 has been similarly revised and reorganized to match the structure and substance of the new Federal Rule in large part.").

Thus, D.C. Civil Rule 4(k)(2) is analogous to Fed.R.Civ.P. 4(k)(2), which also permits the exercise of jurisdiction over a defendant if "exercising jurisdiction is consistent with the United States Constitution **and laws**." (Emphasis added).

The phrase "consistent with the United States … laws" included in Fed.R.Civ.P. 4(k)(2) means simply that there is no law that **prohibits** such service. *See e.g. Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000) ("Rule 4(k)(2) ... permits jurisdiction to be exercised by the service of process even if a statute does not specifically state that service is proper, as long as the Rule's conditions are satisfied and no other statute prohibits jurisdiction or indicates that jurisdiction would be improper.").

Accordingly, the requirement in D.C. Civil Rule 4(k)(2) that "the exercise of jurisdiction [be] consistent with … applicable law" should be interpreted the same way, since under D.C. case law "[w]hen a local rule and a federal rule are identical, or nearly so, we will construe the local rule in a manner consistent with the federal rule to the extent possible under binding precedent, and we will look to federal court decisions interpreting the federal rule as persuasive authority in interpreting the local rule." *Montgomery v. Jimmy's Tire & Auto Center Inc.*, 566 A.2d 1025,

5

1027 (D.C. 1989) (*citing Simpson v. Chesapeake & Potomac Telephone Co.*, 522 A.2d 880, 884 n. 3 (D.C. 1987)).

Thus, since no law – including the D.C. enforcement statutes – prohibit acquisition of personal jurisdiction pursuant to Super.Ct.Civ.R. 4(k)(2) in this case, exercise of such jurisdiction is proper.

The magistrate judge's finding that exercising jurisdiction under Rule (k)(2) would "vitiate Section 13-423 and the other jurisdictional statutes in force in the District, impermissibly expanding the personal jurisdiction by permitting the courts of the District of Columbia to exercise jurisdiction over parties lacking any connection to the forum" (dkt. # 100 at n. 6) is also erroneous because Super.Ct.Civ.R. 4(k)(2) no more vitiates the other D.C. jurisdictional statues than Fed.R.Civ.P. 4(k)(2) vitiates the other provisions of Fed.R.Civ.P. 4.

On the contrary, Rule 4(k)(2) is clearly intended to **complement** the other D.C. jurisdictional statutes, by allowing the D.C. courts "to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state" so long as the exercise of such jurisdiction does not offend the Constitution and is not prohibited by statute. *Id*.

Moreover, the magistrate judge's finding that Super.Ct.Civ.R. 4(k)(2) cannot serve as a basis for jurisdiction both flies in the face of the express language of that Rule that service pursuant thereto "is … effective … to establish personal jurisdiction over the person of any defendant" and would thus render Super.Ct.Civ.R. 4(k)(2) a superfluous, empty letter.

**WHEREFORE**, the Report and Recommendation should be rejected.

Judgment Creditors,
by their Attorney,

/s/ David J. Strachman
David J. Strachman
D.C. Bar No. D00210
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

## CERTIFICATION

I hereby certify that on August 17, 2010 this pleading was served on counsel for garnishee Orascom Telecom Holding S.A.E., listed below, via ECF.

Christopher M. Curran
Nicole E. Erb
Matthew S. Leddicotte
701 Thirteenth Street, N.W.
Washington, D.C. 20005

/s/ David J. Strachman

7