# EXHIBIT 5

798192.1

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

November 2, 2010

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

**VIA EMAIL**

Mark Rochon. Esq.
Andrew Wise, Esq.
Brian Hill, Esq.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Re:   *Ungar v. Palestinian Authority, et al.*, 00-105L (D.R.I.)

Counsel –

I write further to our phone conference with Mr. Hill on November 1 and Mr. Hill's email of the same date. It appears clear from the conversation and the email that defendants are intent on preventing the plaintiffs from being able to prepare or plan effectively for the depositions, on dragging plaintiffs into unnecessary motion practice, on distracting plaintiffs from the other pending matters and on creating confusion and uncertainty that will delay completion of discovery and the hearing date. Plaintiffs are determined not allow defendants to delay the hearing.

Our conclusion regarding defendants' intentions is based on the fact that even at this late date defendants are refusing to provide dates for most of the Rule 30(b)(6) depositions meant to take place next week or to identify the deponents (or even to commit to providing this information by a date certain), that defendants have insisted on holding depositions in London on pretexts (including the pretext that Israel will not allow Rafiq Husseini to travel to Jerusalem, when in fact Mr. Husseini does not want to travel to Jerusalem because of his recent involvement in a sex scandal in nearby Ramallah) and on Mr. Hill's repeated threats during our conversation to file last-minute motions for protective orders (and to seek attorneys fees) if the depositions are not conducted according to defendants' wishes.

With the discovery period coming to a close and numerous matters pending in Rhode Island (including defendants' November 12 production of documents and a

privilege log which, if past experience is any guide, may well require further and immediate judicial intervention) we decline to be dragged into the quagmire that defendants appear determined to create.

Accordingly, in light of the above, in light of several recent substantive rulings of the Court and in light of the Court's stated preference for paper discovery rather than depositions (*see* dkt. # 578 at 6-7), the plaintiffs intend to propound depositions by written questions and/or interrogatories (on some of the topics enumerated in the Court's order of October 28) in lieu of their Rule 30(b)(6) oral depositions.

Likewise, for related reasons, the plaintiffs are canceling the *de bene esse* depositions of their rebuttal experts (with the possible exception of Ofer Saad) and will present the live testimony of their experts at the hearing. We will have and provide you with a final answer as to Ms. Saad tomorrow.

We suggest that the parties have a telephone conference tomorrow afternoon or Thursday morning to coordinate the timing and logistics of the depositions on written questions/interrogatories.

Sincerely,

David J. Strachman

DJS/do

cc:  Max Wistow