# EXHIBIT 14

798192.1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINIAN AUTHORITY, et al., )<br>)<br>Defendants. )<br>) | C.A. No. 00-105L |

**FOURTH SUPPLEMENTAL OBJECTIONS AND ANSWERS OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' FIRST SET OF INTERROGATORIES TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit these Fourth Supplemental Objections and Answers to "Plaintiffs-Judgment Creditors' First Set of Interrogatories Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" (Interrogatories No. 1-2), dated June 30, 2010 ("Interrogatory" or "Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1.  Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and answers by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and answers are made subject to, without prejudice to, and are not

1

in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections hereto.

2.  The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.  To the extent that the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or other statutory or common law privileges), Defendants object to the Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.  Any answer by Defendants to the Interrogatories shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, or admissibility of the information or documents referenced or contained in the answer(s).

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.  Defendants object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.

3. Defendants object to the Interrogatories to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendants object to the Interrogatories to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to Interrogatory Nos. 1-2 seeking "all" information or documents when the relevant information may be supplied with less than "all" information or documents.

5. Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, to the extent that Interrogatory Nos. 1-2 were intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6. Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7. Defendants object to the Interrogatories to the extent that they seek the disclosure or production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

8.  By subsequently responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories.

9.  Defendants incorporate by reference every general objection set forth above into the specific responses set forth below. The failure to include any general objection in the specific responses does not waive any general objection to the Interrogatories.

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 1:

Identify all persons whose testimony the Defendants will or may present to the Court, whether live or via deposition, in support of The Motion.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 1 on the grounds: (a) that, as potentially construed, the phrase "will or may" is vague and ambiguous; (b) that the Interrogatory requests information beyond that reasonably known or reasonably knowable by Defendants at this time; and (c) that, as potentially construed, the Interrogatory seeks information protected by he attorney-client privilege, the attorney work product doctrine, and other applicable privileges and protections.

### ANSWER:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiff regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Defendants state that at this stage of the discovery process, they have not decided which witnesses they will call at the January 2011 hearing. Defendants agree, however, that it would be appropriate for the parties to exchange witness lists at a later time, and are willing to do so.

Defendants are willing to engage in good faith discussions with the Plaintiffs regarding the foregoing Objections and Answer to Interrogatory No. 1.

### SUPPLEMENTAL ANSWER:

As a result of good-faith discussions between counsel for the parties, Defendants hereby supplement their Answer as follows: Defendants will provide a responsive answer to this Interrogatory in accordance with any pre-trial disclosure schedule that the parties jointly consent to, or, at such time when Defendants determine which persons are responsive to this request.

### SECOND SUPPLEMENTAL ANSWER:

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1. Jibreen Albakri (party witness; contact through counsel);

2. Michael Baden (expert witness)
   15 West 53 Street, Suite 18
   New York, NY 10019;

3. Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

4. Muhammad Dahleh (expert witness)
   Muhammad Dahleh & Associate
   4 Ibn Batotah Street
   P.O.Box 1342
   Jerusalem 91013
   Israel

5. Prime Minister Salam Fayyad (party witness; contact through counsel);

6. Rick Gaskins (expert witness)
   Gaskins Associates PC
   602 Cromwell Whye Lane
   P.O. Box 326
   Monkton, MD 21111;

7. Mohammad Jabrini (party witness; contact through counsel);

8. Glenn Robinson (expert witness)
   Associate Professor of Defense Analysis
   Co-Director of Center on Terrorism and Irregular Warfare
   U.S. Department of Defense Analysis - Naval Postgraduate School
   1 University Circle
   Monterey, CA 93943;

9. Eileen Ryan (expert witness)
   Institute of Law, Psychiatry & Public Policy
   Box 800660
   University of Virginia Health System
   Charlottesville, VA 22908;

10. Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

11. Raja Shehadeh (expert witness)
    26 Main Street
    Ramallah,
    The Palestinian Territories, via Israel;

12. Ruven Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

13. Any witnesses who are deposed in this matter;

14. Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

**THIRD SUPPLEMENTAL ANSWER:**

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1. Jibreen Albakri (party witness; contact through counsel);

2. Michael Baden (expert witness)
   15 West 53 Street, Suite 18
   New York, NY 10019;

3. Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

4. Muhammad Dahlan;

5. Muhammad Dahleh (expert witness)
   Muhammad Dahleh & Associate
   4 Ibn Batotah Street
   P.O.Box 1342
   Jerusalem 91013
   Israel;

6. Prime Minister Salam Fayyad (party witness; contact through counsel);

7. Rick Gaskins (expert witness)
   Gaskins Associates PC
   602 Cromwell Whye Lane
   P.O. Box 326
   Monkton, MD 21111;

8. Hiba Husseini
   53 Irsal Street, Suite 304
   Ramallah
   Palestine;

9. Rafiq Husseini (party witness; contact through counsel);

10. Mohammad Jabrini (party witness; contact through counsel);

11. Glenn Robinson (expert witness)
    Associate Professor of Defense Analysis
    Co-Director of Center on Terrorism and Irregular Warfare
    U.S. Department of Defense Analysis - Naval Postgraduate School
    1 University Circle
    Monterey, CA 93943;

