# Exhibit 6

From:McINTYRE TATE & LYNCH        401 331 6095            09/17/2010 10:04       #944 P.001/004

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

September 17, 2010

*VIA FAX*
*202-626-5801*

Mark Rochon, Esq.
Richard Hibey, Esq.
Andrew Wise, Esq.
Brian Hill, Esq.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

Re:   *Ungar v. Palestinian Authority, et al.*, 00-105L (D.R.I.)

Counsel —

    I write in response to your letter of September 13, 2010, and I will address the issues you raised therein seriatim.[1]

    1)   We reject your position in respect to what you term "Improper 'Contention Interrogatory' Deposition Topics." Letter at ¶ 1(a).

    It is not true, as you claim, that "contention interrogatories, not Rule 30(b)(6) notices, are the only proper discovery method of obtaining non-privileged information concerning the facts supporting a party's claims and theories" (emphasis added).

    On the contrary, the very cases you cite in purported support of this claim state that: "Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination." *SmithKline Beecham*

---

[1] This letter does not purport to be an exhaustive list of arguments that the judgment creditors may raise in respect to the issues discussed in your September 13 letter. To paraphrase your letter, "this letter is not intended to be a catalogue of all issues and objections that [the judgment creditors] may have with respect to" the arguments raised in your September 13 letter.

*Corp. v. Apotex Corp.*, 2004 WL 739959 at *2 (E.D.Pa. 2004) (quoting *United States v. Taylor*, 166 F.R.D. 356, 363 n. 7 (M.D.N.C. 1996) (emphasis added).

Moreover, the law is clear that interrogatories should be used in lieu of depositions only where the contentions are "pure legal conclusions." *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins.*, 137 F.R.D. 267, 282 (D.Neb. 1989). *See also e.g. Goss Intern. Americas v. MAN Roland*, 2006 WL 1134930 at *1 (D.N.H. 2006) (same).

Since the "contentions" in respect to which we seek Rule 30(b) witnesses are factual and not legal, our requests for Rule 30(b)(6) witnesses is perfectly proper and we therefore stand on those requests.

2)   We also reject your position in respect to what you term "Irrelevant Deposition Topics." Letter at ¶ 1(b).

Contrary to your assertion, the circumstances of defendants' default are indeed highly relevant. First, because defendants have never formally repudiated their claim that their default was the result of a "misunderstanding" and so not really intentional. Second, because defendants have proffered at least three different and conflicting versions of why they intentionally defaulted. The reasons for defendants' intentional default are extremely relevant to whether they should be granted extraordinary Rule 60(b)(6) relief.

Likewise, your claim that "both this Court and the First Circuit have faced and rejected Plaintiffs' arguments about" the timeliness of defendants' motion is totally unfounded. In fact, neither this Court nor the First Circuit ever reached the question of whether defendants' motion was filed within a "reasonable time" as required by Rule 60(c)(1). Indeed, the First Circuit listed "the timing of the request for relief" as the very first factor in the (non-exhaustive) list of factors it identified as relevant to the motion. *See Ungar v. Palestine Liberation Organization*, 599 F.3d 79, 83 (1st Cir. 2010).

Your footnoted assertion that the deposition topics concerning the Palestine Investment Fund and various collections actions are "are wholly irrelevant to the matters at issue in Defendants' Rule 60(b)(6) motion" is also mistaken. Defendants' attempts to interfere with enforcement of the judgment demonstrate unclean hands and bad-faith, which are grounds for denying the equitable relief allowed by Rule 60(b)(6). Defendants' conduct in this regard also shows that, contrary to their assertions, they do not respect the decisions and judgments of the U.S. courts.

Finally, we reject your assertion that PLO deposition topics 2(g-i), 4(a-k), 5(a-f), 7(i), 8(e), 9(a-h), 12(a-h) and 13(a-f) and PA deposition topics 2(g-i), 4(a-k), 5(a-f), 7(i), 8(e), 9(a-k), 10(k-m), 12(a-h) and 13(a-h) "seek information protected by the attorney-client privilege and work product doctrine" for at least two reasons. First, there is no basis for your sweeping generalization that all these topics involve exclusively privileged information. Second, defendants have waived any such privileges by placing into issue their state of mind and the legal advice they received regarding both their default and their three and a half year delay in moving to vacate.

Accordingly, we stand on these requests.

3) Your arguments regarding what you term "Improper, Overly Broad, and Cumulative Deposition Topics – PLO and PA" (Letter at ¶ 1(c)) are bald, conclusory, bereft of citation to authority and so unpersuasive. We therefore reject them and stand on our requests.

4) We reject your position in respect to "Deposition Topics Relating to 'HAMAS' – PLO Topic Numbers 6(a-h); PA Topic Numbers 6(a-j)." Letter at ¶ 1(d).

Your argument that "[i]f Defendants cannot take discovery on this topic [i.e. defendants' meritorious defense], Plaintiffs should not be able to either" is based on a false symmetry. It is defendants' burden to assert a meritorious defense and defendants have all the information necessary to do so (if they had a defense – which they do not). Simply put, defendants have perfect knowledge of their own conduct, and the Ungars have nothing to add to defendants' knowledge in this regard. By contrast, the Ungars are entitled to discover from defendants information and documents that will allow the Ungars to respond to and refute any meritorious defense defendants may raise.

Moreover, defendants have now moved to compel the Ungars to produce discovery related to defendants' meritorious defense (see dkt. # 530) and are therefore in no position to make this "if we can't you can't" argument.

5) Our position in respect to your arguments regarding the timing and venue of the depositions (Letter at ¶ 1(e)) is as follows:

We reject your claim that "no institutional party could possibly be expected to locate and prepare a witness (or witnesses) to testify concerning more than 100 deposition topics in less than 30 days from the issuance of the deposition notice." Many if not most of the requests relate to statements that defendants and their counsel included in the papers filed by them in the context of their Rule 60(b)(6) motion. Those statements were made, presumably, on the basis of documents reviewed by counsel or discussions between counsel and officers/employees of the defendants. If so (i.e., if those statements were not manufactured by defendants' counsel without factual basis), arranging for witnesses to testify about these matters should be a quick and easy task.

6) Your objections to our requests for production (Letter at ¶ 2) repeat your objections to our interrogatories, and we reject them for all the reasons set forth above.

3

7)   In respect to a protective order: we see no reason for any protective order except regarding truly confidential information – e.g. financial or medical information of a natural person. However, in order not to delay production, we will agree to treat any documents that are marked by you as confidential as subject to the existing protective order, without derogating from our right to inform you at any time in the future at our sole discretion that we no longer wish to treat the document as subject to the protective order.

Sincerely,

David J. Strachman

cc via fax:   Deming E. Sherman, Esq.
              Max Wistow, Esq.