# Exhibit 7

# MCINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

VIA EMAIL AND FAX

September 26, 2010

Mark Rochon, Esq.
Andrew Wise, Esq.
Brian Hill, Esq.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Re: *Ungar v. Palestinian Authority, et al.*, 00-105L (D.R.I.)

Counsel –

I write in response to your letters of September 24, 2010.

1)   Regarding your request for a protective order:

As we previously informed you, we see no reason for any protective order except for truly confidential information such as the personal financial or medical information of a natural person. Nor do we think that the existing protective order, which was entered in an entirely different context, would be the appropriate instrument to govern documents containing such information.

Nonetheless, in order to deny an excuse to seek a delay in production, we will agree to the following arrangement:

a)   We will treat any documents that are marked by you as confidential as subject to the existing protective order for the time being;

b)   We retain to right to notify you in writing at any time in the future, at our sole discretion, that we no longer wish to treat any document or documents as subject to the existing protective order and/or any protective order;

c)   If and when we provide written notice as described in section (b) above, the parties will meet and confer in an effort to resolve their differences;

    d)    If the parties are unable to resolve their differences, defendants will have a ten-day period to file a motion for a protective order;

    e)    We will continue to treat any documents that are marked by you as confidential as subject to the existing protective order during the parties' attempts to resolve their differences and pending the Court's ruling on any timely-filed motion by defendants for a protective order.

Since the burden is in any case on the defendants to obtain a protective order, the arrangement proposed above does not derogate from defendants' rights in any fashion, and allows them to produce without delay.

    2)    In light of defendants' very recent (and inexplicably tardy) production of the Abbas-Rice letter, plaintiffs hereby withdraw the following discovery requests only:

    a)    Requests nos. 2(c) and 2(e)-(i) of Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestinian Authority for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion ("Plaintiffs' 3rd RPD to the PA");

    b)    Requests nos. 2(c) and 2(e)-(i) of Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestine Liberation Organization for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion ("Plaintiffs' 3rd RPD to the PLO");

    c)    Topics nos. 2(c) and 2(e)-(i) of Plaintiffs' Notice of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to the Palestinian Authority; and

    d)    Topics nos. 2(c) and 2(e)-(i) of Plaintiffs' Notice of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) to the Palestine Liberation Organization.

    3)    For purposes of clarity and simplicity, the plaintiffs hereby modify the following discovery requests only, in both Plaintiffs' 3rd RPD to the PA and in Plaintiffs' 3rd RPD to the PLO:

Request 2(b) is hereby modified to read as follows:

> All documents evidencing the involvement of any person(s) in writing the Abbas Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

Request 2(d) is hereby modified to read as follows:

2

> All documents evidencing the possession and/or receipt by any person(s) of the Abbas Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

Request 3(a) is hereby modified to read as follows:

> All documents evidencing the involvement of any person(s) in writing Nasser Al-Kidwa's January 2003 letter to Magistrate Judge Martin ("Al Kidwa Letter") and evidencing the name(s), title(s), and present whereabouts of such person(s).

Request 3(b) is hereby modified to read as follows:

> All documents evidencing the involvement of any person(s) in directing or asking that the Al Kidwa Letter be written and evidencing the name(s), title(s), and present whereabouts of such person(s).

Request 3(c) is hereby modified to read as follows:

> All documents evidencing the involvement of any person(s) in supplying any information contained or referenced within the Al Kidwa Letter and evidencing the name(s), title(s), and present whereabouts of such person(s).

Requests 4(e)-(h) and 5(k)-(l) are hereby modified by the insertion of the word "*evidencing*" before the phrase "*the name ...*".

Requests 7(k)-(l) are hereby modified by changing the phrase "*including all documents relating to, referring to and/or evidencing the name ...*" to "*including all documents evidencing the name ...*".

Request 8(e) is hereby modified to read as follows:

> All documents evidencing the assumption of Yasser Arafat's responsibilities by any person(s) at any time between 2000 and the present, including during Arafat's illness and subsequent to his death, and including but not limited to assumption of management and operations supervision within the PA and PLO, interfacing with U.S. legal counsel, payment of legal bills, and any other responsibilities or tasks relating to foreign or U.S. litigation and all documents evidencing the name(s), title(s), and present whereabouts of such person(s).

3

Requests 10(d) and 10(g) are hereby modified by changing the phrase *"including all documents relating to, referring to and/or evidencing the name ..."* to *"including all documents evidencing the name ..."*.

Request 11(g) is hereby modified to read as follows:

> All documents evidencing the involvement of any person(s) in preparing responses and answers to all discovery requests propounded by Plaintiffs in this matter subsequent to June 1, 2010 and evidencing the name(s), title(s), and present whereabouts of such person(s).

Request 13(b) is hereby modified to read as follows:

> All documents relating to, referring to and/or evidencing proceedings brought by the Plaintiffs to enforce the Judgment in any jurisdiction, including all documents evidencing the names, titles, and present whereabouts of any individuals who were responsible for or involved in retaining counsel to defend such enforcement proceedings and all documents relating to, referring to and/or the details and circumstances of such efforts to retain counsel.

4)   Finally, we note that in <u>both</u> Plaintiffs' 3rd RPD to the PA and in Plaintiffs' 3rd RPD to the PLO, a typographical error appears in Request 4(d), and the phrase *"the PA's counsel"* should read *"the PLO's counsel."*

Sincerely,

David J. Strachman

DJS/do

cc: Max Wistow

4