# Exhibit 12



Brian A. Hill
Member
(202) 626-6014
bhill@milchev.com

October 5, 2010

**BY ELECTRONIC AND
FEDERAL EXPRESS MAIL**

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903

    Re: *Ungar et. al. v. The Palestinian Authority, et al.*, Case No. 00-105L
    (D.R.I.)

Dear Mr. Strachman:

  Subject to and without waiving Defendants' pending General and Specific Objections to Plaintiffs-Judgment Creditors' Third Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion, I am enclosing additional responsive, non-privileged documents of Defendants The Palestine Liberation Organization and the Palestinian Authority which have been assigned the following production numbers: 01:0012063-12504. Please note that the documents corresponding to Bates labels 01:0012105 and 0012106 were of poor quality in the copy we received. We are attempting to locate better copies of those two documents.

  Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), I am also enclosing a Rule 26(b)(5)(A) Statement as well as a privilege log which lists the documents that are "otherwise discoverable" (within the meaning of that rule), but which we are withholding on the grounds that they are subject to the attorney/client privilege and/or work product protection. Please note that we are not submitting a privilege log for documents that are the subject of the Objections we served on or before September 27, 2010 and that, therefore, are not "otherwise discoverable." *See United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) ("Rule 26(b)(5) requires the party to note its privilege objection and to describe the document only when the document is 'otherwise discoverable.' This means, as the 1993 Advisory Committee Notes to Rule 26(b)(5) explain, that if a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then

Miller & Chevalier Chartered

655 Fifteenth Street, N.W., Suite 900 · Washington, D.C. 20005-5701 · 202-626-5800 · 202-626-5801 FAX · millerchevalier.com


MILLER CHEVALIER

David J. Strachman
October 4, 2010
Page 2

give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections." (internal citations omitted)).

As with our prior productions, certain of these documents are being produced subject to the terms of the Confidentiality Agreement and Stipulation for the Entry of a Protective Order entered in this case on October 26, 2007, and regarding which the Parties have agreed, through an exchange of communications dated September 26, 2010, and September 27, 2010, shall apply to this and other document productions by Defendants in this matter. The documents which are being produced as confidential correspond to Bates numbers 01:0012063-12086, 01:12088-12126, 01:0012158-12159, and 01:0012467-12504.

Finally, I am enclosing a correlation index for the documents that Defendants have thus far produced in response to Plaintiffs' First, Second, and Third Requests for Production of Documents relating to the vacatur proceeding. Please note that the correlations are not exhaustive as we have not attempted to identify each of the multiple requests to which one document may be responsive. Rather, we have sought to identify the general category of requests to which a document may be responsive.

Please let me know if you have any questions regarding the foregoing.

Sincerely,

Brian A. Hill

Enclosures

cc   All counsel of Record (via email w/o enclosures)