# Exhibit 18

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

Civ. No. 00-105L

## PLAINTIFF JUDGMENT-CREDITORS' RESPONSES AND OBJECTIONS TO THE PALESTINIAN AUTHORITY'S AND THE PALESTINE LIBERATION ORGANIZATION'S FIRST REQUEST FOR ADMISSIONS TO ALL PLAINTIFFS

Plaintiffs, by and through their counsel, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure hereby submit their objections and responses to "Defendants The Palestinian Authority's and the Palestine Liberation Organization's First Request for Admissions to All Plaintiffs" Nos. 1-233 dated October 20, 2005 ("Requests") and state as follows:

### GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following Objections to each of the requests for admissions ("Requests"):

1.     Plaintiffs object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure of the Local Rules of this Court.

2.     Plaintiffs object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense

privilege, the common interests doctrine or any other applicable statutory or common law privilege.

3. Plaintiffs object to the Requests to the extent that they seek information which is not a proper subject under Fed. R. Civ. P. 26 and 36 and/or that they are not reasonably calculated to lead to the discovery of information which is relevant to the proceedings that are presently before the Court.

4. Plaintiffs object to the Requests to the extent they seek admissions regarding allegations or information that is not within Plaintiffs' possession, custody or control.

5. Plaintiffs object to the Requests to the extent that they are vague or ambiguous or fail to describe the allegations or information sought with sufficient particularity to allow for a meaningful response by Plaintiffs. When attempting to respond to each Request, Plaintiffs will make such responses to the extent that they understand the Request.

6. Plaintiffs object to the Requests to the extent they seek disclosure of any confidential, or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information by Defendants.

7. Plaintiffs object to the Requests to the extent that they lack any date or time period definition or restriction. To the extent that Defendants have failed to specify their claims or issues at all or to the degree necessary to determine a proper scope of request and to identify information responsive thereto, Plaintiffs reserve the right to modify, amend or supplement their responses to these Requests accordingly.

8. The response to any Request shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing or trial with respect to the matters

disclosed thereby or with respect to the relevancy, materiality or admissibility of the information referenced or contained in that response. Each response is made without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such response.

9. Any responses by Plaintiffs are based on the knowledge and information presently available to Plaintiffs. Plaintiffs reserve the right to revise, alter, amend or supplement their responses to the Requests if and when relevant facts, information or documents become known to Plaintiffs.

10. Plaintiffs object to the Requests to the extent that any of the terms used by Defendants: (a) mischaracterize certain persons, events or documents; (b) are based on, or derive from, allegations or statements by Plaintiffs that are vague, ambiguous or misleading; (c) assume certain facts which have not been established; or (d) entail, assume or reflect conclusions of law.

11. To the extent that any Request, or portion of a Request, is not specifically addressed by a response below, Plaintiffs deny that Request or portion of the Request.

12. Plaintiffs reserve the right to amend, modify or supplement their responses in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

13. Plaintiffs object to the Requests to the extent that they seek admissions and/or a response with respect to issues to which Defendants have not yet fully complied with outstanding discovery demands, failed and/or refused to provide discovery and/or to the extent that discovery is not yet complete.

14. Plaintiffs object to the Requests to the extent that they seek information and/or admissions with respect to topics, issues, subjects, areas of inquiry, facts, allegations and statements that are beyond the parameters of Judge Lagueux's Order of April 1, 2010 (dkt. #

3

482), Magistrate Judge Martin's Order Granting in Part and Denying in Part Motions (dkt. # 575), Order Granting in Part and Denying in Part Defendants' Motion to Compel (dkt. # 577), Order Granting Defendants' Motion for Protective Order Identifying Relevant Rule 30(b)(6) Topics (dkt. # 578), Order Denying Defendants' Motion for Mental Examinations (dkt. # 579) and/or beyond the scope of Defendants' Motion to for (sic) Relief from Default Judgment. Dkt. # 408. (Defendants' "Rule 60(b) Motion to Vacate").

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST 1.** Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fahri Abu Hamdiya were members of a Hamas cell.

**Response**

Plaintiffs incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Plaintiffs object to this Request on the grounds that: (a) it is not reasonably calculated to lead to the discovery of admissible evidence relating to the proceeding that is presently before this Court, i.e., Defendants' Rule 60(b) Motion to Vacate, (b) it requests information contrary to Magistrate Judge Martin's ruling that "Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense. . .accordingly, Defendant is not entitled to merits of discovery," Dkt. # 577, p. 2, and (c) Magistrate Judge Martin has already ruled that Defendants are not permitted discovery which "would have the practical effect of re-opening this case before the Court has determined whether it should be reopened." Dkt. # 577, p. 3.

**REQUEST 2.** The Hamas cell of which Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fakhri Abu Hamdiya were members

4

received instructions, weapons, money, and material support from the commanders and leaders of Hamas.

**Response**   Plaintiffs hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections and the specific objections asserted in response to Request No. 1.[1]

**REQUEST   3.**   The Hamas cell of which Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fakhri Abu Hamdiya were members did not receive instructions, weapons or money from the PA prior to the shooting.

**Response**   Plaintiffs hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections and the specific objections asserted in response to Request No. 1.

**REQUEST   4.**   The Hamas cell of which Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fakhri Abu Hamdiya were members did not receive instructions, weapons or money from the PLO prior to the shooting.

**Response**   Plaintiffs hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections and the specific objections asserted in response to Request No. 1.

**REQUEST   5.**   Plaintiffs have no evidence that the Hamas cell of which Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fakhri Abu Hamdiya were members received instructions, weapons or money from the PA prior to the shooting.

**Response**   Plaintiffs hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections and the specific objections asserted in response to Request No. 1.

**REQUEST   6.**   Plaintiffs have no evidence that the Hamas cell of which Jamal Abdel Fatah Tzabich Al Hor, Abdel Rahman Ismail Abdel Rahman Ghanimat, and Raed Fakhri Abu

---

[1] Plaintiffs incorporate objections previously asserted in order to avoid excessive duplication and to make this document less cumbersome.

Dated: November 19, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

_____
David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max H. Wistow #0330
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

Robert Joseph Tolchin
111 Livingston Street
Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 504-4943 (fax)
rjt@tolchinlaw.com

55

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 19, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701