# Exhibit 19

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 00-105L |

## DECLARATION OF ADVOCATE JOSEPH ARNON

Pursuant to 28 U.S.C. § 1746, I, Joseph Arnon, declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am over eighteen years old, and I am competent to make this declaration.

2. I am an attorney licensed to practice law in Israel and have been a member of the Israeli bar since 1976. I am a founder and senior partner of the Carmeli-Arnon law firm, 18 Shlomzion Hamalka Street, Jerusalem, 94146, Israel. My firm, which is a leading practitioner of Torts, Insurance, and Civil law, was founded in Jerusalem in 1977 and is ranked one the top 100 firms in Israel by Dun & Bradstreet Israel. I make the statements set forth in this Declaration based on my personal knowledge, my legal training and my professional experience as a lawyer in Israel.

3. I am experienced in the litigation of matters against the Palestine National Authority ("PA") and the Palestinian Liberation Organization ("PLO") as I represent the PA and PLO in various lawsuits in the courts of the State of Israel, among them various alleged terrorism lawsuits.

4.  I understand that on August 26, 2010, Plaintiffs in this case served discovery requests entitled "Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestinian Authority for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" and "Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor the Palestine Liberation Organization for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" (Plaintiffs' Third Request for Production of Documents").

5.  I understand that among that the requests in the Plaintiffs' Third Request for Production of Documents are requests for documents filed in what the Plaintiffs identify as "the Israeli Proceedings," and which they define in their documents as "all legal proceedings brought by or against he PA and/or the PLO in any Israeli court at any time." For example, based on my review of Plaintiffs' Third Request for Production of Documents, among the documents that Plaintiffs are requesting from my office are:

- all discovery requests of any kind served and/or propounded by the PA/PLO in the Israeli Proceedings at any time prior to December 2007.
- all responses, answers and/or objections served or made by the PA/PLO to any discovery requests of any kind served on and/or propounded to the PA/PLO in the Israeli Proceedings at any time prior to December 2007.
- all pleadings and/or papers filed in an Israeli court by the PA/PLO in the Israeli Proceedings at any time prior to December 2007 relating to discovery requests of any kind served on and/or propounded to the PLO and/or to discovery requests of any kind served and/or propounded by the PLO.
- transcripts from all court hearings at any time prior to December 2007 in the Israeli Proceedings in which discovery requests of any kind served on and/or propounded to the PA/PLO and/or to discovery requests of any kind served and/or propounded by the PA/PLO were referred to or discussed
- all pleadings and/or papers filed by the PA in the Israeli Proceedings at any time prior to December 2007 in which the PA asserted sovereign immunity from suit.
- All documents relating to, referring to and/or evidencing the organizational and institutional structures and individuals within the PA responsible for monitoring and making decisions regarding the Israeli Proceedings at any time prior to December 2007.

6. In a number of meetings with Defense counsel, I have objected to producing copies of the documents listed above for the reasons I lay out below:

7. My office currently handles more than a hundred cases related to the PA and the PLO. Prior to December 2007, I was counsel of record for the PA and the PLO on more than 90 lawsuits before Israeli courts. Many of the 100 cases involve claims brought by numerous plaintiffs relating to a single incident, sometimes as many as tens of plaintiffs per case. Accordingly, the number of pages that these cases have generated, even prior to December 2007, is hard to calculate. There are hundreds of thousands of documents that fill the shelves of the case room dedicated to PA and PLO cases. All of these documents would have to be reviewed by an attorney before a determination could be made as to their responsiveness to the Plaintiffs' requests. It should be mentioned that each binder holds a different case and both plaintiffs' and defendants' filings are filed together, therefore our office would have to assign a lawyer for the purpose of going through each and every binder, marking or extracting the relevant files, and then having them scanned or photocopied.. I estimate that it would take my legal staff some 100 hours to review the binders, and it would require another 100 hours for my support staff to photocopy and scan. My legal staff is stretched far too thin for me to agree to this kind of task.

