UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

---------------------------------------------------------------- x
THE ESTATE OF YARON UNGAR, et al.,                               :
                                                                 :
                    Plaintiffs,                                  :
                                                                 :   Case No. 1:00-cv-00105-L-DLM
           - against -                                           :
                                                                 :
THE PALESTINIAN AUTHORITY, et al.,                               :
                                                                 :
                    Defendants.                                  :
---------------------------------------------------------------- x


THE NON-PARTY CANAAN ENTITIES' MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION TO QUASH
<u>PLAINTIFFS' NOVEMBER 16, 2010 DOCUMENT SUBPOENA</u>


ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604

- and -

CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005-1702
Tel:  (212) 701-3000
Fax:  (212) 269-5420

Attorneys For Non-Parties Canaan Equity
  Offshore C.V., Canaan Equity II Offshore C.V.
  and Canaan Equity III Offshore C.V.


November 22, 2010

Non-party venture capital funds Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. (collectively, "Canaan") respectfully submit this Memorandum of Law in support of their motion, pursuant to Federal Rules of Civil Procedure 26, 34 and 45, for an Order quashing plaintiffs' November 16, 2010 document subpoena (the "Subpoena"), which was served upon Canaan on November 17, 2010. (A copy of the Subpoena is annexed hereto as Exhibit 1.)[1]

Appendix A attached to the Subpoena is quite sweeping. It directs Canaan to produce to plaintiffs by November 24, 2010 (the day before Thanksgiving) the following documents:

> "All written communications relating to the matter of *Ungar v. Palestinian Authority,* Civ. No. 00-105L (D.R.I.) ('Ungar Action'), relating to the judgment entered on July 13, 2004 in the Ungar Action and/or relating to the judgment entered on September 19, 2006 in the Ungar Action, between the Palestinian Authority ('PA') and/or the Palestinian Liberation Organization ('PLO') (including any officeholder, employee, attorney and/or agent of the PA and/or the PLO) and the following entities: (a) the Palestine Investment Fund ('PIF') (including any person purporting to be an office-holder, employee, attorney and/or agent of the PIF); and (b) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter 'PCSC') (including any office-holder, employee, attorney and/or agent of PCSC) — except for the documents listed in [the 45-page] 'Exhibit A to Second 26(b)(5)(A) Statement of the PLO and PA, Dated November 12, 2010,' attached hereto."

For the reasons discussed below, the Subpoena should be quashed in its entirety.

---

[1] The Subpoena is addressed incorrectly to "Canaan Partners," which is not a legal entity. For that reason alone, the Subpoena should be quashed. For purposes of the instant motion, we will assume that plaintiffs intended to address the Subpoena to the above-referenced Canaan entities.

# ARGUMENT

## I.

## THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS OVERLY BROAD AND IMPOSES AN UNDUE BURDEN UPON CANAAN

Putting aside whether non-party Canaan would even be in possession of any of the requested documents — written communications between non-Canaan entities — the Subpoena should be quashed because it is overly broad and ambiguous, and because even the search for such documents under the circumstances would impose upon Canaan an undue burden.

### A. The Requested Documents Should be Sought, if at All, From Defendants, and Not From Non-Party Canaan

As a threshold matter, the Subpoena should be quashed because the documents that it seeks — communications between *defendants*, on the one hand, and PIF and PCSC, on the other — can be obtained more easily and properly, if at all, from *defendants*. This is particularly so here, where an impending decision from the District Judge addressing a portion of Magistrate Judge Martin's October 27, 2010 Order Granting in Part and Denying in Part Motions (Docket No. 575) (the "October 27, 2010 Order") will either conclude definitively that plaintiffs may obtain such documents from defendants or that discovery of such documents shall not be had.

On November 15, 2010 — two days before plaintiffs served the Subpoena on Canaan — defendants filed an appeal, pursuant to Fed. R. Civ. P. 72(a), challenging "[t]hat portion of the . . . [October 27, 2010 Order] that allows Plaintiffs to obtain discovery of Defendants' written communications with non-party entities [PIF and PCSC][.]" Defendants' Nov. 15, 2010 Memorandum of Points and Authorities (Docket No. 594) at 3-4. To the extent the challenged portion of the October 27, 2010 Order is affirmed, there will be a definitive ruling that

permits plaintiffs to obtain *from defendants* written communications, if any, between defendants and PIF and/or PCSC; there would thus be no need to burden *non-party Canaan* with a request for those same documents.  On the other hand, if the challenged portion of the October 27, 2010 Order is reversed, then the Court will have determined that plaintiffs may *not* obtain from defendants written communications between defendants and PIF and/or PCSC; under such circumstances, it would be frivolous for plaintiffs to then argue that the Court should nevertheless permit plaintiffs to seek those very same written communications from *non-party Canaan*.

Accordingly, the Subpoena should be quashed. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . *the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive*") (emphasis added). *See also Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("*'[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]*'") (emphasis added); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("*[h]ere, the vast majority of the discovery sought from TPGI is discovery obtainable from a source more direct, convenient, and less burdensome — namely, from Defendants. . . . There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant*") (emphasis added); *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 454 (E.D.N.C. 2005) ("*plaintiff's subpoena asks the wrong entity for the requested materials.* . . . Because the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and the burden or ex-

pense of the proposed discovery from [the non-party] outweighs its likely benefit, the motion to enforce is denied and the subpoena issued to [the non-party] is quashed") (emphasis added).

