# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

    v.                                                                      Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' MOTION TO COMPEL AND FOR SANCTIONS

For the reasons set forth in the attached Memorandum, Plaintiffs-Judgment Creditors hereby respectfully move for an ORDER

(1)    Directing Defendants-Judgment Creditors Palestinian Authority and Palestine Liberation Organization ("Defendants") to produce on or before December 15, 2010, all the documents and things that Defendants were ordered to produce or list in a privilege log pursuant to paragraph 2 of the Court's order of October 27, 2010 (dkt. # 575);

(2)    Pursuant to Fed.R.Civ.P. 37(b)(2)(A), directing that if Defendants fail to timely make the production described in the previous paragraph: (a) it shall be deemed established as a fact for the purpose of Defendants' pending Rule 60(b)(6) motion to vacate that between July 13, 2004 and the present day Defendants have been intentionally and consistently interfering with Plaintiffs-Judgment Creditors' ("Ungars") efforts to enforce the judgments entered in their favor by this Court on July 13, 2004 and September 19, 2006; and (b) Defendants shall be precluded from challenging or contesting the aforementioned established fact;

(3)     Pursuant to Fed.R.Civ.P. 37(b)(2)(C), directing Defendants to pay the Ungars' reasonable expenses, including attorney's fees, resulting from this motion; and

(4)     Granting any other relief that the Court finds just, necessary or appropriate.

### FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1) CERTIFICATION

Without derogating from their position that Fed.R.Civ.P. 26 is inapplicable to this proceeding, counsel for the Ungars hereby certify that, as required by Rule 26(c)(1), they have conferred with all parties or non-parties who may be affected by the relief sought herein in a good faith effort to resolve the issues raised herein and have been unable to do so.

### LOCAL RULE Cv 7(e) REQUEST FOR ORAL ARGUMENT

Pursuant to LR Cv 7(e), the Ungars respectfully request oral argument on the issues raised in this motion, and estimates that an oral argument will last approximately 45 minutes.

Dated: November 26, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

/s/ David J. Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street
Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718)-504-4943 (fax)
rjt@tolchinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 29, 2010, a true copy of the foregoing was filed by ECF which served Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701


I HEREBY CERTIFY that, on November 29, 2010, a true copy of the foregoing was hand served at the office of the following counsel:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

/s/ David J. Strachman