**From:** Hill, Brian [mailto:BHill@milchev.com]
**Sent:** Monday, November 15, 2010 9:51 AM
**To:** David J. Strachman; Hibey, Richard; Rochon, Mark; Sherman, Deming
**Cc:** Max Wistow
**Subject:** RE: Ungar v. PLO privilege log

Counsel:

We respond to your Sunday, November 14, 2010 7:26 am email (below) as follows:

1.  We disagree with your assertion in paragraph 1 of your email that, with respect to the privilege log served by Defendants on Friday, November 12, 2010, in accordance with the Court's October 27, 2010 Order (DE 575), Defendants "failed to include in the log or produce any of the communication between the PA/PLO and its officers etc. and persons purporting to be or who are officers etc. of the PIF or PCSC."  Moreover, we do not understand, and your email fails to provide, the basis on which you have made that assertion.

As you know, the Court's October 27, 2010 Order (DE 575) required Defendants to produce and/or log documents responsive to Request No. 1 in Plaintiffs' Second Request for Production of Documents, as limited by the Court's Order, to wit:

" . . all written communications, relating to the [Ungar Rhode Island] case, the Judgment and/or the 2006 Judgment, between the PA and/or the PLO (including any office-holder, employee, attorney and/or agent of the PA and/or PLO) and the following entities: . . . (f) the Palestine Investment Fund (including any person purporting to be an office-holder, employee, attorney and/or agent of the Palestine Investment Fund); and (g) the Palestinian Commercial Services Company (a/k/a Palestine Commercial Services Company) (hereinafter "PCSC") (including any office-holder, employee, attorney and/or agent of PCSC)."

Although Defendants disagreed with and objected to your broad definitions of those entities so as to include, within the definitions, "any office-holder, employee, attorney and/or agent" of the entities, we nevertheless, in compliance with the Court's Order and consistent with Plaintiffs' definitions of the entities, served a log on November 12, 2010 identifying 309 written communications between Defendants and PIF that are arguably responsive to Plaintiffs' Request No. 1.  By Plaintiffs own definitions of the entities, the identification of those 309 written communications, which were primarily between attorneys for the respective entities, is fully consistent with the Court's Order and Plaintiffs' Request No. 1 and provides no basis for your assertion that Defendants' November 12, 2010 transmission is "facially" incomplete.

Implicit in your allegation of non-compliance are Plaintiffs' apparent assumptions (a) that other written communications occurred between Defendants and PIF/PCSC that are responsive to Request No. 1, (b) that Defendants currently have such written communications in their possession and (c) that Defendants have failed to produce or log such communications as part of Defendants' November 12, 2010 transmission.  What is the basis for Plaintiffs' assumptions in that regard?  If you are aware of any such

written communications, please identify them as soon as possible, and Defendants will undertake additional search efforts directed to finding those written communications.

In the meantime, Defendants conducted a reasonable search and investigation under the circumstances to identify any additional written communications responsive to Plaintiffs' Request No. 1 beyond the 309 documents identified in the November 12, 2010 privilege log. No additional, responsive documents were identified by the time of the November 12, 2010 deadline set by the Court. If Defendants subsequently identify any additional written communications that are responsive to Plaintiffs' Request No. 1, they will supplement their compliance with the Courts' Order, or as required by Fed. R. Civ. P. 26(e).

2. In paragraph 2 of your email, you fail to explain the basis on which Plaintiffs "reject [Defendants'] assertion of privilege" in Defendants' November 12, 2010 privilege log. In the absence of such information, it is impossible for us to respond substantively to your email, let alone make the determination of "withdrawal" that you insist upon receiving by noon today. Please provide the basis for the position you have taken in paragraph 2 of your email.

In the meantime, please remember that, in the briefs that Defendants' submitted in support of their "Motion for Protective Order Regarding Plaintiffs' Requests for Discovery of Certain Third-Party Communications" (DE 526) and at the October 25, 2010 hearing on that Motion, Defendants set forth in substantial detail the factual and legal basis for their assertion of work product protection relating to communications between Defendants and PIF that would be responsive to Plaintiffs' Request No. 1. By contrast, Plaintiffs engaged only sparingly on those issues in their briefs and at the hearing, and your email today, as noted above, fails to provide Defendants any additional insight into the basis for Plaintiffs' position.

As always, Defendants remain willing to discuss these issues in a meet and confer in an attempt to reach some sort of agreed resolution without having to initiate motions practice before the Court. In the meantime, we will await receipt of the information and details requested above.

Regards,


Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington, DC 20005
Direct: (202) 626-6014
Fax: (202) 626-5801