UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al.,       ) <br>                          ) <br>       Plaintiffs,             ) <br>                          ) <br>         v.                 ) <br>                          ) <br> THE PALESTINIAN AUTHORITY, et al.,    ) <br>                          ) <br>       Defendants.            ) <br>                          ) | C.A. No. 00-105L |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EVIDENCE NOT DISCLOSED OR PRODUCED BY PLAINTIFFS DURING THE DISCOVERY PERIOD

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO," collectively "Defendants"), through counsel, respectfully submit the following in support of their Motion to Exclude Evidence Not Disclosed or Produced by Plaintiffs During the Discovery Period.[1]

## RELEVANT BACKGROUND

The pre-hearing discovery period ordered by this Court ended on November 19, 2010. *See* Dkt. No. 489 at 1. During this period, Defendants made multiple attempts to obtain discovery from Plaintiffs concerning the fact witnesses, expert witnesses, and documents that Plaintiffs may present at the January 18, 2011 evidentiary hearing. These attempts included

---

[1] Defendants are separately moving to exclude Plaintiffs' experts' testimony from evidence under the Federal Rules of Evidence and to compel answers and responses to certain interrogatories and document requests pertaining to Plaintiffs' experts and evidence Plaintiffs may seek to admit at the hearing. If this Motion is granted, then the Court need not consider Defendants' separate *Daubert* motion and motion to compel. If, however, this Motion is denied in whole or in part, Defendants alternately request the relief sought in the other motions.

pertinent and direct interrogatories and requests for documents that sought this information. In particular, the PA's Interrogatory No. 19 (served August 25, 2010) and the PLO's Interrogatory No. 9 (served October 20, 2010) asked Plaintiffs to identify their witnesses, the PA's Request No. 23 (served August 25, 2010) and the PLO's Interrogatory Nos. 6-8 and Request Nos. 14 (each served on October 20, 2010) asked Plaintiffs to identify their hearing exhibits and related documents, and the PA's Interrogatory No. 20 (served on August 25, 2010) asked for Plaintiffs' expert disclosures. Plaintiffs served their Objections and Answers to the PA's Second Set of Interrogatories and their Objections and Responses to the PA's Second Request for Production on September 27, 2010. Plaintiffs served their Objections and Responses to the PA's Third Request for Production on October 18, 2010. Finally, Plaintiffs served their Objections and Answers to the PLO's First Set of Interrogatories and their Objections and Responses to the PLO's First Request for Production on November 19, 2010.

Despite repeated discussions between the parties, and despite the fact that Defendants' complied with their own obligations to provide disclosure of their anticipated hearing witnesses, anticipated hearing exhibits, and Rule 26(a)(2) expert reports, Plaintiffs have steadfastly refused to identify precisely whom they may call as witnesses at the January 18, 2011 hearing, have declined to timely produce reports from all of the experts they may offer at the hearing, and have withheld or, at the least, failed to identify the documents that they may introduce into evidence at the hearing. *See* Exh. A (Oct. 19, 2010 Letter from D. Strachman to M. Rochon) at 1-2. Plaintiffs' stated and repeated justification for their refusal to provide this basic discovery is their claim that responding to these discovery requests "will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit[ted] their pretrial memorandum." *See, e.g.*, Exh. B at 2-3; Exh. C at 10.

But Defendants' "pretrial memorandum" is not due until December 17, 2010 -- nearly a month after the November 19, 2010 deadline for completion of discovery and just a month prior to the evidentiary hearing itself. Given that discovery has now closed, Plaintiffs' improper strategy has effectively cut off Defendants from conducting any meaningful discovery of Plaintiffs' witnesses or documents in advance of the January 2011 hearing.

Plaintiffs have taken the same position with respect to expert discovery. On October 25, Plaintiffs noticed the depositions of four of their own expert witnesses (Ofer Saad, Daniel Reisner, Roni Shaked and Shlomo Politis). *See* Exhs. D-G. Plaintiffs subsequently cancelled all but one of these depositions (Ofer Saad). Exh. D. Defendants then noticed the depositions of the Plaintiffs' other three experts, but Plaintiffs refused to produce the experts and told Defendants that the experts would not appear. Exh. H

