# EXHIBIT A

From:McINTYRE TATE & LYNCH      401 331 6095           10/19/2010 14:08      #208 P.001/002

# McINTYRE, TATE, & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. McINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN *
ROBERT S. PARKER *
ROBERT J. SGROI †

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

October 19, 2010

**VIA FAX**

Mark Rochon, Esq.
Andrew Wise, Esq.
Brian Hill, Esq.
Miller & Chevalier Chartered
655 Fifteenth Street, N.W. Suite 900
Washington, DC 20005-5701
*202-626-5801*

Deming E. Sherman, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
*401-276-6611*

Re:   *Ungar v. Palestinian Authority, et al.*, Civ. No. 00-105L (D.R.I.)

Counsel –

    On October 15, 2010, I received a number of documents from you, purporting to be served pursuant to Fed.R.Civ.P. 26(a)(2).

    Rule 26(a)(2) has no application to Defendants' Rule 60(b)(6) motion. That provision requires a party to disclose the identity of expert witnesses "it may use at trial." We are aware of no authority holding that Rule 26(a)(2) applies to post-judgment motions. Motions are governed by Rule 43(c) which gives the court broad discretion as to the conduct of any motion hearing.

    Evening assuming *arguendo* that Rule 26(a)(2) applied here, the timing provisions set forth in Rule 26(a)(2)(C) govern only absent "a court order." In his June 1, 2010 scheduling order Judge Lagueux explicitly directed that expert witness disclosures occur no later than December 17, 2010. *See* dkt. # 489 at ¶ 4. That court-ordered deadline clearly preempts the timing provisions of Rule 26(a)(2)(C).

    Moreover, Defendants themselves know perfectly well that Rule 26 has no application to their motion. If Defendants really believed that Rule 26 was applicable here Defendants would have provided and sought from the Ungars the initial disclosures

required by Rule 26(a)(1) and Defendants would not have *twice* sought our agreement to provide expert disclosures prior to the December 17 deadline.

Accordingly, your reference to Rule 26 in the documents served yesterday appears to be a bad-faith effort to usurp Judge Lagueux's scheduling order and/or to lay the groundwork for a future argument that the Ungars have not provided expert disclosures as required and within the timeframe provided by Rule 26.

Please be advised that the Ungars will identify their experts as required, and only to the extent required, by Judge Lagueux's order.

Sincerely,

David J. Strachman