# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                   Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND ANSWERS TO THE PALESTINIAN AUTHORITY'S SECOND SET OF INTERROGATORIES (19-21)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submit their Objections and Answers to "Defendant the Palestinian Authority's Second Set of Interrogatories (19-21) to Plaintiffs" dated August 25, 2010 ("Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1. The exact wording of any objections made or answers produced by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

2. Any answer by plaintiffs to the Interrogatories shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such information. Further, plaintiffs make the objections and give the answers herein without in any way implying that they consider the requests and answers to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Plaintiffs object to the Instructions and Definitions included in the Interrogatories to the extent that they purport to impose obligations beyond those of the Federal Rules of Civil Procedure. Accordingly, plaintiffs' response to the Interrogatories will be provided as required, and only as required, by the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 19:

Identify all persons whose testimony the Plaintiffs will or may present to the Court, whether live or via deposition, in opposition to The Motion.

### OBJECTIONS TO INTERROGATORY NO. 19:

As explained below, the plaintiffs have not yet determined which witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any.

However, if and when plaintiffs' counsel do communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, plaintiffs object to this Interrogatory to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

### ANSWER TO INTERROGATORY NO. 19

Subject to and without derogating from the Objection set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs have not yet determined which witnesses which witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will

2

become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

**INTERROGATORY NO. 20:**

Identify all persons whom you expect to call as expert witnesses in opposition to The Motion and all other persons whom you expect to call to present opinion testimony in opposition to The Motion pursuant to Fed. R. Evid. 701, 702 or otherwise. With respect to each such person, state and identify: the opinions held by the person; a summary of the grounds for those opinions; the facts, data, documents or other information considered by the person in forming the opinions; any exhibits to be used as a summary of, or support for, the person's opinions; the qualifications of the person (including all current resumes of the person and a list of all publications authored b the person within the preceding ten years); any compensation paid or to be paid for the person's analysis, opinions and testimony in or relating to the Civil Action; and a list of any other cases or legal proceedings in which the person has testified as an expert at trial, by deposition or otherwise within the preceding four (4) years.

**OBJECTIONS TO INTERROGATORY NO. 20:**

As explained below, the plaintiffs have not yet determined which expert witnesses and other persons who will present opinion testimony they will present in opposition to Defendants' motion to vacate, if any. However, if and when plaintiffs' counsel do communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, plaintiffs object to this Interrogatory to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

Dated: September 27, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this September 27, 2010, a true and genuine copy of the foregoing was sent by first class mail and electronic mail to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

David J. Strachman #4404

8