# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                                                                     Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND ANSWERS TO THE PALESTINE LIBERATION ORGANIZATION'S FIRST SET OF INTERROGATORIES (1-15)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submit their Objections and Answers to "Defendant the Palestine Liberation Organization's First Set of Interrogatories (1-15) to Plaintiffs" dated October 20, 2010 ("Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1. Any responses provided by plaintiffs will be based on certain non-privileged information currently known to plaintiffs or their counsel. The responses may not necessarily reflect information that is currently within the possession, custody or control of other persons or entities (including, without limitation, the defendants, the State of Israel or the United States). Plaintiffs reserve the right to amend or supplement their responses in accordance with the Federal Rules of Civil Procedure.

2. Plaintiffs' investigation and development of all facts relating to this case and to defendants' Rule 60(b)(6) motion is on-going. The responses by plaintiffs will thus be based only upon such information as is currently known to the plaintiffs. Plaintiffs' objections and

**INTERROGATORY NO. 5:**

If you contend that Defendant PLO committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the [*sic*] attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PLO, a fully response [*sic*] answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating toe h alleged act or omission.]

**OBJECTIONS TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference their objections to Interrogatory 4.

**INTERROGATORY NO. 6:**

Identify all documents that Plaintiffs will, or intend to, introduce into evidence at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 6:**

The plaintiffs have not yet determined which evidence witnesses or testimony they will present in opposition to Defendants' motion to vacate, if any.

Subject to and without derogating from the Objection set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs have not yet determined which evidence they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

10

Plaintiffs object as this interrogatory seeks to discover information protected by the attorney-client privilege and/or attorney-work product doctrines.

Additionally, this interrogatory is contrary to the Court's pre-hearing order and seeks to impose obligations on the Plaintiffs beyond those contained in the pre-hearing order.

Without waiving the above objections, see Plaintiffs' November 12, 2010 letter and the expert reports Plaintiffs previously provided.

**INTERROGATORY NO. 7:**

Identify all documents that Plaintiffs will, or intend to, mark as exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

**INTERROGATORY NO. 8:**

Identify all documents that Plaintiffs will, or intend to, use as rebuttal or impeachment exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

**INTERROGATORY NO. 9:**

Identify all persons whom Plaintiffs will, or intend to, call as witnesses at the January 2011 vacatur hearing in the Civil Action to authenticate, or testify concerning the contents of, the documents Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory Nos. 6, 7 and 8.

**OBJECTIONS TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this November 19, 2010, a true and genuine copy of the foregoing was sent by first class mail and email to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701