# EXHIBIT H

Subject: FW: Ungar deposition notices

**From:** David J. Strachman <djs@mtlesq.com>
**To:** Rochon, Mark; Hill, Brian; Hibey, Richard; 'Sherman, Deming' <dsherman@eapdlaw.com>
**Cc:** MW@wistbar.com <MW@wistbar.com>; bledsham@wistbar.com <bledsham@wistbar.com>
**Sent:** Wed Nov 10 13:51:22 2010
**Subject:** FW: Ungar deposition notices

Counsel,

I write to convey our position regarding the notices you have purported to serve for the depositions of Ronni Shaked, Shlomo Politis and Daniel Reisner.

At this time we are entirely undecided as to whether we will call Politis or Shaked as expert witnesses. If we do ultimately decide to call them, we will so state by December 17, as required by the Court's pre-hearing order.

Accordingly, and because Rule 26 does not apply to this proceeding, Messrs. Politis and Shaked will not be appearing for a deposition and we request that you withdraw your deposition notices. Absent your agreement to do so we will file a motion for a protective order.

We do intend to call Daniel Reisner as an expert witness at the hearing. However, Mr. Reisner will not be appearing for a deposition because this proceeding is governed by the Court's pre-hearing order, not Rule 26. Furthermore, Mr. Reisner will be testifying as an expert on legal issues. Rule 26 does not apply to such experts. *See e.g. BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3, 9 (D.D.C. 1999).

Accordingly, Mr. Reisner will not be appearing for a deposition and we request that you withdraw your deposition notice. Absent your agreement to do so we will file a motion for a protective order.

Finally, I note that your statement in your email below that "your email of November 4 at 11:56 am confirmed that you will be serving Rule 26(a)(2) disclosures for your experts in advance of the Saad deposition noticed for November 17" is false for two reasons. First, in that email we specifically stated that, "Without derogating from our position regarding Rule 26, we will be sending disclosures in advance of the deposition." Thus, whatever disclosures we send will be in response to your discovery requests and/or *ex gratia*, not pursuant to Rule 26. Second, the "disclosures" referred to in that email relate to Mr. Saad only, not to any other witness.

Please advise of your position as to all the above as soon as possible.

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com


Subject: RE: Depo Notices - Ungar
Date: 11/9/10 1:50:16 PM
From: "Hill, Brian" <BHill@milchev.com>
To: djs@mtlesq.com, "Rochon, Mark" <mrochon@milchev.com>, "Hibey, Richard"

11/29/2010

Counsel,

I write in response to paragraph 2 of your email below.

Your letter of November 2, 2010 identified Messrs. Reisner, Politis and Shaked and Ofer Saad as "rebuttal experts." Accordingly, Defendants are entitled to take their depositions pursuant to Rule 26(b)(4)(A) which provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."

The only limit on our right to depose your experts imposed by Rule 26(b)(4)(A) is one of timing, i.e. "[i]f Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Rule 26(b)(4)(A). As you know, we have consistently taken the position that Rule 26(a)(2)(B) requires a report from each of your experts, and your email of November 4 at 11:56 am confirmed that you will be serving Rule 26(a)(2) disclosures for your experts in advance of the Saad deposition noticed for November 17. We have noticed the depositions of your other experts on November 16, 18 and 19 so that they will occur after the reports required by Rule 26(a)(2)(B) are due and long after your response to interrogatory Number 20 (which independently requires you to provide the same information required by Rule 26(a)(2)(B)) was due on September 27. Accordingly, Defendants' deposition notices for Messrs. Reisner, Politis and Shaked are proper under Rule 26(b)(4)(A) and related case law.

Please note that I am attaching Amended Deposition Notices for Plaintiffs' experts because the originally noticed location is unavailable. The depositions will instead take place at the American Colony Hotel in Jerusalem.

Please let us know when we will be receiving your experts' Rule 26(a)(2)(B) reports and/or your supplemental response to Interrogatory 20. Obviously, we will need to receive these materials sufficiently in advance of the expert depositions to prepare to adequately examine the experts.

Finally, please let us know by close of business today if any of your experts will not be appearing at their depositions as noticed, because any such non-appearance will affect which of Defendants' lawyers will be traveling to Jerusalem.

Regards,

Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington, DC 20005
Direct: (202) 626-6014

11/29/2010

From: djs@mtlesq.com [mailto:djs@mtlesq.com]
Sent: Tuesday, November 09, 2010 7:54 AM
To: Rochon, Mark; Hibey, Richard; Hill, Brian; Sherman, Deming
Cc: MW@wistbar.com
Subject: Depo Notices - Ungar

Counsel,

I write in regard to the notices we received from you purporting to notice the depositions of Mohammed Dahlan, Daniel Reisner, Shlomo Politis and Roni Shaked. In order to formulate our position in respect to these notices we need the following information:

1) Regarding Dahlan our main concern (aside from timing) is whether or not the PA and/or PLO take the position that Dahlan is currently an officer, director and/or managing agent of the PA and/or PLO. Please clarify as soon as possible.

2) Regarding Reisner, Politis and Shaked: please direct us to any authority supporting the proposition that the Ungars are required to cause these witnesses to appear for depositions merely on the basis of Defendants' deposition notices.

I look forward to receiving your responses to the above as soon as possible.

Dave Strachman