# EXHIBIT P

## Hill, Brian

**From:** Hill, Brian
**Sent:** Monday, November 29, 2010 2:06 PM
**To:** 'djs@mtlesq.com'; Hibey, Richard; Rochon, Mark
**Cc:** MW@wistbar.com; Robert Tolchin; bledsham@wistbar.com
**Subject:** RE: Ungar v. PA

Counsel:

I respond to the email you sent on Sunday, November 28, 2010 at 5:14 pm, as follows:

1. I did not intend, by my Friday, November 26, 2010 (9:27 am) email, to summarize all of the topics discussed during the parties' November 24, 2010 (2:00-3:30 pm) meet and confer teleconference. Rather, I was confirming certain aspects of the call that required a response or action by one of the parties.

2. (Your Paragraph A) The purpose of the meet and confer call was to address pending issues that each side had with the other side's discovery requests or responses. It was not limited simply to a discussion of "Defendants' responses/objections to Plaintiffs' 2nd set of Interrogatories and 4th Request for Production of Documents" as you imply.

3. (Your Paragraph A(a)) I respond to each of the statements in this paragraph as follows:

- I did not refuse to provide verifications for Defendants' November 18, 2010 Answers to Plaintiffs' Second Set of Interrogatories. I stated that I did not have the verifications as of the time of the meet and confer teleconference but that I would get them. In that regard, I noted that Plaintiffs' November 19, 2010 Answers to Defendants' Second Set of Interrogatories (as well as their prior interrogatory responses) also were not verified.
- You asked me to withdraw all of Defendants' general objections to Plaintiffs' Second Set of Interrogatories and refused initially to engage in a discussion of which of the general interrogatories applied to specific interrogatories. I responded that I could not and would not withdraw all of the general objections in a wholesale manner, and I proceeded to explain, on an interrogatory-by-interrogatory basis, why and how the general interrogatories applied to each interrogatory. You never inquired whether Defendants were withholding any responsive, non-privileged information currently known to Defendants on the basis of any of the general objections.
- You also asked me to withdraw all of Defendants' specific objections to Plaintiffs' Second Set of Interrogatories. I responded that I could not and would not withdraw all of the specific objections in a wholesale manner, but I offered to address them on an interrogatory-by-interrogatory basis. You declined to do so.
- I did not refuse to "provide a full response to Interrogatory 3 regarding the Cairo Agreement." Instead, I stated that, in my view, Defendants' November 18, 2010 answer to that interrogatory was complete and that, with reference to Defendants' objections to that interrogatory, Defendants do not believe that there was a "Cairo Agreement" as Plaintiffs have sought to define it.
- I did not refuse to "provide a full response to Interrogatory 5" regarding a letter

signed, but not written by, President Abbas. I noted that the identities of attorneys who were representing Defendants at the time of the letter were a matter of public record, as were any legal proceedings that were filed on behalf of Defendants. Without conceding that the author of the letter had <u>any</u> specific attorneys or actions in mind when he wrote the letter for President Abbas' signature, I stated that Defendants did not presently know what the author intended when he wrote the phrase that is the subject of Interrogatory 5.

4.  (Your Paragraph A(b)) I respond to each of the statements in this paragraph as follows:

- I addressed your request for the wholesale withdrawal of Defendants' general and specific objections to Plaintiffs' Fourth Request for Production of Documents in the same manner as the objections to Plaintiffs' Second Set of Interrogatories (*see* above), and we subsequently engaged in a request-by-request discussion regarding the objections.
- I noted that two of the four individuals reference in Requests Nos. 16-20 ("Amjad Hinawi" and "Khalil Al-Sharif") do not appear in any of Plaintiffs' discovery responses in the vacatur proceeding or in the Complaint itself. I also stated that I personally did not immediately recall who Amjad Hinawi or Khalil Al-Sharif are or were or, for that matter, what relevance Plaintiffs contend any of those individuals has to this case, and asked you to explain whether and how any of those individuals were relevant to the claims and allegations in the Complaint or the vacatur proceeding. I also asked you to explain whether and how those individuals were involved in the shooting of the Ungars. You flatly refused to provide any explanation or information regarding those individuals during the meet and confer teleconference. In the absence of any such proffer, explanation or information from you, I stated that Defendants would not and could not withdraw their objections to Requests Nos. 16-20. I do not believe we separately discussed Request 21.

