# EXHIBIT R

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINIAN AUTHORITY, et al., <br><br> Defendants. | C.A. No. 00-105L |

**SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit these Second Supplemental Objections and Responses to "Plaintiffs-Judgment Creditors' First Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" dated June 25, 2010 ("Request" or "Requests"), and state as follows:

### PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and documents relating to this case is on-going. The responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants. These responses and objections are made subject to, without prejudice to, and are not in waiver of, Defendants'

1

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Authentic copies of all the documents that the Defendants will and/or intend to seek to submit to the Court and/or seek to introduce into evidence in support of The Motion at any time subsequent to the date of these requests.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 1 on the grounds: (a) that the Request is vague and ambiguous, particularly in its use of the phrase "documents that the Defendants will and/or intend to seek to submit to the Court"; (b) that the Request seeks information beyond that reasonably known or reasonably knowable by Defendants at this time; (c) that, as potentially construed, the Request imposes obligations beyond what the Federal Rules of Civil Procedure allow, as Defendants have no obligation under the Federal Rules to authenticate documents on Plaintiffs' behalf; and (d) that, as potentially construed, the Request seeks the production of information and documents protected by he attorney-client privilege, the attorney work product doctrine, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Defendants remain willing to engage in good faith discussions with Plaintiffs regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Request.

Subject to and without waiving the foregoing General and Specific Objections, Defendants state that at this stage of the discovery process, they have not decided which documents they will seek to introduce into evidence at the January 2011 hearing. Defendants

5

agree, however, that it would be appropriate for the parties to exchange exhibit lists at a later time, and are willing to do so.

On the basis of the foregoing General and Specific Objections, the above Response, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request at this time. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections and Response to Request No. 1.

**SUPPLEMENTAL RESPONSE:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby supplement their Response as follows: Defendants will produce documents responsive to this Request in accordance with any pre-trial disclosure schedule that the parties jointly consent to, or, at the time when Defendants determine which documents are responsive to this request.

**SECOND SUPPLEMENTAL RESPONSE:**

Defendants have now made multiple document productions in this matter. Defendants have also previously filed certain documents as exhibits in support of their Motion to Vacate. Defendants are also producing contemporaneously herewith additional documents and expert reports.

All of the documents Defendants presently intend to seek to submit to the Court and/or seek to introduce into evidence in support of the Motion to Vacate have either been previously produced in this matter, submitted as exhibits to the Motion to Vacate, or are referenced in Defendants' expert reports.

Defendants reserve the right to supplement or amend this response and to tender a final exhibit list in advance of the January 2011 hearing.

Respectfully submitted,

Dated: October 15, 2010

/s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*