# Exhibit T

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al., )
)
Plaintiffs, )
)
v. )  C.A. No. 00-105L
)
THE PALESTINIAN AUTHORITY, et al., )
)
Defendants. )
)

**FIFTH SUPPLEMENTAL OBJECTIONS AND ANSWERS OF DEFENDANTS THE PALESTINE LIBERATION ORGANIZATION AND THE PALESTINIAN AUTHORITY TO PLAINTIFFS-JUDGMENT CREDITORS' FIRST SET OF INTERROGATORIES TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively "Defendants"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit these Fifth Supplemental Objections and Answers to "Plaintiffs-Judgment Creditors' First Set of Interrogatories Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" (Interrogatories No. 1-2), dated June 30, 2010 ("Interrogatory" or "Interrogatories"), and state as follows:

## PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to this case is on-going. The objections and answers by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants. These objections and answers are made subject to, without prejudice to, and are not

1119490.1

8.    By subsequently responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories.

9.    Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in the specific responses does not waive any general objection to the Interrogatories.

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 1:

Identify all persons whose testimony the Defendants will or may present to the Court, whether live or via deposition, in support of The Motion.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Interrogatory No. 1 on the grounds:  (a) that, as potentially construed, the phrase "will or may" is vague and ambiguous; (b) that the Interrogatory requests information beyond that reasonably known or reasonably knowable by Defendants at this time; and (c) that, as potentially construed, the Interrogatory seeks information protected by he attorney-client privilege, the attorney work product doctrine, and other applicable privileges and protections.

### ANSWER:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Defendants remain willing to engage in good faith discussions with Plaintiff regarding the foregoing General and Specific Objections and the proper nature and scope of any discovery in response to the foregoing Interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Defendants state that at this stage of the discovery process, they have not decided which witnesses they will call at the January 2011 hearing.  Defendants agree, however, that it would be appropriate for the parties to exchange witness lists at a later time, and are willing to do so.

Defendants are willing to engage in good faith discussions with the Plaintiffs regarding the foregoing Objections and Answer to Interrogatory No. 1.

4

**SUPPLEMENTAL ANSWER:**

As a result of good-faith discussions between counsel for the parties, Defendants hereby supplement their Answer as follows:  Defendants will provide a responsive answer to this Interrogatory in accordance with any pre-trial disclosure schedule that the parties jointly consent to, or, at such time when Defendants determine which persons are responsive to this request.

**SECOND SUPPLEMENTAL ANSWER:**

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1.    Jibreen Albakri (party witness; contact through counsel);

2.    Michael Baden (expert witness)
      15 West 53 Street, Suite 18
      New York, NY 10019;

3.    Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

4.    Muhammad Dahleh (expert witness)
      Muhammad Dahleh & Associate
      4 Ibn Batotah Street
      P.O.Box 1342
      Jerusalem 91013
      Israel

5.    Prime Minister Salam Fayyad (party witness; contact through counsel);

6.    Rick Gaskins (expert witness)
      Gaskins Associates PC
      602 Cromwell Whye Lane
      P.O. Box 326
      Monkton, MD 21111;

7.    Mohammad Jabrini (party witness; contact through counsel);

8.    Glenn Robinson (expert witness)
      Associate Professor of Defense Analysis
      Co-Director of Center on Terrorism and Irregular Warfare
      U.S. Department of Defense Analysis - Naval Postgraduate School
      1 University Circle
      Monterey, CA 93943;

9.     Eileen Ryan (expert witness)
   Institute of Law, Psychiatry & Public Policy
   Box 800660
   University of Virginia Health System
   Charlottesville, VA 22908;

10.     Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

11.     Raja Shehadeh (expert witness)
    26 Main Street
    Ramallah,
    The Palestinian Territories, via Israel;

12.     Ruven Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

13.     Any witnesses who are deposed in this matter;

14.     Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

**THIRD SUPPLEMENTAL ANSWER:**

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1.     Jibreen Albakri (party witness; contact through counsel);

2.     Michael Baden (expert witness)
   15 West 53 Street, Suite 18
   New York, NY 10019;

3.     Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

4.     Muhammad Dahlan;

5.     Muhammad Dahleh (expert witness)
   Muhammad Dahleh & Associate
   4 Ibn Batotah Street
   P.O.Box 1342

6

Jerusalem 91013
Israel;

6.     Prime Minister Salam Fayyad (party witness; contact through counsel);

7.     Rick Gaskins (expert witness)
       Gaskins Associates PC
       602 Cromwell Whye Lane
       P.O. Box 326
       Monkton, MD 21111;

8.     Hiba Husseini
       53 Irsal Street, Suite 304
       Ramallah
       Palestine;

9.     Rafiq Husseini (party witness; contact through counsel);

10.    Mohammad Jabrini (party witness; contact through counsel);

11.    Glenn Robinson (expert witness)
       Associate Professor of Defense Analysis
       Co-Director of Center on Terrorism and Irregular Warfare
       U.S. Department of Defense Analysis - Naval Postgraduate School
       1 University Circle
       Monterey, CA 93943;

