UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| THE ESTATE OF YARON UNGAR, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 00-105L |
| THE PALESTINIAN AUTHORITY, et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO COMPEL ANSWERS TO DEFENDANT THE
PALESTINE LIBERATION ORGANIZATION'S INTERROGATORY
NOS. 1-5 AND 12-14 AND RESPONSES TO DEFENDANT PLO'S REQUEST FOR
PRODUCTION NOS. 6-10 AND 12 AND DEFENDANT THE PALESTINIAN
AUTHORITY'S REQUEST FOR PRODUCTION NOS. 38-45 AND 47
AND MEMORANDUM IN SUPPORT THEREOF**

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian

Authority ("PA," collectively "Defendants"), through counsel, respectfully move this Court

pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) to compel Plaintiffs to provide fully

responsive answers to Interrogatory Nos. 1-5 and 12-14 of the PLO's First Set of Interrogatories,

and produce all documents and things responsive to Request Nos. 6-10 and 12 of the PLO's First

Requests for Production of Documents and Things and Request Nos. 38-45 and 47 of the PA's

Fourth Request for Production of Documents and Things.  By separate motion, Defendants are

moving to exclude from evidence at the forthcoming January 18, 2011 evidentiary hearing all

information, documents and testimony that Plaintiffs failed to timely disclose or produce, either

in documentary or deposition form, during the pre-hearing discovery period.  Defendants file this

motion for alternate relief should the Court deny, in whole or in part, their motion to exclude.  If

the Court grants Defendants' motion to exclude, this motion to compel will be rendered moot.

If, however, Plaintiffs will be allowed to rely upon their experts or other yet-to-be-disclosed witnessed or documents, Plaintiffs should be compelled to answer the specified interrogatories and produce documents in response to the specified requests for production. Plaintiffs have simply refused to provide Defendants with core discovery relating to (1) the witnesses Plaintiffs intend to present at the January 2011 evidentiary hearing, (2) the bases for certain of the Plaintiffs' experts' opinions, (3) whether the amount of the default judgment would withstand adversarial testing, (4) whether Plaintiffs would be prejudiced by the granting of vacatur, and (5) Defendants' assertion of meritorious defenses.

Accordingly, the Court should order Plaintiffs to produce fully responsive and complete interrogatory answers and responsive documents on an expedited basis.

## FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1) CERTIFICATION

Counsel for Defendants hereby certify that, as required by Fed. R. Civ. P. 26(c)(1), they have conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and have been unable to do so.

## RELEVANT BACKGROUND

On October 20, 2010, pursuant to Federal Rule of Civil Procedure ("Rule") 33 and 34, respectively, Defendant PLO served its First Set of Interrogatories (1-15) and its First Request for Production of Documents and Things (1-15) on Plaintiffs. *See* Exhs. 1 and 2. On that same date, Defendant PA also served its Fourth Request for Production of Documents and Things (37-51) on Plaintiffs. *See* Exh. 3. Through these interrogatories and requests, Defendants sought discovery from Plaintiffs on key topics relating to the evidence that will be presented to this Court at the January 18, 2011 evidentiary hearing in this case. For example, one of the

interrogatories and four of the requests seek communications Plaintiffs have had with their experts and the documents Plaintiffs provided to those experts. *See* Exh. 1 at 10-11; Exh. 2 at 10-11; Exh. 3 at 4-5. Additionally, two of the interrogatories and three of the requests seek information and documents that form the bases of the opinions Plaintiffs' experts intend to offer at the hearing. *See* Exh. 1 at 11-12; Exh. 2 at 10-11; Exh. 3 at 4-5.

Plaintiffs responded to these interrogatories and requests on November 19, 2010, the final day of pre-hearing discovery prescribed by this Court. *See* Exhs. 4, 5 and 6. However, with these objections and responses Plaintiffs failed to provide a single substantive answer to the PLO's interrogatories and failed to produce a single document in response to the PLO's and PA's requests for production. Instead, Plaintiffs relied solely on their objections in response to each of the interrogatories and requests for production identified below.

Defendants attempted to meet and confer with Plaintiffs to address the fact that they had not responded to Defendants' interrogatories and requests in a teleconference that took place on November 24, 2010. During this call, Plaintiffs' counsel stated that Plaintiffs intended to stand on their objections to the identified interrogatories and requests for production, and also refused to indicate whether Plaintiffs were withholding any documents or information on the basis of their objections to several of Defendants' interrogatories and requests. Defendants informed Plaintiffs' counsel during the call that, in light of Plaintiffs' positions, Defendants would be forced to file the instant motion.

On November 29, 2010, Plaintiffs' counsel emailed defense counsel concerning several of Defendants' requests and pointed Defendants to a single document that had previously been produced that was referenced in Plaintiffs' expert Lone Thanning's report. *See* Exh. 7; Exh. 8 (Nov. 8, 2010 Lone Thanning Report) at 1 (referencing "[a]dditional Statements by Abdel

3

Rahman Ghnaimat"). In this communication, Plaintiffs' counsel agreed to look into several other of Defendants' requests, but did not provide any additional information or a time frame in which they would respond. Accordingly, because today is the deadline for filing motions under the scheduling order, Defendants are filing this Motion to Compel as an alternative to their contemporaneously-filed motion to exclude.

