# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINIAN AUTHORITY, et al., <br><br> Defendants. | C.A. No. 00-105L (RRL) |

**DEFENDANT THE PALESTINE LIBERATION ORGANIZATION'S
FIRST SET OF INTERROGATORIES (NOS. 1-15) TO PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 33, defendant The Palestine Liberation Organization ("PLO"), by counsel, serves the Plaintiffs with the following interrogatories, which Plaintiffs shall answer under oath and in writing within thirty (30) days of the service of these interrogatories.

### INSTRUCTIONS

1. All interrogatory answers should be given in narrative form, rather than by production of business records, unless the responding party can show: (a) that a narrative response is unduly burdensome; (b) that the burden of deriving or ascertaining the answer from such business records is substantially the same for both parties; and (c) that all references to business records are identified with sufficient detail to permit the discovering party to locate and to identify, as readily as the responding and producing party, the records from which the answer can be ascertained.

2. If you object to any of these interrogatories, then you shall state the reasons for your objections. If you object to any part of an interrogatory, then you shall further specify the

part. Similarly, if you do not object to a particular interrogatory, but are unable to respond fully to that interrogatory, then you shall respond to the fullest extent possible and provide an explanation for your lack of a full response.

3. When information is withheld from discovery on a claim that the information requested is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the information, document, communication or thing not disclosed or produced that is sufficient to enable the discovering party to contest the claim of privilege, including but not limited to: (a) the identity of each person who you know or believe received or had access to the information (including whether the person is an attorney); (b) the subject matter of the information; (c) the basis for any claim of privilege or protection; and (d) any other description required under the applicable rules or law. The description shall be produced within ten (10) days of the date on which you are required to serve responses to these discovery requests.

4. Where originals of documents are not available, authentic copies of such documents may be produced; but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (whether by reason of subsequent modification, addition of notations, or otherwise), each non-identical copy is a separate document and should be identified or produced.

5. The phrasing of these interrogatories shall be construed so as to make your responses inclusive rather than exclusive. For example: (a) the word "including" is intended to be comprehensive and means "including but not limited to"; (b) the singular form of all words includes the plural form and the plural form of all words includes the singular form; (c) the words "and" and "or" shall be interpreted as both conjunctive and disjunctive; (d) the word

"any" shall mean "any and all"; and (e) the word "each" shall mean "each and every."

6. Each reference to a corporation, firm, company, or entity shall be deemed to refer to each and every parent company, affiliate, subsidiary, unit, division, joint venture, partner, director, officer, employee, attorney, consultant, representative, agent, predecessor-in-interest, and successor-in-interest of that corporation, company, or entity.

7. In answering these Interrogatories, you are required to furnish under oath all information that is in your possession, custody, or control or that is available to you, including, without limitation, information that is in the possession, custody, or control of your attorneys.

8. Unless otherwise indicated, these interrogatories refer and relate to the time period from the beginning of the circumstances and events alleged in the Amended Complaint until the date when these Interrogatories are answered or required to be supplemented, whichever is later.

9. Your answers to these interrogatories should be amended or supplemented in accordance with Fed. R. Civ. P. 26(e).

## GENERAL DEFINITIONS

1. "Document" and "documents" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Document" and "documents" shall include "writings" and "recordings" as those terms are defined in Fed. R. Evid. 1001. "Document" and "documents" shall also mean all data compilations which can be recorded by any audio, visual, or electronic means and from which information can be obtained or translated through detection devices (including, without limitation, computers and electronic media) into reasonably usable form. For example, and without limiting the definition of the terms in any way, "document" and "documents" shall include the following: electronic data

