# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 00-105L (RRL) |

**DEFENDANT THE PALESTINE LIBERATION ORGANIZATION'S
FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS (NOS. 1-15) TO PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 34, defendant The Palestine Liberation Organization's ("PLO"), by counsel, requests that Plaintiffs produce for inspection and copying each of the documents and things described below at the offices of Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, Rhode Island 02903, or other agreed upon location, and serve written responses to these requests within thirty (30) days of the service of these requests.

**INSTRUCTIONS**

1. These requests cover all documents and things in your actual or constructive possession, custody, or control.

2. These requests are addressed to you and: (i) your present or former directors, officers, shareholders, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (ii) any other person acting on your behalf or on

whose behalf you have acted; or (iii) any other person otherwise controlled by you, which controls you, or which is under common control with you.

3. If you withhold any of the requested documents from production under a claim of privilege or other protection, you shall produce, within ten (10) days of the day on which documents are required to be produced pursuant to these requests, a list of withheld documents providing, for each document, the following information: (a) the date prepared or sent; (b) the author and senders, including their position (e.g., attorney), their employer, and any entity with whom they are associated; (c) the identity of all persons who saw or received the original or a copy, including their position (e.g., attorney), their employer, and any entity with whom they are associated; (d) the general subject matter of the document; and (e) the basis for any privilege or protection claim and the portion(s) of the document as to which privilege or protection is claimed.

4. These requests require the production of documents in the same form and same order as they are kept in the usual course of business or, alternatively, organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

5. These requests apply to and require the production of all responsive electronic data (including all active files, deleted files, and fragmentary files) on any computer, network, or electronic media.

6. Unless otherwise indicated, these requests refer and relate to the time period from the beginning of the circumstances and events alleged in the Amended

Complaint until the date of your responses (including any required supplementation thereof) or the completion of your production of documents, whichever is later.

7. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26(e).

## GENERAL DEFINITIONS

1. "Document" and "documents" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Document" and "documents" shall include "writings" and "recordings" as those terms are defined in Fed. R. Evid. 1001. "Document" and "documents" shall also mean all data compilations which can be recorded by any audio, visual, or electronic means and from which information can be obtained or translated through detection devices (including, without limitation, computers and electronic media) into reasonably usable form. For example, and without limiting the definition of the terms in any way, "document" and "documents" shall include the following: electronic data (including, without limitation, all active, deleted, and fragmentary files on any computer, network, or electronic media), electronic mail ("E-mail") (in both electronic and printed form), facsimiles (in both electronic and printed form), letters, correspondence, notes, handwritten notes, telegrams, lists, memoranda, diaries, journals, records, contracts, agreements, records, notations of communications, communications, desk pads, desk calendars, note pads, scratch pads, voicemail recordings in any media, telephone call slips, telephone memos, telephone bills, microfilm, articles, pamphlets, brochures, studies, notices, summaries, reports, books, teletype messages, accounting entries, accounting records, financial statements, purchasing orders, invoices, tapes, worksheets, video tapes, computer diskettes, digitized

3

material, computer data, computer-generated compilations, and computerized data printouts. Any copy of a document other than the exact duplicate of that document shall be deemed a separate document. Foreign language documents, English language equivalents, and English translations shall be deemed separate documents. Electronic data (including active, deleted, and fragmentary files) shall be produced in all existing formats, including the format in which the electronic data was originally created and the native file format.

2. "All documents" shall mean and include each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matters described in a particular interrogatory or document request.

3. "Person" shall mean and include any natural person, corporation, limited liability company, partnership, firm, association, joint venture, sole proprietorship, trust, department, division, agency and any other legal, business, or governmental entity. Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, any parties to this action) shall encompass: (a) all predecessors or successors of such corporations or legal entities, (b) all past or present parents, subsidiaries, or affiliates of such corporations or legal entities, and (c) all past or present divisions, units, joint ventures, directors, officers, employees, trustees, partners, agents, consultants, accountants, attorneys, and representatives of such corporations or legal entities.

