# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINIAN AUTHORITY, et al., )<br>)<br>Defendants. )<br>) | C.A. No. 00-105L (RRL) |

### DEFENDANT THE PALESTINIAN AUTHORITY'S
### FOURTH REQUEST FOR PRODUCTION OF
### DOCUMENTS AND THINGS (NOS. 37-51) TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 34, defendant The Palestinian Authority's ("PA"), by counsel, requests that Plaintiffs produce for inspection and copying each of the documents and things described below at the offices of Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, Rhode Island 02903, or other agreed upon location, and serve written responses to these requests within thirty (30) days of the service of these requests.

### INSTRUCTIONS

1. These requests cover all documents and things in your actual or constructive possession, custody, or control.

2. These requests are addressed to you and: (i) your present or former directors, officers, shareholders, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (ii) any other person acting on your behalf or on

1113309.1

whose behalf you have acted; or (iii) any other person otherwise controlled by you, which controls you, or which is under common control with you.

3. If you withhold any of the requested documents from production under a claim of privilege or other protection, you shall produce, within ten (10) days of the day on which documents are required to be produced pursuant to these requests, a list of withheld documents providing, for each document, the following information: (a) the date prepared or sent; (b) the author and senders, including their position (e.g., attorney), their employer, and any entity with whom they are associated; (c) the identity of all persons who saw or received the original or a copy, including their position (e.g., attorney), their employer, and any entity with whom they are associated; (d) the general subject matter of the document; and (e) the basis for any privilege or protection claim and the portion(s) of the document as to which privilege or protection is claimed.

4. These requests require the production of documents in the same form and same order as they are kept in the usual course of business or, alternatively, organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings, or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

5. These requests apply to and require the production of all responsive electronic data (including all active files, deleted files, and fragmentary files) on any computer, network, or electronic media.

6. Unless otherwise indicated, these requests refer and relate to the time period from the beginning of the circumstances and events alleged in the Amended

Complaint until the date of your responses (including any required supplementation thereof) or the completion of your production of documents, whichever is later.

7. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26(e).

## GENERAL AND SPECIFIC DEFINITIONS

Defendant PA incorporates herein by reference the General and Specific Definitions contained in Defendant PA's First and Second Sets of Interrogatories to Plaintiffs, which shall apply to this set of requests for production of documents as well.

## REQUESTS

37. All documents relating to, reflecting or constituting the communications that Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's interrogatories to Plaintiffs.

38. All documents relating to the attack at issue in the Civil Action, including, without limitation, documents relating to or reflecting the identity of any person who was allegedly involved or participated in the attack and all documents relating to any investigation of the attack.

39. All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed, argued, contended or stated that Hamas or a member of Hamas committed the attack at issue in the Civil Action.

40. All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed, argued, contended or stated that Hamas or a member of Hamas

3

had either factual or legal responsibility for the the attack at issue in the Civil Action.

41. All documents that Plaintiffs have sent to or received from persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

42. All documents relating to any communications that Plaintiffs have had with any persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory No. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

43. All documents relating to the statements, allegations or contentions about Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in Plaintiffs' answers to Defendant PA's Interrogatories to Plaintiffs, including, without limitation, Interrogatory No. 1.

44. All documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7 9 and 11 to Plaintiffs, including, without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

45. All documents relating to any attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

46.     All documents relating to the statements, allegations or contentions about Yassser Arafat contained in Plaintiffs' answer to Defendant PA's Interrogatory No. 3.

47.     All documents relating to, reflecting, describing, diagnosing, listing or referencing any injuries or conditions of the Plaintiffs for which Plaintiffs are seeking any relief in this case, including any injuries or conditions that were the subject of the damages awarded to Plaintiffs in the judgment in the Civil Action.

48.     All documents that Plaintiffs will, or intend to, introduce into evidence at at the January 2011 vacatur hearing in the Civil Action.

49.     All documents that Plaintiffs will, or intend to, mark as exhibits at the January 2011 vacatur hearing in the Civil Action.

50.     All documents that Plaintiffs will, or intend ot, use as rebuttal or impeachment exhibits at the January 2011 vacatur hearing in the Civil Action.

51.     All documents relating to any persons whom Plaintiffs will, or intend to, call as witnesses at the January 2011 vacatur hearing in the Civil Action to authenticate, or testify concerning the contents of, the documents Plaintiffs produce, or were asked to produce, in response to Defendant PA's Document Request Nos. 48, 49 and 50.

Dated: October 20, 2010

Respectfully submitted,

*[signature]*
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

*[signature]*
Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 20th day of October 2010, a true and genuine copy of the foregoing was served by hand delivery on Plaintiffs' counsel of record listed below:

>David J. Strachman
>McIntyre, Tate & Lynch, LLP
>321 South Main Street, Suite 400
>Providence, RI 02903
>Djs@mtlhlaw.com
>
>Max Wistow
>Wistow and Barylick Incorporated
>61 Weybosset Street
>Providence, RI 02903
>mwistow@wistbar.com
>
>*Attorneys for Plaintiffs*

Deming E. Sherman