# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

        Plaintiffs – Judgment Creditors,

        v.                                     Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

        Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND ANSWERS TO THE PALESTINE LIBERATION ORGANIZATION'S FIRST SET OF INTERROGATORIES (1-15)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submit their Objections and Answers to "Defendant the Palestine Liberation Organization's First Set of Interrogatories (1-15) to Plaintiffs" dated October 20, 2010 ("Interrogatories"), and state as follows:

### PRELIMINARY STATEMENT

1.      Any responses provided by plaintiffs will be based on certain non-privileged information currently known to plaintiffs or their counsel. The responses may not necessarily reflect information that is currently within the possession, custody or control of other persons or entities (including, without limitation, the defendants, the State of Israel or the United States). Plaintiffs reserve the right to amend or supplement their responses in accordance with the Federal Rules of Civil Procedure.

2.      Plaintiffs' investigation and development of all facts relating to this case and to defendants' Rule 60(b)(6) motion is on-going. The responses by plaintiffs will thus be based only upon such information as is currently known to the plaintiffs. Plaintiffs' objections and

answers herein are made without prejudice to, and are not a waiver of, plaintiffs' right to rely on other facts or documents at the hearing on defendants' Rule 60(b)(6) motion.

3.    Pursuant to Fed.R.Civ.P. 33(d), non-privileged documents relating to the topics set forth in the Interrogatories might be produced in response to the Interrogatories.

4.    The exact wording of any objections made or answers produced by the plaintiffs may be that of plaintiffs' counsel and do not necessarily purport to be that of the plaintiffs.

5.    Any answer by plaintiffs to the Interrogatories shall not be deemed a waiver of any objection plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced. Each answer is without prejudice to, or waiver of, any objection plaintiffs may make to any future use of such information. Further, plaintiffs makes the objections and give the answers herein without in any way implying that they considers the requests and answers to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

6.    Because defendant's Interrogatories do not provide sufficient identifying information, plaintiffs make no representation that the responses to be provided necessarily include the information intended by the defendants.

7.    A response to an Interrogatory stating objections and/or providing an answer shall not be deemed or construed to mean that there is, in fact, responsive information, that plaintiffs concede the truth and/or existence of any purported facts described in the Interrogatory or definitions and/or instructions applicable to the Interrogatory, or that the plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the Interrogatory or definitions and/or instructions applicable to the Interrogatory.

8.      Publicly available information, including, but not limited to, information contained in newspaper clippings, court papers, and documents available on the Internet and defendants' own websites, and in information already in defendant's knowledge and/or possession or contained in documents entered in the record in this action, will not be provided.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Plaintiffs object to the instructions as contrary to Federal Rules of Civil Procedure.

2.      Plaintiffs object to the instructions as purporting to impose requirements beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      Plaintiffs object to the instructions as purporting to impose requirements beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      Plaintiffs object to the instructions in that they purport to require plaintiffs to conduct historical research, to research the factual and legal relationships between separate legal persons, and to treat separate legal persons as a single legal person.

5.      Plaintiffs object to the instructions because they fail to distinguish between information which is relevant or reasonably calculated to lead to the discovery of admissible evidence, and that which is not, and because they seek information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

6.      Plaintiffs object to the definitions to the extent that they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure and to the extent that they call for information or documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

7.      Plaintiffs object to the definitions in that they purport to require plaintiffs to conduct historical research, to research the factual and legal relationships between separate legal persons, and to treat separate legal persons as a single legal person.

8.      Plaintiffs object to the definitions to the extent they attempt to extend the scope of this discovery request beyond information and documents in the plaintiffs' possession, custody, or control. Plaintiffs' response will be based solely on information and documents in their possession, custody, or control as required by the Federal Rules.

9.      Plaintiffs object to the definitions to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

10.     Plaintiffs object to the definitions to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

If you contend that the PA or PLO (or any person purporting to act on behalf of the PA or PLO) made any admissions or statements against interest relating to any facts, events, circumstances, allegations, or claims in the Civil Action on which you intend to rely, or which you intend to offer in evidence, at the January 2011 vacatur hearing, (including, without limitation, any "admission" as that term is used in Federal Rule of Evidence 801(d)(2)), specifically identify such admission(s) or statement(s) against interest and state the factual basis for your contention that the admission(s) or statement(s) qualify as such under the Federal Rules of Evidence.

