# EXHIBIT 6

Case 1:00-cv-00105-L-DLM    Document 624-6    Filed 11/29/10    Page 1 of 19 PageID #: 9775

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

      Plaintiffs – Judgment Creditors,

      v.                                                                                       Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

      Defendants – Judgment Debtors.

## PLAINTIFFS-JUDGMENT CREDITORS' OBJECTIONS AND RESPONSES TO DEFENDANT THE PALESTINIAN AUTHORITY'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (37-51)

Plaintiffs, by and through their counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby submit their Objections and Responses to "Defendant the Palestinian Authority's Fourth Request for Production of Documents and Things (37-51) to Plaintiffs" dated October 20, 2010 ("Requests"), and state as follows:

### PRELIMINARY STATEMENT

1.    The exact wording of any objections made or response provided by the Plaintiffs may be that of Plaintiffs' counsel and do not necessarily purport to be that of the Plaintiffs.

2.    Any production of documents by Plaintiffs shall not be deemed a waiver of any objection Plaintiffs may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the documents produced. Plaintiffs' production of documents is without prejudice to, or waiver of, any objection Plaintiffs may make to any future use of such documents. Further, Plaintiffs make the objections and give the responses herein without in any

way implying that they consider the Requests and responses to the requests to be relevant or material to defendants' Rule 60(b)(6) motion.

3.    Any documents provided by Plaintiffs will be based on certain non-privileged information currently known to Plaintiffs or their counsel. The responses may not necessarily reflect information that is currently within the possession, custody or control of other persons or entities (including, without limitation, the defendants, the State of Israel or the United States). Plaintiffs reserve the right to amend or supplement their responses in accordance with the Federal Rules of Civil Procedure.

4.    Plaintiffs' investigation and development of all facts relating to this case and to defendants' Rule 60(b)(6) motion is on-going. The responses by Plaintiffs will thus be based only upon such information as is currently known to the Plaintiffs. Plaintiffs' objections and answers herein are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at the hearing on defendants' Rule 60(b)(6) motion.

5.    Because defendants' requests do not provide sufficient identifying information, Plaintiffs make no representation that the responses provided necessarily include the information intended by the defendants.

6.    A response to a request stating objections and/or providing a response shall not be deemed or construed to mean that there is, in fact, responsive information, that Plaintiffs concede the truth and/or existence of any purported facts described in the request or definitions and/or instructions applicable to the request, or that the Plaintiffs agree with the characterization of the conduct, activities, or relationships contained in the request or definitions and/or instructions applicable to the request.

7.    Publicly available information, including, but not limited to, information contained in newspaper clippings, court papers, and documents available on the Internet and defendants' own websites, and in information already in defendants' knowledge and/or possession or contained in documents entered in the record in this action, will not be provided.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Plaintiffs object to the instructions as contrary to Federal Rules of Civil Procedure.

2.    Plaintiffs object to the instructions as purporting to impose requirements beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Plaintiffs object to the instructions as purporting to impose requirements beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.    Plaintiffs object to the instructions in that they purport to require plaintiffs to conduct historical research, to research the factual and legal relationships between separate legal persons, and to treat separate legal persons as a single legal person.

5.    Plaintiffs object to the instructions because they fail to distinguish between information which is relevant or reasonably calculated to lead to the discovery of admissible evidence, and that which is not, and because they seek information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

6.    Plaintiffs object to the definitions to the extent that they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure and to the extent that they call for information or documents protected from disclosure by the attorney-client privilege and/ or the attorney work product doctrine.

7.    Plaintiffs object to the definitions in that they purport to require plaintiffs to conduct historical research, to research the factual and legal relationships between separate legal persons, and to treat separate legal persons as a single legal person.

8.    Plaintiffs object to the definitions to the extent they attempt to extend the scope of this discovery request beyond information and documents in the plaintiffs' possession, custody, or control. Plaintiffs' response will be based solely on information and documents in their possession, custody, or control as required by the Federal Rules.

9.    Plaintiffs object to the definitions to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

10.    Plaintiffs object to the definitions to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

## REQUESTS

### REQUEST NO. 37:

All documents relating to, reflecting or constituting the communications that Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's interrogatories to Plaintiffs.

### RESPONSE TO REQUEST NO. 37:

1.    Plaintiffs object to this request as seeking documents that are irrelevant to Defendants' Rule 60(b)(6) motion or even this case.

