# EXHIBIT 7

**Subject:** FW: Ungar v. PA
**Attachments:** Bates 12101-12119 11-1-10.pdf; Bates 12063-12079 11-1-10.pdf

**From:** djs@mtlesq.com <djs@mtlesq.com>
**To:** Hill, Brian; Hibey, Richard; Rochon, Mark
**Cc:** MW@wistbar.com <MW@wistbar.com>; Robert Tolchin <rjt@tolchinlaw.com>; bledsham@wistbar.com <bledsham@wistbar.com>
**Sent:** Sun Nov 28 17:14:26 2010
**Subject:** FW: Ungar v. PA

Brian,

I write in response to your email below.

A. The purpose of the meeting Wednesday was to address the deficiencies in Defendants' responses/objections to Plaintiffs 2 nd set of Interrogatories and 4 th Request for Production of Documents.

a) Regarding the Interrogatories, you refused our requests to 1) provide responses sworn to by the Defendants, 2) withdraw the general objections, which you said are in fact applicable to each interrogatory, 3) withdraw all specific objections, 4) provide a full response to Interrogatory 3 regarding the Cairo Agreement, and 5) provide a full response to Interrogatory 5--- you indicated that Defendants are unable to ascertain what Mr. Abbas meant by the representations in his letter because you haven't spoken to him about the letter, the letter was drafted by counsel, whom you wouldn't identify, and indicated that all counsel for the PA and PLO are part of the "public record in the US."

b) Regarding the Document Requests, you refused our request to 1) withdraw all general objections, 2) withdraw all specific objections, 3) provide documents in response to each document request, 4) regarding ##16-21 you claimed that you didn't know who the specific individuals referenced therein were and have not investigated their identity because they are not mentioned in the Ungars' Amended Complaint and accordingly you believe information about these individuals is not relevant to the Rule 60 motion.

B. Secondarily, you requested to discuss the four discovery responses we served on November 19, 2010 and the expert reports we previously provided. Plaintiffs' response to your comments follow.

1) Re: Col. Saad, we discussed in detail that Col. Saad reviewed no specific documents in preparing his report and that his opinion is based on his experience and knowledge generally. The "documents" you reference in you email are merely the items he saw in the course of his professional career as an intelligence officer, he does not possess them and has no right to possess them and did not not review them in preparing his report. Similarly, counsel has not seen them.

2) Re: Prof. Rubin, I am not aware whether transcripts exist of the interviews referenced in footnote 17, 23, 28 and 29. I have placed in inquiry with Mr. Rubin and will revert immediately upon receiving a response.

3) We agreed to provide any "additional statement" by Ghanimat referenced in Dr. Thanning's report, which you have already. See attached.

4) I agreed to review what you claim you received from our office in our October 20, 2010 package of pictures and can send you, yet again, another set if your office misplaced or lost some of the color photographs we provided.

5) Regarding our objections to the various discovery responses served on November 19, 2010, you refused to discuss any of the specific 233 Requests for Admissions or to modify Defendants' other requests so as to reach a compromise in any way and accordingly we believe that the objections are appropriate.

Dave

David J. Strachman

11/29/2010

McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

---

**From:** Hill, Brian [mailto: BHill@milchev.com]
**Sent:** Friday, November 26, 2010 9:27 AM
**To:** Robert Tolchin; David J. Strachman; Max Wistow
**Cc:** Hibey, Richard; Rochon, Mark; dsherman@eapdlaw.com
**Subject:** Ungar v. PA

Counsel,
I write to confirm the following from our meet and confer on Wednesday November 24:
Defendants have produced to Plaintiffs all documents responsive to Plaintiffs' Fourth Request for Production Nos. 7 and 8 that they could locate following a reasonable search. In light of this production, Defendants agree to withdraw their objections to Plaintiffs' Fourth Request Nos. 7 and 8.
Plaintiffs will not produce any of the data or information Mr. Saad considered in forming his opinions in this case, including the "intelligence items" and other "information [he] acquired during [his] service in the IDF Intelligence Branch" referenced in his report, or otherwise supplement his report to provide that data or information. As I mentioned during the call, this will severely prejudice Defendants' ability to cross-examine Mr. Saad at his *de bene esse* deposition next week because we do not currently know, and apparently cannot access, the factual bases for his opinions before his deposition. Thus, you can expect that, because of your unwillingness to produce this data or information, Defendants will be moving to exclude Mr. Saad's deposition testimony from the Court's consideration.
Plaintiffs will not produce the interviews considered by Mr. Rubin and referenced at footnotes 17, 23, 28 and 29 of his report or the unspecified "PA intelligence reports and other evidence" considered by Mr. Levitt and referenced in his report.
Plaintiffs will further identify, and, if they have not been previously produced, produce the "Additional Statements by Abdel Rahman Ghnaimat" considered by Dr. Thanning and listed as item number 11 in Section I of her report.
Defendants will send Plaintiffs copies of the color photographs Plaintiffs previously produced on October 20, 2010 to confirm that Defendants do not have a copy of the photographs that were marked as Exhibit 3 at the July 2002 damages hearing in this matter. Once Plaintiffs verify that Defendants do not have color photographs of Exhibit 3, Plaintiffs will promptly produce a color copy of Exhibit 3 to Defendants.
Plaintiffs will not withdraw any of their objections to their responses to interrogatories, document requests and requests for admission which were served last Friday November 19, and will not make any further production of documents or further answer any of those interrogatories or requests for admission.
Please let me know as soon as possible if any of the foregoing is incorrect. Please let us have the identification (and, if not previously produced) copies of the documents referenced by Dr. Thanning as item 11 of her report by Monday November 29. I will send you copies of the photographs we received on October 29 on Monday as well.
Regards,

Brian A. Hill
Miller & Chevalier, Chtd
655 15th Street, NW Suite 900
Washington, DC 20005
Direct: (202) 626-6014
Fax: (202) 626-5801

11/29/2010