UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PALESTINIAN AUTHORITY, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 00-105L |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING "PLAINTIFFS' NOTICE OF DEPOSITION TO THE PALESTINIAN AUTHORITY PURSUANT TO RULES 30(b)(6) AND 69"**

Defendant The Palestinian Authority ("PA"), by and through counsel and pursuant to Federal Rule of Civil Procedure ("Rule") 26(c), respectfully submits the following in support of its Motion for Entry of a Protective Order Regarding "Plaintiffs' Notice of Deposition to the Palestinian Authority pursuant to Rules 30(b)(6) and 69."

**The Instant Discovery Dispute**

In its Pre-Hearing Order of June 1, 2010, the Court "ordered that all pre-hearing discovery be completed by November 19, 2010." Dkt. No. 489 at 1. On November 22, 2010, three days after the close of discovery, Plaintiffs served a "Notice of Deposition to the Palestinian Authority Pursuant to Rules 30(b)(6) and 69." *See* Exh. 1 (Notice). The Notice directs the PA to

> designate one or more officers, directors, or managing agents . . . to testify on its behalf . . . regarding the following matters (1) all transfers of funds from the Palestine Investment Fund ("PIF") to the PA between September 19, 2006 and the present day and (2) any and all changes in the ownership and in the Articles of

1121301.1

> Association of the PIF from the time of its establishment until the present day.

Exh. 1 at 1. The Notice directs the PA to produce a designee on December 2, 2010, at the David Citadel Hotel in Jerusalem. *Id.*

In the email transmitting the Notice to defense counsel, Plaintiffs' counsel stated: "Please advise by 3 PM today whether you will be producing a witness. Given the short time frame, and the intervening holiday, absent your confirmation by that time we will move to compel, and seek an immediate oral ruling by the Court." Exh. 2 (Nov. 22, 2010, Email from R. Tolchin to D. Sherman et al.). The next day, defense counsel responded: "[T]his will confirm that, for a variety of reasons, including the fact that discovery closed on November 19, Defendants will not be producing a witness in response to the deposition notice attached to your email below." *Id.* (Nov. 23, 2010, Email from B. Hill to R. Tolchin et al.).

## Argument

This Court has discretion to enter a protective order precluding or limiting discovery under Rule 26(c) "for good cause" shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court may enter such an order "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (C) and (D).

Defendants have good cause for the Court's entry of a protective order quashing the deposition notice. Plaintiffs' Rule 30(b)(6) deposition notice was served after the close of discovery. Moreover, Plaintiffs previously had ample opportunity to conduct -- within the discovery period -- a Rule 30(b)(6) deposition of the PA regarding the Palestine Investment Fund

2

and declined to do so. In his email to defense counsel transmitting the deposition notice, Plaintiffs' counsel stated that the notice was issued "pursuant to Rule 69." Exh. 2 at 1. Plaintiffs may not, however, use Rule 69 to circumvent the discovery deadline imposed by the Court. Plaintiffs repeatedly have argued that PA payments to the Palestine Investment Fund and amendments to the Palestine Investment Fund's Articles of Incorporation -- the subjects of the instant Rule 30(b)(6) notice -- are relevant to their "unclean hands" defense to Defendants' Rule 60(b)(6) motion to vacate. *See, e.g.*, Dkt. No. 552; Dkt. No. 570; Dkt. No. 565 at 3-4; Dkt. No. 584 at 12-15. *See also* Tr. of Oct. 25, 2010, Hearing at 82:7-84:9. Having failed to conduct a Rule 30(b)(6) deposition related to the Palestine Investment Fund during the discovery period, Plaintiffs may not use Rule 69 as a basis for prolonging the discovery period and interfering with Defendants' preparation for the January 2011 hearing.

## I.   Defendants Are Entitled to a Protective Order Quashing the Rule 30(b)(6) Deposition Notice Served on November 22 Because the Discovery Period Has Closed.

