UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE PALESTINIAN AUTHORITY, et al., )<br><br>Defendants. ) | C.A. No. 00-105L |

**OBJECTIONS AND ANSWERS OF DEFENDANTS THE PALESTINIAN AUTHORITY AND THE PALESTINE LIBERATION ORGANIZATION TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND SET OF INTERROGATORIES RELEVANT TO DEFENDANTS' RULE 60(b)(6) MOTION**

Defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit these Objections and Answers to "Plaintiffs-Judgment Creditors' Second Set of Interrogatories to Defendant-Judgment Debtor Palestinian Authority ("PA") Relevant to the PA's Rule 60(b)(6) Motion" and to "Plaintiffs-Judgment Creditors' Second Set of Interrogatories to Defendant-Judgment Debtor Palestine Liberation Organization ("PLO") Relevant to the PLO's Rule 60(b)(6) Motion," both dated October 19, 2010 ("Interrogatory" or "Interrogatories"), and state as follows:

**GENERAL OBJECTIONS**

1.      Defendants object to the Interrogatories to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.  Accordingly,

1

Defendants' answers to the Interrogatories will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court. Additionally, Defendants object to Plaintiffs' Specific Definition No. 4 to the extent it assumes or asserts certain factual allegations.

2.    Defendants object to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege.

3.    Defendants object to the Interrogatories to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to the Interrogatories to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants. In addition, Defendants object to each Interrogatory that seeks "all" information or documents when the relevant information may be supplied with less than "all" information or documents.

5.    Defendants object to the Interrogatories to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, to the extent that Interrogatory Nos. 3-5 were intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.    Defendants object to the Interrogatories to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7.    Defendants object to the Interrogatories to the extent that they seek the disclosure or production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

8.    By subsequently responding to and/or producing documents in response to the Interrogatories, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding these Interrogatories.

9.    Defendants incorporate by reference their general objections set forth above into each response set forth below.  The failure to include any general objection in the specific responses does not waive any general objection to the Interrogatories.

## PRELIMINARY STATEMENT

1.    Defendants' investigation and development of all facts and documents relating to this case are on-going.  The objections and answers by Defendants to the Interrogatories, therefore, are based only upon such information and documents as are currently known to Defendants.  These objections and answers are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and answers hereto.

2.    The exact wording of any objections or answers contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

3.      To the extent that the Interrogatories seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or other statutory or common law privileges), Defendants object to the Interrogatories and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      Any answer by Defendants to the Interrogatories shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, or admissibility of the information or documents referenced or contained in the answer(s).

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 3:

In respect to the Cairo Agreement provide (a) the full and complete word-for-word Arabic text of the Cairo Agreement (b) the full names and current addresses of all persons who participated in the negotiation and drafting of the Cairo Agreement and of all persons who signed and or executed the Cairo Agreement on behalf of either Defendant (c) the titles and full descriptions of all positions, offices and/or jobs in the PA and/or PLO held by the persons referenced in the previous subsection between December 1, 1995 and July 13, 2004, including all responsibilities and authority held by such persons by virtue of those positions, offices and/or jobs and (d) the titles and full descriptions of all positions, offices and/or jobs in the PA and/or PLO currently held by the persons referenced in subsection (b), including all responsibilities and authority held by such persons by virtue of those positions, offices and/or jobs.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Interrogatory No. 3 on the grounds that:

1.      To the extent that this Interrogatory seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

2.      To the extent that this Interrogatory seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Interrogatory on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings.  Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

3.      Defendants further object to the Interrogatory on the grounds that, as potentially construed, it is overly broad, unduly burdensome and seeks information beyond that known or reasonably knowable by Defendants, including the "the full names and current addresses of" individuals associated with Hamas.  *See* Specific Definition 4 of the Interrogatories (defining "the Cairo Agreement" as an agreement between "Defendants and Hamas"); *see also* Interrogatory No. 3 (requesting "the full names and current addresses of all persons who participated in the negotiation and drafting of the Cairo Agreement").

4.     Defendants also object to the Interrogatory because it is unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings and seeks information that is not relevant to the vacatur proceedings. *See* Interrogatory No. 3 (requesting the "full and complete word-for-word Arabic text of the Cairo Agreement"); *see also id.* (requesting the "current addresses" of all persons involved with the Cairo agreement); *see also id.* (requesting "full descriptions of all positions, offices and/or jobs" held by persons involved with the Cairo Agreement, "including all responsibilities and authority held by such persons by virtue of those positions, offices and/or jobs").

**ANSWER:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, Defendants PA and PLO state as follows:

In December 1995, representatives from the PA and the PLO and persons purporting to represent Hamas met in Cairo to discuss then-President Yaser Arafat's request that Hamas leaders order an end to all forms of violence by Hamas in the West Bank, the Gaza Strip, and in Israel. The PA, PLO and Hamas representatives also discussed the possible participation by Hamas in elections for the Palestinian Legislative Council that would take place in 1996.

On information and belief, Defendants PA and PLO are not aware of the existence of any written minutes of the meeting that occurred in Cairo, particularly in the files of the PA or PLO.

