UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE ESTATE OF YARON UNGAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 00-105L |
| ) | |
| THE PALESTINIAN AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OBJECTIONS AND RESPONSES OF DEFENDANTS THE PALESTINIAN AUTHORITY AND THE PALESTINE LIBERATION ORGANIZATION TO PLAINTIFFS-JUDGMENT CREDITORS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS RELEVANT TO DEFENDANTS-JUDGMENT DEBTORS' RULE 60(b)(6) MOTION

Defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively "Defendants"), by counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's June 1, 2010 Pre-hearing Order, hereby respectfully submit their Objections and Responses to "Plaintiffs-Judgment Creditors' Fourth Request of Defendant-Judgment Debtor the Palestinian Authority for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion" and to "Plaintiffs-Judgment Creditors' Fourth Request of Defendant-Judgment Debtor the Palestine Liberation Organization for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion," both dated October 19, 2010 ("Request" or "Requests"), and state as follows:

## GENERAL OBJECTIONS

1.      Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.  Accordingly, Defendants' response to the Requests will be provided as required, and only as required, by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Additionally, Defendants object to Plaintiffs' Specific Definitions No. 4, 5 and 6 to the extent they assume or assert certain factual allegations.

2.      Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state-secrets, deliberative-process, or any other applicable statutory or common law privilege.  With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Fed. R. Civ. P. 26(b)(5) and the Local Rules of this Court.

3.      Defendants object to the Requests to the extent that they seek information and documents which are not relevant to this action and that are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.  In addition, Defendants object to each and every request which seeks "all" documents when the relevant information may be supplied with fewer than "all" documents.

5.    Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, including, without limitation, any Request that was intended, or could be construed, to impose a requirement and/or burden on Defendants, in excess of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

6.    Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.

7.    Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

8.    By providing a response to any request or by producing documents in response to any request, Defendants are not thereby agreeing to or adopting any definition and/or characterization of any terms used by Plaintiffs in the request.

9.    Defendants incorporate by reference their general objections into each response set forth below.  The failure to include any general objection in any specific response does not waive any general objection to that request.

## PRELIMINARY STATEMENT

1.    Defendants' investigation and development of all facts and documents relating to this case are on-going.  The objections and responses by Defendants to the Requests, therefore,

are based only upon such information and documents as are currently known to Defendants.
These responses and objections are made subject to, without prejudice to, and are not in waiver
of, Defendants' right to rely on other facts or documents at trial or to supplement their
Objections and Responses hereto.

      2.       The exact wording of any objections and responses contained herein may be that
of Defendants' counsel and does not necessarily purport to be that of Defendants.

      3.       To the extent that any of the Requests seek the disclosure of information or
documents protected from disclosure by any applicable privilege (including, but not limited to,
the attorney-client privilege, the work product doctrine, the joint defense privilege, the common
interest doctrine, state-secrets, deliberative-process, or other statutory or common law
privileges), Defendants object to such Requests and will identify the information or documents in
the manner and to the extent required by the Federal Rules of Civil Procedure and the Local
Rules of this Court.

      4.       Any document production by Defendants in response to the Requests shall not be
deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing,
or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality,
competency, or admissibility of the information referenced or contained in the document(s)
produced.  Any subsequent document production is without prejudice to, or waiver of, any
objection Defendants may make to any future use of such document.  In making any subsequent
document production, Defendants are not conceding that particular documents are those of the
PA or PLO, rather than those of third parties.  Further, Defendants make the objections herein
without in any way implying that they consider the Requests and any subsequent responses

and/or subsequent productions in response to the Requests to be relevant or material to the subject matter of this action.

5.      A response to a document request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.

6.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, generally will not be produced.  The production of any publicly available documents to Plaintiffs shall not constitute any admission or statement by Defendants regarding the authenticity, content, or admissibility of such documents.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents constituting the Cairo Agreement.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement").  In addition, Defendants specifically object to Request No. 1 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's

October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (b) that, as potentially construed, the phrase "[a]ll documents constituting" the Cairo Agreement is vague and ambiguous; and (c) that the Request is not reasonably calculated to the discovery of admissible evidence for the vacatur proceedings and seeks documents that are no relevant to the vacatur proceedings.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be

found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 2:**

All documents created, generated, signed and/or executed by the PA that reflect, evidence and/or describe the text and/or terms of the Cairo Agreement.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Request No. 2 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is unduly cumulative of other of Plaintiffs' discovery requests (*compare* Request No. 1, *with* Request No. 2); (c) that, as potentially construed, the phrase all documents "created, generated, signed and/or executed by the PA that reflect, evidence and/or describe" the Cairo Agreement is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 3:**

All documents created, generated, signed and/or executed by the PLO that reflect, evidence and/or describe the text and/or terms of the Cairo Agreement.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to

Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Request No. 3 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"), and it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (b) that the Request is unduly cumulative of other of Plaintiffs' discovery requests (*compare* Request No. 1, *with* Request No. 2); (c) that, as potentially construed, the phrase all documents "created, generated, signed and/or executed by the PA that reflect, evidence and/or describe" the Cairo Agreement is vague and ambiguous; and (d) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 4:**

All documents created, generated, signed and/or executed by the PA relating to, and/or as a result of, the Cairo Agreement.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Request No. 4 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's

October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"); (b) that it seeks information that is not relevant to the vacatur proceedings in this case; (c) that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that, as potentially construed, the phrase all documents "created, generated, signed and/or executed by the PA relating to, and/or as a result of," the Cairo Agreement is vague and ambiguous; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE**:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that

are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 5:**

All documents created, generated, signed and/or executed by the PLO relating to, and/or as a result of, the Cairo Agreement.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Request No. 5 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the

vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"); (b) that it seeks information that is not relevant to the vacatur proceedings in this case; (c) that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that, as potentially construed, the phrase all documents "created, generated, signed and/or executed by the PLO relating to, and/or as a result of," the Cairo Agreement is vague and ambiguous; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

## REQUEST NO. 6:

All documents created, generated, signed and/or executed by Hamas relating to, and/or as a result of, the Cairo Agreement.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition and use of the term, "Cairo Agreement"). In addition, Defendants specifically object to Request No. 6 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on the alleged "Cairo Agreement" with regard to their presentation on the issue of meritorious defenses in the vacatur proceedings.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome ("All documents"); (b) that it seeks information that is not relevant to the vacatur proceedings in this case; (c) that it is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that, as potentially construed, the Request

seeks documents outside the possession, custody, or control of Defendants; and (e) that, as potentially construed, the phrase all documents "created, generated, signed and/or executed by Hamas relating to, and/or as a result of," the Cairo Agreement is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce documents containing non-privileged and non-protected information within their possession, custody, or control that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants. At this time, Defendants are not aware of any such responsive, non-privileged documents in their possession, custody or control.

**REQUEST NO. 7:**

All communications and correspondence between the PA and the State of Israel and/or any agency or instrumentality thereof (including any official or employee of the State of Israel and/or any agency or instrumentality thereof) regarding the Letter of Request issued in this matter on August 9, 2010 (dkt. # 505).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 7 on the grounds: (a) that the Request is not reasonably calculated to lead to the discovery of admissible evidence for these vacatur proceedings; (b) that the Request seeks information that is not relevant to these vacatur proceedings; and (c) that, as potentially construed, the Request seeks information protected from disclosure by the work-product doctrine and the attorney-client privilege,

including, without limitation, because it seeks information concerning "all actions" that

Defendants have taken in connection with the Letter of Request.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections. Subject to and without waiving the foregoing General and

Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement

their responses as appropriate, Defendants state that they will produce non-privileged documents

that are responsive to a reasonable and proper scope and interpretation of this Request and that

can be found through reasonable search efforts by Defendants.

**REQUEST NO. 8:**

All communications and correspondence between the PLO and the State of Israel and/or
any agency or instrumentality thereof (including any official or employee of the State of Israel
and/or any agency or instrumentality thereof) regarding the Letter of Request issued in this
matter on August 9, 2010 (dkt. # 505).

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections. In addition, Defendants specifically object to Request No. 8 on the grounds:

(a) that the Request is not reasonably calculated to lead to the discovery of admissible evidence

for these vacatur proceedings; (b) that the Request seeks information that is not relevant to these

vacatur proceedings; and (c) that, as potentially construed, the Request seeks information

protected from disclosure by the work-product doctrine and the attorney-client privilege,

including, without limitation, because it seeks information concerning "all actions" that

Defendants have taken in connection with the Letter of Request.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, and without prejudice to Defendants' right to modify, amend, or supplement their responses as appropriate, Defendants state that they will produce non-privileged documents that are responsive to a reasonable and proper scope and interpretation of this Request and that can be found through reasonable search efforts by Defendants.

**REQUEST NO. 9:**

Any and all criminal indictments filed by the PA at any time prior to June 9, 1996, charging any person(s) with any crime(s) carried out on behalf and/or as an agent of Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on

17

the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case (*e.g.,* "any person(s)," "at any time prior to June 9, 1996"); (b) that the Request is overly broad and unduly burdensome (*e.g.,* "[a]ny and all criminal indictments," including indictments against persons having nothing to do with this case), (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; and (e) that, as potentially construed, the phrase "any crime(s) carried out on behalf and/or as an agent of Hamas" is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.

