# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

    Plaintiffs – Judgment Creditors,

v.                                                               Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

    Defendants – Judgment Debtors.

## **DECLARATION OF DR. ITAY LIPSCHITS**

I, Dr. Itay Lipschits, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I hold an LL.B. (1997), an M.A. (2000) and Ph.D. (2004) from Bar-Ilan University in Israel.

2. I was admitted to the Israeli Bar in 1998.

3. Between 2000-2003 I was the editor of <u>Law Studies</u>, the law journal published by the Faculty of Law of Bar Ilan University. I am also the editor of the book <u>Law in Israel – View to the Future</u> (Heb.) (Ramat Gan 2003).

4. Since 2004 I have taught law at several law schools in Israel, including the Academic Center of Law and Business and Bar-Ilan University, both in Ramat Gan, Israel.

5. My areas of research and teaching include Israeli civil procedure. The courses I teach include "Civil Procedure" and "Civil Procedure – Processes and Trends."

6. I have no financial interest in the above-captioned action.

7. I have been retained by counsel for the Plaintiffs-Judgment Creditors ("Plaintiffs") in the above-captioned action to provide this Declaration in response to certain assertions made in the Declaration of Advocate Joseph Arnon dated November 19, 2010.

8. I am informed by Plaintiffs' counsel that the Arnon Declaration was submitted by Defendants-Judgment Debtors ("Defendants") in support of their objections to requests for production of documents relating to civil suits filed against the Defendants in the Israeli courts, on the grounds that production of such documents would be "inconsistent with Israeli law and procedure" since "pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them."

9. I make this Declaration on the basis of my legal education and experience, my academic and professional research, and the statutory provisions and cases cited herein.

10. Mr. Arnon states in ¶ 6 of his Declaration that "In a number of meetings with Defense counsel, I have objected to producing copies of the documents listed above" and in ¶ 16 that "unless there is a court order requiring my office to do so, I object to having to produce the documents that have been requested of me." Under Israeli law, Mr. Arnon has no legal basis to refuse a request from the Defendants, who are his clients, for copies of the documents relating to the civil suits against the Defendants. Israeli law considers the documents in a client's file to be the property of the client, not the attorney (who is considered the client's agent and fiduciary pursuant to § 8 of Israel's Trust Law, 5725-1965) and the client has an absolute right to obtain copies of such documents on demand. *See e.g.* Misc.Civ.Mot. 19582/06 (Tel Aviv Dist. Ct.) *Mercantile Discount Bank Ltd. v. Adv. Erez Bey-Ezer*, (1/29/07) at ¶ 9.6 (Noting that documents

in a client's file "belong to the client and not to the attorney, and they are the property of the former.").[1]

12. Moreover, under Israeli Supreme Court precedent, any refusal by Mr. Arnon to provide copies of the documents to the Defendants at their request would constitute a violation of the rules of professional ethics governing the conduct of attorneys in Israel. *See e.g.* I.B.A 18/85 *Adv. David Maimon v. The District Committee of the Bar, Jerusalem District*, P.D. 40(2) 517.

12. In ¶¶ 8-11 of his Declaration, Mr. Arnon asserts, citing the Regulations of the Courts and Labor Tribunals (Reviewing Cases), that "a non-party wishing to examine documents filed in a particular case must file a pleading with the judge handling that case, referencing the case number, and explaining the reasons they seek access to the case files." *Id*. at ¶ 8. This assertion is misleading. The Regulations cited by Mr. Arnon govern requests by non-parties to receive court files <u>from the court</u> for examination. Nothing in the Regulations, or in any other provision of Israeli law, provides that a "non-party wishing to examine documents filed in a particular case must" follow the procedure set in the Regulations. For example, nothing in the Regulations, or in any other provision of Israeli law, prevents a non-party from approaching a party directly and requesting copies of documents generated in a legal proceeding. More importantly in the instant context, nothing in the Regulations, or in any other provision of Israeli law, prevents a party from providing a non-party with copies of documents generated in a legal proceeding (unless, as discussed below, the court enters a specific order prohibiting release of such documents). Therefore, Mr. Arnon's citation to the Regulations of the Courts and Labor Tribunals (Reviewing Cases) is a non sequitur. While the Plaintiffs <u>could</u> file applications

---

[1] Mr. Arnon is of course entitled to require Defendants to pay the cost of copying the documents.

pursuant to the Regulations to examine the relevant files they are certainly not <u>required</u> to. Moreover, that procedure is time-consuming and Defendants could oppose Plaintiffs' applications. Most importantly, the Regulations in no way prohibit Defendants from complying with Plaintiffs' discovery requests.

