UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                            )
THE ESTATE OF YARON UNGAR, et al.,          )
                                            )
     Plaintiffs,                            )
                                            )
          v.                                )    C.A. No. 00-105L
                                            )
THE PALESTINIAN AUTHORITY, et al.,          )
                                            )
     Defendants.                            )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS-JUDGMENT
CREDITORS' MOTION FOR A PROTECTIVE ORDER AND AN ORDER QUASHING
DEPOSITION NOTICES OR, ALTERNATIVELY, FOR AN ORDER OF PRECLUSION**

The Plaintiffs now come to the Court seeking relief in the form of a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c)(1) while simultaneously arguing that Rule 26 does not apply to the proceedings on Defendants' Motion to Vacate. Dkt. Nos. 604, 605. Specifically, Plaintiffs move for a protective order finding that the Ungars are not obligated to produce their designated expert witnesses for deposition.

The pre-hearing discovery period ordered by this Court ended on November 19, 2010. *See* Dkt. No. 489 at 1. During the discovery period, Plaintiffs delayed serving expert reports or disclosures for any of their experts — required under Rule 26 and in response to Defendants' interrogatories and requests for production — until November 12, one week before discovery closed, when they served their first expert report. *See* Dkt. No. 621 at 3. Plaintiffs served five additional expert reports between November 13 and 15, and then served one more expert report on November 24, five days after the close of discovery.

Plaintiffs' late production of these materials and failure to produce any of their experts for deposition has caused substantial prejudice to Defendants. Accordingly, Defendants have

1121719.2

filed a Motion to Exclude Plaintiffs' expert witnesses from testifying at the January 18, 2011 evidentiary hearing.  *See* Dkt. Nos. 620, 621.  If this Court grants Defendants' Motion to Exclude, then Plaintiffs' motion is rendered moot.  However, if Defendants' Motion to Exclude is denied as to the exclusion of Plaintiffs' experts, then the instant motion should be denied, and Plaintiffs should be ordered to produce their ten designated expert witnesses for deposition immediately, bearing in mind that the parties' pre-hearing briefs are due December 17, 2010.

## STANDARD OF REVIEW

In their motion and memorandum, Plaintiffs do not include the standard of review for entry of a protective order or reference the Federal Rule of Civil Procedure under which they are seeking relief.  Plaintiffs likely avoid doing so because their requested relief stems from the very rule they claim does not apply to these proceedings — Rule 26.

This Court has discretion to enter a protective order precluding or limiting discovery under Rule 26(c) "for good cause" shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The Court may enter such an order "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(A), (C) and (D).

Plaintiffs have failed to demonstrate requisite "good cause" for their requested relief.

## ARGUMENT

**I. PLAINTIFFS WERE OBLIGATED TO PRODUCE THEIR DESIGNATED EXPERT WITNESSES FOR DEPOSITIONS DURING THE PRE-HEARING DISCOVERY PERIOD**

Because Plaintiffs have designated each of their ten expert witnesses as potential testifying experts, Defendants had the right to depose each of them during the discovery period

pursuant to Rule 26(b)(4)(A). *See, e.g.*, *Hartford Fire Ins. Co. v. Transgroup Express, Inc.*, No. 09-C-3473, 2009 U.S. Dist. LEXIS 78982, at *5-9 (N.D. Ill. Sept. 1, 2009) (finding that, once a party has designated an expert as a potential testifying expert, that party has a duty to produce the expert for deposition pursuant to a notice). Plaintiffs, however, argue that they are not required to produce their experts for deposition by notice. *See* Dkt. No. 605 at 4. Plaintiffs claim that the upcoming hearing on Defendants' Rule 60(b)(6) motion is governed by Rule 43(c), which permits court to take evidence when deciding a motion. *Id.* According to Plaintiffs, because the forthcoming hearing falls under the purview of Rule 43(c), the expert witness discovery rules set forth in Rule 26 — specifically, Rule 26(a)(2)(A) and (b)(4)(A), which call for disclosure of expert witnesses a party may use "at trial" and allows a party to depose an opposing party's experts "whose opinions may be presented <u>at trial</u>," respectively — do not apply. *Id.* at 5 (emphasis in original). Therefore, Plaintiffs conclude, they are free to offer their experts at the evidentiary hearing without ever producing them for deposition.

