# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,

        Plaintiffs – Judgment Creditors,

        v.                                  Civ. No. 00-105L

THE PALESTINIAN AUTHORITY, et al.,

        Defendants – Judgment Debtors.

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS-JUDGMENT CREDITORS' MOTION FOR A PROTECTIVE ORDER AND AN ORDER QUASHING DEPOSITION NOTICES OR, ALTERNATIVELY, FOR AN ORDER OF PRECLUSION

Plaintiffs-Judgment Creditor's ("Ungars") submit this reply to address 4 points raised in Defendants' Opposition to Plaintiffs-Judgment Creditors' Motion for a Protective Order and an Order Quashing Deposition Notices or, Alternatively, for an Order of Preclusion (dkt. # 634).

Defendants first argue that the plaintiffs' motion is based on a logical inconsistency, in that it seeks a protective order – a form of relief provided by Rule 26 – while at the same time asserting that Rule 26 does not apply to the instant vacatur proceedings.

As a strictly technical matter Defendants may have a point, but this argument gets them nowhere because the substantive relief sought by the Ungars is a ruling that the deposition notices purporting to require the Ungars to produce non-parties (i.e. their experts) at a deposition are invalid because Rule 26, which is the sole basis for requiring a party to produce a non-party witness at a deposition by mere service of a deposition notice, does not apply here. This relief can just as properly be granted by quashal of the invalid deposition notices, and the Court can therefore treat the Ungars' motion as a motion to quash. "Captions do not matter; the court must determine the substance of the motion." *U.S. v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999).

Defendants next argue that even if Rule 26 does not apply, the Ungars have an independent duty under Rule 30 to produce the experts for deposition because they "control" the experts and "have assumed responsibility" over them. Dkt. # 634 at 5. In support of this claim Defendants cite *PrecisionFlow Techs. Inc. v. CVD Equip. Corp.*, 198 F.R.D. 33 (N.D.N.Y. 2000), which involved a corporation that assumed responsibility to produce its employees for a deposition (in accordance with the practice in the Northern District of New York) and thereby "induced [the opposing party] to rely on the sufficiency of the notices of deposition for the appearances of the employees" (*id*. at 37) as well as *In re Keystone Foods, Inc.*, 134 B.R. 828 (Bankr. W.D. Pa. 1991), in which an attorney repeatedly represented to opposing counsel that he would make the witness available which in turn led to a finding that the attorney had assumed responsibility for the witness' attendance – a finding that the court noted could have been avoided had the attorney simply objected to the deposition notice (*id*., *passim*).

The expert witnesses identified by the Ungars are not their employees and the Ungars' counsel certainly never took responsibility to produce them – on the contrary – they challenged Defendants' deposition notices from day one. Nor is this case pending in the Northern District of New York. *PrecisionFlow* and *Keystone* are therefore entirely inapposite.[1]

Defendants also claim that the cases cited by the Ungars holding that foreign law experts are not subject to the expert report requirements of Rule 26 are irrelevant to the question of whether a party must produce such experts for deposition by notice. Dkt. # 634 at 5-6.

---

[1] Defendants also cite *Carolina Cas. Ins. Co. v. Ortiz*, 2009 WL 3627921 (E.D.Cal. 2009), which is of no help to them because it involved an expert witness whose deposition was noticed under Rule 26.

Not so. The rationale underlying the cases cited by the Ungars regarding expert reports (*Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 2141296 (N.D.Cal. 2007) and *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3 (D.D.C. 1999)) – i.e., that federal courts are empowered under Rule 44.1 to determine foreign law from any source and Rule 44.1 does not require expert report reports – is equally applicable to expert depositions.

Finally, Defendants' claim that they should not be sanctioned for failure to provide initial disclosures "because the trigger for initial disclosures is the parties' Rule 26(f) conference, which has not yet occurred" (dkt. # 634 at 7) pulls the rug out from under their entire position:

**A Rule 26(f) conference "has not yet occurred" for the simple and obvious reason that the instant proceedings concern merely a post-judgment motion, not a trial or even a hearing leading up to a trial, and Rule 26 therefore does not apply**.

**WHEREFORE**, the Ungars' motion should be granted.

Dated: December 2, 2010

Plaintiffs-Judgment Creditors,
by their Attorneys,

/s/ David Strachman
David J. Strachman (#4404)
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

Max Wistow (#0330)
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

Robert J. Tolchin
JAROSLAWICZ & JAROS, LLC
225 Broadway, 24th floor
New York, New York 10007
(212) 227-2780
tolchinlaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on December 2, 2010, I filed this memorandum via ECF

which served the following counsel of record:

Deming E. Sherman
Edwards Angell Palmer & Dodge LLP
2800 Bank Boston Plaza
Providence, RI 02903

Richard A. Hibey
Mark J. Rochon
Brian Hill
Miller & Chevalier Chartered.
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701

/s/ David Strachman