IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND


```
*  *  *  *  *  *  *  *  *  *  *  *    C.A. NO. 00-105L
EFRAT UNGAR, et al          *
                            *
VS.                         *    NOVEMBER 19, 2010
                            *    2:05 P.M.
THE PALESTINIAN             *
LIBERATION ORGANIZATION,*
et al                       *
                            *    PROVIDENCE, RI
*  *  *  *  *  *  *  *  *  *  *  *
```


BEFORE THE HONORABLE RONALD R. LAGUEUX

SENIOR JUDGE

(Motion for Preliminary Injunction)

VOLUME II



**APPEARANCES**:


FOR THE PLAINTIFFS:    MAX WISTOW, ESQ.
                       Wistow & Barylick Incorporated
                       61 Weybosset Street
                       Providence, RI  02903

                       DAVID J. STRACHMAN, ESQ.
                       McIntyre Tate & Lynch LLP
                       321 South Main Street
                       Suite 400
                       Providence, RI  02903

```
 1    FOR THE DEFENDANTS:      DEMING E. SHERMAN, ESQ.
                               Edwards Angell Palmer & Dodge LLP
 2                             2800 Financial Plaza
                               Providence, RI 02903
 3
                               BRIAN A. HILL, ESQ.
 4                             Miller & Chevalier Chartered
                               655 Fifteenth Street
 5                             Suite 900
                               Washington, D.C.  20005-5701
 6

 7    Court Reporter:          Debra D. Lajoie, RPR-FCRR-CRI-RMR
                               One Exchange Terrace
 8                             Providence, RI 02903

 9            Proceeding reported and produced by
                   computer-aided stenography
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       19 NOVEMBER 2010 -- 2:05 P.M.

2           THE COURT:  Good afternoon, everyone.  Will the

3   attorneys identify themselves for the record again,

4   please.

5           MR. STRACHMAN:  David Strachman for the

6   Plaintiffs-Judgment Creditors.

7           MR. WISTOW:  Max Wistow for the Plaintiffs.

8           MR. HILL:  Good afternoon, Your Honor.

9   Brian Hill for the Defendants.

10          MR. SHERMAN:  Deming Sherman for the Defendants.

11          THE COURT:  The matter before the Court in this

12  case, Ungar v. The Palestinian Authority, Civil

13  Action 00-105L, is a request for preliminary injunction

14  by the Plaintiffs against the Palestinian Authority

15  from taking any actions to collect or enforce any debt

16  owed by Orascom Telecom to the Palestinian -- Palestine

17  Investment Fund, PIF, until the judgment entered in

18  this action on July 13, 2004, is satisfied in full or

19  until further order of Court.

20          The standard for determining whether to issue a

21  preliminary injunction is well established in the First

22  Circuit, and I'll cite two cases where I was the Trial

23  Judge:  Ross-Simons of Warwick, Inc., v. Baccarat,

24  Inc., 102 Fed 3d 12, First Circuit 1996; and

25  Narragansett Indian Tribe v. Guilbert, G-u-i-l-b-e-r-t,

1   934 Federal 2d 4, First Circuit 1991.  And there's been
2   a whole raft of other cases.
3        The Plaintiff, in order to get a preliminary
4   injunction, has to satisfy a four-part test.  The first
5   part is that there's a likelihood of success on the
6   merits; the second is the potential for irreparable
7   harm if the injunction is denied; third, the balance of
8   relevant impositions to hardship to the non-Movant if
9   enjoined, as contrasted with the hardship to the Movant
10  if no injunction issues; and, finally, the effect, if
11  any, of the Court's ruling on the public interest.
12       What is significant in this case is that, after
13  the Court issued its judgment on a Creditor's Bill
14  awarding the ownership of what I will call the first
15  PIF to the Plaintiffs because the sole owner was the
16  Palestinian Authority, the Palestinian Authority and
17  its officers later created what I call the new PIF.
18       The Plaintiffs took control of the first PIF,
19  but they've had no way of taking control of the new
20  PIF.  And it's the new PIF that is operating now as an
21  arm of the Palestinian Authority.
22       Let me state right now that, no matter what the
23  motive was for creating the new PIF, there was nothing
24  wrong with the PA creating a new PIF so it could
25  acquire funds for its operations in the Middle East.

1        And it's the new PIF that's involved here.  Of

2   course this Court has no jurisdiction over the new PIF,

3   and an Egyptian Court has ordered Orascom to pay its

4   debt of some 45 million to, I presume, the new PIF.  I

5   haven't seen that judgment.

6        So what the Plaintiffs want me to do is to

7   preliminarily enjoin the PA from doing anything by way

8   of interference in the new PIF collecting that debt.

9   Its motive for doing that is unclear to me.  If I

10  enjoin the PA from doing anything, what if the new PIF

11  transfers some of those funds to the PA to allow the PA

12  to perform its operations?

13       The Plaintiffs have done a lot in the courts in

