```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND


THE ESTATE OF YARON UNGAR, et al.,  :
                        Plaintiffs, :
                                    :
     v.                             :    CA 00-105L
                                    :
THE PALESTINIAN AUTHORITY, et al.,  :
                        Defendants. :
```

### ORDER

### DENYING PLAINTIFFS'

### MOTION TO STRIKE AND TO COMPEL

Before the Court is Plaintiffs-Judgment Creditors' Motion to Strike Defendants' Objections to and Compel Compliance with Certain Requests Contained in Plaintiffs-Judgment Creditors' Third Request for Production (Docket ("Dkt.") #583) ("Motion to Strike and to Compel" or "Motion").  A hearing was held on December 3, 2010.

After reading the parties' memoranda and the relevant case law and also listening to the arguments of counsel, the Court DENIES the Motion for the following reasons.

1.  The requests are overly broad, and it would be unduly burdensome to require Defendants to respond to them.  Although Plaintiffs indicate that the Motion is consistent with "the spirit of the Court's October 28 order ...,[1]" Memorandum in Support of Plaintiffs-Judgment Creditors' Motion to Strike

---

[1] See Order Granting Defendants' Motion for Protective Order and Identifying Relevant Rule 30(b)(6) Topics (Dkt. #578) ("Order #578").

Defendants' Objections to and Compel Compliance with Certain Requests Contained in Plaintiffs-Judgment Creditors' Third Request for Production (Dkt. #584) ("Plaintiffs' Mem."), at 2, and contend that "it seeks production only of a small group of the most important documents," id., Plaintiffs are, in fact, seeking to have Defendants respond to approximately ninety separate requests.  Just reading through these requests (and comprehending each one's scope) is a substantial chore in itself.[2]  Searching for documents responsive to them would be a monumental task requiring Defendants to expend hundreds of man hours.  See, e.g., Defendants' Opposition to Plaintiffs-Judgment Creditors' Motion to Strike Defendants' Objections to and to Compel Compliance with Certain Requests Contained in Plaintiffs-Judgment Creditors' Third Request for Production (Dkt. #610) ("Defendants' Opposition"), Exhibit ("Ex.") 19 (Declaration of

---

[2] The Court at this point would normally cite to the Motion to enable the reader to review for himself or herself the wording of the requests at issue.  However, as discussed hereafter, see infra at 4, the Motion does not comply with District of Rhode Island Local Rule ("DRI LR") Cv 37(a).  As a result, reviewing the wording of the requests at issue is a cumbersome task which requires that the reader flip back and forth between Plaintiffs' memorandum (which identifies the numbers of the requests at issue) and the exhibits attached to Plaintiffs' memorandum (which contain all of the requests—not just those at issue here).  Thus, the Court refers the reader to the document submitted by Defendants at the hearing as it contains only the requests at issue.  See Objections and Responses of Defendants The Palestine Liberation Organization and The Palestinian Authority to Plaintiffs-Judgment Creditors' Third Request for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion, as it contains only the requests at issue.  The Court has designated this document as Defendants Hearing Exhibit ("Ex.") #1.

Advocate Joseph Arnon) ¶ 7 (estimating that providing documents responsive to requests pertaining to the "Israeli Proceedings"[3] would take his legal and support staff 200 hours).

For example, Request No. 13 asks for:

> Authentic copies of the transcripts from all court hearings at any time prior to December 2007 in the Israeli Proceedings in which discovery requests of any kind served on and/or propounded to the PA and/or to discovery requests of any kind served and/or propounded by the PA were referred to or discussed.

Plaintiffs' Mem., Ex. A (Plaintiffs-Judgment Creditors' Third Request of Defendant-Judgment Debtor The Palestinian Authority for Production of Documents and Things Relevant to Defendants-Judgment Debtors' Rule 60(b)(6) Motion) at 25.  It would not be humanly possible for anyone to remember whether a discovery request was referred to or discussed in the transcript of a long-passed court proceeding.  Thus, complying with this request would require that Defendants comb through every transcript to determine if it was responsive to this single request.

In sum, once the Court issued the October 28th Order, see Order Granting Defendants' Motion for Protective Order and Identifying Relevant Rule 30(b)(6) Topics (Dkt. #578) ("Order #578"), Plaintiffs should have recognized that the instant requests for production suffer from the same basic problem as

---

[3] The "Israeli Proceedings" are defined as "all legal proceedings brought by, or against, the PA and/or PLO in any Israeli court at any time."  Plaintiffs' Mem., Ex. A at 31.

3

Plaintiffs' notices of deposition, i.e., they are too numerous and they are overly broad.  See Order #578 at 2 (stating that "the sheer number of those topics and the minute detail sought with respect to those topics made compliance by the date specified (September 28, 2010) virtually impossible"). Plaintiffs should have drastically reduced them, both in number and in scope, and then conferred with Defendants regarding obtaining responses to the modified requests.  It is not the Court's task to attempt to undertake this modification now. Faced with the choice of either denying the instant Motion *in toto* or granting it and imposing an onerous burden on Defendants when both sides are trying to prepare for the January 17, 2011, hearing, the Court is compelled to deny the Motion.

2.  The Motion also fails to comply with District of Rhode Island Local Rule ("DRI LR") Cv 37(a).[4]  Plaintiffs argue that compliance with this rule would have been "excessively cumbersome and a colossal waste of paper and resources."  Reply in Further Support of Plaintiffs-Judgment Creditors' Motion to Strike and to Compel (Dkt. #632) at 4.  They also assert that "[m]erely reading

---

[4] DRI LR Cv 37 provides in relevant part:

> **(a) Form.**  A motion to compel a response or further response to an interrogatory, request for production, or request for admission shall state the interrogatory or request, the response made, if any, and the reasons why the movant maintains that the response is inadequate. Motions to compel shall comply with the requirements of LR Cv 7.

DRI LR Cv 37(a).

4

through such a document would be overly taxing and detract focus from the substance of the issues before the Court." Id.

It is true that a motion which complies with the Rule would have been extremely lengthy and cumbersome, but that very fact should have alerted Plaintiffs to the problem with their requests and caused them to drastically reduce and narrow them. This Court has previously denied motions to compel for failure to comply with LR Cv 37(a). See, e.g., 514 Broadway Investment Trust UDT Dated 8/22/05, by and through its Trustee, Robert A. Blechman v. Rapoza, CA 08-369 S, Order Denying Defendants' Motion to Compel (Dkt. #97) at 3-4. In the instant matter, Plaintiffs' failure to comply with the Local Rule made it difficult for the Court in preparing for the hearing to easily review the requests at issue. The Court was forced to wade through all the requests to find the wording of those which were the subject of the Motion. See Plaintiffs' Mem. at 2 n.2 (explaining that the "final version of the requests for production, reflecting ... modifications, was incorporated by Defendants into their objections (Exhibit C)"[5]). This problem was only rectified by Defendants' counsel at the December 3, 2010, hearing when he presented the Court with a document containing just the requests

---

[5] While Exhibit C to Plaintiffs' Mem. contains the final version of the requests at issue, it also contains approximately 100 other requests which are not the subject of the Motion.

5

and responses at issue.[6] The Court declines to excuse Plaintiffs' non-compliance with the Local Rule and denies the Motion for this additional reason.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 6, 2010

---

[6] As previously noted, this document has been designated as a hearing exhibit.  See n.2.