```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al.,   :
                      Plaintiffs,    :
                                     :
   v.                                :        CA 00-105L
                                     :
THE PALESTINIAN AUTHORITY, et al.,   :
                      Defendants.    :
```

**ORDER**

**DEFERRING RULING ON**

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Before the Court is Plaintiffs-Judgment Creditors' Motion for a Protective Order and an Order Quashing Deposition Notices or, Alternatively, for an Order of Preclusion (Docket ("Dkt.") #604) ("Motion for Protective Order" or "Motion"). A hearing was held on December 3, 2010.

Plaintiffs filed the instant Motion on November 17, 2010, after receiving during the period November 9-15, 2010, nine notices of deposition issued by Defendants. See Docket; see also Memorandum in Support of Plaintiffs-Judgment Creditors' Motion for a Protective Order and for an Order Quashing Deposition Notices or, Alternatively, for an Order of Preclusion ("Plaintiffs' Mem."), Exhibit ("Ex.") A-I (notices of deposition). By the notices, Defendants sought, "pursuant to Fed. R. Civ. P. 26(b)(4)(A) and 30," Plaintiffs' Mem., Ex. A-I at 1, to depose nine expert witnesses whom Plaintiffs had identified in response to Defendants' requests, see Plaintiffs' Mem. at 2.

According to Plaintiffs, after they initially received notices for the depositions of Shlomo Politis, Daniel Reisner, and Roni Shaked to be conducted in Jerusalem between November 16th and 18th, Plaintiffs' counsel advised Defendants' counsel that Plaintiffs would not be producing these witnesses and would be moving for a protective order, see id., Defendants then issued notices of deposition for six more of Plaintiffs' experts which were to be conducted during the period November 18-19, 2010, in Washington, D.C. and Providence, Rhode Island. See id. at 3.

Defendants in their opposition to the Motion state that Plaintiffs' failure to produce their experts for deposition has caused Defendants substantial prejudice. Defendants' Opposition to Plaintiffs-Judgment Creditors' Motion for a Protective Order and an Order Quashing Deposition Notices, or Alternatively, for an Order of Preclusion (Dkt. #634) ("Defendants' Opposition") at 1. Defendants further state that they have filed a motion to exclude Plaintiffs' expert witnesses from testifying at the January 18, 2011, evidentiary hearing. Id. at 2; see also Defendants' Motion to Exclude Evidence Not Disclosed or Produced by Plaintiffs During the Discovery Period (Dkt. #620) ("Motion to Exclude"). At the December 3, 2010, hearing, counsel for Defendants indicated that what Defendants are seeking at this point is to exclude Plaintiffs' experts from testifying. Counsel further indicated that in the event the Motion to Exclude is

denied, then Plaintiffs should be ordered to produce their designated expert witnesses for deposition immediately. This position is also expressed in Defendants' Opposition to the Motion. See Defendants' Opposition at 9.

Thus, it appears that ruling on the instant Motion will have little practical consequence. If the Court denies the Motion, Defendants will not re-notice the depositions but will instead wait for a ruling on their Motion to Exclude. If the Court grants the Motion, Defendants will almost certainly continue to press their Motion to Exclude.

The arguments with respect to the two motions are similar. As discovery has now closed, See Pre-Hearing Order (Dkt. #489), the Court sees no need to rule upon a motion which may be rendered moot by the disposition of another pending motion. In addition, it also appears likely that the decision on the Motion to Exclude will address and resolve issues which also bear on resolution of the instant Motion (e.g., the applicability of Fed. R. Civ. 26 to the pending Rule 60(b) motion).

Accordingly, the Court defers ruling on the instant Motion until disposition of the pending Motion to Exclude (Dkt. #620).

So ordered.

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 6, 2010