```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND


THE ESTATE OF YARON UNGAR, et al.,   :
                      Plaintiffs,    :
                                     :
     v.                              :      CA 00-105L
                                     :
THE PALESTINIAN AUTHORITY, et al.,   :
                      Defendants.    :
```

**NOTICE**

**OF COMPLETION**

**OF *IN CAMERA* INSPECTION**

**AND RULING RE WITHHELD DOCUMENTS**

On December 6, 2010, counsel for Plaintiffs submitted for an *in camera* inspection certain documents which are responsive to Defendant The Palestinian Authority's Request for Production No. 25 but which Plaintiffs withheld on grounds of privilege. Plaintiffs' submission was in accordance with the Court's oral directive on December 3, 2010, during the hearing on Defendant The Palestinian Authority's Motion to Compel Answers to Defendant's Interrogatory Nos. 19-21 and Responses to Defendant's Request for Production Nos. 23, 25-26 and 29-35 and Memorandum in Support Thereof (Docket ("Dkt.") #572) ("Motion to Compel" or "Motion").

The Court has now completed its *in camera* inspection and rules that **Plaintiffs must produce to Defendant The Palestinian Authority ("PA") the documents identified in Plaintiffs' privilege log as 19-21**. These documents are described in the log

as "description of photographs/captions."  Motion, Exhibit 2, Attachment (Plaintiffs' Privilege Log with Respect to the Palestinian Authority's 2nd Request for Production of Documents, #25 and #26 9-27-10) at 2 (listing documents 18-25).  **With respect to the documents identified in the privilege log as 18, 22-23, and 24-25, the Court rules that Plaintiffs do not have to produce these documents**

In making these rulings, the Court is cognizant that a majority of courts which have considered the issue have concluded that Fed. R. Civ. P. 26 (as it read prior to the December 1, 2010, amendments) is "a 'bright line' rule," Galvin v. Pepe, Civil No. 09-cv-104-PB, 2010 U.S. Dist. LEXIS 92442, at *10 (D.N.H. Aug. 5, 2010), and that "all documents considered by the testifying expert in forming his or her opinion, including attorney work product, are discoverable," id., while a minority of courts have held that Rule 26 "authorizes the disclosure of ordinary, non-opinion work product, including facts disclosed to the expert, but does not generally authorize discovery of counsel's mental impressions, conclusions, or legal theories," id. at 11; see also Reg'l Airport Auth. of Louisville v. LFG, LLC, 460 F.3d 697, 714-15 (6th Cir. 2006)(discussing majority and minority views and agreeing "that Rule 26 ... requires disclosure of all information provided to testifying experts").  This Court's ruling reflects its view that, in general, the minority

view is the better approach.

The advisory committee note to the 2010 amendments to Rule 26 highlights the problems which have resulted from the majority approach:

> In 1993, Rule 26(b)(4)(A) was revised to authorize expert depositions and Rule 26(a)(2) was added to provide disclosure, including--for many experts--an extensive report.  Many courts read the disclosure provision to authorize discovery of all communications between counsel and expert witnesses and all draft reports.  The Committee has been told repeatedly that routine discovery into attorney-expert communications and draft reports has had undesirable effects.  Costs have risen.  Attorneys may employ two sets of experts--one for purposes of consultation and another to testify at trial--because disclosure of their collaborative interactions with expert consultants would reveal their most sensitive and confidential case analyses.  At the same time, attorneys often feel compelled to adopt a guarded attitude toward their interaction with testifying experts that impedes effective communication, and experts adopt strategies that protect against discovery but also interfere with their work.

Fed. R. Civ. P. 26 advisory committee's note re 2010 amendments.

Thus, to the extent that Rule 26 applies to the instant matter, the Court applies the present version of the Rule in determining which documents should be produced to the PA because the Court finds that such application is "just and practicable." Galvin, 2010 U.S. Dist. LEXIS 92442, at *17 (noting that the "new rules ... apply to cases pending on their effective date if their applicability is just and practicable"); see also 28 U.S.C. § 2074(a); Order (U.S. Apr. 28, 2010).

Accordingly, for the reasons stated above, Plaintiffs shall

produce to the PA the documents identified in Plaintiffs' privilege log as 19-21 within seven (7) days of the date of this Order.

So ordered.

ENTER:


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 8, 2010