UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THE ESTATE OF YARON UNGAR, et al., )
)
Plaintiffs, )
)
v. ) C.A. No. 1:00-105L
)
THE PALESTINIAN AUTHORITY, et al., )
)
Defendants. )
)
)

RECEIVED
FEB 10 2011
U.S. DISTRICT COURT
DISTRICT OF R.I.

## STIPULATION AND FINAL ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiffs and defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively, "Defendants"), as follows:

1. The parties entered into a Confidential Settlement Agreement dated January 26, 2011 ("Confidential Settlement Agreement").

2. The parties have fully complied with the terms of the Confidential Settlement Agreement.

3. Pursuant to the terms of the Confidential Settlement Agreement, as well as the Stipulation of the Parties, the Parties hereby stipulate and agree to, and the Court hereby orders, the following:

   a. that the default judgment which the Court entered in the above-captioned action on July 13, 2004 against Defendants, jointly and severally, in the aggregate amount of approximately $116,421,048.00 (DE Nos. 279-280) (hereinafter, the "July 2004 Judgment") shall be, and hereby is, unconditionally and fully vacated; and

1135528.1

      b.    that the default judgment that the Court entered in the above-captioned action against defendant Hamas (DE Nos. 253, 254), which was subsequently amended on or about February 9, 2004 (DE 258) and on or about February 11, 2004 (collectively, the "Hamas Judgment") shall be, and hereby is, unconditionally and fully vacated; and

      c.    that the injunction that the Court entered against Defendants in the above-captioned action on or about May 5, 2005 regarding the July 2004 Judgment (DE No. 322), which the Court subsequently amended or modified, including by Order dated August 3, 2005 (DE No. 359), Order dated May 10, 2006 (DE No. 2006), Order dated August 3, 2006 (DE No. 374), Stipulation and Order dated September 12, 2007 (DE No. 402), Order dated April 7, 2008 (DE No. 433), Amended Order dated October 22, 2009 and by Order dated January 20, 2010 (DE No. 478) (collectively, the "May 5, 2005 Injunction Order") shall be, and hereby is, unconditionally and fully vacated and dissolved; and

      d.    that the "Notice of Injunction Pursuant to Fed. R. Civ. P. 65(d)" dated May 6, 2005 issued by Plaintiffs (a copy of which is attached hereto as Exhibit 1) (the "May 6, 2005 Notice of Injunction") shall be, and hereby is, unconditionally and fully vacated and rescinded; and

      e.    (i) that the Creditor's Bill Judgment entered by the Court pursuant to its Order dated September 19, 2006 (*see* DE Nos. 380, 381) (the "September 2006 Creditor's Bill Judgment") shall be, and hereby is, unconditionally and fully vacated; (ii) that Plaintiffs are directed to refrain from taking any actions regarding the Palestine Investment Fund ("PIF") and the Palestinian Commercial Services Company (also referred to as the Palestine Commercial Services Company) ("PCSC"); and (iii) that any and all actions taken by Plaintiffs or their counsel or agents pursuant to the September 2006 Creditor's Bill Judgment with respect to the

1135528.1

ownership, election or appointment of directors or officers of the PIF, and any actions purportedly taken on behalf of PIF with respect to its representation by counsel, or any other acts purportedly undertaken by Plaintiffs or their counsel or agents as owners or management of PIF – to the extent, if any, that any such actions or acts had legal force or effect – are hereby rescinded and declared null and void; and

    f. that the Stipulation and Order dated August 21, 2007 between Plaintiffs and non-party The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip[1] which the Court entered on September 11, 2007 (DE No. 402) which permitted certain actions regarding the management of the assets of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip notwithstanding the May 5, 2005 Injunction Order (the "September 11, 2007 Stipulation and Order") shall be, and hereby is, unconditionally and fully vacated, and there shall be no existing or continuing restrictions by this Court on any actions by The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip; and

    g. that the Court's Order dated September 21, 2010 (DE No. 539) denying the motion of The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip to intervene and for other relief shall be, and hereby is, unconditionally and fully vacated; and

    h. that the Payment Decree against Defendants which was granted by the

---

[1] At certain times, The Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip has allegedly also been referred to correctly or incorrectly as "The Insurance and Pension Fund," "The Pension Fund of the Civil Administration Employees in the Gaza Strip," "The Pension Fund of the State Administrative Employees," "The Palestinian Pension Fund of the State Administrative Employees," "The Palestinian Pension Fund of State Administrative Employees," "The Palestinian Pension Fund, the Gaza Insurance and Pension General Corporation," "The Insurance and Pension General Corporation," "The GIPC," and "The GPIC").

1135528.1

Magistrate Judge of the District Court by Order dated May 12, 2010 (DE No. 484) (the "May 12, 2010 Payment Decree") shall be, and hereby is, unconditionally and fully vacated;

4. Pursuant to the terms of the Confidential Settlement Agreement, this action shall be, and hereby is, dismissed with prejudice, as settled.

5. This Court retains jurisdiction to hear any dispute between the parties arising from the Confidential Settlement Agreement.

| SEEN AND AGREED FOR PLAINTIFFS: | SEEN AND AGREED FOR DEFENDANTS: |
|---|---|
| *[signature]* 2/10/11<br>David J. Strachman, Esq.<br>McIntyre, Tate, & Lynch LLP<br>321 South Main Street, Suite 400<br>Providence, Rhode Island 02903<br>(401) 351-7700 (telephone)<br>(401) 331-6095<br>Counsel for Plaintiffs | *[signature]*<br>Richard A. Hibey, Esq.<br>Mark J. Rochon, Esq.<br>Brian A. Hill<br>Miller & Chevalier Chartered<br>655 15th Street, N.W., Suite 900<br>Washington, D.C. 20005<br>(202) 626-5800 (telephone)<br>(202) 626-5801 (facsimile)<br>Counsel for Defendants The Palestine Liberation Organization and The Palestinian Authority |
| Max Wistow, Esq.<br>Wistow & Barylick, Inc.<br>61 Eeybosset Street<br>Providence, Rhode Island 02903<br>Counsel for Plaintffs<br>(401) 831-2700 (telephone)<br>(401) 272-9752 (facsimile<br>Counsel for Plaintiffs | Deming E. Sherman, Esq.<br>Edwards, Angell, Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, Rhode Island 02903<br>(401) 274-9200 (telephone)<br>(401) 276-6611 (facsimile)<br>Counsel for Defendants The Palestine Liberation Organization and The Palestinian Authority |
| Robert J. Tolchin, Esq.<br>The Berkman Law Office, LLC<br>111 Livingston Street, Suite 1928<br>Brooklyn, NY 11201<br>Counsel for Plaintiffs | |

1135528.1

SO ORDERED this _14th_ day of _February_, 2011, including, without limitation, all relief described and contained in paragraphs 3-5 above.

The Clerk of Court is hereby directed to mark the July 2004 Judgment against the Defendants as vacated, to make any other docket entries required to effectuate the foregoing and to mark this action dismissed with prejudice, as settled.

THIS IS A FINAL ORDER.

_/s/ Ronald R. Lagueux_
Ronald R. Lagueux
Sr., United States District Court Judge

Copies to All Counsel of Record

1135528.1