12. Eileen Ryan (expert witness)
    Institute of Law, Psychiatry & Public Policy
    Box 800660
    University of Virginia Health System
    Charlottesville, VA 22908;

13. Afif Safieh (party witness; contact through counsel);

14. Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

15. Raja Shehadeh (expert witness)
    26 Main Street
    Ramallah,
    The Palestinian Territories, via Israel;

16. Ruven Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

17. Any witnesses who are deposed in this matter;

18. Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

**FOURTH SUPPLEMENTAL ANSWER:**

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1. Jibreen Albakri (party witness; contact through counsel);

2. Yousef al-Qaddah (party witness; contact through counsel);

3. Hassan Asfour
   Sixth Circle
   Jabal Amman
   Amman, Jordan;

4. Michael Baden (expert witness)
   15 West 53 Street, Suite 18
   New York, NY 10019;

5. Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

6. Muhammad Dahlan
   212 Nablus Road
   El-Bireh, Occupied Palestinian Territory;

7. Muhammad Dahleh (expert witness)
   Muhammad Dahleh & Associate
   4 Ibn Batotah Street
   P.O.Box 1342
   Jerusalem 91013
   Israel;

8. Prime Minister Salam Fayyad (party witness; contact through counsel);

9. Rick Gaskins (expert witness)
   Gaskins Associates PC
   602 Cromwell Whye Lane
   P.O. Box 326
   Monkton, MD 21111;

10. Hiba Husseini
    53 Irsal Street, Suite 304

        Ramallah
        Palestine;

11. Rafiq Husseini (party witness; contact through counsel);

12. Mohammad Jabrini (party witness; contact through counsel);

13. Mazen Jadallah (party witness; contact through counsel);

14. Glenn Robinson (expert witness)
    Associate Professor of Defense Analysis
    Co-Director of Center on Terrorism and Irregular Warfare
    U.S. Department of Defense Analysis - Naval Postgraduate School
    1 University Circle
    Monterey, CA 93943;

15. Eileen Ryan (expert witness)
    Institute of Law, Psychiatry & Public Policy
    Box 800660
    University of Virginia Health System
    Charlottesville, VA 22908;

16. Afif Safieh (party witness; contact through counsel);

17. Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

18. Raja Shehadeh (expert witness)
    26 Main Street
    Ramallah,
    The Palestinian Territories, via Israel;

19. Reuvan Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

20. Any witnesses who are deposed in this matter;

21. Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

**INTERROGATORY NO. 2:**

In respect to all verbal communications, relating to the instant case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any office-holder, employee, attorney and/or agent of the PA and/or PLO) and the following entities and persons: (a) Orascom Telecom Holding S.A.E. (including any office-holder, employee, attorney and/or agent of Orascom Telecom Holding S.A.E.); (b) the Palestine Monetary Authority (including any officeholder, employee, attorney and/or agent of the Palestine Monetary Authority); (c) the Insurance and Pension Fund (including any office-holder, employee, attorney and/or agent of the Insurance and Pension Fund); (d) Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V., Canaan Offshore Management N.V. and Canaan Partners (collectively "Canaan") (including any office-holder, employee, attorney and/or agent of Canaan); (e) Becont Limited (including any office-holder, employee, attorney and/or agent of Becont Limited); (f) the Palestine Investment Fund (including any person purporting to be an office-holder, employee, attorney and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, attorney and/or agent of PCSC) - please identify: (a) the date of each such communication (b) the identities of all persons and entities who participated in each such communication (d) the purpose of each such communication and (e) all topics relating to the instant case, the Judgment and/or the 2006 Judgment discussed in each such communication.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 2 on the grounds: (a) that the Interrogatory is overly broad and unduly burdensome (*e.g.,* "all verbal communications"; "any office-holder, employee, attorney and/or agent"); (b) that, as potentially construed, the phrase "relating to the instant case, the Judgment and/or the 2006 Judgment" is vague and ambiguous; (c) that, as potentially construed, the Interrogatory requires a legal conclusion (*e.g.,* "office-holder, employee, attorney and/or agent" of entities other than Defendants); (d) that the Interrogatory requests information beyond that reasonably known or reasonably knowable by Defendants; (e) that the Interrogatory seeks disclosure of information

that is irrelevant to any of the issues presented by Defendants' motion to vacate the default judgment, as set out by the First Circuit in its March 25, 2010 Order, and the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, but is instead calculated to lead to discovery for use in other proceedings; and (f) that, as potentially construed, the Interrogatory seeks documents protected by the work-product doctrine, the common-interest privilege, and other applicable privileges and protections.

**ANSWER:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to provide an answer in response to this Interrogatory. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Interrogatory No. 2.

Respectfully submitted,

Dated: November 11, 2010

_____
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)

EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of November 2010, a true and genuine copy of the foregoing was served by electronic mail and first-class mail, postage prepaid, on the following:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Djs@mtlhlaw.com
>
>Max Wistow
>Wistow and Barylick Incorporated
>61 Weybosset Street
>Providence, RI 02903
>mwistow@wistbar.com
>
>*Attorneys for Plaintiffs*

_____
Brian A. Hill

14