8. Documents filed in Israeli court proceedings (as opposed to court decisions or orders) are not accessible to non parties. Pursuant to the **Regulations of the Courts and Labor tribunals (reviewing cases), 2003,** section 4 ("the Regulations"), a non-party wishing to examine documents filed in a particular case must file a pleading with the judge handling that case, referencing the case number, and explaining the reasons they seek access to the case files. The regulation also provides that a judge request the positions of all parties involved. The Regulations provide, in pertinent part,:

*4 (a) "Any person may ask the court to review the court file (hereinafter - the requested reference), provided its examination is not prohibited by law".*

*4(b) "An Examination Request must be submitted to the judge or the Registrar dealing with the case before him, and if there is no possibility as stated, to the judge or the Registrar that will determined by the Chief Judge".*

*4(c) "An Examination request will be reasoned, and will be submitted by Form 2 in the addition to this law".*

*4(d) "In considering the examination request, the court will give its opinion, Inter alia, the interests of the applicant, the interest of the parties and those who may be harmed as a result of the examination, and the reasonableness of the allocation of resources required for response to the request".*

*4(e) "The court may order the transfer of the examination request to the response of the parties of the requested case or to a third party's response, if it thinks that the examination might harm any of them, and the court may request the Attorney General's response, if it believes that the examination may harm public interest ; comments as stated in this matter shall be submitted within thirty days after the production of this notice of the right of response message or in another time determined by the court".*

*4(f) "If the Court decided to permit the examination, the court may determine any decision or conditions necessary to carefully balance between the need for the examination and the damage which it may cause any party in the case or a third party caused from the study, including the omission of information, limiting the number of browsers and taking measures to prevent identification of the parties or other persons ; The court may limit the*

4

*scope of the examination and to stipulate conditions to the examination, if the court sees that allocation of recources requires that".*

**Regulations of the Courts and Labor tribunals (reviewing cases), 2003,** section 4 (unofficial translation).

9. As a result of this procedural system, the plaintiffs' counsel in one of the PA/PLO-related cases in Israel is not likely to have access to all the case numbers or all the documents in all cases related to these defendants. If Plaintiffs in the above-captioned case require the documents they are now requesting, their Israeli counsel could and should follow the procedure as stated above and have the Israeli court rule on the matter..

10. Moreover, based on the Regulations and the procedure they require, it is common practice in Israeli courts for a judge to request the responses of all the concerned parties and third parties. If Plaintiifs in this case are permitted to obtain the documents they request through the U.S. discovery process, none of the parties involved in each case would have the opportunity to state their position regarding he production of thee documents. Naturally, I cannot predict what would be the response of each party to such request, but one would assume that some of them may have reason to oppose such production.

11. It is my opinion that providing United States Plaintiffs' counsel with documents that Israeli plaintiffs' counsel would otherwise have to obtain through court requests and the help of research and legal assistants not only bypasses the proper legal procedure, but also provides an unfair advantage to the Israeli counsel in the Israeli litigation. For example, if these filings were to pass on to Israeli lawyers representing plaintiffs in other cases, it would potentially damage the defendants' defense in the Israeli courts. Therefore, at the very least, the dissemination of any of these documents should be restricted strictly to the Ungars' United States counsel.

12. Apart from the procedural considerations, Plaintiffs' requests also raise certain privacy considerations. Many of the documents that are the subject of Plaintiffs' requests contain private and personal information related to the plaintiffs in the Israeli cases, including information concerning their physical and mental health, financial matters and other information that one may not wish to have disseminated publicly. Pursuant to the Israeli Privacy Protection Law of 1981, the dissemination of such documents may violate individual privacy rights. For example Section 1 of the Privacy Protection Law states that no person may invade another person's privacy, without their consent. Section 2(11) states that publicizing any matter relating to a person's private matters, including one's health condition, is an invasion of privacy. Many of the court filings that Plaintiffs in this matter are seeking, notwithstanding the fact that they have been filed by the defendants in these cases, include references to the plaintiffs' personal details. Until the plaintiffs' consent is obtained, disclosing these documents has the potential of violating the Israeli Privacy Protection Law.

13. In addition, many of the cases we are handling involve plaintiffs that are minors or that were minors at the time of the incident. Israeli courts generally hear cases involving minors *in-camera* (although the law does not automatically require it). Accordingly, the documents at issue in such cases enjoy even greater protections because of the sensitive nature of the information.

14. Lastly, on the issue of privacy, in cases involving Israeli corporations, the documents that are the subject of Plaintiffs' requests contain potential commercial secrets. Such commercial secrets are protected by the Israeli Commercial Torts Law of 1999. Revealing such information to third parties would also require us to obtain the plaintiffs' consent.

15. In sum, because of the privacy concerns I have laid out above, I believe that requiring my office to hand over the documents I have described (which we hold for our clients and copies of which our clients do not necessarily possess) may expose me, personally, and my staff, to legal action.

16. For the reasons I list above, unless there is a court order requiring my office to do so, I object to having to produce the documents that have been requested of me.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of November, 2010, in Jerusalem, Israel.

_____

Advocate Joseph Arnon

ID number 3024920-5