### B. The Subpoena's Broad Scope Would Unduly Burden Canaan

Putting aside the fatal defects discussed in Section I(A), above, the Subpoena should also be quashed because it is overly broad, ambiguous and unduly burdensome. The Subpoena purports improperly to require Canaan to (a) search its documents for a more than six-year period of time (from July 13, 2004, the date on which the underlying Judgment in this action was entered, to November 16, 2010, the date of the Subpoena) for written communications ***between non-Canaan entities*** — *i.e.,* between defendants and PIF and/or PCSC, (b) somehow determine who constitutes an "officeholder, employee, attorney and/or agent" of defendants, PIF and PCSC, (c) divine what it means for a communication to "relat[e] to" this action, to the July 13, 2004 Judgment and to the September 19, 2006 Judgment entered herein, and (d) then, finally, wade through a 45-page Privileged Documents Log apparently prepared by defendants in an attempt to exclude from production any document that might be listed on that Log. *See* Exhibit 1 hereto. All of this is required by the Subpoena without the slightest suggestion that it is even reasonably likely that Canaan would have the written third-party communications at issue. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues"); Fed. R. Civ. P. 26(c) (a court "may, for good cause, issue an order to protect a party or person from . . . undue burden"); Fed. R. Civ. P. 45 (c)(3)(A)(iv) ("[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden"). *See*

-4-

*generally* this Court's October 27, 2010 Order (Docket No. 575) at 2 ("as to these organizations [including Canaan] the discovery sought [by plaintiffs] is overly broad, it is of doubtful relevance, and the burden imposed on Defendants in having to respond outweighs the likely benefit which Plaintiffs might derive").

### C. The Subpoena Does Not Provide a Reasonable Time for Compliance

The undue burden on Canaan is exacerbated by the fact that the Subpoena directs Canaan to complete the onerous tasks set forth in Section I(B), above, and make its production of documents, if any, ***on November 24, 2010 (the eve of Thanksgiving) — just seven days after the November 17, 2010 service of the Subpoena*** — a period that includes an intervening weekend. Accordingly, the Subpoena should be quashed because it does not provide a reasonable period of time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i) ("the issuing court must quash . . . a subpoena that . . . fails to allow a reasonable time to comply"); *In re Rule 45 Subpoena Issued to Cablevision Systems Corp.*, 2010 WL 2219343, at *5 (E.D.N.Y. 2010) ("I find the time provided for complying with the subpoena . . . to be insufficient. . . . Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable").

### II.

### THE SUBPOENA SHOULD ALSO BE QUASHED BECAUSE ITS RETURN DATE FALLS OUTSIDE THE DISCOVERY DEADLINE IN THIS CASE

The Subpoena should also be quashed because the November 24, 2010 return date set forth therein falls outside this Court's discovery deadline. By Pre-Hearing Order entered on June 1, 2010 (Docket No. 489), this Court "ordered that all pre-hearing discovery ***be completed by November 19, 2010***" (emphasis added). ***Plaintiffs waited five and a half months after entry***

*of that June 1, 2010 Order — until November 17, 2010 — to serve the Subpoena on Canaan and then chose a return date of November 24, 2010*. That return date, in addition to being unreasonably short (*see* Section I(C), above), falls outside the Court-ordered discovery deadline. *See generally* Fed. R. Civ. P. 16(b)(3) (a Scheduling Order "must limit the time to . . . *complete* discovery") (emphasis added); *Estate of Wells v. Bureau County*, 2010 WL 1416838, at *1 (C.D. Ill. 2010) (granting a motion to quash because "the subpoena in question was untimely. It was issued on February 19, 2010. That date was the last day for conducting discovery. Although it might be argued that the subpoena was timely because it was served before the close of discovery, *the practical effect is that Plaintiff is conducting discovery after the deadline imposed by the scheduling Order in this case. The scheduling Order in this case directed that discovery be completed by February 19, not served by that date*") (non-boldface emphasis in original; boldface emphasis added); Local Civil Court Rule 26(c) ("[u]nless the Court otherwise orders, pretrial discovery *must be completed by the discovery closure date*") (emphasis added).

## CONCLUSION

For the foregoing reasons, non-parties Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V. and Canaan Equity III Offshore C.V. respectfully request that this Court enter an Order quashing in its entirety the Subpoena annexed hereto as Exhibit 1.

**Dated: Providence, Rhode Island**
**November 22, 2010**

                **ADLER POLLOCK & SHEEHAN P.C.**

                By: **/s/ James R. Oswald**
                     **James R. Oswald (Joswald@apslaw.com)**

                **One Citizens Plaza, 8th Floor**
                **Providence, Rhode Island 02903-1345**
                **Tel: (401) 274-7200**
                **Fax: (401) 751-0604**

- and -

CAHILL GORDON & REINDEL LLP
  Robert A. Alessi
  Mary McCann
Eighty Pine Street
New York, New York 10005-1702
Tel:  (212) 701-3000
Fax:  (212) 269-5420

Attorneys For Non-Parties Canaan Equity
  Offshore C.V., Canaan Equity II Offshore C.V.
  and Canaan Equity III Offshore C.V.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of November, 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLLP
2800 Bank Boston Plaza
Providence, RI 02903
dsherman@eapdlaw.com

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
rhibey@milchev.com

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 0203
djs@mtlhlaw.com

Max Wistow
Wistow and Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
mwistow@wistbar.com

/s/ James R. Oswald