Then, on November 12, 2010, just seven days before the close of discovery, Plaintiffs identified six additional expert witnesses (Barry Rubin, Matthew Levitt, Lone Thanning, Allan Brenman, Boaz Shnoor and Emanuel Gross), and served two expert "reports," one of which (Dr. Thanning's) had to do with a Bedford police officer killing an allegedly deranged man, bearing no relation to this case. *See* Exh. I. Plaintiffs claimed that they were not providing this information "pursuant to Rule 26," but instead in response to Defendants' interrogatories. *Id.* at 1. Despite Plaintiffs' late production of this information, Defendants immediately responded and offered to attempt to cure the prejudice caused by Plaintiffs' late disclosure if Plaintiffs agreed to (1) produce all of their experts' reports by noon on Monday, November 15, and (2) produce all of their experts for deposition before November 19. *See* Exh. J. Plaintiffs did not respond to this offer, and instead produced a relevant report from Dr. Thanning on November 13, and two additional expert reports (from Ofer Saad and Matthew Levitt) prior to the close of business on

November 15, without stating whether they intended to serve expert reports from the other six experts.

At the end of the business day on November 15, Defendants again asked Plaintiffs to immediately comply with their obligations to respond to Defendants' Interrogatories. *See* Exh. K. Defendants also served deposition notices for the six additional experts that Plaintiffs identified on November 12. *Id.* Plaintiffs still refused to answer Defendants' requests, but produced two more expert reports (from Daniel Reisner and Barry Rubin) on the evening of November 15. *See* Exh. L-M. On November 16, Defendants emailed again asking whether the six experts noticed for deposition would attend their depositions as noticed. *See* Exh. N. Plaintiffs finally responded to Defendants' queries with a one-sentence email stating that the expert witnesses would not be appearing and that Plaintiffs intended to file a motion for protective order. *See Id.*

Finally, on November 24, 2010, *five days after the close of discovery*, Plaintiffs produced one additional expert report from Boaz Shnoor. *See* Exh. O. As of the date of this filing, no expert reports have been served for Roni Shaked, Shlomo Politis or Emanuel Gross.

Before bringing these issues to the attention of the Court, Defendants attempted once more to broach them with Plaintiffs' counsel. The parties engaged in a meet and confer teleconference on November 24, 2010, during which Plaintiffs' counsel reiterated their position that they have no obligation to abide by Rule 26 or definitively respond to Defendants' interrogatories or requests for production seeking Plaintiffs' identification of the witnesses and exhibits that Plaintiffs intend to introduce at the evidentiary hearing. Plaintiffs' counsel also confirmed that they would not be producing any of their experts for deposition in response to Defendants' notices of deposition, and intended only to take the *de bene esse* deposition of Ofer

Saad for their own use at trial. Moreover, with regards to Ofer Saad, Plaintiffs' counsel confirmed that they "will not produce any of the data or information Mr. Saad considered in forming his opinions in this case, including the 'intelligence items' and other 'information [he] acquired during [his] service in the IDF Intelligence Branch' referenced in his report, or otherwise supplement his report to provide that data or information." *See* Exh. P (Nov. 29, 2010 Email from B. Hill to R. Tolchin, et al. (chain)) at 5. On November 28, Plaintiffs' counsel informed Defendants that Col. Saad "reviewed no specific documents in preparing his report and that his opinion is based on his experience and knowledge generally." *Id.* at 4. Defense counsel responded the next day and explained that, during the meet and confer teleconference, Defendants asked whether Col. Saad "considered" any intelligence reports, data or summaries in formulating his opinions. *Id.* at 2. As of the time of his filing, Plaintiffs have not answered this query or provided any documents or information upon which Col. Saad bases his opinions.

In sum, Defendants expended considerable time and effort during the pre-hearing discovery period attempting to obtain information about the evidence -- in the form of witnesses, experts and documents -- that Plaintiffs intend to use at forthcoming evidentiary hearing. Defendants have even filed two motions to compel seeking this and other information. *See* Dkt. Nos. 530, 572. However, because discovery has closed, pre-hearing deadlines are fast approaching and both parties must prepare their arguments, the primary relief Defendants now seek is this Court's preclusion of any evidence during the January 18, 2011 hearing that Plaintiffs did not timely disclose or produce during this Court's designated pre-hearing discovery period. This request extends to exclusion of the experts that Plaintiffs flatly refused to produce for deposition, despite Plaintiffs' view that they were permitted to conduct deposition discovery of the Defendants, having served (but then withdrawn) multiple deposition notices under Rule

30(b)(6).  To be clear, it will not be adequate relief to now order Plaintiffs to produce their experts for deposition or to now produce the required answers or documents.  Defendants are well into preparation of their hearing memorandum, and there is not sufficient time before the hearing to conduct the depositions or other discovery that Plaintiffs have refused to provide.