5.  (Your Paragraph B(1)-B(4))  In addition to all of the communications I have sent you regarding the untimely and deficient discovery responses and disclosures from Plaintiffs regarding the expert witnesses upon whom Plaintiffs intend to rely at the vacatur hearing, I respond to the statements in Paragraph B(1)-B(4) of your email as follows:

- (Your Paragraph B(1))  Contrary to the assertion in your email, you made no representations during the meet and confer call regarding what specific documents Col. Saad reviewed in the course of formulating the opinions reflected in his written report. In fact, you indicated that you did not know what he had reviewed and could not find out because of the time-difference in Israel where Col. Saad is located. We now understand from the representations in your email that Col. Saad did not review any hard copy or electronic documents reflecting intelligence reports in formulating the opinions in his report. In that regard, you stated that Col. Saad "has no right to possess" any such intelligence reports. Please explain the legal and/or factual basis for that statement. Additionally, the representations you make in your email do not resolve all of the issues I have raised with you, including during the meet and confer teleconference. Specifically, I asked whether Col. Saad "considered" any specific intelligence reports or information in formulating his opinion, i.e., did he have in his mind and recollection any specific intelligence reports, information or incidents on which he was basing (or from which he formulated) the opinions in his report. If he did, he and you were obligated to disclose the details of such intelligence reports, information or incidents in response to Defendants' Interrogatory No. 20 (regarding any opinion testimony that Plaintiffs will attempt to introduce at the vacatur hearing) and pursuant to Fed. R. Civ. P. 26(a)(2).

Plaintiffs continue to refuse to provide such information regarding the opinions that Col. Saad apparently intends to offer at the vacatur hearing. With his "hearing testimony" in the form of his deposition noticed by Plaintiffs set to convene in just two days, Defendants will have no choice but to seek an order excluding Col. Saad as a hearing witness on this and other relevant grounds.

- (Your Paragraph B(2)) In the absence of any definitive answer regarding the information I requested during the meet and confer teleconference regarding Prof. Rubin's report, we will need to seek appropriate relief within the deadline set by the Court for filing motions. If you provide us with the requested information or an appropriate representation that none exists, we will amend or withdraw our motion, as necessary. However, as you make your inquiry to Prof. Rubin, please understand that we are seeking any hard copy or electronic documentation relating to the referenced interviews, including any notes, memoranda, recordings, etc. In other words, the inquiry should not be limited simply to the existence or non-existence of any "transcripts" of the interviews, as your email implies.

- (Your Paragraph B(3)) Thank you for providing the requested information. We will review the materials attached to your email and let you know if we have any further questions or issues on this point.

- (Your Paragraph B(4)) I have not "misplaced or lost" any of the materials you sent me on October 20, 2010. I know precisely what I received from you. The issue is whether what we received constitutes the entire collection of color photographs that we requested and you agreed to provide. As I indicated, I will transmit a copy of what we received from you, and await a production from you of the materials marked as Exhibit 3 at the July 2002 hearing.

6. (Your Paragraph B(5)) In the last paragraph of your email, you have misrepresented what transpired during the meet and confer teleconference regarding the discussion of Plaintiffs' pending objections to Defendants' First Request for Admissions, Defendant PA's Fourth Request for Production of Documents, Defendant PLO's First Set of Interrogatories or Defendant PLO's First Request for Production of Documents. First, under no circumstances did I "refuse[] to discuss any of the specific 233 Requests for Admission." In fact, I began a request-by-request discussion by asking you why Plaintiffs refused to admit or deny Request for Admission No. 1, which asked Plaintiffs to admit a statement taken directly from Plaintiffs' Complaint. In an impatient and abrupt manner, you argued that Defendants did not need Plaintiffs to admit statements like these, and stated Plaintiffs would be standing on all of their objections. Given your response on Request for Admission No. 1, I asked you whether Plaintiffs position would be the same on all of the Requests for Admission (i.e., that Plaintiffs would not be withdrawing any of their objections and would not be providing actual, direct responses), and I said that I did not want to take up your time unnecessarily with a request-by-request discussion. You responded that Plaintiffs' position on the objections and responses would not change, and you said that there was no further need to engage in a discussion of any specific Request for Admission. Your co-counsel, Robert Tolchin, left the call ten minutes before it ended, and you ended the teleconference shortly after 3:30 pm because you had another appointment. If you wish to have any further discussion regarding any specific discovery request from Defendants that was the subject of Plaintiffs' November 19, 2010 objections and responses, I am available again at 3 pm today. Otherwise, I will assume that Plaintiffs' position on those requests, as conveyed on November 19, 2010 and confirmed during the November 24, 2010 meet and confer teleconference, remains the same.

Regards,

Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington, DC 20005
Direct: (202) 626-6014
Fax: (202) 626-5801

---

**From:** djs@mtlesq.com [mailto:djs@mtlesq.com]
**Sent:** Sunday, November 28, 2010 5:14 PM
**To:** Hill, Brian; Hibey, Richard; Rochon, Mark
**Cc:** MW@wistbar.com; Robert Tolchin; bledsham@wistbar.com
**Subject:** FW: Ungar v. PA

Brian,

I write in response to your email below.