12.    Eileen Ryan (expert witness)
       Institute of Law, Psychiatry & Public Policy
       Box 800660
       University of Virginia Health System
       Charlottesville, VA 22908;

13.    Afif Safieh (party witness; contact through counsel);

14.    Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

15.    Raja Shehadeh (expert witness)
       26 Main Street
       Ramallah,
       The Palestinian Territories, via Israel;

16.    Ruven Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

7

17.    Any witnesses who are deposed in this matter;

18.    Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

## FOURTH SUPPLEMENTAL ANSWER:

At this time, Defendants believe that they will or may present to the Court the testimony of the following witnesses at the January 2011 hearing:

1.    Jibreen Albakri (party witness; contact through counsel);

2.    Yousef al-Qaddah (party witness; contact through counsel);

3.    Hassan Asfour
Sixth Circle
Jabal Amman
Amman, Jordan;

4.    Michael Baden (expert witness)
15 West 53 Street, Suite 18
New York, NY 10019;

5.    Patrick Clawson (specifically, select portions of Dr. Clawson's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

6.    Muhammad Dahlan
212 Nablus Road
El-Bired, Occupied Palestinian Territory

7.    Muhammad Dahleh (expert witness)
Muhammad Dahleh & Associate
4 Ibn Batotah Street
P.O.Box 1342
Jerusalem 91013
Israel;

8.    Prime Minister Salam Fayyad (party witness; contact through counsel);

9.    Rick Gaskins (expert witness)
Gaskins Associates PC

8

602 Cromwell Whye Lane
P.O. Box 326
Monkton, MD 21111;

10.    Hiba Husseini
       53 Irsal Street, Suite 304
       Ramallah
       Palestine;

11.    Rafiq Husseini (party witness; contact through counsel);

12.    Mohammad Jabrini (party witness; contact through counsel);

13.    Mazen Jadallah (party witness; contact through counsel);

14.    Glenn Robinson (expert witness)
       Associate Professor of Defense Analysis
       Co-Director of Center on Terrorism and Irregular Warfare
       U.S. Department of Defense Analysis - Naval Postgraduate School
       1 University Circle
       Monterey, CA 93943;

15.    Eileen Ryan (expert witness)
       Institute of Law, Psychiatry & Public Policy
       Box 800660
       University of Virginia Health System
       Charlottesville, VA 22908;

16.    Afif Safieh (party witness; contact through counsel);

17.    Ronni Shaked (specifically, select portions of Mr. Shaked's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

18.    Raja Shehadeh (expert witness)
       26 Main Street
       Ramallah,
       The Palestinian Territories, via Israel;

19.    Ruven Paz (specifically, select portions of Dr. Paz's testimony at the January 15, 2002 hearing in the case of *Ungar v. Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.));

20.    Any witnesses who are deposed in this matter;

21.    Any witnesses that Plaintiffs may present at the January 2011 hearing in this matter.

9

Defendants reserve the right to supplement or amend this list and to tender a final witness list in advance of the January 2011 hearing.

## FIFTH SUPPLEMENTAL ANSWER:

Defendants incorporate herein by reference, as if fully set forth herein, their original Answer and supplemental Answers to Interrogatory No. 1.

As of the date hereof, which is the close of discovery in the vacatur proceedings in the above-captioned action, Plaintiffs have failed to respond to Defendants' long-outstanding discovery requests seeking the identification of the documents that Plaintiffs will attempt to introduce and/or use as exhibits at the vacatur hearing in the above-referenced matter and the witnesses whose testimony Plaintiffs will attempt to introduce and/or use at the vacatur hearing in the above-referenced matter, including witnesses whom Plaintiffs intend to call to testify regarding hearing the authenticity and admissibility of exhibits that Plaintiffs have failed to produce and/or identify in response to Defendants' discovery requests in the vacatur proceedings.

Defendants reserve the right to identify in response to Interrogatory No. 1, and to further supplement their answer to Interrogatory No. 1, with the names of additional persons whom Defendants may call as witnesses (including potential rebuttal and/or impeachment witnesses) at the vacatur hearing, if and when Plaintiffs comply with their discovery and pre-hearing obligations in this action.

Respectfully submitted,

Dated:  November 19, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of November 2010, a true and genuine copy of the foregoing was served by electronic mail and overnight mail, postage prepaid, on the following:

> David J. Strachman
> McIntyre, Tate & Lynch, LLP
> 321 South Main Street, Suite 400
> Providence, RI 02903
> Djs@mtlhlaw.com
>
> Max Wistow
> Wistow and Barylick Incorporated
> 61 Weybosset Street
> Providence, RI 02903
> mwistow@wistbar.com
>
> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, New York 11201
> RJT@TolchinLaw.com
>
> *Attorneys for Plaintiffs*

Mark J. Rochon