## DISCOVERY ANSWERS AND RESPONSES AT ISSUE

Pursuant to LR Cv 37, Defendants reproduce below the interrogatories and requests for production at issue in this motion, along with Plaintiffs' objections and responses (full copies of Plaintiffs' objections and responses are also attached hereto as Exhibits 4, 5 and 6):[1]

## DEFENDANT PLO'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

If you contend that the PA or PLO (or any person purporting to act on behalf of the P A or PLO) made any admissions or statements against interest relating to any facts, events, circumstances, allegations, or claims in the Civil Action on which you intend to rely, or which you intend to offer in evidence, at the January 2011 vacatur hearing, (including, without limitation, any "admission" as that term is used in Federal Rule of Evidence 801 (d)(2)), specifically identify such admission(s) or statement(s) against interest and state the factual basis for your contention that the admission(s) or statement(s) qualify as such under the Federal Rules of Evidence.

[With respect to each alleged admission or statement against interest, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which the admission or statement was made; (b) the identity of the person who made the admission or statement; ( c) the capacity in which the person made the admission or statement; (d) the precise, exact and actual words of the admission or statement; ( e) the identity of all persons who were present or heard the admission or statement at the time it was made; (f) the identity of all persons who you know or believe have knowledge or information relating to the admission or statement; and (g) the identity of all documents that relate to the admission or statement.]

---

[1] In accordance with LR Cv 37(a), Defendants include in this section the full interrogatories and document requests at issue, along with Plaintiffs' objections and responses, despite some overlap and repetition.

**OBJECTIONS TO INTERROGATORY NO. 1:**

Plaintiffs object as they have not yet determined which evidence, witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with Plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

However, if and when Plaintiffs' counsel does communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, Plaintiffs object to this request to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

**INTERROGATORY NO. 2:**

Identify and describe in detail all communications between Yasser Arafat and any person who you contend was a leader or member of Hamas relating to any facts, events, circumstances, allegations, or claims in the Civil Action, including, without limitation, any such communications referenced by Plaintiffs in their answer to Defendant PA's Interrogatory No.1.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which such communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; ( e) the identity of all persons who were present or heard the communication at the time it occurred; (f) the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

**OBJECTIONS TO INTERROGATORY NO. 2:**

1.  Plaintiffs object to this interrogatory as seeking information that is irrelevant to Defendants' Rule 60(b)( 6) motion or even this case.

2.  Plaintiffs object to this interrogatory to the extent that it seeks information with respect to topics, issues, subjects, areas of inquiry, facts, allegations and statements that are beyond the parameters of Judge Lagueux's Order of April 1,2010 (dkt. # 482), Magistrate Judge Martin's Order Granting in Part and Denying in Part Motions (dkt. # 575), Order Granting in Part and Denying in Part Defendants' Motion to Compel (dkt. # 577), Order Granting Defendants' Motion for Protective Order Identifying Relevant Rule 30(b)(6) Topics (dkt. # 578), Order Denying Defendants' Motion for Mental Examinations (dkt. # 579) and/or beyond the scope of Defendants' Motion to for (sic) Relief from Default Judgment. Dkt. # 408. (Defendants' "Rule 60(b) Motion to Vacate").

3.      Plaintiffs object to this interrogatory as it requests information contrary to Magistrate Judge Martin's ruling that "Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense. . .accordingly, Defendant is not entitled to merits of discovery," Dkt. # 577, p. 2. This request is unduly burdensome and seeks documents that are irrelevant to defendants' Rule 60(b)(6) motion because it seeks documents relating to the facts underlying the allegations of the Amended Complaint that defendants intend to use in an attempt to develop a meritorious defense. Such documents are irrelevant to defendants' Rule 60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal brackets and quotation marks omitted). The documents sought are also irrelevant and unduly burdensome to produce because a meritorious defense cannot be established by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim."). Therefore, a defendant seeking to vacate a default is not permitted discovery from the plaintiff regarding the factual basis of the complaint. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.,* 1991 WL 95287 at *10 (E.D. Pa. 1991) (rejecting such a request on the grounds that both defendant's meritorious defense and plaintiff's complaint are assessed using a pleading standard, not a proof standard).

4.      Plaintiffs object to this interrogatory because Defendants are not permitted discovery which "would have the practical effect of re-opening this case before the Court has determined whether it should be reopened." Dkt. # 577, p. 3.

5.      Plaintiffs object to this interrogatory to the extent it seeks information relating to the prejudice they suffer by the Defendants' refusal to comply with prior discovery orders and accordingly it violates Magistrate Judge Martin's ruling of October 27, 2010, "Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate. See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendants' Interrogatory Nos. 12-18 and Responses to Defendants' Request for Production Nos. 8-15, 17-19 ("Defendants' Reply") at 7 ("The extent to which Plaintiffs currently posses[] information and documents supporting their claims is something for this Court to consider when determining whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate."). While this argument has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so." Dkt. # 577 pp. 2-3.

6.      Plaintiffs object to this interrogatory as it seeks information contrary to Magistrate Judge Martin's ruling that making the argument "that the judgment in this case has foreign policy implications and/or that the denial of the Motion to Vacate will have foreign policy implications," Defendants "may only rely upon materials in the public record." Dkt. # 574 p. 1.

7.      Plaintiffs object to this interrogatory because it seeks information supporting an opinion or contention that relates to fact or the application of law to fact in respect to the underlying allegations of the action, despite the fact that defendants refused to provide any discovery regarding the underlying allegations of the action.