3

(including, without limitation, all active, deleted, and fragmentary files on any computer, network, or electronic media), electronic mail ("E-mail") (in both electronic and printed form), facsimiles (in both electronic and printed form), letters, correspondence, notes, handwritten notes, telegrams, lists, memoranda, diaries, journals, records, contracts, agreements, records, notations of communications, communications, desk pads, desk calendars, note pads, scratch pads, voicemail recordings in any media, telephone call slips, telephone memos, telephone bills, microfilm, articles, pamphlets, brochures, studies, notices, summaries, reports, books, teletype messages, accounting entries, accounting records, financial statements, purchasing orders, invoices, tapes, worksheets, video tapes, computer diskettes, digitized material, computer data, computer-generated compilations, and computerized data printouts. Any copy of a document other than the exact duplicate of that document shall be deemed a separate document. Foreign language documents, English language equivalents, and English translations shall be deemed separate documents. Electronic data (including active, deleted, and fragmentary files) shall be produced in all existing formats, including the format in which the electronic data was originally created and the native file format.

2. "All documents" shall mean and include each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a particular interrogatory or document request.

3. "Person" shall mean and include any natural person, corporation, limited liability company, partnership, firm, association, joint venture, sole proprietorship, trust, department, division, agency and any other legal, business, or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, any parties to this action) shall encompass: (a) all predecessors or successors of such corporations or legal

entities, (b) all past or present parents, subsidiaries, or affiliates of such corporations or legal entities, and (c) all past or present divisions, units, joint ventures, directors, officers, employees, trustees, partners, agents, consultants, accountants, attorneys, and representatives of such corporations or legal entities.

4. "You" or "your" shall mean the party or person to whom the discovery request is propounded, as well as to that party's or person's past and present parent company, affiliates, subsidiaries, divisions, units, directors, officers, shareholders, employees, trustees, agents, consultants, attorneys, accountants, heirs, predecessors in interest, successors in interest, assigns, and any other person acting (or purporting to act) on behalf of the party or person to whom the discovery request is propounded.

5. "Communication" means any meeting, statement, document, conversation, transmission, exchange, request for information, or transfer of information, whether by written, oral, electronic, non-verbal, or other means. "Communication" shall include, but is not limited to, electronic mail or "E-mail."

6. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

7. "Source of information" includes any source of information not already within the definition of "document" or "thing," including, without limitation, intangible sources of information such as the identification of witnesses or other persons and other means of communication that comprise sources of information.

8. "Relate to" or "relating to" shall mean and include constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

9.  "Identify" or "identity" with respect to natural or non-natural persons shall mean and require you to state the person's full name (including any aliases, trade names, or fictitious names), the person's current (or last known) business affiliation, the person's current (or last known) business address and telephone number, and the person's current (or last known) residential address and telephone number.

10. "Identify" or "identity" with respect to documents shall mean and require you to state the following:

   (a) the date of the document;

   (b) a description of the document sufficient to cause it to be adequately identified;

   (c) the identity of each person who prepared the document;

   (d) the identity of the custodian of the document;

   (e) a general summary of the contents of the document;

   (f) the identity of each person to whom such document was addressed, to whom such document (or copy thereof) was sent, and/or who at any time had possession of such document (or copy thereof); and

   (g) if there were drafts of the document prior to the final document, the identity of the custodian of those drafts and the date(s) of those drafts.

In lieu of such description, you may attach appropriately identified copies of such documents to your answers to these Interrogatories.

11. "Identify" or "identity" with respect to communications (including oral, written, telephonic, electronic, or non-verbal communications) shall mean:

   (a) the communications medium, e.g., written, oral, telephonic, electronic, or

6

non-verbal;

    (b)    the date of each such communication;

    (c)    the identity of all persons who were present at each communication;

    (d)    the substance and nature of each such communication; and

    (e)    the identity of all documents which relate to and reflect the

communication.

12. With respect to any topic, contention, allegation, subject, or issue referenced or listed in a discovery request, "state the factual basis" shall mean, and require you to: (a) state all facts relating to the topic, contention, allegation, subject, or issue; (b) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject, or issue; (c) identify all sources of information relating to the topic, contention, allegation, subject, or issue; (d) identify all communications relating to the topic, contention, allegation, subject, or issue; and (e) identify all documents relating to the topic, contention, allegation, subject, or issue.