4. "You" or "your" shall mean the party or person to whom the discovery request is propounded, as well as to that party's or person's past and present parent company, affiliates, subsidiaries, divisions, units, directors, officers, shareholders,

employees, trustees, agents, consultants, attorneys, accountants, heirs, predecessors in interest, successors in interest, assigns, and any other person acting (or purporting to act) on behalf of the party or person to whom the discovery request is propounded.

5. "Communication" means any meeting, statement, document, conversation, transmission, exchange, request for information, or transfer of information, whether by written, oral, electronic, non-verbal, or other means. "Communication" shall include, but is not limited to, electronic mail or "E-mail."

6. "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

7. "Source of information" includes any source of information not already within the definition of "document" or "thing," including, without limitation, intangible sources of information such as the identification of witnesses or other persons and other means of communication that comprise sources of information.

8. "Relate to" or "relating to" shall mean and include constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

9. "Identify" or "identity" with respect to natural or non-natural persons shall mean and require you to state the person's full name (including any aliases, trade names, or fictitious names), the person's current (or last known) business affiliation, the person's current (or last known) business address and telephone number, and the person's current (or last known) residential address and telephone number.

10. "Identify" or "identity" with respect to documents shall mean and require you to state the following:

(a) the date of the document;

(b) a description of the document sufficient to cause it to be adequately identified;

(c) the identity of each person who prepared the document;

(d) the identity of the custodian of the document;

(e) a general summary of the contents of the document;

(f) the identity of each person to whom such document was addressed, to whom such document (or copy thereof) was sent, and/or who at any time had possession of such document (or copy thereof); and

(g) if there were drafts of the document prior to the final document, the identity of the custodian of those drafts and the date(s) of those drafts.

In lieu of such description, you may attach appropriately identified copies of such documents to your answers to these Interrogatories.

11. "Identify" or "identity" with respect to communications (including oral, written, telephonic, electronic, or non-verbal communications) shall mean:

(a) the communications medium, e.g., written, oral, telephonic, electronic, or non-verbal;

(b) the date of each such communication;

(c) the identity of all persons who were present at each communication;

(d) the substance and nature of each such communication; and

(e) the identity of all documents which relate to and reflect the communication.

12. With respect to any topic, contention, allegation, subject, or issue referenced or listed in a discovery request, "state the factual basis" shall mean, and require you to: (a) state all facts relating to the topic, contention, allegation, subject, or issue; (b) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject, or issue; (c) identify all sources of information relating to the topic, contention, allegation, subject, or issue; (d) identify all communications relating to the topic, contention, allegation, subject, or issue; and (e) identify all documents relating to the topic, contention, allegation, subject, or issue.

13. With respect to any topic, contention, allegation, subject, event, or issue referenced or listed in a discovery request, "describe" or "describe in detail" shall mean, and require you to: (a) provide detailed information such as the date, time, place, and circumstances relating to the topic, contention, allegation, subject, event, or issue; (b) state all facts relating to the topic, contention, allegation, subject, event, or issue; (c) identify all persons who you know or believe have knowledge or information relating to the topic, contention, allegation, subject, event, or issue; (d) identify all sources of information relating to the topic, contention, allegation, subject, or issue; (e) identify all communications relating to the topic, contention, allegation, subject, event, or issue; and (f) identify all documents relating to the topic, contention, allegation, subject, event, or issue.

14. "Electronic data" shall mean and refer to the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic,

digital, or other means. Such data may include, without limitation, computer programs (whether private, commercial, or work-in-process), programming notes or instructions, electronic mail receipts or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operation systems, source code of all types, programming languages, linker and compilers, peripheral drives, pdf and other files, batch files, all ASCII files, and any and all miscellaneous files or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in active file, deleted file, or file fragment. "Electronic data" includes, without limitation, any and all items stored on any electronic media, computers, or networks. The term "electronic data" also includes the file, folder tabs, and or containers and labels appended to or associated with any physical storage device associated with each such original or copy.