[With respect to each alleged admission or statement against interest, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which the admission or statement was made; (b) the identity of the person who made the admission or statement; (c) the capacity in which the person made the admission or

statement; (d) the precise, exact and actual words of the admission or statement; (e) the identity of all persons who were present or heard the admission or statement at the time it was made; (f) the identity of all persons who you know or believe have knowledge or information relating to the admission or statement; and (g) the identity of all documents that relate to the admission or statement.]

## OBJECTIONS TO INTERROGATORY NO. 1:

Plaintiffs object as they have not yet determined which evidence, witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with Plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

However, if and when Plaintiffs' counsel does communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

Accordingly, Plaintiffs object to this request to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence. .

## INTERROGATORY NO. 2:

Identify and describe in detail all communications between Yasser Arafat and any person who you contend was a leader or member of Hamas relating to any facts, events, circumstances, allegations, or claims in the Civil Action, including, without limitation, any such communications referenced by Plaintiffs in their answer to Defendant PA's Interrogatory No. 1.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which such communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; (e) the identity of all persons who were present or heard the communication at the time it occurred; (f) the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

5

## OBJECTIONS TO INTERROGATORY NO. 2:

1. Plaintiffs object to this interrogatory as seeking information that is irrelevant to Defendants' Rule 60(b)(6) motion or even this case.

2. Plaintiffs object to this interrogatory to the extent that it seeks information with respect to topics, issues, subjects, areas of inquiry, facts, allegations and statements that are beyond the parameters of Judge Lagueux's Order of April 1, 2010 (dkt. # 482), Magistrate Judge Martin's Order Granting in Part and Denying in Part Motions (dkt. # 575), Order Granting in Part and Denying in Part Defendants' Motion to Compel (dkt. # 577), Order Granting Defendants' Motion for Protective Order Identifying Relevant Rule 30(b)(6) Topics (dkt. # 578), Order Denying Defendants' Motion for Mental Examinations (dkt. # 579) and/or beyond the scope of Defendants' Motion to for (sic) Relief from Default Judgment.    Dkt. # 408. (Defendants' "Rule 60(b) Motion to Vacate").

3. Plaintiffs object to this interrogatory as it requests information contrary to Magistrate Judge Martin's ruling that "Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense. . .accordingly, Defendant is not entitled to merits of discovery," Dkt. # 577, p. 2. This request is unduly burdensome and seeks documents that are irrelevant to defendants' Rule 60(b)(6) motion because it seeks documents relating to the facts underlying the allegations of the Amended Complaint that defendants intend to use in an attempt to develop a meritorious defense. Such documents are irrelevant to defendants' Rule 60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious

defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal brackets and quotation marks omitted). The documents sought are also irrelevant and unduly burdensome to produce because a meritorious defense cannot be established by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim."). Therefore, a defendant seeking to vacate a default is not permitted discovery from the plaintiff regarding the factual basis of the complaint. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.*, 1991 WL 95287 at *10 (E.D.Pa. 1991) (rejecting such a request on the grounds that both defendant's meritorious defense and plaintiff's complaint are assessed using a pleading standard, not a proof standard).

4.    Plaintiffs object to this interrogatory because Defendants are not permitted discovery which "would have the practical effect of re-opening this case before the Court has determined whether it should be reopened." Dkt. # 577, p. 3.

5.    Plaintiffs object to this interrogatory to the extent it seeks information relating to the prejudice they suffer by the Defendants' refusal to comply with prior discovery orders and accordingly it violates Magistrate Judge Martin's ruling of October 27, 2010, "Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate.    See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendants' Interrogatory Nos. 12-18 and Responses to Defendants' Request for Production Nos. 8-15, 17-19 ("Defendants' Reply") at 7 ("The extent to which Plaintiffs currently posses[] information and documents supporting their claims is something for this Court to consider when determining

whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate."). While this argument has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so." Dkt. # 577 pp. 2-3.

6. Plaintiffs object to this interrogatory as it seeks information contrary to Magistrate Judge Martin's ruling that making the argument "that the judgment in this case has foreign policy implications and/or that the denial of the Motion to Vacate will have foreign policy implications," Defendants "may only rely upon materials in the public record." Dkt. # 574 p. 1.