2.    Plaintiffs object to this Request to the extent that it seeks information with respect to topics, issues, subjects, areas of inquiry, facts, allegations and statements that are beyond the parameters of Judge Lagueux's Order of April 1, 2010 (dkt. # 482), Magistrate Judge Martin's Order Granting in Part and Denying in Part Motions (dkt. # 575), Order Granting in Part and

Denying in Part Defendants' Motion to Compel (dkt. # 577), Order Granting Defendants' Motion for Protective Order Identifying Relevant Rule 30(b)(6) Topics (dkt. # 578), Order Denying Defendants' Motion for Mental Examinations (dkt. # 579) and/or beyond the scope of Defendants' Motion to for (sic) Relief from Default Judgment. Dkt. # 408. (Defendants' "Rule 60(b) Motion to Vacate").

3.      Plaintiffs object to this Request as it requests information contrary to Magistrate Judge Martin's ruling that "Defendant The Palestinian Authority ("PA") does not need discovery from Plaintiffs in order to establish the existence of a meritorious defense. . .accordingly, Defendant is not entitled to merits of discovery," Dkt. # 577, p. 2. This request is unduly burdensome and seeks documents that are irrelevant to defendants' Rule 60(b)(6) motion because it seeks documents relating to the facts underlying the allegations of the Amended Complaint that defendants intend to use in an attempt to develop a meritorious defense. Such documents are irrelevant to defendants' Rule 60(b)(6) motion and unduly burdensome to produce because in this Circuit the existence *vel non* of a meritorious defense is determined solely on the basis of defendant's averments and not on the basis of evidence. *See Indigo America, Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010) ("Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.") (internal brackets and quotation marks omitted). The documents sought are also irrelevant and unduly burdensome to produce because a meritorious defense cannot be established by challenging the evidentiary strength of the plaintiff's case. *See Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("When reviewing a motion for relief under Rule 60(b), the court is not permitted to consider the underlying strength of a plaintiff's claim."). Therefore, a defendant seeking to

5

vacate a default is not permitted discovery from the plaintiff regarding the factual basis of the complaint. *See Sierra Foods, Inc. v. Haddon House Food Products, Inc.*, 1991 WL 95287 at *10 (E.D.Pa. 1991) (rejecting such a request on the grounds that both defendant's meritorious defense and plaintiff's complaint are assessed using a pleading standard, not a proof standard).

      4.     Plaintiffs object to this request because Defendants are not permitted discovery which "would have the practical effect of re-opening this case before the Court has determined whether it should be reopened." Dkt. # 577, p. 3.

      5.     Plaintiffs object to this request to the extent it seeks information relating to the prejudice they suffer by the Defendants' refusal to comply with prior discovery orders and accordingly it violates Magistrate Judge Martin's ruling of October 27, 2010, "Defendant PA also argues that it is entitled to this discovery as a means of testing whether Plaintiffs would truly be prejudiced by the granting of the motion to vacate. See Defendant The Palestinian Authority's Reply in Further Support of Its Motion to Compel Answers to Defendants' Interrogatory Nos. 12-18 and Responses to Defendants' Request for Production Nos. 8-15, 17-19 ("Defendants' Reply") at 7 ("The extent to which Plaintiffs currently posses[] information and documents supporting their claims is something for this Court to consider when determining whether Plaintiffs would be prejudiced by the granting of Defendants' Motion to Vacate."). While this argument has a certain surface appeal, the reality is that accepting it would result in Defendant being able to impose on Plaintiffs the same discovery burden which the Court has already concluded is inappropriate unless and until the judgment is vacated. The Court declines to do so." Dkt. # 577 pp. 2-3.

      6.     Plaintiffs object to this request as it seeks information contrary to Magistrate Judge Martin's ruling that making the argument "that the judgment in this case has foreign

policy implications and/or that the denial of the Motion to Vacate will have foreign policy implications," Defendants "may only rely upon materials in the public record." Dkt. # 574 p. 1.

7.      Plaintiffs object to this request because it seeks documents within the exclusive possession, custody and/or control of the defendants and/or that are located in the Gaza Strip that Plaintiffs sought but defendants refused to provide prior to entry of judgment in this action.