Under the Court's order of June 1, 2010, all discovery related to Defendants' pending Rule 60(b)(6) motion must be "completed by" November 19, 2010. Dkt. No. 489 at 1. Plaintiffs' Rule 30(b)(6) deposition notice must be quashed for the simple reason that it was served after the close of discovery (on November 22) and directs the PA to produce a designee for a deposition after the close of discovery (on December 2).

Plaintiffs have not sought an extension of the discovery period, nor would they be entitled to an extension for the purposes of conducting a Rule 30(b)(6) deposition regarding Palestine Investment Fund issues. Plaintiffs previously had an opportunity to conduct a Rule 30(b)(6) deposition of the Palestinian Authority regarding the Palestine Investment Fund, and declined to do so.

3

During the discovery period authorized by the Court in its Pre-Hearing Order, Plaintiffs served the PA with a Rule 30(b)(6) notice seeking deposition testimony on over 100 topics, 13 of which fell under the heading "Regarding the Palestine Investment Fund." *See* Exh. 3 (excerpt of Aug. 31, 2010, Rule 30(b)(6) Notice to the PA) at 12-14.  Plaintiffs opposed Defendants' Motion for Protective Order (Dkt. No. 565) and argued their entitlement to conduct a Rule 30(b)(6) deposition on PIF-related topics at the October 26, 2010, discovery hearing.  Following two days of hearings on discovery motions, the Court entered its order on October 28.  Dkt. No. 578. After ruling that Plaintiffs' Rule 30(b)(6) notice was "unreasonable" on its face and finding that "the sheer number of those topics and the minute detail sought with respect to those topics made compliance by the date specified . . . virtually impossible, " the Court identified eight topics that it considered relevant for the Rule 30(b)(6) depositions.  *Id.* at 2-5.  With respect to PIF, the Court allowed the Plaintiffs to conduct a Rule 30(b)(6) deposition on the following:

> the relationship between Defendants and the Palestine Investment Fund ("PIF") and the Palestine Commercial Services Company ("PCSC"), Defendants' knowledge of: i) Plaintiffs' collection efforts relative to the PIF and PCSC, ii) actions taken by the PIF and/or the PCSC in response to such efforts, and iii) Defendants' own actions, if any, in response to or because of such collection efforts."

*Id.* at 4.[1]

When it came time to schedule and conduct the Rule 30(b)(6) depositions, however, Plaintiffs lost interest.  On November 2, 2010, Plaintiffs cancelled the Rule 30(b)(6) depositions, including the Rule 30(b)(6) deposition on the PIF-related topics identified by the Court.

---

[1] For the reasons argued at length in related discovery filings, *see* Dkt. No. 527 at 11-16; Dkt. No. 561 at 6-18; Dkt. No. 549 at 12-15; Dkt. No. 571 at 5-8, Defendants continue to maintain that PIF issues are not relevant to the PA's entitlement to Rule 60(b)(6), and have filed Rule 72 Objections to Magistrate Judge Martin's rulings to the contrary.  *See* Dkt. No. 593.

4

Plaintiffs alluded to a variety of reasons, including "discovery period coming to a close," "numerous matters pending in Rhode Island," "several recent substantive rulings of the Court," and "the Court's stated preference for paper discovery rather than depositions." Exh. 4 (Nov. 2, 2010, Letter from D. Strachman to M. Rochon, *et al.*) at 1-2. Plaintiffs' counsel's letter indicated Plaintiffs' intent to "propound depositions by written questions and/or interrogatories (on some of the topics enumerated in the Court's order of October 28) in lieu of their Rule 30(b)(6) oral depositions," *id.* at 2, but Plaintiffs never propounded any such questions or interrogatories.

Having had an opportunity to conduct a Rule 30(b)(6) deposition of the Palestinian Authority regarding issues related to PIF and having declined to do so, Plaintiffs are not entitled to conduct one after the discovery period has closed.