On information and belief, there are publicly available documents that reflect the names of persons who attended the Cairo meeting. On further information and belief, Defendants PA and PLO state that among those present at the Cairo meeting were Hasan Asfur, Tayyib Abed al-

Rahim, and Nabil Amr, none of whom held positions in the PA or the PLO at the time and none of whom currently holds any position in the PA or the PLO.

Defendants' Answer to this Interrogatory is based only upon such information and documents as are presently known to Defendants. Defendants' investigation and discovery of the facts and documents relating to this case are on-going. Defendants reserve the right to amend or supplement their Answer to this Interrogatory in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court.

**INTERROGATORY NO. 4:**

In respect to the Letter of Request issued in this matter on August 9, 2010 (dkt. # 505): describe in full detail (a) all actions taken by the PA to cause the State of Israel to provide the assistance sought in that Letter of Request (b) all actions taken by the PLO to cause the State of Israel to provide the assistance sought in that Letter of Request (c) all communications and correspondence between the PA and the State of Israel and/or any agency or instrumentality thereof (including any official or employee of the State of Israel and/or any agency or instrumentality thereof) regarding the Letter of Request and (d) all communications and correspondence between the PLO and the State of Israel and/or any agency or instrumentality thereof (including any official or employee of the State of Israel and/or any agency or instrumentality thereof) regarding the Letter of Request.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 4 on the grounds that:

1.    The Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence for these vacatur proceedings, and the Interrogatory seeks information that is not relevant to these vacatur proceedings.

2.    As potentially construed, the Interrogatory seeks information protected from disclosure by the work-product doctrine and the attorney-client privilege, including, without

limitation, because it seeks information concerning "all actions" that Defendants have taken in connection with the Letter of Request.

**ANSWER:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, Defendants PA and PLO state as follows:

On information and belief, on October 26, 2010, Israeli counsel for the PA and the PLO telephoned the Israeli Directorate of Courts to inquire as to the status of the Hague Letters of Request issued by this Court in this matter on August 9, 2010 ("August 9, 2010 Hague Letters of Request"). The employee at the Israeli Directorate of Courts who answered the telephone call stated that the Israeli Directorate of Courts had not received the Letters of Request. Accordingly, on October 27, 2010, Israeli counsel for the PA and the PLO sent an additional copy of the August 9, 2010 Hague Letters of Request to the Israeli Directorate of Courts by facsimile. Subsequently, on October 28, 2010, Israeli counsel for the PA and the PLO received an email from an employee at the Israeli Directorate of Courts stating that, in fact, the Israeli Directorate of Courts had previously received the August 9, 2010 Hague Letters of Request on August 19, 2010. The employee further stated that the August 9, 2010 Hague Letters of Request had already been transferred to the International Affairs Department in the State Attorney's Office for issuance of an opinion. On October 31, 2010, Israeli counsel for the PA and the PLO sent an email inquiring why the August 9, 2010 Hague Letters of Request had been transferred to the International Affairs Department in the State Attorney's Office, reiterating the response date in the U.S. litigation and requesting a status report. In a subsequent telephone call, Israeli counsel

for the PA and the PLO was told that the documents were likely not sent to the State Attorney's Office after all, and that an investigation would be undertaken.

**INTERROGATORY NO. 5:**

In respect to the sentence "The counsels [sic] of the PA are also taking the necessary legal steps to counter such assaults" appearing in Mahmoud Abbas' November 28, 2006 letter to Secretary of State Condoleezza Rice: (a) provide the full names and addresses of all persons and/or law firms included in the phrase "The counsels of the PA" (b) provide the dates on which such persons and/or law firms first became "The counsels of the PA" and (if applicable) ceased to be "The counsels of the PA" and (c) describe in full detail the "necessary legal steps to counter such assaults" that were taken.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Interrogatory No. 5 on the grounds that:

1.    The Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence for these vacatur proceedings, and the Interrogatory seeks information that is not relevant to these vacatur proceedings.

2.    As potentially construed, the Interrogatory seeks information protected from disclosure by the work-product doctrine and the attorney-client privilege.

**ANSWER:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. Subject to and without waiving the foregoing General Objections, Defendants PA and PLO state as follows:

At this time, Defendants do not know what specific "counsels of the PA" or what "necessary legal steps" the author of the November 28, 2006 letter from Palestinian President Mahmoud Abbas to U.S. Secretary of State Concoleeza Rice had knowledge of and was referencing in the letter, if any. Defendants do not believe that the author was referring to

attorneys for Defendants other than those whose representation of Defendants was a matter of public record at the time of the November 28, 2006 letter or to any "legal steps" by Defendants that were not otherwise a matter of public record.

Respectfully submitted,

Dated:  November 18, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of November 2010, a true and genuine copy of the foregoing was served by electronic mail and first-class mail, postage prepaid, on the following:

> David J. Strachman
> McIntyre, Tate & Lynch, LLP
> 321 South Main Street, Suite 400
> Providence, RI 02903
> Djs@mtlhlaw.com
>
> Max Wistow
> Wistow and Barylick Incorporated
> 61 Weybosset Street
> Providence, RI 02903
> mwistow@wistbar.com
>
> Robert J. Tolchin, Esq.
> The Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, New York 11201
> RJT@TolchinLaw.com
>
> *Attorneys for Plaintiffs*

Brian A. Hill