**REQUEST NO. 10:**

Any and all criminal convictions and sentencing instruments issued by any PA court at any time prior to June 9, 1996, convicting and/or sentencing any person(s) of any crime(s) carried out, on behalf and/or as an agent of Hamas.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case (*e.g.,* "any person(s)," "at any time prior to June 9, 1996"); (b) that the Request is overly broad and unduly burdensome (*e.g.,* "[a]ny and all criminal convictions," including convictions against persons having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to

19

the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; and (e) that, as potentially construed, the phrase "any crime(s) carried out on behalf and/or as an agent of Hamas" is vague and ambiguous.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.

**REQUEST NO. 11:**

All documents evidencing and/or reflecting the actual sentences served, if any, by the person(s) described in Request No. 10, including all documents evidencing and/or reflecting the dates on which such person(s) entered and left prison or jail.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and

Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case (*see* Request No. 10); (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents"); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrases "evidencing and/or reflecting the actual sentences served" and "evidencing and/or reflecting the dates on which such person(s) entered and left prison or jail" are vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 11.

**REQUEST NO. 12:**

All documents constituting, evidencing and/or relating to all requests made by the State of Israel to the PA for the arrest and/or transfer of any person, including without limitation all the persons listed in the documents attached hereto as Appendices 1 and 2.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 12 on the

following grounds:

To the extent that this Request seeks information relating either to issues of Defendants'

alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious

defenses to such claims, Defendants object to this Interrogatory in light of the Order of

Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a

pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's

October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and

Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594)

("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious

defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on

the ground that it seeks information that is not relevant to the vacatur proceedings in this case

and that it is not reasonably calculated to lead to the discovery of admissible evidence for the

vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to "all requests," including requests for persons having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "constituting, evidencing and/or relating to all requests" is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 12.

**REQUEST NO. 13:**

All documents constituting, evidencing and/or relating to any and all responses made by the PA to the State of Israel in respect to the requests described in Request No. 12.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 13 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to responses to "all requests" referred to in Request 12, including requests for persons having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or

admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "constituting, evidencing and/or relating to any and all responses" is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 13.

## REQUEST NO. 14:

All documents evidencing and/or relating to the employment by the PA of any of the persons described in Request No. 12.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 14 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a

pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to the employment of "any of the persons described in Request No. 12," including persons having nothing to do with this case), (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "evidencing and/or relating to the employment by the PA" of such persons is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 14.

**REQUEST NO. 15:**

All documents evidencing and/or relating to the employment by the PLO of any of the persons described in Request No. 12.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 15 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on

the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to the employment of "any of the persons described in Request No. 12," including persons having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "evidencing and/or relating to the employment by the PLO" of such persons is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 15.

**REQUEST NO. 16:**

All documents relating to the arrest, indictment, trial, sentencing, incarceration and release from prison or jail of Amjad Hinawi, including all documents evidencing and/or reflecting the actual sentence served by Amjad Hinawi and all documents evidencing and/or reflecting the dates on which Amjad Hinawi entered and left prison or jail.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections, including, without limitation, General Objection No. 1 (objecting to Plaintiffs' definition for "Amjad Hinawi"). In addition, Defendants specifically object to Request No. 16 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is

overly broad and unduly burdensome (*e.g.,* "All documents" relating to all aspects of the

incarceration of a person having nothing to do with this case); (b) that the Request is not

reasonably calculated to lead to the discovery of relevant or admissible evidence; (c) that the

Request seeks information that is not relevant to these vacatur proceedings; (d) that, as

potentially construed, the Request seeks documents outside the possession, custody, or control of

Defendants; and (e) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, and other applicable privileges and

protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 16.

**REQUEST NO. 17:**

All documents constituting, evidencing and/or relating to all communications to the PA
from any foreign government relating to Amjad Hinawi's release(s) from prison or jail and/or
Amjad Hinawi's presence in and/or absence from prison or jail.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections including, without limitation, General Objection No. 1 (objecting to

Plaintiffs' definition for "Amjad Hinawi"). In addition, Defendants specifically object to Request No. 17 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "all communications to the PA from any foreign government" relating to a person having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control

31

of Defendants; (f) that, as potentially construed, the phrase "constituting, evidencing and/or

relating to all communications" is vague and ambiguous; and (g) that, as potentially construed,

the Request seeks documents protected by the work-product doctrine, the attorney-client

privilege, and other applicable privileges and protections.

## RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 17.

## REQUEST NO. 18:

All documents constituting, evidencing and/or relating to any and all responses made by
the PA in respect to the communications described in Request No. 17.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections including, without limitation, General Objection No. 1 (objecting to

Plaintiffs' definition for "Amjad Hinawi").  In addition, Defendants specifically object to

Request No. 18 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants'

alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious

defenses to such claims, Defendants object to this Interrogatory in light of the Order of

Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a

pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's

October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings. Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to a scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "any and all responses made by the PA" regarding a person having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "constituting, evidencing and/or relating to any and all responses made by the PA" is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request. Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 18.