13. Mr. Arnon claims in ¶ 12 of his Declaration that some of the documents requested by the Plaintiffs "contain private and personal information related to the plaintiffs in the Israeli cases, including information concerning their physical and mental health, financial matters and other information" and that "Pursuant to the Israeli Privacy Protection Law of 1981, the dissemination of such documents may violate individual privacy rights." This claim lacks foundation for at least three reasons. <u>First</u>, the Israeli Supreme Court has held, in respect to a refusal to disclose a document on the grounds that the disclosure would violate the privacy of a third party under the Privacy Protection Law, that the burden to prove the potential violation rests with the person asserting it. Thus, Defendants would need to make a specific showing that production of a given document would violate the Law. *See* L.C.A. 10454/08 *Doveronsky v. Y.D. Arteries and Distribution Ltd.*, (1/22/09) at ¶ 13. <u>Second</u>, the Israeli Supreme Court has held that the Privacy Protection Law does not provide a basis for refusing a discovery request, even when the privacy of a non-party is involved. *Id*. <u>Third</u>, § 18(2)(b) of the Privacy Protection Law expressly provides that no criminal or civil liability may be imposed when the person disseminating the information had a "legal, moral, social or professional" duty to do so. Thus, if Defendants are ordered to produce these documents by the Court in the above-captioned action, they cannot face any civil or criminal sanction under the Privacy Protection Law. For the same reason, Mr. Arnon cannot face any liability whatsoever as a result of providing the Defendants with a copy of their documents, since he is under a legal obligation to do so.

14. Mr. Arnon implies in ¶ 13 of his Declaration – without explicitly stating – that some of the cases are being conducted *in camera* because they involve minors. To the extent that any case is subject to a court order providing that the proceedings therein be held *in camera*, and depending on the specific provisions of such an order, Defendants might be prohibited from producing documents from <u>that</u> case. But in the absence of such an order, Defendants are not legally prohibited from producing documents relating to a minor. Needless to say, not every case involving minors is heard *in camera*. A common example of cases involving minors which are not held *in camera* are tort actions for the death of the minor's parent.

15. In ¶ 14 of his Declaration Mr. Arnon claims that "in cases involving Israeli corporations, the documents that are the subject of Plaintiffs' requests contain potential commercial secrets. Such commercial secrets are protected by the Israeli Commercial Torts Law of 1999. Revealing such information to third parties would also require us to obtain the plaintiffs' consent." Here, again, there is no basis for this claim. Section 23 of the Commercial Torts Law of 1999 empowers Israeli courts to enter orders ensuring that commercial secrets revealed in legal proceedings are not revealed to the public. Unless such an order was entered in a specific case Defendants are not legally prohibited, by the Commercial Torts Law or otherwise, from producing documents containing potential commercial secrets.

16. In ¶ 15 of his Declaration Mr. Arnon asserts that "because of the privacy concerns I have laid out above, I believe that requiring my office to hand over the documents I have described (which we hold for our clients and copies of which our clients do not necessarily possess) may expose me, personally, and my staff, to legal action." There is no basis at all in Israeli law for this claim. Indeed, with all due respect, this claim is frivolous. As discussed above, Mr. Arnon cannot refuse to provide copies of Defendants' files to them; on the contrary, a refusal

5

to do so would violate professional ethics. What the Defendants do with their own documents (which, as noted, are the property of the Defendants under Israeli law) is simply, to put it bluntly but accurately, not Mr. Arnon's business. Nor could Mr. Arnon possibly be held liable for providing copies of the documents to the Defendants even if Defendants' production of the documents was legally barred – which, as discussed above, it is not – since he is legally obligated to provide them copies of their documents on demand.

17. In sum, any refusal by Mr. Arnon to provide copies of the documents to the Defendants would have no basis in, and indeed would violate, Israeli law. Moreover, unless Defendants can point to court orders barring disclosure of documents in specific cases, nothing in Israeli law prohibits Defendants from producing documents from cases filed against them in Israel, and Defendants would face no civil or criminal liability for doing so. Thus, any claims by Defendants that production of such documents would be "inconsistent with Israeli law and procedure" and/or that "pleadings and other judicial filings in the Israeli court system are subject to certain protections and controls, such that non-parties seeking copies of such documents must make an application to the appropriate Israeli judicial authority to obtain them" are baseless.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

November 29, 2010

_____
Dr. Itay Lipschits