Initially, Plaintiffs claim that Defendants "recognize[ed]" that Rule 26 did not apply to the pre-hearing discovery period because Defendants "repeatedly sought the Ungars' agreement to stipulate to a disclosure schedule roughly patterned on Rule 26," which Plaintiffs rejected. *See* Dkt. No. 605 at 1. Defendants recognized no such thing. Rather, Defendants attempted to engage Plaintiffs and set an agreeable schedule for both parties to exchange information relating to witnesses, experts and exhibits the parties may present at the January hearing. When those talks broke down, Defendants were forced to propound written discovery requests seeking this information. Plaintiffs served substantially similar discovery requests seeking this material.

More importantly, the Court's June 1, 2010 scheduling order also clearly implicates Rule 26, as it prescribed a "discovery" period ending on November 19, 2010. *See* Dkt. No. 489 at 1.

1121719.2

The title of Rule 26 is "Duty to Disclose; General Provisions Governing Discovery." Unless the Court meant something other than "discovery" when using that term in the order, Rule 26 applies. Indeed, the Court found that the complexity of the issues raised in Defendants' Motion to Vacate necessitated a months-long discovery period. None of the authorities cited by Plaintiffs provide any basis for allowing a party's experts to provide live testimony at an evidentiary hearing without being subject to deposition by the opposing party. *See* Dkt. No. 605 at 4-5 (citing *UAW v. General Motors Corp.*, 235 F.R.D. 383, 388 (E.D. Mich. 2006)).[1]

Plaintiffs' position also ignores the plain language of both the Federal Rules of Civil Procedure and this Court's scheduling order. Indeed, Rule 43(c) falls under Title VI of the Rules, which is entitled "Trials." Further, Plaintiffs admit that evidentiary hearings on summary judgment motions constitute a "quasi 'trial,'" and are therefore subject to the expert disclosure and deposition provisions of Rule 26. *See* Dkt. No. 605 at 4. Yet Plaintiffs do not equate the January 2011 hearing with a summary judgment hearing, despite the voluminous discovery exchanged by the parties during the pre-hearing discovery period, and despite the significant evidence each party plans to submit in support of their respective positions on Defendants' Motion to Vacate. Defendants' submit that the January 2011 evidentiary hearing qualifies, at the very least, as a "quasi 'trial.'" Indeed, as the transcript will demonstrate, during a recent hearing

---

[1] The *UAW* case, in fact, is wholly inapposite. The court in *UAW* denied a non-party's motion to exclude expert "declarations and reports" at a fairness hearing based on the fact that the non-party had no right to conduct expert discovery. *UAW*, 235 F.R.D. at 385. No live expert testimony was presented at the hearing. Plaintiffs other cited cases are similarly inapplicable here. *See City of Owensboro v. Ky. Utils. Co.*, Civil Action No. 4:04CV-87-M, 2008 U.S. Dist. LEXIS 79292, at *4, *7 (W.D. Ky. Oct. 8, 2008) (denying a party's motion to strike expert affidavit for consideration on a *Daubert* motion); *Florists' Mut. Ins. Co. v. Lewis Taylor Farms, Inc.*, 7:05-cv-50 (HL), 2008 U.S. Dist. LEXIS 24445, at *51 n.12 (M.D. Ga. Mar. 27, 2008) (same).

1121719.2

before the District Court judge on November 17, 2010, Plaintiffs' counsel himself referred to the January proceeding as "trial."

Regardless of the applicability of Rule 26, Plaintiffs have an independent duty under Rule 30 to produce for deposition individuals they control and over whom they have assumed responsibility. *See PrecisionFlow Techs. Inc. v. CVD Equip. Corp.*, 198 F.R.D. 33, 37 (N.D.N.Y. 2000); *see also In re Keystone Foods, Inc.*, 134 B.R. 828, 830 (Bankr. W.D. Pa. 1991) (holding that when a party's attorney undertakes the responsibility of producing a non-party witness, the party "must bear the responsibility for his failure to appear"); *Carolina Casualty Ins. Co. v. Ortiz*, Case No. CV F 08-0691 LJO SMS, 2009 U.S. Dist. LEXIS 107974, at *18-19 (E.D. Cal. Oct. 27, 2009) (precluding plaintiff from introducing an expert who was not produced for deposition and whose report was not provided in a timely manner). Whether Plaintiffs or their counsel assumed responsibility for their experts' appearances at deposition is a question of fact. *PrecisionFlow*, 198 F.R.D. at 36.