14  Israel.  They've succeeded in freezing large sums of

15  money that the country of Israel would normally pay to

16  the PA to allow the PA to continue its operations and

17  perform its functions.

18       So there is -- although that is still in some

19  litigation, those funds are frozen, and the PA has no

20  way of getting that money at the moment unless that

21  order gets reversed by the Supreme Court of Israel.  So

22  I can understand why they created the new PIF, so they

23  would have a way of getting funds to operate.

24       I won't keep you in suspense.  I am not going to

25  issue a preliminary injunction in this case against the

1    PA because the Plaintiffs have failed to satisfy at

2    least three of the parts of the four-part framework.

3          First of all, there's been a failure to show

4    that these Plaintiffs would succeed on the merits in

5    somehow getting control of those funds.  They've had

6    ample time to try to do that in the appropriate courts

7    in the Middle East but have failed to do that.

8          And if I granted the injunction to the PA, the

9    argument would be made that the new PIF could not

10    transfer funds to the PA, and that would not be my

11    intention at all, to prevent that.  And it would be a

12    round-about way of getting me to enjoin the new PIF.

13    That would be the net effect of it.

14          Secondly, there -- as I see it, there is no

15    potential for irreparable harm to the Plaintiffs.  They

16    have an adequate remedy at law.  This involves money,

17    not some unique object, and they already have that

18    attachment, or whatever it may be called, of Israel's

19    debt to the PA.  And they have adequate remedy at law

20    in the Israeli courts.

21          The third standard, what Judge Selya sometimes

22    calls the balancing of equities, is really the

23    balancing of harms.  And, again, for the same reason, I

24    think there would be great harm done if this injunction

25    was issued to the Palestinian Authority and the PIF,

1   the new PIF, while there's a minimum of harm to the
2   Plaintiffs.
3       The Plaintiffs can still pursue various
4   attachment remedies in the Israel courts, and they
5   still have that frozen block of cash available to pay a
6   judgment in this case.
7       As I've said throughout, this is a Court of
8   limited jurisdiction generally and specifically in this
9   case because it only has jurisdiction over the PA.
10      The Court has gone about as far as it can go in
11  granting the Creditor's Bill to reach and apply the
12  PA's sole interest in the old PIF.  I don't know what
13  that resulted in, in terms of securing assets.
14      It would only be a fraud on the Court if the PA
15  managed to siphon assets out after the Plaintiffs took
16  control through the new PIF.  But based on the evidence
17  that I have before me, which is limited, it seems to me
18  the new PIF is only dealing with new funds, which
19  includes this $45 million.
20      So, for all those reasons, I am denying the
21  Plaintiff's motion for a preliminary injunction against
22  the Palestinian Authority from collecting or enforcing
23  any debt owed by Orascom to the Palestinian Investment
24  Fund, the new Palestinian Investment Fund, or to the
25  Palestinian Authority.

1        If circumstances change or there's new or better

2   evidence secured by the Plaintiffs, the Plaintiffs can

3   move to set the matter down for hearing on permanent

4   injunction.

5        There are cases where the Court in the past has

6   denied a motion for preliminary injunction and then

7   when the case was heard on the merits on permanent

8   injunction, the Court found enough evidence to issue a

9   permanent injunction.  The Narragansett Indian Tribe v.

10  Guilbert is one of those examples.  And Judge Selya

11  affirmed me in that case.

12       The party losing the battle on likelihood of

13  success on the merits with respect to a claim for

14  preliminary injunction may nevertheless win the war at

15  the succeeding trial on the merits.

16       So I will not issue a preliminary injunction,

17  and I will not set the matter down for permanent

18  injunction unless one of the parties makes a motion to

19  that effect.

20       That's the order of the Court.

21       The Clerk will note that in the minutes.

22       Are there any comments anyone wishes to make?

23       MR. WISTOW:  No, Your Honor, except thank you

24  for seeing us at your home on the TRO.

25       THE COURT:  You're welcome.

1        MR. HILL:  Nothing at this time, Your Honor.

2        THE COURT:  All right.  We'll take a recess.

3        (Court concluded at 2:18 p.m.)

4

5

6                C E R T I F I C A T I O N

7

8

9

10

11        I, Debra D. Lajoie, RPR-FCRR-CRI-RMR, do

12   hereby certify that the foregoing pages are a true and

13   accurate transcription of my stenographic notes in the

14   above-entitled case.

15

16

17

18

19              /s/ Debra D. Lajoie

20

21

22

23

24        11/22/10

25