## STANDARD OF REVIEW

Rule 37(c)(1) states in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Similarly, parties failing to provide information in response to an interrogatory or request for production served pursuant to Rules 33 and 34, which are proper methods of discovery under Rule 26(b)(1), are also subject to the sanctions listed in Rule 37(c) and (d) for a party's failure to respond or properly supplement answers or responses.  *See United States v. One 1987 BMW 325*, 985 F.2d 655, 659 n.4 (1st Cir. 1993) ("[Rule 37] is the rule to which federal courts must resort in addressing a litigant's noncompliance with Fed. R. Civ. P. 33 (entitled 'Interrogatories to Parties')."); *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 604-05 (7th Cir. 1981) (holding that "dilatory and partial compliance" with a request to produce does not remove a case from the ambit of Rule 37(d)); *Vigilant Ins. v. East Greenwich Oil Co., Inc.*, 234 F.R.D. 20, 23-24 (D.R.I. 2006) (referencing the application of Rule 37(d) sanctions for failure to comply with interrogatories and requests for production propounded pursuant to Rule 33 and Rule 34, respectively).

As the First Circuit has recognized, Rule 37(c)(1) is "mandatory" and "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of

this rule, and the required sanction in the ordinary case is mandatory preclusion." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998). Rule 37(d) sanctions encompass any of the orders listed in Rule 37(b)(2)(A)(i)-(iv), including "prohibiting the disobedient party . . . from introducing designated matters in evidence." *See* Rule 37(b)(2)(A)(ii).

Finally, it is the party facing sanctions that bears the burden of showing that its failure to make timely disclosures was either substantially justified or harmless. *Wilson v. Bradlees of New England., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

## ARGUMENT

Plaintiffs had no good basis to withhold from disclosure during the discovery period the identity of their hearing witnesses, their hearing exhibits, or their full expert disclosures, or to refuse to produce their experts for deposition prior to the close of discovery. Fairness dictates that this Court preclude Plaintiffs from introducing any witnesses, exhibits or experts at the January 18, 2011 evidentiary hearing that they failed to disclose during the discovery period. Plaintiffs' failures are neither substantially justified nor harmless, as Defendants were effectively prevented from conducting any meaningful discovery of Plaintiffs' witnesses, documents or experts during this Court's designated pre-hearing discovery period.

Plaintiffs, on the other hand, had a meaningful opportunity to conduct discovery of Defendants' hearing witnesses, exhibits and experts. Indeed, despite Plaintiffs' intransigence in providing discovery, they sought and received from Defendants the very same discovery that they refused to provide. Specifically, Plaintiffs sought and received disclosure of Defendants' hearing witnesses and hearing exhibits, *see* Exh. Q (Defendants' Oct. 15, 2010 Second Supplemental Objections and Answers to Plaintiffs' First Set of Interrogatories) at 4-7 and Exh. R (Defendants' Oct. 15, 2010 Second Supplemental Objections and Responses to Plaintiffs' First

Request for Production) at 5-6.  Moreover, in accordance with Defendants' duties under Rule 26(a)(2), Defendants made their expert disclosures and produced their expert reports on October 15, 2010.  *See* Exh. S (Oct. 15, 2010 Letter from B. Hill to D. Strachman).  Moreover, Defendants simultaneously supplemented their prior responses to Plaintiffs' interrogatories and document requests to disclose Defendants' likely hearing witnesses and exhibits.  Exh. Q at 4-7; Exh. R at 5-6.  Defendants have continued to supplement this information with additional information responsive to Plaintiffs' written discovery requests as required by Rule 26(e).  *See also* Exh. T at 4-10.

Despite Defendants' good-faith actions to ensure that Plaintiffs would not be prejudiced by a post-discovery disclosure of such standard discovery, Plaintiffs refused to reciprocate and instead took the position that Rule 26 does not apply and, therefore, Plaintiffs need not disclose this information to Defendants during the discovery period.  Even more disturbing, Plaintiffs simply refused to make their experts available for deposition.

Plaintiffs thus take the position that discovery in this action is completely one-sided. According to Plaintiffs, while it was proper for them to propound discovery requests requiring Defendants to identify their witnesses and produce their hearing exhibits, Plaintiffs were free to ignore substantially similar requests from Defendants and withhold such information until after discovery closed and after Defendants' pre-hearing brief has been filed.  Plaintiffs' position is unreasonable, to say the least.  If Plaintiffs' position were correct, one might fairly wonder why the parties were engaged in discovery at all.  Indeed, if, as Plaintiffs' contend, one party cannot discover very basic facts such as the identity of its opponents' witnesses or exhibits or expert opinions, and cannot even depose identified expert witnesses, what meaningful discovery can be had?  The answer, according to Plaintiffs, is that they were permitted to take discovery of

Defendants, including on these very issues, but that Defendants could not take discovery of them.