A.  The purpose of the meeting Wednesday was to address the deficiencies in Defendants' responses/objections to Plaintiffs 2 nd set of Interrogatories and      4 th Request for Production of Documents.

a) Regarding the Interrogatories, you refused our requests to 1) provide responses sworn to by the Defendants, 2) withdraw the general objections, which you said are in fact applicable to each interrogatory, 3) withdraw all specific objections, 4)  provide a full response to Interrogatory 3 regarding the Cairo Agreement, and 5) provide a full response to Interrogatory 5--- you indicated that Defendants are unable to ascertain what Mr. Abbas meant by the representations in his letter because you haven't spoken to him about the letter, the letter was drafted by counsel, whom you wouldn't identify, and indicated that all counsel for the PA and PLO are part of the "public record in the US."

b) Regarding the Document Requests, you refused our request to 1) withdraw all general objections, 2) withdraw all specific objections, 3) provide documents in response to each document request, 4) regarding ##16-21 you claimed that you didn't know who the specific individuals referenced therein were and have not investigated their identity because they are not mentioned in the Ungars' Amended Complaint and accordingly you believe information about these individuals is not relevant to the Rule 60 motion.

B. Secondarily, you requested to discuss the four discovery responses we served on November 19, 2010 and the expert reports we previously provided.  Plaintiffs' response to your comments follow.

1)    Re: Col. Saad, we discussed in detail that Col. Saad reviewed no specific documents in preparing his report and that his opinion is based on his experience and knowledge generally.  The "documents" you reference in you email are merely the items he saw in the course of his professional career as an intelligence officer, he does not possess them and has no right to possess them and did not not review them in preparing his report. Similarly, counsel has not seen them.

2)    Re: Prof. Rubin, I am not aware whether transcripts exist of the interviews referenced in footnote 17, 23, 28 and 29. I have placed in inquiry with Mr. Rubin and will revert immediately upon receiving a response.

3)    We agreed to provide any "additional statement" by Ghanimat referenced in Dr. Thanning's report, which you have already. See attached.

4)    I agreed to review what you claim you received from our office in our October 20, 2010 package of pictures and can send you, yet again, another set if your office misplaced or lost some of the color photographs we provided.

5)    Regarding our objections to the various discovery responses served on November 19, 2010, you refused to discuss any of the specific 233 Requests for Admissions or to modify Defendants' other requests so as to reach a compromise in any way and accordingly we believe that the objections are appropriate.

Dave

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence , RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

---

**From:** Hill, Brian [mailto: BHill@milchev.com]
**Sent:** Friday, November 26, 2010 9:27 AM
**To:** Robert Tolchin; David J. Strachman; Max Wistow
**Cc:** Hibey, Richard; Rochon, Mark; dsherman@eapdlaw.com
**Subject:** Ungar v. PA

Counsel,

I write to confirm the following from our meet and confer on Wednesday November 24: Defendants have produced to Plaintiffs all documents responsive to Plaintiffs' Fourth Request for Production Nos. 7 and 8 that they could locate following a reasonable search.  In light of this production, Defendants agree to withdraw their objections to Plaintiffs' Fourth Request Nos. 7 and 8.

Plaintiffs will not produce any of the data or information Mr. Saad considered in forming his opinions in this case, including the "intelligence items" and other "information [he] acquired during [his] service in the IDF Intelligence Branch" referenced in his report, or otherwise supplement his report to provide that data or information.  As I mentioned during the call, this will severely prejudice Defendants' ability to cross-examine Mr. Saad at his *de bene esse* deposition next week because we do not currently know, and apparently cannot access, the factual bases for his opinions before his deposition.  Thus, you can expect that, because of your unwillingness to produce this data or information, Defendants will be moving to exclude Mr. Saad's deposition testimony from the Court's consideration.

Plaintiffs will not produce the interviews considered by Mr. Rubin and referenced at footnotes 17, 23, 28 and 29 of his report or the unspecified "PA intelligence reports and other evidence" considered by Mr. Levitt and referenced in his report.

Plaintiffs will further identify, and, if they have not been previously produced, produce the "Additional Statements by Abdel Rahman Ghnaimat" considered by Dr. Thanning and listed as item number 11 in Section I of her report.

Defendants will send Plaintiffs copies of the color photographs Plaintiffs previously produced on October 20, 2010 to confirm that Defendants do not have a copy of the photographs that were marked as Exhibit 3 at the July 2002 damages hearing in this matter.  Once Plaintiffs verify that Defendants do not have color photographs of Exhibit 3, Plaintiffs will promptly produce a color copy of Exhibit 3 to Defendants.

Plaintiffs will not withdraw any of their objections to their responses to interrogatories, document requests and requests for admission which were served last Friday November 19, and will not make any further production of documents or further answer any of those interrogatories or requests for admission.

Please let me know as soon as possible if any of the foregoing is incorrect.  Please let us have the identification (and, if not previously produced) copies of the documents referenced by Dr. Thanning as item 11 of her report by Monday November 29.  I will send you copies of the photographs we received on October 29 on Monday as well.

Regards,

Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington , DC 20005
Direct: (202) 626-6014
Fax: (202) 626-5801