8.      Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

## INTERROGATORY NO. 3:

Identify and describe in detail all communications that Plaintiffs have had with any of the persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. (sic) 19 and relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which such communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; ( e) the identity of all persons who were present or heard the communication at the time it occurred; (f) the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

## OBJECTIONS TO INTERROGATORY NO. 3:

1.      Plaintiffs incorporate by reference their response to Interrogatory 2.

2.      Plaintiffs object to this Interrogatory as Plaintiffs have not provided a substantive response to the Palestinian Authority's Interrogatory #19.

3.      Plaintiffs object to this Interrogatory as it seeks discovery with respect to another interrogatory response.

4.      Defendants seek to alter the pre-hearing schedule in this matter by way of a discovery demand.

## INTERROGATORY NO. 4:

If you contend that Defendant PA committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the [sic] attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PA, a fully respons[iv]e answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; ( c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating toe h alleged act or omission.]

## OBJECTIONS TO INTERROGATORY NO. 4:

Plaintiffs hereby incorporate by reference the objections contained herein to Interrogatory No. 2. Further, Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

## INTERROGATORY NO. 5:

If you contend that Defendant PLO committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PLO, a fully respons[iv]e answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating toe h alleged act or omission.]

## OBJECTIONS TO INTERROGATORY NO. 5:

Plaintiffs incorporate by reference their objections to Interrogatory 4.

## INTERROGATORY NO. 12:

Identify all documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7, 9 and 11 to Plaintiffs, including without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

## OBJECTIONS TO INTERROGATORY NO. 12:

1.    Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

## INTERROGATORY NO. 13:

Identify and describe in detail all attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

## OBJECTIONS TO INTERROGATORY NO. 13:

1.    Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

3.    Plaintiffs further object to this Interrogatory as the plaintiffs' attempts to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub and defendants' refusal to produce them for examination was adjudicated in *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I. 2004) and prior rulings of the Rhode Island District Court.

## INTERROGATORY NO. 14:

State the factual basis for Plaintiffs' contention in their answer to Defendant P A's Interrogatory No.1 (at p. 4) that "[t]he relevant and responsive documents and things that have been lost are <u>all documents and things that were located in the Gaza Strip as of July 2004 that evidenced the relationship between the PA/PLO and Hamas, that evidenced the policies of the P A and PLO vis-à-vis Hamas, that evidenced the provision of material support and resources to Hamas and its operatives by the PA and/or PLO and/or that were otherwise relevant to the allegations of the Amended Complaint in this action ...</u> ," (emphasis added), including, without limitation, as to each such document that Plaintiffs contend was lost: (a) an identification of the document (date, type, author and recipients,) (b) the identify of the last known custodian of the document; ( c) a description of the contents of the document; (d) the identity of all person who Plaintiffs know or believe have knowledge relating to the document and Plaintiffs' contention; and (e) the identity of all documents relating to the Plaintiffs' contention.

## OBJECTIONS TO INTERROGATORY NO. 14:

1.    Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.    Plaintiffs further object to this interrogatory is an interrogatory about a prior interrogatory response and thus is it violates Rules 26 and 33.

3.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

## DEFENDANT PLO'S FIRST REQUEST FOR PRODUCTION

### REQUEST NO. 6:

All documents provided by the Plaintiffs to, or relied upon in connection with the testimony of Allan Brenman relating to his testimony at the July 2002 evidentiary hearings in the Civil Action.

### RESPONSE NO. 6:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 9, 10, 15 and 16 of their response to Request No. 1.

### REQUEST NO. 7:

All documents relating to, reflecting or constituting the alleged admissions or statements against interest that you identified, or were asked to identify, in your answer to Defendant PLO's Interrogatory No. 1.

### RESPONSE NO. 7:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 of their response to Request No. 1.

### REQUEST NO. 8:

All documents relating to the alleged acts or omissions of Defendant PA that Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory No. 4 to Plaintiffs.

### RESPONSE NO. 8:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 of their response to Request No. 1.

### REQUEST NO. 9:

All documents relating to the alleged acts or omissions of Defendant PLO that Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory No. 5 to Plaintiffs.

### RESPONSE NO. 9:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 of their response to Request No. 1.

**REQUEST NO. 10:**

All documents relating to, reflecting or constituting the communications that Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's and Defendants PLO's interrogatories to Plaintiffs, including, without limitation, Defendant PLO's Interrogatory Nos. 2, 3, 10 and 11 to Plaintiffs.

**RESPONSE NO. 10:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10, 14 and 16.

**REQUEST NO. 12:**

All documents relating to the "Cairo Agreement," as that term was defined and used by Plaintiffs in their Second Set of Interrogatories to Defendant PLO, including Plaintiffs' Interrogatory No. 3 to Defendant PLO.

**RESPONSE NO. 12:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 of their response to Request No. 1.

**DEFENDANT PA'S FOURTH REQUEST FOR PRODUCTION**

**REQUEST NO. 38:**

All documents relating to the attack at issue in the Civil Action, including, without limitation, documents relating to or reflecting the identity of any person who was allegedly involved or participated in the attack and all documents relating to any investigation of the attack.

**OBJECTIONS TO REQUEST NO. 38:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 in response to Request No. 37. (Footnote omitted).

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

**REQUEST NO. 39:**

All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed,

argued, contended or stated that Hamas or a member of Hamas committed the attack at issue in the Civil Action.