13. With respect to any topic, contention, allegation, subject, event, or issue referenced or listed in a discovery request, "describe" or "describe in detail" shall mean, and require you to: (a) provide detailed information such as the date, time, place, and circumstances relating to the topic, contention, allegation, subject, event, or issue; (b) state all facts relating to the topic, contention, allegation, subject, event, or issue; (c) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject, event, or issue; (d) identify all sources of information relating to the topic, contention, allegation, subject, or issue; (e) identify all communications relating to the topic, contention, allegation, subject, event, or issue; and (f) identify all documents relating to the topic, contention, allegation,

subject, event, or issue.

14. "Electronic data" shall mean and refer to the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, without limitation, computer programs (whether private, commercial, or work-in-process), programming notes or instructions, electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operation systems, source code of all types, programming languages, linker and compilers, peripheral drives, pdf and other files, batch files, all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in active file, deleted file, or file fragment. "Electronic data" includes, without limitation, any and all items stored on any electronic media, computers, or networks. The term "electronic data" also includes the file, folder tabs, and or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

### SPECIFIC DEFINITIONS

1. "PA" shall mean and refer to defendant The Palestinian Authority.

2. "PLO" shall mean and refer to defendant The Palestine Liberation Organization.

3. "Dkt. # 415" shall mean the Plaintiffs' Memorandum in Opposition to Defendants' Motion for Relief from Default Judgment, filed in this civil action and listed on the docket sheet as document number 415.

4. "Dkt. # 41" shall mean the Plaintiffs' Amended Complaint, filed in this civil

action and listed on the docket sheet as document number 41, including any supplements or amendments to the Amended Complaint..

5.  "Dkt. #1" shall mean the Plaintiffs' Complaint, filed in this civil action and listed on the docket sheet as document number 1.

6.  "Civil Action" shall mean and refer to the above-captioned action.

## INTERROGATORIES

### INTERROGATORY NO. 1:

If you contend that the PA or PLO (or any person purporting to act on behalf of the PA or PLO) made any admissions or statements against interest relating to any facts, events, circumstances, allegations, or claims in the Civil Action on which you intend to rely, or which you intend to offer in evidence, at the January 2011 vacatur hearing, (including, without limitation, any "admission" as that term is used in Federal Rule of Evidence 801(d)(2)), specifically identify such admission(s) or statement(s) against interest and state the factual basis for your contention that the admission(s) or statement(s) qualify as such under the Federal Rules of Evidence.

[With respect to each alleged admission or statement against interest, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which the admission or statement was made; (b) the identity of the person who made the admission or statement; (c) the capacity in which the person made the admission or statement; (d) the precise, exact and actual words of the admission or statement; (e) the identity of all persons who were present or heard the admission or statement at the time it was made; (f) the identity of all persons who you know or believe have knowledge or information relating to the admission or statement; and (g) the identity of all documents that relate to the admission or statement.]

### INTERROGATORY NO. 2:

Identify and describe in detail all communications between Yasser Arafat and any person who you contend was a leader or member of Hamas relating to any facts, events, circumstances,

allegations, or claims in the Civil Action, including, without limitation, any such communications referenced by Plaintiffs in their answer to Defendant PA's Interrogatory No. 1.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which the communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; (e) the identity of all persons who were present or heard the communication at the time it occurred; (f) the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

**INTERROGATORY NO. 3:**

Identify and describe in detail all communications that Plaintiffs have had with any of the persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. 19 and relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which the communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; (e) the identity of all persons who were present or heard the communciation at the time it occurred; (f) the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

**INTERROGATORY NO. 4:**

If you contend that Defendant PA committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PA, a fully response answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge

or information relating to the alleged act or omission; and (d) the identity of each document relating to the alleged act or omission.]