## SPECIFIC DEFINITIONS

1. "PA" shall mean and refer to defendant The Palestinian Authority.

2. "PLO" shall mean and refer to defendant The Palestine Liberation Organization.

3. "Dkt. # 415" shall mean the Plaintiffs' Memorandum in Opposition to Defendants' Motion for Relief from Default Judgment, filed in this civil action and listed on the docket sheet as document number 415.

4. "Dkt. # 41" shall mean the Plaintiffs' Amended Complaint, filed in this civil action and listed on the docket sheet as document number 41, including any supplements or amendments to the Amended Complaint..

5. "Dkt. #1" shall mean the Plaintiffs' Complaint, filed in this civil action and listed on the docket sheet as document number 1.

6. "Civil Action" shall mean and refer to the above-captioned action.

## REQUESTS

1. All documents that Plaintiffs identified, or were asked to identify, in Defendant PLO's First Set of Interrogatories to Plaintiffs.

2. All documents that relate to the topics and subjects referenced in Defendant PLO's First Set of Interrogatories to Plaintiffs.

3. All documents that relate to the PLO and to any facts, events, circumstances, allegations, or claims in the Civil Action.

4. All documents, including, without limitation, affidavits, diagrams, illustrations, transcripts, records, photographs and exhibits, submitted to the court during the January 2002 evidentiary hearing in *Ungar v. The Islamic Republic of Iran*, Civ. No. 00-2606 JR (D.D.C.).

5. All documents relating to the maintenance, storage, loss, destruction, custody and current location of the documents requested in Defendant PLO's Request for Documents No. 4 to Plaintiffs.

6. All documents provided by the Plaintiffs to, or relied upon in connection with the testimony of, Allan Brenman relating to his testimony at the July 2002 evidentiary hearings in the Civil Action.

7. All documents relating to, reflecting or constituting the alleged admissions or statements against interest that you identified, or were asked to identify, in your

answer to Defendant PLO's Interrogatory No. 1.

8. All documents relating to the alleged acts or omissions of Defendant PA that Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory No. 4 to Plaintiffs.

9. All documents relating to the alleged acts or omissions of Defendant PLO that Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory No. 5 to Plaintiffs.

10. All documents relating to, reflecting or constituting the communications that Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's and Defendants PLO's interrogatories to Plaintiffs, including, without limitation, Defendant PLO's Interrogatory Nos. 2, 3, 10 and 11 to Plaintiffs.

11. All documents that Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory No. 15, including, without limitation, all documents relating to to the factual basis on which Plaintiffs deny any of the requests for admission contained in Defendants' First Requests for Admission to Plaintiffs.

12. All documents relating to the "Cairo Agreement," as that term was defined and used by Plaintiffs in their Second Set of Interrogatories to Defendant PLO, including Plaintiffs' Interrogatory No. 3 to Defendant PLO.

13. All documents relating to the "Letter of Request" referenced in Plaintiffs' Interrogatory No. 4 to Defendants PLO, including, without limitation, all documents and information requested in the Letter of Request.

14. All documents relating to any communications betwee Plaintiffs and the persons whom Plaintiffs identified, or were asked to identify, in their answer to

Defendants PLO's Interrogatory No. 9 to Plaintiffs.

15. All documents that Plaintiffs identified, or were asked to identify, in their answers to Defendant PLO's Interrogatory Nos. 6, 7 and 8 to Plaintiffs.

Dated: October 20, 2010

Respectfully submitted,

*/s/ Mark J. Rochon*

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

*/s/ Deming E. Sherman*

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of October 2010, a true and genuine copy of the foregoing was served by hand delivery on Plaintiffs' counsel of record listed below:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Djs@mtlhlaw.com
>
>Max Wistow
>Wistow and Barylick Incorporated
>61 Weybosset Street
>Providence, RI 02903
>mwistow@wistbar.com
>
>*Attorneys for Plaintiffs*

/s/ Deming E. Sherman
Deming E. Sherman