7. Plaintiffs object to this interrogatory because it seeks information supporting an opinion or contention that relates to fact or the application of law to fact in respect to the underlying allegations of the action, despite the fact that defendants refused to provide any discovery regarding the underlying allegations of the action.

8. Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

**INTERROGATORY NO. 3:**

Identify and describe in detail all communications that Plaintiffs have had with any of the persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. (sic) 19 and relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

[With respect to each communication, a fully responsive answer should include, without limitation, the following: (a) the circumstances (i.e., date, time and place) under which such communication was made; (b) the mode of communication (e.g., meeting, letter, electronic mail, telephone call, etc.); (c) the identities of the persons who participated in or were present during the communication; (d) the precise, exact and actual words of the communication; (e) the identity of all persons who were present or heard the communication at the time it occurred; (f)

the identity of all persons who you know or believe have knowledge or information relating to the communication; and (g) the identity of all documents that relate to the communication.]

**OBJECTIONS TO INTERROGATORY NO. 3:**

1.    Plaintiffs incorporate by reference their response to Interrogatory 2.[1]

2.    Plaintiffs object to this Interrogatory as Plaintiffs have not provided a substantive response to the Palestinian Authority's Interrogatory #19.

3.    Plaintiffs object to this Interrogatory as it seeks discovery with respect to another interrogatory response.

4.    Defendants seek to alter the pre-hearing schedule in this matter by way of a discovery demand.

**INTERROGATORY NO. 4:**

If you contend that Defendant PA committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the [*sic*] attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PA, a fully response [*sic*] answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating toe h alleged act or omission.]

**OBJECTIONS TO INTERROGATORY NO. 4:**

Plaintiffs hereby incorporate by reference the objections contained herein to Interrogatory No. 2. Further, Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

---

[1] Plaintiffs incorporate objections previously asserted in order to avoid excessive duplication and to make this document less cumbersome.

**INTERROGATORY NO. 5:**

If you contend that Defendant PLO committed any act or omission that caused the injuries and damages Plaintiffs are alleging or claiming in this case, including, without limitation, any act or omission in planning, preparing for, supporting or executing the the [*sic*] attack at issue in the Civil Action, state the factual basis for your contention.

[With respect to each alleged act or omission of Defendant PLO, a fully response [*sic*] answer should include, without limitation: (a) a detailed description (including date, time and nature) of the alleged act or omission; (b) the identity of the person or persons who allegedly committed the alleged act or omission; (c) the identity of each person who you know or believe has knowledge or information relating to the alleged act or omission; and (d) the identity of each document relating toe h alleged act or omission.]

**OBJECTIONS TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference their objections to Interrogatory 4.

**INTERROGATORY NO. 6:**

Identify all documents that Plaintiffs will, or intend to, introduce into evidence at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 6:**

The plaintiffs have not yet determined which evidence witnesses or testimony they will present in opposition to Defendants' motion to vacate, if any.

Subject to and without derogating from the Objection set forth above, the plaintiffs answer this interrogatory as follows:

Plaintiffs have not yet determined which evidence they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

Plaintiffs object as this interrogatory seeks to discover information protected by the attorney-client privilege and/or attorney-work product doctrines.

Additionally, this interrogatory is contrary to the Court's pre-hearing order and seeks to impose obligations on the Plaintiffs beyond those contained in the pre-hearing order.

Without waiving the above objections, see Plaintiffs' November 12, 2010 letter and the expert reports Plaintiffs previously provided.

**INTERROGATORY NO. 7:**

Identify all documents that Plaintiffs will, or intend to, mark as exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

**INTERROGATORY NO. 8:**

Identify all documents that Plaintiffs will, or intend to, use as rebuttal or impeachment exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

**INTERROGATORY NO. 9:**

Identify all persons whom Plaintiffs will, or intend to, call as witnesses at the January 2011 vacatur hearing in the Civil Action to authenticate, or testify concerning the contents of, the documents Plaintiffs identified, or were asked to identify, in their answer to Defendant PLO's Interrogatory Nos. 6, 7 and 8.

**OBJECTIONS TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference their objections to Interrogatory 6.

**INTERROGATORY NO. 10:**

Identify all communications between the Plaintiffs and the State of Israel (including, without limitation, any office, department, agency, law enforcement entity, military entity, intelligence agency and employee of the State of Israel) relating to the attack at issue in the Civil Action, the Civil Action [*sic*] or any any [*sic*] facts, events, circumstances, allegations, or claims in the Civil Action, including, without limitation, any letter sent by Yaron and Efrat Ungar to Prime Minister Binyamin Netanyahu in or around 1997 relating to or referencing the attack at issue in the Civil Action, Defendant PA or the Occupied Palestinian Territory.