8.      Plaintiffs object to this request because it asks for documents supporting an opinion or contention that relates to fact or the application of law to fact in respect to the underlying allegations of the action, despite the fact that defendants refused to provide any discovery regarding the underlying allegations of the action.

9.      Plaintiffs object as this request seeks documents concerning Plaintiffs' psychological condition in violation of Magistrate Judge Martin's October 28, 2010 ruling that inquiry into damages is "premature." Dkt. # 579, p. 2.

10.     Plaintiffs object to this request to the extent that it seeks documents that are protected by attorney-client privilege and/or the attorney work product privilege.

11.     Plaintiffs object as this request is oppressive as requesting Plaintiffs to provide documents concerning 233 requests for admissions.

12.     Plaintiffs object in that this request demands Plaintiffs respond to 233 additional document requests.

13.     Plaintiffs object to this request as it seeks discovery with respect to the role of counsel which the defendants were previously admonished, is irrelevant to this action, was the subject of a disciplinary complaint, and is an improper topic of inquiry. *Garza v. Inglewood City*, 967 F.2d 586 (9th Cir. 1992) ("We do not condone the disparagement of counsel's motives."); *U.S. ex rel. Block v. Del Campo*, 2010 WL 2698295 (N.D.Ill. 2010) ("Defendants' repeated

personal attacks on Plaintiffs and their counsel in their Objections are inappropriate and unfounded. Defendants' characterizations of Plaintiffs' and their counsel's motives and tactics go beyond the appropriate bounds of professional and zealous advocacy.").

14.    Plaintiffs object to this request as it seeks discovery concerning the parties' political, legal, religious and/or social beliefs and/or the motivation for bringing suit. See, e.g., *Walton v. Bridgestone/Firestone, Inc.*, No. 05-CV-3027, 2009 WL 2778441, at *9 (D. Ariz. Jan. 16, 2009) ("Irrelevant and prejudicial references to Plaintiffs' plans for lawsuit proceeds or Plaintiffs' motives for initiating this action are also precluded."); *Woods v. Frensenius Med. Care Group of N. Am.*, No. 06-CV-1804, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008) (quashing subpoenas for records from plaintiff's former employer served by defendant "to show Plaintiff's credibility and motive in bringing suit"); *Couch v. Village of Dixmoor*, No. 05-CV-963, 2006 WL 3409153, at *3 (N.D. Ill. Nov. 27, 2006) (granting motion to "keep out of the case evidence as to 'plaintiff's motives for filing suit'" and explaining that it is improper to "impugn the motives of any plaintiff for doing what the law not only permits but encourages: the pursuit of his or her perceived rights through litigation"); *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 414 (M.D.N.C. 1992) ("It is well-established that in ordinary litigation, not involving the clean hands defense, the plaintiff's motive in bringing suit is not relevant to the subject matter of the litigation and is not a matter for discovery."); *Digital Equip. Corp. v. Sys. Indus., Inc.*, 108 F.R.D. 742, 743 (D. Mass. 1986) (discussing various cases "where discovery was sought concerning the initiation of a lawsuit" and "the motive behind the institution of the action was deemed not relevant to the subject matter involved"); *Foremost Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128, 130 (N.D. Ill. 1953) ("It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim.");

*Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984) ("We can assume that plaintiff harbors bitter feelings towards [defendant], in part, at least, because of his having given evidence against him. But if in fact [defendant] wrongfully beat [plaintiff] and unconstitutionally seized his property, the fact that plaintiff hates the defendant, for these or other reasons, does not justify dismissal of the complaint as malicious. It is the maliciousness of the complaint, not of the plaintiff personally, that is important. It may be assumed that most people who have been deprived of their constitutional rights have little regard for those who have wronged them.").

15.    Plaintiffs object to this Request as seeking documents that are irrelevant. All the documents sought are irrelevant because Defendants are precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, for several reasons:

a)    Defendants <u>already</u> objected to Magistrate Judge Martin's recommendation of March 31, 2004 regarding damages, claiming that the amount of damages recommended was too large. *See Ungar v. Palestinian Authority*, 325 F.Supp.2d 15, 24 (D.R.I. 2004). This objection was overruled (*id*. at 24-25), and cannot be relitigated via a Rule 60(b) motion. *See e.g. George P. Reintjes Co. v. Riley Stoker*, 71 F.3d 44, 49 (1st Cir. 1995) ("Rule 60(b) does not license a party to relitigate ... any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense.") (internal quotation marked omitted).