**II.    Plaintiffs May Not Seek Vacatur-Related Discovery Under the Guise of Rule 69.**

Having repeatedly argued that discovery regarding the Palestine Investment Fund is relevant to the upcoming hearing on Defendant's Rule 60(b)(6) motion, *see supra* p. 3, and having previously sought and then abandoned the opportunity to conduct a Rule 30(b)(6) deposition on PIF issues during the discovery period authorized by the Court, Plaintiffs may not now argue that Rule 69 enables them to conduct discovery after the Court's November 19 deadline. Whatever regret Plaintiffs feel regarding their previous tactical decision to forgo a Rule 30(b)(6) of the PA on PIF-related issues does not justify their tardy initiation of new deposition discovery after the close of the November 19 discovery deadline. Any effort by Plaintiffs now to recast the discovery as "enforcement-related" discovery rather than "vacatur-related" discovery is belied by the fact that Plaintiffs sought the very same discovery as part of the Rule 60(b)(6) discovery on the ground that it was relevant to Defendants' entitlement to Rule 60(b)(6) relief. Having chosen to conduct only one deposition during the 5-1/2 month discovery

5

period (that of Prime Minister Salam Fayyad), Plaintiffs are not entitled to additional time to conduct depositions related to Defendants' Rule 60(b)(6) motion.

Permitting Plaintiffs to conduct discovery after the November 19 deadline under the theory that Plaintiffs are entitled to conduct it pursuant to Rule 69 would disrupt the schedule set by the Court. November 29 is the deadline for motions to be filed (Dkt. No. 489 at 2), and the parties' pre-hearing memorandum is due December 17. *Id.* at 1. In their November 26 Motion for Enlargement, Plaintiffs sought an extension of time to respond to Defendants' Rule 60(b)(4) motion on the creditor's bill judgment and Defendants' appeal of several discovery rulings by Magistrate Judge Martin. Dkt. No. 617. As grounds for their Motion for Enlargement, Plaintiffs cited their preparation for the January 18, 2011 hearing as well as other filing deadlines and hearings associated with Defendants' pending Rule 60(b)(6) motion. Given the number of discovery and evidentiary issues to be resolved before the January hearing and the work involved in the preparation for the hearing, now is not the time for Plaintiffs to open a second discovery front.

When the Ungars' motion for a payment decree, brought pursuant to Rhode Island General Statute § 9-28-3, came before the Court earlier this year, the Court stated:

> I'm satisfied that the Defendants have raised some substantial questions about the applicability of 9-28-3 to these types of proceedings or this case in particular, and I'm not prepared to decide that now because that may become moot later on.
>
> What I'm going to do is defer deciding these issues until after I have decided the Defendants' motion to vacate the judgment under 60(b)(6). And actually, I'm under a mandate from the Court of Appeals to do that. They've sent it back to me for reconsideration so I should not issue any kind of payment order until I've made a determination that that motion will be granted or denied. And so I am deferring my decision on the applicability of 9-28-3.

6

Tr. of June 15, 2010, Hearing at 27:7-20. *See also id.* at 29:4-8 ("What we should focus on right now is getting your discovery done. And then in January, we will have an evidentiary hearing and then I will decide whether or not the motion to vacate this $116,000,000 judgment should be granted or not."). Given the Court's stated commitment to resolving the Rule 60(b)(6) motion before addressing collateral enforcement-related litigation, Plaintiffs' efforts to conduct Rule 69 discovery should be rejected.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Entry of a Protective Order Regarding "Plaintiffs' Notice of Deposition to the Palestinian Authority Pursuant to Rules 30(b)(6) and 69" should be granted.

Respectfully submitted,

Dated: November 29, 2010

/s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800; Fax. (202) 628-0858
mrochon@milchev.com
mailto:rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200; Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 29th day of November 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.

/s/ Mark J. Rochon