**REQUEST NO. 19:**

All documents relating to the arrest, indictment, trial, sentencing, incarceration and
release from prison or jail of Khalil Al-Sharif, including all documents evidencing and/or
reflecting the actual sentence served by Khalil Al-Sharif, if any, and all documents evidencing
and/or reflecting the dates on which Khalil Al-Sharif entered and left prison or jail.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections, including, without limitation, General Objection No. 1 (objecting to

Plaintiffs' definition for "Khalil Al-Sharif"). In addition, Defendants specifically object to

Request No. 19 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants'

alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious

defenses to such claims, Defendants object to this Interrogatory in light of the Order of

Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a

pending appeal by Defendants. See Defendants' Notice of Appeal of Magistrate Judge Martin's

October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and

Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594)

("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious

defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on

the ground that it seeks information that is not relevant to the vacatur proceedings in this case

and that it is not reasonably calculated to lead to the discovery of admissible evidence for the

vacatur proceedings.  Defendants are not relying on any of the documents sought by this

Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is

overly broad and unduly burdensome (*e.g.,* "All documents" relating to all aspects of the

incarceration of a person having nothing to do with this case); (b) that the Request is not

reasonably calculated to lead to the discovery of relevant or admissible evidence; (c) that the

Request seeks information that is not relevant to these vacatur proceedings; (d) that, as

potentially construed, the Request seeks documents outside the possession, custody, or control of

Defendants; and (e) that, as potentially construed, the Request seeks documents protected by the

work-product doctrine, the attorney-client privilege, and other applicable privileges and

protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General and Specific Objections.  On the basis of the General and Specific Objections set forth

above, and without prejudice to Defendants' right to modify or amend their position, Defendants

do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 19.

**REQUEST NO. 20:**

All documents constituting, evidencing and/or relating to all communications between
Nayef Rajoub and Jibril Rajoub.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 20 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings.  Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is not limited to scope and timeframe reasonably related to the facts at issue in this case; (b) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to "all communications," including communications having nothing to do with this case); (c) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence;

(d) that the Request seeks information that is not relevant to these vacatur proceedings; (e) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; (f) that, as potentially construed, the phrase "constituting, evidencing and/or relating to all communications" is vague and ambiguous; and (g) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request. Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 20.

**REQUEST NO. 21:**

All documents relating to the PA's investigation of the assassination of Yichyeh Ayyash.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 21 on the following grounds:

To the extent that this Request seeks information relating either to issues of Defendants' alleged liability for the claims asserted by Plaintiffs in this action or Defendants' meritorious defenses to such claims, Defendants object to this Interrogatory in light of the Order of Magistrate Judge Martin dated October 27, 2010 (Dkt. No. 577), which is the subject of a

pending appeal by Defendants.  See Defendants' Notice of Appeal of Magistrate Judge Martin's October 27 and 28 Orders (Dkt. Nos. 575, 577, 578, 579) and Memorandum of Points and Authorities in Support Thereof, Section II, pp. 14-19 (November 15, 2010) (Dkt. Nos. 593, 594) ("Notice of Appeal").

To the extent that this Request seeks information regarding Defendants' meritorious defenses to the claims asserted by Plaintiffs in this action, Defendants object to this Request on the ground that it seeks information that is not relevant to the vacatur proceedings in this case and that it is not reasonably calculated to lead to the discovery of admissible evidence for the vacatur proceedings.  Defendants are not relying on any of the documents sought by this Request.

In addition, Defendants object to the Request on the grounds: (a) that the Request is overly broad and unduly burdensome (*e.g.,* "All documents" relating to an assassination the investigation of which has nothing to do with this case); (b) that the Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence; (c) that the Request seeks information that is not relevant to these vacatur proceedings; (d) that, as potentially construed, the Request seeks documents outside the possession, custody, or control of Defendants; and (e) that, as potentially construed, the Request seeks documents protected by the work-product doctrine, the attorney-client privilege, and other applicable privileges and protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  On the basis of the General and Specific Objections set forth above, and without prejudice to Defendants' right to modify or amend their position, Defendants do not intend to produce any documents in response to this Request.  Defendants are available at

a mutually agreeable date and time to conduct a meet and confer concerning Defendants'

Objections to Request No. 21.

Respectfully submitted,

Dated:  November 18, 2010

Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and
the Palestine Liberation Organization*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 18th day of November 2010, a true and genuine copy

of the foregoing was served by electronic mail and Federal Express, on the following:

David J. Strachman
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI  02903
Djs@mtlhlaw.com

Max Wistow
Wistow and Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
mwistow@wistbar.com

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
RJT@TolchinLaw.com

*Attorneys for Plaintiffs*


Brian A. Hill