Here, Defendants noticed the depositions of Plaintiffs' experts under both Rule 26 and Rule 30. *See* Dkt. No. 605 at Exhs. A-I. Plaintiffs clearly control their experts, who have been retained to provide opinions for Plaintiffs and who have been or will be remunerated for their services. Indeed, Plaintiffs noticed the depositions of four of their own experts, later withdrawing three of those depositions (for Daniel Reisner, Shlomo Politis and Roni Shaked) and stating their intention to proceed with only one (for Ofer Saad) under the auspices of Rule 30. Plaintiffs have also taken responsibility for producing their ten designated experts for deposition, stating in their memorandum that "[i]f the Court finds that Rule 26 applies to these proceedings and requires the Ungars to produce these witnesses for deposition they will of course do so." *See* Dkt. No. 605 at 3. Finally, Plaintiffs apparently plan to bring their experts to

1121719.2

testify during the January 2011 evidentiary hearing in this Court.  It is therefore clear that Plaintiffs have full control of their expert witnesses and have taken responsibility for their appearances at depositions.

Accordingly, Plaintiffs have not established "good cause" for the granting of their motion for protective order, and it should be denied.

## II. PLAINTIFFS WERE OBLIGATED TO PRODUCE THEIR DESIGNATED EXPERTS BOAZ SHNOOR AND EMMANUEL GROSS FOR DEPOSITIONS DURING THE PRE-HEARING DISCOVERY PERIOD

Plaintiffs claim that, even if Rule 26 applied to these proceedings, they were not obligated to produce Dr. Boaz Shnoor or Professor Emmanuel Gross for deposition because they are "experts on Israeli law."  *See* Dkt. No. 605 at 5-6.  Plaintiffs base their position on two cases.

Plaintiffs' authority, however, has nothing to do with a party's obligation to produce their experts for deposition.  In *Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-03073 MMC (EDL), 2007 U.S. Dist. LEXIS 55596 (N.D. Cal. July 25, 2007), the district court held that a party need not provide "expert reports" for any person who will be "providing information on foreign law solely to the court."  *Id.* at *13.  Similarly, in *BCCI Holdings (Lux.) S.A. v. Khalil*, 184 F.R.D. 3 (D.D.C. 1999), the court denied a party's motion in limine to exclude an expert's testimony on English accounting law and held that the expert had no obligation to produce an expert report.  *Id.* at 9.

But whether a report is required is not the issue here.[2]  Plaintiffs' cases provide no basis upon which a party may refuse to produce an expert on foreign law for deposition.  Indeed, whether or not an expert report is served, a party may decide that it wishes to depose such

---

[2] Plaintiffs, in fact, produced an expert report for Dr. Shnoor on November 24, 2010, after the close of pre-hearing discovery.  As of the date of this filing, Plaintiffs have not provided an expert report, interrogatory answer or documents regarding any of the opinions to be expressed by Professor Gross.

1121719.2

experts if it intends to challenge them through a *Daubert* motion. So it is here. Because of Plaintiffs' refusal to produce Dr. Shnoor and Professor Gross for deposition, Defendants were forced to file their *Daubert* motion without the opportunity to question them concerning their opinions. *See* Dkt. Nos. 622 and 623. Thus, Rules 26 and 30 require Plaintiffs to produce all of their experts for deposition, including those who intend to provide opinions on foreign law.

Accordingly, Plaintiffs have not established "good cause" for the granting of their motion for protective order with respect to Dr. Shnoor and Professor Gross, and it should be denied.