Plaintiffs' position that Rule 26(a)(2) does not technically apply in these proceedings is a diversion. If Defendants are correct in their view that Rule 26(a)(2) applies, then all of Plaintiffs' expert reports were overdue under the plain language of that Rule and Plaintiffs have no excuse for their failure to timely disclose reports for four of their experts. But even if Plaintiffs are correct in their view that Rule 26(a)(2) does not apply, then Plaintiffs' reports were still long overdue in response to Defendants' written discovery requests by the time discovery closed on November 19. At this point, the only equitable result would be for the Court to exclude all witnesses, experts and exhibits that Plaintiffs did not completely and fully disclose during the discovery period. *See* Fed. R. Civ. P. 37 (c)(1), (d)(1).

Plaintiffs likewise had no good basis to refuse to produce any of their experts, save one, for deposition. Defendants noticed the depositions of each of Plaintiffs' experts, despite Plaintiffs' refusal to identify their experts until late in the discovery period. *See* Exhs. I, K. Plaintiffs refused to produce any of their experts for deposition in response to Defendants' notices, and instead decided to proceed with their own deposition of expert Ofer Saad, which Plaintiffs noticed pursuant to Rule 30. *See* Exh. N. Defendants have been prejudiced both by Plaintiffs' late expert disclosures (and, in the case of three of Plaintiffs' experts, complete non-disclosures) and by their refusal to produce their experts for deposition.

**I.    THE COURT SHOULD EXCLUDE FROM PRESENTATION AT THE EVIDENTIARY HEARING PLAINTIFFS' DESIGNATED EXPERT WITNESSES**

Plaintiffs have identified ten potential expert witnesses for their use at the January 2011 evidentiary hearing -- Shlomo Politis, Roni Shaked, Emanuel Gross, Boaz Shnoor, Barry Rubin, Matthew Levitt, Daniel Reisner, Lone Thanning, Allan Brenman and Ofer Saad. Plaintiffs,

notwithstanding their assertion that Rule 26(a)(2) does not apply, have served Defendants with seven expert reports -- for Boaz Shnoor, Barry Rubin, Matthew Levitt, Daniel Reisner, Lone Thanning, Allan Brenman, and Ofer Saad. Plaintiffs produced six of these reports over the course of the last week of the discovery period, and one report (from Boaz Shnoor) five days *after* the close of discovery. Plaintiffs have indicated that such reports should be treated as supplements to their prior response to Defendant PA's Interrogatory 20. *See* Exh. I.

In the face of Defendants deposition notices for their experts, Plaintiffs refused to produce any of them for deposition, and intend to take the *de bene esse* deposition of Ofer Saad without providing Defendants with the underlying data or information he used to formulate his opinions. Accordingly, these witnesses should be precluded from testifying at the hearing.

A.    **The Court Should Exclude Plaintiffs' Experts Shlomo Politis, Roni Shaked, Emanuel Gross and Boaz Shnoor From Testifying at the Evidentiary Hearing Because Plaintiffs Failed to Submit Expert Reports or Disclosures Relating to Their Opinions During the Pre-Hearing Discovery Period**

Plaintiffs failed to serve any expert reports or interrogatory responses for Shlomo Politis, Roni Shaked or Emanuel Gross. Indeed, with respect to Messrs. Politis and Shaked, Plaintiffs have provided Defendants with no notice concerning the potential subjects for their testimony. With respect to Dr. Gross, Plaintiffs have only generally informed Defendants that he is an "expert on Israeli criminal law who will address assertions made by [Defendants' experts] Mohammed Dahleh and Raja Shehadeh." *See* Exh. I. Plaintiffs served an expert report for Boaz Shnoor on November 24, 2010, five days after the close of pre-hearing discovery.

Defendants requested expert reports and opinions for these individuals during the discovery period. Specifically, Defendant PA's Interrogatory No. 20 requested the following:

> Identify all persons whom you expect to call as expert witnesses in opposition to The Motion and all other persons whom you expect to call to present opinion testimony in opposition to The Motion pursuant to Fed. R. Evid. 701, 702 or otherwise. With respect to

> each such person, state and identify: the opinions held by the person; a summary of the grounds for those opinions; the facts, data, documents or other information considered by the person in forming the opinions; any exhibits to be used as a summary of, or support for, the person's opinions; the qualifications of the person (including all current resumes of the person and a list of all publications authored by the person within the preceding ten years); any compensation paid or to be paid for the person's analysis; opinions and testimony in or relating to the Civil Action; and a list of any other cases or legal proceedings in which the person has testified as an expert at trial, by deposition or otherwise within the preceding four (4) years.