**OBJECTIONS TO REQUEST NO. 39:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 8, 10 and 16 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs on October 20, 2010 and November 15, 2010.

**REQUEST NO. 40:**

All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed, argued, contended or stated that Hamas or a member of Hamas had either factual or legal responsibility for the attack at issue in the Civil Action.

**OBJECTIONS TO REQUEST NO. 40:**

Plaintiffs incorporate by reference objections 1,2,3,4, 8, 10 and 16 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs on October 20, 2010 and November 15, 2010.

**REQUEST NO. 41:**

All documents that Plaintiffs have sent to or received from persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

**OBJECTIONS TO REQUEST NO. 41:**

Plaintiffs incorporate by reference their response to Request No. 37.

Plaintiffs further object as they have not yet determined which evidence, witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with Plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

However, if and when Plaintiffs' counsel does communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, Plaintiffs object to this request to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

Without waiving the above objections, see correspondence of November 12, 2010 and the expert reports Plaintiffs previously provided.

**REQUEST NO. 42:**

All documents relating to any communications that Plaintiffs have had with any persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory No. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

**OBJECTIONS TO REQUEST NO. 42:**

Plaintiffs incorporate by reference their response to Request No. 41.

**REQUEST NO. 43:**

All documents relating to the statements, allegations or contentions about Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in Plaintiffs' answers to Defendant PA's Interrogatories to Plaintiffs, including, without limitation, Interrogatory No. 1.

**OBJECTIONS TO REQUEST NO. 43:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8 and 10 of their response to Request No. 37.

**REQUEST NO. 44:**

All documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7, 9 and 11 to Plaintiffs, including, without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

**OBJECTIONS TO REQUEST NO. 44:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of their response to Request No. 37.

**REQUEST NO. 45:**

All documents relating to any attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

**OBJECTIONS TO REQUEST NO. 45:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of their response to Request No. 37.

**REQUEST NO. 47:**

All documents relating to, reflecting, describing, diagnosing, listing or referencing any injuries or conditions of the Plaintiffs for which Plaintiffs are seeking any relief in this case, including any injuries or conditions that were the subject of the damages awarded to Plaintiffs in the judgment in the Civil Action.

**OBJECTIONS TO REQUEST NO. 47:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 8, 9, 10 and 15 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

## ARGUMENT

Local Rule Cv 37 requires the party moving to compel to identify as to each disputed discovery request the reason the response is inadequate. For ease of reference, Defendants have organized their interrogatories and requests and Plaintiffs' responses thereto by category.[2]

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For the reasons described below, Plaintiffs' blanket refusal to respond to Defendants' interrogatories and discovery requests, which seek discoverable and relevant information relating to the forthcoming January

---

[2] Several of the discovery requests span more than one category as described in this motion. *See, e.g.,* PLO Interrogatory Nos. 1 and 2. Should the Court grant Defendants' Motion to Compel with respect to either category, Plaintiffs should be compelled to produce responsive information and documents.

2011 evidentiary hearing, warrants the granting of Defendants' Motion to Compel.  Because of

the short amount of time between the filing of this Motion and the December 17, 2010 date for

the filing of pre-hearing materials, Defendants respectfully request that this Court order

expedited productions of information and documents.

I.    **PLAINTIFFS SHOULD BE REQUIRED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS RELATING TO THEIR COMMUNICATIONS WITH THE EXPERTS THEY INTEND TO PRESENT AT THE JANUARY 2011 EVIDENTIARY HEARING**

Plaintiffs have no good basis to withhold from disclosure communications they have had

with the witnesses they intend to present at the evidentiary hearing or documents they provided

to those witnesses, including expert witnesses.  *See* PA's Request Nos. 41, 42 (Exh. 3 at 4);

PLO's Interrogatory No. 3 (Exh. 1 at 10); PLO's Request Nos. 6, 10 (Exh. 2 at 9-10).[3]  Plaintiffs

provide a litany of objections to the interrogatory and requests seeking this information, claiming

that the discovery sought by Defendants is (1) irrelevant, (2) contrary to Magistrate Judge

Martin's prior rulings, (3) improperly seeking information "supporting an opinion or contention

that relates to fact or the application of law to fact in respect to the underlying allegations of the

action," (4) improperly seeking information "protected by the attorney-client privilege and/or the

attorney work product doctrine," (5) improper because Plaintiffs "have not provided a

substantive response to" the PA's Interrogatory No. 19 (which seeks the identification of

Plaintiffs' hearing witnesses), (6) improper because "it seeks discovery with respect to another

---

[3] During the November 24 teleconference, Plaintiffs claimed that there were no documents provided by Plaintiffs to Allan Brenman relating to his testimony at the July 2002 evidentiary hearing, which is the subject of the PLO's Request No. 6.  However, Plaintiffs refused to withdraw their objections to this request, including those based on privilege, so Defendants do not know if Plaintiffs' claim relates only to non-privileged, responsive documents.  Defendants will withdraw the Motion to Compel with respect to the PLO's Request No. 6 if Plaintiffs make an unqualified statement that they have no documents responsive to Request No. 6.

interrogatory response," (7) improper because it "seeks discovery concerning the parties'

political, legal, religious and/or social beliefs and/or the motivation for bringing suit," (8)

improper because it seeks "documents within the exclusive possession, custody and/or control of

the defendants and/or that are located in the Gaza Strip," and (9) improper because "Defendants

seek to alter the pre-hearing schedule in this matter by way of a discovery demand." *See* Exh. 4

at 9; Exh. 5 at 12-13; Exh. 6 at 12-13.[4]