**INTERROGATORY NO. 5:**

If you contend that Defendant PLO committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PLO, a fully response answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating to the alleged act or omission.]

**INTERROGATORY NO. 6:**

Identify all documents that Plaintiffs will, or intend to, introduce into evidence at the January 2011 vacatur hearing in the Civil Action.

**INTERROGATORY NO. 7:**

Identify all documents that Plaintiffs will, or intend to, mark as exhibits at the January 2011 vacatur hearing in the Civil Action.

**INTERROGATORY NO. 8:**

Identify all documents that Plaintiffs will, or intend to, use as rebuttal or impeachment exhibits at the January 2011 vacatur hearing in the Civil Action.

**INTERROGATORY NO. 9:**

Identify all persons whom Plaintiffs will, or intend to, call as witnesses at the January 2011 vacatur hearing in the Civil Action to authenticate, or testify concerning the contents of, the documents Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's

Interrogatory Nos. 6, 7 and 8.

**INTERROGATORY NO. 10:**

Identify all communications between the Plaintiffs and the State of Israel (including, without limitation, any office, department, agency, law enforcement entity, military entity, intelligence agency and employee of the State of Israel) relating to the attack at issue in the Civil Action, the Civil Action or any any facts, events, circumstances, allegations, or claims in the Civil Action, including, without limitation, any letter sent by Yaron and Efrat Ungar to Prime Minister Binyamin Netanyahu in or around 1997 relating to or referencing the attack at issue in the Civil Action, Defendant PA or the Occupied Palestinian Territory.

**INTERROGATORY NO. 11:**

Identify all communications between the Plaintiffs and the United States Government (including, without limitation, any office, department, agency, law enforcement entity, military entity, intelligency agency and employee of the United States Government) relating to the attack at issue in the Civil Action, the Civil Action or any any facts, events, circumstances, allegations, or claims in the Civil Action.

**INTERROGATORY NO. 12:**

Identify all documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7 9 and 11 to Plaintiffs, including, without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

**INTERROGATORY NO. 13:**

Identify and describe in detail all attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

**INTERROGATORY NO. 14:**

State the factual basis for Plaintiffs' contention in their answer to Defendant PA's Interrogatory No. 1 (at p. 4) that "[t]he relevant and responsive documents and things that have been lost are <u>all documents and things that were located in the Gaza Strip as of July 2004 that evidenced the relationship between the PA/PLO and Hamas, that evidenced the policies of the PA and PLO vis-à-vis Hamas, that evidenced the provision of material support and resources to Hamas and its operatives by the PA and/pr PLO and/or that were otherwise relevant to the allegations of the Amended Complaint in this action</u> . . .," (emphasis added), including, without limitation, as to each such document that Plaintiffs contend was lost: (a) an identification of the document (date, type, author and recipients), (b) the identity of the last known custodian of the document; (c) a description of the contents of the document; (d) the identity of all persons who Plaintiffs know or believe have knowledge relating to the document and Plaintiffs' contention; and (e) the identity of all documents relating to the Plaintiffs' contention.

**INTERROGATORY NO. 15:**

With respect to each request for admission in Defendants' First Request for Admissions to Plaintiffs that Plaintiffs deny or do not admit, state the factual basis on which Plaintiffs deny the request for admission or do not admit the request for admission, including, without limitation, (a) the identity of all persons who Plaintiffs know or believe have knowledge or information relating to the denial or non-admission; and (b) the identity of all documents that relate to the denial or non-admission.

Dated: October 20, 2010

Respectfully submitted,

*/s/ Mark J. Rochon*

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

*/s/ Deming E. Sherman*

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com
*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of October 2010, a true and genuine copy of the foregoing was served by hand delivery on Plaintiffs' counsel of record listed below:

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
Djs@mtlhlaw.com

Max Wistow
Wistow and Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
mwistow@wistbar.com

*Attorneys for Plaintiffs*

_____
Deming E. Sherman

15