**OBJECTIONS TO INTERROGATORY NO. 10:**

1. Plaintiffs incorporate by reference their objections to Interrogatory 2.

2. Plaintiffs object this interrogatory as it seeks discovery concerning the parties' political, legal, religious and/or social beliefs and/or the motivation for bringing suit. See, e.g., *Walton v. Bridgestone/Firestone, Inc.*, No. 05-CV-3027, 2009 WL 2778441, at *9 (D. Ariz. Jan. 16, 2009) ("Irrelevant and prejudicial references to Plaintiffs' plans for lawsuit proceeds or Plaintiffs' motives for initiating this action are also precluded."); *Woods v. Frensenius Med. Care Group of N. Am.*, No. 06-CV-1804, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008) (quashing subpoenas for records from plaintiff's former employer served by defendant "to show Plaintiff's credibility and motive in bringing suit"); *Couch v. Village of Dixmoor*, No. 05-CV-963, 2006 WL 3409153, at *3 (N.D. Ill. Nov. 27, 2006) (granting motion to "keep out of the case evidence as to 'plaintiff's motives for filing suit'" and explaining that it is improper to "impugn the motives of any plaintiff for doing what the law not only permits but encourages: the pursuit of his or her perceived rights through litigation"); *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D.

12

408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery."); *Digital Equip. Corp. v. Sys. Indus., Inc.,* 108 F.R.D. 742, 743 (D. Mass. 1986) (discussing various cases "where discovery was sought concerning the initiation of a lawsuit" and "the motive behind the institution of the action was deemed not relevant to the subject matter involved"); *Foremost Promotions, Inc. v. Pabst Brewing Co.,* 15 F.R.D. 128, 130 (N.D. Ill. 1953) ("It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim."); *Horsey v. Asher,* 741 F.2d 209, 212-13 (8th Cir. 1984) ("We can assume that plaintiff harbors bitter feelings towards [defendant], in part, at least, because of his having given evidence against him. But if in fact [defendant] wrongfully beat [plaintiff] and unconstitutionally seized his property, the fact that plaintiff hates the defendant, for these or other reasons, does not justify dismissal of the complaint as malicious. It is the maliciousness of the complaint, not of the plaintiff personally, that is important. It may be assumed that most people who have been deprived of their constitutional rights have little regard for those who have wronged them.").

     3.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

**INTERROGATORY NO. 11:**

Identify all communications between the Plaintiffs and the United States Government (including, without limitation, any office, department, agency, law enforcement entity, military entity, intelligency [*sic*] agency and employee of the United States Government) relating to the attack at issue in the Civil Action, the Civil Action [*sic*] or any any [*sic*] facts, events, circumstances, allegations, or claims in the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 11:**

Plaintiffs incorporate by reference their objections to Interrogatory 10.

**INTERROGATORY NO. 12:**

Identify all documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7 9 [*sic*] and 11 to Plaintiffs, including without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

**OBJECTIONS TO INTERROGATORY NO. 12:**

1.    Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

**INTERROGATORY NO. 13:**

Identify and describe in detail all attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

**OBJECTIONS TO INTERROGATORY NO. 13:**

1.    Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.    Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

3.    Plaintiffs further object to this Interrogatory as the plaintiffs' attempts to examine

Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub and defendants' refusal to produce them for examination was adjudicated in *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I. 2004) and prior rulings of the Rhode Island District Court.

## INTERROGATORY NO. 14:

State the factual basis for Plaintiffs' contention in their answer to Defendant PA's Interrogatory No. 1 (at p. 4) that "[t]he relevant and responsive documents and things that have been lost are all documents and things that were located in the Gaza Strip as of July 2004 that evidenced the relationship between the PA/PLO and Hamas, that evidenced the policies of the PA and PLO vis-à-vis Hamas, that evidenced the provision of material support and resources to Hamas and its operatives by the PA and/pr [*sic*] PLO and/or that were otherwise relevant to the allegations of the Amended Complaint in this action. . .," (emphasis added), including, without limitation, as to each such document that Plaintiffs contend was lost: (a) an identification of the document (date, type, author and recipients,) (b) the identify of the last known custodian of the document; (c) a description of the contents of the document; (d) the identity of all person who Plaintiffs know or believe have knowledge relating to the document and Plaintiffs' contention; and (e) the identity of all documents relating to the Plaintiffs' contention.