b)    On appeal, Defendants abandoned their earlier claim in this Court that the amount of the damages was overlarge, thereby forever waiving this claim. *See Ungar v. PLO*, 402 F.3d 274, 282 (1st Cir. 2005) ("The defendants have not challenged either the measure of damages utilized by the lower court or the integrity of its mathematical computations.");

9

c)      Defendants argued on appeal only that "the district court made a political statement in calibrating the size of the award." *Id.* This argument was rejected and cannot be relitigated in the context of a Rule 60(b) motion. *See George P. Reintjes Co,* 71 F.3d at 49; and

d)      Pursuant to 28 U.S.C. § 636, Defendants waived any and all challenges to the assessment of damages other than the argument that the damages award was too large (which was rejected by Judge Lagueux and abandoned on appeal) that was made in defendants' objections to Magistrate Judge Martin's March 31, 2004, report and recommendation.

e)      Plaintiffs further object to this Request as seeking documents that are irrelevant to the extent it seeks documents relating to the period subsequent to the damages hearing held in this matter. Even assuming *arguendo* that Defendants were not precluded from seeking to challenge the amount of the judgment in the context of their motion to vacate, as a matter of law Defendants could not base such a challenge on changes or developments in Plaintiffs' condition subsequent to the damages hearing. *See e.g. Davis by Davis v. Jellico Community Hosp. Inc.,* 912 F.2d 129, 136 (6th Cir. 1990) ("Death of a judgment plaintiff following so shortly after a jury award of damages based on an expected life span not realized is rare, but it is not the sort of 'extraordinary circumstance' contemplated by Rule 60(b)(6)"); *Campbell v. American Foreign S.S. Corp.,* 116 F.2d 926, 928 (2nd Cir. 1941) (If "facts occurring subsequent to the trial" were "ground for a new trial," the "litigation would never come to an end."); *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.,* 542 F.Supp.2d 677, 682-683 (E.D.Mich. 2008) (Change in circumstances subsequent to the judgment that indicated the original damages award was excessive do not constitute grounds for relief under Rule 60(b)(6) since a change in projected damages is "not the type of 'extraordinary circumstances' contemplated by Rule 60(b)(6).").

16.     Plaintiffs object to the extent that any request seeks to alter the pre-hearing order.

10

## REQUEST NO. 38:

All documents relating to the attack at issue in the Civil Action, including, without limitation, documents relating to or reflecting the identity of any person who was allegedly involved or participated in the attack and all documents relating to any investigation of the attack.

## OBJECTIONS TO REQUEST NO. 38:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 10 and 16 in response to Request No. 37.[1]

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

## REQUEST NO. 39:

All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed, argued, contended or stated that Hamas or a member of Hamas committed the attack at issue in the Civil Action.

## OBJECTIONS TO REQUEST NO. 39:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 8, 10 and 16 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs on October 20, 2010 and November 15, 2010.

---

[1] Plaintiffs incorporate objections previously asserted in order to avoid excessive duplication and to make this document less cumbersome.

**REQUEST NO. 40:**

All documents (including, without limitation, pleadings, discovery responses, reports, memoranda, electronic mail and communications) in which Plaintiffs have alleged, claimed, argued, contended or stated that Hamas or a member of Hamas had either factual or legal responsibility for the the [sic] attack at issue in the Civil Action.

**OBJECTIONS TO REQUEST NO. 40:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 8, 10 and 16 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs on October 20, 2010 and November 15, 2010.

**REQUEST NO. 41:**

All documents that Plaintiffs have sent to or received from persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory Nos. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

**OBJECTIONS TO REQUEST NO. 41:**

Plaintiffs incorporate by reference their response to Request No. 37.

Plaintiffs further object as they have not yet determined which evidence, witnesses and testimony they will present in opposition to Defendants' motion to vacate, if any. Such a determination will become possible only after, *inter alia*, Defendants have complied with Plaintiffs' outstanding discovery requests and submit their pretrial memorandum.

However, if and when Plaintiffs' counsel does communicate with such actual or potential witnesses, such communications may be protected by attorney-client privilege and/or the attorney work product privilege.

12

Accordingly, Plaintiffs object to this request to the extent that it seeks information that does not currently exist but will be protected by attorney-client privilege and/or the attorney work product privilege once it comes into existence.