### III. PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 37(c)(1)

For a half-page at the end of their memorandum, Plaintiffs shift the focus of their requested relief from a protective order to evidentiary sanctions on Defendants. Without citation to a single case supporting their argument, Plaintiffs state that "if the Court finds that Rule 26 applies to the instant proceedings, it should issue an order pursuant to Rule 37(c)(1) precluding Defendants from submitting *any* evidence or testimony in support of their motion to vacate, due to their failure to comply with Rule 26(a)(1)." Dkt. No. 605 at 7 (emphasis added).

Plaintiffs make this claim based on their belief that Defendants are seeking to impose only some of the obligations of Rule 26 on Plaintiffs, while ignoring others. Interestingly, that is precisely what Plaintiffs are doing with the filing of this motion — Plaintiffs are seeking relief under Rule 26(c)(1) while arguing that Rule 26(a)(2)(A) and (b)(4)(A) do not apply.

Plaintiffs' argument is a red herring for at least two reasons. First, Defendants were substantially justified in not providing Rule 26(a)(1) disclosures because the trigger for initial disclosures is the parties' Rule 26(f) conference, which has not yet occurred. Meanwhile, the triggers for Rule 26(a)(2) and Rule 26(b) march back from the date of trial (or, in this case, quasi "trial").

1121719.2

Second, Plaintiffs have not been prejudiced by Defendants' failure to make Rule 26(a)(1) initial disclosures, which is a prerequisite for relief under Rule 37(c)(1). Plaintiffs have suffered no such prejudice because they have already learned the identity of Defendants' hearing witnesses and hearing exhibits through Defendants' responses to Plaintiffs' Interrogatory and Document Request which sought such information. *See* Dkt. No. 572 at 22 (citing *id.* Exh. 5 at 4-7 & Exh. 6 at 5-6). And, as Plaintiffs themselves have noted, Dkt. No. 587 at 2 (citing *id.* Exh. A), Defendants have continued to supplement those disclosures as required by Rule 26(e). Plaintiffs' unadorned claim that they "would have been able to focus their discovery" had they received Defendants' initial disclosures, *see* Dkt. No. 605 at 7, therefore fails to demonstrate any prejudice, particularly in light of the fact that Plaintiffs declined the opportunity to conduct Rule 30(b)(6) examinations of the Defendants or depose their other identified witnesses. *See Charvat v. Echostar Satellite, LLC*, Civil Action 2:07-cv-1000, 2009 U.S. Dist. LEXIS 61059, at *4-6 (finding "groundless" plaintiff's claims of prejudice relating to defendant's non-disclosure of a witness where plaintiffs failed to conduct depositions of identified witnesses and failed to conduct a Rule 30(b)(6) deposition of defendant).

Moreover, if Plaintiffs are arguing that Defendants should have provided this information sooner, then Plaintiffs should have sought it sooner through a motion to compel answers and responses to the written discovery requests Plaintiffs served seeking these materials. If the timing of Defendants' production of this information was prejudicial to Plaintiffs — information, it is worth noting, that Plaintiffs have declined to provide Defendants — surely Plaintiffs would have aggressively moved for it. Plaintiffs' failure to do so demonstrates that they suffered no prejudice due to the timing of Defendants' production.

1121719.2

Accordingly, Plaintiffs have not established that they are entitled to relief under Rule 37(d)(1), and their alternative request for relief should be denied.

## CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiffs' motion. If the Court grants Defendants' Motion to Exclude with respect to Plaintiffs' experts, then Defendants do not ask the Court to take any further action. If the Court denies Defendants' Motion to Exclude with respect to Plaintiffs' experts, then the Court should order Plaintiffs to produce their designated expert witnesses for deposition immediately.

1121719.2

Respectfully submitted,

Dated:  December 1, 2010  /s/ Mark J. Rochon
Mark J. Rochon (D.C. Bar #376042)
Admitted *pro hac vice*
Richard A. Hibey (D.C. Bar #74823)
Admitted *pro hac vice*
Brian A. Hill (D.C. Bar #456086)
Admitted *pro hac vice*
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
mrochon@milchev.com
rhibey@milchev.com
bhill@milchev.com

Deming E. Sherman (#1138)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Tel. (401) 274-9200
Fax. (401) 276-6611
dsherman@eapdlaw.com

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

1121719.2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 1st day of December 2010, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to counsel of record for all parties.

/s/ Mark J. Rochon

1121719.2