*See* Dkt. No. 572-1 at 3. At no point during the discovery period did Plaintiffs serve Defendants with any documents setting forth the opinions or basis therefore to which these four experts intend to testify at the hearing.

Plaintiffs make no excuse for their non-production of expert reports for Messrs. Politis or Shaked or their late production of Dr. Shnoor's report. However, in a recent filing, Plaintiffs claim that they need not serve an expert report for Dr. Gross because "[e]xperts on foreign law are not subject to the expert disclosure requirements of Rule 26." *See* Dkt. No. 605 at 5-6. However, even if true, this would not excuse Plaintiffs for their failure to provide Defendants with Dr. Gross' opinions in response to Defendant PA's Interrogatory No. 20. *See Thibeault v. Square D Co.*, 960 F.2d 239, 242 (1st Cir. 1992).

Plaintiffs' non-disclosures are not substantially justified. Indeed, they are unexplained. Defendants' prejudice, meanwhile, is perfectly clear -- Defendants have no idea what opinions Messrs. Politis, Shaked or Gross intend to offer and have had no opportunity during the discovery period to address or gather counter-evidence concerning those opinions, or those held by Dr. Shnoor.

Accordingly, pursuant to Rule 37(c)(1) and (d)(1), this Court should preclude Plaintiffs from presenting any testimony or opinions from Shlomo Politis, Roni Shaked, Emanuel Gross or Boaz Shnoor.

**B.    The Court Should Exclude Plaintiffs' Experts Shlomo Politis, Roni Shaked, Emanuel Gross, Boaz Shnoor, Barry Rubin, Matthew Levitt, Daniel Reisner, Lone Thanning and Allan Brenman From Testifying at the Evidentiary Hearing Because Plaintiffs Failed to Produce Them for Deposition During the Pre-Hearing Discovery Period**

Despite Defendants' service of deposition notices upon Plaintiffs for the depositions of the nine experts that Plaintiffs did not themselves notice, Plaintiffs failed to produce any of them for deposition. As a result, Defendants have not been able to question Plaintiffs' experts in order to prepare for their cross-examination at the hearing or to prepare Defendants' *Daubert* motion, which is being filed separately today.

"Rule 37(d) sanctions may be imposed where a party is found responsible for the appearance of a witness for a deposition even though that witness is not an officer, director or managing agent and had been designate[d] as a representative of the party for any other purpose." *PrecisionFlow Techs. Inc. v. CVD Equip. Corp.*, 198 F.R.D. 33, 37 (N.D.N.Y. 2000); *see also In re Keystone Foods, Inc.*, 134 B.R. 828, 830 (Bankr. W.D. Pa. 1991) (holding that when a party's attorney undertakes the responsibility of producing a non-party witness, the party "must bear the responsibility for his failure to appear"); *Carolina Casualty Ins. Co. v. Ortiz*, Case No. CV F 08-0691 LJO SMS, 2009 U.S. Dist. LEXIS 107974, at *18-19 (E.D. Cal. Oct. 27, 2009) (precluding plaintiff from introducing an expert who was not produced for deposition and whose report was not provided in a timely manner). Whether Plaintiffs or their counsel assumed responsibility for their experts' appearances at deposition is a question of fact. *PrecisionFlow*, 198 F.R.D. at 36.

Here, Plaintiffs clearly control their experts, who have been retained to provide opinions for Plaintiffs and who have been or will be remunerated for their services. Indeed, Plaintiffs noticed the depositions of four of their own experts, later withdrawing three of those depositions (Reisner, Politis and Shaked) and stating their intention to proceed with only one, that of Ofer Saad. Plaintiffs also apparently plan to bring their experts to testify during the January 2011 evidentiary hearing in this Court. Plaintiffs therefore could have produced their expert witnesses for deposition in response to Defendants' notices had they chosen to do so. Plaintiffs' refusal to produce their experts for deposition in response to Defendants' notices has assured that Plaintiffs would be able to avoid any examinations of their experts during the discovery period, which thereby prejudices Defendants' ability to both effectively cross the experts at the hearing and prepare their accompanying *Daubert* motion.

Accordingly, pursuant to Rule 37(d)(1), this Court should preclude Plaintiffs from presenting any testimony or opinions from Shlomo Politis, Roni Shaked, Emanuel Gross, Boaz Shnoor, Barry Rubin, Matthew Levitt, Daniel Reisner, Lone Thanning or Allan Brenman.