With respect to objections (3) and (5) through (9), these protestations contain no legal

citation or authority and provide no basis for Plaintiffs' failure to respond.  Indeed, the

interrogatory and requests at issue do not seek information concerning the "application of law to

fact" at all.  Moreover, Plaintiffs cannot use their failure to comply with the PA's Interrogatory

No. 19 as a basis to refuse to answer a related interrogatory.  Defendants are free to propound

inter-related discovery requests.  The identified discovery requests also do not seek information

concerning Plaintiffs' political or any other kind of beliefs; rather, they seek communications

that Plaintiffs have had with the individuals they intend to call as witnesses, both expert and lay,

and the documents Plaintiffs provided to those individuals.  Defendants also do not seek

documents that are not in Plaintiffs' possession, custody or control, rendering irrelevant their

objection based on Defendants' alleged possession of responsive material or the alleged

existence of responsive material in the Gaza Strip.  Finally, Defendants' interrogatory and

---

[4] Plaintiffs also continue to claim that they have "not yet determined which evidence, witnesses and
testimony they will present in opposition to Defendants' motion to vacate, if any." *See* Exh. 6 at 12.
However, as Defendants have explained in numerous pleadings, Plaintiffs have received such information
from Defendants starting on October 15, 2010, and continuing through the discovery period.  Plaintiffs
have no reason not to provide this information to Defendants, unless they intend to surprise Defendants at
the hearing with "evidence, witnesses and testimony" that they did not disclose during discovery.

requests do not seek to alter any pre-hearing schedule, which has no provision relating to the exchange of the information sought by Defendants through this discovery. *See* Dkt. No. 489.

With respect to objection (4), Plaintiffs failed to provide a privilege log containing any allegedly privileged communications with witnesses or allegedly privileged documents shared with witnesses. During the November 24 meet and confer teleconference, Plaintiffs' counsel refused to provide such a log. Given that the discovery period has ended without Defendants being afforded the opportunity to test any assertions of privilege by Plaintiffs in response to the identified written discovery requests, the Court should not allow Plaintiffs to stand on such objections. In any event, documents and information shared by a party's counsel with a party's expert witnesses or prepared by expert witnesses may not be shielded from discovery through privilege objections. *See, e.g.*, *Galvin v. Pepe*, Civil No. 09-cv-104-PB, 2010 U.S. Dist. LEXIS 92442, at *18-21 (D.N.H. Aug. 5, 2010) (ordering disclosure of all documents and information shared by counsel with an expert witness, including alleged work product); *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 716-17 (6th Cir. 2006) (mandating disclosure of all materials considered by an expert, even if the materials were otherwise attorney work product); *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 67 (S.D.N.Y. 1997) (holding that conversations between attorneys and experts are discoverable).

With respect to objections (1) and (2), Plaintiffs are simply wrong. Obviously, communications and documents exchanged between Plaintiffs and the witnesses relating to this case are relevant. How could they not be? Defendants are merely seeking information concerning the evidence and testimony that Plaintiffs intend to present to this Court at the evidentiary hearing. None of Magistrate Judge Martin's prior rulings addressed this category of information or its discoverability.

Accordingly, Plaintiffs should be compelled to provide a full and complete answer to the

PLO's Interrogatory No. 3 and produce documents responsive to the PLO's Request Nos. 6 and

10 and the PA's Request Nos. 41 and 42.

## II.    PLAINTIFFS SHOULD BE REQUIRED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS RELATING TO THE BASES FOR THE OPINIONS TO BE GIVEN BY THEIR EXPERT WITNESSES AT THE JANUARY 2011 EVIDENTIARY HEARING

Plaintiffs also have no good basis to withhold from disclosure information and documents

relating to the bases for the opinions that Plaintiffs' experts intend to present at the evidentiary

hearing. *See* PA's Request No. 43 (Exh. 3 at 4); PLO's Interrogatory Nos. 1, 2 (Exh. 1 at 9-10);

PLO's Request Nos. 7, 12 (Exh. 2 at 9-10).[5] In these written discovery requests, Defendants

seek information and documents concerning any alleged "admissions or statements against

interest" made by the PA or PLO, alleged statements and communications involving Yasser

Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jibril Rajoub that

relate to this case, and the so-called "Cairo Agreement," which is a term used by Plaintiffs.

These interrogatories and requests are clearly relevant. Plaintiffs' own expert reports assert that,

*inter alia*, statements made by PA and PLO "political leaders" form the bases for the opinions

contained therein. *See, e.g.*, Exh. 9 (Nov. 15, 2010 Barry Rubin Report) at 5. Indeed, Dr.