## OBJECTIONS TO INTERROGATORY NO. 14:

1.      Plaintiffs incorporate by reference their objections to Interrogatory 2.

2.      Plaintiffs further object to this interrogatory is an interrogatory about a prior interrogatory response and thus is it violates Rules 26 and 33.

3.      Plaintiffs object to this interrogatory to the extent that it seeks information that is protected by attorney-client privilege and/or the attorney work product privilege.

**INTERROGATORY NO. 15:**

With respect to each request for admission in Defendants' First Request for Admissions to Plaintiffs that Plaintiffs deny or do not admit, state the factual basis on which Plaintiffs deny the request for admission or do not admit the request for admission, including, without limitation, (a) the identity of all persons who Plaintiffs know or believe have knowledge or information relating to the denial or non-admission; and (B) the identity of all documents that relate to the denial or non-admission.

**OBJECTIONS TO INTERROGATORY NO. 15:**

1.  Plaintiffs object to this interrogatory as it seeks information that is irrelevant to Defendants' Rule 60(b)(6) motion or even this case.

2.  Plaintiffs object to this Request to the extent that it seeks information with respect to topics, issues, subjects, areas of inquiry, facts, allegations and statements that are beyond the parameters of Judge Lagueux's Order of April 1, 2010 (dkt. # 482), Magistrate Judge Martin's Order Granting in Part and Denying in Part Motions (dkt. # 575), Order Granting in Part and Denying in Part Defendants' Motion to Compel (dkt. # 577), Order Granting Defendants' Motion for Protective Order Identifying Relevant Rule 30(b)(6) Topics (dkt. # 578), Order Denying Defendants' Motion for Mental Examinations (dkt. # 579) and/or beyond the scope of Defendants' Motion to for (sic) Relief from Default Judgment. Dkt. # 408. (Defendants' "Rule 60(b) Motion to Vacate").

3.  Plaintiffs object to this interrogatory as it seeks information contrary to Magistrate Judge Martin's ruling that "Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense. . .accordingly, Defendant is not entitled to merits of discovery," Dkt. # 577, p. 2. This request is unduly

burdensome and seeks documents that are irrelevant to defendants' Rule 60(b)(6) motion because it seeks documents relating to the facts underlying the allegations of the Amended Complaint that defendants intend to use in an attempt to develop a meritorious defense. Such documents are irrelevant to defendants' Rule 60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal brackets and quotation marks omitted). The documents sought are also irrelevant and unduly burdensome to produce because a meritorious defense cannot be established by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim."). Therefore, a defendant seeking to vacate a default is not permitted discovery from the plaintiff regarding the factual basis of the complaint. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.*, 1991 WL 95287 at *10 (E.D.Pa. 1991) (rejecting such a request on the grounds that both defendant's meritorious defense and plaintiff's complaint are assessed using a pleading standard, not a proof standard).

      4.     Plaintiffs object to this interrogatory because Defendants are not permitted discovery which "would have the practical effect of re-opening this case before the Court has determined whether it should be reopened." Dkt. # 577, p. 3.

      5.     Plaintiffs object to this interrogatory to the extent it seeks information relating to the prejudice they suffer by the Defendants' refusal to comply with prior discovery orders and

accordingly it violates Magistrate Judge Martin's ruling of October 27, 2010, "Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate. See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendants' Interrogatory Nos. 12-18 and Responses to Defendants' Request for Production Nos. 8-15, 17-19 ("Defendants' Reply") at 7 ("The extent to which Plaintiffs currently posses[] information and documents supporting their claims is something for this Court to consider when determining whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate."). While this argument has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so." Dkt. # 577 pp. 2-3.

6.      Plaintiffs object to this interrogatory as it seeks information contrary to Magistrate Judge Martin's ruling that making the argument "that the judgment in this case has foreign policy implications and/or that the denial of the Motion to Vacate will have foreign policy implications," Defendants "may only rely upon materials in the public record." Dkt. # 574 p. 1.

7.      Plaintiffs object to this interrogatory because it seeks information within the exclusive possession, custody and/or control of the defendants and/or that are located in the Gaza Strip that Plaintiffs sought but defendants refused to provide prior to entry of judgment in this action.