Without waiving the above objections, see correspondence of November 12, 2010 and the expert reports Plaintiffs previously provided.

**REQUEST NO. 42:**

All documents relating to any communications that Plaintiffs have had with any persons whom Plaintiffs identified, or were asked to identify, in their answers to Defendant PA's Interrogatory No. 19 and 20 relating to any facts, events, circumstances, allegations, or claims in the Civil Action.

**OBJECTIONS TO REQUEST NO. 42:**

Plaintiffs incorporate by reference their response to Request No. 41.

**REQUEST NO. 43:**

All documents relating to the statements, allegations or contentions about Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in Plaintiffs' answers to Defendant PA's Interrogatories to Plaintiffs, including, without limitation, Interrogatory No. 1.

**OBJECTIONS TO REQUEST NO. 43:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8 and 10 of their response to Request No. 37.

**REQUEST NO. 44**

All documents that Plaintiffs would have used to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub if Plaintiffs had examined

them in the Civil Action, as Plaintiffs allege in their answers to Defendant PA's Interrogatory Nos. 2, 5, 7 9 [*sic*] and 11 to Plaintiffs, including, without limitation, all documents Plaintiffs would have marked as exhibits and shown to such persons during the course of the examination of those persons.

**OBJECTIONS TO REQUEST NO. 44**:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of their response to Request No. 37.

**REQUEST NO. 45:**

All documents relating to any attempts, efforts, actions and communications Plaintiffs made in order to examine Yasser Arafat, Muhammed Dahlan, Razi Jabali, Amin al-Hindi, Tawfik Tirawi and Jabril Rajoub in or for purposes of the Civil Action.

**OBJECTIONS TO REQUEST NO. 45**:

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of their response to Request No. 37.

**REQUEST NO. 46:**

All documents relating to the statements, allegations or contentions about Yassser [*sic*] Arafat contained in Plaintiffs' answer to Defendant PA's Interrogatory No. 3.

**OBJECTIONS TO REQUEST NO. 46:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of their response to Request No. 37.

**REQUEST NO. 47:**

All documents relating to, reflecting, describing, diagnosing, listing or referencing any injuries or conditions of the Plaintiffs for which Plaintiffs are seeking any relief in this case,

including any injuries or conditions that were the subject of the damages awarded to Plaintiffs in the judgment in the Civil Action.

**OBJECTIONS TO REQUEST NO. 47:**

Plaintiffs incorporate by reference objections 1, 2, 3, 4, 8, 9, 10 and 15 of their response to Request No. 37.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

**REQUEST NO. 48:**

All documents that Plaintiffs will, or intend to, introduce into evidence at at [*sic*] the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO REQUEST NO. 48:**

Plaintiffs incorporate by reference their response to Request No. 41.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

**REQUEST NO. 49:**

All documents that Plaintiffs will, or intend to, mark as exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO REQUEST NO. 49:**

Plaintiffs incorporate by reference their response to Request No. 41.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

**REQUEST NO. 50:**

All documents that Plaintiffs will, or intend ot [*sic*], use as rebuttal or impeachment exhibits at the January 2011 vacatur hearing in the Civil Action.

**OBJECTIONS TO REQUEST NO. 50:**

Plaintiffs incorporate by reference their response to Request No. 41.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

**REQUEST NO. 51:**

All documents relating to any persons whom Plaintiffs will, or intend to, call as witnesses at the January 2011 vacatur hearing in the Civil Action to authenticate, or testify concerning the contents of, the documents Plaintiffs produce, or were asked to produce, in response to Defendant PA's Document Request Nos. 48, 49 and 50.

**OBJECTIONS TO REQUEST NO. 51:**

Plaintiffs incorporate by reference their response to Request No. 41.

Without waiving the above objections, see documents produced by Plaintiffs in July 2002, October 20, 2010 and November 15, 2010.

Dated: November 19, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

David J. Strachman #4404
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

16

Max H. Wistow #0330
Wistow & Barylick
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)
mw@wistbar.com

Robert Joseph Tolchin
111 Livingston Street
Suite 1928
Brooklyn, NY 11201
(718) 855-3627
(718) 504-4943 (fax)
rjt@tolchinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this November 19, 2010, a true and genuine copy of the

foregoing was sent by first class mail and email to Defendants' counsel of record listed below:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701



18