### C.    The Court Should Exclude From the Evidentiary Hearing Any Testimony and Opinions From Plaintiffs' Expert Ofer Saad Based On Non-Disclosed or Confidential Information or Material

Ofer Saad is the sole expert whom Plaintiffs have decided to depose via their own notice of deposition pursuant to Rule 30. *See* Exh. D. Plaintiffs served Mr. Saad's expert report on Defendants on November 15, 2010. *See* Exh. U. Mr. Saad, according to his report, intends to present testimony regarding the actions and non-actions of the PA, PLO and Hamas during the relevant time frame in response to the reports and opinions submitted by Defendants' experts Glenn Robinson and Raja Shehadeh. *Id.*

Both the bases of Mr. Saad's expertise and the bases for his expert opinion is "the knowledge and information [he] acquired during [his] service in the [Israeli] IDF intelligence

branch." *Id.* at 1.  Mr. Saad describes that "knowledge and information" as follows: "In the course of my service in the IDF Intelligence Branch I received and read many thousands of intelligence items -- including raw intelligence data obtained from electronic and human sources as well as intelligence summaries and analyses compiled from such raw data -- relating to the activities of the [PA], the [PLO] and Hamas between 1994 and June 1996." *Id.*  During the discovery period, Defendants explicitly requested that Plaintiffs produce, for each expert witness, "the facts, data, documents or other information considered by the person in forming the opinions." *See* Dkt. No. 572-1 at 3.[2]  However, Plaintiffs have not provided Defendants with any of the "many thousands of intelligence items," "raw intelligence data," or "intelligence summaries" mentioned by Mr. Saad in his report.

By agreement between the parties, Mr. Saad's *de besse esse* deposition will take place in Jerusalem on December 1, 2010.  Defendants again requested production of the documents forming the bases of Mr. Saad's opinions during the parties' meet and confer teleconference on November 24.  Plaintiffs refused.  Accordingly, Defendants will not have access to this information and will be unable to conduct an effective cross-examination of Mr. Saad.[3]  This is

---

2 Similarly, under Rule 26(a)(2)(B), an expert witness report must include "(i) a complete statement of all opinions the witness will express and the basis and reasons for them," and "(ii) the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

3 Though they have not said so, Plaintiffs may be refusing to produce this material on the grounds that it is confidential.  However, this should pose no obstacle to disclosure because the Court has already issued a protective order in this case, and Plaintiffs' expert witness disclosure could easily be made subject to that order. *Cf. Taylor v. Erna*, C.A. No. 08-10534, 2009 U.S. Dist. LEXIS 69033, at *7-8 (D. Mass. Aug. 3, 2009) (ordering disclosure of confidential medical information subject to non-disclosure agreement and noting "[t]he most common resolution for this type of dispute has been some compromise between full, unconditional disclosure and total exemption from the Federal Rules of Civil Procedure").  In any event, any opinion Mr. Saad wishes to offer in this case must be based on information and material that Plaintiffs provide to Defendants, and the confidential nature of such information and material does not change that fact. *See United States v. Kerr-McGee Chemical Worldwide, LLC*, C.A. No. 04-cv-01224, 2006 U.S. Dist. LEXIS 49859, *23-24 (D. Col. July 21, 2006) (holding that a party may not rely upon expert witness testimony based on information that is withheld on the basis of confidentiality).

especially problematic given that the deposition will be the only opportunity for the defense to examine Mr. Saad.  Thus, the deposition cannot serve as the vehicle through which Defendants can discover this information, and then use it in a hearing examination.

Federal Rule of Evidence 702 requires this Court to assess whether expert testimony is "based upon sufficient facts or data."  Fed. R. Evid. 702.  Federal Rule of Evidence 705 dictates that an expert witness may be "required to disclose the underlying facts or data" underlying the witness' opinion on cross-examination.  Fed. R. Evid. 705.  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of [an] expert."  *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998).  "Stated otherwise, expert opinions must have a 'traceable, analytical basis in objective fact.'"  *Kerr-McGee Chemical Worldwide, LLC*, 2006 U.S. Dist. LEXIS 49859, at *22 (quoting *Bragdon v. Abbott*, 524 U.S. 624, 653 (1998)).

Any opinion offered by Mr. Saad that is based on confidential information that he is unwilling or unable to disclose should not be admitted in this case.  Such a scenario would "invoke[] this Court's 'gatekeeping' functions assigned to trial courts by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*," 509 U.S. 579 (1993) "and extended to include all non-scientific experts by *Kumho Tire Co., Ltd. V. Carmichael*," 526 U.S. 137 (1999).  *In re Leap Wireless Int., Inc.*, 301 B.R. 80, 84 (Bankr. S.D. Cal. 2003).