Rubin's report explicitly references statements allegedly made by Yasser Arafat, his

communications with others, and the alleged substance of the "Cairo Agreement." *See, e.g., id.*

---

[5] During the November 24 teleconference, Plaintiffs claimed that they did not possess any documents relating to the "Cairo Agreement," as that term is used by Plaintiffs, which is the subject of the PLO's Request No. 12. However, Plaintiffs refused to withdraw their objections to this request, including those based on privilege, so Defendants do not know if Plaintiffs' claim relates only to non-privileged, responsive documents or if Plaintiffs' experts have documents relating to the "Cairo Agreement" that Plaintiffs are refusing to produce. Defendants will withdraw the Motion to Compel with respect to the PLO's Request No. 12 if Plaintiffs make an unqualified statement that they have no documents responsive to Request No. 12.

at 7, 9, 13, 20. In his report, Dr. Rubin also references interviews that he conducted with several individuals in forming his opinions. *Id.* at 11 n.17, 15 n.23, 16 nn.28-29. Plaintiffs have not produced any documents or information relating to these interviews.[6] Additionally, the report offered by Plaintiffs' expert Ofer Saad references "thousands of intelligence items" and "intelligence summaries and analyses" relating to "the activities of the Palestinian Authority ('PA'), the Palestine Liberation Organization ('PLO') and Hamas between 1994 and June 1996," which Defendants presume must include documents and information relating to statements allegedly made by PA and PLO officials upon which Col. Saad and, through his testimony, Plaintiffs intend to rely. *See* Exh. 10 (Nov. 15, 2010 Ofer Saad Report) at 1. Again, Plaintiffs have not produced any documents or information relating to the intelligence items relied upon by Col. Saad in forming his opinion.[7]

Once again, Plaintiffs served a laundry list of objections to each of these requests, including all of the objections listed in Part I above. *See* Exh. 4 at 5-8; Exh. 5 at 12, 14; Exh. 6 at 13. And once again, for largely the same reasons, none of the objections justify Plaintiffs' blanket refusal to provide the requested information and documents.

Plaintiffs' objection on the basis of privilege rings particularly hollow in response to these interrogatories and requests, as they seek information and documents concerning alleged admissions and statements of individuals representing or relating to the PA and PLO or

---

[6] In their November 28 email, Plaintiffs' counsel state that they have "placed in (sic) inquiry with Mr. Rubin" about the interviews and "will revert immediately upon receiving a response." Exh. 7. No response had been received by the time of this filing.

[7] Plaintiffs' counsel also claim in their November 28 email that Col. Saad merely "saw" the intelligence items referenced in his report over the "course of his professional career as an intelligence officer," and did not review them in preparing his report and does not possess them. Based on this response, Defendants are concurrently filing motions to exclude Col. Saad from presenting his opinions or testifying at the evidentiary hearing under both the Federal Rules of Civil Procedure and Evidence.

documents allegedly entered into by the PA or PLO. How could any documents or communications responsive to these requests be protected by *Plaintiffs'* attorney-client privilege or work product? They obviously cannot. Defense counsel posed this question to Plaintiffs' counsel during the parties' November 24 meet and confer teleconference, but Plaintiffs still refused to withdraw their privilege objections.

As to relevance, the answer is clear. Defendants seek discovery of information and documents that Plaintiffs' experts purportedly relied upon to support the opinions that they intend to present at the January 2011 evidentiary hearing. If the information sought by Defendants is probative enough that Plaintiffs have retained and paid experts to opine about it, then it is certainly relevant enough to be a proper subject of pre-hearing discovery.

Accordingly, Plaintiffs should be compelled to provide full and complete answers to the PLO's Interrogatory Nos. 1 and 2 and produce documents responsive to the PLO's Request Nos. 7 and 12 and the PA's Request No. 43.

## III.   PLAINTIFFS SHOULD BE REQUIRED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS RELATING TO WHETHER THE AMOUNT OF THE DEFAULT JUDGMENT WOULD WITHSTAND ADVERSARIAL TESTING

As Defendants have explained in previously filed briefs, Plaintiffs cannot now take the position that Defendants may not conduct discovery concerning whether the amount of the default judgment would withstand adversarial testing. *See, e.g.*, Dkt. No. 572 at 24-29. Yet this is precisely the position Plaintiffs adopt in response to Defendants' interrogatories and requests seeking information and documents relating to Plaintiffs' contentions that the PA and PLO caused them injuries or damages and relating to Plaintiffs' alleged injuries and conditions. *See* PA's Request No. 47 (Exh. 3 at 5); PLO's Interrogatory Nos. 4, 5 (Exh. 1 at 9-10); PLO's Request Nos. 8, 9 (Exh. 2 at 10).

This Court initially intimated that the amount of the damage award would not be a proper subject of dispute at the upcoming hearing on the Motion to Vacate because the Court recollected that the First Circuit had "upheld the size of this judgment" in its 2005 opinion. The Court made such statements both during an off-the-record June 1, 2010 in-chambers conference, and at the June 15, 2010 hearing on Plaintiffs' motion for a payment decree. *See* Exh. 11 (June 15, 2010 Hearing Tr.) at 29:15-17. As a result, on July 7, 2010, Defendants filed a Motion for Leave to Take Discovery on Whether the Damage Award Would Withstand Adversarial Testing. Dkt. No. 497. Defendants' supporting brief demonstrated that "[c]ontrary to the Court's recollection, the First Circuit did not uphold the size of the judgment but rather held only that the size of the judgment did not create a non-justiciable political question," and ultimately "t[ook] no view" on whether "the court erred on the side of generosity." Dkt. No. 498 at 2 (quoting *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 282 (1st Cir. 2005) (emphasis added)). Defendants' brief also quoted the "extensive discussion about whether the $116 million award would survive adversarial testing and whether the propriety of the award was a proper consideration in the Rule 60(b)(6) context" which had taken place at the First Circuit's 2010 oral argument. *Id.* at 2-4.