8.      Plaintiffs object to this interrogatory because it seeks information supporting an opinion or contention that relates to fact or the application of law to fact in respect to the

underlying allegations of the action, despite the fact that defendants refused to provide any discovery regarding the underlying allegations of the action.

9.    Plaintiffs object as this interrogatory seeks information concerning Plaintiffs' psychological condition in violation of Magistrate Judge Martin's October 28, 2010 ruling that inquiry into damages is "premature." Dkt. # 579, p. 2.

10.    Plaintiffs object to this interrogatory to the extent that it seeks information that are protected by attorney-client privilege and/or the attorney work product privilege.

11.    Plaintiffs object as this interrogatory is oppressive as requesting Plaintiffs to provide an interrogatory answer concerning 233 requests for admissions.

12.    Plaintiffs object to this interrogatory as it seeks information with respect to the role of counsel which the defendants were previously admonished, was the subject of a disciplinary complaint, is irrelevant to this action, and is an improper topic of inquiry. *Garza v. Inglewood City*, 967 F.2d 586 (9th Cir. 1992) ("We do not condone the disparagement of counsel's motives."); *U.S. ex rel. Block v. Del Campo*, 2010 WL 2698295 (N.D.Ill. 2010) ("Defendants' repeated personal attacks on Plaintiffs and their counsel in their Objections are inappropriate and unfounded. Defendants' characterizations of Plaintiffs' and their counsel's motives and tactics go beyond the appropriate bounds of professional and zealous advocacy.").

13.    Plaintiffs object to this interrogatory as it seeks information concerning the parties' political, legal, religious and/or social beliefs and/or the motivation for bringing suit. See, e.g., *Walton v. Bridgestone/Firestone, Inc.*, No. 05-CV-3027, 2009 WL 2778441, at *9 (D. Ariz. Jan. 16, 2009) ("Irrelevant and prejudicial references to Plaintiffs' plans for lawsuit proceeds or Plaintiffs' motives for initiating this action are also precluded."); *Woods v. Frensenius Med. Care Group of N. Am.*, No. 06-CV-1804, 2008 WL 151836, at *2 (S.D. Ind.

Jan. 16, 2008) (quashing subpoenas for records from plaintiff's former employer served by

defendant "to show Plaintiff's credibility and motive in bringing suit"); *Couch v. Village of*

*Dixmoor*, No. 05-CV-963, 2006 WL 3409153, at *3 (N.D. Ill. Nov. 27, 2006) (granting motion

to "keep out of the case evidence as to 'plaintiff's motives for filing suit'" and explaining that it

is improper to "impugn the motives of any plaintiff for doing what the law not only permits but

encourages: the pursuit of his or her perceived rights through litigation"); *Parsons v. Jefferson-*

*Pilot Corp.*, 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary

litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not

relevant to the subject matter of the litigation and is not a matter for discovery."); *Digital Equip.*

*Corp. v. Sys. Indus., Inc.*, 108 F.R.D. 742, 743 (D. Mass. 1986) (discussing various cases "where

discovery was sought concerning the initiation of a lawsuit" and "the motive behind the

institution of the action was deemed not relevant to the subject matter involved"); *Foremost*

*Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128, 130 (N.D. Ill. 1953) ("It is difficult to see

how an inquiry into the circumstances surrounding the instigation of the action could affect the

substance of the claim."); *Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984) ("We can

assume that plaintiff harbors bitter feelings towards [defendant], in part, at least, because of his

having given evidence against him. But if in fact [defendant] wrongfully beat [plaintiff] and

unconstitutionally seized his property, the fact that plaintiff hates the defendant, for these or

other reasons, does not justify dismissal of the complaint as malicious. It is the maliciousness of

the complaint, not of the plaintiff personally, that is important. It may be assumed that most

people who have been deprived of their constitutional rights have little regard for those who have

wronged them.").

14.    Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a)    Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id.* at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b)    On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

c)    Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

d)    Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

e)    Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in

this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).").

Dated: November 19, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700

(401) 272-9752 (fax)
mw@wistbar.com

Robert Joseph Tolchin
111 Livingston Street
Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 504-4943 (fax)
rjt@tolchinlaw.com

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this November 19, 2010, a true and genuine copy of the

foregoing was sent by first class mail and email to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701