In *In re Leap Wireless International, Inc.*, the court dealt with witness testimony from a valuation expert that was based upon confidential pricing information that the witness was not able to disclose.  *See id.*  As the court explained:  "The Court is left with a report which inextricably relies on confidential information for the conclusions reached by the witness."  *Id.* "The Court and [creditor] are left with the bare option of, to paraphrase, to trust but not to

verify." *Id.* at 85.  As such, the court refused to allow such unverifiable testimony into evidence: "Although this evidence may be probative, its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (citing Fed. R. Evid. 403).  "As stated in *Kumho Tire*," the court concluded, "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert should not be admitted." *Id.* (citing 526 U.S. at 157).

Because Mr. Saad's deposition has not yet taken place, Defendants are presently unable to identify which portions (if any) of Mr. Saad's opinions are based upon information or material that he is unable or unwilling to disclose.[4]  But Plaintiffs should be precluded from introducing into evidence at the January 2011 hearing any portion of Mr. Saad's testimony that is based upon such non-disclosed information or material.  Defendants would be greatly prejudiced if the Court were to allow expert opinion testimony without affording Defendants the chance to impeach or undermine the reliability of that testimony through its source material.  Such testimony should therefore be excluded pursuant to Rule 403.  *See id.* ("Although this evidence may be probative, its probative value is substantially outweighed by the danger of unfair prejudice.").  Further, any such testimony could not be verified as sufficiently traceable to an objective basis in fact, and the Court would therefore be obligated to bar the testimony in performing its *Daubert* "gatekeeping" function.  *See id.*

Accordingly, pursuant to Rule 37(c)(1) and the Federal Rules of Evidence, this Court should preclude Plaintiffs from presenting any testimony or opinions from Ofer Saad based on confidential or non-disclosed information or material.

---

[4] Defendants expect to be in a position to cite to the Court any such testimony by the time their reply in further support of this Motion to Exclude is due.

II.    **THE COURT SHOULD EXCLUDE FROM PRESENTATION AT THE EVIDENTIARY HEARING ANY WITNESSES THAT PLAINTIFFS DID NOT IDENTIFY DURING THE DISCOVERY PERIOD**

During the discovery period, Plaintiffs disclosed the identity of ten expert witnesses that they may ask to testify during the January 2011 evidentiary hearing. *See* Exh. I at 2. As noted above, Defendants propounded two interrogatories seeking identification of Plaintiffs' likely witnesses, Defendant PA Interrogatory No. 19 and Defendant PLO Interrogatory No. 9. In response, Plaintiffs gave the same answer throughout the entire discovery period -- "The plaintiffs have not yet determined which evidence witnesses or testimony they will present in opposition to Defendants' motion to vacate, if any." *See* Exh. B at 2; Exh. C at 11. Plaintiffs' justification for their purported inability to identify witnesses to argue their side of Defendants' Rule 60(b)(6) motion was that their identification of this information "will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum." *See* Exh. B at 3; Exh. C at 11.

On November 17, 2010, two days before the close of discovery, Plaintiffs claimed that "the Ungars generally agreed to respond to discovery requests propounded by the Defendants seeking information regarding the Ungars' witnesses, at such time as the Ungars learned of and decided on the identity of their witnesses, and without derogating from their objections to those requests." Dkt. No. 605 at 2. Interestingly, Plaintiffs' "general[] agree[ment]" to respond to Defendants' requests seeking this information resulted in Plaintiffs failing to identify a single non-expert witness during the discovery period. Plaintiffs failed to do so despite receiving Defendants' identification of likely hearing witnesses along with the rest of Defendants' pre-hearing disclosures in response to Plaintiffs' similar written discovery requests.

"Generally, a party who fails to disclose a witness when required by Rules 26(a)(1)(A) and (e)(1) is barred from using that witness to supply evidence on a motion, at a hearing, or at

trial, unless the failure was substantially justified or harmless." *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, Civil Action No. 08-cv-10142-NG, 2010 U.S. Dist. LEXIS 55372, at *43 (D. Mass. June 7, 2010) (citing Rule 37(c)(1)) (internal quotations omitted). *See also Cook, Stratton & Co. v. Universal Ins. Group, Inc.*, Civ. No. 05-2173 (PG), 2010 U.S. Dist. LEXIS 36474, at *7-8 (D.P.R. Apr. 13, 2010) (excluding testimony from fact witnesses that were not properly disclosed by a party pursuant to Rule 26(e)(1)). Rule 26(e)(1) requires a party to supplement its response to interrogatories, which, in this instance, includes the interrogatories propounded by Defendants to Plaintiffs seeking identification of Plaintiffs' witnesses (Defendant PA Interrogatory No. 19 and Defendant PLO Interrogatory No. 9). If a party fails to properly supplement its interrogatory answers, then it subject to sanction of exclusion. *See* Fed. R. Civ. P. 37(c)(1).