On July 26, 2010, Plaintiffs filed a "Response" to Defendants' Motion. Dkt. No. 503. Plaintiffs' Response noted their position that (1) Defendants had previously "waived any challenge to the assessment of damages" other than those asserted in 2004, and (2) even if there was no such waiver, Defendants were not entitled to discovery. *Id.* at 1. However, Plaintiffs' response went on to state that, nevertheless, "the Ungars will not oppose (without waiving or derogating from their position as set forth above) defendants' motion to permit them to take some damages discovery." *Id.* at 2. On August 18, 2010, the Court granted Defendants' Motion because "[i]n light of this response, the Court finds that the Motion is unopposed." Dkt. No. 506.

This result tracks the First Circuit's view, which it expressed in its March 25, 2010 decision, concluding that "hard-and-fast rules generally are not compatible with Rule 60(b)(6) determination," which instead requires "a holistic appraisal of the circumstances." *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 84 (1st Cir. 2010). Thus, whether the amount of the judgment against Defendants is likely to withstand adversarial testing, among other factors, "deserves full-throated consideration." *Id.* at 86-87.

Plaintiffs' long list of objections to these interrogatories and requests, which again track those listed in Part I above, present no escape from the fact that this Court has issued an order allowing Defendants to conduct discovery relating to whether the damage award would withstand adversarial testing. Dkt. No. 506. The written discovery requests identified above seek information and documents relating to Plaintiffs' claim that the PA and PLO caused them injuries, and the extent of those injuries. On their face, they seek relevant information.

Plaintiffs' privilege objections are again inadequate here. The requests do not facially call for privileged information, and Plaintiffs have refused to provide a privilege log listing any allegedly privileged material. Given that we are now ten days past the close of pre-hearing discovery and Plaintiffs have not made a single attempt to justify or particularize their claims of privilege, the Court should not allow Plaintiffs to stand on this objection.

Accordingly, Plaintiffs should be compelled to provide full and complete answers to the PLO's Interrogatory Nos. 4 and 5 and produce documents responsive to the PLO's Request Nos. 8 and 9 and the PA's Request No. 47.

## IV. PLAINTIFFS SHOULD BE REQUIRED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS RELATING TO PLAINTIFF'S ALLEGATIONS OF PREJUDICE

Plaintiffs also have no valid grounds for withholding from disclosure information and documents relating to the bases for Plaintiffs' claim that they have been prejudiced by the

passage of time in the form of lost evidence. *See* PA's Request No. 44, 45 (Exh. 3 at 4); PLO's Interrogatory Nos. 12, 13, 14 (Exh. 1 at 12-13). In these written discovery requests, Defendants seek documents that Plaintiffs would have used to examine "Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jibril Rajoub," and all attempts made by Plaintiffs to examine them in this case. Defendants propounded these interrogatories and requests in order to discover the bases for Plaintiffs' allegations of prejudice related to their inability to conduct depositions of the six identified individuals because they have died or are no longer employed by Defendants, and lost documents or things that were at one time located in the Gaza Strip. Plaintiffs, however, refused to answer the interrogatories or produce a single document in response to the requests. *See* Exh. 4 at 14-15; Exh. 6 at 14.

Plaintiffs again serve lengthy objections, the bulk of which are wholly inapplicable for the reasons set forth in Parts I through III above. Plaintiffs do include a specific objection relating to the discoverability of information relating to their claims of prejudice, however, based on Magistrate Judge Martin's October 27, 2010 order, which included the following paragraph:

> Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate. See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendant's Interrogatory Nos. 12-18 and Responses to Defendant's Request for Production Nos. 8-15, 17-19 ("Defendant's Reply") at 7 ("The extent to which Plaintiffs currently possess[] information and documents supporting their claims is something for this Court to consider when determining whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate."). While this argument has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so.

Dkt. No. 577 at 3-4. Plaintiffs claim that this ruling effectively forecloses Defendants from pursuing any discovery of Plaintiffs' alleged prejudice. Plaintiffs are incorrect for two reasons.

First, Plaintiffs misread the breadth of Magistrate Judge Martin's order. In his October 27 ruling, Magistrate Judge Martin was ruling on the PA's ability to obtain discovery from Plaintiffs concerning Defendants' meritorious defenses, which the PA noted was also relevant to Plaintiffs' claim that they would be prejudiced by the granting of vacatur. *See generally* Dkt. Nos. 530, 577. Thus, the order only pertains to merits-based discovery which also involves prejudice discovery, and not discovery that relates only to Plaintiffs' allegations of prejudice. With the written discovery requests above, Defendants are not attempting an end run around Magistrate Judge Martin's order. Instead, Defendants are seeking limited and particularized information and documents related directly and solely to Plaintiffs' claim that they would be prejudiced due to their inability to depose the six listed individuals and obtain documents or things that have been lost or destroyed. These requests do not impose a merits discovery burden upon Plaintiffs, and the Court should compel Plaintiffs to produce responsive information and documents.

Indeed, Plaintiffs previously provided answers to the PA's interrogatories seeking information concerning Plaintiffs' alleged prejudice. *See* Exh. 12 (Aug. 26, 2010 Plaintiffs' Amended and Supplemental Objections and Answers to The Palestinian Authority's First Set of Interrogatories (1-18)) at 2-7. Plaintiffs apparently believed that they were obligated to respond to Defendants' prejudice-relating discovery requests when they answered the PA's Interrogatory Nos. 1 and 2. Plaintiffs should therefore provide substantive answers and produce responsive documents relating to Defendants' most recent prejudice-relating discovery requests.