During the discovery period, Plaintiffs did not supplement their answer to Defendant PA's Interrogatory No. 19 or Defendant PLO's Interrogatory No. 9 to identify any fact witnesses at all or any expert witnesses beyond the aforementioned ten (Shlomo Politis, Roni Shaked, Emanuel Gross, Boaz Shnoor, Barry Rubin, Matthew Levitt, Daniel Reisner, Lone Thanning, Allan Brenman and Ofer Saad). Plaintiffs, armed with Defendants' list of likely hearing witnesses and additional disclosures, have no substantial justification for their failure to identify any additional witnesses. Moreover, Defendants have been severely prejudiced by Plaintiffs' non-disclosure because the discovery period has closed and Defendants no longer have an opportunity to depose any of the individuals that Plaintiffs subsequently disclose. Defendants thus risk unfair surprise at the forthcoming hearing should Plaintiffs decide to identify additional individuals as potential witnesses.

Accordingly, pursuant to Rule 37(c)(1) and (d)(1), this Court should exclude from evidence at the January 2011 hearing any testimony from any witness(es) that Plaintiffs did not

identify in response to or in supplementation of their response to Defendant PA's Interrogatory No. 19 or Defendant PLO's Interrogatory No. 9 prior to the close of discovery.

**III.    THE COURT SHOULD EXCLUDE FROM PRESENTATION AT THE EVIDENTIARY HEARING ANY DOCUMENTS THAT PLAINTIFFS DID NOT IDENTIFY OR PRODUCE DURING THE DISCOVERY PERIOD**

Plaintiffs have not identified a single document that they intend to introduce as evidence at the January 2011 hearing. As noted above, Defendants propounded several interrogatories and document requests seeking identification of Plaintiffs' likely hearing exhibits, Defendant PA's Request No. 23 and Defendant PLO's Interrogatory Nos. 6-8 and Request No. 14. In response, Plaintiffs once again gave their stock answer.

In response to Defendants' written discovery requests, Plaintiffs have made three separate document productions. First, on August 26, 2010, Plaintiffs produced a CD of documents and video-recordings. On October 20, 2010, Plaintiffs produced documents consisting of some of the color photos and pictures presented by Plaintiffs during the July 2002 damages hearing. Finally, on November 15, 2010, Plaintiffs produced documents Bates labeled 1 through 2243. Defendants have therefore only had the opportunity to review and consider the above-listed documents during the discovery period.

Where a party discloses a document after the close of discovery and attempts to use that document at trial, the document should be excluded from evidence. *See Klonoski*, 156 F.3d at 271-72; *see also Bowling v. Hasbro, Inc.*, No. 05-229S, 2007 U.S. Dist. LEXIS 83882, at *5-6 (D.R.I. Nov. 2, 2007) (excluding evidence disclosed after the close of discovery because "[o]pening the doors of discovery to . . . new evidence at this late stage of the proceedings would unfairly prejudice and harm [the opposing party], and this Court is well within its discretion to preclude this type of last minute ambush"). "The fact that a party had not actually obtained certain documents before the discovery deadline does not excuse a violation." *Klonoski*, 156

F.3d at 272. "Supplemental discovery material that is provided much too close to trial may be excluded." *Bowling*, 2007 U.S. Dist. LEXIS 83882, at *6 (quoting *Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 166 (2006)).

Defendants seek to protect themselves from ambush and surprise at the forthcoming evidentiary hearing, which is less than two months away. Plaintiffs, armed with Defendants' likely hearing exhibits, have no justification for their failure to produce all probative documents during the discovery period. Moreover, Defendants have been severely prejudiced by Plaintiffs' undue delay because they cannot seek further discovery or take any depositions concerning any unidentified and undisclosed documents.

Accordingly, pursuant to Rule 37(c)(1) and (d)(1), this Court should exclude from evidence at the January 2011 hearing any documents that Plaintiffs did not identify or disclose to Defendants in response to or in supplementation of their response to Defendants' written discovery requests.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Exclude Evidence Not Disclosed or Produced by Plaintiffs During the Discovery Period should be granted.

Respectfully submitted,

Dated:  November 29, 2010

/s/ Mark J. Rochon___
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibe y (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com


Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of November 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.


/s/ Mark J. Rochon