Second, even if the identified written discovery requests are construed as seeking merits-related discovery from Plaintiffs, Defendants have appealed this portion of Magistrate Judge Martin's October 27 order. *See* Dkt. No. 593. As Defendants explain in that pleading, knowing what liability evidence Plaintiffs do have or once had is clearly relevant to whether Plaintiffs would actually be prejudiced by a lack of access to these witnesses. If the Plaintiffs had no case to begin with, then they cannot claim prejudice. Yet, pursuant to the Magistrate Judge's order, they are free to assert prejudice without providing discovery as to it.

Accordingly, Plaintiffs should be compelled to provide full and complete answers to the PLO's Interrogatory Nos. 12, 13 and 14 and produce documents responsive to the PA's Request Nos. 44 and 45.

## V.   PLAINTIFFS SHOULD BE REQUIRED TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS RELATING TO DEFENDANTS' ASSERTION OF MERITORIOUS DEFENSES

Finally, Plaintiffs object to answering interrogatories or producing documents responsive to requests relating to Defendants' assertion of meritorious defenses. *See* PA's Request Nos. 38-40, 43 (Exh. 3 at 4); PLO's Interrogatory Nos. 1, 2 (Exh. 1 at 9-10). In these written discovery requests, Defendants seek information and documents concerning any alleged "admissions or statements against interest" made by the PA or PLO, alleged statements and communications involving Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jibril Rajoub that relate to this case, communications between Yasser Arafat and Hamas, and other information and documents relating to the attack at issue and Hamas' committing of the attack. Plaintiffs refused to answer the identified interrogatories or produce documents in response to the identified requests. *See* Exh. 4 at 4-8; Exh. 6 at 11-14.

Though Plaintiffs serve the same objections, again largely inapplicable for the reasons set forth in Parts I through IV above, they specifically object to provide this type of discovery on the

additional grounds that Magistrate Judge Martin's ruling precludes Defendants from conducting

discovery of Plaintiffs relating to Defendants' assertion of meritorious defenses.  In his October

27 order, Magistrate Judge Martin ruled that "[Defendant PA] does not need discovery from

Plaintiffs in order to establish the existence of a meritorious defense. . . .  Accordingly,

Defendant is not entitled to merits discovery."  Dkt. No. 577 at 2.

Defendants, however, have appealed that portion of Magistrate Judge Martin's ruling on

the grounds that it is contrary to law and should be set aside.  *See* Dkt. No. 593 at 14-19.

Defendants' base their appeal on the fact that the result of Magistrate Judge Martin's order,

contrary to the spirit of the Federal Rules of Civil Procedure, is that merits discovery is

permitted, but only by the Plaintiffs as against Defendants.  Plaintiffs have sought discovery

from Defendants relating to Defendants' meritorious defenses.  *See* Dkt. No. 530 at 17-18 ("For

example, Plaintiffs have sought '[a]ll documents relating to, referring to and/or evidencing the

PA's active efforts to "quash" HAMAS's influence in the West Bank and Gaza and to cut off

funding to HAMAS from international sources' and '[a]ll documents relating to, referring to

and/or evidencing the Defendants' claim that . . . HAMAS "indisputably" committed the

shooting.'").  Similarly, Plaintiffs have tendered expert witnesses to testify on this very issue.

*See, e.g.*, Exhs. 9 and 10.  So, on the one hand, Plaintiffs have sought merits discovery from

Defendants, while on the other hand they claim that Defendants' efforts to obtain merits

discovery are impermissible.  More importantly, the Magistrate Judge's order supports the

Plaintiffs' "heads I win, tails you lose" approach.

A one-way approach to civil discovery is insupportable.  Barring an order from the Court,

Plaintiffs may well appear at the January 18, 2011 hearing and attempt to present whatever

evidence they have on Defendants' purported liability for the shooting of Mr. Ungar, without providing Defendants an opportunity to see and prepare for that evidence.

Accordingly, Plaintiffs should be compelled to provide full and complete answers to the PLO's Interrogatory Nos. 1 and 2 and produce documents responsive to the PA's Request Nos. 38-40 and 43.

## VI.    THE COURT SHOULD ORDER EXPEDITED PRODUCTIONS

As this Court is aware, the November 19, 2010 discovery deadline has passed and the pre-trial filing deadlines set for December 17, 2010 is approaching. Thus, Defendants would be afforded little time to collect and process the information and documents sought in this Motion to Compel while at the same time preparing their December 17 filings. This is one reason that the primary relief sought by Defendants is the exclusion from evidence at the forthcoming January 18, 2011 evidentiary hearing all information, documents and testimony that Plaintiffs failed to timely disclose or produce, either in documentary or deposition form, during the pre-hearing discovery period.

Accordingly, Defendants request that, if their motion to exclude is denied, in whole or in part, that this Motion to Compel be granted and the Court expedite the time for Plaintiffs' compliance.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Answers to Defendant The Palestine Liberation Organization's Interrogatory Nos. 1-5 and 12-14 and Responses to Defendant PLO's Request for Production Nos. 6-10 and 12 and Defendant The Palestinian Authority's Request for Production Nos. 38-45 and 47 should be granted.

Respectfully submitted,

Dated:  November 29, 2010

/s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibe y (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER and CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com


Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
and DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of November 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.

<u>/s/ Mark J. Rochon</u>